UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No. 8:14 cv 2096 T 33 EAJ

ROCA LABS, INC.

     Plaintiff,

Vs.

CONSUMER OPINION CORP. and
OPINION CORP. d/b/a/
PISSEDCONSUMER.COM
     Defendants

_____/

FILED

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants CONSUMER

OPINION CORP. and OPINION CORP. d/b/a PISSEDCONSUMER.COM

("Defendants") hereby file this Notice of Removal of the lawsuit entitled ROCA LABS,

INC. vs. CONSUMER OPINION CORP. and OPINION CORP. d/b/a

PISSEDCONSUMER.COM pending in the Circuit Court of the Twelfth Judicial Circuit

in and for Sarasota County, Florida, Case No. 2014 CA 004769 NC (the "State Court

Action"). The grounds for removal are as follows:

1.     This Notice of Removal has been filed within the time prescribed in 28

U.S.C. § 1446(b). This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a).

### Background

2.     This is an action whereby ROCA LABS, INC. ("Plaintiff") has alleged

that Defendants have engaged in practices constituting violation of the Florida Deceptive



and Unfair Trade Practices Act ("FDUTPA"), tortious interference with a contractual relationship, tortious interference with a prospective relationship, and defamation.

3. Defendants are the only defendants in the State Court Action. The Complaint was filed on August 15, 2014, and Plaintiff filed a Verified Motion for Entry of a Temporary Injunction on August 25, 2014. A copy of all pleadings served on Defendant on file in the State Court Action is attached hereto as Composite Exhibit A.

### Diversity of Citizenship

4. At all times that the Complaint was filed in the State Court Action and at the time of this removal, Defendant Consumer Opinion Corp. is a New York corporation, with its principal place of business at 1204 Avenue U, Suite 1080, Brooklyn, NY 11229.

5. At all times that the Complaint was filed in the State Court Action and at the time of this removal, Defendant Opinion Corp. d/b/a Pissedconsumer.com is a New York corporation, with its principal place of business at 815 Gravesend Neck Rd. 6R, Brooklyn, NY 11223.

6. Plaintiff is a Florida for-profit corporation with its principal place of business located at 7261A Tamiami Trail S., Sarasota, FL 34231.

7. Pursuant to 28 U.S.C. § 1332(c)(1), a corporation is a citizen of the state in which it is incorporated and of the state where it maintains its principal place of business. Accordingly, Plaintiff is a citizen of Florida and Defendants are citizens of New York. Therefore, complete diversity of citizenship exists between the parties within the meaning of 28 U.S.C. § 1332(a)(1).

## Amount in Controversy

8.     The amount in controversy in this action exceeds seventy-five thousand dollars ($75,000.00). Plaintiff alleges entitlement to money damages and an injunction for eleven of its twelve counts against Defendants, requesting as an award "an amount fair and just to account for its money damages in excess of one million dollars ($1,000,000.00) . . . ."

9.     Plaintiff claims damages of at least $1,000,000.00. This amount is in excess of the $75,000.00 amount in controversy requirement for diversity jurisdiction.

## Timing

10.     Because Defendants removed this case on August 25, 2014, Defendants are within thirty (30) days of the date they first received a copy of the initial pleading setting forth the claims for relief upon which this action is based. 28 U.S.C. § 1446(b)(1).

## Process and Pleadings

11.     Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings served upon Defendants, and the pleadings now on file in the State Court Action, have been herewith provided. *See* Exhibit A.

## Conclusion

12.     This Court has removal jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 1441. Defendant therefore exercises its right pursuant to 28 U.S.C §§ 1332, 1441, and 1446 to remove this action from the Circuit Court of the Twelfth Judicial

Circuit in and for Sarasota County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division.

WHEREFORE, Defendants CONSUMER OPINION CORP. and OPINION CORP. d/b/a PISSEDCONSUMER.COM request that this action proceed in this Court as an action properly removed pursuant to 28 U.S.C. § 1441.

Dated: August 25, 2014                    Respectfully submitted,

Marc J. Randazza
Florida Bar No. 625566
Randazza Legal Group
3625 S. Town Center Drive Ste 150
Las Vegas, NV 89135
Telephone: (702) 420-2001
Facsimile: (702) 420-2003
ecf@randazza.com

Trial Counsel for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Notice of Removal was delivered for service by U.S. Mail to Paul Berger, P.O. Box 7898, Delray Beach, Florida 33482-7898 and to Nicole Freedlander, P.O. Box 402653, Miami Beach, Florida 33140, this 25 day of August, 2014.

