**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**


ROCA LABS, INC.

       Plaintiff,

v.                                                                     Case No: 8:14-cv-2096-T-33EAJ

CONSUMER OPINION CORP. and
OPINION CORP. d/b/a/
PISSEDCONSUMER.COM
       Defendants

_____/


**CONSENTED MOTION OF DEFENDANTS CONSUMER OPINION CORP. AND OPINION CORP. D/B/A PISSEDCONSUMER.COM FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF ROCA LABS, INC.'S VERIFIED MOTION FOR ENTRY OF A TEMPORARY INJUNCTION**

Defendants Consumer Opinion Corp. and Opinion Corp. d/b/a PissedConsumer.com ("Defendants"), by and through their undersigned counsel, hereby move for a fourteen (14) day extension of time to respond to Plaintiff's Verified Motion For Entry of a Temporary Injunction ("Plaintiff's Motion"), and as grounds therefore, Defendants state:

1.     On or about August 21, 2014, Defendants were served with the summons and copy of Plaintiff's Complaint in the Circuit court of the 12th Judicial Circuit, in and for Sarasota County, Florida, which initiated the action with Case No. 2014 CA 004769 NC (the "State Court Action"). At this time, Defendant was also served with a copy of Plaintiff's Motion.

2.      On August 23, 2014, Plaintiff filed a Notice of 30 Minute Special Set Hearing on Plaintiff's Motion in the State Court Action and served Defendants with this Notice on August 25, 2014.  The hearing was set for August 28, 2014.

3.      Defendants removed the State Court Action to this Court on August 26, 2014.  On August 27, 2014, the Special Set hearing on Plaintiff's Motion in the State Court Action was canceled.

4.      Under Local Rule 3.01(b), a party opposing a motion must file an opposition within fourteen (14) days of service of the motion.

5.      Plaintiff's Motion satisfies Local Rule 4.02(c), which requires an additional supporting brief for motions pending in state court prior to removal only when the motion is not supported by a brief or legal memorandum.  Defendants' opposition is thus due by September 4, 2014.

6.      Defendants require the requested extension to prepare their opposition to Plaintiff's Motion.  Plaintiff's Motion was served on Defendants simultaneously with its twelve-count, 44-page Complaint, supported by 78 pages of exhibits.  Given the short time Defendants have to familiarize themselves with the voluminous allegations in Plaintiff's Complaint, which are incorporated into Plaintiff's Motion, Defendants require additional time properly develop their opposition to Plaintiff's Motion.

7.      Defendants also require additional time to prepare their opposition to Plaintiff's Motion because undersigned counsel for Defendants was previously engaged in negotiations with Plaintiff's counsel which, had such negotiations been successful,

would have obviated the need for an opposition to Plaintiff's Motion, or narrowed the issues to be addressed.

8.     Pursuant to Local Rule 3.01(g), undersigned counsel for Defendants hereby certifies that he conferred with Plaintiff's counsel, Paul Berger, Esq., regarding the requested relief in this motion on September 3, 2014.  Plaintiff's counsel has agreed and consented to Defendants' requested relief.

Accordingly, Defendants respectfully request that this Court enter an order granting Defendants a fourteen (14) day extension, i.e., to and until Thursday, September 18, 2014, to file and serve their opposition to Plaintiff's Motion.

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S VERIFIED MOTION FOR TEMPORARY INJUNCTION

Rule 6(b)(1) of the Federal Rules of Civil Procedure provides in part:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

An award of Defendants' requested extension of time to file and serve their response to Plaintiff's Motion constitutes a proper use of this Court's discretion. Defendants have requested the extension of time prior to the filing deadline specified by the Federal Rules of Civil Procedure and the Local Rules of this Court.  Given the brief time Defendants have to familiarize themselves with Plaintiff's Complaint sufficient to oppose Plaintiff's Motion and to file and serve said opposition, Defendants require the

requested extension of time to properly develop and prepare their opposition.  Defendants also require this extension due to undersigned counsel for Defendants' earlier negotiations with Plaintiff's counsel which, had they been fruitful, would have obviated the need for an opposition to Plaintiff's Motion or narrowed the issues to be addressed. Plaintiff does not oppose Defendants' extension request, and Plaintiff's counsel has even explicitly consented to this request.  Further, Defendants' request will not cause any undue delay or prejudice.  In light of these circumstances, Defendants respectfully submit that the Court's discretion is best utilized by granting the requested extension.  Given that Plaintiff has agreed to Defendants' requested extension, no party can claim prejudice or harm if the relief sought is granted.

Dated: September 4, 2014          Respectfully submitted,

Marc J. Randazza
Florida Bar No. 625566
Randazza Legal Group
3625 S. Town Center Drive Ste 150
Las Vegas, NV 89135
Telephone: (702) 420-2001
Facsimile:  (702) 420-2003
ecf@randazza.com

Trial Counsel for Defendants

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion for Extension of Time was electronically filed on 4 September, 2014, with the Clerk of the Court, via the CM/ECF system, which provided a Notice of Electronic Filing of same to the following:

Paul Berger
P.O. Box 7898
Delray Beach, Florida 33482-7898
Legal5@rocalabs.com

Nicole Freedlander
P.O. Box 402653
Miami Beach, Florida 33140
Nicole@freedlanderlaw.com

_____
Alex Shepard
Employee, Randazza Legal Group