# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ROCA LABS, INC.

      Plaintiff,

Vs.                                   Case No: 8:14-cv-2096-T-33EAJ

CONSUMER OPINION CORP. and
OPINION CORP. d/b/a/
PISSEDCONSUMER.COM
      Defendants

_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S COMPLAINT

Defendants Consumer Opinion Corp. and Opinion Corp. d/b/a PissedConsumer.com respond to Plaintiff Roca Labs, Inc.'s Complaint as follows:

1.      Calls for no response from Defendants.

2.      Denied as a legal conclusion.  To the extent the allegations are factual, they are denied.

3.      Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment.  Consequently, this averment is denied and strict proof demanded.

4.      Admitted.

5.      Admitted.

6.      Denied as an erroneous legal conclusion and without factual foundation.

7.      Denied as an erroneous legal conclusion and without factual foundation.

8.      Denied as an erroneous legal conclusion and without factual foundation.

9.      Denied as an erroneous legal conclusion and without factual foundation.

10.     Denied as an erroneous legal conclusion and without factual foundation.

11.     Denied as an erroneous legal conclusion and without factual foundation.

12.     Denied as an erroneous legal conclusion and without factual foundation

13.     Denied as an erroneous legal conclusion and without factual foundation.

14.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment.  Consequently, this averment is denied and strict proof demanded.

15.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment.  Consequently, this averment is denied and strict proof demanded.

16.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment.  Consequently, this averment is denied and strict proof demanded.

17.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment.  Consequently, this averment is denied and strict proof demanded.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment.  Consequently, this averment is denied and strict proof demanded.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment.  Consequently, this averment is denied and strict proof demanded.

20. Denied.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment.  Consequently, this averment is denied and strict proof demanded.

22. Denied.

23. Denied – at least in part Plaintiff relies upon an expectation of silence from customers who are harmed by its products.  In all other respects, denied.

24. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment.  Consequently, this averment is denied and strict proof demanded.

25. Denied.

26. Denied.

27. Denied.

28. Admitted.

29. Denied.

30. Denied.

31. Denied.

32. Denied as unintelligible.   To the extent the allegation could be deemed intelligible, it is denied.

33.     Denied.

34.     Admitted.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment.  Consequently, this averment is denied and strict proof demanded.

40.     Denied.

41.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment.  Consequently, this averment is denied and strict proof demanded.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied as unintelligible.   To the extent the allegation could be deemed intelligible, it is denied.

48.    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment.  Consequently, this averment is denied and strict proof demanded.

49.    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment.  Consequently, this averment is denied and strict proof demanded.

50.    Denied.

51.    Denied as unintelligible.   To the extent the allegation could be deemed intelligible, it is denied.

52.    Denied.

53.    Denied.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Denied.

58.    Denied.

59.    Admitted.

60.    Denied.

61.    Denied.

62.    Denied.

63.    Denied.

64. Denied. Defendants admit that the postings about Plaintiff have received at least 72,000 *views*.

65. Denied as opinion.

66. Denied as opinion.

67. Denied.

68. Denied as unintelligible. To the extent the allegation could be deemed intelligible, it is denied.

69. Denied as unintelligible. To the extent the allegation could be deemed intelligible, it is denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

**Count I**
**Deceptive & Unfair Trade Practices**
**Against Consumer Opinion Corp.**

74. Denied as a statement of law.

75. Denied.

76. Denied as unintelligible. To the extent the allegation could be deemed intelligible, it is denied.

77. Admitted.

78. Denied.

79. Denied.

80.    Denied.

81.    Admitted.

82.    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment.  Consequently, this averment is denied and strict proof demanded.

83.    Denied.

84.    Denied.

85.    Denied.

86.    Admitted.

87.    Denied.

88.    Denied.

89.    Denied.

90.    Admitted.

91.    Denied.

92.    Denied.

93.    Admitted.

94.    Denied as unintelligible.    To the extent the allegation could be deemed intelligible, it is denied.

95.    Denied as opinion.

96.    Denied.

97.    Denied.  Defendants' website only asserts that these amounts are *claimed* losses.

98. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

99. Denied.

100. Denied as a statement of law.

101. Denied.

102. Denied as a statement of law.

**<u>Count II</u>**
**<u>Deceptive and Unfair Trade Practices</u>**
**<u>Against Opinion Corp. d/b/a Pissedconsumer.com</u>**

103. Denied as a statement of law.

104. Denied.

105. Denied as unintelligible. To the extent the allegation could be deemed intelligible, it is denied.

106. Admitted.

107. Denied.

108. Denied.

109. Denied.

110. Admitted.

111. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

112. Denied.

113.    Denied.

114.    Denied.

115.    Admitted.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Admitted.

120.    Denied.

121.    Denied.

122.    Admitted.

123.    Denied as unintelligible.   To the extent the allegation could be deemed intelligible, it is denied.

124.    Denied as opinion.

125.    Denied.

126.    Denied.  Defendants' website only asserts that these amounts are *claimed* losses.

127.    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment.  Consequently, this averment is denied and strict proof demanded.

