## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ROCA LABS, INC.,                                     Case No: 8:14-cv-2096-T-33EAJ

         Plaintiff,

    v.

CONSUMER OPINION CORP. and
OPINION CORP.,

         Defendants.
_____/

## DEFENDANTS' MOTION FOR LEAVE TO FILE OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF A TEMPORARY INJUNCTION IN EXCESS OF 20 PAGES

DEFENDANTS, CONSUMER OPINION CORP. and OPINION CORP., hereby file their Motion For Leave to File Opposition To Plaintiff's Motion For Entry Of a Temporary Injunction In Excess Of 20 Pages, and as grounds therefore, Defendants state:

1. On or about August 21, 2014, Defendants were served with a copy of Plaintiff's Motion For Entry Of a Temporary Injunction ("Plaintiff's Motion"), filed in the Circuit Court of the 12th Judicial Circuit, in and for Sarasota County, Florida as part of Case No. 2014 CA 004769 NC.

2. Under the Local Rules of this Court, the page limit for a response to a motion is normally 20 pages. LR 3.01(b). A party may, however, request leave to file a response to a motion in excess of 20 pages. LR 3.01(d).

3. Plaintiff's Motion raises several complex issues of fact and law. The motion is facially based on theories of liability for tortious interference with business relationships and violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). Though the motion does not discuss Plaintiff's claim for defamation, Plaintiff's remaining legal theories are heavily predicated on the allegedly defamatory nature of the statements at issue in Plaintiff's Complaint. Thus, to adequately respond to Plaintiff's Motion, Defendants must address not only the legal theories explicitly argued in Plaintiff's Motion, but also Plaintiff's underlying theory regarding defamation. This requires Defendants to provide significant additional legal discussion, as well as discussion of facts pertinent to establishing the truth of the allegedly defamatory statements at issue.

4. The length of Plaintiff's Motion is substantial. It weighs in at eighteen pages, but with formatting that is not consistent with this Court's Local Rule 1.05. If the motion were to be converted to proper formatting, it would likely exceed the 25-page limit for motions under Local Rule 3.01(a). While Plaintiff was under no obligation to file a state court motion in accordance with the formatting requirements of this Court, this shows that substantial discussion is needed to properly respond to Plaintiff's Motion.

5. To adequately respond to the complexity of the legal issues raised in Plaintiff's Motion while remaining in compliance with this Court's Local Rules, Defendants require more than 20 pages for their response.

6. The Court's grant of this requested relief would not prejudice any party to this litigation.

7. Pursuant to Local Rule 3.01(g), undersigned counsel for Defendants hereby certifies that he attempted to confer with Plaintiff's counsel, Paul Berger, Esq., regarding the requested

relief in this motion on September 16, 2014. Plaintiff's counsel was unavailable for a conference, however. Plaintiff's counsel may respond to Defendants' counsel's attempt to confer after the filing of this motion. If this occurs, Defendants will file a notice to this Court regarding whether Plaintiff's counsel has agreed to Defendants' requested relief.

Accordingly, Defendants respectfully request that this Court grant Defendants' requested relief and permit them to file a response to Plaintiff's Motion For Entry of a Temporary Injunction in excess of 20 pages. Defendants expect that their response will be approximately 23 pages in length, but request that this Court allow them to file a response not in excess of 26 pages.

Dated: September 16, 2014                    Respectfully submitted,


                                             *s/ Marc J. Randazza*
                                             Marc J. Randazza
                                             Florida Bar No. 625566
                                             3625 S. Town Center Drive Ste. 150
                                             Las Vegas, NV 89135
                                             Telephone: (702) 420-2001
                                             Facsimile: (702) 420-2003
                                             ecf@randazza.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 16, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that a true and correct copy of the foregoing document is being served upon: Paul Berger, Esq. and Nicole Freedlander, Esq., counsel for Plaintiff, via transmission of Notices of Electronic Filing generated by CM/ECF and mailed via United States Postal Service to the following addresses:

Paul Berger
P.O. Box 7898
Delray Beach, Florida 33482-7898
Legal5@rocalabs.com

Nicole Freedlander
P.O. Box 402653
Miami Beach, Florida 33140
Nicole@freedlanderlaw.com

_____
Alex Shepard
Employee, Randazza Legal Group