UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROCA LABS, INC.,

    Plaintiff,

v.                              Case No. 8:14-cv-2096-T-33EAJ

CONSUMER OPINION CORP., and
OPINION CORP.,

    Defendants.
_____/

**ORDER**

    This matter comes before the Court pursuant to Defendants' Motion for an Emergency Temporary Restraining Order and for an Order to Show Cause as to Why Roca Labs Should Not be Sanctioned for Witness Intimidation (Doc. # 15), which was filed on September 22, 2014. For the reasons that follow, the Court denies the Motion without prejudice.

**Discussion**

    Although the Court declines to enter a temporary restraining order at this juncture, the Court advises both parties that they are expected to adhere to the prohibitions against witness tampering set forth in 18 U.S.C. § 1512, which prohibits knowingly using intimidation or threats "to influence, delay, or prevent the testimony of any person in an official proceeding" or attempting to do so. 18 U.S.C. §

1

1512(b)(1). This conduct includes actions that "intentionally harasses another person and thereby hinders, delays, prevents, or dissuades any person from attending or testifying in an official proceeding" or any attempts to do so. See 18 U.S.C. § 1512(d)(1).

18 U.S.C. § 1512 "was written broadly to encompass non-coercive efforts to tamper with a witness." United States v. Amato, 86 F. App'x 447, 450 (2d Cir. 2004). However, the Court notes that threats of litigation cannot be the basis for witness tampering. G-I Holdings, Inc. v. Baron & Budd, 179 F. Supp. 2d 233, 266 (S.D.N.Y. 2001) (citing Philadelphia Reserve Supply Co. v. Nowalk & Assocs, Inc., No. 91-0499, 1992 WL 210590 (E.D. Pa. Aug. 25, 1992)). The court in G-I Holdings further noted that "[o]ther courts have also rejected claims that threats of future litigation, or the initiation of actual litigation, constitutes witness tampering." 179 F. Supp. 2d at 266.

The Court finds that Defendants have failed to make a sufficient showing of a violation under 18 U.S.C. § 1512. Accordingly, Defendants' Motion is denied without prejudice. If Defendants would like to pursue a temporary restraining order, Defendants are granted leave until and including September 26, 2014, to re-file the Motion which adequately

demonstrates that witness tampering on behalf of Plaintiff did in fact occur. If Defendants re-file the Motion, Plaintiff shall then file a response to thereto by October 2, 2014.

The Court notes that Plaintiff filed a Verified Motion for Entry of a Temporary Injunction and Supporting Memorandum of Law on August 26, 2014. (Doc. # 5). Plaintiff's Motion was referred to Magistrate Judge Elizabeth A. Jenkins and is set for a hearing on October 8, 2014, at 10:00 A.M. (Doc. # 10). Plaintiff's Motion and the present Motion both concern issues related to Plaintiff's consumer agreement. Any further pleadings regarding the entry of a Temporary Restraining Order are to be considered at the scheduled hearing.

Furthermore, at this time, the Court declines Defendants' request to impose sanctions upon Plaintiff for the alleged witness tampering; namely because Defendants have not demonstrated that witness tampering occurred. The Court reminds the parties that it will not hesitate to impose sanctions on *any* party that engages in witness tampering, in violation of 18 U.S.C. § 1512.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants' Motion for an Emergency Temporary Restraining Order and for an Order to Show Cause as to Why Roca Labs

3

Should Not be Sanctioned for Witness Intimidation (Doc. # 15) is **DENIED without prejudice** consistent with the terms outlined above.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 23rd day of September, 2014.

*[Signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:  All Counsel and Parties of Record

4