**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ROCA LABS, INC.,                                    Case No:  8:14-cv-2096-T-33EAJ

      Plaintiff,

v.

CONSUMER OPINION CORP. and
OPINION CORP.,

      Defendants.

_____/

## OPPOSITION TO MOTION TO SHORTEN TIME

     DEFENDANTS, OPINION CORP & CONSUMER OPINION CORP., hereby

oppose Plaintiff's Motion to Shorten Time (ECF 22).

**I.      Introduction**

     Defendants filed a motion seeking a restraining order to put an end to Roca's acts of

witness tampering and intimidation. ECF 19. The Court has construed ECF 19 as a motion for a

protective order, and has ordered Roca to respond.  ECF 24.  Roca moved to shorten the 21-day

time period required under Fed. R. Civ. P. 11(c)(2) in order to seek sanctions against Defendants

for bringing their motion for a protective order.  ECF 22.  The motion violates the local rules,

and even if it did not, would be futile.

     //

     //

     //

## II.      The Motion Does Not Comply With the Local Rules

### A.      The Motion Fails to Comply With Local Rule 3.01(a)

Local Rule 3.01(a) requires a memorandum of legal authority in support of the requested relief.  Roca provided no such memorandum, and cited no authority at all for its requested relief. "The Judges of the Middle District have required, for many years now, each motion or application include 'a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request.'" *Kaplan v. Kaplan*, 2012 U.S. Dist. LEXIS 66114 (M.D. Fla. May 11, 2012).  Failure to comply with this rule is a ground to deny the motion. See *Bradley v. Lorillard Tobacco Co.*, 2014 U.S. Dist. LEXIS 112115 (M.D. Fla. Aug. 13, 2014) (denying *pro se* litigant's motion for failure to comply with L.R. 3.01(a) as well as 3.01(g)); *Washington v. Sch. Bd.*, 731 F. Supp. 2d 1309, 1323 (M.D. Fla. 2010) (Court striking motion *sua sponte* in part because of L.R. 3.01(a) violation).

### B.      The Motion Fails to Comply With Local Rule 3.01(g)

Local Rule 3.01(g) requires the parties to meet and confer prior to filing most motions. Roca's motion is one of the types that require compliance.  The purpose of Local Rule 3.01(g) "is to require the parties to communicate and resolve certain types of disputes without court intervention." *Desai v. Tire Kingdom, Inc.*, 944 F. Supp. 876 (M.D. Fla. 1996).  See also, *Bradley* (also denying *pro se* motion for failure to comply with 3.01(g) in addition to violating 3.01(a)).

## III.     Even if the Motion Complied With the Local Rules, it Would be Futile

The Motion seeks to shorten the 21-day time period required under Fed. R. Civ. P. 11(c)(2).  Roca wishes to seek sanctions against the Defendants for moving this Court to shield defense witnesses from Roca's harassment and intimidation.  Whether the Rule 11 motion is

filed in three days or 21 days, it could not possibly succeed, and if this is not already obvious, it will be so by October 8.  Presumably, this is why Roca wishes to shorten the time period.

Given that a Rule 11 motion would be futile, there is no cause to shorten the time required in which to bring it.  The Court itself reviewed the Defendants' motion.  See ECF 21 and 24.  Presumably, if the Court found the Motion (ECF 19) to be frivolous, it would have said so.  Instead, the Court construed the Motion as a Motion for Protective Order and referred it to the Magistrate. ECF 21.  In turn, the Magistrate reviewed it and ordered the Plaintiff to file a response.  ECF 24.  Presumably, if the Defendants' motion lacked any reasonable support as to warrant Rule 11 sanctions, one of the learned jurists who reviewed it would have remarked as such.  This is not to say that ECF 21 and ECF 24 make the Defendants' Motion's success something to take for granted.  However, if the Defendants' motion warrants referral to the Magistrate and not an instant denial, and the Magistrate has deemed it worthy an Order for a response, it is (at the very least) not *frivolous*.  Under these facts, it would appear that this Rule 11 motion would be itself a violation of Rule 11.  Rather than waste the Court's time with a Rule 11 motion filed on account of a Rule 11 motion, on a three-day briefing schedule, the Defendants suggest that the Court should deny the Plaintiff's motion to shorten time.  Should the Court grant the Defendants' motion for a protective order, we will have a conclusive determination that it was not frivolous.  Should the Court *not* grant it, perhaps the Court will opine on whether it was a frivolous endeavor.  Again, obviating the need for additional motion practice.  Finally, should the motion fail, there seems to be no reason why the Plaintiff could not move for sanctions *after* it fails, without the aid of Fed. R. Civ. P. 11 and its 21-day handcuffs.  A federal court has the inherent power to sanction bad faith misconduct, even if it could otherwise have been sanctioned under a rule.  *Footman v. Wang Tat Cheung*, 341 F. Supp. 2d 1218, 1223 (M.D. Fla.

2004).  However, when a rule is available, the court should take advantage of the rule, in lieu of its inherent powers.  *Id.*

Nevertheless, this is all academic.  The purpose of the Motion to Shorten Time is transparent.  There is the old saying, "if you can't pound on the law or the facts, pound on the table."  The Plaintiff has brought us little more than table-pounding in this case.

The Plaintiff first tried to bully the Defendants by threatening frivolous litigation under the theory of *it will cost you less to do what we say than to defend yourselves*.[1]  Finding its bullying tactics unsuccessful, Roca filed an unsupportable complaint, along with it, an unsupportable motion for injunctive relief.  Thereafter, Roca began trying to intimidate witnesses.  Then, Roca got even more desperate – submitting an affidavit (ECF 20) that contained demonstrable perjury – that the actor Alfonso Ribeiro ("Carlton" from "The Fresh Prince of Bel Air" and current "Dancing with the Stars" contestant) endorsed the Roca product.  ECF 20 at ¶22.  See Exhibit A, a demand letter from Ribeiro's attorneys attesting to the perjurious nature of Roca's claims that their client approved any such statement.  The desperation continued with Roca threatening *personal* claims against the Defendants' attorney for statements made in the course of litigation.  See Exhibit B.  And now we come to the inevitable result in bad faith litigation of this type – the pound-on-the-table threat of sanctions.  But, this threat is hollow.  The only purpose of it is to unnecessarily multiply the proceedings and to try and continue Roca's desire to intimidate rather than litigate.  The motion should be denied, as the events of October 8 will prove any Rule 11 motion to be a moot point.

//

---

[1] This is a paraphrasing of Roca's "Outside General Counsel's" position, but not a direct quote.

**IV.     Conclusion**

For the aforementioned reasons, the Motion should be denied.

Respectfully Submitted,

*Marc J. Randazza*

_____
Marc J. Randazza, Esq.
Florida Bar No. 625566
RANDAZZA LEGAL GROUP
3625 S. Town Center Drive
Las Vegas, Nevada 89135
Tele:  702-420-2001
Fax: 305-437-7662
Email: ecf@randazza.com

CASE NO.: 8:14-cv-2096-T-33EAJ

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 1, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

_T. Waan_
An employee / agent of
RANDAZZA LEGAL GROUP

RANDAZZA | LEGAL GROUP