UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROCA LABS, INC.,

    Plaintiff,

Case No: 8:14-cv-2096-T-33EAJ

Vs.

CONSUMER OPINION CORP. and
OPINION CORP. d/b/a
PISSEDCONSUMER.COM

    Defendants.
_____/

**PLAINTIFF'S ROCA LABS, INC. RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO CONSUMER OPINION CORP. AND OPINION CORP. D/B/A PISSEDCONSUMER.COM MOTION FOR A TEMPORARY RESTRAINING ORDER**

COME NOW Plaintiff Roca Labs, LLC ("Roca") and hereby files this Response and Memorandum of Law in Opposition to Defendant's Motion for a Temporary Restraining Order (the "Motion"):

**BACKGROUND**

On September 22, 2014, The Court denied without prejudice Defendant's Emergency Motion for a Temporary Restraining Order finding that "Defendants failed to make a sufficient showing of a violation under 18 U.S.C. § 1512." (ECF No. 17). In denying Defendants' Motion, the Court specifically stated that "threats of litigation cannot be the basis for witness tampering." On September 26, 2014, Defendants renewed their Motion for a Temporary Restraining Order (the "Motion") alleging that it is based on "new facts and additional authority." (ECF No. 19). However, Defendant's renewed

Motion for a Temporary Restraining Order is without merit and should be denied because (1) the new evidence produced by Defendants reflects nothing more than threats of litigation, and (2) the "new authority" cited by Defendants is inapplicable to this case.

## MEMORANDUM OF LAW

### A. Defendants New Evidence Contains Nothing More than Threats of Litigation

As the Court previously noted, under 18 U.S.C. § 1512, "threats of litigation cannot be the basis for witness tampering." (ECF No. 17) *citing G-I Holdings, Inc. v. Baron & Budd*, 179 F. Supp. 2d 233, 266 (S.D.N.Y. 2001). The Court also correctly found that other courts "rejected claims that threats of future litigation, or the initiation of actual litigation, constitute witness tampering." *See, e.g., Aamco Transmissions, Inc. v. Marino*, Civ. A. Nos. 88–5522, 88–6197, 1990 WL 106760 (E.D.Pa.1990) (holding that alleged threats intended to induce third parties to sue a RICO plaintiff do not support a violation of 18 U.S.C. § 1512); *Heffernan v. Hunter*, No. Civ. A. 97–6041, 1998 WL 150953 (E.D.Pa. March 26, 1998) (holding that 42 U.S.C. § 1985(c), a statute which prohibits conspiracies to deter a witness from attending court or testify freely in any pending matter, is not violated by the filing of litigation, because such litigation is not "force, intimidation or threat," and to hold otherwise would chill the right of private parties to petition the government).

In support of their motion, Defendants attached three declarations of former customers of Plaintiff. (ECF No. 19-3; 19-4; 19-5). In each declaration, the former customer does nothing more than complain that Plaintiff threatened litigation. The Declarations state in pertinent part:

> I am afraid that Roca will follow through on their threat of litigation. *See* Declaration of Jennifer Schaive (ECF No. 19-3).
>
> I am appalled that participation in civil litigation could open me up to a lawsuit." *See* Declaration of Margaret Walsh, Walsh (ECF No. 19-4).
>
> Roca is now threatening to sue me because I chose to make a statement about it in this case, and they are trying to threaten me so that I do not testify against them. *See* Declaration of Tameka Anderson (ECF No. 19-5).

The Declarations submitted to the court allege nothing more than "threats of litigation." As explained in *G-I Holdings, Inc. v. Baron & Budd*, threats of litigation do not constitute witness tampering pursuant to 18 U.S.C. § 1815. Defendants fail to cite any authority for the proposition that threats of litigation run afoul of 18 U.S.C. § 1512. As such, Defendants' Motion should be denied on this basis alone.

### B. The "Additional Authority" Cited By Defendants is Inapplicable

In renewing the Motion, Defendants alleged that "additional authority (has) come to light." (ECF No. 19). Specifically, Defendants erroneously rely upon *United States v. Tison*, 780 F. 2d 1569 (11th Cir. 1986) for support of their position that threats of litigation equate to witness tampering. In *Tison,* the 11th Circuit evaluated questions relating entirely to 18 U.S.C. 1514(b)(1) which provides:

> A United States district court, upon motion of the <u>attorney for the Government</u>, shall issue a protective order prohibiting harassment of a victim or witness <u>in a Federal criminal case</u> if the court, after a hearing, finds by a <u>preponderance of the evidence</u> that harassment of an identified victim or witness in a Federal criminal case exists... (emphasis added)

While the *Tison* court mentions 18 U.S.C. § 1512, it does so only in reference to Congress' legislative intent in drafting 18 U.S.C. § 1514. The Court specifically stated:

> The legislative history is clear. Congress intended the criminal provisions, accompanied by the civil protective provision, to reach the threat of otherwise lawful conduct if such conduct was obstructive, or in the case of section 1514, harassing. A strong indicator of Congress' determination to strengthen existing legal protections for victims and witnesses of federal crimes can be found in its discussion of the residual clause of section 1512.

*Tison*, 780 F. 2d at 1572. Moreover, the 11th Circuit made it clear that its entire legal analysis in that case was based on 18 U.S.C. 18 U.S.C. § 1514 when it held that "[t]he district court's decision meets all the statutory requirements of 18 U.S.C.A. § 1514(b), including the three-year restraint time limitation provided by § 1514(b)(4)." Id. at 1571.

