## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ROCA LABS, INC.,                                             Case No: 8:14-cv-2096-T-33EAJ

        Plaintiff,

v.

CONSUMER OPINION CORP. and
OPINION CORP.,

        Defendants.
_____/

## RESPONSE TO ORDER TO SHOW CAUSE

DEFENDANTS, OPINION CORP. & CONSUMER OPINION CORP., hereby respond to the Court's Order to Show Cause.

**I.    Introduction**

On 12 Sept. 2014, the Court issued an Order requiring a joint pre-evidentiary statement. The parties failed to do so. The Defense apologizes for its part in this deficiency, and in response to the Court's Order, ECF 32, provides the following:

**II.    Communications Between the Parties and "Counsel"**

Communications with the Plaintiffs have been difficult, to say the least. On 12 September, the undersigned sent an e-mail to then-counsel for the Plaintiff, Paul Berger, seeking to narrow the issues in the case. See Exhibit A. There was never a response. On 16 September the undersigned sought consent for a motion, and there was no response. See Exhibit B. Again, on 16 September, the undersigned sought to discuss the issues with Attorney Berger, who

declined to have a conversation. See Exhibit C. On 19 September, Attorney Young entered an appearance, so the undersigned inquired as to whether Attorney Berger remained as counsel in the case. See Exhibit D. Attorney Berger informed the undersigned that he was not admitted in this District, and upon the undersigned offering to sponsor his admission, he declined – stating that he had no use for admission. Id. On 23-24 September, the undersigned communicated with Attorney Berger regarding legal threats he was issuing against witnesses in this case, attempting to obviate the need for the Motion. See ECF 19-1. In that correspondence, Berger insisted that he could not communicate with the undersigned as an attorney. Attorney Young was included on those e-mails, but never responded not participated in the exchange. On 24 September, Berger insisted that he could not participate in this matter at all, except as a "legal secretary." See Exhibit E. Then, on 26 September, Berger decided to threaten the undersigned with a defamation suit for referring to Roca Labs' product as "snake oil" in the pleadings. ECF 26-2.

On 30 September, the undersigned initiated e-mails to Attorney Young, attempting to schedule a conference call, which finally occurred on 1 October. During that call, the attorneys did discuss the Order, but there were no agreements made. The Plaintiff's attorneys seemed to be under the impression that nothing could be agreed upon, but the undersigned requested that they not give up that possibility, and invited them to call him at any point that week, or over the weekend so that some issues could be agreed upon. The undersigned received neither a phone call nor e-mail nor text message after that point. It was the undersigned's belief that the ball was in Mr. Young's court at that point.

Then on 3 October, a new law firm made an appearance, filing a pleading that was signed only by W. Mason. This indicated that Attorney Mason was *now* the new counsel. Berger

then introduced the undersigned, via e-mail, to Attorney Mason. See Exhibit F. The undersigned immediately replied, apologizing for any confusion, and inviting further discussion. See Exhibit G. Attorney Mason never replied (and has to date never communicated with the undersigned) but Berger (who insisted previously that he could not participate in the case) then sent what he seems to have believed to be an acceptable list of stipulated "facts." See Exhibit H. The undersigned responded that, essentially, arguments of counsel are not "facts." See Exhibit I. Then, Attorney Berger's appearance was stricken in ECF 31.

As the court can see, the communications have been, to say the least, confusing. Who represents Roca is a moving target. All communications with Attorney Young and with Attorney Mason have been initiated by the Defense. Attorney Mason has never communicated with the undersigned. Attorney Berger is a lawyer when it serves his purposes and a "legal secretary" when *that* serves his purposes. Accordingly, the undersigned has done everything possible to comply, with the exception of troubling the court with a motion.

Furthermore, the Court's Order on 12 September reiterated the importance of all parties complying with Local Rule 4.06 in preparation for the hearing on the Preliminary Injunction. While Defendants have had difficulty communicating with counsel for Plaintiff, all other requirements of Local Rule 4.06 have been complied with, as best to the Defendants' abilities. Local Rule 4.06(b)(3) obliges Defendants to file and deliver on all opposing parties all opposing briefs and affidavits at least seven days before the hearing. Defendants have done so.

Based on the foregoing, Defendants have attempted to comply with all of the Court's requirements. Nevertheless, the Defendants could have done more to try to get the Plaintiffs to comply. Despite the fact that the Plaintiff placed obstacles in the way, they likely could have been removed had the Defense filed a motion with the Court, requesting that the Court

intervene. The counsel for the Defendants made the judgment call that troubling the Court with additional motion practice was not an efficient use of the Court's resources. Nevertheless, an Order is an Order, and in hindsight, filing such a motion (or at least threatening to do so) might have ensured compliance. That being said, this case has already been marred by unsupportable and unprofessional threats, and the undersigned made the judgment call that further threats would not lead to a less acrimonious resolution of the case.

### III. Conclusion

The parties did disobey the Court's order. However, this was neither the result of disrespect nor a lack of effort. The undersigned requests that the Court refrain from issuing sanctions against the Defendants, as the Defense did engage in extreme efforts to comply, and to the extent that the defense held back in those efforts, it was out of a desire to reduce the acrimony between the parties, which has already reached a less-than-professional level.

Respectfully Submitted,

*Marc J. Randazza*
_____
Marc J. Randazza, Esq.
Florida Bar No. 625566
RANDAZZA LEGAL GROUP
3625 S. Town Center Drive
Las Vegas, Nevada 89135
Tele: 702-420-2001
Fax: 305-437-7662
Email: ecf@randazza.com

CASE NO.: 8:14-cv-2096-T-33EAJ

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on October 7, 2014 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a true and correct copy of the foregoing document is being served upon: W. Mason, Esq., counsel for Plaintiff, via transmission of Notices of Electronic Filing generated by CM/ECF.

W. Mason, Esq.
wmason@foxrothschild.com
Fox Rothschild LLP
Esperante Building, Suite 700
222 Lakeview Avenue
West Palm Beach, FL 33401
(561) 804-4432
Attorneys for Roca Labs, Inc.

                                              /T. Waan/
                                  An employee / agent of
                                  RANDAZZA LEGAL GROUP

RANDAZZA | LEGAL GROUP