IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

ROCA LABS, INC.,                                   Case No.: 8:14-cv-2096-T-33EAJ

     Plaintiff,

     v.

CONSUMER OPINION CORP. and

OPINION CORP., d/b/a

PISSEDCONSUMER.COM,

     Defendants.

_____/

### PLAINTIFF'S MOTION TO MODIFY CASE MANAGEMENT
### AND SCHEDULING ORDER, AND TO EXTEND BY 25 DAYS
### THE RIGHT TO AD PARTIES OR TO AMEND PLEADINGS

NOW COMES the Plaintiff, Roca Labs, Inc., ("Roca Labs") in the above styled-cause, by

and through its newly retained counsel and files this its first motion to modify the case

management and scheduling order to extend by twenty (25) days until February 14, 2015, the

right to add parties and or to amend pleadings, leaving in place all other current time frames set

out in the case management report and, states the following:

    1. On November 5, 2014, the Court entered its Case Management and Scheduling Order

[Dkt. # 49], which established the following deadlines for this case:

        a. Motions to ad parties or to amend pleadings by January 20, 2015

        b.  Disclosure of expert reports by March 2, 2015

c.  Discovery to be completed by June 15, 2015;

d. Mediation to be completed by June 22, 2015;

c. Dispositive motions to be filed on or before July 7, 2015;

d. Joint Final Pretrial Statement due October 26, 2015;

e. Final pretrial conference on November 12, 2015;

f. Trial term begins on December 7, 2015.

2.   On November 16, 2014, the Defendants filed a motion for summary judgment [Dkt. # 57] to which the Plaintiff responded on December 12, 2014[Dkt. # 68].  Defendants then filed a reply on December 19, 2014 to the Plaintiff's response in opposition [Dkt. 74]. As of this date Defendants' motion for summary Judgment  remains pending.

3.   On January 14, 2015, just six days before the closing date to amend pleadings in the instant matter the Defendants filed a new lawsuit in the Southern District Court of Florida against the Plaintiff,  Case No.: 9:15-cv-80051-WJZ  (herein " S.D. Fla. Complaint") seeking in pertinent part damages and a declaratory judgment that Defendants have not defamed the Plaintiff.  (S.D. Fla. Complaint ¶11 ) (See S.D. Fla. Complaint attached herein as "**Plaintiff's Exhibit "A"**).

4.   The Defendants in filing the S.D. Fla. Complaint appear to be an attempting to engage in multi-district litigation stemming from material legal and factual issues attendant to the instant case in which the Defendants want not one but two bites of the same apple.

5.   The Defendants in the S.D. Fla. Complaint allege as their basis for venue is that they received a take down notice concerning defamation from the Plaintiff's lead attorney in the instant case, namely, Paul Berger, from his office in Delray Beach, Florida, despite the fact that

the proper venue of the Plaintiff is the Middle District of Florida.  (S.D. Fla. Complaint ¶9 ).

6.   The Plaintiff engaged the services of the undersigned attorney on January 15, 2015, as new lead counsel in the instant matter due in principal part to allegations directed by the Defendants at attorney Berger concerning the subject take down notice and other spurious and unfounded allegations. (S.D. Fla. Complaint ¶89 ).

7.   Although, the Plaintiff has not prior to this motion sought any continuance and is not seeking a continuance of the trial and or other case management deadlines, nonetheless in filing this motion the undersigned is mindful of the fact that continuances are generally disfavored by this Court, in accordance with Local Rule 3.09.

8.   Nevertheless, having just been retained the undersigned has reviewed the pleadings in the instant matter and makes a good faith assertion based on the facts and legal issues presented that the Plaintiff has a bona fide claim deserving of the additional time necessary in which to frame and clarify the pleadings accordingly.

9.   Given the dispositive arguments raised in Defendants' motion for summary judgment and the compulsory relationship and nature of the claims the Defendant has alluded to in the S.D. Fla. Complaint requires the opportunity to further engage in  meaningful discovery.

10.   The requested additional time is not for any purpose of delay, and is made in good faith and the undersigned will diligently pursue this matter.

11.   Neither party will be prejudiced by the granting of the relief sough herein.

12.   On the other hand, Plaintiff will be significantly and unfairly prejudiced should this motion be denied, in that it will have been denied any meaningful right to conduct discovery by virtue of the fact that the Defendants will still be permitted through July 7, 2015 to file any

dispositive motions.

