## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ROCA LABS, INC.,                                   Case No: 8:14-cv-2096-T-33EAJ

         Plaintiff,

  v.

CONSUMER OPINION CORP. and
OPINION CORP.,

         Defendants.
_____/

### OPPOSITION TO PLAINTIFF'S MOTION TO FOR LEAVE TO AMEND

Defendants oppose Plaintiff Roca Labs, Inc.'s ("Roca's") Motion to for Leave to Amend.

**1.0    Introduction**

Every judge and litigator is aware of the general rule that leave to amend is to be freely granted, and it is the very nearly automatic nature of such a grant on which plaintiff has relied in calculating the cynical strategy that has resulted in this motion. But the Court should, as an initial matter, be disabused of any notion that this is a routine case of amendment. Far from it.

Unlike a typical situation involving a motion for leave to amend the pleadings, this case has been fully briefed for summary judgment for over a month. Moreover, discovery has been conducted to the fullest extent requested by the Plaintiff, which was served with responses to all discovery served on Defendants over a month ago; Plaintiff has not sought to meet and confer regarding any of those responses. Defendants even offered Plaintiff an extension of the deadline to for its opposition to Defendants' summary judgment motion and the opportunity to take depositions during the extension period, both of which Plaintiff declined. In other words,

Plaintiff has nothing left to do in this case other than seek ways to push off summary judgment with a specious, last-minute motion to amend -- and is reduced to the feeble protestation that summary judgment is inappropriate because *Defendants* have not taken discovery![1]

As demonstrated in the Motion for Summary Judgment, there is no reasonable legal or factual rationale for this case to continue.  Nevertheless, here we are, a month after summary judgment was fully briefed, with Roca presenting nothing but whimsy as its rationale for unnecessarily prolonging this case. In fact, the proposed amendment adds absolutely nothing legally distinct from the initial complaint, with the causes of action repeated verbatim.  All the Plaintiff has done is create an overly-voluminous, bizarre, confusing, mess of a document, done clearly in order to drive up the costs of litigation, and clearly drafted weeks ago, with Plaintiff thinking that it would score some strategic advantage by filing it at the 11th hour and 59th minute.

It is obvious, not only from the pleadings and the papers but from Plaintiff's opprobrious conduct both in and outside the confines of this litigation's docket, that Roca never filed this case with any realistic hope of prevailing.  Indeed, if Plaintiff were merely following the rules of how to resolve legal disputes, it would have joined issue with Defendants' previously-filed action in New York.  Instead, Roca filed this action solely to inflict punitive attorneys' fees against the Defendants, hoping that this Court would let permit it to get through the back (financial) door what it knows it the Court will never grant it through the front (legal) door: a prior restraint on Defendants' right of expression (and that of the third-party commenters not party to this action) or a waiver of Defendants' rights under 47 U.S.C. § 230.

//

//

---

[1] It is axiomatic, of course, that a party is under no obligation to take discovery at any point in a case, and may proceed with a motion for summary judgment based on whatever evidentiary record is available at its own discretion.  Neither do Defendants waive their right to take discovery in the event the Court does not grant summary judgment by seeking such relief now.

**2.0 Analysis**

**2.1 Plaintiff's Motion for Leave to Amend Should be Stricken, As Plaintiff (Yet Again) Did Not Comply With M.D. Local Rule 3.01(g)**

Local Rule 3.01(g) requires a party filing a motion to certify that it conferred with opposing counsel prior to filing the motion and state whether opposing counsel agreed on resolution of the motion. It is not sufficient to certify that opposing counsel was "unavailable" to confer prior to filing the motion. M.D. Local Rule 3.01(g). The purpose of this rule is "to force counsel to try to achieve a resolution of a motion without judicial intervention and use of judicial resources." *Kaplan v. Burrows*, 2011 U.S. Dist LEXIS 125653 at *31 (M.D. Fla. Sept. 6, 2011). Courts should strike motions that fail to comply with this rule. *See Davis v. Three Record(s) of Lien*, 2001 U.S. Dist. LEXIS 14665 at *2 (M.D. Fla. Aug. 24, 2001) (upholding denial without prejudice of motion filed without complying with L.R. 3.01(g)); *see also Euro Wall Sys., LLC v. Reflection Window Co.*, LLC, 2014 U.S. Dist. LEXIS 141806 at *3 fn. 2 (M.D. Fla. Oct. 6, 2014) (stating that a motion not in compliance with Local Rule 3.01(g) may be struck "for this reason alone").

