# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ROCA LABS, INC.,                                          Case No: 8:14-cv-2096-T-33EAJ

        Plaintiff,

v.

CONSUMER OPINION CORP. and
OPINION CORP.,

        Defendants.
_____/

## OPPOSITION TO MOTION FOR SANCTIONS

Defendants hereby Oppose Plaintiff's Motion for Sanctions for failure to comply with Local Rule 2.01. ECF 81.

**1.0 Introduction**

As a result of ECF 81, Mr. Randazza became aware for the first time that his admission to the Middle District of Florida has recently lapsed. Attached as Exhibit 1 is a declaration of Marc J. Randazza, Esq.. See Randazza Decl. ¶8.

**2.0 The motion should be stricken for failure to comply with LR 3.01(g).**

Local Rule 3.01(g) requires a party filing a motion to certify that it conferred with opposing counsel prior to filing the motion and state whether opposing counsel agreed on resolution of the motion. Providing a certification that opposing counsel was "unavailable" to confer prior to filing the motion is not sufficient. M.D. Local Rule 3.01(g). The purpose of this rule is "to force counsel to try to achieve a resolution of a motion without judicial intervention and use of judicial resources." *Kaplan v. Burrows*, 2011 U.S. Dist LEXIS 125653 at *31 (M.D. Fla. Sept. 6, 2011). Courts should strike motions that fail to comply with this rule. *See Davis v. Three*

1

*Record(s) of Lien*, 2001 U.S. Dist. LEXIS 14665 at *2 (M.D. Fla. Aug. 24, 2001) (upholding denial without prejudice of motion filed without complying with L.R. 3.01(g)); *see also Euro Wall Sys., LLC v. Reflection Window Co.*, LLC, 2014 U.S. Dist. LEXIS 141806 at *3 fn. 2 (M.D. Fla. Oct. 6, 2014) (stating that a motion not in compliance with Local Rule 3.01(g) may be struck "for this reason alone"). The term "communicate," as used in the Rule, means "'to speak to each other **in person or by telephone**, in a good faith attempt to resolve disputed issues.'" *Unlimited Res. Inc. v. Deployed Res., LLC*, 2009 U.S. Dist. LEXIS 44671 at *2 (M.D. Fla. May 14, 2009) (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 2000 WL 1658575 (M.D. Fla. 2000)) (emphasis added).

Plaintiff's Motion contains a 3.01(g) certification and asserts that Attorney Tanner attempted to call Defense counsel on January 20, 2015, while Attorney Tanner called at nearly 5:00 pm Pacific Time, and spoke to the receptionist, at no time did Attorney Tanner ever mention seeking sanctions for Attorney Randazza's lapsed Middle District registration. Making one phone call, at the end of the business day, while making no mention of what he is attempting to confer on, and then filing a motion mere hours later, just before midnight, is not making a good faith attempt to meet and confer. Therefore, for that reason alone, this motion should fail.

**3.0    The motion should fail on its merits**

Mr. Randazza is an attorney in good standing with the Florida bar. Randazza Decl. ¶2. Furthermore, Mr. Randazza was first admitted to practice to practice in the Middle District in 2003. Randazza Decl. ¶3. Attached as Exhibit 2 is a copy of Mr. Randazza's original certificate of admission. Mr. Randazza *was aware* that his renewal fee came due during the Summer of 2014. Randazza Decl. ¶4. Mr. Randazza directed his secretary to pay the $20 fee, and ensure that his admission status was kept up to date. Randazza Decl. ¶4. Unbeknownst to Mr. Randazza, that renewal fee was never paid. Randazza Decl. ¶6. There was no realistic way for Randazza to know that his registration had lapsed, since his ECF privileges continued to

2

function, without deviation, thus creating the mistaken impression that the task had been completed. Randazza Decl. ¶5-6.

Mr. Randazza has since terminated that support staff member for failing to follow through on explicit instructions of this type, and therefore is confident that this was an isolated incident not susceptible to repetition. Randazza Decl. ¶7. At this time, Mr. Randazza's application for readmission to the Middle District of Florida is pending, awaiting Admissions Department approval. Attached as Exhibit 3 is a copy of the receipt demonstrating that the Application for Admission has been resubmitted and the requisite filing fee has been paid.

Mr. Randazza fully accepts responsibility for failing to maintain his admission status with the Middle District, as support staff errors are still attributable to the supervising attorney, and the buck stops with him. However, an administrative oversight does not warrant punishing *Defendants* with such severe sanctions as striking Mr. Randazza's appearance and therefore striking his filings, and such a sanction is illogical. Mr. Randazza accepts that should the Court feel that sanctions are warranted, that any such sanctions should be visited upon him personally, but not upon his clients. Furthermore, the undersigned, an attorney with the Randazza Legal Group, in good standing with the Middle District, hereby affirms the filings previously made by Mr. Randazza, *nunc pro tunc*.

Moreover, this case was removed to Federal Court on August 26, 2014, and at the time, Mr. Randazza was still in good standing with the Middle District. Mr. Randazza proceeded to appear in this case while operating under the reasonable belief that he was still in good standing with the Court.

This Court previously issued an Order to Show Cause as to why Attorney Paul Berger was proceeding to appear in this case, despite not being admitted to the Middle District. See ECF 28. Mr. Berger was given the opportunity to rectify his appearance status, without his client suffering the consequences of sanctions. Mr. Randazza respectfully requests the same

opportunity to cure his admission status deficiency, without his client suffering as a result of his administrative oversight.

**4.0     Conclusion**

Mr. Randazza has re-applied for admission to the Middle District, has paid the requisite filing fee, and has requested this Court allow him the opportunity to be sworn in telephonically, completing his re-admission process.  See ECF 91.  Mr. Randazza has made every good faith effort to remedy his lapsed admission status.  Based on the foregoing, Mr. Randazza and Defendants respectfully request the Court deny Plaintiff's Motion for Sanctions.

Dated:  January 23, 2015 

Respectfully Submitted,

*s/ Jason A. Fischer*
Jason A. Fisher, Esq.
Florida Bar No. 68762
RANDAZZA LEGAL GROUP
2 S. Biscayne Blvd., Suite 2600
Miami, Florida 33131
Tele:  702-420-2001
Fax: 305-437-7662
Email: ecf@randazza.com


Marc J. Randazza, Esq.
Florida Bar No. 625566
*Middle District Re-admission Pending*
RANDAZZA LEGAL GROUP
3625 S. Town Center Drive
Las Vegas, Nevada 89135
Tele:  702-420-2001
Fax: 305-437-7662
Email: ecf@randazza.com


Ronald D. Coleman, Esq.
*Pro Hac Vice*
GOETZ FITZPATRICK LLP
One Penn Plaza, Suite 3100
New York, New York 10119
Tele: 212-695-8100
Fax: 212-629-4013
Email: rcoleman@goetzfitz.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd of January 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a true and correct copy of the foregoing document is being served upon: Paul Berger, Esq., James Hetz, Esq., and James Tanner, Esq.., counsel for Plaintiff, via transmission of Notices of Electronic Filing generated by CM/ECF.

          *s/Jason A. Fischer*
          An employee / agent of
          RANDAZZA LEGAL GROUP