UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROCA LABS, INC.,

       Plaintiff,                           Case No: 8:14-cv-2096-T-33EAJ

Vs.

CONSUMER OPINION CORP. and
OPINION CORP. d/b/a
PISSEDCONSUMER.COM

       Defendants.

_____/

**FIRST AMENDED COMPLAINT**

Plaintiff, ROCA LABS, INC. ("Roca"), a Florida Corporation, by and through its

undersigned counsel, file this, its First Amended Complaint for damages, and declaratory relief

against Defendants, OPINION CONSUMER CORP., ("Opinion"), a New York Corporation  and

OPINION CORP.,  (d/b/a PissedConsumer.com ("Pissed") a  New York Corporation  and allege:

**INTRODUCTION**

This is an action for Defendants', Opinion and Pissed, unlawful publication of

defamatory material concerning Plaintiff throughout its website, so that consumers and potential

consumers searching the Internet for Plaintiff's products and services are subjected to

defamatory material published by Defendants regarding Plaintiff and its business.

**JURISDICTION**

1.     This is an action for declaratory and permanent injunction and other relief against

the Defendants' for defamation of the Plaintiff and its business and an award of money damages,

including actual damages and reasonable attorneys' fees and costs; an award of compensatory damages under common law claim and, an award of punitive damages under statutory and common law claims and injuries.

2.      Jurisdiction is based on diversity of citizenship, pursuant to 28 U.S.C. § 1332. The amount in controversy is greater than $75,000.00 exclusive of interest, attorneys' fees and costs.

3.      This Court has supplemental jurisdiction over the state law claims for defamation, deceptive and unfair trade practices, tortious interference with a contractual relationships, tortious interference with a prospective business relationship and other claims determined through discovery and to award damages and other relief  pursuant to 28 U.S.C. § 1367(a).

4.      Defendant, OPINION CONSUMER CORP, is subject to the jurisdiction of this Court because it: (a) Operates, conducts, engages in or carries on a business or business ventures within this state through its Internet websites; and (b) Committed and continues to commit a tort in Florida by publishing false and defamatory information on its websites about the Plaintiff, Roca causing injury in Florida which gives rise to claims cognizable in Florida.

5.      This Court has personal jurisdiction over all Defendants as they intentionally published defamatory material concerning Plaintiff in Florida on their Internet website. The Defendants use of such defamatory material is for interstate commercial activity and such use is a substantial aspect of Defendants conduct giving rise to Plaintiff's claims.

**VENUE**

6.     Venue is proper under 28 U.S.C. §§ 1391(b) and 1391(c) in that a substantial part of the events giving rise to the claims asserted herein occurred in and are causing injury to the Plaintiff, Roca in Sarasota County, Florida.

7.     Defendants intentionally and/or recklessly published defamatory information about the Plaintiff, Roca, via the Internet with willful purpose and design to specifically direct and target Roca's Sarasota Florida place of business with defamatory information in an effort to intentionally defame Roca and in particular deceitfully misinform Florida and other consumers concerning Roca's business.

8.     Defendants intentionally, wilfully, purposefully and/or recklessly published defamatory information and clearly directed said information via their Internet websites, regarding Plaintiff's business, resulting in significant injury and harm to Plaintiff and its reputation. The bulk, if not all of the harm has occurred and will continue to occur in Florida.

9.     At all times material hereto, Defendants engaged in and continue to engage in substantial activity within the State of Florida by, inter alia, engaging in and continuing to engage in solicitation or service activities within the State of Florida.

**THE PARTIES**

10.     Plaintiff, ROCA LABS, INC.. ("ROCA"), is a Florida for-profit corporation duly organized under the laws of the State of Florida, with its principal place of business located at 7261A Tamiami Trail S, Sarasota, FL 34231.

11.     Defendant CONSUMER OPINION CORP. is a New York for profit corporation with it's principal place of business at 1204 Avenue U, Suite 1080, Brooklyn, NY 11229.  Upon information and belief CONSUMER OPINION CORP. is the owner of the trademark Pissed Consumer (U.S. Reg. No. 3679454) and owns and/or operates the website "PissedConsumer.com."

12.     Defendant OPINION CORP. is a New York for profit corporation with its principal place of business at Gravesend Neck Rd., Brooklyn, NY 11223. Upon information and belief OPINION CORP. owns and/or operates the website "PissedConsumer.com."

13.     Pursuant to Florida Statutes Section 48.193 Florida Statutes, the Defendants are subject to personal jurisdiction in Florida because Defendants by and through their website PissedConsumer.com operate and engage in a business in Florida by selling services to Florida residents and corporations.

14.     Pursuant to Florida Statutes Section 48.193 Florida Statutes, the Defendants are subject to personal jurisdiction in Florida because Defendants by and through their website PissedConsumer.com are accessed and used in Florida and have committed tortious acts against Plaintiff.

15.     Pursuant to Florida Statutes Section 48.193 Florida Statutes, the Defendants are subject to personal jurisdiction in Florida because Defendants by and through their website PissedConsumer.com violated Florida Deceptive and Unfair Trade Practices Act in the State of Florida.

16.     Pursuant to Florida Statutes Section 48.193 Florida Statutes, the Defendants are subject to personal jurisdiction in Florida because Defendant allows users to geo-target a Florida company by location and to post complaints via location and search via location.

17.     Pursuant to Florida Statutes Section 48.193 Florida Statutes, the Defendants are subject to personal jurisdiction in Florida because Defendants offer a service to contact Plaintiff and other Florida Companies in Florida to resolve alleged disputes.

18.     Pursuant to Florida Statutes Section 48.193 Florida Statutes, the Defendants are subject to personal jurisdiction in Florida because Defendants offer a manner for companies to respond to Complaints.

19.     Pursuant to Florida Statutes Section 48.193 Florida Statutes, the Defendants are subject to personal jurisdiction in Florida because Defendants market and sells reputation management services to Florida companies.

20.     Pursuant to Florida Statutes Section 48.193 Florida Statutes, Defendants are subject to personal jurisdiction in Florida because Defendants market and sells portions of its PissedConsumer.com homepage via its premium reviews service to Florida residents.

**GENERAL ALLEGATIONS**

21.     ROCA is a Florida for profit corporation that was formed in 2006 as Appealing Ventures, Inc.  It changed its name to ROCA LABS, INC. in 2009.

22.     ROCA manufactures dietary supplements (sometimes referred to a nutraceuticals) and is the inventor of our proprietary Gastric Bypass Alternative® that is an effective weight loss option for people who are trying to lose more than fifty (50) pounds.

23.     ROCA markets and sells its products through its website www.rocalabs.com, where information on its products are available and consumers can purchase the product directly.

24.     ROCA's products have been safely and successfully used by tens of thousands of people as a surgery free alternative to gastric bypass.

25.     ROCA has made significant investments in product development and in its intellectual property rights.

26.     ROCA owns the registered trademark Roca Labs®.

27.     ROCA's trademark are inherently distinctive.

28.     ROCA has invested heavily, monetarily and otherwise, in an online marketing and advertising program that has run in Florida and across the United States.

29.     ROCA competes with Defendants for consumers when individuals conduct online searches on Google, Bing, Yahoo! and other search engines.

30.     ROCA relies upon its reputation in the community, which includes the internet, and the weight loss success of its customers to generate new business and attract new customers.

31.     In exchange for a significant discount (discounts average $800), customers contractually agree that, regardless of their outcome, they will not speak, publish, print, blog or write negatively about ROCA or its products in any forum  (*See* **ROCA purchase terms attached as Exhibit "A")**.

32.     This contractual agreement would restrict ROCA's customers from posting complaints on Defendants' website:  PissedConsumer.com.

33.     Defendants OPINION and PISSED are owners of a multifaceted Internet and service business "PissedConsumer.com" ("Pissed Consumer").

34.     Defendant, OPINION owns the registered trademark Pissed Consumer®.

35.     Defendants collectively own, operate and maintain the website "PissedConsumer.com" ("subject website"), which according to its marketing materials is a "consumer advocacy and customer complaint" website. (*See* **Marketing Materials attached as Composite Exhibit "B"**). This is Defendants' primary website and revenue generating website.

36.     PissedConsumer.com, by and through Defendants, functions in part as a platform for individuals to complain about people, products and/or businesses. Essentially PissedConsumer.com operates as a "gripe" site where anonymous individuals can post malicious, false, defamatory and salacious content about individuals or businesses.

37.     Complaints have been made on PissedConsumer.com by individuals residing in Florida and about Florida residents and businesses and accessed by Florida residents or individuals in the State of Florida.

38.     Upon information and belief the website PissedConsumer.com has been accessed thousands of times by Floridians.

39.     PissedConsumer.com operates in a manner similar to revenge porn websites, where anonymous postings are made with the specific intent of harming an individual or business. These postings are made under the guise of a consumer review.

40.     While claiming to be a consumer advocacy website, PissedConsumer.com has received an "F" rating from the Better Business Bureau and there are hundreds of complaints about PissedConsumer.com with the Better Business Bureau.

41.     In truth, Defendants operate a sophisticated business designed to use the subject website to maximize profits from small businesses whom are targeted on PissedConsumer.com and then victimized/monetized by Defendants. Plaintiff is one of many victims.

42.     For example, upon initiation of the first online complaint about ROCA, Defendants created the subdomain www.roca-labs.PissedConsumer.com. In essence, this maneuver is to fool search engines into believing that Defendants are somehow related to ROCA, and that ROCA wishes to be found at this internet location.

43.     Defendants try to then sell "business services" to its victims in order to protect their online business reputation. As described in greater detail below, Defendants essentially co-author complaints and then sell "online reputation management services" to the target of those same complaints they initially co-authored and placed on the internet to be viewed.







44.     Complaints have been made on PissedConsumer.com about ROCA, and Defendants have used these complaints to try to sell ROCA business services. As described below in greater detail, Defendants will remove false, negative and defamatory postings and change how information is presented to the public if Plaintiff pays them only if the company subscribes to Defendants' business services. This is akin to blackmail, *i.e.* pay Defendants a fee and they will remove negative content that they created; don't pay and Defendants will make the content worse and disseminate it throughout the internet until you submit.

45.     Defendants have engaged in a public battle or war against ROCA. It appears that their primary objective is to put Plaintiff out of business while simultaneously maximizing their own revenues and profits.

46.     Defendants have created and published false, malicious and defamatory content about ROCA, employed a network of sophisticated agents to make false and malicious statements to interfere with Plaintiff's prospective customers, solicited ROCA customers in an attempt to have them sue and or disparage ROCA, sued ROCA, publicly solicited funds to raise a litigation war chest to fight ROCA and have engaged in "black hat" Search Engine Optimization ("SEO") and other nefarious online tactics to harm the reputation of ROCA.

47.     The more harm and public humiliation Defendants cause ROCA, the more Defendants profit.

48.     Defendants generate revenues from multiple avenues including, but not limited to: (1) developing, creating, publishing and marketing online content; (2) advertising; (3) maintaining a web platform for third party users/subscribers to post content; (4) transmitting and disseminating said content throughout the internet; (5) selling/leasing a portion of its internet

sites to third parties; (6) operating a service to resolve complaints for consumers; and (7) selling online reputation management services to individuals and business.

49.     PissedConsumer.com, by and through Defendants, co-develop complaints with users and then assumes exclusive rights to the content.

50.     PissedConsumer.com's Terms and Conditions provide the following: "By posting information or content to any public area of www.PissedConsumer.com, you automatically grant, and you represent and warrant that you have the right to grant, to PC an irrevocable, perpetual, fully-paid, worldwide exclusive license to use, copy, perform, display and distribute such information and content and to prepare derivative works of, or incorporate into other works, such information and content, and to grant and authorize sublicenses of the foregoing. You also expressly authorize PC to share any posted information with third parties at PC's own discretion."

51.     In order for an individual to post a complaint on PissedConsumer.com, s/he must go through a multiple step process over several website pages, where numerous items must be completed and a poster is required to select from a series of drop down items, radial buttons, category selections, etc. Users must complete mandatory pre-defined fields and must complete a minimum one-hundred (100) word complaint description.

52.     Thus, Defendants have created a system whereby they co-create content that is published on PissedConsumer.com by individuals and Defendants acquire **exclusive** rights to the content upon publishing.

53.     Step one of the content creation process is to access the page PissedConsumer.com.

54.     Step two is selecting the "Submit Complaint" button at the top of PissedConsumer.com or the submit review button after the question, "*Did you get scammed?*" (screen capture below).



55.     The next step in the process is the post complaint page (http://www.PissedConsumer.com/post-complaint.html). Here, users are given the option of posting a standard review or paying for a review in order to guarantee additional exposure, which would appear to set forth that PissedConsumer.com and Defendants do in fact have control over the posted content.

56.     Users are required to create a title and a complaint that is a minimum of one-hundred (100) words. Users next identify the company and select from a drop down menu for the Category that is defined by Pissed Consumer. At the end of this page users agree to Pissed Consumer's terms and conditions and must also agree that "You will not be able to edit your review." This last agreement is in small, light gray text to be less apparent to users (screen capture below). Essentially, Defendant's own the content from this point on.  Users can also post photos or videos at this step.



57.      Step four is completing an additional page of information about the complaint. A user must enter their name, email and telephone number. Users have radial buttons to identify the complaint and are asked to identify the value of the loss.   Users can then select the type of resolution that is desired (screen capture below).



58.     Step five is completing another page of information. Pissed Consumer has three boxes of information that are designed to geo-locate the complained about item or company, specify the product or service, and then create meta-tags to enhance search engine optimization.



59.     Step six is completing another page of information that includes providing star ratings about specific items, and adding more information.



60.     Step seven is becoming a member of their website and receiving "additional benefits."



61.    In essence, PissedConsumer.com, by and through Defendants, functions as a complaint generator as it instructs or co-authors the post on its website by ensuring that users write content in a certain manner, select from a list of business categories, fill in pre-defined information and select radial buttons. The pre-defined categories and questions act to control and manage the content received from users. Users are not able to access the website and freely state a complaint; rather, they must follow protocols strictly set forth by PissedConsumer.com. PissedConsumer.com, therefore, is not simply a platform that allows an internet user to comment without interference.

62.    As illustrated in the image below, Defendants ask specific questions about ROCA and present this information in a manner designed to inflict as much harm as possible on ROCA.







63.     Defendants make users review "nutrition description," "safety" and "cost per month" for ROCA products. These are atypical categories and were designed by Defendants to give the impression that ROCA products are not safe, are expensive and misleading.

64.     Defendants created the categories that are unique to Roca Labs on the subject website.

65.     Defendants created the content generating system which includes star ratings.

66.     Worse yet, Defendants have no safeguards or filters to ensure that the information the users provided is truthful or accurate, or that the users have any actual relationship, directly or indirectly, to the business. Indeed, there are no safeguards to ensure that the users are not competitors or fake posters with an agenda.

67.     In other words, any one of us could be a victim of this process; a process which seemingly requires mere access to PissedConsumer.com, and not a relationship to the product or business.

68.     Upon information and belief, Defendants have created false negative reviews about Plaintiff in order to induce Plaintiff into paying towards Defendants' financial gain.

17

69.     Upon information and belief, Defendants are aware that much of the content that it co-creates, co-authors, licenses and publishes is false and/or defamatory and/or malicious.

70.     Creating content in a specified format allows Defendants to maximize content distribution, which translates directly to increasing revenues.

71.     On select occasions as dictated and decided by PissedConsumer.com, Defendants develop a new and distinct version of the user's posting for dissemination on Twitter via its Twitter account "handle" @PissedConsumer (a "handle" is akin to a user's screen-name and is unique to the user). This manipulation from a complaint to a tweet does not, by any stretch of the imagination, happen automatically and without direct initiation, participation, and management from the Defendants.

72.     Defendants do not post every complaint from their website onto Twitter; rather, they hand-select certain companies and certain complaints to exploit on Twitter.

Twitter is a unique social media platform, with established user guidelines, character limits, and best practices that are separate and distinct from other social media platforms and consumer review sites.

73.     Twitter (NYSE: TWTR) is a public company and according to public records it is not affiliated with Defendants. Therefore, just like every other independant Twitter subscriber, Defendants must perform an overt act to take a users post from PissedConsumer.com and place it onto Twitter. It is unequivocal that Twitter does not on its on accord take postings from PissedConsumer.com and "tweet" them without any initiation, participation, or management by PissedConsumer.com.

74.    Each Twitter post by Defendants is a unique statement authored and made directly by Defendants and can be accessed by any one of Twitter's 271 million subscribers.

75.    Pissed Consumer's Tweets are separate and distinct from user postings on PissedConsumer.com. Indeed, PissedConsumer.com must control, modify, vary  and manage the user's posting to fit the one-hundred and forty (140) charachter limit that is strictly enforced by Twitter. This too cannot be automatically manipulated without direct initiation, particpation, and modification by PissedConsumer.com and the manager of PissedConsumer.com's Twitter handle.

76.    Indeed, as set forth above, PissedConsumer.com requires a *minimum* one-hundred (100) *word* complaint. Therefore, it is impossible for PissedConsumer.com to "automatically" condense a one-hundred (100) *word* complaint into one-hundred and forty (140) *charachters* and place it onto Twitter without manipulation, modification, and managment by PissedConsumer.com.

77.    Tweets are sent as if they were written by Defendants from Defendant's unique Twitter handle @PissedConsumer.

78.    Defendants' Tweets about ROCA include but are not limited to:

      A.    "@RocaLabs Don't buy antyhing [sic] from Roca Labs they just sell a regular shake"



B. "Doesn't Work!!! I can't believe I really thought this would work! Save your money"



C. WILL NOT PROCESS PROMISED REFUND, LIED TO BY CUSTOMER SERVICE AGENTS REGARDING PROMISED REFUND" (*See* **Exhibit "E" Twitter Postings**).



78.     Defendants' Tweets about ROCA were created and developed by Defendants. Without Defendants' involvement (whether manual or automated), the subject tweets do not exist.

79.     Defendant's Tweets come directly from @PissedConsumer without any third party attribution; however, if there is a third-party managing the foregoing Twitter handle, it is done at the direction of PissedConsumer.com, and is thus managed and controlled by PissedConsumer.com.

80.     In making a Tweet, Defendants will add ROCA's Twitter handle "@RocaLabs" to further exploit ROCA. Adding another "handle" such as @RocaLabs is not something Twitter automatically does and is unequivocally done by PissedConsumer.com. This is further manipulation of the original content by PissedConsumer.com.

81.     In making a Tweet, Defendants add a "tinyurl.com" link. This action is to conform with the character limit of Twitter, and thus changes, modifies, controls, and manages the original content obtained from the user on PissedConsumer.com. This is further manipulation of the original content by PissedConsumer.com.

82.     Defendants are the author/creator/developer, publisher and marketer of its Tweets. Twitter does not control or manage PissedConsumer.com's Twitter account.

Defendants, wrote, Tweeted, and published false and defamatory statements about ROCA for their own financial gain.

83.     Defendants use Twitter as a marketing tool to promote PissedConsumer.com. Defendants have more than 3,400 followers on Twitter and follow more than 3,700 people. Defendants have selected more than 190 Tweets as favorites.



84.     Further, Defendants also employ a network of agents who tweet false, negative and malicious information about ROCA. For example Marc Randazza, Defendants' retained counsel, posted the following tweet about Roca Labs: "Some fucker put Roca Labs' shit in my kids candy bag!"



85.     The above Tweet is then *favorited* by Defendants' agent Ron Coleman, another retained counsel for Defendants, thereby further lending credibility to the content of the tweet and exposing the tweet to a wider audience.



