UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROCA LABS, INC.,  Case No: 8:14-cv-2096-T-33EAJ

    Plaintiff,

v.

CONSUMER OPINION CORP. and
OPINION CORP.,

    Defendants.
_____/

**MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT**

Defendants hereby move to Strike Plaintiff Roca Labs' Amended Complaint.  See ECF 100.

**1.0  Introduction**

The Amended Complaint, as filed by Roca Labs, is not what was filed (three times no less) by Roca Labs as the proposed Amended Complaint, attached to its Motion for Leave to Amend its Complaint.  See ECFs 82-89.

**2.0  Analysis**

**2.1  Motion to Strike Amended Complaint is Warranted Pursuant to Fed. R. Civ. P. 12(f)**

A court will grant a motion to strike pursuant to Federal Rule of Civil Procedure 12(f) if the contested pleading contains an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "The purpose of a motion to strike is to clean

up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Hodge v. Orlando Utils. Comm'n*, 2009 U.S. Dist. LEXIS 110464, 10, 2009 WL 4042930 (M.D. Fla. Nov. 23, 2009).

While this case was fully briefed for summary judgment, Plaintiff filed a motion for leave to file an amended complaint, which by any critical reading would be properly described just as that – an "unnecessary foray into immaterial matters." Nevertheless, this Court indulged Plaintiff's desire to prolong this litigation, and to file an Amended Complaint that addressed no new substantive issues, but simply added volume, in a cynical attempt to moot the summary judgment motion.

This court granted that motion, based upon a proposed amended complaint, which the Plaintiff filed three times. ECFs 83-89. Thereafter, the Plaintiff filed an utterly inane Amended Complaint, which rivals pro se prisoner complaints in length and vituperative invective, but which contains so little reasoning that no court should accept it, whether filed pro se or not. See ECF 100.

Justice requires this Motion to Strike be granted here because Plaintiff sought leave to amend its Complaint using its proposed Amended Complaint as the basis, and then, without requesting leave to file something entirely different, did so anyway. It is understandable why. Defendants believe that if Plaintiffs had submitted this 144-page shotgun complaint (page count exclusive of the additional 78 pages of largely illegible exhibits), the Court would have denied it.

Plaintiff's Amended Complaint must be stricken, at the very least, as it was remarkably different than the Proposed Amended Complaint it previously put before the Court. If prior cases are any indication, that is

not acceptable practice in this District. "[I]f the [plaintiffs] elect to file a Motion to Amend the Complaint, the [plaintiffs] must attach a copy of their proposed amended complaint to the Motion to Amend." *Madura v. BAC Home Loans Servicing L.P.*, 2012 U.S. Dist. LEXIS 119596, 7, 2012 WL 3656243 (M.D. Fla. Aug. 22, 2012). Here, Roca Labs attached a proposed Amended Complaint, and filed it with the Court **three times**, over the course of multiple days. The Court then apparently evaluated that proposed Amended Complaint and decided to grant leave to amend. However, the previously filed proposed Amended Complaint is not what is now before the Court.

Plaintiff was specifically aware that it would be bound to its proposed amended complaint. Plaintiff stated in its Corrected First Amended Complaint "In its present form, this document is Exhibit 'A' to Plaintiff's Motion for Leave to Amend the Complaint. Should the Court grant said Motion, Plaintiff will file and serve a dated Amended Complaint without this footnote." ECF 89 at 1. Yet, what Plaintiff filed does not even resemble what it told to the Court that it would file. This is an underhanded attempt at bait and switch. While the Court has the discretion to allow it, perhaps now the Court sees what the Defendants predicted – give Plaintiff an inch to amend its Complaint, and it will take a mile's worth of liberties in filing an entirely different Complaint. This is Roca Labs' *modus operandi*.

This improperly-filed Amended Complaint now consists of 35 counts and 738 paragraphs, where the Proposed Amended Complaint was 11 counts and 354 paragraphs. While the proposed Amended Complaint

was convoluted and unwieldy before, it has now grown to unnecessarily elephantine proportions, and must be stricken.[1]

### 2.2 In Addition, the Motion to Strike the Amended Complaint is Warranted Pursuant to Fla. Stat. §607.0501

Fla. Stat. §607.0501 requires a Florida corporation to have and continuously maintain in Florida both a registered office and a registered agent. The registered agent may be "[a]n individual who resides in this state whose business office is identical with such registered office." §607.0501(1)(b)(1). A registered agent who may accept service of process for the corporation is required to file a written statement accepting the appointment of registered agent and stating that "the registered agent is familiar with, and accepts, the obligations of that position." §607.0501(3). Subsection (5) specifies that "[a] corporation may not maintain any action in a court in this state until the corporation complies with the provisions of this section…" Fla. Stat. §48.081(3) permits service to be effected upon a corporation through its designated registered agent. *See Taylor v. Bay Med. Ctr.*, 2008 U.S. Dist. LEXIS 102332 at *3 (N.D. Fla. Dec. 9, 2008); *see also Reed v. Morgan Drexen, Inc.*, 26 F. Supp. 3d 1287 at *13 (S.D. Fla. 2014); *TID Servs. v. Dass*, 65 So. 3d 1, 5 (Fla. 2d DCA 2010).

