IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROCA LABS, INC.,
    Plaintiff,

v.                                                          Case No.: 8:14-cv-2096-T-33EAJ

CONSUMER OPINION CORP. and
OPINION CORP., d/b/a
PISSEDCONSUMER.COM,
    Defendants.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'**
**MOTION TO STRIKE AMENDED COMPLAINT**
**AND MEMORANDUM OF LAW**

Plaintiff, Roca Labs, Inc ("Roca Labs"), by the undersigned counsel, hereby responds in Opposition to Defendant's Motion to Strike Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12 (f) and to Fla. Stat. § 607.0501. The grounds supporting this Response in Opposition are set forth in the Memorandum of Law that follows below.

**I.**     **Background**

Roca Labs initiated the instant action, on or about August 15, 2014 in Sarasota County, Florida, alleging that Defendants' engaged in practices constituting a violation of the Florida Deceptive and Unfair Trade Practices Act, tortious interference with a contractual relationship, tortious interference with a prospective relationship, and defamation. (Doc. #2). Defendants removed the case to this Court on August 26, 2014. (Doc. #1). On November 5, 2014, this Court entered a *Case Management and Scheduling Order* ("Case Management Order") setting January 20, 2015 as the deadline to amend pleadings. (Doc. #49).

1

Prior to the foregoing deadline, the undersigned diligently attempted to contact opposing counsel to seek an agreement on an extension. It is customary in the legal community to at least discuss in good-faith a first time extension of time (as well as mandated by Middle District of Florida Local Rule 3.01(g)), regardless of whether the basis is a pleadings or discovery issue. Indeed, often times attorneys are able to reach an agreement without judicial intervention. Nevertheless, opposing counsel, Marc Randazza, did not communicate with the undersigned and forced him to put together a Motion for Extension of Time and a Motion for Leave to Amend in just a few days' time.[1]

## MEMORANDUM

**II.     Argument**

  *A)     The Amended Complaint*

    **i.     This Court's Ruling on The Amendment Issue**

On January 20, 2015, Roca Labs timely filed a Motion for Leave to Amend Complaint referencing its earlier Motion for Extension of Time to Amend (Doc. # 79). Pursuant to Fed. R. Civ. P. 5(b)(3), the Motion for Leave to Amend must include an Exhibit Amendment. *See Wilkens v. Johnson*, 238 F.3d 328 (5th Cir. 2001). In that regard, Roca Labs' Motion specifically made it clear that the Amended Complaint filed as an exhibit to the Motion was done "out of an abundance of caution while the Parties await the Court's ruling on said Motion." (Doc. #82 at 5).

On January 26, 2015 this Court granted Roca Labs an extension to file an Amended Complaint, stating in its Order, "[t]hus, in an effort to fully develop the factual and legal arguments and provide every party an adequate opportunity to assert all allegations, claims, and

---

[1] The issues surrounding the communication between the Parties have come to this Court's attention on more than one occasion, for which the undersigned remains embarrassed, but committed to resolving. The issues, unfortunately, are relevant to this response.

defenses it may have the Court grants Roca's request." (Doc.# 96 at 4). The Court further advised that Plaintiff had until January 30, 3015 to file an Amended Complaint. (*Id.*)

Simply stated, when an extension was never provided by opposing counsel (for one reason or another), Plaintiff felt obligated to follow the Case Management Order and filed an Amended Complaint that could, if mandated, guide this litigation, even though the document as presented was not the pleading the Plaintiff ultimately contemplated.. In reality, based in part on the foregoing issues, the undersigned knew that when attaching the hurried Amended Complaint to the Motion for Leave to Amend he could not rule out having to seek redress for an additional amendment period.

In turn, the extension provided by this Court was more than enough time for Roca Labs' new counsel to continue his diligent review of the case and more fully develop an Amended Complaint that asserted all applicable allegations and claims, as well as addressed any perceived issues or defects in the Original Complaint raised by Defendants in their previous Motion for Summary Judgment. (Doc. # 57). *See Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Said Amended Complaint was timely filed on January 30, 2015. (Doc. # 100 ).

With respect to the Defendants' requested relief, a "court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyits v. Trans World Airlines, Inc.,* 881 F.Supp. 54 (M.D. Fla. 1995); *see also Augustus v. Bd. of Pub. Instruction of Escambia County,* 306 F.2d 862, 868 (5th Cir. 1962)(stating that "when there is no showing of prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law on a motion to strike.") Further, the Case

3

Management Order Contemplated a deadline of January 20, 2015 to amend the Complaint, and said deadline was agreed upon by counsel for the Parties. Thus, a prejudicial argument based on amending the Complaint during that time period, or the time period provided by the Court, lacks foundation.. Furthermore, all other deadlines within the Case Management Order remain unchanged, and the Plaintiff remains on course to continue conducting discovery and depositions in the coming weeks and months.. Therefore, under the totality of circumstances fairness provides for this Court to exercise its broad authority in denying the Defendants' motion to strike so that this matter be determined on its merits. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991).

