UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROCA LABS, INC.,

    Plaintiff,                                                    Case No: 8:14-cv-2096-T-33EAJ

vs.

CONSUMER OPINION CORP. and
OPINION CORP. d/b/a
PISSEDCONSUMER.COM

    Defendants.
_____/

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT

Plaintiff ROCA LABS, INC. ("Roca"), respectfully moves the Court, pursuant to the Court's Endorsed Order ( Doc. # 104 ) and to Rule 15 of the Federal Rules of Civil Procedure, for leave to file a Second Amended Complaint, a copy of which is attached hereto. The new complaint maintains the same allegations against the same defendants as the original complaint, but accounts for significant factual and procedural developments that have occurred since the original complaint. The issues raised are not materially different and therefore put defendants on notice of the same underlying facts and basic legal theory. The complaint is longer out of the necessity to be more comprehensive in the distinction and assertion of claims. Otherwise, the character of the suit has not changed.[1]

---

[1] Roca Labs initiated the instant action, on or about August 15, 2014 in Sarasota County, Florida, alleging that Defendants' engaged in practices constituting a violation of the Florida Deceptive and Unfair Trade Practices Act, tortious interference with a contractual relationship, tortious interference with a prospective relationship, and defamation. (Doc. # 2). Defendants removed the case to this Court on August 26, 2014. ( Doc. # 1). On November 5, 2014, this Court entered a Case Management and Scheduling Order setting January 20, 2015 as the deadline to amend pleadings. ( Doc. # 49).

1

In the Defendants opposition to the Plaintiff's initial motion for a temporary injunction the Defendants asserted that their subject Postings and Tweets were automatically generated from reviews posted by users on pissedconsumer.com. That they were not exempt under 47 U.S.C. § 230(c)(1), commonly referred to as the "Communications Decency Act" ( "The Act").

Plaintiff's new counsel reasserts the same reasons requested in the Plaintiff's timely request for an extension of time and to amend its pleadings. ( Doc. ## 79, 82 ). The Defendants have now had in their possession the re-named complaint for more than sixteen (16) days. The complaint does not materially change or restructure the allegations but rather makes more comprehensive the Plaintiff's claims.

Indeed, the Plaintiff was just recently served with the newly filed Southern District of Florida lawsuit mention in its prior motion ( Doc. # 79 ). Adding more fuel to the fire is the fact that Defendants recent New York lawsuit against the Plaintiff has been transferred by the United States District Court, Southern District of New York to the Middle District of Florida (Opinion Corp. v. Roca Labs, Inc., Case No.: 1:14-CV-06396-LGS, ( S. D. N. Y. Doc. # 52 ).

The Plaintiff contends that the Defendants filed these lawsuits in an effort to disperse resources, duplicate and enlarge otherwise proper discovery by engaging in multidistrict litigation during which time the Defendants have failed to properly address Plaintiff's ongoing efforts to conduct discovery in the instant matter. The Plaintiff further contends that discovery will reveal these other actions are not only invalid, but are in fact essentially retaliatory suits. The proposed Second Amended Complaint, [2] asserts material facts which occurred some two

---

[2] In this Motion , the Plaintiff will refer to the Plaintiffs' Second Amended Complaint as the 1 Complaint, or by the abbreviation "Compl."

months after the institution of the subject original complaint, a fact the Defendants wish to ignore. These subsequent defamatory postings and or tweets shockingly come from the Defendants own counsel and constitute extrajudicial statements which disavow the Defendants reliance on the Act.

As pointed out in the proposed Second Amended Complaint on or about October 31, 2014, attorney Randazza, while acting within the scope of his authority did knowingly, intentionally and willfully make defamatory statements concerning the Plaintiff, Roca. Specifically, the Complaint cites Randazza's Tweet, "Some fucker put Roca Labs' shit in my kids candy bag!", which is followed up by Defendants' agent Ron Coleman, another retained counsel for Defendants, as "favorited", thereby further lending credibility to the content of the tweet and exposing the tweet to a wider audience  (Compl. ¶¶ 84-85).

## ARGUMENT

### PLAINTIFF HAS MET THE STANDARD FOR OBTAINING LEAVE TO FILE AN AMENDED COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 15

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.  The decision whether to grant leave to amend a pleading is within the sound discretion of the district court, [3]  "Unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial."[4]

---

[3] Florida Foundation Seed Producers, Inc. v. Georgia Farms Services, LLC, No. 1:10-CV-125, 2012 WL 4840809, at *21 (M.D. Ga. Sept. 28, 2012) (Sands, J.) (citing Nat'l. Serv. Indus., Inc. v. Vafla Corp., 694 F.2d 246, 249 (11th Cir. 1982))
[4] See, Shipner v. Eastern Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989) (internal quotation marks omitted)).

