```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

ROCA LABS, INC.,

    Plaintiff,

v.                              Case No. 8:14-cv-2096-T-33EAJ

CONSUMER OPINION CORP. and
OPINION CORP.,

    Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to Plaintiff Roca Labs, Inc.'s (Roca) Motion for Leave to File Second Amended Complaint and Memorandum of Law (Doc. # 105), filed on February 16, 2015. Defendants Consumer Opinion Corp. and Opinion Corp. filed a response in opposition thereto on February 17, 2015. (Doc. # 106). Upon due consideration, the Motion is denied.

**I. Background**

Roca initiated this action in state court on August 15, 2014, alleging that Defendants engaged in practices constituting a violation of the Florida Deceptive and Unfair Trade Practices Act, tortious interference with a contractual relationship, tortious interference with a prospective relationship, and defamation. (See Doc. # 2). Defendants removed the case to this

Court on August 26, 2014, predicated on diversity jurisdiction. (Doc. # 1). Thereafter, on November 5, 2014, this Court entered a Case Management and Scheduling Order setting January 20, 2015, as the deadline to amend pleadings. (Doc. # 49). On January 20, 2015, Roca filed a Motion for Leave to Amend the Complaint (Doc. # 82), which this Court granted on January 26, 2015 (Doc. # 96). In doing so, the Court instructed Roca to "file its Amended Complaint separate and apart from the Motion." (Id.).

Contrary to this Court's instruction, Roca filed an amended complaint which differed from the version attached to its Motion. (See Doc. # 100). Upon a Motion from Defendants, this Court directed the Clerk to strike the amended complaint. (Doc. # 104). Further, the Court instructed Roca "to either file the Amended Complaint attached as an exhibit to its Motion for Leave to Amend the Complaint or seek leave of Court to file a second amended complaint." (Id.). On February 16, 2015, Roca filed the present Motion for Leave to File Second Amended Complaint (Doc. # 105), which is ripe for the Court's review.

II. **Discussion**

"The grant or denial of an opportunity to amend is within the discretion of the district court." Foman v. Davis, 371

2

U.S. 178, 182 (1962); Hargett v. Valley Fed. Sav. Bank, 60 F.3d 754, 761 (11th Cir. 1995). "In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be freely given." Foman, 371 U.S. at 182.

While leave to amend is freely given under Federal Rule of Civil Procedure 15(a), a motion to amend filed after the deadline established by the Case Management and Scheduling Order will only be granted upon a showing of good cause under Federal Rule of Civil Procedure 16(b)(4). Sosa v. Airport Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998). As previously discussed, Roca's Motion was filed past the January 20, 2015, deadline to amend pleadings and is therefore untimely. (See Doc. ## 49, 105). Thus, the Court must decide whether good cause exists pursuant to Rule 16(b)(4), Fed. R. Civ. P., to allow Roca to amend its pleading after the Court's deadline for doing so has passed.

"[A] district court has the inherent authority to manage and control its own docket 'so as to achieve the orderly and

3

expeditious disposition of cases.'" Voter Verified, Inc. v. Premier Election Solutions, Inc., No. 6:09-cv-1968-ORL19-KRS, 2010 WL 1049793, at *2 (M.D. Fla. Mar. 22, 2010) (quoting Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009)). Upon due consideration, the Court finds that Roca's requested relief is not supported by a showing of good cause.

Roca's Motion is devoid of any discussion regarding the standard for good cause set forth in Rule 16(b)(4). (Doc. # 105). Instead, Roca focuses its discussion on Rule 15(a), submitting that the "proposed amended complaint contains facts not in existence at the time of filing Plaintiff's *original* complaint." (Id.) (emphasis added). Although this contention may justify Roca's initial amendment, it does not provide a sufficient basis for the Court to grant its present request. Because Roca has failed to establish that good cause exists under Rule 16(b)(4), the Court does not reach the Rule 15(a) analysis. Thorn v. Blue Cross & Blue Shield of Fla., Inc., 192 F.R.D. 308, 309-10 (M.D. Fla. 2000) ("Once good cause is shown, the court may consider whether leave should be granted under Rule 15.").

The Court "must take an active role in managing cases on [its] docket." Chudasama v. Mazda Motor Corp., 123 F.3d 1353,

4

1366 (11th Cir. 1997). The requested leave to file an amended complaint at this late stage would not advance this case toward its final resolution. As stated in Chudasama, this Court enjoys broad discretion "in deciding how best to manage the cases before [it]" and, under the circumstances of this case, the Court determines that it is appropriate to deny the Motion. Id.

    Accordingly, it is

    **ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Roca Labs, Inc.'s Motion for Leave to File Second Amended Complaint and Memorandum of Law (Doc. # 105) is **DENIED.**

(2) Roca has until and including February 24, 2015, to file Exhibit A (Doc. # 88) of its Motion for Leave to Amend the Complaint (Doc. # 82) on the record as the operative complaint.

    **DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 20th day of February, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record