RANDAZZA | LEGAL GROUP

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ROCA LABS, INC.

Plaintiff,

Vs. Case No: 8:14-cv-2096-T-33EAJ

CONSUMER OPINION CORP. and
OPINION CORP.
Defendants
_______________________________________/

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants Consumer Opinion Corp. and Opinion Corp. respond to Plaintiff Roca Labs, Inc.'s First Amended Complaint [ECF 114] as follows:

1. Calls for no response from Defendants.

2. Denied as a legal conclusion. To the extent the allegations are factual, they are denied.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

4. Admitted in part and denied in part. Denied as to the allegation that Consumer Opinion Corp. "owns and/or operates the website 'PissedConsumer.com.'"

5. Admitted.

6. Denied as an erroneous legal conclusion and without factual foundation.

7. Denied as an erroneous legal conclusion and without factual foundation.

8. Denied as an erroneous legal conclusion and without factual foundation.

9. Denied as an erroneous legal conclusion and without factual foundation.

10. Denied as an erroneous legal conclusion and without factual foundation.

11. Denied as an erroneous legal conclusion and without factual foundation.

12. Denied as an erroneous legal conclusion and without factual foundation.

13. Denied as an erroneous legal conclusion and without factual foundation.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

RANDAZZA | LEGAL GROUP

15. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

20. Denied.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

22. Denied.

RANDAZZA | LEGAL GROUP

RANDAZZA | LEGAL GROUP

23. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

24. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

25. Denied.

26. Denied.

27. Denied.

28. Denied in part. Consumer Opinion Corp. does not own the website "PissedConsumer.com."

29. Denied.

30. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

31. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

32. Denied.

33. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Admitted.

44. Admitted.

45. Denied as a legal conclusion. To the extent the allegations are factual, they are denied.

46. Admitted.

47. Admitted.

48. Denied.

49. Admitted.

50. Admitted.

RANDAZZA | LEGAL GROUP

51.   Denied in part.  "Meta-tags" is a specific technological term that is not the same as "tags" as used on Pissedconsumer.com.

52.   Admitted.

53.   Admitted.

54.   Denied.

55.   Denied.

56.   Denied.

57.   Denied.

58.   Denied.

59.   Denied.

60.   Denied.

61.   Denied.

62.   Denied.

63.   Denied.

64.   Denied.

65.   Denied.

66.   Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

RANDAZZA | LEGAL GROUP

67. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

81. Denied.

82. Denied.

RANDAZZA | LEGAL GROUP

RANDAZZA | LEGAL GROUP

83. Denied as an erroneous legal conclusion and without factual foundation. To the extent the allegations are factual, they are denied.

84. Denied.

85. Denied.

86. Denied. The number of "page views" does not equate to the number of people who have viewed this website.

87. Denied.

88. Denied.

89. Denied.

90. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

91. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

92. Denied.

93. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

94. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied as to Consumer Opinion Corp. Admitted as to Opinion Corp.

RANDAZZA | LEGAL GROUP

112. Denied.

113. Admitted as to Opinion Corp. Denied as to Consumer Opinion Corp.

114. Denied.

115. Denied.

116. Denied.

117. Denied as to Consumer Opinion Corp. Admitted as to Opinion Corp.

118. Denied.

119. Denied.

120. Admitted.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

RANDAZZA | LEGAL GROUP

10
Defendants' Answer to Plaintiff's Amended Complaint

RANDAZZA | LEGAL GROUP

131. Denied.

132. Denied.

133. Denied.

**Count I**

**Deceptive and Unfair Trade Practices Against Consumer Opinion Corp.**

134. Defendants reincorporate the responses to the allegations of paragraphs 1 through 133.

135. Denied as a legal conclusion. To the extent the allegations are factual, they are denied.

136. Denied.

137. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

138. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

139. Denied.

140. Denied.

141. Denied.

RANDAZZA | LEGAL GROUP

142. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

143. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

144. Denied as a legal conclusion. To the extent the allegations are factual, they are denied.

145. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

146. Denied.

147. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

148. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

149. Denied.

150. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

151. Denied.

152. Denied.

153. Denied.

154. Denied.

155. Denied.

156. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

157. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

158. Denied.

159. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

160. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

RANDAZZA | LEGAL GROUP

RANDAZZA | LEGAL GROUP

161. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

162. Denied.

163. Denied.

164. Denied.

165. Denied.

166. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

167. Denied.

168. Denied.

169. Denied.

170. Denied.

171. Denied as an erroneous legal conclusion and without factual foundation. To the extent the allegations are factual, they are denied.

