UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

ROCA LABS, INC.,
      Plaintiff,                                          Case No: 8:14cv2096T33EAJ
vs.

CONSUMER OPINION CORP. and
OPINION CORP. d/b/a
PISSEDCONSUMER.COM
      Defendants.
_____/

**PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE**

      Plaintiff, Roca Labs, Inc., by and through undersigned counsel, respectfully submits this Response to the Court's Order to Show Cause (D.E. No. 116) dated April 14, 2015, and in support thereof, states as follows:

**INTRODUCTION AND PROCEDURAL POSTURE**

1. On February 16, 2015, Plaintiff filed a Motion for Leave to file Amended Complaint (D.E. No. 105)

2. On February 20, 2015, this Honorable Court denied Plaintiff's Motion for Leave to File Amended Complaint and ordered Plaintiff to file Exhibit A to its Motion (the Amended Complaint itself) no later than February 24, 2015. (D.E. No. 108).

3. Plaintiff filed the Amended Complaint as Exhibit A to its Motion for Leave to Amend, on February 23, 2015 (D.E. No. 109).

4. On March 16, 2015, Defendants filed a Motion for Extension of Time to File Answer to the Amended Complaint.

5. The Court denied Defendants' Motion for failure to comply with Local Rule 3.01(g), but stated "Defendants may re-file this Motion once counsel has complied with Local Rule 3.01(g)." (D.E. 113).

1

6. Accordingly, on March 20, 2015, undersigned counsel and counsel for Defendants, Marc Randazza, spoke regarding Defendants' Motion for Extension of Time to File Answer. Mr. Randazza felt that Plaintiff needed to re-file the Amended Complaint to comply with the Court's February 20, 2015 order. In the interest of cooperation, the undersigned acquiesced to re-file the Amended Complaint immediately. See Document No. 114, Amended Complaint, filed on March 20, 2015.

7. The undersigned counsel also agreed to not object to an extension of time to April 20, 2015, to respond to the Amended Complaint after learning that Mr. Randazza explained that his wife was having surgery. In fact, Mr. Randazza had initially requested a 30-day extension to respond and the undersigned explained to Mr. Randazza any additional time would be up to the Court. Despite these unforeseen events the parties have in the spirit of cooperation have been conferring in an effort to address pending discovery issues and thereby in good faith move this matter forward. The undersigned also indicated that his son would be on spring break from school and as a single dad did not mind an additional 10 days making for a total of the 30-days and or up until April 20, 2015 for the answer. The undersigned attaches relevant communications confirming via e-mail both counsels understanding. A true and correct copy of the email correspondence is attached as Exhibit "A".

8. Additionally, in a pre-emptive show of cooperation, along with the March 20, 2015 re-filing of the Amended Complaint, the undersigned counsel filed a Notice on that date stating that Plaintiff did not object to the Defendants' request for an extension of time to April 20, 2015 to respond to the Amended Complaint. [D.E. 115]

9. In the meantime, the undersigned and counsel for the Defendants have been in discussions regarding the scheduling of mediation in the instant matter.

10. It is paramount to note that during the interim the undersigned was forced to undertake representation of the Plaintiff due to a new lawsuit filed by the Defendants against the Plaintiff in the Southern District Court of Florida just six days before pleadings were to close in the instant matter. ( See Opinion Corp., et.al. v. Roca Labs, Inc. Case No.: 9:15-cv-80051-WJZ)

11. On April 3, 2015, the Southern District Court of Florida transferred that matter due to improper venue to the Middle District this Court.  (See Opinion Corp., et.al. v. Roca Labs, Inc. Case No.: 8:15-cv-00811-EAK-AEP).

12. The undersigned a sole practitioner was forced during the interim of the instant matter to spend additional time in moving for the transfer the new matter.  The Southern District Court of Florida transferred the Defendants last minute lawsuit for among other things improper venue, the fact that the same parties were litigants and also principally due to the same relevant matters at issue in the instant matter.  This improper maneuver by the Defendants created undue expense, time and unfair delay and should be attributed to the Defendants.

13. The timing and improper venue filing under the circumstances created a highly inequitable and fundamentally prejudicial impact to both the undersigned and the Plaintiff.  To suggest otherwise ignores the fact that undersigned in agreeing to extend time to counsel in the instant matter to file an answer up till April 20, 2015 was for defense counsel's personal reasons .

