# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ROCA LABS, INC.,

      Plaintiff,

vs.

CONSUMER OPINION CORP. and

OPINION CORP. d/b/a

PISSEDCONSUMER.COM,

      Defendants.

Case No: 8:14-cv-2096-T-33EAJ

_____/

## PLAINTIFF, ROCA LABS' MOTION TO COMPEL DEFENDANTS, CONSUMER OPINION CORP. AND OPINION CORP. D/B/A PISSEDCONSUMER.COM TO DESIGNATE FRCP 30(b)(6) CORPORATE REPRESENTATIVES FOR DEPOSITIONS AND TO COMPEL DEPOSITIONS TO OCCUR AT DATE, TIME AND LOCATION CERTAIN

Plaintiff, Roca Labs, Inc. ("Plaintiff"), by the undersigned counsel moves this Court, pursuant to Federal Rules of Civil Procedure 37 and Local Rules 3.01 and 3.04(a), Rules of the Middle District of Florida, for an Order Compelling Defendants, Consumer Opinion Corp. and Opinion Corp. d/b/a Pissedconsumer.com (collectively, "Defendants" or "PC"), to immediately designate their respective corporate representatives who can testify about facts and issues that are central to this case and to present said representative(s) for deposition at a date, time and location certain in the Middle District of Florida prior to the Court ordered deadline of June 15, 2015. The grounds upon which Motion is based and the substantial matters are set forth hereinafter.[1]

---

[1] Plaintiff is aware of the motion to compel formatting requirements mandated by Local Rule 3.04(a). Plaintiff respectfully submits that because Defendants have refused to provide any objections whatsoever to the FRCP 30(b)(6) deposition topics or the documents requested, following the 3.04(a) format would create an unwieldy motion wherein each and every deposition topic and document request would be listed, only to be followed by a blank space where an

1

1. On May 8, 2015, Plaintiff noticed a Deposition Duces Tecum Pursuant to FRCP 30(b)(6) for each corporate Defendant. Plaintiff requested that each Defendant, pursuant to FRCP 30(b)(6), designate a corporate representative to testify and to require each 30(b)(6) designee produce certain documents at the deposition. (See Ex. 1 Subpoena to Consumer Corp, Ex. 2 Subpoena Opinion Corp, Ex. 3 Notice Consumer Corp, Ex. 4 Notice Opinion Corp).

2. Plaintiff's counsel served the subpoenas and filed Notices of Depositions. Without knowledge of the location of the yet unidentified FRCP 30(b)(6) witnesses, notice was served for deposition on June 8 and June 9, 2015 at 9:00 a.m. at 74 5th Ave NY, NY. Defendants corporate offices are in New York.

3. On May 8, 2015, Counsel Berger sent the documents included in Exhibits 1-4 attached to an email to Mr. Randazza and asked, "if the dates are not available for your clients, please let me know and we will reschedule." (Ex. 5 Email Berger to Randazza 5/08/15, 8:15 pm).

4. Defendants did not respond to the email and have not to date confirmed any deposition dates or definitively identified the FRCP 30(b)(6) witnesses.

5. It should be noted that prior to sending the Rule 30(b)(6) notices, Berger attempted to confirm discovery dates with Randazza. On May 6, 2015 the parties met at mediation and after its conclusion Mr. Randazza refused to discuss discovery. On May 7, 2015 the

---

objection would otherwise have gone. As the intent of Rule 3.04(a) is to provide clarity to the Court as to the specific items at issue, Plaintiff submits that, in this particular instance, that clarity is best provided by explaining the lack of objection and attaching the Notices of Deposition Duces Tecum.

parties met in State Court on a different matter and Mr. Randazza again refused to discuss discovery and refused to agree to schedule a call to resolve outstanding discovery issues.

6.  Over the next ten days Berger reached out to Randazza on numerous occasions to schedule depositions (Ex. 6 Composite of emails between Berger and Randazza).  The Plaintiff tried to be as accommodating as possible to schedule the dates, however, Plaintiff was cognizant that per the Court's order June 15, 2015 is the discovery cut-off date. Plaintiff has worked diligently to comply with the Order.

