UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROCA LABS, INC.,

    Plaintiff,

v.

CONSUMER OPINION CORP. and
OPINION CORP.,

    Defendants.
_____/

Case No: 8:14-cv-02096-VMC-EAJ

## **DEFENDANTS' MOTION FOR CASE-TERMINATING SANCTIONS OR, IN THE ALTERNATIVE, LESSER SANCTIONS OR AN ORDER TO SHOW CAUSE AS TO WHY SANCTIONS SHOULD NOT BE IMPOSED**

For the third time, Plaintiff and its attorney have engaged in unlawful witness intimidation. The prior times, this Court just told them not to do it again. They did not respect that warning. This time, Roca's attorney is attempting to intimidate an expert witness from testifying by threatening *criminal sanctions*, and that threat has placed this witness in fear, requiring a rebuke from this Court sufficient to assuage his fears. A simple "don't do it again" did not work last time. (Doc. # 17.) Defendants request a harsher rebuke from this Court, lest this continue.

Defendants Consumer Opinion Corp. and Opinion Corp. (collectively, "Defendants") pursuant to this Court's inherent powers, hereby request the sanction of termination of this case for the egregious behavior of Plaintiff and its counsel. In the alternative, Defendants seek an order compelling Roca Labs and

1

its attorneys to cease and desist from any further acts of witness intimidation, and a further sanction that will ensure that any other witnesses in this case can proceed without fear.

## 1.0     INTRODUCTION AND FACTUAL BACKGROUND

This action began with a request from Roca for this Court to impose an unconstitutional prior restraint on Defendants, in the form of their Motion for Entry of a Temporary Injunction. (Doc. # 5.) In Defendants' Opposition to this Motion, filed September 18, 2014 (Doc. # 13), Defendants contacted Roca's former customers and attached declarations from them detailing their experience with Roca's products. (Doc. #s 13-3, 13-5, 13-6.) Very shortly after Defendants filed their Opposition, Plaintiff contacted these witnesses with threats of litigation for breach of an unenforceable contract. (Doc. #s 15-1, 15-2.) This timing was anything but coincidental, and so Defendants then brought a motion for a temporary restraining order against Plaintiff to cease this witness intimidation. (Doc. # 15.) While the Court denied Defendants' motion on September 23, 2014, it "remind[ed] the parties that it will not hesitate to impose sanctions on *any* party that engages in witness tampering, in violation of 18 U.S.C. § 1512." (Doc. # 17, at 3) (emphasis original).

Despite this admonishment, Roca filed lawsuits against one of Defendants' witnesses. (*See* Doc. # 52 (identifying suit against Defendants' witness Jennifer Schaive),) While Roca could claim that this suit was justified, one would have to be extremely gullible to believe that Roca selected Ms. Schaive, out of the hundreds of consumers who have complained about Roca Labs, simply because they felt the suit was justified. (*See* Doc. # 13-2 (Better Business Bureau complaints against Roca); *see also* Food and Drug Administration ("FDA") Special Agent report concerning Roca, attached as Exhibit 1; *and see* complaints filed with the FDA concerning Roca, attached as Exhibit 2.)

2

At the same time, in an effort to try and intimidate Defendants' counsel from continuing in this case, Roca Labs sued him personally for statements made at the October 8, 2014 hearing, and in the opposition to Plaintiff's motion for a preliminary injunction. (*See* Doc. # 52, informing Court of suit filed by Roca against Defendants' counsel, Marc Randazza.)

Fast forward to May 2015. The parties have been in the process of attempting to schedule depositions prior to the discovery cutoff, including the deposition of Defendants' expert witness Thomas Parisi, MD. Defendants' counsel retained Dr. Parisi as an expert witness, and the two worked together to determine a fair expert billing rate for all parties to this action. (*See* Declaration of Marc J. Randazza ["Randazza Decl."], attached as Exhibit 3, ¶¶ 2-7.)

