UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROCA LABS, INC.,  Case No: 8:14-cv-02096-VMC-EAJ

    Plaintiff,

v.

CONSUMER OPINION CORP. and
OPINION CORP.,

    Defendants.
_____/

## OPPOSITION TO MOTION TO COMPEL

Defendants Consumer Opinion Corp. and Opinion Corp. hereby oppose Plaintiff Roca Labs, Inc.'s ("Roca Labs") Motion to Compel Defendants to Designate FRCP 30(b)(6) Corporate Representatives for Depositions and to Compel Depositions to Occur at Date, Time and Location Certain (Doc. # 129) (the "Motion to Compel").

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.0   The Parties Have Resolved All Issues Raised in Plaintiff's Motion to Compel, Rendering It Moot

Counsel for Roca Labs did not comply with L.R. 3.01(g)'s requirement that counsel meet and confer before filing Plaintiff's motion. The only discussion about the matters took place via email, wherein Plaintiff's counsel repeatedly evaded defendants' efforts to elucidate what in particular Plaintiff was seeking. On May 26, 2015, however, the parties *did*, albeit belatedly, meet and confer by telephone, and the entirety of the relief sought by Plaintiff on its Motion to

1

Compel was resolved, rendering Plaintiff's application moot. In particular, as set forth in the Declaration of Alex J. Shepard ["Shepard Decl."], attached as Exhibit 1, counsel agreed that the depositions of Michael Podolsky and Alex Syrov, principals of Defendants, would take place on June 6 and 7, 2015, in New York and that depositions for Defendants' corporate representative witnesses under Fed. R. Civ. P. 30(b)(6) would take place on June 8 and 9, 2015 in New York. (Shepard Decl. ¶¶ 2-5.) Counsel further agreed on all other depositions; that no depositions would take place on June 11; that Dr. Thomas Parisi's deposition would take place on June 12; and that Dr. Ed Nagelhout's deposition would take place on June 13. (Shepard Decl. ¶¶ 6-8.) Counsel agreed that one additional deposition, that of Jennifer Schaive, could take place on either June 14 or 15, 2015. (Shepard Decl. ¶ 9.)

Counsel also agreed that the only issue raised in the Motion that was not resolved during this conversation was the question of whether Defendants were required to identify the designated corporate representative witnesses it would produce under Fed. R. Civ. P. 30(b)(6) prior to their depositions, or whether Defendants' obligation extends only to producing persons able to testify with sufficient knowledge of the matters of the June 8 and 9 depositions. (Shepard Decl. ¶ 10.) The issue, Defendants explained, was a matter of timing and logistics, not tactics. While this issue remains unresolved, the parties did agree that 30(b)(6) witnesses would appear on those dates and that the parties would endeavor to research and identify the appropriate legal standard and to abide by it.

Counsel for all parties have already resolved the issues presented in the Motion to Compel. This Court should thus narrow its consideration of the Motion to Compel solely to the issue of whether Defendants are required to specifically

2

name and identify their Rule 30(b)(6) witnesses prior to the depositions scheduled for June 8 and 9, 2015.

**2.0    Defendants Are Not Required to Specifically Identify Their Rule 30(b)(6) Witnesses In Advance of the Witnesses' Depositions**

Defendants' research on the aforementioned issue suggests that, in fact, a corporate deponent has no obligation to name its 30(b)(6) witnesses prior to a deposition. As the Court explained in *In re Bricam Am. LLC Equip. Lease Litig.*, 2013 U.S. Dist. LEXIS 142841 at *66 (S.D. Fla. Oct. 1, 2013), "the essence of a 30(b)(6) deposition is to permit the corporation to designate an adequate corporate representative to testify, Thus, neither the [parties] nor the Court should specifically identify the witness(es) that [the party] will present at the deposition to testify on the topics identified." This on-point holding puts the question to rest.

As a matter of logistics, again, Defendants are in the process of determining which of their officers would best serve as 30(b)(6) witnesses. The most appropriate person to testify regarding the identified 30(b)(6) topics actually resides in Ukraine, which as the Court may know is not only a vast distance from this District but is essentially a war zone. For this reason, producing the ideal designee may prove difficult. Defendants, however, can and will provide a suitable witness to testify at the 30(b)(6) depositions, but require time and flexibility in Identifying that person. Again, notwithstanding that Defendants are not attempting to hide the ball, under the law Roca Labs is not entitled to know the identity of a particular 30(b)(6) witness until the deposition begins because the identity of that designee is irrelevant. The entire purpose of Rule 30(b)(6) is to designate a person to speak for the deponent corporation, regardless of that witness's personal knowledge. *See QBE Ins. Corp. v. Jordan Enters.*, 277 F.R.D. 676, 688 (S.D. Fla. 2012) (citing *United States v. Taylor*, 166 F.R.D.

356, 361 (M.D.N.C. 1996 and *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1147 (10th Cir. 2007)).

