**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**ROCA LABS, INC.,**

    **Plaintiff,**

vs.                                                                    **Case No.: 8:14-CV-2096-T-33EAJ**

**CONSUMER OPINION CORP., et al.,**

    **Defendants.**
_____/

## ORDER

Before the Court is Plaintiff Roca Labs, Inc.'s ("Plaintiff's") **Plaintiff Roca Labs' Motion to Compel Defendants Consumer Opinion Corp. and Opinion Corp. d/b/a Pissedconsumer.com to Designate FRCP 30(b)(6) Corporate Representatives for Depositions and to Compel Depositions to Occur at Date, Time, and Location Certain** (Dkt. 129) and Defendant Consumer Opinion Corp., et al.'s ("Defendants'") **Opposition to Motion to Compel** (Dkt. 132).

### Background

Plaintiff states that, on May 8, 2015, Plaintiff served subpoenas duces tecum on and noticed depositions for June 8 and 9, 2015, for each Defendant, pursuant to Rule 30(b)(6), Fed. R. Civ. P. The depositions were noticed to take place in New York, New York, where Defendants' corporate offices are located. Plaintiff also emailed the documents to Counsel for Defendants, stating that if the dates were not available for Defendants, the dates could be rescheduled. Plaintiff asserts that, as of the time the motion was filed and after multiple attempts to confer, Defendants had not yet confirmed the dates or identified the Rule 30(b)(6) corporate representatives. Plaintiff also

attempted to coordinate the deposition dates for other witnesses[1] without success.

Plaintiff seeks the following relief: (1) an order compelling each Defendant to designate a corporate representative pursuant to Rule 30(b)(6) and setting the depositions of those corporate representatives for 9:00 a.m. on June 8 and 9, 2015, in Tampa, Florida; (2) an order compelling Michael Podolsky to be deposed on June 6, 2015, at 9:00 a.m., and Alex Syrov to be deposed on June 7, 2015. at 9:00 a.m.; and (3) an award of sanctions against Defendants in the amount of Plaintiff's attorneys' fees and costs incurred in filing the instant motion.

Defendants state that Counsel for both parties conferred by telephone on May 26, 2015, (after the motion to compel was filed) and resolved the issues regarding the dates and times requested for depositions. Specifically, the parties have agreed on deposition dates, times, and locations for Michael Podolsky, Alex Syrov, Dr. Thomas Parisi, Dr. Ed Nagelhout, and Jennifer Schaive, as well as Defendants' corporate representatives. Defendants state that the only issue remaining is whether Defendants are required to identify the designated corporate representative witnesses prior to the agreed deposition dates of June 8 and 9, 2015.

## Discussion

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Rule 30(b)(6), Fed. R. Civ. P., provides that a party may name in its subpoena "a public or private corporation[] . . . or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who

---

[1] Plaintiff identifies the other witnesses as: Jennifer Schaive, Michael Podolsky, Alex Syrov, Joanna Simpson, Dr. Parisi, Ed Nagelhut, and Ms. Riordan-Keller. (Dkt. 129 at 4)

consent to testify on its behalf[.]" Fed. R. Civ. P. 30(b)(6). If the organization fails to make a designation as required by Rule 30(b)(6), a party may move for an order compelling designation. Fed. R. Civ. P. 37(a)(3)(B)(ii).

As Defendants state that the parties have agreed on deposition dates, times, and locations, the motion to compel as to Plaintiff's request to schedule the depositions of Michael Podolsky, Alex Syrov and Defendants' corporate representatives is denied as moot.

Regarding Plaintiff's assertion that Defendants are required to identify the designated corporate representative witnesses prior to the agreed deposition dates of June 8 and 9, 2015, it is true that a corporation may not refuse to designate a witness for a properly noticed deposition pursuant to Rule 30(b)(6). Strauss v. Rent-A-Center, Inc., No. 6:04-cv-1133-Orl-22KRS, 2007 WL 2010780, at *3 (M.D. Fla. July 6, 2007). However, "[t]he testimony of a Rule 30(b)(6) witness represents the collective knowledge of the corporation, not of the specific individual deponents." QBE Ins. Corp. v. Jorda Enters., Inc., 277 F.R.D. 676, 688 (S.D. Fla. 2012). A witness testifying as a corporate representative is not required to have personal knowledge of the designated subject matter, rather, the organization named in the subpoena has a duty to make a good faith effort to prepare the designated representative to testify fully about the noticed subjects. Id. at 688-89. Therefore, the identity of Defendants' corporate representatives is not relevant and Defendants are not required to identify their Rule 30(b)(6) witnesses prior to deposition. Instead, Defendants satisfy their responsibility to designate corporate representatives by producing them at the deposition. Therefore, the motion to compel is denied as to Plaintiff's request to compel Defendants to identify their corporate representative designees prior to the agreed deposition dates.

Defendants also assert that no conference pursuant to Local Rule 3.01(g), M.D. Fla.,

occurred, as the only communication about the matters at issue took place via email. Defendants further object to the noticed deposition topics as overbroad, in violation of the requirement that the deposing party must "describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). However, Defendants state that the parties conferred pursuant to Local Rule 3.01(g) after the filing of the motion. Further, Defendants state that all issues were resolved other than whether Defendants are required to identify the designated corporate representative witnesses prior to the agreed deposition dates and affirm that Defendants' corporate representatives will be prepared and present at the agreed depositions. Additionally, Plaintiff states that Defendants did not provide any objections to the noticed deposition topics or document requests. Therefore, the Court declines to rule on the issue of the breadth of the noticed deposition topics.

Accordingly and upon consideration, it is **ORDERED and ADJUDGED** that:

(1) Plaintiff Roca Labs' Motion to Compel Defendants Consumer Opinion Corp. and Opinion Corp. d/b/a Pissedconsumer.com to Designate FRCP 30(b)(6) Corporate Representatives for Depositions and to Compel Depositions to Occur at Date, Time, and Location Certain (Dkt. 129) is:

   (a) **DENIED as moot** regarding Plaintiff's request to schedule the depositions of Michael Podolsky, Alex Syrov and Defendants' corporate representatives;

   (b) **DENIED** as to Plaintiff's request to compel Defendants to identify their corporate representative designees prior to the agreed deposition dates.

   (c) Plaintiff's request for an award of Plaintiff's attorneys' fees and costs related to the motion is **DENIED**.

**DONE and ORDERED** in Tampa, Florida on this 29th day of May, 2015.

/s/ Elizabeth A. Jenkins
_____
ELIZABETH A JENKINS
United States Magistrate Judge