UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROCA LABS, INC.,

    Plaintiff,                                          Case No: 8:14-cv-2096-T-33EAJ

vs.

CONSUMER OPINION CORP. and
OPINION CORP. d/b/a
PISSEDCONSUMER.COM,

    Defendants.

_____/

**PLAINTIFFS' MOTION TO DETERMINE REASONABLE DEPOSITION FEE**

Plaintiff, Roca Labs, Inc., by and through its undersigned counsel and pursuant to F.R.C.P. 26(b)(4)(c), hereby moves this Court to issue an Order determining reasonable fees for the deposition of Thomas Parisi, M.D., who has been designated by the Defendants as their expert witness. In support thereof, Plaintiff states:

1. The current complaint states causes of action against both Defendants for defamation, violations of the Florida Unfair and Deceptive Practices Act, tortious interference with a business relationship, tortious interference with prospective economic relationship, defamation, and declaratory relief, arising from statements posted on Defendants' website www.pissedconsumer.com.

2. Defendants named Thomas Parisi, M.D., a vein clinic doctor, as one of their purported expert witnesses.

3. In an effort to comply with discovery deadlines set by Order of this Court, the undersigned began communicating on May 6, 2015, to coordinate the scheduling of the deposition of Dr. Parisi with counsel for Defendants Marc Randazza. See Emails between counsel attached hereto as **Exhibit A**.

4. The end result, was that the parties agreed that Dr. Parisi's deposition would occur on Friday, June 12, 2015 at 1:30 p.m. The deposition will take place in Las Vegas, Nevada, where Dr. Parisi's practice is located and at time when his offices are normally closed for his convenience in an effort to be least disruptive to his practice. *See* subpoena to Dr. Parisi, attached hereto as **Exhibit B**.

5. The aforementioned declaration of Dr. Parisi was filed as an exhibit to Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction on September 18, 2014. [Doc. No.13-1]; *see also* Declaration of Thomas Parisi, M.D. attached hereto as **Exhibit C**.

6. On May 10, 2015, Defendants provided their Rule 26 Initial Disclosures to Plaintiffs for the first time. The Rule 26 Initial Disclosure stated only that "Dr. Parisi is an expert in this case, and his declaration was previously filed as an exhibit in support of a filing by Opinion Corp. and Consumer Opinion Corp." Defendants' Rule 26 Initial Disclosures attached hereto as **Exhibit D**.

7. On May 18, 2015, Mr. Randazza informed the undersigned that Dr. Parisi fees for deposition testimony are $3,000.00 for the first four hours of the deposition and an additional $3,000.00 if the deposition took even one minute longer than four hours and that the initial $3,000.00 was to be paid in advance of the deposition. *See* Email from Marc Randazza attached hereto as **Exhibit E**.

8. On May 19, 2015, Defendants provided their fee agreement with Dr. Parisi and invoice for Dr. Parisi's charges to Defendants for two hours to review documents to prepare his report. See Email from Marc Randazza, Fee Agreement and invoice attached as **Exhibits F, G, and H**, respectively.

9. Paragraph 2 of the Fee Agreement provides that Dr. Parisi provides as follows:

> SCOPE OF SERVICES. The RETAINING ATTORNEY hires EXPERT to provide expert opinions, deposition testimony, and trial testimony in litigation concerning trademark issues and branding in the adult entertainment market. Work for RETAINING ATTORNEY in any other matters or beyond this scope must be separately agreed to in writing and a separate retainer will be required (*see* Exhibit C).

10. Thus, according to his contract Dr. Parisi is qualified as an expert in the field of adult entertainment, trademark or branding issues.

11. Dr. Parisi is the named expert in the Fee Agreement and both he and Mr. Randazza signed the Fee Agreement.

12. Mr. Randazza's practice focuses in large part on the adult entertainment industry.[1]

13. Upon information and belief, the contract was prepared by Mr. Randazza and reflects his work done for the adult entertainment industry in other cases.

14. Upon information and belief, Dr. Parisi and Marc Randazza are related. This is a significant conflict and should have been disclosed if confirmed as true.

15. Section 4 of the Fee Agreement states the requirement that a $3,000 deposit be paid to Dr. Parisi for a four hour deposition.

