UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROCA LABS, INC.,

    Plaintiff,

vs.

CONSUMER OPINION CORP. and
OPINION CORP. d/b/a
PISSEDCONSUMER.COM,

    Defendants.

_____/

Case No: 8:14-cv-2096-T-33EAJ

**PLAINTIFF ROCA LABS' RESPONSE TO DEFENDANTS' MOTION FOR CASE-TERMINATING SANCTIONS OR, IN THE ALTERNATIVE, LESSER SANCTIONS OR AN ORDER TO SHOW CAUSE AS TO WHY SANCTIONS SHOULD NOT BE IMPOSED**

**REQUEST FOR ORAL ARGUMENT**

Plaintiff, Roca Labs, Inc. ("Plaintiff"), by the undersigned counsel files this Response to Defendants' Motion for Case-Terminating Sanctions or, in the Alternative, Lesser Sanctions or an Order to Show Cause as to Why Sanctions Should Not be Imposed. Defendants' Motion is baseless, is not supported by fact or law, and is another spurious attempt by Defendants to have this case dismissed and to impugn the integrity of the undersigned counsel and should be denied. The grounds supporting the Denial for the Motion are as follows:

1. The current complaint states causes of action against both defendants for defamation, violations of the Florida Unfair and Deceptive Practices Act, tortious interference with a business relationship, tortious interference with prospective economic relationship,

1

defamation, and declaratory relief, arising from statements posted on Defendants' website www.pissedconsumer.com.

2. Defendants have made an extremely serious accusation against the undersigned, specifically that I threatened one of their listed expert witnesses, Thomas Parisi, M.D., with "criminal sanctions" because Plaintiff believes the fees he is asking for his deposition in this case are excessive. The only evidence offered in support Defendants' allegations are self serving declarations from defense counsel Marc Randazza and from Dr. Parisi.

3. Upon information and belief Mr. Randazza and Dr. Parisi are related by blood or marriage.

4. Mr. Randazza admits he was not on the call between Dr. Parisi and the undersigned. [Doc. No. 131-3, ¶ 8]. Therefore, he was not a witness to any statements made by the undersigned to Dr. Parisi.

5. Dr. Parisi's declaration is 15 paragraphs long, nine of which are an attempt to justify his fees. Only paragraph 10 describes the alleged statements made by the undersigned to Dr. Parisi and that paragraph contains no direct quotes purportedly made by me.

6. This is not the first time Mr. Randazza has accused attorneys for Roca Labs of witness tampering without sufficient evidence.[1]

7. Defendants state in their Motion that "Dr. Parisi is hesitant to testify on Defendants' behalf, specifically due to Mr. Berger's threats. (Parisi Decl. ¶ XX)." [Doc. No. 131]. Dr.

---

[1] See Doc. No. 15, Motion for Temporary Injunction wherein Defendants accused Plaintiff of witness tampering by filing a complaint against one if its former customers and Doc. No. 17, the Order from this Court denying the Motion based on lack of evidence of witness tampering.

2

Parisi's declaration does not include a paragraph XX and the word hesitant is not anywhere in the document.

8. While Dr. Parisi's declaration does not contain a paragraph "XX," he does state in paragraph 4 that he finds testifying in person generally "to be unpleasant and undesirable, and while I am willing to do it for the right pay, I can think of no other activity that would be as unpleasant as being deposed." [Doc. No. 131-4, ¶ 4]. In other words, Dr. Parisi admits that his testimony can be purchased, despite his intense lack of desire to ever give "in person testimony."

9. Dr. Parisi further affirms in his Declaration that "After I explained my billing rates to him, Mr. Berger accused me of engaging in illegal, criminal conduct, and stated that I would need to retain legal counsel to defend myself from criminal prosecution." [Doc. No. 131-4, ¶ 10].

10. The undersigned represents to this Court under penalty of perjury and as an Officer of the Court that the above allegations never occurred. At no time did the undersigned threaten Dr. Parisi with criminal prosecution or attempt to influence his testimony in any manner.

