Exhibit 3



**Roca Labs™ USA**
Pharmaceuticals

**Paul Berger Esq. <legal5@rocalabs.com>**

---

# Re: Call from Dr. Parisi
1 message

**Paul Berger Esq. <legal5@rocalabs.com>**        Fri, May 22, 2015 at 9:59 PM
To: Marc Randazza <mjr@randazza.com>
Bcc: April Goodwin <legal2@rocalabs.com>, "Cynthia Koroll, MS,RN,JD" <legal6@rocalabs.com>

Actually Marc, I believe that you owe me an explanation. Dr. Parisi explained to me that you were the person that advised him on what he should bill Roca Labs. Apparently it was you who told him to charge us the inflated price of $3,000. I told him that we would be challenging his intentionally inflated price in court (not that it was illegal, but that it would not be upheld).

You have made numerous false statements to me about Dr. Parisi. In a previous email you stated "Again, I don't know how many times I can repeat this, but the fees are **his** -- not mine." While the fees may be his, you clearly coached him on his rates.

In addition you wrote "He clearly bills a different rate for preparation of reports than for in person testimony. When we call him at trial, he's going to be charging us the same thing -- $3,000 per half day. I'm not pleased about it either. But, his justification was that he could do reports at home, at night, when he does not have to shut down his clinic to be present. On the other hand, depositions and trial testimony requires his presence, and thus shutting down his practice.

So, he is not charging **you** a different rate than he charges **us**. He is charging a different rate for testimony vs. report writing." This was apparently a fabrication as you informed him what to bill Roca. We will clearly question him on your representation about his pricing. He informed me that YOU told him what to bill Roca and to bill Roca a different amount. He has never been a witness so how does he have a different rate for testimony as opposed research? Moreover he is not shutting down his practice as he closes his office every Friday at noon.

In the same email you also wrote "You are free to call him and to negotiate a different rate with him than he has charged me. If you can convince him to take less, then go right ahead. In fact, I encourage you to do so. If you get him to charge less, I'll call him and demand the same discount." This was a knowingly false statement as you worked with him to establish his fees.

Please immediately send me all copies of all communications between you, your firm, Defendants or anyone representing Defendants and Dr. Parisi.

I am preparing a motion to challenge his fee rate in Court on Tuesday. We will pay him the rate that he is entitled to based upon his qualifications. He is not shutting down his practice and this is additional income for him. The average salary for a vein surgeon in Las Vegas is $350,000, which equates to approx. $175 per hour. This is a more than fair rate for his work.

Paul


On Fri, May 22, 2015 at 7:52 PM, Marc Randazza <mjr@randazza.com> wrote:
> Paul,
>
> I got a call from Dr. Parisi, in a quite agitated state. He reported that you informed him that what he was doing as far as pricing on his testimony was "illegal" and that he needs separate counsel.
>
> Can you explain your position, and whether this is true?
>
> He's agitated to a point that I gather he is considering withdrawing from participating in the case.

Naturally, I find any efforts to try and coerce him to drop out of the case to be questionable from an ethical standpoint.  In light of your prior efforts to intimidate fact witnesses, I find this to be of greater concern.

Can you explain what your purpose was in calling him?  I was under the impression that you were going to try and negotiate a lower testimony fee from him.  And, to be honest, I was hoping that you would succeed -- since I was not looking forward to paying him $3,000 per half day when he testifies for us at trial.  Strangely enough, I found our interests to be aligned, and hoped you would be successful.

But, I did not anticipate that your efforts would be geared toward pushing him off the case altogether.

If that happens, I think that it would be proper for us to seek the right to seek an expert that you did *not* have such an influence upon - and despite it being past the deadline to name new experts, this would be a valid reason to be relieved from that date - and we would then designate a new medical expert (since you may have frightened our existing expert away from involvement in the case).

Please provide me with:

1. Your version of the story of your call with him
2. Your position regarding us designating a new expert, if Parisi is no longer willing to testify

_____

**Marc John Randazza, JD, MAMC, LLM** | **Randazza Legal Group**
3625 South Town Center Drive | Las Vegas, NV 89135
Tel: 702-420-2001 | Email: mjr@randazza.com
Firm Offices - Las Vegas | Philadelphia | San Francisco | Miami

_____

\* Licensed to practice law in Arizona, California, Florida, Massachusetts, and Nevada.

--
Paul Berger, Esq.
Independent General Counsel
Roca Labs, Inc.
Direct 305-998-6150

**ATTENTION!**

NOTICE: This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, is confidential or a matter subject to a confidentiality agreement, and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution or copying of this communication is strictly prohibited. Please reply to the sender that you have received the message in error, then delete it. This e-mail message is intended only for the personal use of the recipient(s) named above. If you are not an intended recipient, you may not review, copy or distribute this message. Thank you.

Circular 230 disclosure: to ensure compliance with requirements imposed by the IRS, we inform you that, unless we have specifically stated otherwise in writing, any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any matters addressed herein.