# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

ROCA LABS, INC.,                                     Case No:  8:14-cv-02096-VMC-EAJ

Plaintiff,

v.

CONSUMER OPINION CORP. and

OPINION CORP.,

Defendants.

_____/

## PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS DUCES TECUM AND AD TESTIFICANDUM, AND REQUEST FOR ORDER TO SHOW CAUSE WHY MICHAEL PODOLSKY, ALEX SYROV AND CORPORATE RULE 30 (B)(6) WITNESSES SHOULD NOT BE HELD IN CONTEMPT AND FOR SANCTIONS AND MOTION FOR EXTENSION OF DISCOVERY TIME

Pursuant to Federal Rules of Civil Procedure 30, 37 and 45 and Middle District Court of Florida 3.01 and 3.04, Plaintiff Roca Labs, Inc. (hereafter "Roca") moves to compel compliance with Subpoena *Duces Tecum* and *Ad Testificandum* due to Defendants' failure to attend the depositions despite subpoenas issued for June 6, 2015 through June 9, 2015 for a New York location. Plaintiff seeks this Court to issue an Order requiring witnesses to show cause for their failure to attend. Roca seeks an order imposing sanctions and granting Roca various relief as detailed below. Furthermore, Roca moves the Court to compel the depositions of Michael Podolsky, Alex Syrov and Rule 30(b)(6) Corporate Representatives (collectively, the "Witnesses") and compliance with respective subpoenas *duces tecum* for same.

The subpoenas direct Witnesses to produce a defined set of documents that are highly relevant to the prosecution of the underlying action, and for Witnesses to appear at

depositions to provide testimony on the same subjects (*See* **Exhibit 1** composite of subpoenas). As set forth more fully below, the Witnesses have no good cause for the refusal to comply with the subpoenas. Despite the arduous task of scheduling the depositions, and the assurances of attendance by Defendants to this Court, Defendants refused to appear for examination. Moreover, no motion to quash or for a protective order was filed on any Witnesses' behalf.

Plaintiff respectfully requests issuance of an Order, directing: (1) Podolsky, Syrov and each of the two Rule 30(B)(6) witnesses to show cause why they failed to attend the depositions, (2) immediate production of responsive documents for depositions produced to Plaintiff, (3) presentation of all four witnesses for deposition on four consecutive days in the Middle District of Florida within the next thirty days with costs to the Defense; (4) award sanctions in the form of attorneys' fees and costs incurred by Plaintiff in connection with their attendance at the New York depositions and this motion; (5) order a limited extension of the June 15, 2015 discovery deadline to complete Witnesses' depositions, and (6) any further relief as the Court deems appropriate.

## FACTS/PROCEDURAL HISTORY

1. The deadline for fact discovery in this case is June 15, 2015.

2. To date, only one deposition has been taken in this case, namely Jennifer Schaive, a non-party witness, in Illinois on June 4, 2015. Six witnesses were subpoenaed by the Plaintiff for depositions to occur between June 6 through 13, 2015.

3. The instant motion is based on Defendants' failure to appear at four properly noticed depositions that are central to the case, including those of their Rule 30(b)(6)

witnesses, in contradiction to defense counsels' "reassurance" to the Court that the Rule 30 (b)(6) witnesses would appear for deposition and that all issues related to the depositions had been resolved. [Doc. No. 132]

4. On May 20, 2015, after exhausting all efforts to obtain depositions of the Defendants' Rule 30 (b)(6) witnesses and the depositions of owners/operators of www.pissedconsumers.com Michael Podlosky[1] and Alex Syrov, Plaintiff filed a Motion to Compel pursuant to the Federal Rules of Civil Procedure 37 and Local Rules 3.01 and 3.04(a), Rules of the Middle District of Florida, seeking an order to compel Defendants, to immediately designate their respective corporate representatives and to present said representative(s) for deposition at a date, time and location certain in the Middle District of Florida prior to the Court ordered deadline of June 15, 2015. [Doc. No. 129]

5. Defendants filed a Response to the Motion stating: "In particular, as set forth in the Declaration of Alex J. Shepard ["Shepard Decl."], attached as Exhibit 1, counsel agreed that the depositions of Michael Podolsky and Alex Syrov, principals of Defendants, would take place on June 6 and 7, 2015, in New York and that depositions for Defendants' corporate representative witnesses under Fed. R. Civ. P. 30(b)(6) would take place on June 8 and 9, 2015 in New York. [Doc. No. 132-1] [2]