Logan Bedell
Employee, Randazza Legal Group

# Exhibit A

# NATIONAL REGISTERED AGENTS, INC.

## SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To: **MICHAEL PODOLSKY**
**OPINION CORP.**
**500 Westover Dr.**
**#1942**
**Sanford, NC 27330**

SOP Transmittal # 525558793

212-590-9070 - Telephone

Entity Served: OPINION CORP. (Domestic State: NEW YORK)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of NEW YORK on this 21 day of August, 2014. The following is a summary of the document(s) received:

1. **Title of Action:** Roca Labs, Inc., Pltf. vs. Consumer Opinion Corp. and Opinion Corp., etc., Dfts.

2. **Document(s) Served:** COMPLAINT,SUMMONS
   Other: Verified Motion, Verification, Exhibit(s)

3. **Court of Jurisdiction/Case Number:** Sarasota County Circuit Court, FL.
   Case # 2014CA004769NC

4. **Amount Claimed, if any:** N/A

5. **Method of Service:**

   _X_ Personally served by:        _X_ Process Server        ___ Deputy Sheriff        ___ U. S Marshall

   ___ Delivered Via:              ___ Certified Mail         ___ Regular Mail         ___ Facsimile

   ___ Other (Explain):

6. **Date and Time of Receipt:** 08/21/2014 12:35:00 PM CST

7. **Appearance/Answer Date:** Within 20 days after service

8. **Received From:**  Nicole Freedlander          **9. Federal Express Airbill #** 770912937267
                       Nicole Freedlander PA
                       P.O. Box 402653             **10. Call Made to:** Not required
                       Miami Beach, FL 33140
                       305-674-4844

11. **Special Comments:**
SOP Papers with Transmittal, via Fed Ex 2 Day
Image SOP
Email Notification, MICHAEL PODOLSKY MICHAEL@PISSEDCONSUMER.COM
REMARKS : Please note the process server underlined, circled, initialed and/or highlighted the entity name being served prior to receipt by CT.

**NATIONAL REGISTERED AGENTS, INC.**                    CopiesTo:

Transmitted by Mara Velasco

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

eFile Accepted: 08/15/2014 09:15 AM

Filing # 17128454 Electronically Filed 08/15/2014 08:08:14 AM

2014 CA 004769 NC

**CIVIL ACTION SUMMONS**
IN THE CIRCUIT COURT OF THE 12TH
JUDICIAL CIRCUIT, IN AND FOR
SARASOTA COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
CASE NUMBER:

ROCA LABS, INC.

     Plaintiff,

vs.

CONSUMER OPINION CORP.
And OPINION CORP. d/b/a
PissedConsumer.com;

    Defendants.

STATE OF NEW YORK
COUNTY OF NEW YORK

TO: **OPINION CORP. d/b/a PISSEDCONSUMER.COM**

BY SERVING:
    **NATIONAL REGISTERED AGENTS INC.**
    **111 EIGTH AVENUE**
    **NEW YORK, NEW YORK 10011**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint in this Court. A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, located at:

**Sarasota County Courthouse**
**Clerk of Courts**
**2000 Main Street**
**Sarasota FL 34237**

**OR**

**Sarasota County Courthouse**
**Clerk of Courts**
**PO BOX 3079**
**Sarasota FL 34230**

You must also email or take a carbon copy or photocopy of your written response to the
"Plaintiff/Plaintiff's Attorney" named below.

**Nicole Freedlander, Esq.**
**Nicole Freedlander PA**
**PO BOX 402653**
**Miami Beach FL 33140**
**305/674-4844**
Nicole@Freedlanderlaw.com

**AND**

**Paul Berger, Esq.**
**Paul Berger PA**
**PO BOX 7898**
**Delray Beach FL 33482**
**305/998-6150**
Legal5@ROCALABS.COM

THE STATE OF NEW YORK

TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy
of the Complaint in this lawsuit on the above named Defendant.

DATED ON _____8/15/2014_____, 2014.

KAREN E. RUSHING
CLERK OF THE CIRCUIT COURT

BY: _____B. Dale_____

If you cannot afford an attorney, contact GulfCoast Legal Services at (941)366-1746 or
www.gulfcoastlegal.org or Legal Aid of Manasota at (941)366-0038. If you do not qualify for free legal
assistance or do not know an attorney, you may call an attorney referral service (listed in the phone
book), or contact the Florida Bar Lawyer Referral Service at (800)342-8011 or
http://www.floridabar.org/divpgm/lronline.nsf/wreferral6?OpenForm.