128.    Denied.

129.    Denied as a statement of law.

130.    Denied.

131.    Denied as a statement of law.

**Note – in the original Complaint, paragraph numbering ends at 131, and then restarts at 129.  For ease of reference, the original numbering errors have been maintained in this Answer.**

<u>**Count III**</u>
<u>**Tortious Interference With Roca's Contractual Relationships**</u>
<u>**Against Consumer Opinion Corp.**</u>

129.   Denied.

130.   Denied as unintelligible.   To the extent the allegation could be deemed intelligible, it is denied.

131.   Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment.  Consequently, this averment is denied and strict proof demanded.

132.   Denied.

133.   Denied as unintelligible.   To the extent the allegation could be deemed intelligible, it is denied.

134.   Denied.

135.   Denied.

136.   Denied.

137.   Denied.

138.   Denied.

139.   Denied as unintelligible.   To the extent the allegation could be deemed intelligible, it is denied.

140.   Denied.

141.   Denied.

142.   Denied.

## Count IV
## Tortious Interference With Roca's Contractual Relationships
## Against Opinion Corp. d/b/a PissedConsumer.com

143.   Denied.

144.   Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment.  Consequently, this averment is denied and strict proof demanded.  Even if admitted, Defendants do not admit the enforceability of the contract.

145.   Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment.  Consequently, this averment is denied and strict proof demanded.  Even if admitted, Defendants do not admit the enforceability of the contract.

146.   Denied.

147.   Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment.  Consequently, this averment is denied and strict proof demanded.

148.   Denied.

149.   Denied.

150.   Denied.

151.   Denied.

152.   Denied.

153. Denied as unintelligible.  To the extent the allegation could be deemed intelligible, it is denied.

154. Denied.

155. Denied.

156. Denied.

**Count V**
**Tortious Interference With A Prospective Relationship**
**Against Consumer Opinion Corp.**

157. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment.  Consequently, this averment is denied and strict proof demanded.

158. Denied.

159. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment.  Consequently, this averment is denied and strict proof demanded.

160. Denied.

161. Denied.

162. Denied.

163. Denied.

164. Denied.

165. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment.  Consequently, this averment is denied and strict proof demanded.

166.   Defendants are without knowledge or information sufficient to form a belief as to
the truth or falsity of the corresponding averment.  Consequently, this averment is
denied and strict proof demanded.

167.   Denied.

168.   Denied.

## Count VI
## Tortious Interference With A Prospective Economic Relationship
## Against Opinion Corp.

169.   Defendants are without knowledge or information sufficient to form a belief as to
the truth or falsity of the corresponding averment.  Consequently, this averment is
denied and strict proof demanded.

170.   Denied.

171.   Defendants are without knowledge or information sufficient to form a belief as to
the truth or falsity of the corresponding averment.  Consequently, this averment is
denied and strict proof demanded.

172.   Denied.

173.   Denied.

174.   Denied.

175.   Denied.

176.   Denied.

177.   Defendants are without knowledge or information sufficient to form a belief as to
the truth or falsity of the corresponding averment.  Consequently, this averment is
denied and strict proof demanded.

178. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment.  Consequently, this averment is denied and strict proof demanded.

179. Denied.

180. Denied.

## Count VII
## Defamation Against Consumer Opinion Corp via Pissedconsumer.com

181. Denied.

182. Denied.

183. Denied.

184. Denied.

185. Denied.

186. Denied.

187. Denied.

188. Denied.

189. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment.  Consequently, this averment is denied and strict proof demanded.

190. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment.  Consequently, this averment is denied and strict proof demanded.

191. Denied.

192. Denied.

## Count VIII
## Defamation Against Opinion Corp. via Pissedconsumer.com

193.    Denied as a statement of law.

194.    Denied as a statement of law.

195.    Denied.

196.    Denied.

197.    Denied.

198.    Denied.  Defendants' website asserts that these amounts are *claimed* losses.

199.    Denied.

200.    Denied.

201.    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment.  Consequently, this averment is denied and strict proof demanded.