There is no conceivable way that 18 U.S.C. § 1514 or the *Tison* holding applies to the facts of the instant case. First, it is undisputed that (1) Defense counsel is not an attorney for the government; (2) this is not a Federal criminal case; and (3) the court has not held a hearing on the issue of harassment. Therefore, 18 U.S.C. § 1514, the statute at issue in *Tison*, is inapplicable to the facts of this case.

Further, in *Tison*, the allegedly defamatory comments at issue in the state court case were the statements made by the witness to the government attorney and the FBI about the criminal conduct at issue in the ongoing criminal case. *See* Id. at 1570-71. The court explained in great detail that the primary purpose of 18 U.S.C. § 1514 is to prevent litigants in a criminal case from using the more "liberal discovery procedures available in a civil case." *See* Id. at 1572. None of the policy consideration underlying the *Tison* holding would apply here to a civil case where the liberal discovery is already available.

Since *United States v. Tison* is the only new law which Defendant is relying, the Motion should be denied with prejudice.

## C. Defendants Cannot Meet the Requirement for A Temporary Restraining Order

To be entitled to a temporary restraining order, Defendants must meet a four-part test. Defendants must establish: (1) a substantial likelihood of success on the merits of his claim, (2) irreparable harm absent the injunction, (3) harm from a denial of the injunction, which outweighs the harm of the Defendant from a grant of the injunction, and (4) no adverse effect to the public interest. *See Haitian Refugee Center, Inc. v. Nelson*, 872 F.2d 1555, 1561 (11th Cir.1989). Defendants have the burden of persuasion in all of the four requirements. *See SunTrust Bank v. Houghton Mifflin Co.*, 252 F.3d 1165, 1166 (11th Cir.2001). *See also McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir.1998).

### i. Defendants will not prevail on the Merits

In defense of the allegations in the Complaint, the Defendants argue that the Roca's contract is unenforceable and therefore invalid. Florida recognizes a non-party's right to sue on a contract only where that party was an intended beneficiary of the contract. See *Caretta Trucking, Inc. v. Cheoy Lee Shipyards, Ltd.*, 647 So.2d 1028, 1031–32 (Fla. 4th DCA 1994). Given the foregoing, the Defendants do not have standing to challenge the validity of the subject contract and therefore cannot demonstrate a substantial likelihood of success on the merits.

Even if Defendants have standing, non-disparagement agreements have widely been upheld in the State of Florida and are statutorily permitted. In their arguments,

Defendants primarily rely upon California and New York law, which is not relevant to a Florida contract. Defendants cite no Florida law that would make the contract invalid. Defendants have not argued that the contract violates any Florida statute or law and we believe that the contract is legally binding in Florida. Defendants have not met any burden to establish that the contract would not be found valid under Florida law.

Should the Court render a decision that Roca's agreement with its customers violates public policy it will be making new law in Florida and essentially acting as the State legislature. In *Meredith v. Winter Haven*, 320 U.S. 228 (1943) the Honorable Chief Justice Stone warned against Federal Courts in diversity jurisdiction making new State law and shaping state policy. This action was brought by Plaintiff in State Court, but Defendants chose to remove this case to Federal Court. State Court was the proper forum should Defendants want the Court to shape new policy.

### ii. There is no showing of irreparable harm

Defendants are trying to paint a picture of Roca Labs customers as "victims" and that Defendants case will be put in a compromise position and that Defendants will be put in a compromised position is Roca can enforce its contractual agreements. Roca's ability to enforce its contractual relationship with its customers has no bearing on the case before the Court. The enforcement of Roca's relationship with its customers is irrelevant to the affirmative defenses of Defendants. Defendants have no legal relationship between Roca and its customers. The status quo has been that Roca can enforce its valid contractual relationships and remain able to do so.

### iii. Roca will suffer significant harm if the Order is granted

Roca must be able to maintain its contractual relationships with its customers. Defendants are arguing that any customer of the Plaintiff is a potential witness and therefore Plaintiff must refrain from enforcing its otherwise enforceable contracts with thousands of customers. Essentially, every Roca customer could breach their agreement and Roca would be powerless to enforce its agreement. This could cripple Plaintiff if such an order were imposed.

### iv. The Public Interest is Best Served by Denying the Motion

Standing is of such public interest that it is incorporated into Article III of the U.S. Constitution. Justice is best served when only interested parties are involved in litigation. Defendants have no standing to contest the contract. Moreover, the Florida legislature has determined that non-disparagement agreements are binding in Florida. The Court should be upholding the laws of the State of Florida, not making new public policy.

### CONCLUSION

Defendants' Motion should be denied because the only new evidence provided to the Court are declarations alleging threats of litigation. Moreover, the Motion should be Denied because *Tison* and 18 U.S.C. § 1514 are completely inapposite to the facts of this case. Finally, Defendants have not demonstrated that they can meet the four prong test for a temporary injunction. For the foregoing reasons, Defendants Motion should be denied with prejudice.

Dated: October 3, 2014                                          Respectfully submitted,

/s/ W Mason
W Mason, Esq.

Florida Bar No.: 66229  
wmason@foxrothschild.com  
Fox Rothschild LLP  
Esperante Building, Suite 700  
222 Lakeview Avenue  
West Palm Beach, FL 33401  
(561) 804-4432  
(561) 835-9602 (facsimile)  
*Attorneys for Roca Labs, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of October, 2014, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

          /s/ W Mason\_  
            W Mason, Esq.