13. Lastly, the Defendants having filed a separate lawsuit concerning the same parties, relevant witnesses and evidentiary matters in the Southern District of Florida dispels any notation of urgency but rather unjustly creates an attempt to sidestep compliance with compulsory claims and or proper venue for redress and fundamentally unfair and highly prejudicial to the Plaintiff.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 16 grants district courts the power to police their dockets, including the imposition of deadlines. *Mingo v. Sugar Cane Growers Co-Op of Florida*, 864 F.2d 101, 102 (11th Cir. 1989).

The Court may take judicial notice of the eleventh hour complaint filed by the Defendants in the Southern District of Florida pursuant to Federal Rule of Evidence 201( **Plaintiff's Exhibit "A"**)

The Defendants filing for a second bite seems relevant to the 28 U.S.C. § 1407

§ 1407.(a)  Multidistrict litigation in pertinent part states:

(a) When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions. Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated: Provided, however, That the panel may separate any claim, cross-claim, counter-claim, or third-party claim and remand any of such claims before the remainder of the action is remanded.

In the case of *In re IKO Roofing Shingle Prods. Liab. Litig.* (7th Cir., 2014)the Court in

citing the U. S. Supreme Court in *Lexecon v. Milberg Weiss Bershad Hynes & Lerach*, 118 S.Ct.

956, 523 U.S. 26, 140 L.Ed.2d 62 (1998) stated that:

> "Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated". That sentence prevents transferee courts from seizing control for all purposes, including trial, of litigation that is supposed to be in their charge only for pretrial coordination. The Court analogized this provision to the venue rules in 28 U.S.C. §1391 and observed that it, like other venue rules, gives plaintiffs a right to proceed in their chosen forum."

Id. at  523 U.S. at 41-42, 140 L.Ed.2d 62 (citation omitted.)

Plaintiff's Motion clearly sets forth a good faith basis for granting this enlargement.

Plaintiff is not engaging in any type of delay tactic that would warrant denial of this

Motion.

Plaintiff respectfully requests that the Court exercise its discretion and permit the

requested extension of time for the good cause stated herein.

**WHEREFORE,** Plaintiff, Roca Labs respectfully requests that this Court grant this

motion and modify the Case Management Order so that the parties have at twenty five (25 days ,

or until February 14, 2015 , within which to add parties and or to amend pleadings.

## LOCAL RULE 3.01 CERTIFICATION

Counsel has attempted prior to filing this motion pursuant to Local Rule 3.01(g) to confer

with counsel for the Defendant, to wit:  On January 15, 2015 the undersigned called counsel for

the Defendants law office at 3:27 p.m. (defense counsel time) at which time after ringing several

times the call went to defense counsel's voice mail.  Defense counsel had received via CM/ECF

system the undersigned's notice of appearance in the instant matter.

On the afternoon of January 16, 2015 the undersigned again called defense counsel's office having not heard back from defense counsel. At 2:33 p.m. (defense counsel time) a female identifying herself merely as Theresa answered defense counsel's phone. She stated that she was an attorney who worked with defense counsel Marc Randazza and was familiar with the instant case. The undersigned requested to speak with Mr. Randazza whereupon his attorney assistant stated that Mr. Randazza was driving back to their office. The undersigned explained that he needed to speak with Mr. Randazza to determine if he would oppose the requested additional time to amend the pleadings. The assistant attorney stated that she would notify Mr. Randazza and further stated she would have him call the undersigned. She stated that Mr. Randazza was driving back to their office. Lastly, she assured the undersigned that she would have him return my calls if he had any opposition to the requested time.

At the time of filing this motion the undersigned has yet to here back from Mr. Randazza and or anyone in his office. Since neither Mr. Randazzaa or anyone from his office has returned the undersigned's call to advise of an objection to the requested additional time to file a First Amended Complaint the undersigned has been accordingly unable to do so.

Respectfully submitted,

/s/ James Roscoe Tanner
James Roscoe Tanner, Esquire
Florida Bar No.: 0637246
AskALaw, LLC
tannerattorney@gmail.com
callmyattorney@aol.com
askalawtampa@gmail.com
Post Office Box 260156
Tampa, Florida 33685
(813) 322-3565
Attorneys for Roca Labs, Inc.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a copy of the foregoing was e-filed with the Clerk of Court

via CM/ECF system, which will send an electronic copy of the same to all counsel of record that

are registered with the Court's CM/ECF system this 19th day of January 2015.