Yet in his certification in support of Roca's Motion for Leave to Amend, Attorney James Tanner -- contrary to this authority -- relies entirely on his assertion that Mr. Randazza had not returned his phone call for his putative compliance with Local Rule 3.01(g). Yet even if this were, contrary to the black-letter rule, sufficient, Attorney Tanner's efforts do not resemble anything like a good faith effort. For what Tanner omits to inform the Court is that he his solitary phone telephonic effort to reach Mr. Randazza to meet and confer (one of three attorneys of record in this matter) consisted of call that occurred at *7:51 PM!*

Unsurprisingly, Mr. Randazza was not at his desk at that hour. After taking some time, presumably to get over his shock and disappointment at this unexpected development, Attorney Tanner did not seek to contact attorneys Fischer or Coleman by telephone, email, or otherwise.

He simply went ahead and filed the instant motion intent on jettisoning any attempt at compliance with Local Rule 3.01(g) to give this Court the patently false impression that Mr. Randazza was unwilling to meet and confer.

Nevertheless, even if the Court were to ignore this knowing breach of its Rules and abuse of professional standards, Roca's Motion fails on its merits for the reasons set out below.

### 2.2   The Motion Must Fail on its Merits

A motion seeking leave to amend will be denied upon proof of undue delay, bad faith, or dilatory motive by the movant; its repeated failure to cure deficiencies; undue prejudice to the opposing party; or futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). As proposed, the Amended Complaint is not offered to cure any deficiency related to jurisdictional defects, or to the sufficiency of the claims. Taking these factors in turn, Defendants demonstrate below that Plaintiff's Motion for Leave to Amend cannot be justified under the law.

#### 2.2.1   Plaintiff has not made a showing of good cause

Plaintiff's motion should be denied for the simple reason that it will throw the scheduling order in this case into utter disarray and was completely avoidable. It is black-letter law that the good cause standard "*precludes* modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (emphasis added). That criterion is completely absent here. While Roca has threatened to amend its Complaint for months, it never actually sought to do so until now. But Roca's legal team *has* found the time to initiate multiple lawsuits against former customers to intimidate them from becoming witnesses in this case; to file frivolous claims in distant states concerning counsel for Defendants (already disposed of); and even to file an unquestionably unethical lawsuit against the same counsel in an attempt to conflict him out of representing his client in this action. Despite investing resources in these ancillary attacks on Defendants' ability to litigate, Roca comes to this Court -- after it has had all the discovery it has sought and has

claimed no deficiency concerning Defendants' responses[2] and after fully briefing its opposition to Defendants' Motion for Summary Judgment without even *once* (even to date) invoking any discovery issues in its opposition -- and asks for what is a is nothing more or less than a transparently tactical amendment of the pleadings.

Roca has treated this litigation as a game in which the Rules of Federal Procedure and the Local Rules are to be used not as solemn procedures for conflict resolution, but Tinker Toys that can be shaped into whatever suits the moment.  The facts set out above demonstrate, it has already done everything and anything to "win" this case except make good on the oft-repeated promise to amend its Complaint.  Because the Federal Rules are not toys, Roca's motion should be denied.

### 2.2.1.1  Adding New Counsel is not good cause

Roca also takes the position that the appearance of new counsel entitles a party to presumptive leave to amend.  This argument, obviously, proves far too much; if a party entitled to leave to amend every time a new attorney appeared on its behalf, a revolving door of attorneys would prevent the resolution of any case where, as here, one side is obviously facing an unfavorable dispositive resolution.

Just such a revolving door has been spinning in this matter for quite some time.  Thus far, at least five attorneys have come and, typically, gone [Paul Berger; (ECF 14) Jeffrey Young;

---

[2] The discovery sought in this case was largely irrelevant to this case, but was clearly designed to further its cases in *Roca Labs, Inc. v. Schaive*, Broward County, Florida (Case No.: CACE 14-020786) and *Roca Labs, Inc. v. Does 1-11*, Broward County, Florida (Case No.: CACE 14-021978).

(ECF 29) W. Mason; (ECF 42) James Hetz; (ECF 78) James Tanner].[3] Even if new counsel gave rise to good cause to amend the complaint, which it does not, the serial replacement of counsel certainly would not have such an effect. All the more so would the appearance of a new attorney be that much less meaningful for purposes of this motion where, as here, two of prior attorneys still remain on the case -- including the one, Attorney Berger, who filed the original Complaint, which would seem to undermine the entire premise of the argument. Plaintiff has provided no basis in law or equity for the Court to grant the indulgence it seeks to party whose attorney roster changes as often, and as mysteriously, as the legendary Spinal Tap changed drummers.