86.     ROCA has contacted Defendants on numerous occasions to complain about these types of postings, but Defendants have refused to take any action or remove these postings. ROCA's notices to Defendants satisfy the requirements of Florida Statutes Chapter 770.

87.     Defendants, directly and through their agents, continue to unfairly and maliciously publish these false, defamatory, inaccurate, abusive, offensive material about Roca despite requests to have them removed.

88.     Defendants deliberately publishes false, defamatory, misleading, false, and inaccurate content on PissedConsumer.com that is created by Defendants.  PissedConsumer.com publishes that "Roca Labs has been on the market since 1988," that ROCA's average customer has suffered $2,100 in losses and that total customer losses exceed $110,000.

89.     According to Defendants, more than 160,000 people have viewed the postings on PissedConsumer.com about ROCA.



90.     The number of complaints, claimed losses and average loss are defamatory, false and misleading statistics created and published by Defendants.

91.     Defendants present data and information on companies in varying forms and formats in order to maximize profits from companies that are complained about on the subject website. Defendants do so without performing any due diligence that may verify facts or untruths.

92.     Upon information and belief, companies that pay Defendants for their business services are treated in a different manner than those who refuse to pay for business services (*i.e.* acquiesce to Defendants' blackmail).

93.     Upon information and belief, American Income Life Insurance Company ("American Life Insurance") is an example of one company out of potentially thousands that are paying or paid Defendants to have their business treated differently on PissedConsumer.com.



94.     If a company agrees to PissedConsumer's "online reputation management," that company is treated very differently than those businesses, such as Plaintiff, who refuse to pay money to Defendants.

95.     As illustrated above, American Income Life Insurance is not a subdomain of Defendants, so their name is not submitted to search engines such as Google, Bing, or Yahoo! in a blackhat fashion by Defendants in an attempt to draw more attention to their website (pissedconsumer.com/company/american-income-life.html   v.   roca-labs.pissedconsumer.com).

This results in complaints about American Life Insurance being found less by those search engines, if at all, and thereby found less by customers and potential customers.

96.     As illustrated above, American Life Insurance does not have a graphic created by Defendants that illustrates the number of complaints, claimed losses, average losses, or resolutions. American Life Insurance's Complaint and Review page does not include an icon created by Defendants to solicit "business solutions."

97.     As illustrated above, American Life Insurance has a section of "testimonials" which appear before any negative consumer items. This testimonial section is not made available to Plaintiff or any other company that does not agree to pay Defendants.

98.     Simply put, Defendants create web pages and the content on these pages about ROCA to maximize the amount of false, defamatory and misleading information, and disseminate the same information throughout the internet. This is done in order to sell ROCA their business services, which is nothing more than PissedConsumer.com agreeing to remove or hide the negative, defamatorycontent they created, festered, controlled, managed, and spread throughout the internet. If ROCA does not capitulate to the payment scheme, then PissedConsumer.com has a set of protocols to ensure ROCA lives to regret not choosing to pay them off.

99.     In addition to their own false content, Defendants co-author false and misleading complaints in order to generate profits from complaints.

100.    As described in preceding paragraphs, Defendants co-author with its users false and defamatory complaints about ROCA to increase their revenue and profits.

101.    Defendants sell reputation management to companies to assist them in maintaining their online reputation. As detailed above, Defendants create, control, and manage the very reputation issues from which companies suffer due to the actions of PissedConsumer.com.

102.    Defendants recognize the damage that a posting on its site can have on the reputation, brand, sales, revenue, customer base and goodwill of a company.

Defendants see this as an opportunity to profit off the complaints that it co-authors, controls, manipulates, modifies, and manages.

103.    Defendants openly market their ability to manage online complaints and offer to "convert customer complaints into a powerful customer relations tool."



## Convert complaints into a powerful customer relations tool

Increase consumer contact to improve experiential quality and brand image.
Create brand and shareholder value with enhanced customer service.



- Opinion Corp is the leader in customer service and consumer advocacy since 2006.
- We utilize our extensive experience and proprietary technologies to help our clients.
- For each client we design custom solutions that are right for their needs.

Contact Us For a Free Quote

Copyright © 2006–2015 Opinion Corp. All rights reserved.          Email: support@opinion-corp.com   Phone: 646-490-1356

104.    Contrary to Defendant's own statements on their website, Defendants will not allow ROCA to communicate to its users unless it subscribes to Defendant's reputation management services, *i.e.*, unless ROCA pays Defendants.

105.    Defendants statements about its ability to resolve complaints and act as a consumer advocate are false and misleading as they incorrectly lead users to believe that Defendants will help to resolve the issue complained of, when in fact Defendants are using complaints to generate new reputation management customers.

106.    PissedConsumer.com, by and through Defendants, also misleadingly states that it provides the option for users to have the company in which they are complaining about contact them.



107.    Defendants mislead users into thinking that it can resolve complaints and has a service or system to assist consumers in complaint resolution.

ROCA has not received any communication from Defendants attempting to mediate or resolve complaints.

108.    Defendants through their website have attempted to sell ROCA reputation management services.

109.    Defendants will not release the names of any of its posters to ROCA, and ROCA cannot attempt to resolve complaints.

110.    Complaints posted about ROCA on PissedConsumer.com are used by Defendants to sell ROCA business services and not to resolve any alleged consumer issues.

111.    PissedConsumer.com, by and through Defendants, publishes that it is a consumer advocacy site and that it will attempt to bring complaints to a resolution, when in truth it does nothing.

112.    According to Defendant's marketing materials "PissedConsumer.com Helps Consumers Get More From Consumer Complaints." (***See* Exhibit "B"**).

113.    Pissed Consumer describes itself as a consumer advocacy business and represents to users that it can resolve their complaints with Companies.

114.    According to their marketing materials, Pissed Consumer, by and through Defendants,  "offers a set of free tools necessary to bring customer disputes to a fast and successful resolution, including a consumer complaint letter generator and collection of consumer tips and advice in the site's consumer advocacy section" (***See* Exhibit "B"**).

115.    In generating complaint letters Defendants are the author or at a minimum the co-author of the content.  In their marketing materials, Defendants state:

> "Complaint letters still have the power to effectively bring a resolution to the problem, if they're written in a serious and professional manner detailing the precise problem and exactly what the consumer would like the company to do to rectify the

situation, rather than simply exchanging heated words. Our free tool aims to help consumers achieve exactly that; a successful resolution to their complaints." The computer-generated consumer complaint letters contain all vital information, including:

    A.    Date of the complaint filing

    B.    Complainant's name and address

    C.    Name and address of the recipient of the complaint

    D.    Complaint title and details

    E.    Information for the recipient of the complaint regarding how to proceed in resolving the issue to the satisfaction of the complainant" (**See Exhibit "B"**).

116.    Defendants' complaint letter generator is similar to their online complaint form described in the above paragraphs.

117.    In creating a system to generate a complaint letter or a complaint form Defendants become the co-author or developer of the user's content.

118.    When writing a post, users are given the option to pay for a "Premium Review." Under this option a user can pay Defendants a fee to have their posting prominently displayed on PissedConsumer.com's homepage.



119.   PissedConsumer.com, by and though Defendants, is functioning as an advertising platform where people can pay to have their complaints seen by individuals who access the PissedConsumer.com site and other websites and marketing programs of Defendants.

According to Defendants, more people see Premium Reviews. This demonstrates that Defendants control the content and the ability of individuals to be exposed to the content in a variety of ways.

120.   According to the Terms and Conditions on PissedConsumer.com, users "will NOT post on PC any defamatory, inaccurate, abusive, obscene, profane, offensive, threatening, harassing, racially offensive, spam, or illegal material, or any material that infringes or violates another party's rights (including, but not limited to, intellectual property rights, and rights of privacy and publicity). You will use PC in a manner consistent with any and all applicable laws and regulations. By posting information on PC, you warrant and represent that the information is truthful and accurate" (*See* Exhibit **"D"**).

121.   The foregoing clause is not upheld or otherwise enforced by Defendants.

122.   Defendants violate their own published terms by creating and publishing information about ROCA such as a false and misleading number of complaints, value of complaints, and total losses.

123.   Defendants allow PissedConsumer.com users to violate its Terms and Conditions and post defamatory, inaccurate, abusive, offensive material about ROCA on its website. Defendants have developed its business to maximize the exposure of complaints to as wide an audience as possible. Simply stated, Defendants destroy the reputation of a company for the sole purpose of eventually entering into a fee agreement whereby the company will pay PissedConsumer.com and the Defendants to stop the harm and damage.

124.   Defendants authored or co-authored the following statements on PissedConsumer.com about ROCA:

> D.   This product sucks. It's expensive, horrible to drink & doesn't do nothing (*See* Review #506944 by anonymous).
>
> E.   This business is a total fraud. BEWARE! (*See* Review #490848 by anonymous).
>
> F.   Roca Labs - Got scammed and sick from this JUNK (*See* Review #482648 by anonymous).
>
> G.   Roca Labs - Run don't walk away from this one! SCAM!! (*See* Review #487885 by anonymous).
>
> H.   The Company is full of lies and deceit (*See* Review #482585 by anonymous).
>
> I.   DO NOT TRUST THESE PEOPLE. They are CROOKS (*See* Review #480448 by anonymous).
>
> J.   Roca Labs - Don't buy antyhing [sic] from Roca Lab they just sell a regular shake they are stealing your money (*See* Review #475672 by anonymous).

K.  I have a friend working in the warehouse of this product, he told me that is unsanitary they don't use gloves and hair nets to assemble the packages which comes with containers and spoons, and the product is a fraud doesn't work! (*See* Review #475672 by anonymous).

L.  Roca Labs is a SCAM (*See* Review #432655 by anonymous).

M.  Roca Labs- Product and company are PURE SCAM (*See* Review #413698 by anonymous).

N.  You have a better chance of feeling full if you swallowed a glass of liquid cement and let it harden in your stomach. Do not waste your time, energy or money on them. (*See* Review #413698 by anonymous).

(*See* **Exhibit "F," Content/ Postings on PissedConsumer.com**)

125.    Defendants claim that the above statements were made by "anonymous" individuals.  Upon information and belief the statements were either co-authored by Defendants or fabricated out of whole cloth by Defendants.

126.    Upon information and belief Defendants knew the statements in Paragraph 125 were false at the time posted on pissedconsumer.com, but ignored their veracity to increase pissedconsumer.com users and revenues.

127.    Defendants' employees, servants, agents all acted within the course and scope of their respective employment and at the direction of Defendants and/or at all times in the interests of the Defendants.

128.    As part of Defendant's scheme to extract money from ROCA, Defendants, directly and through their agents, have attempted to smear ROCA in the media and protect their "pay to protect your reputation" scheme under the guise of "free speech."

129.    Defendants have attempted to solicit individuals to sue ROCA and have also made false and misleading statements about ROCA in order to wage legal war against Roca.



130.     Defendants false claim that ROCA has filed a SLAPP suit against them, despite the fact that they are aware there is no SLAPP law in the State of Florida that would afford them any protection. As Marc Randazza, attorney for Defendants, previously wrote in a law review article "States, like Florida ... have anemic statutes that are rarely, if ever, applicable, and limit their protections to narrow groups of people."[1]

131.     As part of their smear campaign about ROCA and to further line their own coffers, Defendants fabricated a story about ROCA including deceiving the public that ROCA initiated legal action against Defendants. In truth, Defendants initially sued Plaintiff in Federal Court in New York, which is amply supported by public court records.  Defendants also filed a second suit against ROCA in the Southern District of Florida.  These malicious statements were made to have the Defendants seem sympathetic or innocent and to deceive the general public into giving money to Defendants.  The smear campaign demonstrates that defendants acts are malicious, deliberate and designed to harm ROCA.

132.     Defendants describe ROCA as a company that "silence you [ROCA's customers] through fear and intimidation" without any factual basis.

133.     Defendants continued their smear campaign against ROCA by stating that ROCA was in imminent risk of government closure. Defendants stated on several occasions that ROCA

---

[1] Marc Randazza, *The Need for a Unified and Cohesive National Anti-Slapp Law*, Oregon Law Review Vol. 91 (2012) 627.

was "desperate to sell as many of its tubs of goo to the public as it can before regulatory agencies come knocking, does its best to bully its former customers into silence."

134. Defendants deployed a network of agents and affiliates to further disseminate false and malicious statements about ROCA.

135. All of the foregoing demonstrates Defendants overall scheme: spread false, malicious and harmful misrepresentations and lies about ROCA unless and until it agrees to pay Defendants *hush* money to keep these statements off their website.

136. ROCA is not the lone victim; upon information and belief Defendants have employed this scheme against hundreds, perhaps thousands, of other businesses. and are making millions of dollars annually by selling "reputation management."

## COUNT I
## DECEPTIVE & UNFAIR TRADE PRACTICES
## AGAINST CONSUMER OPINION CORP

137. ROCA realleges and incorporates the allegations of paragraphs 1 through 136 as though fully set forth herein and sues Defendant CONSUMER OPINION CORP ("OPINION") for Deceptive and Unfair Trade Practices as follows:

138. Pursuant to Florida Statute Section 501.204(1) as part of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), it is unlawful for any party to engage in unfair or deceptive acts or practices in the conduct of any trade or commerce.

139. Defendant OPINION, falsely purports to serve the community as a reputable consumer advocacy group via its website PissedConsumer.com ("subject website").

140. The subject website states their purpose is to allow users to "get your whole issue resolved and share your experience with the world."

35

141.   The subject website claims that it can help bring consumer disputes to a "fast and successful resolution" (*See* **Exhibit "B"**).

142.   Instead, Defendant OPINION uses complaints to sell advertising space on its subject website to its users and sell reputation management services to companies.

143.   Defendant OPINION states that it will contact the company against whom a complaint is being made.

144.   Defendant OPINION has never contacted ROCA to attempt to resolve any complaints and instead, the Defendant OPINION has taken the opposite action and has rebuffed communications from ROCA to resolve problems.

145.   Defendant OPINION further states that PissedConsumer.com "improves the interactive relationship between corporation and consumer, thereby improving the clients' bottom line."

146.   Defendant OPINION's subject website has done nothing to improve the relationship between ROCA and its customers and has only hurt ROCA's monetary profits and reputation.

147.   By publishing false statements about its services on the subject website, the Defendant OPINION engages in deceptive and unfair practices.

148.   Additionally, through their Terms and Conditions posted on their subject website, Defendant OPINION states that it "will not publish false, defamatory, inaccurate or other types of statements."

149.   Defendant OPINION knowingly and intentionally violates this policy and allows false, defamatory and inaccurate statements about ROCA on its subject website.

150.    Statements on PissedConsumer.com about ROCA include, but are not limited to:

O.  This product sucks. It's expensive, horrible to drink & doesn't do nothing (*See* Review #506944 by anonymous).

P.  This business is a total fraud. BEWARE! (*See* Review #490848 by anonymous).

Q.  Roca Labs - Got scammed and sick from this JUNK (*See* Review #482648 by anonymous).

R.  Roca Labs - Run don't walk away from this one! SCAM!! (*See* Review #487885 by anonymous).

S.  The Company is full of lies and deceit (*See* Review #482585 by anonymous).

T.  DO NOT TRUST THESE PEOPLE. They are CROOKS (*See* Review #480448 by anonymous).

U.  Roca Labs - Don't buy antyhing [sic] from Roca Lab they just sell a regular shake they are stealing your money (*See* Review #475672 by anonymous).

V.  I have a friend working in the warehouse of this product, he told me that is unsanitary they don't use gloves and hair nets to assemble the packages which comes with containers and spoons, and the product is a fraud doesn't work! (*See* Review #475672 by anonymous).

W.  Roca Labs is a SCAM (*See* Review #432655 by anonymous).

X.  Roca Labs- Product and company are PURE SCAM (*See* Review #413698 by anonymous).

Y.  You have a better chance of feeling full if you swallowed a glass of liquid cement and let it harden in your stomach. Do not waste your time, energy or money on them. (*See* Review #413698 by anonymous).

**(*See* Exhibit "F," Content/ Postings on PissedConsumer.com)**

151.    By publishing these statements on the subject website, the Defendant OPINION violates its own Terms and Conditions published on subject website and engages in deceptive and unfair practices.

152.    Defendant OPINION deliberately publishes false, defamatory, misleading, false, and inaccurate content on PissedConsumer.com that is created by Defendant OPINION. PissedConsumer.com publishes that ROCA's average customer has suffered $2,100 in losses and that total customer losses exceed $110,000.

153.    According to Defendant OPINION, more than 160,000 people have viewed the postings on PissedConsumer.com about ROCA.



154.    The number of complaints, claimed losses and average loss are defamatory, false and misleading statistics created and published by Defendant OPINION. By publishing these statements on the subject website, the Defendant OPINION violates its own Terms and Conditions published on subject website and engages in deceptive and unfair practices.

155.    This information posted by Defendant OPINION is false and to the best of ROCA's knowledge, the Defendant OPINION has done nothing to verify the claims of any user.

156.    By publishing false statements that it monitors consumer losses, determines the average loss per customer, Defendant OPINION engages in deceptive and unfair practices.

157.    Additionally, Defendant OPINION has made false and defamatory statements about ROCA via Twitter. Statements include but are not limited to:

> Z.  @RocaLabs Don't buy antyhing [sic] from Roca Labs they just sell a regular shake
>
> AA.    Doesn't Work!!! I can't believe I really thought this would work! Save your money
>
> BB.    WILL NOT PROCESS PROMISED REFUND, LIED TO BY CUSTOMER SERVICE AGENTS REGARDING PROMISED REFUND
>
> (*See* **Exhibit "E"**)

158.    By publishing these statements on Twitter the Defendant OPINION, engages in deceptive and unfair practices.

159.    Defendant OPINION claims that it "has been a leader in customer service and consumer advocacy since 2006" and that it "operates the consumer review site PissedConsumer.com, one of the highest ranking and best regarded consumer review sites on the Internet" (*See* **Exhibit "B"**).

160.    PissedConsumer.com was in fact removed from Google's index for violations of Google's policies and they have been repeatedly sued for their business practices.   There are hundreds of negative articles about Pissed Consumer online and in *Ascentive v. Opinion Corp*., 842 F Supp. 2d 450, Dist. Court, ED NY, the Court found that aspects of Pissed Consumers business were "troubling and perhaps unethical."

161.    By publishing false statements about its own esteem and reputation, the Defendant OPINION engages in deceptive and unfair practices.

162.    Defendant OPINION markets and promotes PissedConsumer.com as an unbiased consumer review site and that it allows consumers to "make better choices" about companies and products (***See* Exhibit "B"**).

163.    The subject website is in fact a "gripe site" and is a broad forum for posting false, inaccurate, malicious and defamatory content.

164.    On its face, the name "pissed consumer" is not unbiased, but is a clear statement that a consumer is mad or "pissed" at someone or something.

165.    By publishing false statements about its business purpose, Defendant OPINION engages in deceptive and unfair practices.

166.    Defendant OPINION engages in deceptive search engine optimization practices often referred to as "black hat" SEO techniques to deceive search engines and the public into thinking a relationship exists between ROCA and Defendant OPINION.

167.    Defendant OPINION created the subdomain www.roca-labs.pissedconsumer.com in an effort to deceive the public and search engines such as Google, Bing and Yahoo!.

168.    The use of the subdomain roca-labs.pissedconsumer.com is akin to brand piracy or identity theft and is done by Defendant OPINION to increase revenues.

169.    According to Site Dossier, pissedconsumer.com has more than 12,000 sites on the domain. In comparison, the Nytimes.com has approximately 500 sites, Target.com has 123 sites and People.com has 46 sites.

170.    The sole purpose of this vast network of sites is to deceive the public so that they visit PissedConsumer.com and generate more profit for Defendant OPINION.