/ /

/ /

---

[1] The proposed Amended Complaint that the Court considered should have been seen for what it was – not a valid pleading, but a conglomeration of lunacy filed solely in the hope that this Court would moot the pending Motion for Summary Judgment. The Court then reinforced Plaintiff's hope. But, the Court did not grant carte blanche to file yet another Amended Complaint – and especially not one that seems more akin to a pro-se prisoner filing than something filed by a rational party represented by competent counsel.

### 2.2.1 Roca is in Violation of Fla. Stat. 607.0501, and Should Not Be Allowed To Maintain an Action In Florida

Despite its filings with the Florida Secretary of State, Roca does not have a registered agent residing in the State of Florida, in violation of Fla. Stat. §607.0501. Its designated registered agent is Dr. George C. Whiting, with an address in St. Action Petersburg, Florida. Exhibit 1. The process server in the *Opinion Corp. v. Roca Labs, Inc.* case (FLSD Case No.: 9:15-cv-80051) has been unable to serve Roca, despite multiple attempts. Exhibit 2. The process server in the case of *The Solomon Law, PA v. Roca Labs, Inc.* (Case No.: 14-cc-035101) also made numerous attempts to serve Whiting with the Summons and Complaint in the *Solomon* Case, but was unsuccessful each time. Exhibit 3. In order to be the designated registered agent for Roca, Whiting must have been aware of his obligations to accept service of process as a registered agent. Fla. Stat. §607.0501(3). Clearly Roca is not in compliance.

Roca either has a registered agent in Florida who cannot be contacted, meaning it cannot be served in any lawsuit, or it does not have a registered agent in Florida at all. In the first case, Roca has not "continuously maintain[ed]" a registered office and agent as required by §607.0501. In the second case, Roca does not even have a registered agent. Either way, Roca is legally unable to maintain any suit in the State of Florida; Fla. Stat. §607.0501(5) provides that Roca "may not maintain any action a court in this state" if it does not comply with this statute. The language of the statute is unambiguous, and Roca cannot be allowed to maintain any of its numerous actions in this state until it remedies this violation.

**3.0  Conclusion**

Defendants Opinion Corp. and Consumer Opinion Corp. respectfully request this Court grant its Motion to Strike Roca Labs' Amended Complaint based on the foregoing bases. Furthermore, Defendants request this Court, pursuant to Fla. Stat. §607.0501, strike Roca Labs' Amended Complaint because Roca has failed to maintain a registered agent within the state. Lastly, Defendants request its attorneys' fees in filing the instant Motion as a result of Plaintiff's willful disregard for this Court's rules, practices, and procedures.

**4.0  Local Rule 3.01(g) Certification**

The undersigned certifies that he conferred telephonically and through e-mail and letters with James Tanner, attorney for Roca Labs, prior to filing the instant Motion. Mr. Tanner did not consent to the relief requested herein and the parties were unable to reach a resolution on this matter.

Respectfully Submitted,

*Marc J. Randazza*

_____
Marc J. Randazza, Esq.
Florida Bar No. 625566
RANDAZZA LEGAL GROUP
3625 S. Town Center Drive
Las Vegas, Nevada 89135
Tele:  702-420-2001
Fax: 305-437-7662
Email: ecf@randazza.com

Jason A. Fisher, Esq.
Florida Bar No. 68762
RANDAZZA LEGAL GROUP
2 S. Biscayne Blvd., Suite 2600
Miami, Florida 33131
Tele:  702-420-2001
Fax: 305-437-7662
Email: ecf@randazza.com

        Ronald D. Coleman, Esq.
        *Pro Hac Vice*
        GOETZ FITZPATRICK LLP
        One Penn Plaza, Suite 3100
        New York, New York 10119
        Tele: 212-695-8100
        Fax: 212-629-4013
        Email: rcoleman@goetzfitz.com

Motion to Strike Amended Complaint

CASE NO.: 8:14-cv-2096-T-33EAJ

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 3rd of February 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a true and correct copy of the foregoing document is being served upon: Paul Berger, Esq. and James Tanner, Esq.., counsel for Plaintiff, via transmission of Notices of Electronic Filing generated by CM/ECF.

/T. Waar/
An employee / agent of
RANDAZZA LEGAL GROUP

RANDAZZA | LEGAL GROUP