Simply put, the subject Amended Complaint represents an earnest and diligent effort by new counsel in the days permitted by this Court to adequately frame Roca Lab's factual and legal arguments. Indeed. the undersigned put forth his best effort to ensure an amendment issue does not come before this Court again in the future.

Moreover, Plaintiff does not agree with Defendants' assessment that this Court "indulged Plaintiff's desire to prolong this litigation...to moot the summary judgment motion" ( Doc.# 102 at 2 ); rather, Plaintiff believes that after having read all motions and responses on the issue, this Court provided the undersigned an allotment of time to file an Amended Complaint that would guide this litigation forward. Plaintiff timely filed such a Complaint on January 30, 2015. (Doc. ## 96 , 100).

        **ii.**        **Defendants' Avoidance**

The Defendants' Motion is at most an attempt to circumvent their impending obligation to answer the claims set forth in the January 30, 2015 Amended Complaint. The Defendants

should be required to answer the Amended Complaint within a reasonable time frame (Doc. # 100). The instant Motion is tantamount to nothing more than a delay and avoidance tactic, and should be denied.

It has long been held that motions to strike pleadings filed under Fed. R. Civ. P. 12(f) are not favored, and are often considered "time wasters," and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. *Carlson Corporation/Southeast v. School Bd.*, 778 F.Supp. 518 (M.D. Fla. 1991)(stating that in evaluating a motion to strike, the court must treat all well pleaded facts as admitted, and cannot consider matters beyond the pleadings); *see also Poston v. American President Lines, Ltd.*, 452 F.Supp. 568 (S.D. Fla. 1978)

Further, it is well settled in this Circuit that motions to strike will usually be denied unless it is clear the subject pleading is insufficient as a matter of law. *Fabrica Italiana Lavorazione Materie Organiche S.A.S. v. Kaiser Aluminum & Chemical Corp.*, 684 F.2d 6 (11th Cir. 1982); *Thompson v. Kindred Nursing Centers East, LLC*, 211 F.Supp.2d 1345 (M.D. Fla. 2002); *In re Sunbeam Securities Litigation,* 89 F.Supp.2d 1326 (S.D. Fla. 1999). While long, Plaintiff's Amended Complaint sets forth the history between the Parties, the extensive misconduct of the Defendants, and accounts for prima facie causes of action against both named Defendants. Indeed, the accumulated conduct of both Defendants are the sole reason for the long Amended Complaint. The pleading sets forth the "same general issues" without raising "new issues within the meaning of Rule 38(b)." *See, e.g., LaMarca v. Turner*, 662 F.Supp. 647, 652 (S.D. Fla., 1987). Additionally, the January 30, 2015 Amended Complaint fully cures any perceived defects in the original Complaint, including but not limited to those stated in

Defendants' previous Motion for Summary Judgment. Accordingly, the January 30, 2015 Amended Complaint is ripe for an answer, not a motion to strike.

### B) *Roca Labs' Registered Agent Status*

Defendants latter citations include Fla. Stat. § 607.0501, the statute governing Registered Agent obligations, which has no bearing in the instant matter. The Defendants want the Court to apply the foregoing statute and Rule 12(f) of the Federal Rules of Civil Procedure in a manner that will dismiss Plaintiff's entire action and excuse Defendants' conduct altogether.

Defendants' attached exhibits show that at all times material herein Roca Labs had a registered agent, namely, Dr. George C. Whiting, 5849 Lynn Lake Drive South Unit A, St. Petersburg, FL 33712. While maintaining that at all times the company was in strict compliance with Florida law, Roca Labs decided to name a new Registered Agent to rectify any perceived deficiencies in its Registered Agent status: *Registered Agents, Inc., 3030 N. Rocky Point Dr., Suite 150A, Tampa FL, 33607*. Defendants and their counsel, and his personal counsel, were all advised *ad nauseum* of the foregoing both in writing and orally prior to the filing of their instant Motion.

However, pursuant to Exhibit "A", Plaintiff's Registered Agent changed as of February 9, 2015. As stated above, this information was provided word-for-word to Defense counsel on numerous occasions. Mr. Randazza, whom is an active Florida business owner himself, should know that the Secretary of State does not move at "lightning speed," and filing this Motion proved hasty. Mr. Randazza's Motion is simply another example of his use of this Court to further harass and publicly disparage Plaintiff.

### III.    Conclusion

Accordingly, for the foregoing reasons the Plaintiff respectfully requests that this Court deny Defendants' Motion to Strike, and set forth any such other relief as this Court shall deem necessary and proper in accordance with said denial.

Respectfully submitted this 11th day of February 2015.

/s/James Roscoe Tanner, Esq.
James Roscoe Tanner, Esq.
Florida Bar No.: 0637246
AskALaw, LLC
jrt@jimtannerlaw.com
callmyattorney@aol.com
Post Office Box 260156
Tampa, Florida 33685
(813) 322-3565
Attorneys for Roca Labs, Inc.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was e-filed with the Clerk of Court via CM/ECF system, which will send an electronic copy of the same to all counsel of record that are registered with the Court's CM/ECF system this 11th day of February 2015

/s/ James Roscoe Tanner, Esq.
James Roscoe Tanner, Esq.