The court may consider such factors as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

None of the these factors are present in this case. Plaintiff's newly retained counsel moved swiftly once retained to timely file a motion for leave to amend. Apologetically, counsel was not able to put together the instant complaint principally due to the voluminous task of reviewing documents. The undersigned would importantly note that he made three distinct telephone calls to defense counsel starting immediately after he was retained. Counsel did so in an effort to meet and confer with opposing counsel concerning filing the initial motion for an extension of time and leave to file a first amended complaint. At no time did defense counsel return any calls until such time as defense counsel learned he was not properly admitted to this Court. Despite this fact the undersigned did not oppose defense counsel's appearing by phone to be admitted. In fact, the undersigned attended the hearing. Thus, there is no undue delay in Plaintiff's request to amend. The newly-filed multidistrict complaints, especially one filed on the very eve of the deadline to amend pleadings in the instant matter was quite shocking.

The proposed amended complaint contains facts not in existence at the time of filing the Plaintiff's original complaint. Plaintiff is not seeking the proposed amended complaint in bad faith or with a dilatory motive.

The Plaintiff contends that counsel for the Defendants in postings and or tweets described hereinabove constitute defamatory statements, have aided and abetted in the Defendants

unlawful course of conduct and the same do not fall under 47 U.S.C. § 230(c)(1), the "Communications Decency Act and as such are admissible against the Defendants. *U.S. v. Margiotta*, 662 F.2d 131 (2d Cir. 1981), cert. denied, 461 U.S. 913. See, *U.S. v. Catena*, 500 F.2d 1319, 1327 (3d Cir. 1974).

> Federal Rule of Evidence 801 (d) Statements which are not hearsay. A statement is not hearsay if— (2) Admission by party-opponent. The statement is offered against a party and is . . . (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship.

Defendants have not conducted any meaningful discovery, and will not suffer any prejudice if the Court grants leave to file Plaintiff's Second Amended Complaint.

The interests of justice and judicial economy will undoubtedly be served by having all allegations properly before the Court as set forth in Plaintiff's proposed amended complaint.

The subject complaint is tailored to reflect the present circumstances and Plaintiff's present understanding of the case. In so doing, the action can more effectively proceed on the merits. Defendants cannot be prejudiced, or caught off guard, by the facts alleged by the Plaintiff in the proposed complaint, since the Defendants have first-hand knowledge of the roles that they played in the transactions at issue.

The Plaintiff respectfully requests in addition to the reasons stated herein that the Court take into account all the factors outlined in the Plaintiff's initial requests for an extension of time to amend pleadings and subsequent timely filed motion for leave to so amend.

In the interest of justice, this Court should grant Plaintiff's motion for leave to file the proposed amended complaint. The grant of this motion is particularly appropriate here.

## CONCLUSION

For the reasons identified above, the Plaintiff, Roca requests that the Court grant its motion for leave to file the proposed amended complaint, given the clear absence of any substantial reason to deny leave to amend.

### LOCAL RULE 3.01(g)CERTIFICATION

Pursuant to Local Rule 3.01(g), the undersigned counsel attempted to confer on February 11, 2015 with Mr. Randazza, counsel for Defendants. The undersigned was advised that counsel was in arbitration. Based on that information, the undersigned contacted Jason Fisher, associate counsel for Defendants, to confer regarding the instant Motion. Mr. Fisher confirmed that Mr. Randazza was indeed unavailable, and advised that Defendants would object to the relief sought herein.

Respectfully submitted this 16th day of February 2015

/s/ James Roscoe Tanner
James Roscoe Tanner, Esquire
Florida Bar No.: 0637246
AskALaw, LLC
jrt@jimtannerlaw.com
Post Office Box 260156
Tampa, Florida 33685
(813) 322-3565
Attorneys for Roca Labs, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was e-filed with the Clerk of Court via CM/ECF system, which will send an electronic copy of the same to all counsel of record that are registered with the Court's CM/ECF system this 16th day of February 2015.

/s/ James Roscoe Tanner, Esq.
James Roscoe Tanner, Esq.