172. Denied.

173. Denied as a legal conclusion and without factual foundation. To the extent the allegations are factual, they are denied.

/ / /

**Count II**

**Deceptive and Unfair Trade Practices Against Opinion Corp.**

174. Defendants reincorporate the responses to the allegations of paragraphs 1 through 173.

175. Denied as a legal conclusion and without factual foundation. To the extent the allegations are factual, they are denied.

176. Denied.

177. Denied.

178. Admitted.

179. Denied.

180. Denied.

181. Denied.

182. Admitted.

183. Denied.

184. Denied.

185. Denied.

186. Denied.

187. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

188. Denied.

RANDAZZA | LEGAL GROUP

RANDAZZA | LEGAL GROUP

189. Denied.

190. Denied.

191. Denied.

192. Denied.

193. Denied.

194. Denied.

195. Denied as a legal conclusion. To the extent the allegations are factual, they are denied.

196. Admitted.

197. Denied.

198. Denied.

199. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

200. Denied.

201. Denied.

202. Denied.

203. Denied.

204. Denied.

205. Denied.

RANDAZZA | LEGAL GROUP

206. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

207. Denied.

208. Denied.

209. Denied.

210. Denied.

211. Denied as a legal conclusion. To the extent the allegations are factual, they are denied.

212. Denied.

213. Denied as a legal conclusion. To the extent the allegations are factual, they are denied.

**Count III**

**Tortious Interference with Roca's Contractual Relationships against Consumer Opinion Corp.**

214. Defendants reincorporate the responses to the allegations of paragraphs 1 through 213.

215. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

RANDAZZA | LEGAL GROUP

216. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

217. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

218. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

219. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

220. Denied.

221. Denied.

222. Denied.

223. Denied.

224. Denied.

225. Denied.

226. Denied.

227. Denied.

228. Denied.

229. Denied.

230. Denied.

**Count IV**

**Tortious Interference with Roca's Contractual Relationships against Opinion Corp.**

231. Defendants reincorporate the responses to the allegations of paragraphs 1 through 230.

232. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

233. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

234. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

235. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

RANDAZZA | LEGAL GROUP

236. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

237. Denied.

238. Denied.

239. Denied.

240. Denied.

241. Denied.

242. Denied.

243. Denied.

244. Denied.

245. Denied.

**Count V**

**Tortious Interference with Prospective Economic Relationship Against Consumer Opinion Corp.**

246. Defendants reincorporate the responses to the allegations of paragraphs 1 through 245.

247. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

RANDAZZA | LEGAL GROUP

RANDAZZA | LEGAL GROUP

248. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

249. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

250. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

251. Denied.

252. Denied.

253. Denied.

254. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

255. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

256. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

257. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

258. Denied.

**Count VI**

**Tortious Interference with Prospective Economic Relationship Against Opinion Corp.**

259. Defendants reincorporate the responses to the allegations of paragraphs 1 through 258.

260. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

261. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

262. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

263. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

RANDAZZA | LEGAL GROUP

RANDAZZA | LEGAL GROUP

264. Denied.

265. Denied.

266. Denied.

267. Denied.

268. Denied.

269. Denied.

270. Denied.

271. Denied.

**Count VII**

**Defamation Against Consumer Opinion Corp. via PissedConsumer.com**

272. Defendants reincorporate the responses to the allegations of paragraphs 1 through 271.

273. Denied as a legal conclusion. To the extent the allegations are factual, they are denied.

274. Denied as a legal conclusion. To the extent the allegations are factual, they are denied.

275. Denied.

276. Denied.

277. Denied.

278. Denied.

279. Denied.

RANDAZZA | LEGAL GROUP

280. Denied.

281. Denied.

282. Denied.

283. Denied.

284. Denied.

285. Denied.

286. Denied.

287. Denied.

288. Denied.

**Count VIII**

**Defamation against Opinion Corp. via PissedConsumer.com**

289. Defendants reincorporate the responses to the allegations of paragraphs 1 through 288.

290. Denied as a legal conclusion. To the extent the allegations are factual, they are denied.

291. Denied as a legal conclusion. To the extent the allegations are factual, they are denied.

292. Denied.

293. Denied.

294. Denied.

295. Denied.

RANDAZZA | LEGAL GROUP

296. Denied.

297. Denied.

298. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

299. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

300. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

301. Denied.

302. Denied.

**Count IX**

**Defamation against Consumer Opinion Corp. via Twitter**

303. Defendants reincorporate the responses to the allegations of paragraphs 1 through 302.

304. Denied as a legal conclusion. To the extent the allegations are factual, they are denied.

305. Denied as a legal conclusion. To the extent the allegations are factual, they are denied.

RANDAZZA | LEGAL GROUP

306. Denied.

307. Denied.

308. Denied.

309. Denied.

310. Denied.

311. Denied.

312. Denied.

313. Denied.

314. Admitted.

315. Denied.

316. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

317. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

318. Denied.

319. Denied.

/ / /

/ / /

RANDAZZA | LEGAL GROUP

**Count X**

**Defamation against Opinion Corp. via Twitter**

320. Defendants reincorporate the responses to the allegations of paragraphs 1 through 319.

321. Denied as a legal conclusion. To the extent the allegations are factual, they are denied.

322. Denied as a legal conclusion. To the extent the allegations are factual, they are denied.

323. Denied.

324. Denied.

325. Denied.

326. Denied.

327. Admitted.

328. Denied.

329. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

330. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

331. Denied.

332. Denied.

**Count XII**

**Declaratory Relief Against Defendants**

333. Defendants reincorporate the responses to the allegations of paragraphs 1 through 332.

334. Denied as a statement of law.

335. Denied.

336. Denied.

337. Denied.

338. Denied.

339. Denied.

340. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

341. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

342. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

RANDAZZA | LEGAL GROUP

RANDAZZA | LEGAL GROUP

343. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

344. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

345. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

346. Denied.

347. Denied.

348. Denied.

349. Denied.

350. Denied.

351. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the corresponding averment. Consequently, this averment is denied and strict proof demanded.

352. Denied.

353. Denied.

354. Denied.

355. Any allegations not specifically admitted are hereby denied.

RANDAZZA | LEGAL GROUP

**First Affirmative Defense**
**Immunity Under Communications Decency Act, 47 U.S.C. § 230**

1. Defendants are providers of interactive computer services as defined in 47 U.S.C. § 230(f)(2).
2. Defendants neither created nor authored the content of any of the postings on "pissedconsumer.com" complained of in Plaintiff's Complaint.
3. Defendants neither created nor authored the contents of any of the Twitter posts complained of in Plaintiff's Complaint.
4. Under 47 U.S.C. § 230(c)(1), Defendants cannot be treated as the publishers of the above complained-of statements, and thus cannot be held liable, either at law or in equity, for the contents of the statements.

**Second Affirmative Defense**
**Truth**

1. Although the burden of proof for falsity is upon Plaintiff, as applied to Plaintiff's claims for defamation, Defendants aver that all statements allegedly made by Defendants complained of by Plaintiff are true.
2. Any complained-of statements allegedly made by Defendants that may happen to lack 100% factual veracity are substantially true, and thus treated true as a matter of law.
3. As truth is an absolute defense to defamation, Defendants cannot be liable for Plaintiff's defamation claims.

**Third Affirmative Defense**
**Substantial Truth**

1. Any statements made by Defendants complained of by Plaintiff that are not literally true are substantially true, in that the "gist" or "sting" of the statements is true.
2. As substantial truth is a defense to claims for defamation, Defendants cannot be liable for Plaintiff's defamation claims.

/ / /

/ / /

RANDAZZA | LEGAL GROUP

**Fourth Affirmative Defense**
**Qualified Privilege**

1. Roca Labs, Inc. is a Florida company that, by all appearances, sells products with little to no medical value for an inflated price, and may even have harmful side effects. These products are sold nationwide, and whether they may adversely affect the health of their users is a matter of substantial public interest.
2. Multiple customers of Plaintiff's products have complained of negative health consequences from using the products. Customers have reported "vomiting every time I try to use it." The products made one customer "ill enough to seek medical attention after following all directions to the letter."
3. All allegedly actionable statements were subject to qualified privilege as they were directed to parties having a common interest in the subject matter of the statements.
4. All allegedly actionable statements were subject to qualified privilege as they were made in the course of a justifiable exercise of a moral obligation, free of improper motive or malice.
5. All allegedly actionable statements were subject to qualified privilege as they were fair comment and criticism on the nature of Plaintiff's products and their business practices, matters of significant public and social interest.