14. Clearly the undersigned's having to defend a last minute improper tactful maneuver dispels and or mitigates any notion of failure to prosecute on the part of the undersigned a sole practitioner. Additionally, such a move by the Defendants created additional time and work for the undersigned.

15. The undersigned in granting the additional time for the defense counsel to answer and accepting as a basis the personal reasons given by defense counsel for additional time demonstrates compliance with this Court's long standing requirement that counsel cooperate among themselves. The undersigned made it clear that although it was up to the Court he would agree to extend the time to answer the complaint until April 20, 2015 and that he would not seek a default.

16. It is equally important that the additional time demonstrates a genuine effort to reign in and avoid at a bare minimum the duplication of issues between the parties all of which arguably could have and should have if at all brought, if at all in the instant matter.

17. On April 14, 2015, the Court entered an Order stating that Defendants failed to timely respond to the Amended Complaint, and Plaintiff failed to promptly apply to the Clerk for entry of default pursuant to Local Rule 1.07(b) and directing Plaintiff to show cause why this action should not be dismissed for failure to prosecute pursuant to Local Rule 3.10(a). [D.E. 116]

18. On April 15, 2015, Defendants filed their Answers and Affirmative Defenses. [D.E. 117].

19. On April 16, 2015, Defendants further confirmed the basis of their belief that the deadline for them to file their Answer to the Amended Complaint was April 20, 2015. See attached email Exhibit "B".

## LEGAL STANDARD AND ARGUMENT

Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure sets forth the time to file a responsive pleading to an original complaint as 21 days from the date of service of the complaint. On the other hand, Rule 15(a)(3) of the Federal Rules of Civil Procedure sets forth the time to file a responsive pleading to an amended complaint as 14 days from the date of service of the amended complaint.

Local Rule 1.07(b) states as follows:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed.R.Civ.P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed.R.Civ.P., and shall then proceed without delay to apply for a judgment pursuant to Rule 55(b), Fed.R.Civ.P., failing which the case shall be subject to dismissal sixty (60) days after such service without notice and without prejudice; provided, however, such time may be extended by order of the Court on reasonable application with good cause shown.

Respectfully, Plaintiff submits that Local Rule 1.07(b) does not apply to the issue before the Court in this case for the following reasons.

First, as it was the filing and service of the Amended Complaint, rather than original Complaint, that started the clock for the Defendants to respond, Rule 15, rather than Rule 12, of the Federal Rules of Civil Procedure applies. Local Rule 1.07(b) specifically states it applies to Rule 12, Fed.R.Civ.P., but does not state that it applies to Rule 15, Fed.R.Civ.P.

Second, Local Rule 1.07(b) applies only when "no appearance or response is made." counsel for Defendants has made an appearance in the case and has been actively defending the matter.

Finally, Local Rule 1.07(b) allows a plaintiff 60 days from the date of service of the pleading to file a motion for default judgment before the case is "subject to

5

dismissal." Per the Order to Show Cause, the date the Amended Complaint was filed was March 20, 2015. Therefore, had Defendants not yet filed their Answer, Plaintiff would have had until May 19, 2015 to file a motion for default judgment.

Assuming arguendo Local Rule 1.07{b} does apply, Plaintiff respectfully submits the case should not be dismissed as there was an understanding between the parties that the Defendants' Answer to the Amended Complaint was not due until April 20, 2015. Although the parties may have been incorrect in their understanding, the delay in filing the Answer was an inadvertent error, and it has since been filed. Moreover, the undersigned and counsel for the Defendant have been in regular communication regarding this action. Accordingly, Plaintiff respectfully requests that this Court find that under the totality of circumstances that good cause has been shown for the delay, if any, in prosecution.

Wherefore, Plaintiff Roca Labs, Inc. respectfully requests that the Court not dismiss this action and prays for such further relief as is deemed just and proper.

Dated: April 17, 2015

Respectfully submitted,

/s/ James Roscoe Tanner
James Roscoe Tanner, Esquire
Florida Bar No.: 0637246
Post Office Box 260156
Tampa, Florida 33685
jrt@jimtannerlaw.com
Attorney for Roca Labs, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of Court, by using the CM/ECF system which will send notice of electronic filing to all c of record this 17th day of April, 2014.

/s/ James Roscoe Tanner
James Roscoe Tanner, Esquire