7.  For example on May 11, Mr. Berger emailed Mr. Randazza stating  Plaintiff "would like to coordinate deposition dates of the following: (1) Michael Podolosky, (2) Alex Syrov, (3) Ievgenia Grinchenko, (4) Klimushka Ganna and (5) Joanna Simpson. We can schedule all of the depositions in Garden City. Please reserve the week of June 8th for the depositions. Please confirm the dates and I will coordinate the notices." (See Exhibit 6A).

8.  Rather than trying to coordinate and confirm dates, Randazza would insist on unusual deposition dates (such as weekends only) and continually refused to identify Rule (30(b)(6) witnesses.  In response to the email above he wrote in part "[i]f you want to depose Mike and Alex, I can ask them what weekends work for them - but you've already been advised that they are not available during the week. Therefore, you can pick three weekends between now and the end of discovery, and I will assure you that at least one of them will be acceptable. Please inform the court of anything you like. You do not need to wait 48 hours." (See Ex. 6B )

9.  Due to the lack of clarity on the Defendants' FRCP 30(b)(6) witnesses coupled with the urgency of the June 15, 2015 deadline looming and other discovery issues pending,

Plaintiff sought a conference pursuant to Local Rule 3.01 (g) and Defendants agreed to attend a telephone conference on May 18, 2015.[2]

10. In an abundance of caution and in an effort to attain full compliance with Local Rule 3.01 (g), prior to the conference the Defendants were provided with an agenda of items to be resolved. (See Ex.7, "Agenda" Email Berger to Randazza, 5/18/15)

11. Item C of the agenda was **Deposition Scheduling**. The Agenda prepared by Attorney Berger stated "[w]e would like to get a more streamlined and organized approach to deposition scheduling through your cooperation….We have requested the depositions of:

    i. Opinion Corp. 30(b)(6)) witnesses/ Ivegenia Grinchenko and Klimushka Ganna - Ukraine

    ii. Consumer Opinion Corp 30(b)(6) witnesses / Ivegenia Grinchenko and Klimushka Ganna - Ukraine

    iii. Jennifer Schaive

    iv. Michael Podolsky

    v. Alex Syrov

    vi. Joanna Simpson

    vii. Dr Parisi

    v.iii Ed Nagelhut

    ix. Ms. Riordan-Keller

12. The first conference pursuant to Local Rule 3.01 (g) was conducted on May 18, 2015. Plaintiff's counsel Attorney Berger and Attorney Koroll[3] attended along with Attorney

---

[2] The conference was initially set for May 15, 2015 and confirmed by email with all counsel. Mr Berger sent a contact to Mr. Randazza on May 15 and Mr. Randazza advised him that the May 15 conference would not occur. Mr Berger insisted and received an agreement for a May 18, 2015 conference.

[3] Without objection from defense counsel Attorney Randazza, the conference included Attorney Cynthia Koroll. Koroll is not admitted to practice before this Court, via *pro hac vice* or otherwise. Attorney Koroll began her representation as Independent Counsel for Plaintiff Roca on 5/11/15 and immediately undertook steps in anticipation of a *Pro Hac Vice* Motion in this Court. Prior to the scheduled call Mr. Randazza was advised by email of Roca's intent to bring in Koroll as counsel. Plaintiff asked if Koroll could be included in the call as the intent was that if the Court permitted the *Pro Hac Vice* motion to be granted, Koroll would attend the depositions and as such her schedule was needed. Upon learning of Koroll's intent to enter the case Randazza contacted Koroll by phone and invited her to attend the first Rule

4

Randazza and Attorney Coleman. Each agenda item was discussed and progress was made on securing agreements for Defendants to produce response to Request to Produce (served by the Plaintiff in January) and to provide sworn answers to interrogatories within 7 days. Depositions of Defendants' FRCP 26(a)(2) witnesses were scheduled and locations confirmed.

13. Issues related to the deposition scheduling of Defendants' witnesses could not be resolved in the May 18, 2015 conference as Defendants could not definitively state the identity of the FRCP 30(b)(6) witnesses or their location. All Counsel agreed to reconvene the conference on May 19, 2015 at 1:30 p.m. EST and Attorney Coleman agreed to speak to Defendants to identify Rule 30(b)(6) witnesses.

14. On May 19, 2015, the second conference was convened with the same counsel attending. Defense counsel could not identify the 30(b)(6) witnesses. All parties agreed to adjourn the call and to attend a third call on May 19, 2015 at 8 pm EST.