On May 22, 2015, Mr. Berger contacted Dr. Parisi by phone. (Declaration of Thomas Parisi ["Parisi Decl."], attached as Exhibit 4, ¶ 8.) During this conversation, Mr. Berger asked Dr. Parisi about his expert witness billing rates, and Dr. Parisi informed him of them. (Parisi Decl. ¶ 9.) After being told of Dr. Parisi's rates, Mr. Berger threatened him with criminal prosecution, stating that charging different rates for written testimony and trial testimony was "illegal" and that he would need to retain legal representation. (Parisi Decl. ¶ 10.) Berger went so far as to threaten Dr. Parisi with criminal prosecution. (Parisi Decl. ¶ 10.) Dr. Parisi felt intimidated and frightened by Mr. Berger's threats, especially in light of Roca's prior behavior. (Parisi Decl. ¶¶ 11-12, 15.) Dr. Parisi is hesitant to testify on Defendants' behalf, specifically due to Mr. Berger's threats. (Parisi Decl. ¶ XX.)

Defendants' counsel contacted Mr. Berger after learning of this conversation and asked Mr. Berger to explain himself. (*See* Email from Marc Randazza to Paul Berger dated May 22, 2015, attached as Exhibit 5.) In response, Mr. Berger claimed that Mr. Randazza had instructed Dr. Parisi to charge a different billing rate for Roca. (*See* Email from Paul Berger to Marc Randazza

3

dated May 22, 2015, attached as Exhibit 6.) This allegation is a complete fabrication and in no way reflects the conversation Mr. Berger had with Dr. Parisi. (Parisi Decl. ¶¶ 13-14.) To the extent this is even an issue, Dr. Parisi has always made it clear that he would charge differential rates for testimony than for research and writing, and while not all experts have charged the undersigned differential rates, most have. There is nothing remotely actionable about it, criminally or civilly.

It has been apparent for some time now that Roca wishes to do everything possible to avoid having this case heard on the merits. They have engaged in extensive needless motion practice and gamesmanship in filing fruitless amendments to their Complaint in an attempt to avoid summary judgment. Now they are once again intimidating Defendants' witnesses, this time engaging in conduct that obviously constitutes witness tampering under 18 U.S.C. § 1512, in violation of this Court's Order from September 2014. If this court does not rein in this conduct, who will?

## 2.0 ARGUMENT

### 2.1 Legal Standards

This Court has the inherent power to assess sanctions, including an award of attorneys' fees and costs, on Plaintiff and Plaintiff's counsel because they have "acted in bad faith, vexatiously, wantonly or for oppressive reasons." *Cox Enterprises, Inc. v. News-Journal Corp.*, 2012 U.S. Dist. LEXIS 97998 at *12 (M.D. Fla. June 16, 2012). Courts in the Eleventh Circuit may exercise their inherent power to grant sanctions for "bad faith acts preceding and during litigation." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1543 (11th Cir. 1985); *see also Rodriguez v. Marble Care Int'l, Inc.*, No. 10-23223, 2012 WL 1949360 at *9 (S.D. Fla. Mar. 5, 2012). In the event that a party violates a court's order, the court also has

4

the inherent power to enforce its orders through civil contempt. *See Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1296 (11th Cir. 2002).

In "determining the propriety of a bad faith fee award, 'the inquiry will focus primarily on the conduct and motive of a party, rather than on the validity of the case.'" *Rothenberg v. Security Management Co., Inc.*, 736 F.2d 1470, 1472 (11th Cir. 1984) (internal citations omitted). Furthermore, under its inherent powers, "a court can sanction an attorney and the attorney's law firm for bad faith litigation conduct." *Rodriguez*, 2012 WL 1949360 at *9 (citing *Spolter v. Suntrust Bank*, 403 Fed. Appx. 387, 2010 WL 4608772 (11th Cir. 2010) (affirming award of fees against individual lawyer and his law firm pursuant to the court's inherent powers).