For these reasons, Roca Labs' insistence on compelling the identity of the specific 30(b)(6) witnesses Defendants will produce weeks in advance of the scheduled deposition is not supported by law and, under the circumstances, would be unduly burdensome and unreasonable. Given that this is the sole issue that is actually in contention, the Court should deny Plaintiff's Motion to Compel.

**3.0 Even Without the Agreement of the Parties as to Nearly All Issues in the Motion to Compel, the Motion Should Have Been Denied on the Merits**

Even if the parties had not reached an agreement resolving nearly all issues raised in Plaintiff's Motion to Compel (once there was an actual meet and confer), the motion should have been denied on its merits. Defendants respectfully submit that it is appropriate to make a record of that fact in this submission, especially considering that, again, the motion was made in frank disregard of L.R. 3.01(g)'s meet and confer mandate.

As indicated in the Deposition Notices of Defendants' witnesses pursuant to Fed. R. Civ. P. 30(b)(6), attached as Exhibit 2, the relief sought by Roca Labs' motion was at best poorly defined and at worst patently irrelevant – a failure by the party seeking discovery to meet its affirmative obligation to demonstrate the relevance of proposed corporate representative testimony. *See, Zorn v. Principal Life Ins. Co.*, 2010 U.S. Dist. LEXIS 84721, *4, 2010 WL 3282982 (S.D. Ga. Aug. 18, 2010). As a general rule, the matters designated under rule 30(b)(6) must be tied to claims at issue in the case and structured to address questions related to those claims. *See Doe v. Yorkville Plaza Assocs., C.A.* No. 92 Civ. 8250, 1996 U.S. Dist. LEXIS 8683, at **19-20 (S.D.N.Y. June 21, 1996) (noting that designated matters not limited in time or scope to facts relevant to the case at

4

issue were overly broad, irrelevant, and improper). Roca Labs' 30(b)(6) deposition notices do not meet this standard.

To briefly refresh the Court's recollection, Roca Labs claims in this lawsuit that because third parties have posted reviews of Roca Labs' product, company, and customer service on the <pissedconsumer.com> website, Opinion Corp. and Consumer Opinion Corp. are somehow liable for defamation, violations of FDUTPA, and tortious interference. Yet the Interrogatories, Requests for Production, outline of proposed deposition topics, and non-party subpoenas previously served concern matters that are not reasonably calculated to lead to discovery of issues related to those claims. Instead, they are directed at how Opinion Corp. operates its website, who Opinion Corp.'s customers are, and how Opinion Corp. promotes its website. None of these factors are at all relevant to the case at hand -- particularly with regard to defendant Consumer Opinion Corp., which merely owns the PISSED CONSUMER trademark and licenses it to Opinion Corp.

Under Fed. R. Civ. P. 30(b)(6), a party must "describe with reasonable particularity the matters for examination." Courts regularly enforce the "reasonable particularity" requirement and hold that a generic notice of deposition is insufficient. *QBE Ins. Corp. v. Jorda Enters.*, 277 F.R.D. 676, 688 (S.D. Fla. 2012). Furthermore, *see, e.g., Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1058 (7th Cir. 2000); *Alexander v. Federal Bureau of Investigation*, 188 F.R.D. 111, 114 (D. D.C. 1998) (rejecting notice to depose on "any matters relevant to this case" as not meeting the "reasonable particularity" requirement); *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 638 (D. Minn. 2000) (holding that "the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute"). Roca Labs has manifestly failed to do this, and

as a result, its proposed topics of deposition here are too broad to allow Defendants' counsel to properly prepare a corporate representative or, indeed, to select corporate representatives to appear at deposition.

For this reason alone, Plaintiff's Motion to Compel should be denied in its entirety. Nevertheless, the Court can rest assured that 30(b)(6) representatives, prepared to the extent possible to testify, will be present at the depositions. If the questions asked of them require consultation with additional representatives, the baton will change hands so that any relevant inquiries can be met with complete disclosure, unless the parties stipulate that the questioning is, in fact, overly broad and not calculated to lead to the discovery of relevant, admissible evidence or this Court is asked to make that determination.

Respectfully Submitted,

*Marc J. Randazza*

_____
Marc J. Randazza, Esq.
Florida Bar No. 625566
RANDAZZA LEGAL GROUP
3625 S. Town Center Drive
Las Vegas, Nevada 89135
Tele:  702-420-2001
Fax: 305-437-7662
Email: ecf@randazza.com

Ronald D. Coleman, Esq.,
*Pro Hac Vice*
GOETZ FITZPATRICK LLP
One Penn Plaza, Suite 3100
New York, New York 10119
Tele: 212-695-8100
Fax: 212-629-4013
Email: rcoleman@goetzfitz.com

CASE NO.: 8:14-cv-02096-VMC-EAJ

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on 26 May 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a true and correct copy of the foregoing document is being served upon counsel for Plaintiff, via transmission of Notices of Electronic Filing generated by CM/ECF.

                                                An employee / agent of
                                                RANDAZZA LEGAL GROUP

RANDAZZA | LEGAL GROUP