16. When the undersigned questioned Mr. Randazza as to the high amount of Dr. Parisi's fees, Mr. Randazza replied, "You are free to call him and to negotiate a different rate with him than he has charged me. If you can convince him to take less, then go right ahead. In fact, I encourage you to do so. If you get him to charge less, I'll call him and demand the same discount." See email from Marc Randazza, attached hereto as **Exhibit I**.

17. The median annual salary for a vein doctor in Las Vegas, Nevada is $357,365.00.[2] This equates to $171.81 per hour (357,365/2,080 = 171.81). Dr. Parisi is charging Plaintiff $750 per hour, which is nearly a 440% markup over the average rate. Based on the charged rate his annual income would exceed $1.5 million.

18. Dr. Parisi charged Defendants $300 an hour with no minimum charge.

19. Dr. Parisi is seeking to profit from Plaintiff by charging an unjustifiably high rate that is 2.5X what he charged Defendants and 4.4X the average salary rate for a person in his profession. His justification for this rate is that Defense Counsel authorized the rate.

20. Per Mr. Randazza's suggestion, the undersigned contacted Dr. Parisi to discuss his exorbitant expert rate. The undersigned counsel explained that his fee was not reasonable and I questioned his fee and block billing policy. Dr. Parisi informed the undersigned that Marc Randazza had advised him what to charge and that he could in fact charge $3,000 for four hours. The undersigned informed Dr. Parisi of our intent to challenge his high rate in this Court and he became agitated and hung up the phone.[3]

21. From the conversation, it was clear to the undersigned that Dr. Parisi had been advised on his fee rate by Defense Counsel and he was charging excessive fees so as to capitalize on Plaintiff's need to take the deposition.

22. At no time was any relationship between the parties disclosed.

23. On May 27, 2015, Defendants provided Dr. Parisi's Circulum Vitae (CV). *See* Email from Marc Randazza and Dr. Parisi's CV attached hereto as **Exhibit J.**

24. Neither Dr. Parisi's report nor his CV list all of the publications he has authored in the previous 10 years or all other cases in which, during the previous four years, he testified as an expert at trial or by deposition.

25. The undersigned requested this information from counsel for Defendants and was informed that Dr. Parisi has neither authored any publications nor has he ever testified as an expert at trial or deposition. See email from Marc.

26. Dr. Parisi's report and CV reveal that his history as a physician is primarily in internal medicine, wound care, and that he currently owns and operates a vein clinic in Las Vegas, Nevada.

27. Dr. Parisi lists no qualifications as an expert in adult entertainment, trademark or branding issues. His retained services are not relevant in this case.

28. Neither Dr. Parisi's report nor his CV demonstrate any experience in the treatment of obesity or its resultant conditions, bariatric medicine, diet and nutrition, or endrocrinology.

29. Nevertheless, Dr. Parisi's report offers opinions regarding the ingredients of Roca Labs' weight loss product, their chemical components, alleged possible side effects, and whether or not the product is effective.

30. Additionally, despite claiming no background, training, or experience in medical or marketing ethics, Dr. Parisi opines at least three times in his report that Roca's claims are "unethical," "irresponsible" or even "immoral."

31. Because Dr. Parisi has been listed as an expert witness by Defendants', and both the Defendants and Dr. Parisi have failed to what issues in this case he is qualified to provide expert testimony, his deposition is crucial to the preparation of the Plaintiff's case, and Plaintiff will be prejudiced if they are unable to take his deposition in order to determine whether or not he is qualified to provide opinion testimony at trial.

32. Plaintiff asserts that given the ambiguity as to in what field Dr. Parisi is qualified as an expert and to what issues in the case he can be expected to testify, not to mention his lack of prior expert testimony and recognition in his field, the fee Dr. Parisi is attempting to charge for a deposition is unreasonable, grossly excessive, and inappropriate.

WHEREFORE, Defendants respectfully move this Court to issue an Order determining a reasonable fee for the deposition testimony of Dr. Thomas Parisi.

## ARGUMENT AND MEMORANDUM OF LAW

Federal Rule of Civil Procedure 26(b)(4)(C) provides for payment of a "reasonable fee" for the time an expert spends responding to discovery, such as attending a deposition. "The determination of a reasonable fee in this context 'is within the discretion of the district court.'" *Coley v. Wal-Mart Stores East, LP*, No. 3:06-cv-619-J-20HTS, 2008 WL 879294, at *1 (M.D. Fla. Mar. 28, 2008) (quoting *Putnal v. Guardian Life Ins. Co. of America*, No. 5:04-CV-130-4, 2005 WL 3532381, at *2 (M.D. Ga. Dec. 22, 2005)).