11. The undersigned explained to Dr. Parisi that Roca Labs was going to challenge his inflated and exorbitant billing rates in this Court. This challenge has been filed in Plaintiff's Amended Motion to Determine Reasonable Deposition Fee. [Doc. No. 146].

12. Plaintiff will not go into a lengthy restatement of the facts alleged in Plaintiff's Amended Motion to Determine Reasonable Deposition Fee [Doc. No. 146], but as alleged, Dr. Parisi's Declaration is ripe with factual inaccuracies, omissions and misstatements.

13. It is critical to remind this Court that Plaintiff believes that Dr. Parisi will sign any document presented to him by Mr. Randazza. He signed an "expert agreement" to give opinions in the adult entertainment industry, and electronically signed this declaration that is ripe with factual inaccuracies. *See* Plaintiff's Amended Motion to Determine Reasonable Deposition Fee. [Doc. No. 146].

14. At no time was Dr. Parisi threatened with any criminal prosecution or charges. Dr. Parisi was simply contacted to discuss his rates.

15. Defendants' conveniently neglect to mention the fact that the contact between the undersigned and Dr. Parisis was sanctioned and encouraged by Mr. Randazza (*See* May 19, 2015 email from Marc Randazza attached as **Exhibit 1**).

16. Mr. Randazza repeatedly denied to the undersigned that he had anything to do with Dr. Parisi's fees and that the undersigned should negotiate them directly with Dr. Parisi (*See* **Exhibit 1**). This statement is opposite to Dr. Parisi's and Mr. Randazza's assertions in their declarations. [Doc. No. 131-3, ¶ 2 and 131-4, ¶ 5].

17. No threats of any kind against Dr. Parisi were made by the undersigned and the fact pattern above, and as described in Plaintiff's Amended Motion to Set a Reasonable Deposition Fee [Doc. No. 146], indicates more an attempt to mislead this Court by Defendants, their counsel, and Dr. Parisi than it indicates any wrongdoing on the part of Plaintiff and/or its counsel.

18. There has been a pattern of escalating unprofessional behavior by Randazza and the false Declaration by Dr. Parisi along with the false charge of witness tampering is merely one

of the numerous unprofessional acts committed by Randazza that are now spiraling out of control.

19. To date, there have been four separate Florida Bar Ethics Complaints filed against Mr. Randazza for actions against Roca Labs (three complaints were filed by members of the Florida Bar and one individual complaint was filed by Don Juravin). The most recent complaint filed with the Florida Bar was made by the undersigned counsel and is attached as **Exhibit 2.**

20. A brief history of Mr. Randazza's antagonistic and unprofessional behavior toward the undersigned counsel and Roca is as follows:

   a. **September 19, 2014** Mr. Randazza sent the undersigned an email that consisted only of the Latin phrase *murum aries attigit*. This cryptic email was a threat against myself by Mr. Randazza[2]. It was Mr. Randazza's announcement that he was going to war with me and that he would show me no mercy. It was also a command that I surrender immediately.
   b. **September 28, 2014** Mr. Randazza issued a Tweet comparing me to disgraced lawyers Joe Rakofsky and Charles Carreon.
   c. **January 24, 2015**, Mr. Randazza posts a Tweet calling myself and every other attorney providing legal services to Roca Labs "idiots".
   d. **April 23, 2015** Mr. Randazza files a false Florida Bar complaint against the undersigned. As alleged in the undersigned's response to the Bar, Mr. Randazza created facts out of whole cloth.
   e. **May 6, 2015** mandatory mediation took place in this matter. After the conclusion of mediation outside the building Mr. Randazza became enraged at Don Juravin and myself. Mr. Randazza screamed, threatened and berated the undersigned and my client without provocation or rebuke. He screamed at both of us and threatened violence against both Mr. Juravin and myself. He threatened to beat me up and send Mr. Juravin to the Gaza Strip. Mr. Juravin is a Jewish American

---

[2] *Murum Aries Attigit* was a warfare policy attributed to Mark Antony advocating "no mercy" toward Pompey and the Optimates. The policy was said to act as a deterrent against resistance to those about to be besieged. It was an incentive for anyone who was not absolutely sure that they could withstand the assault to surrender immediately, rather than face the possibility of total destruction.

and his family lives in Israel. This was an anti-semitic remark and is hate speech. After screaming and berating Mr. Juarvin and myself for several minutes he proceeded to his vehicle to drive away.