---

[1] Plaintiff also sought the deposition of Joanna Simpson. Ms. Simpson was a co-defendant of Podlosky and Syrov in *Ascentive, LLC v. Opinion Corp.* et al, 842 F.Supp.2d 450 (E.D.N.Y., 2011) *Devere Grp.GmbH v. Opinion Corp.* et al, 877 F. Supp.2d 67 (E.D.N.Y.) Joanna Simpson was represented by Attorney Ron Coleman in these actions. After many exchanges with Counsel Coleman and Randazza about scheduling Ms. Simpson for deposition, Defendant finally admitted that Opinion Corp Media Relations Manager Joanna Simpson is a **fictional character** and all of her actions are imputed to be the actions of Michael Podloski.

[2] In reliance on the Defendants representations to the Court regarding the agreements Counsel Berger booked a non-refundable flight at the cost of $311.20 and paid for a non-refundable hotel cost of $872.67. Roca Counsel Cynthia Koroll booked a non-refundable flight of $355.20 and a hotel at the cost of $746.71.

6.   On May 29, 2015, this Court's order rendered "moot" any Motion to Compel the depositions: "Defendants state that Counsel for both parties conferred by telephone on May 26, 2015, (after the motion to compel was filed) and resolved the issues regarding the dates and times requested for depositions. **Specifically, the parties have agreed on deposition dates, times, and locations for Michael Podolsky, Alex Syrov**, Dr. Thomas Parisi, Dr. Ed Nagelhout, and Jennifer Schaive, **as well as Defendants' corporate representatives.** Defendants state that **the only issue remaining** is whether Defendants are required to identify the designated corporate representative witnesses prior to the agreed deposition dates of June 8 and 9, 2015." [Doc. No. 141, emphasis added].

7.   Plaintiff also sought an order to compel the identity of the corporate representatives. The Court denied the request stating: "...the identity of Defendants' corporate representatives is not relevant and Defendants are not required to identify their Rule 30(b)(6) witnesses prior to deposition. Instead, Defendants satisfy their responsibility to designate corporate representatives **by producing them at the deposition**." [Doc. No. 141, emphasis added.]

8.   Defendants advised the Court of an agreement on all issues and urged the Court to be "rest assured" that the designated corporate representatives witnesses would be present, ready to testify and "Counsel for all parties have already resolved the issues presented in the [Plaintiff's] Motion to Compel." [Doc. No. 132]

9.   Contrary to the representations made to the Court, Defendants failed to satisfy their responsibility to designate corporate representatives as they failed to produce them at the scheduled depositions.

10. Plaintiff's original deposition notice Subpoena *Duces Tecum* or each corporate Defendant and all amended notices provided notice of "Video Recording." (See Exhibit 1).

11. To date, Defendants have not filed a motion for protective order or objection to video recording.

12. During the June 4, 2015 deposition of Jennifer Schaive and less than forty-one (41) hours before scheduled deposition of Michael Podolsky on June 6, 2015, defense counsel, Ron Coleman, Esq. unilaterally attempted to cancel the June 6-9, 2015 depositions, by sending an email stating Defendants refused to produce any witnesses for the scheduled depositions, including the Rule 30(b)(6) witnesses. (See Exhibit 2, June 4, 2015 email from Mr. Coleman)

13. Defendants asserted pretextual reasons for the unilateral cancellation attempt and short notice of same, namely:

      a.      Video recording- Despite the fact that Defendants were on notice that the depositions would be video recorded since at least May 8, 2015 and had failed to file any objection to the subpoenas, Defendants emailed their first objection to video recording of the depositions on June 1, 2015. However, the issue was readily resolved when Defendants suggested they hold the video recording in escrow and Plaintiff agreed. Despite the agreement, Defendants maintained that the video recording was sufficient reason to unilaterally cancel the depositions.