IN THE CIRCUIT COURT OF THE
12TH JUDICIAL CIRCUIT, IN AND
FOR SARASOTA COUNTY, FLORIDA

Roca Labs, Inc.

       Plaintiff,

vs.

CASE NO. 2014 CA 004769 NC

Consumer Opinion Corp. and
Opinion Corp. d/b/a PissedConsumer.com

       Defendants,

_____ /

## PLAINTIFF'S VERIFIED MOTION FOR ENTRY OF A TEMPORARY INJUNCTION AND SUPPORTING MEMORANDUM OF LAW

The Plaintiff, ROCA LABS, INC. ("Roca"), by and through its undersigned counsel, and

pursuant to the Florida Rules of Civil Procedure 1.610 files this Motion for Entry of a Temporary

Injunction (the "Motion") seeking to require CONSUMER OPINION CORP., a New York

Corporation ('Opinion") and OPINION CORP. d/b/a PISSEDCONSUMER.COM a New York

Corporation ("Pissed") (Collectively herein known as "Defendants") moves this Court for immediate

temporary injunctive relief against Defendants to remove from their public website located at

www.pissedconsumer.com (the "subject website") defamatory posts that presently tortiously interfere

with Roca's contractual relationships with its customers and for Defendants to remove from its subject

website defamatory posts that tortiously interfere with Roca's prospective relationships, and for

Defendants to stop their violations of the Florida Deceptive and Unfair Trade Practices Act.

1

## I.    Introduction

Roca filed a lawsuit contemporaneous with this Motion which involves Defendants violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), tortious interference with a contractual relationship, tortious interference with a prospective relationship, and a common law claim for defamation and further seeks injunctive relief.

As detailed in the Complaint, Defendants own and operate pissedconsumer.com, a consumer "gripe" website.  Roca is a Sarasota based company that manufactures dietary supplements (sometimes referred to a nutraceuticals) and is the inventor of the Gastric Bypass Alternative® that is an effective weight loss option for people who are trying to lose more than 50 pounds.  Roca sells its products directly to the public and in exchange for a discounted price[1], Roca's customers agree under the terms and conditions of said purchase that regardless of their outcome, they will not speak, publish, print, blog or write negatively about Roca or its products in any forum.

Defendants deliberately and tortiously interfere with Roca Lab's customers by encouraging them to breach their customer agreement with Roca as Defendants author or co-author false, malicious and negative posts about Roca that are published on their subject website and Tweeted to Twitter's 271 million users.

All the necessary elements are present for the Court to issue the injunctive relief.

---

[1] The discount price and terms for the discounted price are optional, but the vast majority of Roca customers (99%), agree to the terms in exchange for the discount.

## II. Facts Supporting Injunctive Relief

### A. The Parties

Roca Labs, Inc. is a Sarasota based small business. Roca's products have been safely and successfully used by tens of thousands of people as surgery free alternative to gastric bypass. In marketing its products, Roca relies heavily on "word of mouth" marketing and customers sharing their weight loss success stories online. Roca's relationship with its customers and their success stories are highly valuable.

Defendants operate the well known consumer gripe site, pissedconsumer.com. Defendants generate revenues from multiple avenues including, but not limited to (1) developing, creating, publishing and marketing online content; (2) maintaining a web platform for third party users / subscribers to post content; (3) selling/leasing a portion of its internet sites to third parties; (4) operating a service to resolve complaints for consumers; and (5) selling online reputation management services to individuals and business.

Defendants generate or co-author with consumers complaints about Roca. These posts are published on the subject website alongside additional content that is created by Defendant. The purpose of the content is to generate advertising revenue through pageviews. Defendant encourages people to contribute or co-author content to increase page views by misleading individuals to believe that their postings will result in resolution of their complaint. The subject website states their purpose is to allow users to "get your whole issue resolved and share your experience with the world."