202.    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment.  Consequently, this averment is denied and strict proof demanded.

203.    Denied.

204.    Denied.

## Count IX
## Defamation Against Consumer Opinion Corp (via Twitter)

205.    Denied as a statement of law.

206.    Denied as a statement of law.

207.    Denied.

208.    Admitted as to the text of the statements.  In all other respects, denied.

209.    Denied.

210.    Denied.

211.    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment.  Consequently, this averment is denied and strict proof demanded.

212.    Denied.

213.    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment.  Consequently, this averment is denied and strict proof demanded.

214.    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment.  Consequently, this averment is denied and strict proof demanded.

215.    Denied.

216.    Denied.

### <u>Count X</u>
### <u>Defamation Against Opinion Corp (via Twitter)</u>

217.    Denied as a statement of law.

218.    Denied as a statement of law.

219.    Denied.

220.    Admitted as to the text of the statements.  In all other respects, denied.

221.    Denied.

222.    Denied.

223.   Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment.  Consequently, this averment is denied and strict proof demanded.

224.   Denied.

225.   Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment.  Consequently, this averment is denied and strict proof demanded.

226.   Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment.  Consequently, this averment is denied and strict proof demanded.

227.   Denied.

228.   Denied.

## Count XI
## Declaratory Relief Against Defendants

229.   Denied as a statement of law.

230.   Denied.

231.   Denied.

232.   Denied.

233.   Denied.

234.   Denied.

235.   Denied.

236. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment.  Consequently, this averment is denied and strict proof demanded.

237. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment.  Consequently, this averment is denied and strict proof demanded.

238. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment.  Consequently, this averment is denied and strict proof demanded.

239. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment.  Consequently, this averment is denied and strict proof demanded.

240. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment.  Consequently, this averment is denied and strict proof demanded.

241. Denied.

242. Denied.

243. Denied.

244. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment.  Consequently, this averment is denied and strict proof demanded.

245. Denied as a statement of law.

246.   Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment.  Consequently, this averment is denied and strict proof demanded.

247.   Denied.

248.   Denied.

249.   All allegations not specifically admitted are hereby denied.

**First Affirmative Defense**
**Immunity Under Communications Decency Act, 47 U.S.C. § 230**

1.   Defendants are providers of interactive computer services as defined in 47 U.S.C. § 230(f)(2).
2.   Defendants neither created nor authored the content of any of the postings on "pissedconsumer.com" complained of in Plaintiff's Complaint.
3.   Defendants neither created nor authored the contents of any of the Twitter posts complained of in Plaintiff's Complaint.
4.   Under 47 U.S.C. § 230(c)(1), Defendants cannot be treated as the publishers of the above complained-of statements, and thus cannot be held liable, either at law or in equity, for the contents of the statements.

**Second Affirmative Defense**
**Truth**

1.   Although the burden of proof for falsity is upon Plaintiff, as applied to Plaintiff's claims for defamation, Defendants aver that all statements allegedly made by Defendants complained of by Plaintiff are true.
2.   Any complained-of statements allegedly made by Defendants that may happen to lack 100% factual veracity are substantially true, and thus treated true as a matter of law.
3.   As truth is an absolute defense to defamation, Defendants cannot be liable for Plaintiff's defamation claims.

**Third Affirmative Defense**
**Substantial Truth**

1.   Any statements made by Defendants complained of by Plaintiff that are not literally true are substantially true, in that the "gist" or "sting" of the statements is true.

2.   As substantial truth is a defense to claims for defamation, Defendants cannot be liable for Plaintiff's defamation claims.

### Fourth Affirmative Defense
### Qualified Privilege

1.   Roca Labs, Inc. is a Florida company that, by all appearances, sells products with little to no medical value for an inflated price, and may even have harmful side effects.  These products are sold nationwide, and whether they may adversely affect the health of their users is a matter of substantial public interest.

2.   Multiple customers of Plaintiff's products have complained of negative health consequences from using the products.  Customers have reported "vomiting every time I try to use it" (*see* review #480498, "Roca Labs – Not Totally Honest," attached as Exhibit A) and suffering "gastrointestinal side effects" (*see* review #478460, "Roca Labs – Side Effects," attached as Exhibit B).  The products made one customer "ill enough to seek medical attention after following all directions to the letter." (*See* review # 482468, "Roca Labs – Got scammed and sick from this JUNK," attached as Exhibit C).