/s/ <u>James Roscoe Tanner</u>
James Roscoe Tanner, Esquire

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Opinion Corp. and
Consumer Opinion Corp.,

Case No:

Plaintiffs,

v.

Roca Labs, Inc.,

Defendant.                                              /

**COMPLAINT FOR VIOLATION OF
17 U.S.C. §512(F) AND FOR
DECLARATORY RELIEF**

_____

## INTRODUCTION

1.     Plaintiffs bring this action against Defendant for a violation of 17 U.S.C. §512(f) and for a declaratory judgment that neither of them have defamed Roca Labs, Inc. (Roca), which has made a clear and imminent threat of a lawsuit for defamation.

## PARTIES, JURISDICTION, AND VENUE

2.     Plaintiff Opinion Corp. is a New York corporation whose offices are located in the City of New York and operator of the website pissedconsumer.com.

3.     Plaintiff Consumer Opinion Corp. is a New York corporation whose offices are located in the City of New York and which owns the trademarks PISSED CONSUMER and PISSEDCONSUMER.COM.

4.     Plaintiff Consumer Opinion Corp. licenses the trademarks PISSED CONSUMER and PISSEDCONSUMER.COM to Opinion Corp. for use on the website pissedconsumer.com.

*ExHiBiT "A"*

5.      Consumer Opinion Corp. does not maintain a website and has no control over Opinion Corp.'s operations.

6.      Defendant Roca Labs is a Florida corporation.

7.      Plaintiffs are informed and believe and based thereon allege that at all times relevant to the dispute referenced in this Complaint, Defendant Roca Labs was and is doing business in the State of Florida.

8.      Florida is therefore the appropriate jurisdiction in which to bring this action.

9.      Plaintiffs are informed and believe and based thereon allege that from a location in Delray Beach, Florida, Defendant willfully transmitted a Fla. Stat. §770.01 defamation notice to Plaintiff citing Florida law, with the intent of bringing legal action in this state.

10.     For this reason, the Southern District of Florida is the proper venue for the resolution of this dispute.

## GENERAL ALLEGATIONS

11.     This is a civil action seeking damages for misrepresentation of copyright claims under the Digital Millennium Copyright Act ("*DMCA*"), and a declaratory judgment that Plaintiffs have not defamed Defendant.

12.     On 29 October 2014 Defendant transmitted a DMCA takedown notice to Opinion Corp. regarding certain material lawfully found on the pissedconsumer.com website.

13.     Defendant's conduct interfered with Opinion Corp.'s business and gave Opinion Corp. credible concern, especially considering Defendant's well-publicized history as a highly-litigious party, that if it continued to operate its website in the lawful manner in which it was but without complying with Defendant's demand, Roca Labs would file a specious copyright infringement case against Opinion Corp.

RANDAZZA | LEGAL GROUP

14.    On 13 January 2015, Defendant sent an e-mail to Plaintiffs, purporting to be a statement made in compliance with Florida Statute §770, accusing Plaintiffs of making defamatory statements.  See Exhibit 1.

15.     In the email attached as Exhibit 1, Defendant accused Plaintiffs of making the following statement about Defendant Roca Labs: "Specifically, statistics shown on the website include that there have been 52 complaints, $110k in claimed losses, $2.1k average loss, and 0 resolved."

16.    Defendant also accused Plaintiffs of making the following statement about Defendant Roca Labs: "Roca Labs, through its chief attorney, Paul Berger, believes it can silence you through fear and intimidation directed at Pissed Consumer" and "Roca Labs first sued us."

17.    Defendant demanded an immediate retraction of these statements.

18.    Based on the foregoing, Opinion Corp. seeks a resolution from this Court concerning its rights under Florida's law of defamation and the First Amendment in order to avoid censoring itself and depriving itself of the ability to seek funding from customers and supporters to aid in its litigation efforts against Roca Labs in order, ironically, to avoid an imminent defamation claim, albeit one of questionable merit, by the same party, i.e., Defendant Roca Labs.

19.    Plaintiff Opinion Corp. contends that the statement, "Specifically, statistics shown on the website include that there have been 52 complaints, $110k in claimed losses, $2.1k average loss, and 0 resolved," is an empirical compilation of factual information not amenable to a claim of defamation.

20.     Plaintiff Opinion Corp. bases this defense on the grounds that these statements are true or substantially true, both of which are absolute defenses to defamation.