### 2.2.2 Defendants Would be Prejudiced

Defendants would incur great prejudice by an amendment of the Complaint at this point. Defendants' Motion for Summary Judgment has been fully briefed and discovery has been completed. Roca's motion cannot be seen as anything but an attempt to prevent Defendants from obtaining rightful redress with a legally meaningless amendment that would, if successful, achieve nothing more than causing the entire litigation to cycle through an identical iteration of what preceded it -- a sort of judicial "Groundhog Day" without the laughs, especially considering the massive waste and costs such a production would impose on Defendants.

This is a hallmark example of a dilatory tactic. *See Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1276 (M.D. Fla. 2002) (denying motion to amend when final trail preparations should have been underway). Here, as the Motion for Summary Judgment has been fully briefed

---

[3] This is despite the assurances made by Attorney Berger at the hearing on Roca Labs' Motion for Injunctive Relief that the attorneys of record would remain the attorneys for this case. Attorney Young withdrew because Attorney Berger attempted to cover up his own failings in this case by falsely accusing Mr. Young of unethical and incompetent behavior during oral argument. Attorney Mason withdrew without comment, but the circumstances surrounding his departure raise questions concerning his comfort with Roca's ethics. Attorney Hetz expressed similar sentiments to Defendant's counsel in November of 2014, confirming this by correspondence dated January 21, 2015. Now we are treated to the arrival of Attorney Tanner.

and argued, and is ripe for the Court's determination, Roca Labs cannot now seek to amend its Complaint – and even if it did, all this would do is change the length of the already frivolous complaint, and require re-briefing of the Motion for Summary judgment, in order to address the proposed complaint's shotgun-minutia. The proposed Amended Complaint by Roca Labs does not add anything of substance, but is instead a feeble attempt to delay the impending summary judgment determination.

### 2.2.3 Roca's Delay Was Completely Unjustified

Waiting until after briefing Plaintiff's Motion for Summary Judgment and indulged in discovery notwithstanding the pendency of that motion, Roca waited until the very last day amendment would be possible to request leave to amendment. Again, its obvious purpose is to stall resolution of its frivolous case, drive up litigation costs, and impose undue delay and needless expense on Defendants while having multiple other open cases in which to do what it alludes to wanting to do with Defendants. *And* it would be certainly more procedurally proper to do so in one of those multiple other cases. This proposed amendment, could not possibly contribute to promote factual accuracy or encourage clarity of the record. Instead, all it could ever do is increase the cost of litigation and unnecessarily prolong these proceedings, in violation of Fed. R. Civ. P. 11 and 28 U.S.C. §1927.

### 2.2.4 Roca's Request is Made in Bad Faith

In addition to all the foregoing indications of bad faith, Roca also makes the perverse argument that it needs to amend the Complaint in *this* action because of a *different* complaint filed in the Southern District of Florida by Opinion Corp. and Consumer Opinion Corp., arising out of entirely separate issues. See ECF 82 at 4. There is no merit to this argument.

As alleged in the Southern District filing, Plaintiff served Opinion Corp. and Consumer Opinion Corp. with Notice under Florida Statute §770 alleging defamation for conduct not alleged in this case. Opinion Corp. and Consumer Opinion Corp. then filed an action in the

Southern District of Florida seeking a declaratory judgment that their conduct was not in fact defamatory. The statements alleged to have been made by Opinion Corp. and Consumer Opinion Corp. are wholly and entirely distinct from the statements originally alleged in Roca Labs' Complaint, which were authored by third-parties – as fully briefed. These are separate and distinct issues. The declaratory judgment action in the Southern District of Florida is no surprise to Roca. Prior to Opinion Corp. and Consumer Opinion Corp. filing the action seeking declaratory relief in the Southern district, Paul Berger, counsel for Roca Labs, sent a §770 Notice directly to Opinion Corp. and Consumer Opinion Corp. – and, notably, *not* to counsel in this action.

Any issue pertaining to anything relating to the case currently pending in the Southern District of Florida matter must be taken up there, not in an amendment to *this* case. In the alternative, another action seeking declaratory relief is currently pending in the previously-filed case in the Southern District of New York. While Roca Labs opposes jurisdiction there, either of those two cases better serve the needs of Roca Labs to argue about those issues. Any issue raised by Roca Labs pertaining to this new §770 Notice is more properly raised in the case currently pending in the Southern District.

### 2.2.5 Any Amendment Would Be Futile

Roca Labs is now seeking to amend its Complaint, but amendment would be futile. The issues in this case are clear-cut. Roca Labs is attempting to impose liability on Opinion Corp. and Consumer Opinion Corp. for statements made on Opinion Corp.'s website by third parties – and for statements that are non-defamatory as a matter of law. Any amendment to this Complaint would be premised on unrelated allegations or would be so superfluous as to bring nothing of value to the Complaint. Roca managed to simultaneously address facts that are underlying issues currently pending in *other* litigation, including an idiotic case that it filed against Attorney Randazza, in a transparent attempt to influence this case. Meanwhile, Roca failed to

add anything of substance to this proposed Amended Complaint that could possibly change the posture of the motion for summary judgment. "Leave to amend a complaint is futile when the complaint as amended could still be properly dismissed or be immediately subject to summary judgment for the defendant." *Washington v. Sch. Bd. of Hillsborough County*, 2009 U.S. Dist. LEXIS 114050, 16, 2009 WL 4042938 (M.D. Fla. Nov. 23, 2009). As nothing in the proposed Amended Complaint adds anything of value to this litigation, amendment would be futile.