171.    Defendant OPINION also sells "reputation management" to businesses, whereby Defendant OPINION will not create a deceptive subdomain if it is paid. Essentially, Defendant OPINION engage in a business scheme that is akin to blackmail; this is all accomplished under the guise of "reputation management."

172.    Defendant OPINION attempted to sell reputation management services to ROCA.

173.    By using subdomains and then charging businesses for the removal of a subdomain, Defendant OPINION engages in deceptive and unfair practices.

174.    Pursuant to Florida Statutes Section 501.211(1), "anyone aggrieved by a violation" of the FDUTPA may bring a claim under FDUTPA to enjoin a party that has violated, is violating, or is likely to violate FDUTPA.

175.    As a result of Defendant OPINION's unfair and deceptive practices, ROCA has incurred damages.

176.    Pursuant to Florida Statutes Section 501.211(2) provides that any action brought by an aggrieved party, wherein such party has suffered a loss as a result of violation of FDUTPA, such party may recover actual damages, plus attorneys' fees and court costs.

WHEREFORE, Plaintiff ROCA LABS, INC. respectfully requests that this Honorable Court declare that Defendant CONSUMER OPINION CORP's conduct violates FDUTPA, and further grant temporary and permanent injunctive relief against the violating conduct, and award ROCA LABS, INC. with an amount fair and just to account for its money damages in excess of one million dollars ($1,000,000.00), interest, reasonable attorneys' fees, and costs incurred herein, and for such other relief as this court deems just and proper.

**COUNT II**
**DECEPTIVE AND UNFAIR TRADE PRACTICES**
**AGAINST OPINION CORP. D/B/A PISSEDCONSUMER.COM**

177.    ROCA realleges and incorporates the allegations of paragraphs 1 through 136 as though fully set forth herein and sues Defendant OPINION CORP. d/b/a PissedConsumer.com ("PISSED") for Deceptive and Unfair Trade Practices as follows:

178.    Pursuant to Florida Statute Section 501.204(1) as part of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), it is unlawful for any party to engage in unfair or deceptive acts or practices in the conduct of any trade or commerce.

179.    Defendant PISSED falsely purports to serve the community as a reputable consumer advocacy group via its website PissedConsumer.com ("subject website").

180.    The subject website states their purpose is to allow users to "get your whole issue resolved and share your experience with the world."

181.    The subject website claims that it can help bring consumer disputes to a "fast and successful resolution" (**See Exhibit "B"**).

182.    Instead, Defendant PISSED uses complaints to sell advertising space on its subject website to its users and sell reputation management services to companies.

42

183.    Defendant PISSED states that it will contact the company against whom a complaint is being made.

184.    Defendant PISSED has never contacted ROCA to attempt to resolve any complaints and instead, the Defendant PISSED has taken the opposite action and has rebuffed communications from ROCA to resolve problems.

185.    Defendant PISSED further states that PissedConsumer.com "improves the interactive relationship between corporation and consumer, thereby improving the clients' bottom line."

186.    Defendant PISSED's subject website has done nothing to improve the relationship between ROCA and its customers and has only hurt ROCA's monetary profits and reputation.

187.    By publishing false statements about its services on the subject website, the Defendant PISSED engages in deceptive and unfair practices.

188.    Additionally, through their Terms and Conditions posted on their subject website, Defendant PISSED states that it will not publish false, defamatory, inaccurate or other types of statements.

189.    Defendant PISSED knowingly and intentionally violates this policy and allows false, defamatory and inaccurate statements about ROCA on its subject website. Statements on PissedConsumer.com about ROCA include, but are not limited to:

CC.    This product sucks. It's expensive, horrible to drink & doesn't do nothing (*See* Review #506944 by anonymous).

DD.    This business is a total fraud. BEWARE! (*See* Review #490848 by anonymous).

EE. Roca Labs - Got scammed and sick from this JUNK (*See* Review #482648 by anonymous).

43

FF. Roca Labs - Run don't walk away from this one! SCAM!! (*See* Review #487885 by anonymous).

GG.    The Company is full of lies and deceit (*See* Review #482585 by anonymous).

HH.    DO NOT TRUST THESE PEOPLE. They are CROOKS (*See* Review #480448 by anonymous).

II. Roca Labs - Don't buy antyhing [sic] from Roca Lab they just sell a regular shake they are stealing your money (*See* Review #475672 by anonymous).

JJ. I have a friend working in the warehouse of this product, he told me that is unsanitary they don't use gloves and hair nets to assemble the packages which comes with containers and spoons, and the product is a fraud doesn't work! (*See* Review #475672 by anonymous).

KK.    Roca Labs is a SCAM (*See* Review #432655 by anonymous).

LL. Roca Labs- Product and company are PURE SCAM (*See* Review #413698 by anonymous).

MM.    You have a better chance of feeling full if you swallowed a glass of liquid cement and let it harden in your stomach. Do not waste your time, energy or money on them. (*See* Review #413698 by anonymous).

**(*See* Exhibit "F" for Content/Postings on PissedConsumer.com)**

190.    By publishing these statements on the subject website, the Defendant PISSED violates its own Terms and Conditions that it publishes on subject website and engages in deceptive and unfair practices.

191.    Defendant PISSED deliberately publishes false, defamatory, misleading, false, and inaccurate content on PissedConsumer.com that is created by Defendant PISSED. PissedConsumer.com publishes that ROCA's average customer has suffered $2,100 in losses and that total customer losses exceed $110,000.

192.    According to Defendant PISSED, more than 160,000 people have viewed the postings on PissedConsumer.com about ROCA.



193.    The number of complaints, claimed losses and average loss are defamatory, false and misleading statistics created and published by Defendant PISSED. By publishing these statements on the subject website, the Defendant PISSED violates its own Terms and Conditions published on subject website and engages in deceptive and unfair practices.

194.    This information posted by Defendant PISSED is false, and to the best of ROCA's knowledge, the Defendant PISSED has done nothing to verify the claims of any user.

195.     By publishing false statements that it monitors consumer losses, determines the average loss per customer, Defendant PISSED engages in deceptive and unfair practices.

196.     Additionally, Defendant PISSED has made false and defamatory statements about ROCA via Twitter. Statements include but are not limited to:

> NN.     @RocaLabs Don't buy antyhing [sic] from Roca Labs they just sell a regular shake
>
> OO.     Doesn't Work!!! I can't believe I really thought this would work! Save your money
>
> PP. WILL NOT PROCESS PROMISED REFUND, LIED TO BY CUSTOMER SERVICE AGENTS REGARDING PROMISED REFUND
>
> (*See* **Exhibit "E"**).

197.     By publishing these statements on Twitter, the Defendant PISSED engages in deceptive and unfair practices.

198.     Defendant PISSED claims that it "has been a leader in customer service and consumer advocacy since 2006" and that it "operates the consumer review site PissedConsumer.com, one of the highest ranking and best regarded consumer review sites on the Internet" (*See* **Exhibit "B"**).

199.     PissedConsumer.com was in fact removed from Google's index for violations of Google's policies, they have been repeatedly sued for their business practices, there are hundreds of negative articles about Pissed Consumer online and in *Ascentive v. Opinion Corp.*, 842 F Supp. 2d 450, Dist. Court, ED NY, the Court found that aspects of Pissed Consumers business were "troubling and perhaps unethical."

200.    By publishing false statements about its own esteem and reputation, the Defendant PISSED engages in deceptive and unfair practices.

201.    Defendant PISSED markets and promotes PissedConsumer.com as an unbiased consumer review site and that it allows consumers to "make better choices" about companies and products.

202.    The subject website is in fact a "gripe site" and is a broad forum for posting false, inaccurate, malicious and defamatory content.

203.    On its face, the name "pissed consumer" is not unbiased, but is a clear statement that a consumer is mad or "pissed" at someone or something.

204.    By publishing false statements about its business purpose, Defendant PISSED engages in deceptive and unfair practices.

205.    Defendant PISSED engages in deceptive search engine optimization practices often referred to as "black hat" SEO techniques to deceive search engines and the public into thinking a relationship exists between ROCA and Defendant PISSED.

206.    Defendant PISSED created the subdomain www.roca-labs.pissedconsumer.com in an effort to deceive the public and search engines such as Google, Bing and Yahoo!.

207.    The use of the subdomain roca-labs.pissedconsumer.com is akin to brand piracy or identity theft and is done by Defendant PISSED to increase revenues.

208.    According to Site Dossier, pissedconsumer.com has more than 12,000 sites on the domain. In comparison, Nytimes.com has approximately 500 sites, Target.com has 123 sites, and People.com has 46 sites.

209.    The sole purpose of this vast network of sites is to deceive the public so that they visit PissedConsumer.com and generate more profit for Defendant PISSED.

Defendant PISSED also sells "reputation management" to businesses, whereby Defendant PISSED will not create a deceptive subdomain if it is paid.  Essentially, Defendant PISSED engage in a business scheme that is akin to blackmail; this is all accomplished under the guise of "reputation management".

210.    Defendant PISSED attempted to sell reputation management services to ROCA. By using subdomains and then charging businesses for the removal of a subdomain, Defendant PISSED engages in deceptive and unfair practices.

211.    Pursuant to Florida Statutes Section 501.211(1), "anyone aggrieved by a violation" of the FDUTPA may bring a claim under FDUTPA to enjoin a party that has violated, is violating, or is likely to violate FDUTPA.

212.    As a result of Defendant PISSED's unfair and deceptive practices, ROCA has incurred damages.

213.    Pursuant to Florida Statutes Section 501.211(2) provides that any action brought by an aggrieved party, wherein such party has suffered a loss as a result of violation of FDUTPA, such party may recover actual damages, plus attorneys' fees and court costs.

WHEREFORE, Plaintiff ROCA LABS, INC. respectfully requests that this Honorable Court declare that Defendant OPINION CORP d/b/a/ PissedConsumer.com conduct violates FDUTPA, and further grant temporary and permanent injunctive relief against the violating conduct, and award ROCA LABS, INC. with an amount fair and just to account for its money

damages in excess of one million dollars ($1,000,000.00), interest, reasonable attorneys' fees, and costs incurred herein, and for such other relief as this court deems just and proper.

**COUNT III**
**TORTIOUS INTERFERENCE WITH  ROCA's CONTRACTUAL RELATIONSHIPS AGAINST CONSUMER OPINION CORP**

214.    ROCA realleges and incorporates the allegations of paragraphs 1 through 136 as though fully set forth herein and sues Defendant CONSUMER OPINION CORP. ("OPINION") for Tortious Interference with Roca's Contractual Relationship with ROCA's clients as follows:

215.    ROCA has a valid contractual relationship with its customers to purchase weight loss products at a significant discount.

216.    As partial consideration for the discounted price, ROCA's customers contractually agree ("subject contract") to the following language:

> B.    "You agree that regardless of your outcome, you WILL NOT speak, publish, print, blog or write negatively about The Product or The Company in any way
>
> C.  Any violation of this provision of the Agreement is deemed a material breach and you agree that The Company has no adequate remedy at law.  You further consent to and agree to entry of an injunction by a Court of competent jurisdiction in enforcement of your violation of this term and condition" (***See* Exhibit "A"**).

217.    The subject contract further includes a provision that the customer will pay full price for the product should they violate this term.

218.    ROCA's customers willingly entered into this subject contract and willingly received the discount by making their purchase.

49

220.    Upon information and belief, ROCA's customers have posted anonymously on Defendant Opinion subject website "PissedConsumer.com" (*See* **Exhibit "F"**).

221.    Defendant OPINION knows the identity of ROCA's customers that have posted negative comments on their subject website, but Defendant OPINION has refused to identify same to ROCA.

222.    ROCA has notified Defendant OPINION of the subject terms of ROCA's contractual relationship with its customers (*See* **notice attached as Exhibit "G"**).

223.    Evidence of the Defendant OPINION's knowledge of said contractual terms is further reflected through posts on its subject website including: "EVERYONE INTERESTED IN THIS PRODUCT PLEASE READ ROCA LABS terms and conditions agreement that they claim everyone must agree to when ordering the product!!!!!! MANY fees involved, such as the agreement NOT to COMMENT NEGATIVELY OR full price of product will be due which is $1,580, disputing future transactions (with your debit/credit card) fee up to $3,200 and commenting negatively on web defamation/slander fee of $100,000!!!!!!!!!!!!!!!!!" (*See* **Review #485660 by anonymous part of Composite Exhibit "F"**).

224.    Defendant OPINION intended to convince and induce ROCA's customers to breach their contract with ROCA by posting negative comments on their subject website and in exchange Defendant OPINION misrepresented it would resolve the customer's problem with ROCA.

225.    Defendant OPINION encouraged ROCA's customers to "get your whole issue resolved and share your experience with the world" in direct breach of ROCA's contractual relationship.

226.    Defendant OPINION in fact announced to the world via Twitter statements about ROCA, but did nothing to resolve the issue between ROCA and its customers.

227.    Defendant OPINION was not authorized nor has any legal right to claim privilege for inducing the breach of ROCA and its customers valid contractual agreement.

228.    Defendant OPINION has through selective posting of negative comments on the subject website intentionally, willfully, wantonly and maliciously induced  customers of Roca to breach their present and possible future dealings with ROCA which has and will continue to have a major detrimental economic impact on the services and reputation of  ROCA.

229.    Defendant OPINION makes no equivocations to alert the reader that the statements posted on its website are merely opinion.  Rather, OPINION intentionally, willfully ,wantonly and maliciously induces existing and potential customers to believe specific factual statements posted by OPINION about ROCA'S services are true when in fact OPINION knew or should have known such statements where untrue and with a intentional disregard for the truth posted the same which caused serious irreputible damage to ROCA's reputation and business.

230.    As a direct and proximate result of Defendant OPINION's actions, ROCA's customers breached their valid contract by placing negative postings on PissedConsumer.com.

231.    As a direct and proximate result of Defendant OPINION's intentional and unjustified interference, ROCA has suffered non-monetary and monetary damages.

WHEREFORE, Plaintiff ROCA LABS, INC. respectfully requests that this Honorable Court declare that Defendant CONSUMER OPINION CORP. has tortiously interfered with ROCA's valid contractual relationship with its customers, and further grant temporary and permanent injunctive relief against the violating conduct, and award ROCA LABS, INC. with an

amount fair and just to account for its money damages in excess of one million dollars ($1,000,000.00), interest, reasonable attorneys' fees,  and costs incurred herein, and for such other relief as this court deems just and proper.

**COUNT IV**
**TORTIOUS INTERFERENCE WITH  ROCA's CONTRACTUAL RELATIONSHIPS**
**AGAINST OPINION CORP. D/B/A PISSEDCONSUMER.COM**

232.    ROCA realleges and incorporates the allegations of paragraphs 1 through 136 as though fully set forth herein and sues Defendant OPINION CORP d/b/a PissedConsumer.com ("PISSED") for Tortious Interference with ROCA's Contractual Relationship with ROCA's clients as follows:

233.    ROCA has a valid contractual relationship with its customers to purchase weight loss products at a significant discount.

234.    As partial consideration for the discounted price, ROCAs customers contractually agree to the following language ("subject contract"):

A. "You agree that regardless of your outcome, you WILL NOT speak, publish, print, blog or write negatively about The Product or The Company in any way.

B. Any violation of this provision of the Agreement is deemed a material breach and you agree that The Company has no adequate remedy at law. You further consent to and agree to entry of an injunction by a Court of competent jurisdiction in enforcement of your violation of this term and condition" (*See* **Exhibit "A"**).

235. The subject contract further includes a provision that the customer will pay full price for the product should they violate this term.

236. ROCA's customers willingly entered into this contract and willingly received the discount by making their purchase.

237. A number of ROCA's customers, have posted anonymously on Defendant PISSED subject website "PissedConsumer.com" *(See* **Exhibit "F")**.

238. Defendant PISSED knows the identity of ROCA's customers that have posted negative comments on their subject website, but Defendant PISSED has refused to identify same to ROCA.

239. ROCA notified Defendant PISSED of the subject terms of ROCA's contractual relationship with its customers (*See* **Exhibit "G"**).

240. Evidence of the Defendant PISSED knowledge of said contractual terms is further reflected through posts on its subject website including: "EVERYONE INTERESTED IN THIS PRODUCT PLEASE READ ROCA LABS terms and conditions agreement that they claim everyone must agree to when ordering the product!!!!!! MANY fees involved, such as the agreement NOT to COMMENT NEGATIVELY OR full price of product will be due which is $1,580, disputing future transactions (with your debit/credit card) fee up to $3,200 and commenting negatively on web defamation/slander fee of $100,000!!!!!!!!!!!!!!!!!!" *(See* **Review #485660 by anonymous in Exhibit "F")**.

241. Defendant PISSED intended to convince and induce ROCA's customers to breach their contract with ROCA by posting negative comments on their subject website and in

exchange Defendant PISSED misrepresented it would resolve the customer's problem with ROCA.

242.    Defendant PISSED encouraged ROCA's customers to "get your whole issue resolved and share your experience with the world" in direct breach of ROCA's contractual relationship.

243.    Defendant PISSED in fact announced to the world via Twitter statements about ROCA, but did nothing to resolve the issue between ROCA and its customers.

244.    Defendant PISSED was not authorized nor has any legal right to claim privilege for inducing the breach of ROCA and its customers valid contractual agreement.

245.    As a direct and proximate result of Defendant PISSED's actions, ROCA's customers breached their valid contract by placing negative postings on PissedConsumer.com.

246.    As a direct and proximate result of Defendant PISSED's intentional and unjustified interference, ROCA has suffered non-monetary and monetary damages.

WHEREFORE, Plaintiff ROCA LABS. INC. respectfully requests that this Honorable Court declare that Defendant OPINION CORP d/b/a PissedConsumer.com has tortiously interfered with ROCA's valid contractual relationship with its customers, and further grant temporary and permanent injunctive relief against the violating conduct, and award ROCA LABS, INC. with an amount fair and just to account for its money damages in excess of one million dollars ($1,000,000.00), interest, reasonable attorneys' fees, and costs incurred herein, and for such other relief as this court deems just and proper.

## COUNT V
## TORTIOUS INTERFERENCE WITH A PROSPECTIVE ECONOMIC RELATIONSHIP
## AGAINST CONSUMER OPINION CORP

247.    ROCA realleges and incorporates the allegations of paragraphs 1 through 136 as

though fully set forth herein and sues Defendant CONSUMER OPINION CORP ("Opinion") for

Tortious Interference with ROCA's Prospective Economic Relationships as follows:

248.    ROCA derives it revenues through online sales of its product to consumers

looking to lose weight.

249.    ROCA has an actual prospective economic relationship with internet users that

search for ROCA and its products on search engines.

250.    ROCA's consumer view the prominent internet displays of Defendant OPINION

via its subject website,  PissedConsumer.com, Tweets posted by Pissed Consumer, and other

social media postings (Facebook, YouTube, etc.) and/or visit PissedConsumer.com.

251.    ROCA had an actual prospective economic relationship with numerous

consumers including but not limited to: Roger Mealey, Jr., Shellie Brady, Angela Harnage,

LaTanya Barreno, Roswitha Stone, and Kim Tarmann (collectively "Interfered Customers").

252.    Defendant OPINION is aware of the existence of ROCA's prospective economic

relationship with internet users who desire to purchase ROCA's weight loss products.

253.    Defendant OPINION, by and through its agents, servants, employees, whom acted

within the course and scope of their employment and/or at the direction of Defendant OPINION

and at all times in the interest of Defendant OPINION, intentionally solicits and interferes with

ROCA's prospective economic relationship with customers by actively soliciting, and then co-authoring negative posts and tweets against ROCA on its subject website.