**Fifth Affirmative Defense**
**Contract Terms Unconscionable and Unenforceable**

1. Plaintiff's "Terms & Conditions" Agreement ("T&Cs" Agreement), to which Plaintiff claims all purchasers of its products are bound, provides an option for customers to receive a discounted price in exchange for "irrevocably waiv[ing] [their] right to publish, make or promote any negative reviews about [Plaintiff], its products or employees" (the "Discount Provision").
2. Plaintiff represents that it employs multiple doctors in providing its goods and services to customers. Plaintiff's website, <rocalabs.com>, contains multiple images of persons in doctor's coats wearing stethoscopes. It contains videos featuring such persons discussing how Plaintiff's products work. Roca Labs clearly intends that visitors of their website will draw the conclusion from this

RANDAZZA | LEGAL GROUP

information that Roca Labs employs doctors providing medical advice as to the suitability of Plaintiff's products.

3. An article on Plaintiff's website by Ross Finesmith, MD, indicates that this "Dr. Ross" is Plaintiff's "Director of Medical Team (NJ, USA)." The article discusses the alleged utility and medical characteristics of Plaintiff's products, and encourages readers to contact Dr. Finesmith if they "have any questions regarding the medical efficacy or safety of the Roca Labs products." Though the article provides an inconspicuous disclaimer that Mr. Finesmith is not an employee of Plaintiff, Plaintiff is clearly attempting to make visitors to its website believe that Finesmith is a doctor in its employ recommending use of Plaintiff's products.

4. According to Florida Secretary of State records, a Dr. George C. Whiting is the president of Roca Labs, Inc.

5. Whether Plaintiff's products were actually developed and are sold by licensed doctors, Plaintiff holds itself out as an organization operated by licensed doctors providing products equivalent to a medical procedure.

6. Plaintiff's T&Cs Agreement is an unenforceable contract of adhesion, as it sells products equivalent to medical treatments using doctors or people purporting to be doctors, and does not permit customers to publish negative comments about Plaintiff's medical treatment.

7. Furthermore, the terms of the contract are unenforceable and unconscionable in that Roca Labs' products have the potential to make users ill, and in the event that this happens, anyone bound by the contract would be barred from even seeking medical advice, much less warning others of the products' potential health hazards.

8. California law forbids "[a] contract . . . for the sale or lease of consumer goods or services" from containing "a provision waiving the consumer's right to make any statement regarding the seller or lessor or its employees or agents, or concerning the goods or services." Assem. Bill No. 2365 (2013-2014 Reg. Sess.) § 1. The statute makes it unlawful "to threaten or to seek to enforce" such a provision, and expressly provides that "[a]ny waiver of the provisions of this section is contrary to public policy, and is **void and unenforceable**." *Id*. (emphasis added).

9. Plaintiff sells its products nationwide, and at least some of the customers who have made the complained-of statements are residents of California (indicating that the reviewer is a resident of San Jose, California).

10. Plaintiff's T&Cs Agreement is unconscionable and unenforceable as applied to all of Plaintiff's customers, and has been statutorily determined to be void and unenforceable as to any customer in the state of California.

**Sixth Affirmative Defense**
**Contract Void As Against Public Policy**

1. Plaintiff's Discount Provision forbids customers who receive a discounted price from publishing or causing to be published any negative statement about Plaintiff, or take any action that negatively impacts Plaintiff. It further obligates such customers who violate this provision, at **Plaintiff's sole discretion**, to provide upon Plaintiff's request a **notarized affidavit stating that the customer's "disparaging remarks or review contained factually inaccurate material, was incorrect and breached this agreement**."
2. The Discount Provision does not permit Plaintiff's customers to make truthful statements regarding Plaintiff or its products that are negative.
3. The Discount Provision is void as against Florida's public policy. It restricts customers' ability to engage in speech protected under the United States and Florida Constitutions. It limits dissemination of information concerning harmful products that are sold in interstate commerce and to Florida residents. It also effectively requires customers to prospectively admit to wrongdoing at the election of Plaintiff, even when no wrongdoing has occurred, and may even require that customers provide a notarized affidavit containing statements the customers know to be false.
4. Furthermore, the terms of the contract are unenforceable and unconscionable in that Roca Labs' products have the potential to make users ill, and in the event that this happens, anyone bound by the contract would be barred from even seeking medical advice, much less warning others of the products' potential health hazards.
5. California law forbids "[a] contract . . . for the sale or lease of consumer goods or services" from containing "a provision waiving the consumer's right to make any statement regarding the seller or lessor or its employees or agents, or concerning the goods or services." Assem. Bill No. 2365 (2013-2014 Reg. Sess.) § 1. The statute makes it unlawful "to threaten or to seek to enforce" such a provision, and expressly provides that "[a]ny waiver of the provisions

RANDAZZA | LEGAL GROUP

of this section is contrary to public policy, and is **void and unenforceable**." *Id*. (emphasis added).