15. A confirmation email was sent to Randazza that stated the following "This will confirm the 8:00 p.m. EST call for tonight. The purpose of the call is for disclosure of the 30(b)(6) witnesses by Opinion Corp. and Consumer Opinion Corp. and to schedule depositions of these witnesses.  These disclosures were scheduled to be made at our conference call today, but you were not prepared to make these disclosures." (See Ex. 8, Email Koroll to Randazza, 6:24 pm )

16. Prior to the call Mr Randazza sent an email providing his analysis of the law related to the deposition locations. The email failed to address the pending scheduling issue of the

_____

37 telephone conference conducted on 5/18/15.  Attorney Coleman ( Defendants' local counsel) also participated in the call. The Unopposed Motion to Admit Attorney Cynthia Koroll *Pro Hac Vice* was filed on 5/18/15.

yet-unidentified witnesses. (See Ex 9, Email Randazza to Koroll 5:47pm) Subsequently Randazza refused to attend the May 19, 2015 continued conference at 8 pm instead sending a email stating in pertinent part: "My research has negated the need for the call - unless you have had a chance to review it and formulate a position." (See Ex. 10, Email Randazza to Koroll, 6:41 pm). Numerous emails were sent imploring Counsel to attend the call to directly address the scheduling issues, all to no avail. (Ex. 11, Koroll to Randazza, 6:53 pm )

17. No depositions of corporate representatives are set in the case and the identity of 30(b)(6) witnesses is unknown.

18. Plaintiff is left without the confirmed identity of the FRCP 30(b)(6) witnesses, without any basis upon which to discern if the subpoenas and notices served are for the correct location due to the lack of identity of the witnesses, without opportunity to revise the notices, without the knowledge as to Plaintiff's need to subpoena non-party corporate witnesses who it wants to depose - and who may or may not be also designated as Defendants' FRCP 30(b)(6) witnesses - and  without any plan to meet the court ordered deadline.

Wherefore, the Plaintiff seeks:

a. Entry of order granting this Motion to Compel.

b. Enter an order compelling Defendants, Consumer Opinion Corp. and Opinion Corp. d/b/a pissedconsumer.com to each designate a corporate representative, pursuant to FRCP 30(b)(6) who will be prepared to testify regarding the

previously designated topics; and setting those depositions to occur at 9 am on June 8, 2015 and on June 9, 2015 in Tampa at

c.  Enter an order compelling Michael Podolsky to be deposed on June 6, 2015 and Alex Syrov to be deposed on June 7, 2015 at 9 am.

c. Enter an order awarding sanctions to Plaintiff Roca Labs, Inc. and against Defendants Consumer Opinion Corp. and Opinion Corp. d/b/a pissedconsumer.com in the amount of Roca Labs, Inc. attorneys' fees and costs incurred in bringing this Motion; and

d. Grant all such further relief as this Court deems just and appropriate.

## MEMORANDUM OF LAW

Pursuant to Local Rule 3.01 (a), Rules of the Middle District of Florida, Plaintiff submits this Memorandum of Law in support of its Motion to Compel Defendants, Consumer Opinion Corp. and Opinion Corp. d/b/a pissedconsumer.com to Designate FRCP 30(b)(6) Corporate Representatives for Depositions. Further, due to Defendants setting of an cancelling the third Local Rule 3.01 (g) conference and refusing to confer whatsoever despite tasks remaining incomplete and a discovery deadline of June 15, 2015.

### I.  LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) provides "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." "The discovery process is designed to fully inform the parties of the relevant facts involved in

their case." *U.S. v. Pepper's Steel & Alloys, Inc.*, 132 F.R.D. 695, 698 (S.D. Fla. 1990) (citing *Hickman v. Taylor,* 329 U.S. 495, 501 (1947)). "It is not a ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to discovery of admissible evidence." *Dollar v. Long Mfg., N.C., Inc., 561 F.2d 613,* 617 (5th Cir. 1977); see *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 179-80 (1989); FED. R. CIV. P. 26(b).