In addition to imposing a sanction of attorneys' fees, the Court has the inherent power to disqualify an attorney for violating rules and ethical standards. *See Kleiner v. First Nat'l Bank of Atlanta*, 751 F.2d 1193 (11th Cir. 1985) (disqualifying attorney from further representation in case and finding that "[a] trial judge possesses the inherent power to discipline counsel for misconduct, short of behavior giving rise to disbarment or criminal censure, without resort to the power of civil or criminal contempt"); *See also Ward v. Nierlich*, 2006 U.S. Dist. LEXIS 97373 at *21 (S.D. Fla. Sept. 20, 2006) (disqualifying attorney for promise to pay witnesses for testimony). While the party requesting disqualification "bears the burden of establishing grounds for disqualification, in determining whether disqualification is warranted, all doubts must be resolved in favor of disqualification"). *Contant v. Kawasaki Motors Corp.*, 826 F. Supp. 427, 428 (M.D. Fla. 1993).

A dismissal of an action with prejudice is also an appropriate sanction in the face of particularly egregious conduct.

Aside from being illegal under 18 U.S.C. § 1512, threats of criminal prosecution to gain an advantage in litigation violate the Florida Rules of Professional Conduct. Rule 4-3.4(g) provides that an attorney must not "present, participate in presenting, or threaten to present criminal charges solely to obtain an advantage in a civil matter."

### 2.2   Plaintiff and Its Counsel Have Engaged In Witness Intimidation

As the Court noted in its September 23, 2014 Order, 18 U.S.C. § 1512 "prohibits knowingly using intimidation or threats 'to influence, delay, or prevent the testimony of any person in an official proceeding' or attempting to do so." (Doc. # 17 at 1.) Such prohibited conduct includes actions that "intentionally harass[] another person and thereby hinder[], delay[], prevent[], or dissuade[] any person from attending or testifying in an official proceeding." 18 U.S.C. § 1512(d)(1). This statute "was written broadly to encompass non-coercive efforts to tamper with a witness." *United States v. Amato*, 86 F. App'x 447, 450 (2d Cir. 2004).

A party offends Section 1512 if it is "motivated by an improper purpose." *United States v. Thompson*, 76 F.3d 442, 452 (2d Cir. 1996). It is an improper purpose to cause a witness to withhold relevant facts about a defendant's wrongful acts. See *United States v. Price*, 443 F. App'x 576, 582 (2d Cir. 2011). Even when there is an absence of evidence of intent behind the message, or an absence of evidence concerning the effect thereof, 18 U.S.C. §1512 acts to prohibit a party from engaging in acts that may negatively influence testimony. See *Chevron Corp. v. Donziger*, 974 F. Supp. 2d 362, 594-595 (S.D.N.Y.2014).

There are out-of-circuit cases addressing different factual contexts that say that merely threatening litigation is not witness intimidation.[1] However, in a

---

[1] See *G-I Holdings, Inc. v. Baron & Budd*, 179 F. Supp. 2d 233, 266 (S.D.N.Y. 2001); *Philadelphia Reserve Supply Company v. Nowalk & Associates, Inc.*, 1992 U.S.

6

factual scenario very similar to the one at hand, the U.S. Court of Appeals for the 11th Circuit took a contrary approach, which is controlling. See *United States v. Tison*, 780 F.2d 1569 (11th Cir. 1986). In *Tison*, the 11th Circuit evaluated the question of whether a civil suit against a witness could constitute obstruction or harassment of a witness in violation of 18 U.S.C. §1512 and §1514. In *Tison*, a federal grand jury handed down an indictment, which charged Scan Realty Services, Inc. with RICO and RICO conspiracy violations. One week after the indictment was handed down, Tison, the attorney representing Scan Realty, threatened to sue the witness in that case, Bean, for not providing information regarding his grand jury testimony to the attorney. The 11th Circuit determined that this amounted to witness tampering and enjoined such conduct. *Id*. at 1573.

While *Tison* was largely predicated on §1514, and not §1512, the holding still applies. Threatening or filing a civil suit against a witness during the course of the case they are testifying in, gives rise to harassment of that witness, and must be prohibited. Such conduct is even more egregious when the party threatens the witness with **criminal** prosecution, rather than mere civil litigation. Such threats are not standard litigation tactics contemplated by the court in *G-I Holdings*, but amount to impermissible intimidation that is not only illegal, but obviously in violation of Florida's Rules of Professional Conduct. See Rule 4-3.4(g.).