Courts consider a number of factors when determining a reasonable fee, including,

> "(1) the witness' area of expertise; (2) the education and training that is required to provide the expert insight ... sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the fee actually being charged to the party who retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26."

*Id*. (quoting Putnal, 2005 WL 3532381, at *2) (internal quotation marks omitted)).

Analyzing the various factors, the requested fee is excessive and unconscionable. Plaintiff is not aware of any expertise or specialized experience which should set Dr. Parisi apart and permit him to charge such exorbitant fees.

### *Dr. Parisi's Area of Expertise (if any)*

As stated above, Defendant's Rule 26 Initial Disclosures, Dr. Parisi's report, and his CV all fail to provide any insight into the area of his expertise, and particularly do not reveal that he has any specialized knowledge in the areas of significance to this case. As the Court is well aware, the instant action stems from defamatory statements allegedly made on Defendants' website by purchasers of Plaintiff's weight loss products. While Dr. Parisi may be a well-respected vascular surgeon and wound specialist in Las Vegas, the fields of vascular health and wound care are not germane to any issue in this case. Moreover, no evidence has been provided that Dr. Parisi has any expertise in weight loss, obesity, nutrition, defamation, or internet technology. Accordingly, he cannot justify charging such an exorbitant fee for his deposition testimony.

Additionally, as stated above, Dr. Parisi was retained to "provide expert opinions, deposition testimony, and trial testimony in litigation concerning **trademark issues and branding in the adult entertainment market.**" If those are in fact his areas of expertise, as an

alleged expert in these fields, he certainly cannot charge the same rate of a medical doctor. Rather he should be charging the rate of an adult entertainment industry consultant, with minimal or no expertise.

### *The Education and Training That Is Required to Provide the Expert Insight Sought*

There is no doubt that Dr. Parisi is a well-trained physician. Nevertheless, once again, his report and CV are silent as to any education or training he has related to weight loss, obesity, nutrition, defamation, internet technology, or any other field beyond general medical training. Dr. Parisi's fees are unreasonable in light of his lack of education and training in areas relevant to this case.

### *The Prevailing Rates of Other Comparably Respected Available Experts*

As stated above, Dr. Parisi has never testified as an expert witness. Plaintiff submits that his fees are grossly excessive in light of this fact.

### *The Nature, Quality and Complexity of the Discovery Responses Provided*

Dr. Parisi's report consists primarily of his resume, one to two sentence regurgitations of what his research allegedly revealed about the ingredients of Roca's products, and his opinions as to the ethics and morality of Plaintiff's business. He lists eight items on which his opinions are based: Plaintiff's website, online videos posted by Plaintiff, three medical journal articles, a government "fact sheet," the *Handbook of Water-Soluble Gums and Resins*, and certain complaints about Plaintiff found on Defendants' website.

According to the invoice for Dr. Parisi's services provided by defense counsel, he spent only two hours researching ***and*** drafting his report. *See* **Exhibit H**. Moreover, there are

numerous videos posted by Plaintiff on the same YouTube channel as those viewed by Dr. Parisi, that he failed to review, including several videos of satisfied Roca Labs customers.[4]

Clearly, Dr. Parisi did not spend the amount of time and effort into forming his opinions and drafting his report on same that is required of a serious and high quality complex expert report. Therefore, his minimum $750.00 per hour fee is excessive and grossly unreasonable.

### *The Fee Actually Being Charged to the Party Who Retained the Expert*

Admittedly, per his fee agreement with defense counsel, it appears that Dr. Parisi would charge the same unreasonably high fee to the Defendants for deposition testimony. However, it appears that the contract was written by Mr. Randazza to give the appearance that the Defendants would be charged the same rate. In truth he was paying a relative an exorbitant rate to try to take advantage of Plaintiff.

### *Other Factors*

Dr. Parisi's rate of $3,000.00 for the first four hours of the deposition and an additional $3,000.00 should the deposition go over four hours by even one minute equates to an hour rate in the range of $750.00 to $1,493.78 per hour. This is excessive given his lack of any experience whatsoever as an expert witness and the fact that a comparable vein doctor in his geographic area earns approximately $172.00 per[5] hour.