Rather than driving away, he stopped his vehicle, got out of the car and began to scream at Mr. Juravin and myself and made more threats of violence against us. He stated that he would ruin Mr. Juravin and sue him for millions of dollars. He then drove off in his car. The mediator, Mr. Michael Kahn, Esq., a Member of the Florida Bar (482 N. Harbor City Blvd., Melborne, FL 32935 Tel. 321-242-2564) witnessed the entire event.

**May 8. 2015** Mr. Randazza posted a hebrew message on his website stating Roca Labs is very hurt. By writing the message in hebrew it was a direct attack on Mr. Juravin and is hate speech.

**June 3, 2015** During a conference call Mr. Randazza repeatedly berates the undersigned, calling me an idiot, stupid and a "girl". After the call the undersigned notified that it will no longer have calls with Mr. Randazza that are not recorded.

21. It appears that Mr. Randazza knows no ethical boundaries and will stop at nothing to win his litigation "war". This includes trying to destroy the reputation of the undersigned counsel.

## Legal Argument

**The Plaintiff Did Not Intimidate A Witness**

22. The allegations made by Dr. Parisi are baseless. At no time did the undersigned threaten criminal prosecution against Dr. Parisi.

23. Dr. Parisi was correctly advised that the Plaintiff intended to challenge the exorbitant fees that he and Mr. Randazza fixed to charge Roca and in fact the Plaintiff has challenged the fees. [Doc. No. 146].

6

24. Mr. Randazza was also made aware of the Plaintiff's intention to contest Dr. Parisi's fees. On May 22, 2015 an email was sent to Mr. Randazza that stated "I am preparing a motion to challenge his fee rate in Court on Tuesday. We will pay him the rate that he is entitled to based upon his qualifications. He is not shutting down his practice and this is additional income for him. The average salary for a vein surgeon in Las Vegas is $350,000, which equates to approx. $175 per hour. This is a more than fair rate for his work." (*See* **Exhibit 3** email from Paul Berger to Marc Randazza).

25. As the Court ruled on September 23, 2014, "threats of litigation cannot be the basis for witness tampering. *G-I Holdings, Inc. v. Baron & Budd,* 179 F. Supp. 2d 233, 266 (S.D.N.Y. 2001) (citing *Philadelphia Reserve Supply Co. v. Nowalk & Assocs, Inc.*, No. 91-0499, 1992 WL 210590 (E.D. Pa. Aug. 25, 1992)). The court in G-I Holdings further noted that "[o]ther courts have also rejected claims that threats of future litigation, or the initiation of actual litigation, constitutes witness tampering." 179 F. Supp. 2d at 266." [Doc. No. 17]

26. In this instance, there was not even a threat of litigation, but rather the statement that outrageous expert fees would be challenged in this Court.

27. If there is any witness tampering, it was done by Mr. Randazza when he conspired with Dr. Parisi to establish outrageous fees and then filed the fraudulent Declaration of Dr. Parisi.

28. 18 U.S.C. § 1512 "was written broadly to encompass non-coercive efforts to tamper with a witness." *United States v. Amato*, 86 F. App'x 447, 450 (2d Cir. 2004). The behavior by

7

Mr. Randazza to shield his witness from deposition by charging Roca an exorbitant fee may be viewed as witness tampering.

29. Having the "expert witness" who the Plaintiff believes is related to Mr. Randazza, sign a declaration stating that he dictated an Expert Agreement to provide expert opinions in the adult entertainment field is clearly false and an attempt at fraud on this Court. It appears that in their haste to overcharge the Plaintiff neither Mr. Randazza nor Dr. Parisi read the contract that was entered.  *See* **Exhibit 4** Expert Agreement.