5

b.  Roca's representatives attendance at deposition. Defendants refused to present witnesses and to attend the deposition due to Roca's intent to have additional counsel and representatives view or listen to the deposition remotely by phone or by Skype.

c.  "Redeposition" issues- Defendants had issued a last minute declaration that they would not present their witnesses "twice." Presumably after multiple efforts to dodge the issue of the identify of the Rule 30(b)(6) witnesses Defendants elected to identify Michael Podolsky and Alex Syrov. Noting that these deponents were scheduled on June 6 and 7 respectively in their individual capacity Defendants asserted a demand that they not be "redeposed." A phone conference was held pursuant to Rule 3.01(g). Plaintiff presented their intent to use a different line of questioning on the different dates based on the multiple roles and responsibilities of the witnesses and the issue was resolved.

14. Upon receipt of the unilateral cancellation, after exhausting all efforts to obtain a conference pursuant to Rule 3.01(g) Plaintiff filed a Second Motion to Compel Appearance at Depositions. [Doc. No. 143]

15. The Court issued an endorsed order deferring ruling and directing Defendants to file an expedited response by June 12, 2015. [Doc. No. 144]

16. At no time did Defendants seek a clarification of the Court order or seek a Protective Order. No order was entered quashing any subpoena or staying the discovery.

17. Plaintiff attended the properly subpoenaed depositions in New York.

18. On June 6, 2015, counsel for Roca appeared for the deposition of Michael Podolsky at the address and time on the notice. The witness and Defendants failed to appear, as did counsel for Defendants. A certificate of non-appearance was recorded. (See Exhibit 3). Plaintiff incurred costs and fees for the court reporter and videographer.

19. On June 7, 2015, counsel for Roca appeared for the deposition of Alex Syrov at the address and time on the notice. The witness and Defendants failed to appear, as did counsel for Defendants. A certificate of non-appearance was recorded. (See Exhibit 4). Plaintiff incurred costs and fees for the court reporter and videographer.

20. On June 8, 2015, counsel for Roca appeared for the deposition of Consumer Opinion Corp Rule 30(b)(6) witness at the address and time on the notice. The witness and Defendants failed to appear, as did counsel for Defendants. A certificate of non-appearance was recorded. (See Exhibit 5). Plaintiff incurred costs and fees for the court reporter and videographer.

21. On June 9, 2015, counsel for Roca appeared for the deposition of Opinion Corp Rule 30(b)(6) witness at the address and time on the notice. The witness and Defendants failed to appear, as did counsel for Defendants. A certificate of non-appearance was recorded. (See Exhibit 6). Plaintiff incurred costs and fees for the court reporter and videographer.

22. Despite the facts above, the Defendant Consumer Opinion Corp.'s had the audacity to file yesterday (June 8, 2015) a Motion for Summary Judgment and assert to

this Court that discovery was "essentially complete" [Doc. No. 148, ¶ 5][3] Clearly, Plaintiff disagrees with Defendant's unsupported position about the status of discovery.

## MEMORANDUM OF LAW

Pursuant to Local Rule 3.01(a), Rules of the Middle District of Florida, Plaintiff submits this Memorandum of Law in support of the Motion.

**LEGAL STANDARD**

**Defendants Were Obligated to Comply with the Subpoenas.**

"The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." FRCP 45 (g).

It is an undisputed fact that the subpoenas were received without objections by Defendants and that Defendants affirmatively represented to the Court that there was an agreement to attend ("the parties have agreed on deposition dates, times, and locations for Michael Podolsky, Alex Syrov . . . as well as Defendants' corporate representatives") [Doc. No. 132]. Defendants represented to the Court that all issues regarding attendance at the depositions as presented in the Plaintiff's First Motion to Compel were resolved. [Doc.No.129]. As the Court noted in her ruling: "Defendants state that **the only issue remaining** is whether Defendants are required to identify the designated corporate representative witnesses prior to the agreed deposition dates of June 8 and 9, 2015."

---

[3] Furthermore, Consumer's Motion for Summary Judgment attempts to rely on the "unrebutted testimony" of Defendants' Expert Dr. Thomas Parisi. [Doc. No 148, Pg. 23, FN  8], who has in fact not yet testified. He has been served with a subpoena to testify on June 12, 2015.

[Doc. No. 141 emphasis added]. The Court clearly relied upon Defendants' statements by issuing the Order denying Plaintiff's Motion to Compel as moot.