Statements on pissedconsumer.com about Roca allegedly by Roca's clients include, but are not limited to:

3

a.     This product sucks. It's expensive, horrible to drink & doesn't do nothing (See Review #506944 by anonymous).

b.     This business is a total fraud. BEWARE! (See Review #490848 by anonymous).

c.     Roca Labs - Got scammed and sick from this JUNK (See Review #482648 by anonymous).

d.     Roca Labs - Run don't walk away from this one! SCAM!! (See Review #487885 by anonymous).

e.     The Company is full of lies and deceit (See Review #482585 by anonymous).

f.     DO NOT TRUST THESE PEOPLE. They are CROOKS (See Review #480448 by anonymous).

g.     Roca Labs - Don't buy anything from Roca Lab they just sell a regular shake they are stealing your money (See Review #475672 by anonymous).

h.     I have a friend working in the warehouse of this product, he told me that is unsanitary they don't use gloves and hair nets to assemble the packages which comes with containers and spoons, and the product is a fraud doesn't work! (See Review #475672 by anonymous).

i.     Roca Labs is a SCAM (See Review #432655 by anonymous).

j.     Roca Labs- Product and company are PURE SCAM (See Review #413698 by anonymous).

k.     You have a better chance of feeling full if you swallowed a glass of liquid cement and let it harden in your stomach. Do not waste your time, energy or money on them. (See Review #413698 by anonymous).

According to the subject website it has more than 5 million page views per month and approximately 1,000 people per week see the above false, malicious and defamatory postings about Roca. In order to maximize revenue, Defendants take false complaints and also Tweets them to Twitter's 271 million users. Tweets include but are not limited to:

4

a.   @RocaLabs Don't buy anything from Roca Labs they just sell a regular shake

b.   Doesn't Work!!! I can't believe I really thought this would work! Save your money

c.   WILL NOT PROCESS PROMISED REFUND, LIED TO BY CUSTOMER
     SERVICE AGENTS REGARDING PROMISED REFUND

**B. The Agreement**

Roca relies upon its reputation and the weight loss success of its customers to generate new business and attract new customers. To foster, encourage and protect its customer relationship, Roca has developed a special incentive/discount program, where it rewards its customers for positive reviews and to refrain from making any negative postings.

In exchange for a significant discount (discounts average $800) customers contractually agree that, regardless of their outcome, they will not speak, publish, print, blog or write negatively about Roca or its products in any forum (*See* Exhibit A of Complaint for complete contract terms).

The agreement also contains an injunctive relief provision, which states that "[A]ny violation of this provision of the Agreement is deemed a material breach and you agree that The Company has no adequate remedy at law. You further consent to and agree to entry of an injunction by a Court of competent jurisdiction in enforcement of your violation of this term and condition."

Defendants are aware of the terms of the subject agreement by Roca via written correspondence wherein Roca notifies Defendants that "[P]ursuant to Section 5 of said contract, the consumers agreed they WILL NOT speak, publish, print, blog or write negatively about Roca Labs or its products in any forum (*See* Exhibit G of Complaint for copy of letter to Defendants)". Moreover, on the Defendants subject website a user made the following post: "EVERYONE INTERESTED IN THIS PRODUCT PLEASE READ ROCA LABS terms and conditions agreement that they claim

5

everyone must agree to when ordering the product!!!!!! MANY fees involved, such as the agreement NOT to COMMENT NEGATIVELY OR full price of product…" (*See* Exhibit F of Complaint).

## C. Conduct of Defendants Consumer Opinion Corp. and Opinion Corp.

Defendants describe themselves as a "gripe" site operator, where they make money by helping "pissed" consumers share complaints with the world. Pissedconsumer.com essentially functions as a complaint generator, where users freely and routinely post false, malicious and defamatory statements about individuals and businesses. The subject website generates or co-develop complaints with users and then Defendants assume ownership of the content.

When writing a post, users are given the option to pay for a "Premium Review." Under this option a user can pay Defendants a fee to have their posting prominently displayed on pissedconsumer.com's homepage. According to Defendants, more people see Premium Reviews. Thus, the subject website is functioning as an advertising platform where people can pay to have their complaints seen by individuals who access the pissedconsumer.com site and other websites and marketing programs of Defendants.

Defendants falsely describe themselves as a consumer advocacy business and intentionally misrepresent that the subject website can resolve complaints with Companies. The subject website provides the option for users to have the company in which they are complaining about contact them. Defendants misleads pissedconsumer.com users into thinking that it can resolve complaints and has a service or system to assist consumers in complaint resolution. In truth it offers no complaint resolution services.