3.   All allegedly actionable statements were subject to qualified privilege as they were directed to parties having a common interest in the subject matter of the statements.

4.   All allegedly actionable statements were subject to qualified privilege as they were made in the course of a justifiable exercise of a moral obligation, free of improper motive or malice.

5.   All allegedly actionable statements were subject to qualified privilege as they were fair comment and criticism on the nature of Plaintiff's products and their business practices, matters of significant public and social interest.

### Fifth Affirmative Defense
### Contract Terms Unconscionable and Unenforceable

1.   Plaintiff's "Terms & Conditions" Agreement ("T&Cs" Agreement), to which Plaintiff claims all purchasers of its products are bound, provides an option for customers to receive a discounted price in exchange for "irrevocably waiv[ing] [their] right to publish, make or promote any negative reviews about [Plaintiff], its products or employees" (the "Discount Provision").  (*See* Terms & Conditions Agreement, attached as Exhibit D).

2.   Plaintiff represents that it employs multiple doctors in providing its goods and services to customers.  Plaintiff's website, <rocalabs.com>, contains multiple images of persons in doctor's coats wearing stethoscopes.  It contains videos featuring such persons discussing how Plaintiff's products work.  Roca Labs clearly intends that visitors of their website will draw the conclusion from this information that Roca Labs employs doctors providing medical advice as to the suitability of Plaintiff's products.

3.     An article on Plaintiff's website by Ross Finesmith, MD, indicates that this "Dr. Ross" is Plaintiff's "Director of Medical Team (NJ, USA)." (*See* Ross Finesmith, MD, "Letter to Your Doctor," attached as Exhibit E). The article discusses the alleged utility and medical characteristics of Plaintiff's products, and encourages readers to contact Dr. Finesmith if they "have any questions regarding the medical efficacy or safety of the Roca Labs products." (Exhibit E). Though the article provides an inconspicuous disclaimer that Mr. Finesmith is not an employee of Plaintiff, Plaintiff is clearly attempting to make visitors to its website believe that Finesmith is a doctor in its employ recommending use of Plaintiff's products.

4.     According to Florida Secretary of State records, a Dr. George C. Whiting is the president of Roca Labs, Inc. (*See* Plaintiff's Amended Annual Report, attached as Exhibit F).

5.     Whether Plaintiff's products were actually developed and are sold by licensed doctors, Plaintiff holds itself out as an organization operated by licensed doctors providing products equivalent to a medical procedure.

6.     Plaintiff's T&Cs Agreement is an unenforceable contract of adhesion, as it sells products equivalent to medical treatments using doctors or people purporting to be doctors, and does not permit customers to publish negative comments about Plaintiff's medical treatment.

7.     Furthermore, the terms of the contract are unenforceable and unconscionable in that Roca Labs' products have the potential to make users ill, and in the event that this happens, anyone bound by the contract would be barred from even seeking medical advice, much less warning others of the products' potential health hazards.

8.     California law forbids "[a] contract . . . for the sale or lease of consumer goods or services" from containing "a provision waiving the consumer's right to make any statement regarding the seller or lessor or its employees or agents, or concerning the goods or services."  Assem. Bill No. 2365 (2013-2014 Reg. Sess.) § 1.  The statute makes it unlawful "to threaten or to seek to enforce" such a provision, and expressly provides that "[a]ny waiver of the provisions of this section is contrary to public policy, and is **void and unenforceable**." *Id*. (emphasis added).

9.     Plaintiff sells its products nationwide, and at least some of the customers who have made the complained-of statements are residents of California. (Exhibit B) (indicating that the reviewer is a resident of San Jose, California).

10.    Plaintiff's T&Cs Agreement is unconscionable and unenforceable as applied to all of Plaintiff's customers, and has been statutorily determined to be void and unenforceable as to any customer in the state of California.

**Sixth Affirmative Defense**
**Contract Void As Against Public Policy**

1.     Plaintiff's Discount Provision forbids customers who receive a discounted price from publishing or causing to be published any negative statement about Plaintiff, or take any action that negatively impacts Plaintiff. (Exhibit D). It further

obligates such customers who violate this provision, at **Plaintiff's sole discretion**, to provide upon Plaintiff's request a **notarized affidavit stating that the customer's "disparaging remarks or review contained factually inaccurate material, was incorrect and breached this agreement**." (Exhibit D).

2.  The Discount Provision does not permit Plaintiff's customers to make truthful statements regarding Plaintiff or its products that are negative.