21.    Plaintiff Opinion Corp. contends that the other statement made on the pissedconsumer.com website, "Roca Labs, through its chief attorney, Paul

Berger, believes it can silence you through fear and intimidation directed at Pissed Consumer" and "Roca Labs first sued us," are, respectively, opinion or truthful statements of fact that are cannot be defamatory.

22. Defendant is a public figure.

23. Roca Labs has thereby thrust itself into the public eye, as a result of which its legal burden of demonstrating actionable defamation is substantially greater.

24. Defendant, therefore, could never prove by clear and convincing evidence that Plaintiff Opinion Corp. made any of the statements with actual malice, as required given Defendant's status as a public figure.

25. While it owns the above-referenced trademarks and licenses them to Opinion Corp., Consumer Opinion Corp. does not own or operate pissedconsumer.com, has no editorial or other operational involvement with pissedconsumer.com, and did not make, publish, or approve the statements alleged by Defendant.

26. Defendant thus cannot prove by any standard, much less clear and convincing evidence, that Plaintiff Consumer Opinion Corp. made any statements at all.

27. Nonetheless, Plaintiff Consumer Opinion Corp. adopts the same position regarding the foregoing defenses asserted by Plaintiff Opinion Corp.

28. Plaintiffs' concerns of an imminent action being filed by Defendant Roca Labs are highly credible because Defendant has previously filed suit against Opinion Corp. and Consumer Opinion Corp. based on third party consumer reviews posted to Opinion Corp.'s website.

29. Defendant Roca Labs has also filed suit against a number of individual consumers for using Opinion Corp.'s website to state their opinion of Roca Labs' product, company, and customer service.

30. In fact, Roca Labs regularly files unfounded lawsuits in order to try to silence anyone who criticizes its business. For example, in the past year alone, Roca Labs filed the following known SLAPP suits:

    a. *Roca Labs, Inc. v. Schaive et al.*, Broward County, Florida (Case No.: CACE 14-020786)

    b. *Roca Labs, Inc. v. Does 1-11*, Broward County, Florida (Case No.: CACE 14-021978)

    c. *Roca Labs Inc. v. Lina Scibelli*, Miami-Dade County, Florida (Case No: 14-CA-025302)

    d. *Roca Labs Inc. v. Marc Randazza*, Hillsborough County, Florida (Case No.: 14-CA-011251)

    e. *Roca Labs Inc. v. Tracy Coenen*, Hillsborough County, Florida (Case No.: 14-CA-011549)

    f. *Roca Labs, Inc. v. Consumer Opinion Corp. and Opinion Corp.*, Sarasota County, Florida (Case No.: 14-CA-004769)

    g. *Roca Labs Inc. v. Alice King*, Sarasota County, Florida (Case No.: 14-CA-005489)

31. As set forth above, there is a real and actual controversy between Plaintiffs Opinion Corp. and Consumer Opinion Corp. and Defendant Roca Labs.

32. The existence of a real and actual controversy between Plaintiffs and the Defendant is in no way mitigated by the lack of merit to Defendant's legal position. While Defendant's §770 Notice is facially frivolous, Roca Labs has a demonstrated history of utilizing litigation to intimidate critics including -- indeed, especially -- its own former customers.

33. For these reasons, Plaintiff Opinion Corp. requires a declaratory judgment from this Court, adjudicating its rights to continue publishing this truthful

information, and its right to continue operating its business of providing consumer review services.

## COUNT I: MISREPRESENTATION OF COPYRIGHT CLAIMS
## UNDER THE DIGITAL MILLENNIUM COPYRIGHT ACT
## ("DMCA") 17 U.S.C. § 512

34.     Plaintiffs repeat and incorporate herein by reference the allegations in the preceding paragraphs of this Complaint.

35.     Upon information and belief, Plaintiffs Opinion Corp. and Consumer Opinion Corp. did not infringe any copyright owned or administered by Defendant.

36.     Any use of any materials or information by Opinion Corp. was a self-evident, non-infringing, and fair use under 17 U.S.C. § 107.

37.     Consumer Opinion Corp. did not use any materials or information of or concerning Defendant at all.

38.     Upon information and belief, Defendant knew or should have known that Plaintiffs Opinion Corp. and Consumer Opinion Corp. did not infringe any copyrights on the date they sent their DMCA takedown notice.

39.     Defendant sent the DMCA notice for the purpose of interfering with Opinion Corp.'s business and/or for the purpose of suppressing criticism of its products or business practices.