If Roca believes that it has additional claims or amendments directly pertaining to statements alleged to have been made by Opinion Corp. and Consumer Opinion Corp., and not third parties, as is the case here, it has the opportunity to raise them (as it should have instead of filing this case) as counterclaims in *Opinion Corp. and Consumer Opinion Corp. v. Roca Labs, Inc.*, SDNY Case No.: 1:14-cv-06396-LGS or in FLSD Case No.: 9:15-cv-80051-WJZ. Roca Labs also sent a DMCA takedown notice relating to alleged copyright infringement on the part of Opinion Corp. and Consumer Opinion Corp., which forms the basis for the action in the Southern District of Florida, seeking declaratory relief. Roca Labs has also sent a §770 Notice to Opinion Corp. and Consumer Opinion Corp. for their statement that Roca Labs had sued the two companies in this case. That matter is also addressed in the Southern District action.

If that does not suit them, then most certainly Roca could amend one of its multiple other cases, pertaining to Opinion Corp.'s individual customers. Roca Labs has already filed suit against a number of its former customers, some of whom allegedly wrote some of those third-party reviews on Opinion Corp.'s website. See *Roca Labs, Inc. v. Does 1-11*, Broward County, Florida (Case No.: CACE 14-021978); *Roca Labs, Inc. v. Schaive et al.*, Broward County, Florida (Case No.: CACE 14-020786); *Roca Labs, Inc v. Alice King*, 8:14-cv-02811.

And lastly, Roca Labs addresses statements made directly by Marc Randazza, attorney for Opinion Corp. and Consumer Opinion Corp., in its proposed Amended Complaint, referring to Mr. Randazza as part of a "network of agents" utilized by Opinion Corp. and

Consumer Opinion Corp. See ECF 83 ¶81. However, Roca Labs has already filed suit against Mr. Randazza, personally, for the same statements they are now attempting to bring to the Court's attention here. See *Roca Labs Inc. v. Marc Randazza*, Hillsborough County, Florida (Case No.: 14-CA-011251). How many active cases does Roca want?

There is no possible amendment remaining that is not already currently being litigated. Any amendment here would be futile and a waste of judicial resources.

**3.0    Conclusion**

Based on the foregoing, Defendants Opinion Corp. and Consumer Opinion Corp. respectfully request that this Court deny Plaintiff's Motion for Leave to Amend its Complaint, as it is without good cause, will result in undue delay, serves an improper purpose, is a dilatory tactic, and the amendment would be futile.

Dated:  January 23, 2015                                Respectfully Submitted,

                                                                                    *s/Jason A. Fischer*
                                                                                    Jason A. Fisher, Esq.
                                                                                    Florida Bar No. 68762
                                                                                    RANDAZZA LEGAL GROUP
                                                                                    2 S. Biscayne Blvd., Suite 2600
                                                                                    Miami, Florida 33131
                                                                                    Tele:  702-420-2001
                                                                                    Fax: 305-437-7662
                                                                                    Email: ecf@randazza.com


                                                                                    Marc J. Randazza, Esq.
                                                                                    Florida Bar No. 625566
                                                                                    *Middle District Re-Admission Pending*
                                                                                    RANDAZZA LEGAL GROUP
                                                                                    3625 S. Town Center Drive
                                                                                    Las Vegas, Nevada 89135
                                                                                    Tele:  702-420-2001
                                                                                    Fax: 305-437-7662
                                                                                    Email: ecf@randazza.com

Ronald D. Coleman, Esq.<br>
*Pro Hac Vice*<br>
GOETZ FITZPATRICK LLP<br>
One Penn Plaza, Suite 3100<br>
New York, New York 10119<br>
Tele: 212-695-8100<br>
Fax: 212-629-4013<br>
Email: rcoleman@goetzfitz.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of January 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a true and correct copy of the foregoing document is being served upon: Paul Berger, Esq., James Hetz, Esq., and James Tanner, Esq.., counsel for Plaintiff, via transmission of Notices of Electronic Filing generated by CM/ECF.

_s/Jason A. Fischer_<br>
An employee / agent of<br>
RANDAZZA LEGAL GROUP