254.    Defendant OPINION generates revenues from multiple avenues including, but not limited to: (1) developing, creating, publishing and marketing online content; (2) advertising; (3) maintaining a web platform for third party users/subscribers to post content; (4) transmitting and disseminating said content throughout the internet; (5) selling/leasing a portion of its internet sites to third parties; (6) operating a service to resolve complaints for consumers; and (7) selling online reputation management services to individuals and business.

255.    Interfered Customers have refused to order or cancelled orders from ROCA as a direct and proximate result of Defendant OPINION's intentional interference with said relationships via Defendant OPINION's negative postings against ROCA on its subject website and Tweets.

256.    The Interfered Customers indicated their willingness to purchase weight loss products from ROCA (*i.e.* enter purchase order agreements).

257.    ROCA would have sold products to the Interfered Customers (entered into our purchase order agreement), however the Interfered Customers indicated that they would not purchase ROCA's products because of negative reviews on Defendant OPINION's subject website and/or Tweets by Defendant.

258.    Defendant OPINION was not authorized nor has any legal right to claim privilege for inducing the disruption of ROCA and its prospective customers economic relationship.

259.    As a direct and proximate result of the Defendant OPINION's intentional and unjustified interference, ROCA has suffered non-monetary and monetary damages.

WHEREFORE, Plaintiff ROCA LABS, INC. respectfully requests that this Honorable Court declare that Defendant CONSUMER OPINION CORP. has intentionally disrupted/interfered with Roca's prospective economic relationships, and further grant temporary and permanent injunctive relief against the violating conduct, and award ROCA LABS, INC. with an amount fair and just to account for its money damages in excess of one million dollars ($1,000,000.00), interest, reasonable attorneys' fees, and costs incurred herein, and for such other relief as this court deems just and proper.

## COUNT VI
## TORTIOUS INTERFERENCE WITH A PROSPECTIVE ECONOMIC RELATIONSHIP AGAINST OPINION CORP

260. ROCA realleges and incorporates the allegations of paragraphs 1 through 136 as though fully set forth herein and sues Defendant OPINION CORP d/b/a PissedConsumer.com ("Pissed") for Tortious Interference with ROCA's Prospective Customer Economic Relationships as follows:

261. ROCA derives it revenues through online sales of its product to consumers looking to lose weight.

262. ROCA has an actual prospective economic relationship with internet users that search for ROCA and its products on search engines.

263. ROCA's consumer view the prominent internet displays of Defendant PISSED via its subject website, PissedConsumer.com, Tweets posted by Defendants, and other social media postings (Facebook, YouTube, etc.) and/or visit PissedConsumer.com.

264.     ROCA had an actual prospective economic relationship with numerous consumers including but not limited to: Roger Mealey, Jr., Shellie Brady, Angela Harnage, LaTanya Barreno, Roswitha Stone, and Kim Tarmann (collectively "Interfered Customers").

265.     Defendant PISSED is aware of the existence of ROCA's prospective economic relationship with internet users who desire to purchase ROCA's weight loss products.

266.     Defendant PISSED, by and through its agents, servants, employees, whom acted within the course and scope of their employment, intentionally solicit and interfere with ROCA's prospective economic relationship with customers by actively soliciting, and then co-authoring negative posts and tweets against ROCA on its subject website.

267.     Defendant PISSED generates revenues from multiple avenues including, but not limited to: (1) developing, creating, publishing and marketing online content; (2) advertising; (3) maintaining a web platform for third party users/subscribers to post content; (4) transmitting and disseminating said content throughout the internet; (5) selling/leasing a portion of its internet sites to third parties; (6) operating a service to resolve complaints for consumers; and (7) selling online reputation management services to individuals and business.

268.     Interfered Customers have refused to order or cancelled orders from ROCA as a direct and proximate result of Defendant PISSED's intentional interference with said relationships via Defendant PISSED's negative postings against ROCA on its subject website and Tweets.

269.     The Interfered Customers indicated their willingness to purchase weight loss products from ROCA (*i.e.* enter purchase order agreements).

270.    ROCA would have sold products to the Interfered Customers (entered into our purchase order agreement), however the Interfered Customers indicated that they would not purchase ROCA's products because negative reviews on Defendant PISSED's subject website or Tweets.

271.    Defendant PISSED was not authorized nor has any legal right to claim privilege for inducing the disruption of ROCA and its prospective customers economic relationship.

272.    As a direct and proximate result of the Defendant PISSED's intentional and unjustified interference, ROCA has suffered non-monetary and monetary damages.

WHEREFORE, Plaintiff ROCA LABS, INC. respectfully requests that this Honorable Court declare that Defendant OPINION CORP d/b/a PissedConsumer.com has intentionally disrupted/interfered with Roca's prospective economic relationships, and further grant temporary and permanent injunctive relief against the violating conduct, and award ROCA LABS, INC. with an amount fair and just to account for its money damages in excess of one million dollars ($1,000,000.00), interest, reasonable attorneys' fees, and costs incurred herein, and for such other relief as this court deems just and proper.

## COUNT VII
## DEFAMATION AGAINST CONSUMER OPINION CORP
## VIA PISSEDCONSUMER.COM

273.    Roca realleges and incorporates the allegations of paragraphs 1 through 136 as though fully set forth herein and sues Defendant CONSUMER OPINION CORP. ("OPINION") for Defamation via PissedConsumer.com as follows:

274.    Statements that tend to injure one's business may be charged as defamatory. Communications that describe one's conduct, characteristics or condition as incompatible with the appropriate exercise of one's business or trade qualifies as defamation per se.

275.    Defendant OPINION states that ROCA's customers have lost $110K in claimed losses and that ROCA's average customer has lost $2.1K (see graphic below).



276.    The published statistics about ROCA's claimed losses and average losses are false in their entirety are defamatory and libelous on their face.

277.    Defendant OPINION is without any knowledge of sales or customer loss and has no basis for any statistic published about ROCA.

278.    The statement that ROCA's customers suffered and average loss of $2.1K and collectively have lost $110K impute the unsatisfactory conduct, characteristics and conditions of ROCA and constitute defamatory statements concerning ROCA per se.

279.    The statement that ROCA's customers suffered and average loss of $2.1K and collectively have lost $110K is false in its entirety.

280.    The statement that ROCA's customers suffered and average loss of $2.1K and collectively have lost $110K is defamatory and libelous on its face.

281.    Defendant OPINION's publishing of the statement is unconscionable and shows OPINION's reckless disregard for the truth.

282.    Defendant OPINION caused and continues to cause injury, harm, and damage to ROCA, including but not limited to irreparable harm, public humiliation, and unwarranted ill-repute in the community, which in this case extends to the internet. ROCA has suffered significant loss of reputation as well as business opportunities as a direct and proximate result of Defendant OPINION's false, reckless, wrongful and malicious statements.

283.    ROCA's losses include, without limitation, the failure of ROCA to sell its product to numerous identifiable potential customers as well as significant lost revenues from other potential customers.

284.    The above alleged statement was seen and read by potentially millions of people who reside in Florida and elsewhere.

285.    According to Defendant OPINION, the statement about claimed and average losses had 160,000 views (*See* **graphic above**).

286.    In publishing the statement, Defendant OPINION engaged in conduct which is fraudulent, malicious, deliberately oppressive, or committed with such gross negligence as to indicate a wanton disregard for the rights of ROCA.

287.    In the event that Defendant OPINION is a considered to be a media outlet, it is alleged that Defendant OPINION acted without reasonable care as to the truth or falsity of its statements, and that actual damages were sustained by ROCA.

WHEREFORE, Plaintiff ROCA LABS, INC. respectfully requests that this Honorable Court declare that Defendant CONSUMER OPINION CORP. has defamed ROCA, and further grant temporary and permanent injunctive relief against the violating conduct, awards punitive damages, and award ROCA LABS, INC. with an amount fair and just to account for its money damages in excess of one million dollars ($1,000,000.00), interest, reasonable attorneys' fees, and costs incurred herein, and for such other relief as this court deems just and proper.

## COUNT VIII
## DEFAMATION AGAINST CONSUMER OPINION CORP
## VIA PISSEDCONSUMER.COM

288.   Roca realleges and incorporates the allegations of paragraphs 1 through 136 as though fully set forth herein and sues Defendant CONSUMER OPINION CORP. ("OPINION") for Defamation via PissedConsumer.com as follows:

289.   Statements that tend to injure one's business may be charged as defamatory. Communications that describe one's conduct, characteristics or condition as incompatible with the appropriate exercise of one's business or trade qualifies as defamation per se.

290.   On July 6, 2014 Defendant OPINION published the following "review" on pissedconsumer.com:

> This product sucks. It's expensive, horrible to drink & doesn't do nothing (*See* Review #506944 by anonymous).



291.     The published statement was either co-authored or authored in its entirety by Defendant OPINION. Upon information and belief, an anonymous poster does not exist and/or cannot be identified by Defendant OPINION. If the anonymous poster does exist, the statement was created through the PissedConsumer.com website system and was co-authored by Defendant OPINION.

292.     Defendant OPINION admittedly acts with reckless disregard for the truth. According to Defendant OPINION's subject website "as a rule it does not edit, confirm or vet the content of users posts for accuracy."

293.     The statement about ROCA's product is false in its entirety and are defamatory and libelous on their face.

294.     Defendant OPINION publishes that this is an "overpriced product" along with the statement.

295.     Defendant OPINION is without any knowledge about ROCA's products.

296.     The statement that ROCA's products are "overpriced, horrible to drink and doesn't do nothing" impute the unsatisfactory conduct, characteristics and conditions of ROCA and constitute defamatory statements concerning ROCA per se.

297.     The above statement is false in its entirety and is defamatory and libelous on its face.

298.     Defendant OPINION's publishing of the statement is unconscionable and shows OPINION's reckless disregard for the truth.

299.     Defendant OPINION caused and continues to cause injury, harm, and damage to ROCA, including but not limited to irreparable harm, public humiliation, and unwarranted

ill-repute in the community, which in this case extends to the internet. ROCA has suffered significant loss of reputation as well as business opportunities as a direct and proximate result of Defendant OPINION's false, reckless, wrongful and malicious statements.

300.    ROCA's losses include, without limitation, the failure of ROCA to sell its product to numerous identifiable potential customers as well as significant lost revenues from other potential customers.

301.    The above alleged statement was seen and read by potentially millions of people who reside in Florida and elsewhere.

302.    According to Defendant OPINION the statement had 1,398 views (*See* **graphic above**).

303.    In publishing the statement, Defendant OPINION engaged in conduct which is fraudulent, malicious, deliberately oppressive, or committed with such gross negligence as to indicate a wanton disregard for the rights of ROCA.

304.    In the event that Defendant OPINION is a considered to be a media outlet, it is alleged that Defendant OPINION acted without reasonable care as to the truth or falsity of its statements, and that actual damages were sustained by ROCA.

WHEREFORE, Plaintiff ROCA LABS, INC. respectfully requests that this Honorable Court declare that Defendant CONSUMER OPINION CORP. has defamed ROCA, and further grant temporary and permanent injunctive relief against the violating conduct, awards punitive damages, and award ROCA LABS, INC. with an amount fair and just to account for its money damages in excess of one million dollars ($1,000,000.00), interest, reasonable attorneys' fees, and costs incurred herein, and for such other relief as this court deems just and proper.

### COUNT IX
### DEFAMATION AGAINST CONSUMER OPINION CORP
### VIA PISSEDCONSUMER.COM

305.    Roca realleges and incorporates the allegations of paragraphs 1 through 136 as though fully set forth herein and sues Defendant CONSUMER OPINION CORP. ("OPINION") for Defamation via PissedConsumer.com as follows:

306.    Statements that tend to injure one's business may be charged as defamatory. Communications that describe one's conduct, characteristics or condition as incompatible with the appropriate exercise of one's business or trade qualifies as defamation per se.

307.    On May 27, 2014 Defendant OPINION published the following "review" on pissedconsumer.com:

> This business is a total fraud. BEWARE! (*See* Review #490848 by anonymous).



308.    The published statement was either co-authored or authored in its entirety by Defendant OPINION. Upon information and belief, an anonymous poster does not exist and/or cannot be identified by Defendant OPINION. If the anonymous poster does exist, the statement was created through the PissedConsumer.com website system and was co-authored by Defendant OPINION.

309.    Defendant OPINION admittedly acts with reckless disregard for the truth. According to Defendant OPINION's subject website "as a rule it does not edit, confirm or vet the content of users posts for accuracy."

310.    The statement about ROCA is false in its entirety and are defamatory and libelous on their face.

311.    At the time the statement was published, Defendant OPINION was without any knowledge about ROCA's business being a fraud.

312.    The statement that ROCA is a fraud imputes the unsatisfactory conduct, characteristics and conditions of ROCA and constitute defamatory statements concerning ROCA per se.

313.    The above statement is false in its entirety and is defamatory and libelous on its face.

314.    Defendant OPINION's publishing of the statement is unconscionable and shows OPINION's reckless disregard for the truth.

315.    Defendant OPINION caused and continues to cause injury, harm, and damage to ROCA, including but not limited to irreparable harm, public humiliation, and unwarranted ill-repute in the community, which in this case extends to the internet. ROCA has suffered

significant loss of reputation as well as business opportunities as a direct and proximate result of Defendant OPINION's false, reckless, wrongful and malicious statements.

316.    ROCA's losses include, without limitation, the failure of ROCA to sell its product to numerous identifiable potential customers as well as significant lost revenues from other potential customers.

317.    The above alleged statement was seen and read by potentially millions of people who reside in Florida and elsewhere.

318.    According to Defendant OPINION the statement had 2,308 views **(*See* graphic above)**.

319.    In publishing the statement, Defendant OPINION engaged in conduct which is fraudulent, malicious, deliberately oppressive, or committed with such gross negligence as to indicate a wanton disregard for the rights of ROCA.

320.    In the event that Defendant OPINION is a considered to be a media outlet, it is alleged that Defendant OPINION acted without reasonable care as to the truth or falsity of its statements, and that actual damages were sustained by ROCA.

WHEREFORE, Plaintiff ROCA LABS, INC. respectfully requests that this Honorable Court declare that Defendant CONSUMER OPINION CORP. has defamed ROCA, and further grant temporary and permanent injunctive relief against the violating conduct, awards punitive damages, and award ROCA LABS, INC. with an amount fair and just to account for its money damages in excess of one million dollars ($1,000,000.00), interest, reasonable attorneys' fees, and costs incurred herein, and for such other relief as this court deems just and proper.

**COUNT X**
**DEFAMATION AGAINST CONSUMER OPINION CORP**
**VIA PISSEDCONSUMER.COM**

321.    Roca realleges and incorporates the allegations of paragraphs 1 through 136 as

though fully set forth herein and sues Defendant CONSUMER OPINION CORP. ("OPINION")

for Defamation via PissedConsumer.com as follows:

322.    Statements that tend to injure one's business may be charged as defamatory.

Communications that describe one's conduct, characteristics or condition as incompatible with

the appropriate exercise of one's business or trade qualifies as defamation per se.

323.    On April 13, 2014 Defendant OPINION published the following "review" on

pissedconsumer.com:

> Roca Labs - Got scammed and sick from this JUNK (*See* Review #482648
> by anonymous).



324.    The published statement was either co-authored or authored in its entirety by Defendant OPINION. Upon information and belief, an anonymous poster does not exist and/or cannot be identified by Defendant OPINION. If the anonymous poster does exist, the statement was created through the PissedConsumer.com website system and was co-authored by Defendant OPINION.

325.    Defendant OPINION admittedly acts with reckless disregard for the truth. According to Defendant OPINION's subject website "as a rule it does not edit, confirm or vet the content of users posts for accuracy."

326.    The statement about ROCA scamming a person and selling junk is false in its entirety and is defamatory and libelous on its face.

327.    At the time the statement was published, Defendant OPINION was without any knowledge about ROCA's business being a fraud.

328.    The statement that ROCA is a scam imputes the unsatisfactory conduct, characteristics and conditions of ROCA and constitute defamatory statements concerning ROCA per se.

329.    The above statement is false in its entirety and is defamatory and libelous on its face.

330.    Defendant OPINION's publishing of the statement is unconscionable and shows OPINION's reckless disregard for the truth.

331.    Defendant OPINION caused and continues to cause injury, harm, and damage to ROCA, including but not limited to irreparable harm, public humiliation, and unwarranted ill-repute in the community, which in this case extends to the internet. ROCA has suffered

significant loss of reputation as well as business opportunities as a direct and proximate result of Defendant OPINION's false, reckless, wrongful and malicious statements.

332.    ROCA's losses include, without limitation, the failure of ROCA to sell its product to numerous identifiable potential customers as well as significant lost revenues from other potential customers.

333.    The above alleged statement was seen and read by potentially millions of people who reside in Florida and elsewhere.

334.    According to Defendant OPINION the statement had 1,513 views **(*See* graphic above)**.

335.    In publishing the statement, Defendant OPINION engaged in conduct which is fraudulent, malicious, deliberately oppressive, or committed with such gross negligence as to indicate a wanton disregard for the rights of ROCA.

336.    In the event that Defendant OPINION is a considered to be a media outlet, it is alleged that Defendant OPINION acted without reasonable care as to the truth or falsity of its statements, and that actual damages were sustained by ROCA.

WHEREFORE, Plaintiff ROCA LABS, INC. respectfully requests that this Honorable Court declare that Defendant CONSUMER OPINION CORP. has defamed ROCA, and further grant temporary and permanent injunctive relief against the violating conduct, awards punitive damages, and award ROCA LABS, INC. with an amount fair and just to account for its money damages in excess of one million dollars ($1,000,000.00), interest, reasonable attorneys' fees, and costs incurred herein, and for such other relief as this court deems just and proper.

**COUNT XI**
**DEFAMATION AGAINST CONSUMER OPINION CORP**
**VIA PISSEDCONSUMER.COM**

337.     Roca realleges and incorporates the allegations of paragraphs 1 through 136 as though fully set forth herein and sues Defendant CONSUMER OPINION CORP. ("OPINION") for Defamation via PissedConsumer.com as follows:

338.     Statements that tend to injure one's business may be charged as defamatory. Communications that describe one's conduct, characteristics or condition as incompatible with the appropriate exercise of one's business or trade qualifies as defamation per se.

339.     On May 16, 2014 Defendant OPINION published the following "review" on pissedconsumer.com:

> Roca Labs - Run don't walk away from this one! SCAM!! (*See* Review #487885 by anonymous).



340.    The published statement was either co-authored or authored in its entirety by Defendant OPINION. Upon information and belief, an anonymous poster does not exist and/or cannot be identified by Defendant OPINION. If the anonymous poster does exist, the statement was created through the PissedConsumer.com website system and was co-authored by Defendant OPINION.

341.    Defendant OPINION admittedly acts with reckless disregard for the truth. According to Defendant OPINION's subject website "as a rule it does not edit, confirm or vet the content of users posts for accuracy."

342.    The statement about ROCA being a scam is false in its entirety and is defamatory and libelous on its face.

343.    At the time the statement was published, Defendant OPINION was without any knowledge about ROCA's business being a scam.

344.    The statement that ROCA is a scam imputes the unsatisfactory conduct, characteristics and conditions of ROCA and constitute defamatory statements concerning ROCA per se.

345.    The above statement is false in its entirety and is defamatory and libelous on its face.

346.    Defendant OPINION's publishing of the statement is unconscionable and shows OPINION's reckless disregard for the truth.

347.    Defendant OPINION caused and continues to cause injury, harm, and damage to ROCA, including but not limited to irreparable harm, public humiliation, and unwarranted ill-repute in the community, which in this case extends to the internet. ROCA has suffered

significant loss of reputation as well as business opportunities as a direct and proximate result of Defendant OPINION's false, reckless, wrongful and malicious statements.