6. Plaintiff sells its products nationwide, and at least some of the customers who have made the complained-of statements are residents of California.
7. While the California statute is not binding upon this Court, it does highlight the absurdity of Plaintiff's allegations. Plaintiff is asking that this Court find enforceable contract terms that, aside from being unconscionable as a matter of general contract principles, one of Florida's sister states has explicitly found to be so egregious that they are categorically void and unenforceable. It further requests that this Court find liability for Defendants based on their alleged interference with contract terms, allegedly agreed to by residents of California, that are categorically unenforceable.
8. Plaintiff's T&Cs Agreement is void and unenforceable as against the public policy of the state of Florida, and has been statutorily determined to be void and unenforceable as to any customer in the state of California.

**Seventh Affirmative Defense**
**First-To-File Rule**

1. Defendants filed an action in the U.S. District Court for the Southern District of New York, Case 1:14-cv-06396-LGS on August 12, 2014 (the "SDNY Case") for declaratory relief against Plaintiff. This action was filed prior to either Plaintiff's original action in state court or its removal to this Court.
2. In the SDNY Case, Defendants requested declaratory relief establishing, among other things, that Defendants' conduct did not constitute false or misleading advertising, and that Defendant was immune from liability for statements posted on its website by users under 47 U.S.C. § 230.
3. As the requests for declaratory relief sought by Defendants in the SDNY Case involve essentially the same claims as those brought by Plaintiff here, the SDNY Case has priority over this litigation under the "first-to-file" rule.
4. Furthermore, Plaintiff has previously sued Marc J. Randazza for the statements complained of here in the Amended Complaint (See ¶81) in the case of *Roca Labs, Inc. v. Marc J. Randazza* (Case No.: 8:14-cv-03014-SCB-MAP). The *Roca Labs v. Randazza* action was

RANDAZZA | LEGAL GROUP

RANDAZZA | LEGAL GROUP

filed prior to this Amended Complaint, and is duplicative of that Complaint.

5. Plaintiff has previously filed suit against the authors of the allegedly defamatory statements published on PissedConsumer.com in the case of *Roca Labs, Inc. v. Does 1-11* (Broward County, Florida Case No.: CACE 14-021978). The filing of that suit predates the filing of this Amended Complaint.

**Eighth Affirmative Defense**
**Failure To State a Claim**

1. Plaintiff has failed to sufficiently plead the elements of a cause of action for violation of the Florida Deceptive and Unfair Trade Practices Act as to any Defendant.
2. Plaintiff has failed to sufficiently plead the elements of a cause of action for tortious interference with a contractual relationship as to any Defendant.
3. Plaintiff has failed to sufficiently plead the elements of a cause of action for tortious interference with a prospective relationship as to any Defendant.
4. Plaintiff has failed to sufficiently plead the elements of a cause of action for defamation as to any Defendant.

**Demand For Jury Trial**

Defendants demand trial by jury on all issues so triable.

Dated: April 15, 2015

Respectfully submitted,

/s/ Marc J. Randazza

Marc J. Randazza
Florida Bar No. 625566
Randazza Legal Group
3625 S. Town Center Drive, Suite150
Las Vegas, NV 89135
Telephone: (702) 420-2001
Facsimile: (702) 420-2003
ecf@randazza.com
Counsel for Defendants

Jason A. Fisher, Esq.
Florida Bar No. 68762
RANDAZZA LEGAL GROUP
2 S. Biscayne Blvd., Suite 2600
Miami, Florida 33131
Tele: 702-420-2001
Fax: 305-437-7662
Email: ecf@randazza.com

Ronald D. Coleman, Esq.
*Pro Hac Vice*
GOETZ FITZPATRICK LLP
One Penn Plaza, Suite 3100
New York, New York 10119
Tele: 212-695-8100
Fax: 212-629-4013
Email: rcoleman@goetzfitz.com

RANDAZZA | LEGAL GROUP

RANDAZZA | LEGAL GROUP

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Defendants' Answer and Affirmative Defenses To Plaintiff's Amended Complaint was electronically filed on April 15, 2015, with the Clerk of the Court, via the CM/ECF system. Furthermore, a true and correct copy of the foregoing document is being served upon Counsel for Roca Labs via transmission of Notices of Electronic Filing generated by CM/ECF.

T. Haar

Employee
Randazza Legal Group