As the United States District Court for the Middle District of Florida Orlando Division Magistrate Judge Thomas Smith wrote in his order in the matter of *United States of America v Halifax Hospital Medical Center*

> The party to whom a Rule 30(b)(6) deposition notice is directed has a duty to '"make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought [by the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed . . . as to the relevant subject matters.'" *Catalina Rental Apartments, Inc. v. Pacific Ins. Co., Ltd.*, No. 06- 20532-Civ, 2007 WL 917272, at *2 (S.D. Fla. Mar. 23, 2007) (quoting *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 151 (S.D.N.Y. 1997)).
>
> "[D]epositions, including 30(b)(6) depositions, are designed to discover facts, not contentions or legal theories, which, to the extent discoverable at all prior to trial, must be discovered by other means." *JPMorgan Chase Bank v. Liberty Mutual Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002). If the deponent fails to make a designation under Rule 30(b)(6), then the party seeking the discovery can move for an order compelling designation. FED. R. CIV. P. 37(a)(3)(B)(ii). The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant. *Zorn v. Principal Life Ins. Co., No. CV 609-081, 2010 WL 3282982, at *2* (S.D. Ga. Aug. 18, 2010) (citing *Canada v. Hotel Development-Texas, Ltd.*, No. 3-07-cv-1443-D, 2008 WL 3171940, at *1 (N.D. Tex. July 30, 2008)).

*United States of America v Halifax Hospital Medical Center,* Case 6:09-cv-01002-GAP-TBS Document 149 Filed 08/14/12 Page 5 of 9 PageID 3718.

Federal Rule of Civil Procedure 37, "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R Civ. P. 37(a)(3)(B)(iii). A motion to compel may be brought under Rule 37 to seek Rule 30(b)(6) deposition testimony. *See* Fed. R. Civ.  P. 37(a)(3)(B)(ii) & (a)(3)(C). The Court may also grant attorney's fees and expenses to the movant upon the granting of a motion to compel. *See* Fed. R. Civ. P. 37(a)(5)(A). This motion is timely under the Court's Case Management Order.

### a.   Defendants are Each Obligated to Designate and Identify by Name a Corporate  Representative and Identify Their Location.

Federal Rule of Civil Procedure 30(b)(6) governs the depositions of corporate parties.

In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization.
Fed.R.Civ.Pro. 30(b)(6).

Both Defendants are required to identify a corporate representative in compliance with FRCP 30 (b)(6) Defendants have obfuscated regarding the identity of their designees for Notice of Deposition issued on or about May 8, 2015 and noticed to occur on June 8 and June 9, 2015 and have vacillated as to whether the witnesses are located in the United States or Ukraine.

On December 18, 2014, Plaintiff received Defendants' Answers to Interrogatories. Each Defendant responded to Interrogatory No. 2 as follows.

2. Identify each person (by name, address, phone number, employer, and job  position) who is believed or known by you, your agents, or attorneys to have:

(a) Knowledge concerning any of the allegations or facts in the above-captioned lawsuit

("Lawsuit") and describe in detail the subject matter and facts about which the person has knowledge or is believed to have knowledge, including all dates of alleged incidents, any specific statements made, and any specific acts; and

(b) Knowledge about or possession of or control of any documents, as broadly defined, pertaining to any fact or issue involved in this Lawsuit and describe as to each, the item(s) each person has, the name, address and phone number of the person who took or prepared the item(s), and the date the date of preparation of the item(s); and

(c) Discussed the allegations or facts of this Lawsuit with you (other than your attorney).

**ANSWER:**

Defendant objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege or the work product doctrine. Defendant objects to this Interrogatory, as it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this Interrogatory as compound as it contains 3 distinct and unrelated subparts, each of which should be considered a separate Interrogatory. Without waiving these objections, Michael Podolsky and Alex Syrov are the two individuals with Consumer Opinion Corp. who would possess any knowledge, information, or documentation regarding this matter.

(See Ex. 12, Defendants' Answers to Interrogatories)

Plaintiff wishes to depose an Opinion representative who is knowledgeable about the topics enumerated in Plaintiff's Notice and who can provide more detailed information about these topics than has already been provided. Defendants have refused to cooperate with Defendant in providing the identities of their FRCP 30(b)(6) designees.