Here, counsel for Roca Labs has threatened one of Defendants' expert witnesses with criminal prosecution. Mr. Berger knew when he made this threat

---

Dist. LEXIS 12745, Civ. A. No. 91-0449, 1992 WL 210590 (E.D. Pa. Aug. 25, 1992). (Explaining that the logic in this case is that *countersuits* are not witness intimidation. "One cannot threaten to sue someone and expect there to be no reaction or response. In sum, waging a counterattack to civil litigation, without factual allegations of unlawful means, does not amount to witness intimidation.") Furthermore, as described in greater detail below, those cases are notably different than the case at hand.

7

that Dr. Parisi had not engaged in any criminal activity. The only reason that Mr. Berger threatened Dr. Parisi was to gain an advantage in this litigation by intimidating an expert witness to withdraw on the eve of the discovery cutoff, when the deadline to designate new experts has expired. There is no question that this is an "improper purpose" under 18 U.S.C. § 1512. It is similarly unambiguous that this threat of criminal prosecution violated Mr. Berger's ethical obligations to the Florida Bar. *See* Florida Rule of Professional Conduct 4-3.4(g). Roca Labs and its counsel have demonstrated time and again that their ethics are malleable. Defendants have little option but to plead with this Court that if it is going to allow Plaintiff's frivolous claim to go forward, it must at least respect the rules of this Court and the law.

### 2.3   Case-Terminating Sanctions Are Appropriate

A court may impose sanctions for litigation misconduct under its inherent power. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). The court's inherent power derives from the court's need "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962). "The key to unlocking a court's inherent power is a finding of bad faith." Barnes v. Dalton, 158 F.3d 1212, 1214 (11th Cir. 1998). "A party demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order." Id.

While an extreme remedy, a district court has the power to dismiss an action with prejudice as a sanction when: "(1) a party's failure to comply with a court order is a result of willfuliness or bad faith; and (2) less drastic sanctions would not ensure compliance with the court's orders." *United States ex rel. King v. Dse, Inc.*, 2013 US. Dist. LEXIS 22245 at *32 (M.D. Fla. Jan. 17, 2013).

Case-terminating sanctions are appropriate here. Roca and its attorneys have time and again shown that they are willing to engage in unethical

conduct to drag this case out as long as possible and to avoid any sort of adjudication on the merits. They have now willfully violated orders of this Court and have threatened an expert witness with criminal prosecution. There is little reason to think that any sanction less than dismissal of this case with prejudice will keep Plaintiff and its counsel from continuing to engage in this conduct.

## 3.0  CONCLUSION

For the foregoing reasons, Defendants request that this Court issue an order that Roca Labs and its counsel, and any successor counsel, must cease from any further acts of witness intimidation.

Further, Defendants request that this Court issue an Order to Show Cause as to why Paul Berger, Esq. should not be sanctioned for his actions, and why that sanction should not include an order disqualifying him from this case, and why he and Roca Labs should not be compelled to pay Defendants' attorneys fees incurred in bringing this motion.

## LOCAL RULE 3.01(g) CERTIFICATION

As Defendants seek dismissal of this action, they are not required to meet and confer with Plaintiff's counsel prior to filing this Motion. Nevertheless, counsel for Defendants conferred via email with Paul Berger regarding the relief requested in this Motion. Mr. Berger's response made it clear that there was no possible way to resolve this dispute without filing a motion.

Respectfully Submitted,

*Marc J. Randazza*

_____
Marc J. Randazza, Esq.
Florida Bar No. 625566
RANDAZZA LEGAL GROUP
3625 S. Town Center Drive
Las Vegas, Nevada 89135
Tele: 702-420-2001
Fax: 305-437-7662
Email: ecf@randazza.com

RANDAZZA | LEGAL GROUP

CASE NO.: 8:14-cv-02096-VMC-EAJ

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on 25 May 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a true and correct copy of the foregoing document is being served upon counsel for Plaintiff, via transmission of Notices of Electronic Filing generated by CM/ECF.

_____<br>
An employee / agent of<br>
RANDAZZA LEGAL GROUP

RANDAZZA | LEGAL GROUP

11