The *Putnal* court noted that while an expert is entitled to charge whatever fees he or she desires in private matters, in a public matter, an expert is limited to charging fees that are perceived by the community and members of his or her profession as being reasonable and that an experts "personal estimate of what is a reasonable fee for his time shall not be the necessary measure of what constitutes an objectively reasonable fee. As aptly expressed by our sister court,

'the mandate of Rule 26(b)(4)(c) is not that an adverse expert will be paid his heart's desire, but that he will be paid 'a reasonable fee.'" *Putnal* quoting *Anthony v. Abbott Lab.*, 106 F.R.D. 461, 465 (D.R.I 1985).F.R.D. at 225. Id. at 225-226.

**Demand for Payment Prior to Deposition**

Dr. Parisi is also insisting that he be paid ***prior*** to testifying or, according to defense counsel, he will "walk out of the deposition." *See* **Exhibit E.** While few courts have addressed the question of whether or not an expert's fees must be paid in advance of a deposition, those that have find it does not. *See, Bartram, LLC v. Landmark American Ins. Co.*, 1:10-cv-00028, (N.D. Fla., February 16, 2011) ("Plaintiff is not required to pay Defendants' expert witnesses in advance of their depositions. Plaintiff, of course, is required to reimburse Defendants' expert witnesses a reasonable fee for their time spent during their depositions and time spent preparing for their depositions."); *Harris v. Costco Wholesale Corp.*, 226 F.R.D. 675, 676 (S.D. Cal. 2005) (internal citations omitted)("The rule does not state, however, that the expert's fees must be paid in advance of the deposition absent agreement to do so. To the contrary, 'unlike ordinary witness fees, no rule requires that an opposing expert's deposition fees be tendered to the witness in advance...'"). Accordingly, Dr. Parisi's demand that he be paid prior to his deposition is not supported under the rules.

## CONCLUSION

Plaintiff is willing to pay Dr. Parisi a reasonable fee for his time and respectfully submits that a fee of $175.00 per hour is reasonable given the nature of his anticipated deposition testimony and the taking of the depositions in a means and manner most convenient to the

doctor. For the reasons set forth herein, Plaintiff respectfully requests that the Court grant the instant motion and set Dr. Parisi's fee at a rate of $175.00 per hour.

### CERTIFICATE OF GOOD FAITH COMPLIANCE WITH LOCAL RULE 3.01(g)

In accordance with Local Rule 3.01(g), counsel for Plaintiff has conferred with counsel for Defendants regarding the substance of the instant Motion and counsel for Defendants has not stated whether or not they object to this motion; however, as stated above, defense counsel previously informed counsel for Plaintiff that he was hopeful that Plaintiff would be able to successfully negotiate a lower fee with Dr. Parisi as the lower rate would also apply to the Defendants.

DATED: June 5, 2015

Respectfully Submitted,

/s/ Paul Berger
Paul Berger
Counsel for Plaintiff
FL Bar No. 4413
Roca Labs, Inc.
P.O. Box 7898
Delray Beach, FL 33482-7898
Tel. 305-998-6150
Legal5@rocalabs.com

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 5, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a true and correct copy of the foregoing

document is being served upon: Marc Randazza, Esq. and Ronald Coleman, Esq., counsel for Defendants, via transmission of Notices of Electronic Filing generated by CM/ECF.

---

[1] http://en.wikipedia.org/wiki/Marc_Randazza

[2] *See* http://swz.salary.com/SalaryWizard/Surgeon-Vascular-Salary-Details-las-vegas-nv.aspx, last visited June 3, 2015

[3] The undersigned has been accused of witness tampering and threatening Dr. Parisi with criminal charges. At no time was Dr. Parisi ever threatened with any criminal charges. Dr. Parisi was informed that his expert rate would be challenged in this Court.

[4]   1. https://www.youtube.com/watch?v=XdfFwf8mBDY uploaded 10/16/13
    2. https://www.youtube.com/watch?v=QLQI5E1CHfE uploaded 12/19/13
    3. https://www.youtube.com/watch?v=1r0nLf26mMM uploaded 06/27/13
    4. https://www.youtube.com/watch?v=bQPL1GkhXOs, uploaded 07/10/12
    5. https://www.youtube.com/watch?v=Ld-lYjzVg68 uploaded 04/16/2011
    6. https://www.youtube.com/watch?v=mUIOJ4XGqco uploaded 09/06/13

[5] Calculated by dividing median annual salary of vascular surgeon in Las Vegas by 52 40-hour work weeks.