30. Plaintiff believes the fact that Dr. Parisi signed the Expert Agreement is evidence that Dr. Parisi will electronically sign any document that is placed in front of him, including a false Declaration.

**The Declaration of Dr. Parisi should be Stricken for Fraud**

31. Dr. Parisi represents in his declaration that "Mr. Randazza provided me with a template that integrated the terms I dictated to Mr. Randazza, but it contained a number of blanks for me to fill in as well. Mr. Randazza did not dictate the terms to me, but vice versa." [Doc no. 131-4 ¶ 6].

32. If this statement is accurate, it would mean that Dr. Parisi dictated the term "SCOPE OF SERVICES. The RETAINING ATTORNEY hires EXPERT to provide expert opinions, deposition testimony, and trial testimony in litigation concerning trademark issues and branding in the **adult entertainment market.**" *See* **Exhibit 4** Expert Agreement.

33. It defies imagination that Dr. Parisi, a vein doctor, would dictate the terms of a contract that calls for his expertise in trademarks and branding in the adult entertainment field.

8

34. Dr. Parisi also affirmed to the Court "I charge a minimum of $3,000 for a half day. This is because I must take my practice offline for that much time, if I am going to report to a court or a court reporter's office. In addition, it requires me to shut down my clinic for a large portion of a given day, as I am the only doctor working at my clinic." [Doc no. 131-4 ¶ 4].

35. As described in Plaintiff's Amended Motion to Set a Reasonable Deposition Fee [Doc. No. 146], Dr. Parisi's Office closes every Friday at noon. His deposition was scheduled for 1:30 p.m. on a Friday specifically so that Dr. Parisi did not need to close his office and thus his representation to the Court about his rate was a material misrepresentation.

36. It is well within the Court's authority to strike Dr. Parisi's declaration as it is rife with fraud. As the declaration should be stricken for fraud, the Motion that relies upon the declaration should be denied.

**The Declaration of Dr. Parisi is Not Admissible**

37. The Declaration provided by Dr. Parisi is electronically signed and not notarized and thus should not be considered in the Court's analysis of Defendants' Motion. *See*, *Carruthers v. Keiser Sch. Inc*, Case No. 8:09-cv-2 641, FN 3, (M.D. Fla., December 3, 2010).

38. The electronic signature of Dr. Parisi is below.

[DocuSigned by: Thomas Parisi, M.D., 899662D37F59426]

39. This signature does not at all resemble Dr. Parisi's signature on the Expert Agreement (shown below).

9



40. As the declaration is electronically signed it is not admissible and the motion must be denied.

**Failure to Comply with Local Rule 3.01**

41. Defense Counsel asserts that he was relieved of all requirements to Comply with local Rule 3.01(g) because the relief that was requested is a dismissal of Plaintiff's action. This assertion is in error. This is clearly a motion for sanctions that requires compliance with Rule 3.01(g). Perhaps if Defense Counsel complied with this Rule and discussed the issues with the undersigned, this baseless motion would not have been filed and fraudulent testimony would not have been put forth before this Court.

42. Mr. Randazza further asserts that "[N]evertheless, counsel for Defendants conferred via email with Paul Berger regarding the relief requested in this Motion. Mr. Berger's response made it clear that there was no possible way to resolve this dispute without filing a motion."

43. This is a false representation made by Mr. Randazza to the Court. At no time did Mr. Randazza send me an email stating that he was asking that the case be terminated because of improper witness tampering. Mr. Randazza should be required by this Court to

produce the email that he represents exists. No exhibit was attached by Mr. Randazza to support his statement as no email exists.

44. It should also be noted that an email exchange does not satisfy the requirements of Rule 3.01(g).

45. For the foregoing reasons Defendants' Motion should be denied for failure to comply with local Rule 3.01(g).

**Dismissal is Not Warranted**

46. As this Court has previously stated, "dismissal with prejudice is considered a drastic sanction." *United States ex rel King v. Dse, Inc.*, Case No. 08-cv-02416 (M.D. Fla, January 17, 2013).