**Defendants Did Not File a Motion for a Protective Order and Has No Good Cause for Failure to Comply with the Subpoenas.**

Defendants improperly cancelled the depositions in violation of the Federal Rules of Civil Procedure. The Rules of Civil Procedure are clear that Defendants' unilateral cancellation of four witnesses who were under subpoena of this Court to testify is insufficient. If the Defendants or their counsel believed that the depositions should not go forward, the only option was to file a motion for a protective order and obtain stays of the depositions pending resolution of the motion. *See Makaeff v. Trump Univ., LLC (In re Subpoena Duces Tecum to Martin)*, Case No. 6:13-mc-102 (M.D. Fla. October 29, 2013).

Had Defendants followed the Rule, the Court could have readily cured any remaining objections and directed the depositions to proceed. Instead, Defendants elected to unilaterally cancelled four depositions set pursuant to subpoena and by agreement of the parties without the authority of the Court. The subpoenas required attendance and Defendants failed to attend, instead manufacturing a technical dispute as a pretext to cancel. They had no good faith basis for the failure to attend and as such should be held in contempt of court and sanctioned. This action is especially grievous in light of the pending discovery deadline and their "reassurance" to the Court that the depositions would proceed. [Doc. No. 132]

Defendants did not file a motion for a protective order in the instant case and did not obtain a stay of the deposition. Therefore, no good cause has been shown to excuse

the witnesses failure to appear at the deposition. *See Makaeff v. Trump Univ., LLC (In re Subpoena Duces Tecum to Martin)*, Case No. 6:13-mc-102 (M.D. Fla. October 29, 2013)

As Defendants were obligated to comply with the subpoenas and failed to do so, it is proper for this Court to require each witness to show cause why they should not be held in contempt and to compel the depositions to proceed.

**Defendants were required to cooperate.**

Federal Rule of Civil Procedure 26(b)(1) provides "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense— including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." "The discovery process is designed to fully inform the parties of the relevant facts involved in their case." *U.S. v. Pepper's Steel & Alloys, Inc.*, 132 F.R.D. 695, 698 (S.D. Fla. 1990) (citing *Hickman v. Taylor,* 329 U.S. 495, 501 (1947)).

As Defendants were obligated to comply with the subpoenas and failed to do so, it is proper for this Court to require each witness to show cause why they should not be held in contempt and to compel the depositions to proceed.

**Defendants have failed to designate Rule 30(b)(6) witnesses.**

"[D]epositions, including 30(b)(6) depositions, are designed to discover facts, not contentions or legal theories, which, to the extent discoverable at all prior to trial, must be discovered by other means." *JPMorgan Chase Bank v. Liberty Mutual Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002). If the deponent fails to make a designation under Rule 30(b)(6), then the party seeking the discovery can move for an order compelling designation. FED. R. CIV. P. 37(a)(3)(B)(ii). The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant. *Zorn v. Principal Life Ins. Co., No. CV 609-081,*

*2010 WL 3282982, at \*2* (S.D. Ga. Aug. 18, 2010) (citing *Canada v. Hotel Development-Texas, Ltd.*, No. 3-07-cv-1443-D, 2008 WL 3171940, at \*1 (N.D. Tex. July 30, 2008)).

*United States of America v Halifax Hospital Medical Center,* Case 6:09-cv-01002-GAP

TBS Document 149 Filed 08/14/12 Page 5 of 9 Page ID 3718.

This Court previously ruled: "Defendants satisfy their responsibility to designate corporate representatives **by producing them at the deposition**." [Doc. No. 141, emphasis added.] Defendants have failed to present at deposition and their responsibility to do so remains unsatisfied. To cure this defect, as Defendants were obligated to comply with the subpoenas and failed to do so, it is proper for this Court to require each witness to show cause why they should not be held in contempt and to compel the depositions to proceed.

**A Motion to Compel is Appropriate and all Documents Required Under the Subpoena *Duces Tecem* Should be Produced Immediately**

Plaintiff was entitled to documents sought under the subpoena and deponents were required to appear with the documents. FRCP 45 (e)(1) (A)(B). Defendants did not object to any *duces tecum* request (and to date have not made any objections) and therefore all objections are waived and Defendants should be required to immediately produce all documents. In accordance with provisions of Rule 34(b), Federal Rules of Civil Procedure the Defendants' failure to assert any objections to the request for production within the time allowed for responding constitutes a waiver and preclude Defendants from asserting the objection in response to a motion to compel. All objections may also be deemed waived if the recipient fails to serve its' objections in a timely

11

fashion (see *United States ex rel. Schwartz v. TRW, Inc., 211 F.R.D. 388 (C.D. Cal. 2002)* and *Application of Sumar, 123 F.R.D. 467, 472 (S.D.N.Y. 1988))*.