6

Defendants unfairly, maliciously and with reckless regard for the truth publish and continue to publish along with Roca's customers, factually inaccurate postings about Roca. Roca's clients have contractually agreed not to make these types of postings, but Defendants encourage Roca's clients to breach their agreement with Roca for Defendants' own financial gain. Defendant misleads our customers into believing that by breaching their agreement with the Company, it will resolve their dispute with Roca.

According to Terms and Conditions on the subject website users "will NOT post on PC any defamatory, inaccurate, abusive, obscene, profane, offensive, threatening, harassing, racially offensive, spam, or illegal material, or any material that infringes or violates another party's rights (including, but not . limited to, intellectual property rights, and rights of privacy and publicity)." Defendants allow pissedconsumer.com users to violate its Terms and Conditions and post defamatory, inaccurate, abusive, offensive material about Roca on its website. Roca has contacted Defendants on numerous occasions to complain about these types of postings, but Defendants have refused to take any action or remove these postings. Removing postings that violate their own terms and conditions would remove all negative postings about Roca from pissedconsumer.com. It is likely that if Defendants followed their own terms and conditions the vast majority of postings on their site would be removed.

The Defendants falsely represent that pissedconsumer.com is a consumer advocacy site and that it will attempt to bring complaints to a resolution, when in truth it does nothing. Roca has not received any communication from Defendants attempting to mediate or resolve complaints. Defendants will not release the names of any of its posters to Roca, and Roca cannot attempt to resolve complaints. In fact, Defendants use complaints as an opportunity to sell "reputation management" services to businesses.

7

Essentially Defendants co-author false complaints about legitimate businesses and then try to charge businesses to have these complaints removed. Courts have called their business practices "troubling and perhaps unethical" *See Ascentive v. Opinion Corp.*, 842 F Supp. 2d 450, Dist. Court, (E.D.N.Y. 2011).

It is apparent from the numerous false statements about Roca on pissedconsumer.com, that Defendant is encouraging Roca's customers to breach their agreement with Roca and for potential customers to avoid making purchases. Defendants falsely publish that Roca's average customer has suffered $279 in losses and that total customer losses exceed $9,500. These statements that Roca's customers sufferer on average a $279 loss are blatantly false and along with the postings have a chilling effect on potential new customers.

ROCA had an actual prospective economic relationship with numerous consumers including but not limited to: Roger Mealcy, Jr., Shellie Brady, Angela Harnage. LaTanya Barreno, Roswitha Stone, and Kim Tarmann. These customers all cancelled their orders or refused to purchase products from Roca because of reviews or statements made by Defendants.

## MEMORANDUM OF LAW

### I. Law and Analysis

Temporary injunctions have long been recognized as a viable form of relief in a suit for tortious interference with a contract. See, e.g., *Heavener. Ogier Services. Inc. v R.W. FLA Regionno.* 418 So.2d 1074, 1077 (1982), *Knight v. City of Miami.* 127 Fla. 585, 173 So. 801 (1937); *Dade Enterprises. Inc. v. Wometco Theaters, Inc.,* 119 Fla. 70, 160 So. 209 (1935); *see also* Restatement (Second) of Torts § 766 cmt. u (1979).

8

Injunctive relief is also an appropriate remedy for violations under Florida Deceptive and Unfair Trade Practices Act. In accordance with Florida Statutes § 501.211 "anyone aggrieved by a violation of this part [FDUTPA] may bring an action to obtain a declaratory judgment that an act or practice violates this part and to enjoin a person who has violated, is violating, or is otherwise likely to violate this part".

A preliminary injunction is properly entered when the moving party demonstrates:

(1)     a substantial likelihood of success on the merits;

(2)     a substantial threat of irreparable injury if the injunction is not granted;

(3)     that the threatened injury to the plaintiff outweighs the harm an injunction may cause the defendant; and

(4)     the granting of an injunction would not disserve the public interest. *Church v. City of Huntsville*, 30 F. 3d 1332, 1342 (11th Cir. 1994). *Naegel Outdoor Advertising Co., Inc. v. City of Jacksonville*, 659 So.2d 1046, 1047 (Fla. 1995).

As a general rule, a trial court has sound discretion to grant injunctions. *Precision Tune Auto Case, Inc. v. Radcliff*, 731 So.2d 744, 745 (Fla. 4th DCA 1999). The facts demonstrate that all of the elements are easily satisfied, and the requested injunction should be issued by this honorable Court.

**A. There is substantial likelihood of success on the merits**

**1. Tortious Interference**

The common law elements of tortious interference with business relationship are (1) the existence of a business relationship, not necessarily evidenced by an enforceable contract; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the

9

relationship. *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 814 (Fla. 1995). Each of these elements is present here.