3.  The Discount Provision is void as against Florida's public policy. It restricts customers' ability to engage in speech protected under the United States and Florida Constitutions. It limits dissemination of information concerning harmful products that are sold in interstate commerce and to Florida residents. It also effectively requires customers to prospectively admit to wrongdoing at the election of Plaintiff, even when no wrongdoing has occurred, and may even require that customers provide a notarized affidavit containing statements the customers know to be false.

4.  Furthermore, the terms of the contract are unenforceable and unconscionable in that Roca Labs' products have the potential to make users ill, and in the event that this happens, anyone bound by the contract would be barred from even seeking medical advice, much less warning others of the products' potential health hazards.

5.  California law forbids "[a] contract . . . for the sale or lease of consumer goods or services" from containing "a provision waiving the consumer's right to make any statement regarding the seller or lessor or its employees or agents, or concerning the goods or services." Assem. Bill No. 2365 (2013-2014 Reg. Sess.) § 1. The statute makes it unlawful "to threaten or to seek to enforce" such a provision, and expressly provides that "[a]ny waiver of the provisions of this section is contrary to public policy, and is **void and unenforceable**." *Id.* (emphasis added).

6.  Plaintiff sells its products nationwide, and at least some of the customers who have made the complained-of statements are residents of California. (Exhibit B) (indicating that the reviewer is a resident of San Jose, California).

7.  While the California statute is not applicable to customers outside of California, it does highlight the absurdity of Plaintiff's allegations. Plaintiff is asking that this Court find enforceable contract terms that, aside from being unconscionable as a matter of general contract principles, one of Florida's sister states has explicitly found to be so egregious that they are categorically void and unenforceable. It further requests that this Court find liability for Defendants based on their alleged interference with contract terms, allegedly agreed to by residents of California, that are categorically unenforceable.

8.  Plaintiff's T&Cs Agreement is void and unenforceable as against the public policy of the state of Florida, and has been statutorily determined to be void and unenforceable as to any customer in the state of California.

**Seventh Affirmative Defense**
**First-To-File Rule**

1.   Defendants filed an action in the U.S. District Court for the Southern District of New York, Case 1:14-cv-06396-LGS on August 12, 2014 (the "SDNY Case") for declaratory relief against Plaintiff.  This action was filed prior to either Plaintiff's original action in state court or its removal to this Court.

2.   In the SDNY Case, Defendants requested declaratory relief establishing, among other things, that Defendants' conduct did not constitute false or misleading advertising, and that Defendant was immune from liability for statements posted on its website by users under 47 U.S.C. § 230.  (*See* SDNY Case Complaint, attached as Exhibit G).

3.   As the requests for declaratory relief sought by Defendants in the SDNY Case involve essentially the same claims as those brought by Plaintiff here, the SDNY Case has priority over this litigation under the "first-to-file" rule.

**Eighth Affirmative Defense**
**Failure To State a Claim**

1.   Plaintiff has failed to sufficiently plead the elements of a cause of action for violation of the Florida Deceptive and Unfair Trade Practices Act as to any Defendant.

2.   Plaintiff has failed to sufficiently plead the elements of a cause of action for tortious interference with a contractual relationship as to any Defendant.

3.   Plaintiff has failed to sufficiently plead the elements of a cause of action for tortious interference with a prospective relationship as to any Defendant.

4.   Plaintiff has failed to sufficiently plead the elements of a cause of action for defamation as to any Defendant.

**Demand For Jury Trial**

Defendants demand trial by jury on all issues so triable.

Dated: September 11, 2014          Respectfully submitted,
                                   /s/ Marc J. Randazza
                                   Marc J. Randazza
                                   Florida Bar No. 625566
                                   Randazza Legal Group
                                   3625 S. Town Center Drive Ste 150
                                   Las Vegas, NV 89135
                                   Telephone: (702) 420-2001
                                   Facsimile:  (702) 420-2003
                                   ecf@randazza.com
                                   Trial Counsel for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Defendants'

Answer and Affirmative Defenses To Plaintiff's Complaint was electronically filed on 11

September, 2014, with the Clerk of the Court, via the CM/ECF system, and delivered for

service by U.S. Mail to the following:

Paul Berger
P.O. Box 7898
Delray Beach, Florida 33482-7898
legal5@rocalabs.com

Nicole Freedlander
P.O. Box 402653
Miami Beach, Florida 33140
nicole@freedlanderlaw.com

Tiffany Fuller
Employee, Randazza Legal Group