40.     This is an improper use of the DMCA takedown scheme, and is specifically prohibited by law.  17 U.S.C. § 512(f).

41.     Defendant violated 17 U.S.C. § 512(f) by knowingly materially misrepresenting that Plaintiffs infringed Defendant Roca Labs' copyrights.

42.     Defendant Roca Labs actually knew of the material falsity of its representations, as it pertains to Plaintiff Consumer Opinion Corp., as Defendant

Roca Labs has been previously informed in separate litigation that Consumer Opinion Corp. only owns and licenses the trademark "Pissed Consumer" and is not involved in the website operations of pissedconsumer.com.

43.    Roca Labs knew that Consumer Opinion Corp. was not the owner of the owner of the website pissedconsumer.com and therefore could not possibly engage in copyright violations pertaining to pissedconsumer.com.

44.    Roca Labs actually knew of the material falsity of its representations with respect to copyright infringement, as it knew through counsel that Opinion Corp.'s use of its allegedly copyrighted images was fair use.

45.    In the alternative, Defendant Roca Labs knew of the material falsity of its representations with respect to copyright infringement, as it knew independently that Opinion Corp.'s use of its allegedly copyrighted images was fair use.

46.    Roca Labs hoped to use the DMCA process to suppress speech and not in order to address real copyright concerns, since even a perfunctory review of the applicable law would demonstrate that a partial thumbnail of a website could not possibly result in liability for copyright infringement, yet Roca, through experienced counsel, used the DMCA process under this knowingly erroneous pretense.

47.    If it did not know of the material falsity of its representations, Roca was willfully blind as to the material falsity.

48.    As a direct and proximate result of Defendant's actions, Plaintiffs have been injured in an amount to be determined at trial.

49.     Such injury includes, but is not limited to, the financial and personal expenses associated with responding to the complaint and harm to Plaintiffs' free speech rights under the First Amendment.

50.     Plaintiffs have been forced to retain the services of an attorney to pursue this action, and are entitled to recover its attorney's fees and any and all costs associated with pursuing this matter, as permitted under 17 U.S.C. §512(f).

51.     In the alternative, Plaintiffs ask for attorney fees as damages due to the bad faith action of Defendant in these matters.

### COUNT II:  MISREPRESENTATION OF COPYRIGHT CLAIMS UNDER THE DIGITAL MILLENNIUM COPYRIGHT ACT ("DMCA") 17 U.S.C. § 512 (Trademark)

52.     Plaintiffs repeat and incorporate herein by reference the allegations in the preceding paragraphs of this Complaint.

53.     Defendant Roca Labs sent a DMCA notice that demanded a complete shutdown of Opinion Corp's website because Opinion Corp. allegedly used Roca Labs' name on its consumer review page about Roca Labs.

54.     Roca Labs alleged in the DMCA notice that this use of the words "Roca Labs" was infringement.

55.     Roca Labs falsely alleged in the DMCA notice that this violated their rights under Title 17 (copyright).

56.     Roca Labs did so not to address any legitimate copyright claims, but rather to try to remove the entire page of consumer reviews.

57.     Roca Labs hoped to use the DMCA process to suppress speech and not in order to address real copyright concerns, since even a first-year law student or even a reasonably-intelligent layperson would know that one does not have a "copyright" on a name, yet Roca, through experienced counsel, used the DMCA process under this knowingly erroneous pretense.

58.     Defendant Roca Labs actually knew of the material falsity of its representations.

59.     If it did not know of the material falsity of its representations, Roca was willfully blind as to the material falsity.

60.     As a direct and proximate result of Defendant's actions, Plaintiffs have been injured in an amount to be determined at trial.

61.      Such injury includes, but is not limited to, the financial and personal expenses associated with responding to the complaint and harm to Plaintiffs' free speech rights under the First Amendment.

62.      Plaintiffs have been forced to retain the services of an attorney to pursue this action, and are entitled to recover its attorney's fees and any and all costs associated with pursuing this matter, as permitted under 17 U.S.C. §512(f).

63.     In the alternative, Plaintiffs ask for attorney fees as damages due to the bad faith action of Defendant in these matters.

## COUNT III: ABUSE OF PROCESS

64.     Plaintiffs re-allege and incorporates by referenced, as if verbatim, each and every paragraph preceding as though set forth in full herein.

65.     The Defendant used the DMCA process, including a false sworn statement, to accomplish a purpose for which the DMCA notice and takedown procedure was not designed.