348.    ROCA's losses include, without limitation, the failure of ROCA to sell its product to numerous identifiable potential customers as well as significant lost revenues from other potential customers.

349.    The above alleged statement was seen and read by potentially millions of people who reside in Florida and elsewhere.

350.    According to Defendant OPINION the statement had 2,850 views **(*See* graphic above)**.

351.    In publishing the statement, Defendant OPINION engaged in conduct which is fraudulent, malicious, deliberately oppressive, or committed with such gross negligence as to indicate a wanton disregard for the rights of ROCA.

352.    In the event that Defendant OPINION is a considered to be a media outlet, it is alleged that Defendant OPINION acted without reasonable care as to the truth or falsity of its statements, and that actual damages were sustained by ROCA.

WHEREFORE, Plaintiff ROCA LABS, INC. respectfully requests that this Honorable Court declare that Defendant CONSUMER OPINION CORP. has defamed ROCA, and further grant temporary and permanent injunctive relief against the violating conduct, awards punitive damages, and award ROCA LABS, INC. with an amount fair and just to account for its money damages in excess of one million dollars ($1,000,000.00), interest, reasonable attorneys' fees, and costs incurred herein, and for such other relief as this court deems just and proper.

## COUNT XII
## DEFAMATION AGAINST CONSUMER OPINION CORP
## VIA PISSEDCONSUMER.COM

353.   Roca realleges and incorporates the allegations of paragraphs 1 through 136 as though fully set forth herein and sues Defendant CONSUMER OPINION CORP. ("OPINION") for Defamation via PissedConsumer.com as follows:

354.   Statements that tend to injure one's business may be charged as defamatory. Communications that describe one's conduct, characteristics or condition as incompatible with the appropriate exercise of one's business or trade qualifies as defamation per se.

355.   On April 13, 2014 Defendant OPINION published the following "review" on pissedconsumer.com:

The Company is full of lies and deceit (*See* Review #482585 by anonymous).



356.    The published statement was either co-authored or authored in its entirety by Defendant OPINION. Upon information and belief, an anonymous poster does not exist and/or cannot be identified by Defendant OPINION. If the anonymous poster does exist, the statement was created through the PissedConsumer.com website system and was co-authored by Defendant OPINION.

357.    Defendant OPINION admittedly acts with reckless disregard for the truth. According to Defendant OPINION's subject website "as a rule it does not edit, confirm or vet the content of users posts for accuracy."

358.    The statement about ROCA being full of lies and deceit is false in its entirety and is defamatory and libelous on its face.

359.    At the time the statement was published, Defendant OPINION was without any knowledge about ROCA's business being full of lies or deceit.

360.    The statement that ROCA is full of lies and deceit imputes the unsatisfactory conduct, characteristics and conditions of ROCA and constitute defamatory statements concerning ROCA per se.

361.    The above statement is false in its entirety and is defamatory and libelous on its face.

362.    Defendant OPINION's publishing of the statement is unconscionable and shows OPINION's reckless disregard for the truth.

363.    Defendant OPINION caused and continues to cause injury, harm, and damage to ROCA, including but not limited to irreparable harm, public humiliation, and unwarranted ill-repute in the community, which in this case extends to the internet. ROCA has suffered

significant loss of reputation as well as business opportunities as a direct and proximate result of Defendant OPINION's false, reckless, wrongful and malicious statements.

364.    ROCA's losses include, without limitation, the failure of ROCA to sell its product to numerous identifiable potential customers as well as significant lost revenues from other potential customers.

365.    The above alleged statement was seen and read by potentially millions of people who reside in Florida and elsewhere.

366.    According to Defendant OPINION the statement had 1,529 views **(*See* graphic above)**.

367.    In publishing the statement, Defendant OPINION engaged in conduct which is fraudulent, malicious, deliberately oppressive, or committed with such gross negligence as to indicate a wanton disregard for the rights of ROCA.

368.    In the event that Defendant OPINION is a considered to be a media outlet, it is alleged that Defendant OPINION acted without reasonable care as to the truth or falsity of its statements, and that actual damages were sustained by ROCA.

WHEREFORE, Plaintiff ROCA LABS, INC. respectfully requests that this Honorable Court declare that Defendant CONSUMER OPINION CORP. has defamed ROCA, and further grant temporary and permanent injunctive relief against the violating conduct, awards punitive damages, and award ROCA LABS, INC. with an amount fair and just to account for its money damages in excess of one million dollars ($1,000,000.00), interest, reasonable attorneys' fees, and costs incurred herein, and for such other relief as this court deems just and proper.

## COUNT XIII
## DEFAMATION AGAINST CONSUMER OPINION CORP
## VIA PISSEDCONSUMER.COM

369.    Roca realleges and incorporates the allegations of paragraphs 1 through 136 as though fully set forth herein and sues Defendant CONSUMER OPINION CORP. ("OPINION") for Defamation via PissedConsumer.com as follows:

370.    Statements that tend to injure one's business may be charged as defamatory. Communications that describe one's conduct, characteristics or condition as incompatible with the appropriate exercise of one's business or trade qualifies as defamation per se.

371.    On May 25, 2014 Defendant OPINION published the following "review" on pissedconsumer.com:

> DO NOT TRUST THESE PEOPLE. They are CROOKS (*See* Review #480448 by anonymous).



372.     The published statement was either co-authored or authored in its entirety by Defendant OPINION. Upon information and belief, an anonymous poster does not exist and/or cannot be identified by Defendant OPINION. If the anonymous poster does exist, the statement was created through the PissedConsumer.com website system and was co-authored by Defendant OPINION.

373.     Defendant OPINION admittedly acts with reckless disregard for the truth. According to Defendant OPINION's subject website "as a rule it does not edit, confirm or vet the content of users posts for accuracy."

374.     The statement about ROCA being crooks is false in its entirety and is defamatory and libelous on its face.

375.     At the time the statement was published, Defendant OPINION was without any knowledge about ROCA's business being crooks.

376.     The statement that ROCA is crooks imputes the unsatisfactory conduct, characteristics and conditions of ROCA and constitute defamatory statements concerning ROCA per se.

377.     The above statement is false in its entirety and is defamatory and libelous on its face.

378.     Defendant OPINION's publishing of the statement is unconscionable and shows OPINION's reckless disregard for the truth.

379.     Defendant OPINION caused and continues to cause injury, harm, and damage to ROCA, including but not limited to irreparable harm, public humiliation, and unwarranted ill-repute in the community, which in this case extends to the internet. ROCA has suffered

significant loss of reputation as well as business opportunities as a direct and proximate result of Defendant OPINION's false, reckless, wrongful and malicious statements.

380.     ROCA's losses include, without limitation, the failure of ROCA to sell its product to numerous identifiable potential customers as well as significant lost revenues from other potential customers.

381.     The above alleged statement was seen and read by potentially millions of people who reside in Florida and elsewhere.

382.     According to Defendant OPINION the statement had 993 views **(*See* graphic above)**.

383.     In publishing the statement, Defendant OPINION engaged in conduct which is fraudulent, malicious, deliberately oppressive, or committed with such gross negligence as to indicate a wanton disregard for the rights of ROCA.

384.     In the event that Defendant OPINION is a considered to be a media outlet, it is alleged that Defendant OPINION acted without reasonable care as to the truth or falsity of its statements, and that actual damages were sustained by ROCA.

WHEREFORE, Plaintiff ROCA LABS, INC. respectfully requests that this Honorable Court declare that Defendant CONSUMER OPINION CORP. has defamed ROCA, and further grant temporary and permanent injunctive relief against the violating conduct, awards punitive damages, and award ROCA LABS, INC. with an amount fair and just to account for its money damages in excess of one million dollars ($1,000,000.00), interest, reasonable attorneys' fees, and costs incurred herein, and for such other relief as this court deems just and proper.

**COUNT XIV**
**DEFAMATION AGAINST CONSUMER OPINION CORP**
**VIA PISSEDCONSUMER.COM**

385.     Roca realleges and incorporates the allegations of paragraphs 1 through 136 as though fully set forth herein and sues Defendant CONSUMER OPINION CORP. ("OPINION") for Defamation via PissedConsumer.com as follows:

386.     Statements that tend to injure one's business may be charged as defamatory. Communications that describe one's conduct, characteristics or condition as incompatible with the appropriate exercise of one's business or trade qualifies as defamation per se.

387.     On February 14, 2014 Defendant OPINION published the following "review" on pissedconsumer.com:

> Roca Labs - Don't buy antyhing [sic] from Roca Lab they just sell a regular shake
> they are stealing your money (*See* Review #475672 by anonymous).



388.    The published statement was either co-authored or authored in its entirety by Defendant OPINION. Upon information and belief, an anonymous poster does not exist and/or cannot be identified by Defendant OPINION. If the anonymous poster does exist, the statement was created through the PissedConsumer.com website system and was co-authored by Defendant OPINION.

389.    Defendant OPINION admittedly acts with reckless disregard for the truth. According to Defendant OPINION's subject website "as a rule it does not edit, confirm or vet the content of users posts for accuracy."

390.    The statement about ROCA stealing money is false in its entirety and is defamatory and libelous on its face.

391.    At the time the statement was published, Defendant OPINION was without any knowledge about ROCA stealing money.

392.    The statement that ROCA is stealing money imputes the unsatisfactory conduct, characteristics and conditions of ROCA and constitute defamatory statements concerning ROCA per se.

393.    The above statement is false in its entirety and is defamatory and libelous on its face.

394.    Defendant OPINION's publishing of the statement is unconscionable and shows OPINION's reckless disregard for the truth.

395.    Defendant OPINION caused and continues to cause injury, harm, and damage to ROCA, including but not limited to irreparable harm, public humiliation, and unwarranted ill-repute in the community, which in this case extends to the internet. ROCA has suffered

significant loss of reputation as well as business opportunities as a direct and proximate result of Defendant OPINION's false, reckless, wrongful and malicious statements.

396.    ROCA's losses include, without limitation, the failure of ROCA to sell its product to numerous identifiable potential customers as well as significant lost revenues from other potential customers.

397.    The above alleged statement was seen and read by potentially millions of people who reside in Florida and elsewhere.

398.    According to Defendant OPINION the statement had 1275 views **(*See* graphic above)**.

399.    In publishing the statement, Defendant OPINION engaged in conduct which is fraudulent, malicious, deliberately oppressive, or committed with such gross negligence as to indicate a wanton disregard for the rights of ROCA.

400.    In the event that Defendant OPINION is a considered to be a media outlet, it is alleged that Defendant OPINION acted without reasonable care as to the truth or falsity of its statements, and that actual damages were sustained by ROCA.

WHEREFORE, Plaintiff ROCA LABS, INC. respectfully requests that this Honorable Court declare that Defendant CONSUMER OPINION CORP. has defamed ROCA, and further grant temporary and permanent injunctive relief against the violating conduct, awards punitive damages, and award ROCA LABS, INC. with an amount fair and just to account for its money damages in excess of one million dollars ($1,000,000.00), interest, reasonable attorneys' fees, and costs incurred herein, and for such other relief as this court deems just and proper.

**COUNT XV**
**DEFAMATION AGAINST CONSUMER OPINION CORP**
**VIA PISSEDCONSUMER.COM**

401.    Roca realleges and incorporates the allegations of paragraphs 1 through 136 as though fully set forth herein and sues Defendant CONSUMER OPINION CORP. ("OPINION") for Defamation via PissedConsumer.com as follows:

402.    Statements that tend to injure one's business may be charged as defamatory. Communications that describe one's conduct, characteristics or condition as incompatible with the appropriate exercise of one's business or trade qualifies as defamation per se.

403.    On July 24, 2013 Defendant OPINION published the following "review" on pissedconsumer.com:

Roca Labs is a SCAM (*See* Review #432655 by anonymous).



404.    The published statement was either co-authored or authored in its entirety by Defendant OPINION. Upon information and belief, an anonymous poster does not exist and/or cannot be identified by Defendant OPINION. If the anonymous poster does exist, the statement

was created through the PissedConsumer.com website system and was co-authored by Defendant OPINION.

405.    Defendant OPINION admittedly acts with reckless disregard for the truth. According to Defendant OPINION's subject website "as a rule it does not edit, confirm or vet the content of users posts for accuracy."

406.    The statement about ROCA being a scam is false in its entirety and is defamatory and libelous on its face.

407.    At the time the statement was published, Defendant OPINION was without any knowledge about ROCA.

408.    The statement that ROCA being a scam imputes the unsatisfactory conduct, characteristics and conditions of ROCA and constitute defamatory statements concerning ROCA per se.

409.    The above statement is false in its entirety and is defamatory and libelous on its face.

410.    Defendant OPINION's publishing of the statement is unconscionable and shows OPINION's reckless disregard for the truth.

411.    Defendant OPINION caused and continues to cause injury, harm, and damage to ROCA, including but not limited to irreparable harm, public humiliation, and unwarranted ill-repute in the community, which in this case extends to the internet. ROCA has suffered significant loss of reputation as well as business opportunities as a direct and proximate result of Defendant OPINION's false, reckless, wrongful and malicious statements.

412.    ROCA's losses include, without limitation, the failure of ROCA to sell its product to numerous identifiable potential customers as well as significant lost revenues from other potential customers.

413.    The above alleged statement was seen and read by potentially millions of people who reside in Florida and elsewhere.

414.    According to Defendant OPINION the statement had 2950 views **(*See* graphic above)**.

415.    In publishing the statement, Defendant OPINION engaged in conduct which is fraudulent, malicious, deliberately oppressive, or committed with such gross negligence as to indicate a wanton disregard for the rights of ROCA.

416.    In the event that Defendant OPINION is a considered to be a media outlet, it is alleged that Defendant OPINION acted without reasonable care as to the truth or falsity of its statements, and that actual damages were sustained by ROCA.

WHEREFORE, Plaintiff ROCA LABS, INC. respectfully requests that this Honorable Court declare that Defendant CONSUMER OPINION CORP. has defamed ROCA, and further grant temporary and permanent injunctive relief against the violating conduct, awards punitive damages, and award ROCA LABS, INC. with an amount fair and just to account for its money damages in excess of one million dollars ($1,000,000.00), interest, reasonable attorneys' fees, and costs incurred herein, and for such other relief as this court deems just and proper.

## COUNT XVI
## DEFAMATION AGAINST CONSUMER OPINION CORP
## VIA PISSEDCONSUMER.COM

417.    Roca realleges and incorporates the allegations of paragraphs 1 through 136 as though fully set forth herein and sues Defendant CONSUMER OPINION CORP. ("OPINION") for Defamation via PissedConsumer.com as follows:

418.    Statements that tend to injure one's business may be charged as defamatory. Communications that describe one's conduct, characteristics or condition as incompatible with the appropriate exercise of one's business or trade qualifies as defamation per se.

419.    On May 31, 2013 Defendant OPINION published the following "review" on pissedconsumer.com:

> Roca Labs- Product and company are PURE SCAM (*See* Review #413698 by anonymous).



420.    The published statement was either co-authored or authored in its entirety by Defendant OPINION. Upon information and belief, an anonymous poster does not exist and/or cannot be identified by Defendant OPINION. If the anonymous poster does exist, the statement

was created through the PissedConsumer.com website system and was co-authored by Defendant OPINION.

421.    Defendant OPINION admittedly acts with reckless disregard for the truth. According to Defendant OPINION's subject website "as a rule it does not edit, confirm or vet the content of users posts for accuracy."

422.    The statement about ROCA being a scam is false in its entirety and is defamatory and libelous on its face.

423.    At the time the statement was published, Defendant OPINION was without any knowledge about ROCA.

424.    The statement that ROCA is a scam imputes the unsatisfactory conduct, characteristics and conditions of ROCA and constitute defamatory statements concerning ROCA per se.

425.    The above statement is false in its entirety and is defamatory and libelous on its face.

426.    Defendant OPINION's publishing of the statement is unconscionable and shows OPINION's reckless disregard for the truth.

427.    Defendant OPINION caused and continues to cause injury, harm, and damage to ROCA, including but not limited to irreparable harm, public humiliation, and unwarranted ill-repute in the community, which in this case extends to the internet. ROCA has suffered significant loss of reputation as well as business opportunities as a direct and proximate result of Defendant OPINION's false, reckless, wrongful and malicious statements.

428.    ROCA's losses include, without limitation, the failure of ROCA to sell its product to numerous identifiable potential customers as well as significant lost revenues from other potential customers.

429.    The above alleged statement was seen and read by potentially millions of people who reside in Florida and elsewhere.

430.    According to Defendant OPINION the statement had 2246 views **(*See* graphic above)**.

431.    In publishing the statement, Defendant OPINION engaged in conduct which is fraudulent, malicious, deliberately oppressive, or committed with such gross negligence as to indicate a wanton disregard for the rights of ROCA.

432.    In the event that Defendant OPINION is a considered to be a media outlet, it is alleged that Defendant OPINION acted without reasonable care as to the truth or falsity of its statements, and that actual damages were sustained by ROCA.

WHEREFORE, Plaintiff ROCA LABS, INC. respectfully requests that this Honorable Court declare that Defendant CONSUMER OPINION CORP. has defamed ROCA, and further grant temporary and permanent injunctive relief against the violating conduct, awards punitive damages, and award ROCA LABS, INC. with an amount fair and just to account for its money damages in excess of one million dollars ($1,000,000.00), interest, reasonable attorneys' fees, and costs incurred herein, and for such other relief as this court deems just and proper.

<u>COUNT XVII</u>
<u>DEFAMATION AGAINST CONSUMER OPINION CORP</u>

433.   Roca realleges and incorporates the allegations of paragraphs 1 through 136 as though fully set forth herein and sues Defendant CONSUMER OPINION CORP. ("OPINION") for Defamation via PissedConsumer.com as follows:

434.   Statements that tend to injure one's business may be charged as defamatory. Communications that describe one's conduct, characteristics or condition as incompatible with the appropriate exercise of one's business or trade qualifies as defamation per se.

435.   On or about *September 18, 2014*, Defendant OPINION filed its *Opposition to Plaintiff's Motion for Entry of a Temporary Injunction*.   Defendants stated in these Court pleadings and repeated its statements to the media that ROCA was in imminent risk of government closure.   According to Defendants ROCA was "desperate to sell as many of its tubs of goo to the public as it can before regulatory agencies come knocking, does its best to bully its former customers into silence."

436.   Defendant OPINION either directly or through through its agents, including but not limited to Marc Randazza caused these statements to be republished in the media, despite the knowledge that the statement was false and malicious.

437.   The statement that ROCA was selling product before regulatory agencies come knocking impute the unsatisfactory conduct, characteristics and conditions of ROCA constitute defamatory statements concerning ROCA per se.

438.   The statement is defamatory and libelous on its face.

439.   Defendants have no basis for the statement made about ROCA.

440.    Defendant OPINION caused and continues to cause injury, harm, and damage to ROCA, including but not limited to irreparable harm, public humiliation, and unwarranted ill-repute in the community, which in this case extends to the internet. ROCA has suffered significant loss of reputation as well as business opportunities as a direct and proximate result of Defendant OPINION's false, reckless, wrongful and malicious statements.

441.    ROCA's losses include, without limitation, the failure of ROCA to sell its product to numerous identifiable potential customers as well as significant lost revenues from other potential customers.

442.    The above statement were seen and read by potentially millions of people who reside in Florida and elsewhere.

443.    Defendant OPINION authored, co-authored, generated or published these statements with the knowledge that they were false or with reckless disregard as to their truth and falsity.