Defendants have failed to identify FRCP 30 (b)(6) and Defendants have also failed to inform Plaintiff whether or not there will be more than one designee for each corporation thus compounding the scheduling difficulties. In a letter to Plaintiff's counsel on May 8, 2015,

10

Defense counsel supplemented the Defendants' Answer to Interrogatory No. 2, by identifying

Ievgenia Grinchenko (manager of Opinion Corp. d/b/a pissedconsumer.com) and Klimushka

Ganna (manager/moderator for Opinion Corp. d/b/a pissedconsumer.com), both located in the

Ukraine. (See Ex. 13, Correspondence, Randazza) Additionally, Defendants' FRCP 26 Initial

Disclosures to Plaintiff stated:

> 1.     Name and, if known, address of each individual likely to have
> discoverable information, along with the subjects of that information, that the
> disclosing party may use to support its claims or defenses:
>     Michael Podolsky, 1225 Franklin Avenue, Suite 325.339, Garden City,
> New York 11530. Michael Podolsky is an executive officer with Opinion Corp.
> and will have information regarding the company's business practices.
>     Alex Syrov, 1225 Franklin Avenue, Suite 325.339, Garden City, New
> York 11530. Alex Syrov is an executive officer with Opinion Corp. and will have
> information regarding the company's business practices.
>     Ievgenia Grinchenko, 61124 Kharakov, 176/8 Gagarina Ave, Unit 52,
> Ukraine. Ms. Grinchenko is a manager for Opinion Corp. and will have
> information regarding business operations.
>     Klimushka Ganna, 61183 Kharkov, 9a Roguirovaya Street, Unit 249. Mr.
> Ganna is a manager/moderator for Opinion Corp. and will have information
> regarding business operations and the moderating of postings.

(Exhibit 14, Defendants' FRCP 26 Initial Disclosures)

Based on the aforementioned documents, there is an inherent confusion as to the

individual or individuals who will be designated by the Defendants as their FRCP 30(b)(6)

witnesses. A party is responsible for ensuring that its representative attends the deposition. 7 J.

Moore et al., Moore's Federal Practice § 30.03[2] (2013). Thus, the corporation is responsible

for producing its officers, managing agents, and directors if notice is given and sanctions may be

imposed against the corporation if they fail to appear.8A Charles Alan Wright, Arthur R. Miller

& Richard L. Marcus, Federal Practice and Procedure § 2103 (3d. 2014). Foreign nationals who

qualify as managing agents or officers of a party may be subject to deposition pursuant to a notice. *Calderon v. Experian Info. Solutions, Inc.*, 290 F.R.D. 508, 517 (D. Idaho 2013) ("[D]oubts about an individual's status as 'managing agent,' at the pretrial discovery stage, are resolved in favor of the examining party.").

A corporation may not simply refuse to designate a witness for a properly noticed Rule 30(b)(6) deposition. *Strauss v. Rent-A-Center, Inc.*, 2007 U.S. Dist. LEXIS 48879 at *3 (M.D. Fla. July 6, 2007). Rule 30(b)(6) is designed to allow a party such as Plaintiff to discover the knowledge and views of an organization as an entity. Rule 30(b)(6) prevents the bandying about of multiple fact witnesses and their individual views as a substitute for a true corporate representative. Plaintiff is entitled to depose the respective corporate representatives who can speak for the Defendants. As such, Defendants should be compelled to designate the identities of their FRCP 30(b)(6) corporate representatives for depositions and to present them for deposition within the discovery deadline.

> **b.      Defendants' Corporate Representatives Should be Made to Appear for Deposition in the Middle District of Florida.**

As Defendants have refused to identify FRCP 30(b)(6) witnesses, whomever they identity should be compelled to come to the jurisdiction of the Court. Moreover, pursuant to Rule 3.04 (b), whether Defendants' 30(b)(6) the witnesses should be compelled to come to Florida.

The Court may compel compliance with a deposition notice properly issued under FRCP 30 "without regard to the geographical limitations on compliance with a subpoena". Local Rule 3.04 (b) states,

> . . . it is the general policy of the Court that a non-resident plaintiff may reasonably be deposed at least once in this District during the discovery stages of the case; and that a non-resident defendant who intends to be present in person at trial **may reasonably be deposed at least once in this District either during the**

12

**discovery stages of the case or within a week prior to trial as the circumstances seem to suggest.** (Local Rule 3.04, emphasis added)

This Court has authority, and "wide discretion" to control the place of party depositions. See *Lord v. Flanagan*, CV 13-26-BU-DLC-JCL, 2014 WL 51655 (D. Mont. Jan. 7, 2014) ("[T]he Federal Rules of Civil Procedure do not specify where a party's deposition is to take place. As a general rule, 'the examining party may set the place for the deposition of another party wherever he or she wishes subject to the power of the court to grant a protective order under Rule 26(c)(1)(B) designating a different place.' On a motion the court has a wide discretion in selecting the place of examination.") (citations omitted); *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir.1994) ("A district court has wide discretion to establish the time and place of depositions.").