47. A court should utilize this sanction "as a last resort only when: (1) a party's failure to comply with a court order is a result of willfulness or bad faith; and (2) less drastic sanctions would not ensure compliance with the court's orders." *Id.*, citing *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993).

48. The undersigned steadfastly maintains he did not threaten or coerce Dr. Parisi in any way, shape, or form; however, should this Court find that his conversation with Dr. Parisi was inappropriate in some manner, a dismissal of Roca's claims with prejudice would cause irreparable harm to the Plaintiff solely due the actions of its attorney, and through no fault of Roca.

49. Contrast this with the *Dse, Inc.* case cited by Defendants wherein this Court found "overwhelming" evidence that the Plaintiff himself engaged in egregious deceptive acts

against the Defendants and personally, and severely, hampered the forward progress of the case. *Id.*

### Dr. Parisi will not be qualified as an expert in this matter

50. Despite the representations by Defense Counsel, there is no reason to "intimidate" Dr. Parisi as he will not be qualified as an expert witness.

51. In Federal Court, expert opinions must meet the admissibility guidelines announced by the Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786 (1993), and Federal Rule of Evidence 702. Rule 702 states:

    > If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

52. There is no testimony that Dr. Parisi could provide to understand or determine a fact at issue. This is not a medical malpractice case or even a products liability case.

53. Even if there were testimony, Dr. Parisi would not be qualified as an expert. He admittedly is a vein doctor who has never testified as an expert. By his own declaration he dictated a contract stating that he was retained to provide expert opinions in the adult entertainment field. He has no expertise in any relevant areas, never tested any Roca product, and spent a mere two hours in total on this matter. Under even the most liberal standard he would not be qualified as an expert.

54. District courts have a duty under Rule 702 to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert*, 509 U.S. at 589. The

Plaintiff does not believe it is possible for any scientific testimony of Dr. Parisi to be deemed reliable. Per his own admission "I find in person testimony to be unpleasant and undesirable, and while I am willing to do it for the right pay, I can think of no other activity that would be as unpleasant as being deposed."[Doc. 131-4, ¶ 4]. An expert whom is only willing to testify at the right price cannot be deemed reliable.

55.  In addition, as Dr. Parisi and Mr. Randazza are related, his testimony is highly suspect and cannot be deemed reliable.

56. As Dr. Parisi will not be qualified as an expert witness in this matter, there is no need to intimidate him as a witness as he will never be a witness in this matter.

**Conclusion**

For all of the reasons stated above, Defendants Motion should be DENIED, Plaintiff should be awarded legal fees and costs for defending this baseless Motion, and we respectfully request that the Court award all other relief it deems appropriate.

DATED: June 8, 2015

Respectfully Submitted,

/s/ Paul Berger
Paul Berger
Counsel for Plaintiff
FL Bar No. 4413
Roca Labs, Inc.
P.O. Box 7898
Delray Beach, FL 33482-7898
Tel. 305-998-6150
Legal5@rocalabs.com

## REQUEST FOR ORAL ARGUMENT

In accordance with Rule 3.01(j), the Plaintiff requests Oral Argument on Defendants' Motion before the Court. The Plaintiff requests 60 minutes for the hearing. The Plaintiff further requests that the witness Dr. Parisi be compelled to appear in person at this hearing. The Plaintiff requests that the mediator, Mr. Michael Kahn, Esq. be compelled to appear at this hearing.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 8, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a true and correct copy of the foregoing document is being served upon: Marc Randazza, Esq. and Ronald Coleman, Esq., counsel for Defendants, via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Paul Berger
Paul Berger
Counsel for Plaintiff
FL Bar No. 4413
Roca Labs, Inc.
P.O. Box 7898
Delray Beach, FL 33482-7898
Tel. 305-998-6150
Legal5@rocalabs.com