Defendants' refusal to appear obviously deprived the Plaintiff of the opportunity to examine these documents. These documents are essential and are necessary for Plaintiff's upcoming depositions of Defendants' expert witnesses (Dr. Parisi and Dr. Nagelhout).  Despite the Defendants' representation to the Court that the record contains "undisputed testimony" of expert witness Dr. Parisi, the deposition of Dr. Parisi has yet to occur. [Doc. No. 148, pg. 23, FN 8]. A subpoena for the deposition of Dr. Parisi has been served and the parties have agreed to convene for Dr. Parisi's testimony on June 12, 2015 in Las Vegas. Dr. Nagelhout's subpoena for deposition testimony was served for June 13, 2015. Plaintiff should receive the documents that the deponents were required to produce immediately in an electronic format to examine before the expert depositions take place. Each document may relate to the depositions of the Rule 26(a)(2) experts for the defense and the Plaintiff may be harmed by an inability to examine the documents before the depositions.

Defendants have failed to provide a timely response to the four Subpoena *Duces Tecum* and should not be permitted any objection at this time. The Court should strike any objections and documents should be produced immediately before the next scheduled deposition.

**A Motion to Compel is Appropriate and Sanctions Should be Awarded.**

Federal Rule of Civil Procedure 37, "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R Civ.

P. 37(a)(3)(B)(iii). A motion to compel may be brought under Rule 37 to seek Rule 30(b)(6) deposition testimony. *See* Fed. R. Civ.  P. 37(a)(3)(B)(ii) & (a)(3)(C). The Court may also grant attorney's fees and expenses to the movant upon the granting of a motion to compel. *See* Fed. R. Civ. P. 37(a)(5)(A). This motion is timely under the Court's Case Management Order.

"If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery the court where the action is pending may issue further just orders. Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)—(vi)." 'Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." (See Discovery Practice Manual Middle District of Florida, Rev. 2014, pg. 3)

Rule 37, Federal Rules of Civil Procedure, provides that if a party must seek relief from the Court to compel a recalcitrant party to respond, the moving party may be awarded reasonable expenses including attorney's fees incurred in compelling the responses. Rule 37 is enforced in this district. Further, if a Court order is obtained compelling discovery, unexcused failure to comply with such an order is treated by the Court with special gravity and disfavor. (See Discovery Practice Manual Middle District of Florida, Rev. 2014, pg. 3)

Plaintiff had a properly issued notice for the deposition with no objections filed. Defendants' last statement to the Court prior to the deposition date was their pleading reassuring the Court that the depositions would proceed. [Doc. No.132]. The Defendant did not file Motion for Protective Order. Defendants unilaterally cancelled this deposition 41 hours before it was scheduled to proceed and without good cause for doing so. FRCP 37 (2)(d)(1)(A)(1) provides for sanctions and sanctions are appropriate. Plaintiff requests that the Court enforce the rules and order sanctions as appropriate.

**Defendants Offer No Good Cause Permitting Cancellation of the Depositions.**

The record reflects that the subpoenas for the depositions were correctly issued from this Court via Counsel Randazza who maintains an office in Florida. There were no objections to the subpoenas. The witnesses, via counsel, had ample notice of the deposition and, indeed, counsel agreed to the June 6-9 dates for the deposition. Absent a protective order or Motion to Quash, deponents had no good cause for their failure to appear.