### a. Business Relationship

Roca maintains a business relationship with its customers. Roca's customers have entered into valid purchase agreements with Roca (a copy of Agreement was attached as Exhibit A to Complaint), have purchased products from Roca and tendered payment for these products at a negotiated price (average sale approximately $600). Moreover after a customer makes a purchase, Roca monitors their success and rewards weight loss by offering special rewards and financial incentives to Roca's customers for sharing their success stories online. Thus, there can be no dispute that Roca maintains a business relationship with its customers.

The postings on the subject website further acknowledge this business relationship as they are in general complaining about their purchase or Roca's products. Roca's products are only available from Roca and cannot be purchased at any retail outlets. Thus, the only way for someone to have tried Roca's product is for that person to have been a Roca customer and to have purchased a product from Roca.

### b. Defendant's knowledge of the relationship

Defendants are aware of Roca's business relationships. As described above Roca sent defendant a letter notifying them of the business relationship and users have posted Roca's terms and conditions on the subject website and multiple posts have made reference to a contractual relationship between the poster and Roca. Defendant cannot claim that it is not aware of what is posted on its own website.

10

### c. Interference

Defendants efforts to co-author with Roca's customers false and malicious statements about Roca and then publish them on the subject website and Twitter constitutes intentional and unjustified interference with Roca's relationships.  Defendants interfered with the agreement between Roca and its customers for their own financial gain.  According to Defendant's statistics more than 70,000 people have read false and negative reviews about Roca on pissedconsumer.com.  Defendant makes money from each person who reads a review about Roca.  Where a defendant has no prior economic interest of his own to safeguard but only a prospective business advantage that is not yet realized, the defendant has no such privilege to interfere with an existing contract. *Heavener, Ogier Servs.. Inc.*, 418 So. 2d at 1077.

Defendants intended to convince and induce Roca's customers to breach their contract with Roca by posting negative comments on their subject website and in exchange Defendants misrepresented they would resolve the customer's problem with Roca. Defendants encouraged Roca's customers to "get your whole issue resolved and share your experience with the world" in direct breach of Roca's contractual relationship. Defendants in fact announced to the world by posting false, negative and misleading statements on pissedconsumer.com and also via Twitter.  These postings and Tweets were a direct interference with Roca's contractual agreement with its customers not to make negative reviews about Roca or its products.

### d. Damage

Roca's reputation and its ability to transact business has been damaged by the actions of Defendant and if Defendant is not enjoined from its current actions, the damage to Roca will be severe

as its reputation will be irreparably harmed, customers will continue to breach their contract with Roca and new customers will not purchase from Roca.

### 2. FDUTPA

Plaintiff has a substantial likelihood of succeeding on the merits in pursuant to the FDUTPA action in the complaint. The courts have identified three elements that must be alleged and proven to prevail on a claim pursuant to the Florida Deceptive and Unfair Trade Practices Act: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. *KC Leisure, Inc. v. Haber*, 972 So. 2d 1069, 1073 (Fla.App 5 Dist. 2008)(citing *Bookworld Trade, Inc. v. Daughters of St. Paul, Inc.*, 532 F. Supp. 2d 1350 (M.D. Fla. 2007). Based on the facts as they are alleged in the Complaint, Plaintiffs have a substantial likelihood of prevailing on the merits of their claim under FDUTPA.

Plaintiffs have clearly established a likely success on the first element of their claim. A practice is unfair when it "offends established public policy and when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious…" *See Suris v. Gilmore Liquidating, Inc.* 651 so. 2d 1282, 1283 (Fla. 3rd DCA 1995)(citing *Spiegel, Inc. v. Federal Trade Comm'n*, 540 F.2d 287, 293 (7th Cir. 1976)). Florida courts have construed FDUTPA broadly to address unfair business practices. *See Day v. Le-Jo Enterprises, Inc.* 521 So.2d 175, 178 (Fla. Disct. Ct. App. 1988)(reversing the lower court's entry of a directed verdict dismissing plaintiff's FDUTPA unfair competition claim and holding that the concept of "unfair and deceptive," as used in FDUTPA, was "extremely broad" and included practices that offended established public policy and that were immoral, unethical, oppressive, unscrupulous, or substantially injurious to competitors)(citation omitted). In *D.L.A. v. Father & Sons Moving & Storage*, 643 So. 2d 22, 24 (Fla. 4th DCA 1994), the court stated that "a specific rule or regulation is not necessary to determine of what constitutes an unfair or

deceptive practice act under section 504.204(1). Rather, "the proscriptions against unfair and deceptive acts are flexible and are to be defined with flexibility by the myriad of cases from the field of business." *Id.* (citing *F.T.C. v. Colgate-Palmolive Co.*, 380 U.S. 374, 85 S,CT. 1035 (1965)).