66.     The false and perjurious DMCA notice was used by the Defendant to suppress criticism, and not to address any copyright concerns.

67.     The false and perjurious DMCA notice was filed in order to seek to extract an advantage in another proceeding and/or to suppress criticism, and not to address any actual copyright claims.

68.     The Defendant deliberately perverted this particular legal process for its own benefit and in order to suppress the Plaintiffs' rights.

69.    The Defendant's actions were willful and wonton and were committed with deliberate disregard for the law, including the copyright act and laws prohibiting perjury.

70.    As a direct and proximate result of Defendant's actions, Plaintiffs have been injured in an amount to be determined at trial.

71.    Plaintiffs have been forced to retain the services of an attorney to pursue this action, and they are entitled to recover their attorney's fees and any and all costs associated with pursuing this matter.  In the alternative, Plaintiffs ask for attorney fees as damages due to the bad faith action of Defendant in these matters.

## COUNT IV:  DECLARATORY RELIEF
## NON-INFRINGEMENT OF COPYRIGHT

72.    Plaintiffs re-allege and incorporate by reference, as if verbatim, each and every paragraph preceding as though set forth in full herein.

73.    Roca has created a controversy between Plaintiff Opinion Corp. and Defendant regarding whether roca-labs.pissedconsumer.com constitutes infringement of a copyright lawfully owned or administered by Defendant, and whether its use of a thumbnail image is fair use.

74.    Plaintiff Opinion Corp. contends that its uses are lawful.

75.    Plaintiff Consumer Opinion Corp. does not own, operate, or otherwise have control over pissedconsumer.com, and therefore, took no actions that could be deemed lawful or unlawful, but was nevertheless so accused in the DMCA notice.

76.    Wherefore, Plaintiffs request that the Court determine and adjudge that each and every one of the above-stated propositions states the law applicable to the facts involved in this action.

77.     As a direct and proximate result of Defendant's actions, Plaintiffs have been injured in an amount to be determined at trial.

78.      Plaintiffs have been forced to retain the services of an attorney to pursue this action, and they are entitled to recover their attorney's fees and any and all costs associated with pursuing this matter.   In the alternative, Plaintiffs ask for attorney fees as damages due to the bad faith action of Defendant in these matters.

### COUNT V: DECLARATORY RELIEF OF NO DEFAMATION BY PLAINTIFFS

79.     Plaintiffs repeat and incorporate by reference each and every allegation set forth in the preceding paragraphs.

80.     Plaintiffs Opinion Corp. and Consumer Opinion Corp. seek a declaration that it has not defamed Defendant Roca Labs.   Because the complained-of statements Plaintiff Opinion Corp. made on its website about Defendant, which is a public figure, were true, substantially true, or statements of opinion, none of the statements referenced in Defendant's Notice pursuant to Fla. Stat. §770.01 give rise to a cause of action of defamation.

81.     A present adjudication is necessary to guide Opinion Corp. and Consumer Opinion Corp.'s future actions including its right to engage in speech protected by the First Amendment of the United States Constitution.

82.      On 13 January 2015, Plaintiffs received an electronic correspondence from counsel for Defendant, stating that pursuant to Florida Statute Section 770, that the automatically generated statistical header on pissedconsumer.com constituted defamation.

83.     Under Fla. Stat. § 770.01, a defamation plaintiff must give at least 5 days pre-suit notice before commencing an action for defamation.

84.    Roca Labs regularly issues such notices, and to the best of the Plaintiffs' knowledge, has never issued one in good faith with an allegation of true defamation.

85.    Nevertheless, Roca Labs does not hesitate from filing specious and unsupportable defamation claims.

86.    Roca Labs files these claims in state court, due to their belief that Florida's state courts will not sanction them or their counsel for bringing frivolous claims against out-of-state actors in state court.

87.    In the 770 notice, Defendant accused Plaintiffs of making the following statement about Defendant Roca Labs: "Specifically, statistics shown on the website include that there have been 52 complaints, $110k in claimed losses, $2.1k average loss, and 0 resolved."

88.    Defendant also accused Plaintiffs of making the following statement about Defendant Roca Labs: "Roca Labs, through its chief attorney, Paul Berger, believes it can silence you through fear and intimidation directed at Pissed Consumer" and "Roca Labs first sued us."

89.    Defendants claim that Plaintiffs' alleged statements are defamatory and have initiated legal proceedings by serving a Fla. Stat. §770.01 Notice.[1]  An actual controversy has arisen and now exists between Plaintiffs and Defendant concerning their respective rights and duties in that Plaintiffs contend that the statements are not defamatory, whereas Defendant contends that the statements are defamatory.