444.    In publishing the statement, Defendant OPINION engaged in conduct which is fraudulent, malicious, deliberately oppressive, or committed with such gross negligence as to indicate a wanton disregard for the rights of ROCA.

445.    In the event that Defendant OPINION is a considered to be a media outlet, it is alleged that Defendant OPINION acted without reasonable care as to the truth or falsity of its statements, and that actual damages were sustained by ROCA.

WHEREFORE, Plaintiff ROCA LABS, INC. respectfully requests that this Honorable Court declare that Defendant CONSUMER OPINION CORP. has defamed ROCA, and further grant temporary and permanent injunctive relief against the violating conduct, awards punitive

damages, and award ROCA LABS, INC. with an amount fair and just to account for its money damages in excess of one million dollars ($1,000,000.00), interest, reasonable attorneys' fees, and costs incurred herein, and for such other relief as this court deems just and proper.

## COUNT XVIII
## DEFAMATION AGAINST CONSUMER OPINION CORP VIA TWITTER

446.   ROCA realleges and incorporates the allegations of paragraphs 1 through 136 as though fully set forth herein and sues Defendant CONSUMER OPINION CORP. ("OPINION") for Defamation via Twitter as follows:

447.   Statements that tend to injure one's business may be charged as defamatory. Communications that describe one's conduct, characteristics or condition as incompatible with the appropriate exercise of one's business or trade qualifies as defamation per se.

448.   The statements which were authored by Defendant OPINION and placed on Twitter, which impute the unsatisfactory conduct, characteristics and conditions of ROCA constitute defamatory statements concerning ROCA per se.

449.   On February 14, 2014 Defendant OPINION sent the Twitter message "@RocaLabs Don't buy anything [sic] from Roca Labs they just sell a regular shake."



450. Defendant OPINION used Twitter as a means to disseminate false and malicious statements about ROCA.

451. The statement authored and Tweeted by Defendant OPINION is false in its entirety.

452. The statement is defamatory and libelous on its face.

453. At the time the statement was published, Defendant OPINION was without any knowledge about ROCA.

454. The statement that ROCA is stealing imputes the unsatisfactory conduct, characteristics and conditions of ROCA and constitute defamatory statements concerning ROCA per se.

456. Defendant OPINION's publishing of the statement is unconscionable and shows OPINION's reckless disregard for the truth.

457. Defendant OPINION caused and continues to cause injury, harm, and damage to ROCA, including but not limited to irreparable harm, public humiliation, and unwarranted ill-repute in the community, which in this case extends to the internet. ROCA has suffered significant loss of reputation as well as business opportunities as a direct and proximate result of Defendant OPINION's false, reckless, wrongful and malicious statements.

458. The losses include, without limitation, the failure of ROCA to sell its product to numerous identifiable potential customers as well as significant lost revenues from other potential customers.

459. The above alleged statements were seen and read by potentially millions of people who reside in Florida and elsewhere.

460.    Defendant OPINION made these statements with the knowledge that they were false or with reckless disregard as to their truth and falsity.

461.    Defendant OPINION authored, co-authored, generated or published these statements with the knowledge that they were false or with reckless disregard as to their truth and falsity.

462.    In the event that Defendant OPINION is a considered to be a media outlet, it is alleged that Defendant OPINION acted without reasonable care as to the truth or falsity of its statements, and that actual damages were sustained by ROCA.

WHEREFORE, Plaintiff ROCA LABS, INC. respectfully requests that this Honorable Court declare that Defendant CONSUMER OPINION CORP. has defamed ROCA and further grant temporary and permanent injunctive relief against the violating conduct, awards punitive damages and award ROCA LABS, INC. with an amount fair and just to account for its money damages in excess of one million dollars ($1,000,000.00), interest, reasonable attorneys' fees, and costs incurred herein, and for such other relief as this court deems just and proper.


## COUNT XIX
## DEFAMATION AGAINST CONSUMER OPINION CORP VIA TWITTER

463.    ROCA realleges and incorporates the allegations of paragraphs 1 through 136 as though fully set forth herein and sues Defendant CONSUMER OPINION CORP. ("OPINION") for Defamation via Twitter as follows:

464.    Statements that tend to injure one's business may be charged as defamatory. Communications that describe one's conduct, characteristics or condition as incompatible with the appropriate exercise of one's business or trade qualifies as defamation per se.

94

465.    The statements which were authored by Defendant OPINION and placed on Twitter, which impute the unsatisfactory conduct, characteristics and conditions of ROCA constitute defamatory statements concerning ROCA per se.

466.    On May 27, 2013 Defendant OPINION sent the Twitter message "Doesn't Work!!! I can't believe I really thought this would work! Save your money



467.    Defendant OPINION used Twitter as a means to disseminate false and malicious statements about ROCA.

468.    The statement authored and Tweeted by Defendant OPINION is false in its entirety.

469.    The statement is defamatory and libelous on its face.

470.    At the time the statement was published, Defendant OPINION was without any knowledge about ROCA.

471.    The statement that ROCA's products don't work impute the unsatisfactory conduct, characteristics and conditions of ROCA and constitute defamatory statements concerning ROCA per se.

472.    Defendant OPINION's publishing of the statement is unconscionable and shows OPINION's reckless disregard for the truth.

473.    Defendant OPINION caused and continues to cause injury, harm, and damage to ROCA, including but not limited to irreparable harm, public humiliation, and unwarranted ill-repute in the community, which in this case extends to the internet. ROCA has suffered significant loss of reputation as well as business opportunities as a direct and proximate result of Defendant OPINION's false, reckless, wrongful and malicious statements.

474.    The losses include, without limitation, the failure of ROCA to sell its product to numerous identifiable potential customers as well as significant lost revenues from other potential customers.

475.    The above alleged statements were seen and read by potentially millions of people who reside in Florida and elsewhere.

476.    Defendant OPINION made these statements with the knowledge that they were false or with reckless disregard as to their truth and falsity.

477.    Defendant OPINION authored, co-authored, generated or published these statements with the knowledge that they were false or with reckless disregard as to their truth and falsity.

478.    In the event that Defendant OPINION is a considered to be a media outlet, it is alleged that Defendant OPINION acted without reasonable care as to the truth or falsity of its statements, and that actual damages were sustained by ROCA.

WHEREFORE, Plaintiff ROCA LABS, INC. respectfully requests that this Honorable Court declare that Defendant CONSUMER OPINION CORP. has defamed ROCA and further grant temporary and permanent injunctive relief against the violating conduct, awards punitive damages and award ROCA LABS, INC. with an amount fair and just to account for its money

damages in excess of one million dollars ($1,000,000.00), interest, reasonable attorneys' fees, and costs incurred herein, and for such other relief as this court deems just and proper.

### COUNT XX
### DEFAMATION AGAINST CONSUMER OPINION CORP VIA TWITTER

479.    ROCA realleges and incorporates the allegations of paragraphs 1 through 136 as though fully set forth herein and sues Defendant CONSUMER OPINION CORP. ("OPINION") for Defamation via Twitter as follows:

480.    Statements that tend to injure one's business may be charged as defamatory. Communications that describe one's conduct, characteristics or condition as incompatible with the appropriate exercise of one's business or trade qualifies as defamation per se.

481.    The statements which were authored by Defendant OPINION and placed on Twitter, which impute the unsatisfactory conduct, characteristics and conditions of ROCA constitute defamatory statements concerning ROCA per se.

482.    On June 15, 2012 Defendant OPINION sent the Twitter message "WILL NOT PROCESS PROMISED REFUND, LIED TO BY CUSTOMER SERVICE AGENTS REGARDING PROMISED REFUND."



483.    Defendant OPINION used Twitter as a means to disseminate false and malicious statements about ROCA.

484.    The statement authored and Tweeted by Defendant OPINION is false in its entirety.

485.    The statement is defamatory and libelous on its face.

486.    At the time the statement was published, Defendant OPINION was without any knowledge about ROCA.

487.    Defendant OPINION never purchased any ROCA product nor was it ever refused a refund.

488.    The statement that ROCA lied imputes the unsatisfactory conduct, characteristics and conditions of ROCA and constitute defamatory statements concerning ROCA per se.

489.    Defendant OPINION's publishing of the statement that ROCA lied is unconscionable and shows OPINION's reckless disregard for the truth.

490.    Defendant OPINION caused and continues to cause injury, harm, and damage to ROCA, including but not limited to irreparable harm, public humiliation, and unwarranted ill-repute in the community, which in this case extends to the internet. ROCA has suffered significant loss of reputation as well as business opportunities as a direct and proximate result of Defendant OPINION's false, reckless, wrongful and malicious statements.

491.    The losses include, without limitation, the failure of ROCA to sell its product to numerous identifiable potential customers as well as significant lost revenues from other potential customers.

The above alleged statements were seen and read by potentially millions of people who reside in Florida and elsewhere.

492.    Defendant OPINION made these statements with the knowledge that they were false or with reckless disregard as to their truth and falsity.

493.    Defendant OPINION authored, co-authored, generated or published these statements with the knowledge that they were false or with reckless disregard as to their truth and falsity.

494.    In the event that Defendant OPINION is a considered to be a media outlet, it is alleged that Defendant OPINION acted without reasonable care as to the truth or falsity of its statements, and that actual damages were sustained by ROCA.

WHEREFORE, Plaintiff ROCA LABS, INC. respectfully requests that this Honorable Court declare that Defendant CONSUMER OPINION CORP. has defamed ROCA and further grant temporary and permanent injunctive relief against the violating conduct, awards punitive damages and award ROCA LABS, INC. with an amount fair and just to account for its money damages in excess of one million dollars ($1,000,000.00), interest, reasonable attorneys' fees, and costs incurred herein, and for such other relief as this court deems just and proper.

## COUNT XXI
## DEFAMATION AGAINST OPINION CORP
## VIA PISSEDCONSUMER.COM

495.    Roca realleges and incorporates the allegations of paragraphs 1 through 136 as though fully set forth herein and sues Defendant OPINION CORP. d/b/a PISSED CONSUMER ("PISSED") for Defamation via PissedConsumer.com as follows:

496.    Statements that tend to injure one's business may be charged as defamatory.

497.    Communications that describe one's conduct, characteristics or condition as incompatible with the appropriate exercise of one's business or trade qualifies as defamation per se.

498.    Defendant PISSED states that ROCA's customers have lost $110K in claimed losses and that ROCA's average customer has lost $2.1K (*see* graphic below).



499.    The published statistics about ROCA's claimed losses and average losses are false in their entirety are defamatory and libelous on their face.

500.    Defendant PISSED is without any knowledge of sales or customer loss and has no basis for any statistic published about ROCA.

501.    The statement that ROCA's customers suffered and average loss of $2.1K and collectively have lost $110K impute the unsatisfactory conduct, characteristics and conditions of ROCA and constitute defamatory statements concerning ROCA per se.

502.    The statement that ROCA's customers suffered and average loss of $2.1K and collectively have lost $110K is false in its entirety.

503.    The statement that ROCA's customers suffered and average loss of $2.1K and collectively have lost $110K is defamatory and libelous on its face.

504.    Defendant PISSED's publishing of the statement is unconscionable and shows PISSED's reckless disregard for the truth.

505.    Defendant PISSED caused and continues to cause injury, harm, and damage to ROCA, including but not limited to irreparable harm, public humiliation, and unwarranted ill-repute in the community, which in this case extends to the internet. ROCA has suffered significant loss of reputation as well as business opportunities as a direct and proximate result of Defendant PISSED's false, reckless, wrongful and malicious statements.

506.    ROCA's losses include, without limitation, the failure of ROCA to sell its product to numerous identifiable potential customers as well as significant lost revenues from other potential customers.

507.    The above alleged statement was seen and read by potentially millions of people who reside in Florida and elsewhere.

508.    According to Defendant PISSED, the statement about claimed and average losses had 160,000 views (*See* **graphic above**).

509.    In publishing the statement, Defendant PISSED engaged in conduct which is fraudulent, malicious, deliberately oppressive, or committed with such gross negligence as to indicate a wanton disregard for the rights of ROCA.

510.    In the event that Defendant PISSED is a considered to be a media outlet, it is alleged that Defendant PISSED acted without reasonable care as to the truth or falsity of its statements, and that actual damages were sustained by ROCA.

WHEREFORE, Plaintiff ROCA LABS, INC. respectfully requests that this Honorable Court declare that Defendant OPINION CORP. has defamed ROCA, and further grant temporary and permanent injunctive relief against the violating conduct, awards punitive damages, and award ROCA LABS, INC. with an amount fair and just to account for its money damages in excess of one million dollars ($1,000,000.00), interest, reasonable attorneys' fees, and costs incurred herein, and for such other relief as this court deems just and proper.

**COUNT XXII**
**DEFAMATION AGAINST OPINION CORP**
**VIA PISSEDCONSUMER.COM**

511.    Roca realleges and incorporates the allegations of paragraphs 1 through 136 as though fully set forth herein and sues Defendant OPINION CORP. d/b/a PISSED CONSUMER ("PISSED") for Defamation via PissedConsumer.com as follows:

512.    Statements that tend to injure one's business may be charged as defamatory. Communications that describe one's conduct, characteristics or condition as incompatible with the appropriate exercise of one's business or trade qualifies as defamation per se.

513.    On July 6, 2014 Defendant PISSED published the following "review" on pissedconsumer.com:

> This product sucks. It's expensive, horrible to drink & doesn't do nothing (*See* Review #506944 by anonymous).



514.    The published statement was either co-authored or authored in its entirety by Defendant PISSED. Upon information and belief, an anonymous poster does not exist and/or cannot be identified by Defendant PISSED. If the anonymous poster does exist, the statement was created through the PissedConsumer.com website system and was co-authored by Defendant PISSED.

515.    Defendant PISSED admittedly acts with reckless disregard for the truth. According to Defendant PISSED's subject website "as a rule it does not edit, confirm or vet the content of users posts for accuracy."

516.    The statement about ROCA's product is false in its entirety and are defamatory and libelous on their face.

517.    Defendant PISSED publishes that this is an "overpriced product" along with the statement.

518.    Defendant PISSED is without any knowledge about ROCA's products.

519.    The statement that ROCA's products are "overpriced, horrible to drink and doesn't do nothing" impute the unsatisfactory conduct, characteristics and conditions of ROCA and constitute defamatory statements concerning ROCA per se.

520.    The above statement is false in its entirety and is defamatory and libelous on its face.

521.    Defendant PISSED's publishing of the statement is unconscionable and shows PISSED's reckless disregard for the truth.

522.    Defendant PISSED caused and continues to cause injury, harm, and damage to ROCA, including but not limited to irreparable harm, public humiliation, and unwarranted

ill-repute in the community, which in this case extends to the internet. ROCA has suffered significant loss of reputation as well as business opportunities as a direct and proximate result of Defendant PISSED's false, reckless, wrongful and malicious statements.

523.    ROCA's losses include, without limitation, the failure of ROCA to sell its product to numerous identifiable potential customers as well as significant lost revenues from other potential customers.

524.    The above alleged statement was seen and read by potentially millions of people who reside in Florida and elsewhere.

525.    According to Defendant PISSED the statement had 1,398 views (*See* **graphic above**).

526.    In publishing the statement, Defendant PISSED engaged in conduct which is fraudulent, malicious, deliberately oppressive, or committed with such gross negligence as to indicate a wanton disregard for the rights of ROCA.

527.    In the event that Defendant PISSED is a considered to be a media outlet, it is alleged that Defendant PISSED acted without reasonable care as to the truth or falsity of its statements, and that actual damages were sustained by ROCA.

WHEREFORE, Plaintiff ROCA LABS, INC. respectfully requests that this Honorable Court declare that Defendant OPINION CORP. has defamed ROCA, and further grant temporary and permanent injunctive relief against the violating conduct, awards punitive damages, and award ROCA LABS, INC. with an amount fair and just to account for its money damages in excess of one million dollars ($1,000,000.00), interest, reasonable attorneys' fees, and costs incurred herein, and for such other relief as this court deems just and proper.

**COUNT XXIII**
**DEFAMATION AGAINST OPINION CORP**
**VIA PISSEDCONSUMER.COM**

528.    Roca realleges and incorporates the allegations of paragraphs 1 through 136 as though fully set forth herein and sues Defendant OPINION CORP. d/b/a PISSED CONSUMER ("PISSED") for Defamation via PissedConsumer.com as follows:

529.    Statements that tend to injure one's business may be charged as defamatory. Communications that describe one's conduct, characteristics or condition as incompatible with the appropriate exercise of one's business or trade qualifies as defamation per se.

530.    On May 27, 2014 Defendant PISSED published the following "review" on pissedconsumer.com:

This business is a total fraud. BEWARE! (*See* Review #490848 by anonymous).



531.    The published statement was either co-authored or authored in its entirety by Defendant PISSED. Upon information and belief, an anonymous poster does not exist and/or cannot be identified by Defendant PISSED. If the anonymous poster does exist, the statement was created through the PissedConsumer.com website system and was co-authored by Defendant PISSED.

532.    Defendant PISSED admittedly acts with reckless disregard for the truth. According to Defendant PISSED's subject website "as a rule it does not edit, confirm or vet the content of users posts for accuracy."

533.    The statement about ROCA is false in its entirety and are defamatory and libelous on their face.

534.    At the time the statement was published, Defendant PISSED was without any knowledge about ROCA's business being a fraud.

535.    The statement that ROCA is a fraud imputes the unsatisfactory conduct, characteristics and conditions of ROCA and constitute defamatory statements concerning ROCA per se.

536.    The above statement is false in its entirety and is defamatory and libelous on its face.

537.    Defendant PISSED's publishing of the statement is unconscionable and shows PISSED's reckless disregard for the truth.

538.    Defendant PISSED caused and continues to cause injury, harm, and damage to ROCA, including but not limited to irreparable harm, public humiliation, and unwarranted

ill-repute in the community, which in this case extends to the internet. ROCA has suffered significant loss of reputation as well as business opportunities as a direct and proximate result of Defendant PISSED's false, reckless, wrongful and malicious statements.

539.    ROCA's losses include, without limitation, the failure of ROCA to sell its product to numerous identifiable potential customers as well as significant lost revenues from other potential customers.

540.    The above alleged statement was seen and read by potentially millions of people who reside in Florida and elsewhere.

541.    According to Defendant PISSED the statement had 2,308 views **(*See* graphic above)**.

542.    In publishing the statement, Defendant PISSED engaged in conduct which is fraudulent, malicious, deliberately oppressive, or committed with such gross negligence as to indicate a wanton disregard for the rights of ROCA.

543.    In the event that Defendant PISSED is a considered to be a media outlet, it is alleged that Defendant PISSED acted without reasonable care as to the truth or falsity of its statements, and that actual damages were sustained by ROCA.

WHEREFORE, Plaintiff ROCA LABS, INC. respectfully requests that this Honorable Court declare that Defendant OPINION CORP. has defamed ROCA, and further grant temporary and permanent injunctive relief against the violating conduct, awards punitive damages, and award ROCA LABS, INC. with an amount fair and just to account for its money damages in excess of one million dollars ($1,000,000.00), interest, reasonable attorneys' fees, and costs incurred herein, and for such other relief as this court deems just and proper.

**COUNT XXIV**
**DEFAMATION AGAINST OPINION CORP**
**VIA PISSEDCONSUMER.COM**

544.    Roca realleges and incorporates the allegations of paragraphs 1 through 136 as though fully set forth herein and sues Defendant OPINION CORP. d/b/a PISSED CONSUMER ("PISSED") for Defamation via PissedConsumer.com as follows:

545.    Statements that tend to injure one's business may be charged as defamatory. Communications that describe one's conduct, characteristics or condition as incompatible with the appropriate exercise of one's business or trade qualifies as defamation per se.