Courts retain substantial discretion to designate the site of a deposition, and presumptions as to where the deposition should take place are merely decisional rules that facilitate the determination when other relevant factors do not favor one side over the other. 7 J. Moore et al., Moore's Federal Practice § 30.20[1][b] (2013). Additionally, a foreign corporation's agents are frequently compelled to appear for deposition in United States, particularly when the foreign corporation is doing business in the United States and is subject to the court's jurisdiction. Id. Accordingly, Plaintiff submits that it is in the interest of the judicial economy of all parties' resources for the Defendants' 30(b)(6) designees to be deposed in the Middle District of Florida.

Plaintiff would agree to depose Defendants' yet-unidentified FRCP 36(b)(6) witnesses in New York on the condition that, pursuant to Local Rule 3.04(b), ***the witnesses stipulate that they will not be present at trial.*** It appears that Defendants are trying to put forth Ievgenia Grinchenko and Klimushka Ganna, both located in the Ukraine as their FRCP 30(b)(6)

13

witnesses. In the event that they are put forth as witnesses, we would request that they be compelled to come to the United States for their depositions.

### c. Plaintiff's have extended good faith efforts to accommodate Defendants.

Defendants' corporate offices are in New York. Due to this fact and the uncertain location of the FRCP 30(b)(6) witnesses, the Plaintiff, issued notices for June 8 and 9 in New York. (See Ex. 3 and 4). Plaintiff's good faith efforts to further confer and establish locations specific to the yet-unidentified witnesses went unanswered. (See Ex. 5)

Defendants have named four (4) potential deponents. Two of the deponents, Podolsky and Syrov, live in the New York and two Grinchenko and Gannain live in the Ukraine. Defendant has refused to identify which of these potential deponents will be the FRCP (30)(6) designees for which deposition topic(s). It is undisputed that Podolsky and Syrov are executive officers of Opinion Corp. d/b/a pissedconsumer.com. Furthermore, Defendants object to any deposition location other than New York City, the prior principal place of business and place of registration of the company, or Las Vegas, where the company has moved its U.S. operations. Plaintiff contends Defendants are failing to act in good faith and are attempting to circumvent the FRCP 45 subpoena requirement for taking depositions.

Plaintiff had previously offered to accommodate Defendants unusual request to have two FRCP 26 witnesses, and potential Rule 30(b)(6) designees, (Michael Podolsky and Alex Syrov) deposed on Saturday, June 6 and Sunday, June 7. Defendants assert these witnesses are only available to be deposed on weekends. However, Defendants refuse to confirm dates.

Plaintiff has also agreed and is traveling to Nevada to depose Defense Rule 26 (a)(2) disclosed experts on Friday June 12, 2015 and Saturday June 13, 2015. Despite these liberal and

good faith accommodations, Defendants refuse to confirm the FRCP 30(b)(6) witnesses identity, refuse to confer with the witnesses to obtain their availability, refuse to agree to comply with the Notices issued for New York deposition dates, refuse to confirm deposition dates. As such and due to the Plaintiff's concessions, this Court is implored to exercise discretion and require the FRCP (30) (b)(6) witnesses to be identified and to appear in Tampa to be deposed at a date and time certain.

> **d.      Defendant should be required to produce FRCP 30(b)(6) deponents on weekdays.**

Based on the disclosures it is likely that Podolsky and Syrov may be the yet-unidentified Rule 30 (b)(6) witnesses that are the subject of this motion. Defense counsel asserts witnesses Podolsky and Syrov are only available for deposition on Saturday/Sundays. Despite this unusual request, Plaintiff had agreed to depose Mr. Podolosky and Syrov on the weekend of June 6 and 7. However, the Defendants refuse to confirm deposition dates.