On or about June 1, 2015, Defendants for the first time demanded terms for convening the deposition not previously discussed in any motion before the Court, namely: no videotaping of depositions. (See Exhibit 7, Email from Ron Coleman, June 1, 2015) On June 2 Defendants orally objected to counsel/representatives of the Plaintiff to attend via Skype/phone. Though there was no legal basis for the objections, Plaintiff agreed in good faith to allow Defense to hold the video in escrow per request. (See Exhibit 8, Email from Mr. Berger). The only remaining objection as of June 6, 2015 to this deposition proceeding was the issue of skype/phone attendance. It is evident that

14

Defendants did not make any good faith efforts to resolve this. Defendants ignore the guidance of this Court in their Discovery Practice Manual for the Middle District of Florida, Rev. 2014 in which the issue of who can attend a deposition is clearly defined. Plaintiff's courtesy email to Defense Counsel appropriately listed additional counsel and representatives of the Plaintiff as possible attendees by Skype or phone.

Absent any authority of this Court to quash any deposition, Mr. Coleman attempted to unilaterally cancel all four depositions by email while he and Counsel for Roca were engaged in a deposition on June 4, 2015. (See Exhibit 2 Email, Mr. Coleman, June 4, 2015) Mr. Coleman refused to have a discussion on the record as requested.

**The Actions of the Defendants via Counsel have Created a Need for Revision of the Schedule Set by the Court.**

The Court has the ability to control its' calendar. Through the actions of Defendants it is clear discovery cannot be completed by the June 15, 2015 cut-off date set by the Court. This necessitates an extension of the schedule through no fault of Plaintiff. Plaintiff seeks a limited extension for the production of these witnesses. Plaintiff has made no previous requests and this request is not made for any purposes of delay. Plaintiff has exerted all efforts to comply and obtain this deposition and it is through no fault of Plaintiff that this extension is required. The Plaintiff asks for an additional thirty days to schedule and perform the depositions in the State of Florida.

## PLEA FOR RELIEF

The vexatious conduct of Defense Counsel and the unilateral cancellation of the depositions unfortunately necessitate the adjustment of the entire discovery schedule and

trial calendar. Defendants should not be able to benefit from this difficulty and should be barred from any additional discovery other than their participation in the depositions, at their cost, at the convenience of Plaintiff's Counsel. Plaintiff seeks this Court to:

1.      Order Michael Podolsky, Alex Syrov and each of the two Rule 30(b)(6) witnesses to show cause why they failed to attend the depositions and why they should not be held in contempt of this Court.

2.      Order the immediate production of all documents responsive to each Subpoena *Duces Tecum* to be provided to Plaintiff and strike all of Defendants objections to any Schedule A or B attached to any subpoena.

3.      Compel the presentation of all four witnesses for deposition on four consecutive days in the Middle District of Florida within the next thirty days with all costs to Defendants.

4.      Award sanctions in the form of attorneys' fees and costs incurred by Plaintiff in connection with their attendance at the New York depositions and this motion. Assign sanctions against Attorney Randazza and Coleman in the sum of airfare, hotel, and for all attorneys' fees for the Plaintiff for the bringing of this motion and for fees incurred for attendance at the New York depositions and court reporter fees, transcripts costs and videographer fees as a sanction for representing to the Court the "reassurance" that depositions would occur and then presumably instructing their clients not to attend.

5.      Grant the limited request to extend the discovery schedule by 30 days to permit the depositions of these witnesses to proceed.

6.      Any further relief as the Court deems appropriate.

16

## CERTIFICATE OF GOOD FAITH
## COMPLIANCE WITH LOCAL RULE 3.01(g)

In accordance with Local Rule 3.01(g), counsel for Plaintiff had a telephone conference with Ron Coleman counsel for Defendants regarding the substance of the instant Motion and counsel for Defendants did not agree to the relief requested in the Motion.

Date June 9, 2015

Respectfully Submitted,

/s/ Paul Berger
Paul Berger
Counsel for Plaintiff
FL Bar No. 4413
Roca Labs, Inc.
P.O. Box 7898
Delray Beach, FL 33482-7898
Tel. 305-998-6150
Legal5@rocalabs.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on June 9, 2015, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF. I also certify that a true and correct

copy of the foregoing document is being served upon: Marc Randazza, Esq. and Ronald

Coleman, Esq., counsel for Defendants, via transmission of Notices of Electronic Filing

generated by CM/ECF.

/s/ Paul Berger
Paul Berger
Counsel for Plaintiff
FL Bar No. 4413
Roca Labs, Inc.
P.O. Box 7898
Delray Beach, FL 33482-7898
Tel. 305-998-6150
Legal5@rocalabs.com