Defendants' intentional tortious interference is clearly unethical, oppressive, unscrupulous, or substantially injurious to Plaintiff and for the reasons stated above Defendants continued interference will be injurious to Roca if not enjoined.

Defendants are knowingly, intentionally and willfully generating and publishing false statements about Roca to profit. Defendants then use these false statements to sell "reputation management services" to Roca and other similarly situated companies. These business practices and other by Defendants have been highly criticised as unethical, oppressive, unscrupulous, or substantially injurious. It is these types of actions that the Court in *Ascentive v. Opinion Corp.*, 842 F Supp. 2d 450, Dist. Court, (E.D.N.Y. 2011) found were "troubling and perhaps unethical." Defendants' actions are clearly unethical, oppressive, unscrupulous, or substantially injurious to Plaintiff and for the reasons stated above Defendants continued actions will be injurious to Roca if not enjoined.

The unfairness and unscrupulous nature of Defendants' conduct is further demonstrated by their complete and utter disregard for the truth in the actions that they have taken against Roca. Defendants announced via Twitter "@RocaLabs Don't buy anything from Roca Labs they just sell a regular shake" and "Doesn't Work!!! I can't believe I really thought this would work! Save your money". Defendants have never purchased a product from Roca, yet represent to Twitter's 271 million users that they have tried Roca products, they are "regular", do not work and are a waste of money. By any standards these tactics are unfair and unscrupulous. It would be unfair and unconscionable to allow Defendants to

13

continue to act in a manner with total disregard and disdain for the truth. Defendants continued actions will be injurious to Roca if not enjoined.

Defendants actions in duping individuals, including thousands of Floridians, into believing that if they write a negative post about a business Defendants will take action to resolve their complaint is also unethical, oppressive, unscrupulous, or substantially injurious. Defendants hold themselves out to the world as a consumer advocate, when they do nothing to resolve complaints. In fact, they take the opposite approach and use complaints to try to generate revenue by selling reputation management services. Defendants prey on individuals whom believe that they have been harmed by a business and make false promises to enhance their own bottom line. Roca has never been contacted by Defendants to resolve any type of consumer complaint.

The Plaintiffs has also demonstrated a likelihood of success on the second element "causation". There can be little doubt that Defendants authoring, co-authoring, and dissemination of negative posts about Roca on its subject website and Twitter have proximately caused damages/harm to Roca's reputation and ability to do business.

The Plaintiffs has also demonstrated a likelihood of success on the third element "damages". Defendants actions have proximately caused and continue to cause both non-economic and economic damages against Roca by their dissemination of negative posts via the subject website and Twitter and Roca has and continues to lose prospective clients.

## B. There is a Substantial Threat of Irreparable Injury if Defendants are not Enjoined

If the injunction is not granted, Roca will face a substantial threat of irreparable injury. Roca has already suffered harm to its reputation and its ability to conduct business and will continue to be injured if Defendant does not cease interfering with Roca's contractual relationships and stop its actions that violate FDUTPA. Each week approximately one thousand people see the false and malicious negative reviews about Roca on pissedconsumer.com. More than 70,000 people have seen these postings to date. Moreover, Defendants have Tweeted statements about Roca to Twitter's 271 million subscribers. Unless injunctive relief is provided, Roca will continue to be irreparably harmed.

A preliminary injunction will stave off this irreparable harm. The purpose of a preliminary injunction is to prevent future harm. *Advantage Digital Sys., Inc. v. Digital Imaging Servs., Inc.,* (870 So. 2d 111, 116 (Fla. Dist. Ct. App. 2004)("By its nature, an injunction restrains commission of a future injury; a court cannot prevent what has already occurred."). It is not necessary for a party seeking a preliminary injunction to wait until harm has occurred: such a delay would defeat the purpose of injunctive relief.