---

[1]  Neither Plaintiff concedes that the Fla. Stat. 770.01 notice provided was legally adequate.  Nevertheless, Attorney Berger has issued similarly deficient notices in the past, which were immediately followed up with frivolous defamation claims.

90.     Plaintiffs desire a judicial determination of their rights and duties, and a declaration as to whether these statements concerning Defendant are defamatory.

91.     A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiffs may ascertain their rights to engage in speech.  Plaintiffs' right to engage in protected speech is being harmed by the unsettled state of affairs.

92.     Further, a declaratory judgment is necessary in order to put an end to the continued harassment that Roca Labs engages in, in order to further its goal of imposing a cone of silence over anyone who may dare to criticize their product or business practices, both of which are widely-perceived as unsafe (the product) and unethical (their business practices).

93.     An actual, present, and judiciable controversy has arisen among Plaintiffs Opinion Corp. and Consumer Corp. and Defendant Roca Labs concerning the statements published on Opinion Corp.'s website.

94.     The statements contained on Plaintiff Opinion Corp.'s website about public figure Defendant Roca Labs were true, substantially true, or were pure opinion.  Defendant cannot prove by clear and convincing evidence that Plaintiffs Opinion Corp. and Consumer Opinion Corp. made any of the statements with actual malice.

95.     As a direct and proximate result of Defendant's actions, Plaintiffs have been injured in an amount to be determined at trial.

96.      Plaintiffs have been forced to retain the services of an attorney to pursue this action, and they are entitled to recover their attorney's fees and any and all costs associated with pursuing this matter.  In the alternative, Plaintiffs ask for attorney fees as damages due to the bad faith action of Defendant in these matters.

### COUNT VI: DECLARATORY RELIEF OF NO DEFAMATION BY PLAINTIFF CONSUMER OPINION CORP.

97.     Plaintiffs repeat and incorporate by reference each and every allegation set forth in the preceding paragraphs.

98.     Plaintiff Consumer Opinion Corp. owns the trademark "Pissed Consumer."

99.     Plaintiff Consumer Opinion Corp. licenses this trademark to Plaintiff Opinion Corp. for use in conjunction with Opinion Corp.'s website pissedconsumer.com.

100.    Plaintiff Consumer Opinion Corp. does not own, operate, or maintain control over the website pissedconsumer.com.

101.    Defendant Roca Labs knew that Consumer Opinion Corp. merely owns and licenses the trademark "Pissed Consumer" and does not engage in website operations.

102.    Plaintiff Consumer Opinion Corp. did not author any of the allegedly defamatory statements in question.

103.    Defendant cannot prove by clear and convincing evidence that Plaintiff Consumer Opinion Corp. made any of the statements with actual malice, as Consumer Opinion Corp. made no statements of or concerning Defendant Roca Labs at all.

104.    As a direct and proximate result of Defendant's actions, Plaintiff Consumer Opinion Corp. has been injured substantially, and in an amount to be determined at trial.

105.    Plaintiff Consumer Opinion Corp. has been forced to retain the services of an attorney to pursue this action, and it is entitled to recover its attorney's fees and any and all costs associated with pursuing this matter.  In the alternative, Plaintiff asks for attorney fees as damages due to the bad faith action of Defendant in these matters.

## COUNT VII:  DECLARATORY JUDGMENT OF ALTER EGO

106.    Plaintiffs repeat and incorporate by reference each and every allegation set forth in the preceding paragraphs.

107.    In a 4 August 2014 letter from Defendant Roca Labs to Plaintiffs, Defendant stated that Roca Labs was a "nutraceuticals" manufacturer based in Florida.

108.    The 4 August 2014 letter from Roca Labs utilized letterhead bearing a mailing address listed as that of a company listed as Roca Labs Nutraceuticals USA, Inc. with the Florida Secretary of State ("RLN").

109.    Roca Labs' letter of 7 August 2014 also bore the same mailing address on its letterhead as the 4 August 2014 letter, i.e., the registered corporate address of RLN.

110.    On information and belief, and as alleged above, Roca Labs shares its principal office with RLN, to the extent the two entities or their activities are in fact at all distinct.