546.    On April 13, 2014 Defendant PISSED published the following "review" on pissedconsumer.com:

> Roca Labs - Got scammed and sick from this JUNK (*See* Review #482648 by anonymous).



548.    The published statement was either co-authored or authored in its entirety by Defendant PISSED. Upon information and belief, an anonymous poster does not exist and/or cannot be identified by Defendant PISSED. If the anonymous poster does exist, the statement was created through the PissedConsumer.com website system and was co-authored by Defendant PISSED.

549.    Defendant PISSED admittedly acts with reckless disregard for the truth. According to Defendant PISSED's subject website "as a rule it does not edit, confirm or vet the content of users posts for accuracy."

550.    The statement about ROCA scamming a person and selling junk is false in its entirety and is defamatory and libelous on its face.

551.    At the time the statement was published, Defendant PISSED was without any knowledge about ROCA's business being a fraud.

552.    The statement that ROCA is a scam imputes the unsatisfactory conduct, characteristics and conditions of ROCA and constitute defamatory statements concerning ROCA per se.

553.    The above statement is false in its entirety and is defamatory and libelous on its face.

554.    Defendant PISSED's publishing of the statement is unconscionable and shows PISSED's reckless disregard for the truth.

555.    Defendant PISSED caused and continues to cause injury, harm, and damage to ROCA, including but not limited to irreparable harm, public humiliation, and unwarranted ill-repute in the community, which in this case extends to the internet. ROCA has suffered

significant loss of reputation as well as business opportunities as a direct and proximate result of Defendant PISSED's false, reckless, wrongful and malicious statements.

556. ROCA's losses include, without limitation, the failure of ROCA to sell its product to numerous identifiable potential customers as well as significant lost revenues from other potential customers.

557. The above alleged statement was seen and read by potentially millions of people who reside in Florida and elsewhere.

558. According to Defendant PISSED the statement had 1,513 views **(See graphic above)**.

559. In publishing the statement, Defendant PISSED engaged in conduct which is fraudulent, malicious, deliberately oppressive, or committed with such gross negligence as to indicate a wanton disregard for the rights of ROCA.

560. In the event that Defendant PISSED is a considered to be a media outlet, it is alleged that Defendant PISSED acted without reasonable care as to the truth or falsity of its statements, and that actual damages were sustained by ROCA.

WHEREFORE, Plaintiff ROCA LABS, INC. respectfully requests that this Honorable Court declare that Defendant OPINION CORP. has defamed ROCA, and further grant temporary and permanent injunctive relief against the violating conduct, awards punitive damages, and award ROCA LABS, INC. with an amount fair and just to account for its money damages in excess of one million dollars ($1,000,000.00), interest, reasonable attorneys' fees, and costs incurred herein, and for such other relief as this court deems just and proper.

## COUNT XXV
## DEFAMATION AGAINST OPINION CORP
## VIA PISSEDCONSUMER.COM

561.    Roca realleges and incorporates the allegations of paragraphs 1 through 136 as though fully set forth herein and sues Defendant OPINION CORP. d/b/a PISSED CONSUMER ("PISSED") for Defamation via PissedConsumer.com as follows:

562.    Statements that tend to injure one's business may be charged as defamatory. Communications that describe one's conduct, characteristics or condition as incompatible with the appropriate exercise of one's business or trade qualifies as defamation per se.

563.    On May 16, 2014 Defendant PISSED published the following "review" on pissedconsumer.com:

> Roca Labs - Run don't walk away from this one! SCAM!! (*See* Review #487885 by anonymous).



564. The published statement was either co-authored or authored in its entirety by Defendant PISSED. Upon information and belief, an anonymous poster does not exist and/or cannot be identified by Defendant PISSED. If the anonymous poster does exist, the statement was created through the PissedConsumer.com website system and was co-authored by Defendant PISSED.

565. Defendant PISSED admittedly acts with reckless disregard for the truth. According to Defendant PISSED's subject website "as a rule it does not edit, confirm or vet the content of users posts for accuracy."

566. The statement about ROCA being a scam is false in its entirety and is defamatory and libelous on its face.

567. At the time the statement was published, Defendant PISSED was without any knowledge about ROCA's business being a scam.

568. The statement that ROCA is a scam imputes the unsatisfactory conduct, characteristics and conditions of ROCA and constitute defamatory statements concerning ROCA per se.

569. The above statement is false in its entirety and is defamatory and libelous on its face.

570. Defendant PISSED's publishing of the statement is unconscionable and shows PISSED's reckless disregard for the truth.

571. Defendant PISSED caused and continues to cause injury, harm, and damage to ROCA, including but not limited to irreparable harm, public humiliation, and unwarranted ill-repute in the community, which in this case extends to the internet. ROCA has suffered

significant loss of reputation as well as business opportunities as a direct and proximate result of Defendant PISSED's false, reckless, wrongful and malicious statements.

572.    ROCA's losses include, without limitation, the failure of ROCA to sell its product to numerous identifiable potential customers as well as significant lost revenues from other potential customers.

573.    The above alleged statement was seen and read by potentially millions of people who reside in Florida and elsewhere.

According to Defendant PISSED the statement had 2,850 views (*See* **graphic above**).

574.    In publishing the statement, Defendant PISSED engaged in conduct which is fraudulent, malicious, deliberately oppressive, or committed with such gross negligence as to indicate a wanton disregard for the rights of ROCA.

575.    In the event that Defendant PISSED is a considered to be a media outlet, it is alleged that Defendant PISSED acted without reasonable care as to the truth or falsity of its statements, and that actual damages were sustained by ROCA.

WHEREFORE, Plaintiff ROCA LABS, INC. respectfully requests that this Honorable Court declare that Defendant OPINION CORP. has defamed ROCA, and further grant temporary and permanent injunctive relief against the violating conduct, awards punitive damages, and award ROCA LABS, INC. with an amount fair and just to account for its money damages in excess of one million dollars ($1,000,000.00), interest, reasonable attorneys' fees, and costs incurred herein, and for such other relief as this court deems just and proper.

**COUNT XXVI**
**DEFAMATION AGAINST OPINION CORP**
**VIA PISSEDCONSUMER.COM**

576.     Roca realleges and incorporates the allegations of paragraphs 1 through 136 as though fully set forth herein and sues Defendant OPINION CORP. d/b/a PISSED CONSUMER ("PISSED") for Defamation via PissedConsumer.com as follows:

577.     Statements that tend to injure one's business may be charged as defamatory. Communications that describe one's conduct, characteristics or condition as incompatible with the appropriate exercise of one's business or trade qualifies as defamation per se.

578.     On April 13, 2014 Defendant PISSED published the following "review" on pissedconsumer.com:

The Company is full of lies and deceit (*See* Review #482585 by anonymous).



115

579.    The published statement was either co-authored or authored in its entirety by Defendant PISSED. Upon information and belief, an anonymous poster does not exist and/or cannot be identified by Defendant PISSED. If the anonymous poster does exist, the statement was created through the PissedConsumer.com website system and was co-authored by Defendant PISSED.

580.    Defendant PISSED admittedly acts with reckless disregard for the truth. According to Defendant PISSED's subject website "as a rule it does not edit, confirm or vet the content of users posts for accuracy."

581.    The statement about ROCA being full of lies and deceit is false in its entirety and is defamatory and libelous on its face.

582.    At the time the statement was published, Defendant PISSED was without any knowledge about ROCA's business being full of lies or deceit.

583.    The statement that ROCA is full of lies and deceit imputes the unsatisfactory conduct, characteristics and conditions of ROCA and constitute defamatory statements concerning ROCA per se.

584.    The above statement is false in its entirety and is defamatory and libelous on its face.

585.    Defendant PISSED's publishing of the statement is unconscionable and shows PISSED's reckless disregard for the truth.

586.    Defendant PISSED caused and continues to cause injury, harm, and damage to ROCA, including but not limited to irreparable harm, public humiliation, and unwarranted ill-repute in the community, which in this case extends to the internet. ROCA has suffered

significant loss of reputation as well as business opportunities as a direct and proximate result of Defendant PISSED's false, reckless, wrongful and malicious statements.

587.    ROCA's losses include, without limitation, the failure of ROCA to sell its product to numerous identifiable potential customers as well as significant lost revenues from other potential customers.

588.    The above alleged statement was seen and read by potentially millions of people who reside in Florida and elsewhere.

589.    According to Defendant PISSED the statement had 1,529 views **(*See* graphic above)**.

590.    In publishing the statement, Defendant PISSED engaged in conduct which is fraudulent, malicious, deliberately oppressive, or committed with such gross negligence as to indicate a wanton disregard for the rights of ROCA.

591.    In the event that Defendant PISSED is a considered to be a media outlet, it is alleged that Defendant PISSED acted without reasonable care as to the truth or falsity of its statements, and that actual damages were sustained by ROCA.

WHEREFORE, Plaintiff ROCA LABS, INC. respectfully requests that this Honorable Court declare that Defendant OPINION CORP. has defamed ROCA, and further grant temporary and permanent injunctive relief against the violating conduct, awards punitive damages, and award ROCA LABS, INC. with an amount fair and just to account for its money damages in excess of one million dollars ($1,000,000.00), interest, reasonable attorneys' fees, and costs incurred herein, and for such other relief as this court deems just and proper.

## COUNT XXVII
## DEFAMATION AGAINST OPINION CORP
## VIA PISSEDCONSUMER.COM

592.    Roca realleges and incorporates the allegations of paragraphs 1 through 136 as though fully set forth herein and sues Defendant OPINION CORP. d/b/a PISSED CONSUMER ("PISSED") for Defamation via PissedConsumer.com as follows:

593.    Statements that tend to injure one's business may be charged as defamatory. Communications that describe one's conduct, characteristics or condition as incompatible with the appropriate exercise of one's business or trade qualifies as defamation per se.

594.    On May 25, 2014 Defendant PISSED published the following "review" on pissedconsumer.com:

DO NOT TRUST THESE PEOPLE. They are CROOKS (*See* Review #480448 by anonymous).



595.    The published statement was either co-authored or authored in its entirety by Defendant PISSED. Upon information and belief, an anonymous poster does not exist and/or cannot be identified by Defendant PISSED. If the anonymous poster does exist, the statement was created through the PissedConsumer.com website system and was co-authored by Defendant PISSED.

596.    Defendant PISSED admittedly acts with reckless disregard for the truth. According to Defendant PISSED's subject website "as a rule it does not edit, confirm or vet the content of users posts for accuracy."

597.    The statement about ROCA being crooks is false in its entirety and is defamatory and libelous on its face.

598.    At the time the statement was published, Defendant PISSED was without any knowledge about ROCA's business being crooks.

599.    The statement that ROCA is crooks imputes the unsatisfactory conduct, characteristics and conditions of ROCA and constitute defamatory statements concerning ROCA per se.

600.    The above statement is false in its entirety and is defamatory and libelous on its face.

601.    Defendant PISSED's publishing of the statement is unconscionable and shows PISSED's reckless disregard for the truth.

602.    Defendant PISSED caused and continues to cause injury, harm, and damage to ROCA, including but not limited to irreparable harm, public humiliation, and unwarranted ill-repute in the community, which in this case extends to the internet. ROCA has suffered

significant loss of reputation as well as business opportunities as a direct and proximate result of Defendant PISSED's false, reckless, wrongful and malicious statements.

603.    ROCA's losses include, without limitation, the failure of ROCA to sell its product to numerous identifiable potential customers as well as significant lost revenues from other potential customers.

604.    The above alleged statement was seen and read by potentially millions of people who reside in Florida and elsewhere.

605.    According to Defendant PISSED the statement had 993 views **(*See* graphic above)**.

606.    In publishing the statement, Defendant PISSED engaged in conduct which is fraudulent, malicious, deliberately oppressive, or committed with such gross negligence as to indicate a wanton disregard for the rights of ROCA.

607.    In the event that Defendant PISSED is a considered to be a media outlet, it is alleged that Defendant PISSED acted without reasonable care as to the truth or falsity of its statements, and that actual damages were sustained by ROCA.

WHEREFORE, Plaintiff ROCA LABS, INC. respectfully requests that this Honorable Court declare that Defendant OPINION CORP. has defamed ROCA, and further grant temporary and permanent injunctive relief against the violating conduct, awards punitive damages, and award ROCA LABS, INC. with an amount fair and just to account for its money damages in excess of one million dollars ($1,000,000.00), interest, reasonable attorneys' fees, and costs incurred herein, and for such other relief as this court deems just and proper.

## COUNT XXVIII
## DEFAMATION AGAINST OPINION CORP
## VIA PISSEDCONSUMER.COM

608.    Roca realleges and incorporates the allegations of paragraphs 1 through 136 as though fully set forth herein and sues Defendant OPINION CORP. d/b/a PISSED CONSUMER ("PISSED") for Defamation via PissedConsumer.com as follows:

609.    Statements that tend to injure one's business may be charged as defamatory. Communications that describe one's conduct, characteristics or condition as incompatible with the appropriate exercise of one's business or trade qualifies as defamation per se.

610.    On February 14, 2014 Defendant PISSED published the following "review" on pissedconsumer.com:

Roca Labs - Don't buy antyhing [sic] from Roca Lab they just sell a regular shake they are stealing your money (*See* Review #475672 by anonymous).



611.    The published statement was either co-authored or authored in its entirety by Defendant PISSED. Upon information and belief, an anonymous poster does not exist and/or cannot be identified by Defendant PISSED. If the anonymous poster does exist, the statement was created through the PissedConsumer.com website system and was co-authored by Defendant PISSED.

612.    Defendant PISSED admittedly acts with reckless disregard for the truth. According to Defendant PISSED's subject website "as a rule it does not edit, confirm or vet the content of users posts for accuracy."

613.    The statement about ROCA stealing money is false in its entirety and is defamatory and libelous on its face.

614.    At the time the statement was published, Defendant PISSED was without any knowledge about ROCA stealing money.

615.    The statement that ROCA is stealing money imputes the unsatisfactory conduct, characteristics and conditions of ROCA and constitute defamatory statements concerning ROCA per se.

616.    The above statement is false in its entirety and is defamatory and libelous on its face.

617.    Defendant PISSED's publishing of the statement is unconscionable and shows PISSED's reckless disregard for the truth.

618.    Defendant PISSED caused and continues to cause injury, harm, and damage to ROCA, including but not limited to irreparable harm, public humiliation, and unwarranted ill-repute in the community, which in this case extends to the internet. ROCA has suffered

significant loss of reputation as well as business opportunities as a direct and proximate result of Defendant PISSED's false, reckless, wrongful and malicious statements.

619.   ROCA's losses include, without limitation, the failure of ROCA to sell its product to numerous identifiable potential customers as well as significant lost revenues from other potential customers.

620.   The above alleged statement was seen and read by potentially millions of people who reside in Florida and elsewhere.

621.   According to Defendant PISSED the statement had 1275 views **(*See* graphic above)**.

622.   In publishing the statement, Defendant PISSED engaged in conduct which is fraudulent, malicious, deliberately oppressive, or committed with such gross negligence as to indicate a wanton disregard for the rights of ROCA.

623.   In the event that Defendant PISSED is a considered to be a media outlet, it is alleged that Defendant PISSED acted without reasonable care as to the truth or falsity of its statements, and that actual damages were sustained by ROCA.

WHEREFORE, Plaintiff ROCA LABS, INC. respectfully requests that this Honorable Court declare that Defendant OPINION CORP. has defamed ROCA, and further grant temporary and permanent injunctive relief against the violating conduct, awards punitive damages, and award ROCA LABS, INC. with an amount fair and just to account for its money damages in excess of one million dollars ($1,000,000.00), interest, reasonable attorneys' fees, and costs incurred herein, and for such other relief as this court deems just and proper.

## COUNT XXIX
## DEFAMATION AGAINST OPINION CORP
## VIA PISSEDCONSUMER.COM

624.    Roca realleges and incorporates the allegations of paragraphs 1 through 136 as though fully set forth herein and sues Defendant OPINION CORP. d/b/a PISSED CONSUMER ("PISSED") for Defamation via PissedConsumer.com as follows:

625.    Statements that tend to injure one's business may be charged as defamatory. Communications that describe one's conduct, characteristics or condition as incompatible with the appropriate exercise of one's business or trade qualifies as defamation per se.

626.    On July 24, 2013 Defendant PISSED published the following "review" on pissedconsumer.com:

Roca Labs is a SCAM (*See* Review #432655 by anonymous).



627.    The published statement was either co-authored or authored in its entirety by Defendant PISSED. Upon information and belief, an anonymous poster does not exist and/or cannot be identified by Defendant PISSED. If the anonymous poster does exist, the statement

was created through the PissedConsumer.com website system and was co-authored by Defendant PISSED.

628.    Defendant PISSED admittedly acts with reckless disregard for the truth. According to Defendant PISSED's subject website "as a rule it does not edit, confirm or vet the content of users posts for accuracy."

629.    The statement about ROCA being a scam is false in its entirety and is defamatory and libelous on its face.

630.    At the time the statement was published, Defendant PISSED was without any knowledge about ROCA.

631.    The statement that ROCA being a scam imputes the unsatisfactory conduct, characteristics and conditions of ROCA and constitute defamatory statements concerning ROCA per se.

632.    The above statement is false in its entirety and is defamatory and libelous on its face.

633.    Defendant PISSED's publishing of the statement is unconscionable and shows PISSED's reckless disregard for the truth.

634.    Defendant PISSED caused and continues to cause injury, harm, and damage to ROCA, including but not limited to irreparable harm, public humiliation, and unwarranted ill-repute in the community, which in this case extends to the internet. ROCA has suffered significant loss of reputation as well as business opportunities as a direct and proximate result of Defendant PISSED's false, reckless, wrongful and malicious statements.

635.    ROCA's losses include, without limitation, the failure of ROCA to sell its product to numerous identifiable potential customers as well as significant lost revenues from other potential customers.

636.    The above alleged statement was seen and read by potentially millions of people who reside in Florida and elsewhere.

637.    According to Defendant PISSED the statement had 2950 views **(*See* graphic above)**.

638.    In publishing the statement, Defendant PISSED engaged in conduct which is fraudulent, malicious, deliberately oppressive, or committed with such gross negligence as to indicate a wanton disregard for the rights of ROCA.

639.    In the event that Defendant PISSED is a considered to be a media outlet, it is alleged that Defendant PISSED acted without reasonable care as to the truth or falsity of its statements, and that actual damages were sustained by ROCA.

WHEREFORE, Plaintiff ROCA LABS, INC. respectfully requests that this Honorable Court declare that Defendant OPINION CORP. has defamed ROCA, and further grant temporary and permanent injunctive relief against the violating conduct, awards punitive damages, and award ROCA LABS, INC. with an amount fair and just to account for its money damages in excess of one million dollars ($1,000,000.00), interest, reasonable attorneys' fees, and costs incurred herein, and for such other relief as this court deems just and proper.

**COUNT XXX**
**DEFAMATION AGAINST OPINION CORP**
**VIA PISSEDCONSUMER.COM**

640.    Roca realleges and incorporates the allegations of paragraphs 1 through 136 as though fully set forth herein and sues Defendant OPINION CORP. d/b/a PISSED CONSUMER ("PISSED") for Defamation via PissedConsumer.com as follows:

641.    Statements that tend to injure one's business may be charged as defamatory. Communications that describe one's conduct, characteristics or condition as incompatible with the appropriate exercise of one's business or trade qualifies as defamation per se.

642.    On May 31, 2013 Defendant PISSED published the following "review" on pissedconsumer.com:

> Roca Labs- Product and company are PURE SCAM (*See* Review #413698 by anonymous).