> **e.      Plaintiff is entitled to depose Podolsky and Syrov**

Based on the disclosures Plaintiff is entitled to depose Podolsky and Syrov (assuming they are not 30(b)(6) witnesses). Plaintiff has requested to depose Mr. Podolsky and Syrov on the weekend of June 6 and 7, 2015. However, the Defendants refuse to confirm deposition dates. We request that the Court order that Podolsky and Syrov be deposed on June 6 and 7th beginning at 9:00 a.m. in Tampa.

> **f.      Defendant should be required to produce knowledgeable deponents**

"A deponent under Rule 30(b)(6) has an affirmative obligation to educate himself as to the matters regarding the corporation." *Concerned Citizens of Belle Haven v. Belle Haven Club,*

223 F.R.D. 39, 43 (D. Conn. 2004). "The designee must not only testify about facts within the corporation's knowledge, but also its subjective beliefs and opinions. . . The designee, in essence, represents the corporation just as an individual represents him or herself at a deposition." *U.S. v. Taylor*, 166 F.R.D., 166 F.R.D. 356, 361 aff'd, 166 F.R.D. 367 (M.D.N.C. 1996); See also *Rainey v. Am. Forest & Paper Ass'n*, Inc., 26 F. Supp. 2d 82, 94 (D.D.C. 1998).

Defendants can not attempt to prevent proper discovery by producing FRCP 30(b)(6) representatives who are based in the Ukraine and who, according to the Rule 26 disclosure, do not have knowledge of the relevant facts and the practices of the business. Defendants should be required to name appropriate 30(b)(6) witnesses who have the requisite  areas of knowledge. If necessary multiple 30(b)(6) witnesses should be named.

We ask that this Court Order that the FRCP 30(b)(6) witnesses are identified by Defendants and ordered deposed at certain date, time and location.

## CONCLUSION

For all of the foregoing reasons, Plaintiff's Motion to Compel should be granted and Defendants' corporate representatives should be promptly identified as FRCP 30 (b)(6) witnesses and their locations identified. The following witnesses should be presented on the aforementioned designated topics: (1) Saturday, June 6 - Michael Podolsky (2) Sunday, June 7 - Alex Syrov, (3) Monday, June 8 - FRCP 30(b)(6) Opinion Corp and (4) Tuesday, June 9 - FRCP 30(b)(6) Consumer Opinion Corp.

Plaintiff asserts that all above depositions should start at 9:00 a.m. at A Pro Court Reporting, 442 West Kennedy Blvd, Tampa, Fl. and take place in Tampa, Florida. If Defendant insists on only producing the above witnesses in New York City, this Court is respectfully

requested to order that any witnesses who Defendant's refuse to be deposed in Tampa, be prohibited from appearing at trial. If this Court orders any depositions to occur in New York, they should occur at 74 5th Ave NY, NY.

Further, Defendants should be sanctioned Fed. R. Civ. P. 37(a)(5)(A) and taxed with the cost of fees and expenses due to the gamesmanship and deceit.

## CERTIFICATE OF GOOD FAITH
## COMPLIANCE WITH LOCAL RULE 3.01(g)

In accordance with Local Rule 3.01(g), counsel for Plaintiff has conferred with counsel for Defendants regarding the substance of the instant Motion and counsel for Defendants did not agree to the relief requested in the Motion. After several email exchanges and two formal telephone conferences, with the last telephone conference occurring on May 19, 2015, counsel for the parties was unable to resolve this dispute. Plaintiff now moves to compel Defendants to immediately confirm the identity of the FRCP 30(b)(6) witnesses and to require the requested witnesses to be deposed at a certain date, time and location.

DATED: May 20, 2015

Respectfully Submitted,

/s/ Paul Berger
Paul Berger
Counsel for Plaintiff
FL Bar No. 4413
Roca Labs, Inc.
P.O. Box 7898
Delray Beach, FL 33482-7898
Tel. 305-998-6150
Legal5@rocalabs.com

17

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on 19 May 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a true and correct copy of the foregoing document is being served upon: Marc Randazza, Esq. and Ronald Coleman, Esq., counsel for Defendants, via transmission of Notices of Electronic Filing generated by CM/ECF.

<u>/s/ Paul Berger</u>
Paul Berger
Counsel for Plaintiff
FL Bar No. 4413
Roca Labs, Inc.
P.O. Box 7898
Delray Beach, FL 33482-7898
Tel. 305-998-6150
Legal5@rocalabs.com