Irreparable injury is an injury which is of a peculiar nature, so that compensation in money cannot atone for it. *Mullinix v. Mullinix,* 182 So. 2d 268 (Fla. Dist. Ct. App. 4th Dist. 1966); *First Nat. Bank n St. Petersburg v. Ferris,* 156 So. 2d 421 (Fla. Dist. Ct. App. 2d Dist. 1963). Once a posting is made on pissedconsumer.com or a Twitter message is sent, damage to Roca's repution is done and Plaintiffs can never be made whole. Due to the nature of the Internet, postings can take on a life of their own and it is nearly impossible to remove all negative comments once they appear on the

15

Internet.  In essence postings are viral and take on an existence independent of pissedconsumer.com.
According to the MIT Technology Review "it's hard to imagine a system that could index all of the
world's information thoroughly enough to allow someone exercising the "right to be forgotten" to track
down and eradicate every regrettable message or photo." *How to Delete Regrettable Posts from the
Internet*, Simson Garfinkel, October 2012.

### C. The Threatened Injury to the Plaintiff Outweighs the Harm an Injunction
### May Cause the Defendants

Defendants will suffer little or no harm by ceasing to interfere with our contractual relationships
and removing the interfering postings about Roca and Defendants' Tweets about Roca.  Moreover,
Defendants are obligated to comply with FDUTPA.  According to Defendants the subject website
receives 5,000,000 pageviews a month.  Roca labs accounts for approximately 4,000 of these page
views or .08% of their total views.  Based on an industry average CPM of $4.00 the cost to Defendants
for lost advertising revenue is a mere $16 per month.  Enjoining these postings for a temporary period of
time will have minimal impact of Defendants business.

As set forth above, thousands of people every month are seeing the false reviews about Roca.
Roca believes that it is losing millions of dollars in revenue a month due to these postings.  Moreover,
once the posting is distributed on the Internet, it is next to impossible to remove.   Irreparable harm to
Roca's reputation and its ability to conduct business occurs when Defendant interferes with Roca's
relationship with its clients.

16

### D. The Granting of an Injunction Would Not Disserve the Public Interest

It is against public interest to allow an organization, especially one capable of commanding public attention like Defendants, to interfere with contracts and post information like the false, negative and malicious postings on pissedconsumer.com. Moreover, the public interest is served by parties being able to rely on their contracts without fear of tortious interference from outsiders. *See North Am. Products Corp. v. Moore,* 196 F. Supp. 2d 1217, 1231 (M.D. Fla. 2002).

Moreover, the purpose of FDUTPA is to "protect the consuming public and legitimate business enterprise from those who engage in unfair methods of competition, deceptive or unfair acts or practices in the conduct of any trade or commerce" *See* Fla Stat § 501.202(2).  Thus, it serves the public interest to prevent the actions of Defendant.

17

## CONCLUSION

WHEREFORE, Roca, by and through undersigned counsel, moves this Court to enjoin Defendants from further interfering with Roca's customers to induce them to breach the terms of their agreement with Roca and to cease and desist all actions that violate FDUTPA.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of this Motion was submitted for service of process with the Complaint this 21st day of August, 2014 to: Michael Podolsky, 1204 Avenue U, Suite 1080, Brooklyn NY 11229 for Consumer Opinion Corp.; and National Registered Agents Inc., 111 Eight Avenue, New York New York 10011 for Opinion Corp d/b/a Pissedconsumer.com.

Respectfully Submitted,

Roca Labs, Inc.
P.O. Box 7898
Delray Beach, FL 33482-7898
Tel. 305-998-6150
Fax 954-341-5215

Nicole Freedlander, P.A.
P.O. Box 402653
Miami Beach, FL 33140
Tel. 305-674-4844

By: /s/
Paul Berger, Esq.
FL Bar No. 4413
Legal5@rocalabs.com

By:    /s/
Nicole Freedlander, Esq.
FL Bar No. 2150
nicole@freedlanderlaw.com

18

## VERIFICATION

I, DON JURAVIN, have reviewed the foregoing and acknowledge that the matters raised are true and correct and irreparable harm and damage will result if the relief is not granted.

DATED this 21st day of August, 2014

_____

DON JURAVIN

SWORN AND SUBSCRIBED before me
this 21st day of August, 2014.

_____
Notary Public (signature)

JOHN CUNNINGHAM, III
Notary Public State of Florida
Commission EE 128389
My comm. expires Sept. 7  2015

My Commission Expires: Sept 7ᵗʰ, 2015

_____ Personally Known or

_____ Produced Identification

_____ Type of Identification Produced: Florida Driver L