111.    Moreover, Roca Labs has repeatedly claimed to have suffered harm as result of Plaintiffs' conduct, based on the terms and conditions of, or in connection with the sale of RLN's product through, or arising from infringement of intellectual property utilized, claimed or described at the website, i.e., www.rocalabs.com.

112.    According to the terms and conditions of use of the website found at the URL www.rocalabs.com, designated as "V2.1 Aug[.] 2014," thereon, that website is operated by RLN, not Roca Labs.

113.    At the same time, while the RLN website states, "All of the content and products on this Website are owned by RLN," the same page of the website states, under the heading "Disclaimer of Warranties and Limitation of Liability,"

that "THIS WEBSITE, THE PROGRAM AND ALL INFORMATION, CONTENT, MATERIALS, PRODUCTS, FORMULA AND SUPPORT INCLUDED ON OR OTHERWISE MADE AVAILABLE TO YOU THROUGH THE USE OF THE WEBSITE ARE PROVIDED BY ROCA LABS," not RLN.

114.   Similarly, while the text of the websites terms and conditions states, "RLN claims all property rights, including intellectual property rights, to its content and no person/entity is permitted to infringe upon those rights," the footer of the website found at the bottom of each and every page states, "Copyrights © 2009-2013 Roca Labs."

115.   Besides these instances, the names "RLN" and "Roca Labs" are used interchangeably elsewhere on the website, without explanation or any statement that references to "Roca Labs" are intended to refer to RLN.

116.   In fact, on information and belief, RLN is organized and operated so that it is an instrumentality of Roca Labs, united and intermixed with respect to their promotion, sales, finances, investments, or other activities such that, as a matter of law, they are not and should not be treated as two distinct legal entities.

117.   Both Roca Labs and RLN utilize a post office box in Sarasota, Sarasota County, Florida, however all correspondence have been sent from a post office box in Delray Beach, Palm Beach County, Florida.

118.   In addition, on information and belief the officers and directors of Defendant Roca Labs and RLN overlap such that, as a matter of law, they are not and should not be treated as two distinct legal entities.

119.   Moreover, as exemplified by its two demand letters to Plaintiffs Opinion Corp. and Consumer Opinion Corp., Defendant Roca Labs has held itself out to Plaintiffs as having substantial and exclusive control over RLN's interests and, on information and belief, Roca Labs does in fact maintain such control.

Complaint

120.    On information and belief, Defendant Roca Labs has made use of its dominion and control over RLN to commit each of the wrongful acts alleged herein, including, but not limited to, its baseless threats of litigation.

121.    On information and belief, Defendant Roca Labs is the principal owner of RLN in connection with the matters set out in this pleading.

122.    By virtue of the foregoing, and other facts that Plaintiffs Opinion Corp. and Consumer Opinion Corp. has learned and believes it will be able to further confirm through discovery, Plaintiffs is entitled to a declaration that Defendant Roca Labs is the alter ego of RLN, that the corporate veil protecting either of them as against the liability, claims or finances of the other should be pierced and that each defendant is jointly and severally liable for the claims of Plaintiffs set forth herein.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs pray for judgment as follows:

1.    A declaratory judgment that none of the Plaintiffs' uses of any of the Defendant's intellectual property rights are unlawful, and that they may continue.

2.    Injunctive relief restraining Defendant, its agents, servants, employees, successors and assigns, and all others in concert and privity with Defendant, from bringing any lawsuit or further legal threat against Plaintiffs for the statements in the January 13 notice.

3.    Damages according to proof;

4.    Attorneys fees pursuant to 17 U.S.C. § 512(f), other portions of the Copyright Act including Section 505, on a Private Attorney General basis, or otherwise as allowed by law;

5.    Plaintiffs' costs and disbursements; and

6.      Such other and further relief as the Court shall find just and proper.

Plaintiffs hereby request a jury trial for all issues triable by jury including but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

DATED:  this 14th day of January, 2015.

Respectfully Submitted,

s/ Marc Randazza
MARC J. RANDAZZA
Florida Bar No.: 625566
RANDAZZA LEGAL GROUP
3625 S. Town Center Drive
Las Vegas, Nevada 89135
Tele:  702-420-2001
Fax: 305-437-7662
Email: ecf@randazza.com

RONALD D. COLEMAN
Pro Hac Vice Pending
GOETZ FITZPATRICK LLP
One Penn Plaza, Suite 3100
New York, New York 10119
Tele: 212-695-8100
Fax: 212-629-4013
Email: rcoleman@goetzfitz.com

Attorneys for Plaintiffs