643.    The published statement was either co-authored or authored in its entirety by Defendant PISSED. Upon information and belief, an anonymous poster does not exist and/or cannot be identified by Defendant PISSED. If the anonymous poster does exist, the statement

was created through the PissedConsumer.com website system and was co-authored by Defendant PISSED.

644.   Defendant PISSED admittedly acts with reckless disregard for the truth. According to Defendant PISSED's subject website "as a rule it does not edit, confirm or vet the content of users posts for accuracy."

645.   The statement about ROCA being a scam is false in its entirety and is defamatory and libelous on its face.

646.   At the time the statement was published, Defendant PISSED was without any knowledge about ROCA.

647.   The statement that ROCA is a scam imputes the unsatisfactory conduct, characteristics and conditions of ROCA and constitute defamatory statements concerning ROCA per se.

648.   The above statement is false in its entirety and is defamatory and libelous on its face.

649.   Defendant PISSED's publishing of the statement is unconscionable and shows PISSED's reckless disregard for the truth.

650.   Defendant PISSED caused and continues to cause injury, harm, and damage to ROCA, including but not limited to irreparable harm, public humiliation, and unwarranted ill-repute in the community, which in this case extends to the internet. ROCA has suffered significant loss of reputation as well as business opportunities as a direct and proximate result of Defendant PISSED's false, reckless, wrongful and malicious statements.

651.    ROCA's losses include, without limitation, the failure of ROCA to sell its product to numerous identifiable potential customers as well as significant lost revenues from other potential customers.

652.    The above alleged statement was seen and read by potentially millions of people who reside in Florida and elsewhere.

653.    According to Defendant PISSED the statement had 2246 views (*See* **graphic above**).

654.    In publishing the statement, Defendant PISSED engaged in conduct which is fraudulent, malicious, deliberately oppressive, or committed with such gross negligence as to indicate a wanton disregard for the rights of ROCA.

655.    In the event that Defendant PISSED is a considered to be a media outlet, it is alleged that Defendant PISSED acted without reasonable care as to the truth or falsity of its statements, and that actual damages were sustained by ROCA.

WHEREFORE, Plaintiff ROCA LABS, INC. respectfully requests that this Honorable Court declare that Defendant OPINION CORP. has defamed ROCA, and further grant temporary and permanent injunctive relief against the violating conduct, awards punitive damages, and award ROCA LABS, INC. with an amount fair and just to account for its money damages in excess of one million dollars ($1,000,000.00), interest, reasonable attorneys' fees, and costs incurred herein, and for such other relief as this court deems just and proper.

## COUNT XXXI
## DEFAMATION AGAINST OPINION CORP

656.    Roca realleges and incorporates the allegations of paragraphs 1 through 136 as though fully set forth herein and sues Defendant OPINION CORP. d/b/a PISSED CONSUMER ("PISSED") for Defamation via PissedConsumer.com as follows:

657.    Statements that tend to injure one's business may be charged as defamatory. Communications that describe one's conduct, characteristics or condition as incompatible with the appropriate exercise of one's business or trade qualifies as defamation per se.

658.    On or about **September 18, 2014**, Defendant PISSED filed its *Opposition to Plaintiff's Motion for Entry of a Temporary Injunction.*  Defendants stated in these Court pleadings and repeated its statements to the media that ROCA was in imminent risk of government closure.  According to Defendants ROCA was "desperate to sell as many of its tubs of goo to the public as it can before regulatory agencies come knocking, does its best to bully its former customers into silence."

659.    Defendant PISSED either directly or through through its agents, including but not limited to Marc Randazza caused these statements to be republished in the media, despite the knowledge that the statement was false and malicious.

660.    The statement that ROCA was selling product before regulatory agencies come knocking impute the unsatisfactory conduct, characteristics and conditions of ROCA constitute defamatory statements concerning ROCA per se.

661.    The statement is defamatory and libelous on its face.

662.    Defendants have no basis for the statement made about ROCA.

663.    Defendant PISSED caused and continues to cause injury, harm, and damage to ROCA, including but not limited to irreparable harm, public humiliation, and unwarranted ill-repute in the community, which in this case extends to the internet. ROCA has suffered significant loss of reputation as well as business opportunities as a direct and proximate result of Defendant PISSED's false, reckless, wrongful and malicious statements.

664.    ROCA's losses include, without limitation, the failure of ROCA to sell its product to numerous identifiable potential customers as well as significant lost revenues from other potential customers.

665.    The above statement were seen and read by potentially millions of people who reside in Florida and elsewhere.

666.    Defendant PISSED authored, co-authored, generated or published these statements with the knowledge that they were false or with reckless disregard as to their truth and falsity.

667.    In publishing the statement, Defendant PISSED engaged in conduct which is fraudulent, malicious, deliberately oppressive, or committed with such gross negligence as to indicate a wanton disregard for the rights of ROCA.

668.    In the event that Defendant PISSED is a considered to be a media outlet, it is alleged that Defendant PISSED acted without reasonable care as to the truth or falsity of its statements, and that actual damages were sustained by ROCA.

WHEREFORE, Plaintiff ROCA LABS, INC. respectfully requests that this Honorable Court declare that Defendant OPINION CORP. has defamed ROCA, and further grant temporary and permanent injunctive relief against the violating conduct, awards punitive damages, and

award ROCA LABS, INC. with an amount fair and just to account for its money damages in excess of one million dollars ($1,000,000.00), interest, reasonable attorneys' fees, and costs incurred herein, and for such other relief as this court deems just and proper.

### COUNT XXXII
### DEFAMATION AGAINST OPINION CORP VIA TWITTER

669.    ROCA realleges and incorporates the allegations of paragraphs 1 through 136 as though fully set forth herein and sues Defendant OPINION CORP. d/b/a PISSED CONSUMER ("PISSED") for Defamation via Twitter as follows:

670.    Statements that tend to injure one's business may be charged as defamatory. Communications that describe one's conduct, characteristics or condition as incompatible with the appropriate exercise of one's business or trade qualifies as defamation per se.

671.    The statements which were authored by Defendant PISSED and placed on Twitter, which impute the unsatisfactory conduct, characteristics and conditions of ROCA constitute defamatory statements concerning ROCA per se.

672.    On February 14, 2014 Defendant PISSED sent the Twitter message "@RocaLabs Don't buy antyhing [sic] from Roca Labs they just sell a regular shake."



673.    Defendant PISSED used Twitter as a means to disseminate false and malicious statements about ROCA.

674.   The statement authored and Tweeted by Defendant PISSED is false in its entirety.

675.   The statement is defamatory and libelous on its face.

676.   At the time the statement was published, Defendant PISSED was without any knowledge about ROCA.

677.   The statement that ROCA is stealing imputes the unsatisfactory conduct, characteristics and conditions of ROCA and constitute defamatory statements concerning ROCA per se.

678.   Defendant PISSED's publishing of the statement is unconscionable and shows PISSED's reckless disregard for the truth.

679.   Defendant PISSED caused and continues to cause injury, harm, and damage to ROCA, including but not limited to irreparable harm, public humiliation, and unwarranted ill-repute in the community, which in this case extends to the internet. ROCA has suffered significant loss of reputation as well as business opportunities as a direct and proximate result of Defendant PISSED's false, reckless, wrongful and malicious statements.

680.   The losses include, without limitation, the failure of ROCA to sell its product to numerous identifiable potential customers as well as significant lost revenues from other potential customers.

681.   The above alleged statements were seen and read by potentially millions of people who reside in Florida and elsewhere.

682.   Defendant PISSED made these statements with the knowledge that they were false or with reckless disregard as to their truth and falsity.

683.    Defendant PISSED authored, co-authored, generated or published these statements with the knowledge that they were false or with reckless disregard as to their truth and falsity.

684.    In the event that Defendant PISSED is a considered to be a media outlet, it is alleged that Defendant PISSED acted without reasonable care as to the truth or falsity of its statements, and that actual damages were sustained by ROCA.

WHEREFORE, Plaintiff ROCA LABS, INC. respectfully requests that this Honorable Court declare that Defendant OPINION CORP. has defamed ROCA and further grant temporary and permanent injunctive relief against the violating conduct, awards punitive damages and award ROCA LABS, INC. with an amount fair and just to account for its money damages in excess of one million dollars ($1,000,000.00), interest, reasonable attorneys' fees, and costs incurred herein, and for such other relief as this court deems just and proper.

## COUNT XXXIII
## DEFAMATION AGAINST OPINION CORP VIA TWITTER

685.    ROCA realleges and incorporates the allegations of paragraphs 1 through 136 as though fully set forth herein and sues Defendant OPINION CORP. d/b/a PISSED CONSUMER ("PISSED") for Defamation via Twitter as follows:

686.    Statements that tend to injure one's business may be charged as defamatory.

687.    Communications that describe one's conduct, characteristics or condition as incompatible with the appropriate exercise of one's business or trade qualifies as defamation per se.

688.    The statements which were authored by Defendant PISSED and placed on Twitter, which impute the unsatisfactory conduct, characteristics and conditions of ROCA constitute defamatory statements concerning ROCA per se.

689.    On May 27, 2013 Defendant PISSED sent the Twitter message "Doesn't Work!!! I can't believe I really thought this would work! Save your money



690.    Defendant PISSED used Twitter as a means to disseminate false and malicious statements about ROCA.

691.    The statement authored and Tweeted by Defendant PISSED is false in its entirety. The statement is defamatory and libelous on its face.

692.    At the time the statement was published, Defendant PISSED was without any knowledge about ROCA.

693.    The statement that ROCA's products don't work impute the unsatisfactory conduct, characteristics and conditions of ROCA and constitute defamatory statements concerning ROCA per se.

694.    Defendant PISSED's publishing of the statement is unconscionable and shows PISSED's reckless disregard for the truth.

695.    Defendant PISSED caused and continues to cause injury, harm, and damage to ROCA, including but not limited to irreparable harm, public humiliation, and unwarranted

135

ill-repute in the community, which in this case extends to the internet. ROCA has suffered significant loss of reputation as well as business opportunities as a direct and proximate result of Defendant PISSED's false, reckless, wrongful and malicious statements.

696.    The losses include, without limitation, the failure of ROCA to sell its product to numerous identifiable potential customers as well as significant lost revenues from other potential customers.

697.    The above alleged statements were seen and read by potentially millions of people who reside in Florida and elsewhere.

698.    Defendant PISSED made these statements with the knowledge that they were false or with reckless disregard as to their truth and falsity.

699.    Defendant PISSED authored, co-authored, generated or published these statements with the knowledge that they were false or with reckless disregard as to their truth and falsity.

700.    In the event that Defendant PISSED is a considered to be a media outlet, it is alleged that Defendant PISSED acted without reasonable care as to the truth or falsity of its statements, and that actual damages were sustained by ROCA.

WHEREFORE, Plaintiff ROCA LABS, INC. respectfully requests that this Honorable Court declare that Defendant OPINION CORP. has defamed ROCA and further grant temporary and permanent injunctive relief against the violating conduct, awards punitive damages and award ROCA LABS, INC. with an amount fair and just to account for its money damages in excess of one million dollars ($1,000,000.00), interest, reasonable attorneys' fees, and costs incurred herein, and for such other relief as this court deems just and proper.

## <u>COUNT XXXIV</u>
## <u>DEFAMATION AGAINST OPINION CORP VIA TWITTER</u>

701.     ROCA realleges and incorporates the allegations of paragraphs 1 through 136 as

though fully set forth herein and sues Defendant OPINION CORP. d/b/a PISSED CONSUMER

("PISSED") for Defamation via Twitter as follows:

702.     Statements that tend to injure one's business may be charged as defamatory.

703.     Communications that describe one's conduct, characteristics or condition as

incompatible with the appropriate exercise of one's business or trade qualifies as defamation per

se.

704.     The statements which were authored by Defendant PISSED and placed on

Twitter, which impute the unsatisfactory conduct, characteristics and conditions of ROCA

constitute defamatory statements concerning ROCA per se.

705.     On June 15, 2012 Defendant PISSED sent the Twitter message "WILL NOT

PROCESS PROMISED REFUND, LIED TO BY CUSTOMER SERVICE AGENTS

REGARDING PROMISED REFUND."



706.     Defendant PISSED used Twitter as a means to disseminate false and malicious

statements about ROCA.

707.     The statement authored and Tweeted by Defendant PISSED is false in its entirety.

The statement is defamatory and libelous on its face.

708.    At the time the statement was published, Defendant PISSED was without any knowledge about ROCA.

709.    Defendant PISSED never purchased any ROCA product nor was it ever refused a refund.

710.    The statement that ROCA lied imputes the unsatisfactory conduct, characteristics and conditions of ROCA and constitute defamatory statements concerning ROCA per se.

711.    Defendant PISSED's publishing of the statement that ROCA lied is unconscionable and shows PISSED's reckless disregard for the truth.

712.    Defendant PISSED caused and continues to cause injury, harm, and damage to ROCA, including but not limited to irreparable harm, public humiliation, and unwarranted ill-repute in the community, which in this case extends to the internet. ROCA has suffered significant loss of reputation as well as business opportunities as a direct and proximate result of Defendant PISSED's false, reckless, wrongful and malicious statements.

713.    The losses include, without limitation, the failure of ROCA to sell its product to numerous identifiable potential customers as well as significant lost revenues from other potential customers.

714.    The above alleged statements were seen and read by potentially millions of people who reside in Florida and elsewhere.

715.    Defendant PISSED made these statements with the knowledge that they were false or with reckless disregard as to their truth and falsity.

716.    Defendant PISSED authored, co-authored, generated or published these statements with the knowledge that they were false or with reckless disregard as to their truth and falsity.

717.    In the event that Defendant PISSED is a considered to be a media outlet, it is alleged that Defendant PISSED acted without reasonable care as to the truth or falsity of its statements, and that actual damages were sustained by ROCA.

WHEREFORE, Plaintiff ROCA LABS, INC. respectfully requests that this Honorable Court declare that Defendant OPINION CORP. has defamed ROCA and further grant temporary and permanent injunctive relief against the violating conduct, awards punitive damages and award ROCA LABS, INC. with an amount fair and just to account for its money damages in excess of one million dollars ($1,000,000.00), interest, reasonable attorneys' fees, and costs incurred herein, and for such other relief as this court deems just and proper..

## COUNT XXXV
## DECLARATORY RELIEF AGAINST DEFENDANTS

718.    ROCA, by and through undersigned counsel, seek declaratory judgment relief pursuant to Chapter 86 of the Florida Statutes, prevailing Florida law, against Defendants and they re-allege all preceding paragraphs herein and states as follows:

719.    This is an action for declaratory relief pursuant to Florida Statutes Section 86.011.

720.    There is a bona fide, actual, present practical need for declaratory relief pursuant to Florida Statutes Section 86.011 and present controversy with ascertainable facts between the parties herein.

721.    The Defendants, by and through their agents, servants and employees, own, maintain and control the website PissedConsumer.com.

139

722.    The Defendants, by and through their agents, servants, and employees have authored, co-authored  and/ or co-developed negative complaints with users against ROCA and then the Defendants assume ownership of the content via PissedConsumer.com and Twitter.

723.    The Defendants, by and through their agents, servants and employees fail to verify their posted negative internet content against ROCA that Defendants author, co-author and/or co-develop via PissedConsumer.com and Twitter.

724.    The Defendants have intentionally tortiously interfered with both ROCA's contractual relationship with existing customers and its economic relationship with potential customers.

725.    The Defendants conduct has directly and proximately caused ROCA to continue to accrue monetary damages and present ongoing damages to ROCA's reputation.

726.    ROCA is in doubt as to their rights and obligations under Florida Statute Section 501.204(1) as part of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA ") and ROCA is in need of a present declaration of  the applicability and/or preclusion of said Statute against Defendants herein and their rights under Florida law.

727.    ROCA is in doubt as to their rights under FDUTPA and Florida law and is in need of a present declaration whether Defendants conduct alleged herein constitutes false and misleading advertising against ROCA.

728.    ROCA is in doubt as to their rights under Florida law and is in need of a present declaration whether Defendants conduct alleged herein tortiously interfered with ROCA's contractual agreements with their customers.

729.    ROCA is in doubt as to their rights under Florida law and is in need of a present declaration whether Defendants conduct alleged herein tortiously interfered with ROCA's prospective economic relationship with potential customers.

730.    ROCA is in doubt as to their rights under Florida law and is in need of a present declaration whether Defendants defamed ROCA per se.

731.    There is a bona fide, actual dispute between the parties based on the Defendants refusal to cease and desist it's conduct after ROCA has requested same.

732.    There is a bona fide, actual dispute between the parties based on the Defendants refusal to provide the alleged "dissatisfied customer" information to ROCA so that ROCA can verify the veracity of said content.

733.    There is a bona fide, actual dispute between the parties whether the Defendants in fact author, co-author and/or develop the negative content against ROCA via PissedConsumer.com and Twitter.

734.    ROCA seeks relief in order to enforce contractual/legal rights and not to merely seek legal advice from this Honorable Court.

735.    ROCA's right to recovery is dependent upon the Court's finding of facts and/or application of same to Florida law.

736.    As a result of this dispute, it has become necessary for the Plaintiff, Roca, to retain services of counsel.

737.    Defendants are obligated to pay a reasonable fee for the undersigned services in bringing this action, plus necessary costs.

738.    Defendants' interests in this declaration of rights are actual, present, adverse and antagonistic of fact and/or law to ROCA's interests.

WHEREFORE Plaintiff, ROCA, requests the Court to:

A.    Take jurisdiction of the subject matter and parties hereto.

B.    Determine applicable law, including the provision of Florida Statutes that apply to the parties.

C.    Declare that the Defendants have violated FDUTPA against ROCA.

D.    Declare that the Defendants have intentionally tortiously interfered with ROCA's contractual agreements with customers.

E.    Declare that the Defendants have intentionally tortiously interfered with ROCA's economic relationship with consumers.

F.    Declare that the Defendants have defamed ROCA.

G.    Declare that ROCA has suffered economic damages as proximate result of Defendants conduct.

H.    Declare that ROCA is entitled to attorneys' fees and costs against the Defendants and determine the amounts thereto.

I.    Declare that ROCA's are entitled to award of monetary damages and determine the amounts thereto;

J.    Declare that Defendants cease and desist their conduct against ROCA and for them to remove all negative content from their website and Twitter.

142

K.      Declare that Defendants provide the names and addresses of all alleged ROCA customers who have helped in posting negative content on Defendants' website.

L.      Award damages, interest, and taxable costs against Defendants.

M.      Award any other relief this Court deems just and proper against the Defendants.

WHEREFORE, Plaintiff ROCA further demands entry of judgment against Defendants for all damages, attorneys' fees, and costs.

## REQUEST FOR ATTORNEY'S FEES

Plaintiff, **ROCA LABS, INC.,** requests an award of attorney's fees, costs, and such other relief that the Court finds to be appropriate.

## DEMAND FOR JURY TRIAL ON COMPLAINT

Plaintiff, **ROCA LABS, INC.,** hereby demands trial by jury as to all issues so triable as to the Complaint.

Respectfully submitted,

/s/ James Roscoe Tanner

James Roscoe Tanner, Esquire

Florida Bar No.: 0637246
AskALaw, LLC
jrt@jimtannerlaw.com
callmyattorney@aol.com
Post Office Box 260156
Tampa, Florida 33685
(813) 322-3565
Attorneys for Roca Labs, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing was e-filed with the Clerk of Court

via CM/ECF system, which will send an electronic copy of the same to all counsel of record that

are registered with the Court's CM/ECF system this 30th day of January 2015.

/s/ <u>James Roscoe Tanner</u>

James Roscoe Tanner, Esquire