Exhibit 1

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Florida

| | | |
|---|---|---|
| ROCA LABS, INC., | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.   8:14-cv-2096-T-33EAJ |
| CONSUMER OPINION CORP. and OPINION | ) | |
| CORP. d/b/a PISSEDCONSUMER.COM | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                         CONSUMER OPINION CORP.

_(Name of person to whom this subpoena is directed)_

☑ _Testimony:_ **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See attached Schedule A.

| Place:   Fink & Carney Inc.<br>        39 W. 37th Street, New York, NY 10018 | Date and Time:<br>        06/09/2015 9:00 am |
|---|---|

The deposition will be recorded by this method:   stenographic and videographic means

☑ _Production:_  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
              See attached Schedule B.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   05/29/2015

_CLERK OF COURT_

OR

_____          _____
      _Signature of Clerk or Deputy Clerk_            Paul Berger
                                                      _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   Roca Labs
, who issues or requests this subpoena, are:
Paul Berger, P.O. Box 7898, Delray Beach, FL 33482-7898, Legal5@rocalabs.com, 305-998-6150

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   8:14-cv-2096-T-33EAJ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Print     Save As...     Add Attachment     Reset

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

### TAMPA DIVISION

ROCA LABS, INC.,

     Plaintiff,                            Case No: 8:14-cv-2096-T-33EAJ

vs.

CONSUMER OPINION CORP. and

OPINION CORP. d/b/a

PISSEDCONSUMER.COM

     Defendants.

_____/

## AMENDED NOTICE OF TAKING VIDEO DEPOSITION OF CONSUMER OPINION CORP.'S WITNESS(ES) DESIGNATED TO TESTIFY ON PLAINTIFF'S BEHALF PURSUANT TO F.R.C.P. 30(b)(6) AND TO PRODUCE DOCUMENTS

TO:    CLERK OF THE COURT

        COUNSEL FOR DEFENDANTS

        Marc Randazza

        3625 S Town Center Dr

        Las Vegas, NV 89135

     TO ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE  NOTICE that pursuant to Federal Rules of Civil Procedure 30(b)(6) and  45, the deposition upon oral examination of an officer, director, managing agent, or other person designated by Defendant Consumer Opinion Corp. to testify on its behalf on the matters set forth in Schedule A attached hereto will be taken at Fink & Carney 39 W. 37 St., NY, NY 10018  on Tuesday, June 9th, 2015, at 9:00a.m. before a person authorized by the laws of the State of New York to administer oaths, and shall be recorded by stenographic and videographic means. The

deposition shall continue from day to day, until concluded. At the deposition, the witness shall produce all documents set forth in Schedule B attached hereto.

Dated: May 29, 2015

Respectfully submitted,

/s/ Paul Berger

FL Bar No. 4413

Roca Labs, Inc.

P.O. Box 7898

Delray Beach, FL 33482-7898

Tel. 305-998-6150

Legal5@rocalabs.com

COUNSEL FOR PLAINTIFF

.

**SCHEDULE A**
**TOPICS OF DEPOSITION**

Please see the attached Definitions and Instructions, which apply to the following Topics of Deposition:

**Topic 1**

The current ownership of Consumer Opinion Corp, including shareholder information and information on the operations of Consumer Opinion Corp., including but not limited to the operations of the business, revenue streams, assets and liabilities of the company.

**Topic 2**

The relationship between Consumer Opinion Corp. and Opinion Corp., including all licensing and marketing agreements, management agreements,

**Topic 3**

The Trademark Pissed Consumer (Reg. 3679454), and all licensing agreements, quality control agreements, and other agreements related to the trademark.

**Topic 4**

The ownership and operation of the website www.pissedconsumer.com, including but not limited to operation and maintenance of the website.

**Topic 5**

Search engine optimization techniques for the website www.pissedconsumer.com, including but not limited to methods to increase visibility into Google's search engine.

**Topic 6**

The creation, implementation and enforcement of the Terms and Conditions on the website www.pissedconsumer.com.

**Topic 7**

The creation, use and management of any and all Twitter accounts managed or operated by Consumer Opinion Corp. including but not limited to the handle @pissedconsumer or at the website  https://twitter.com/pissedconsumer.

**Topic 8**

The system for allowing users to input information and/or create posts/complaints on the website www.pissedconsumer.com, including the user interface, content management system, storage of users content and determination of what fields are mandatory and what fields are optional.

**Topic 9**

How Consumer Opinion Corp. calculates, stores and presents information on Roca Labs, including reviews, comments, reviews, ratings and star system.

**Topic 10**

Information obtained and maintained about Roca Labs, its products, employees, and agents.

**Topic 11**

All verification of the accuracy of the content in posts made on domain/site, pissedconsumer.com and all subdomains about Roca Labs, its products and employees.

**Topic 12**

Consumer Opinion Corp.'s reputation management services, including the nature and type of services provided, costs of any and all services provided, identities of current and past customers, and of individuals and entities to whom services have been offered, but who declined.

**Topic 13**

Consumer Opinion Corp.'s consumer advocate services offered to users, including the types of consumer advocacy, its effectiveness rates, number of complaints received, and number of complaints resolved.

**Topic 14**

All fundraising efforts promoted on www.pissedconsumer.com to Defendant help fight this lawsuit by Roca Labs, including statements about litigation posted on the website and donations received.

**Topic 15**

All efforts by you to find individuals in California who have purchased Roca Labs products or have been "threatened" by Roca Labs.

<u>**SCHEDULE B**</u>

<u>**DEFINITIONS**</u>

1. "Defendant", "you", or "your" refers to Consumer Opinion Corp., dba pissedconsumer.com, and each of its affiliates, attorneys, accountants, employees, agents, representatives, and all persons acting or purporting to act on its behalf.

2. "Person" means any natural person or individual, and any and *all* legal entities, including without limitation, corporations, companies, firms, partnerships, joint ventures, proprietorships, associations, governmental bodies or agencies, or other form of business enterprise.

3. The terms "and" and "or" are terms of inclusion and not of exclusion and are to be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any documents or responses which might be otherwise construed to be outside the scope of these requests.

4. The term "any" includes "all," and the term "all" includes "any."

5. The singular of any term includes the plural of that term, and the plural includes the singular.

6. "Document," "Documents," "Record," or "Records" means the original and copies, identical or non-identical, of any handwritten, typewritten, printed, recorded or graphic matter of any kind, in the possession and/or control of you or your officers, agents, employees, or known to you to exist, however produced or reproduced, including specifically, but not exclusively, letters or other correspondence, telegraphs, telexes, memoranda, reports, summaries, logs, handwritten notes, corporate resolutions, minutes of meetings, transcriptions of conversations, meetings or conferences or the like, tabulations, work papers, cost sheets, promissory notes, financial statements, sales records, contracts, agreements, orders, calendars, diaries, telephone call slips, or other telephone records, photographs, diagrams, schematic drawings, prints, slides, movies or any other pictorial representations, tape recordings, databases, computer inputs or outputs, e-mail messages, text messages, instant messaging, computer memory, computer disks, laser disks, CD-ROM disks, microfiche, microfilm, magnetic tapes, video tapes, recordings, motion pictures and photographs. When any database or other information on computer is requested, you should produce also any documents needed to test, analyze and operate the system. "Documents"shall also mean all copies or drafts of documents by whatever means made, including specifically, but not exclusively, those copies or drafts bearing commentary or notations not appearing on the original or final version.

7. "Relating to" and "relates to" mean, without limitation, relating to, concerning, constituting, mentioning, referring to, describing, summarizing, evidencing, listing, relevant to, demonstrating, tending to prove or disprove, or explain.

8. "Correspondence" means any letter, memorandum, or other writing, including electronically-stored e-mail transmissions sent or received.

9. "Communication" or "communications" includes, without limitation, in-person or telephone conversations, instant messaging, telegrams, telexes, tapes, social media postings/comments, or other sound recordings or means of transmitting information from one source to another.

10. "Roca Labs, Inc." or "Roca Labs" includes Roca Labs, Inc., Roca Labs Nutraceuticals USA, Inc., rocalabs.com, and its subsidiaries, affiliates, agents, employees, attorneys, contractors,  representatives, and any and all persons or entities acting on behalf of said entities.

11. "Defendant" includes Consumer Opinion Corp. and the subsidiaries, affiliates, agents, employees, attorneys, contractors,  representatives, and any and all persons or entities acting on behalf, or purporting to act on behalf, of said entities.

12. "Product" or "the Product" includes and all items and services obtained from Roca Labs, Inc.

13. "Social Media Site" includes, but is not limited to, Facebook, Twitter, Instagram, LinkedIn, Pinterest, Google+, and Tumblr websites, mobile sites, and applications.

## DOCUMENT PRODUCTION

1.    All documents relating to the corporate formation of Consumer Opinion Corp, and ownership of Consumer Opinion Corp.

2.    Any and all documents regarding relationship between Defendants Consumer Opinion Corp. and Opinion Corp d/b/a pissedconsumer.com.

3.    Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es), phone number(s), location and IP address(es) of Webmaster(s) for site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

4.    Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es), phone number(s), location and IP address(es) of any and all people or entities paid by Defendant, Consumer Opinion Corp. to authenticate and/or verify information, including but not limited to complaints and reviews posted on site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

5.    Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es), phone number(s), location and IP address(es) of any and all people or entities paid by Defendant, Consumer Opinion Corp. to  authenticate and/or  verify  identities  of  authors  posting  complaints,  reviews  on

site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.co

6.    Any and all documents related to webmaster, webmaster tools, webhost and webhosting used by Defendant, Consumer Opinion Corp..

7.    All documents related to Defendant, Consumer Opinion Corp.'s webhosting.

8.    Any and all documents depicting the manner in which users of the website pissedconsumer.com input infomation to generate a post.  Documents should include but not be limited to wireframes.

9.    Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es), phone number(s), location and IP address(es) of any and all people or entities responsible for creating, handling, managing and editting website presentation and/or schema, including but not limited to letter capitalization, title of post, headline and topic description of site/domain- pissedconsumer.com and all subdomains.

10.    Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es), phone number(s), location and IP address(es) of any and all people or entities responsible for creating, handling, managing and editing HTML structure of page templates, including but not limited to categories, tags, review, placement, navigation, breadcrumb navigation, sitemap, page hierarchy, defaults and homepage of site/domain- pissedconsumer.com and all subdomains.

11.    Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es), phone number(s), location and IP address(es) of any and all people or entities responsible for creating, handling, managing and editing HTML structure of page templates, including but not limited to categories, tags, review, placement, navigation, breadcrumb navigaion, sitemap, page hierarchy, defaults and homepage of site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

12.    Any and all documents relating to policies and procedures for creating, handling, managing and editing website presentation and/or schema, including but not limited to HTML structure of page templates, including but not limited to categories, tags, review, placement, navigation, breadcrumb navigation, sitemap, page hierarchy, defaults and homepage of site/domain- pissedconsumer.com and all subdomains.

13.     Any and all documents relating to policies and procedures for creating, handling, managing and editing website presentation and/or schema, including but not limited to HTML structure of page templates, including but not limited to categories, tags, review, placement, navigation, breadcrumb navigation, sitemap, page hierarchy, defaults and homepage of site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

14.     Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es), phone number(s), location and IP address(es) of any and all people or entities responsible for creating, handling, managing and editing site, domain and subdomain structure of site/domain- pissedconsumer.com and all subdomains.

15.     Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es), phone number(s), location and IP address(es) of any and all people or entities responsible for creating, handling, managing and editing site, domain and subdomain structure of site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

16.     Any and all documents relating to policies and procedures for creating, handling, managing and editing website presentation and/or schema, including but not limited to site, domain and subdomain structure of site/domain- pissedconsumer.com and all subdomains.

17.     Any and all documents relating to policies and procedures for creating, handling, managing and editing website presentation and/or schema, including but not limited to site, domain and subdomain structure of site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

18.     Any and all documents relating to policies and procedures for creating, handling, managing and editing website presentation and/or schema, including but not limited to letter capitalization, title of post, headline and topic description of site/domain- pissedconsumer.com and all subdomains.

19.     Any and all documents relating to policies and procedures for creating, handling, managing and editing website presentation and/or schema, including but not limited to letter capitalization, title of post, headline and topic description of site/domain-

pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

20.     Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es), phone number(s), location and IP address(es) of any and all people or entities responsible for naming, creating, handling, managing and editing the site/domain- pissedconsumer.com and all subdomains.

21.     Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es), phone number(s), location and IP address(es) of any and all people or entities responsible for naming, creating, handling, managing and editing the site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

22.     Any and all documents relating to policies and procedures for creating, handling, managing and editing the script for site/domain- pissedconsumer.com and all subdomains.

23.     Any and all documents relating to policies and procedures for creating, handling, managing and editing the script for site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

24.     Any and all documents relating to and including but not limited to agreements and contracts with advertisers on site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

25.     Any and all correspondence, including but not limited to e-mails, with outside parties relating to advertisers on site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

26.     Any and all financial documents relating to payments made by Defendant, Consumer Opinion Corp. for activities including but not limited to advertisement and promotion of site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

27.     Any and all financial documents relating to compensation of Defendant, Consumer Opinion Corp. for activities including but not limited to advertisement and

promotion on site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

28.     Any and all documents relating to visitor traffic on site/domain- pissedconsumer.com and all subdomains.

29.     Any and all documents relating to visitor traffic on site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

30.     Any and all financial documents relating to revenue generated by visitor traffic on pissedconsumer.com.

31.     Any and all documents relating to policies and procedures regarding Defendant, Consumer Opinion Corp.'s handling of postings, complaints and reviews containing false statements, including but not limited to fraudulent allegations.

32.     Any and all comments, reviews, posts relating to Roca Labs on Defendant, Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

33.     Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es), phone number(s), location and IP address(es) of any and all people or entities responsible for comments, reviews, posts relating to Roca Labs on Defendant, Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

34.     Any and all financial documents reflecting payments made for comments, reviews, posts relating to Roca Labs on Defendant, Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

35.     Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es), phone number(s), location and IP address(es) of any and all people or entities that received payment for comments, reviews, posts relating to Roca Labs on Defendant, Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

36.     Any and all documents relating to verification and/ or authentication of author(s) relating to Roca Labs on Defendant, Consumer Opinion Corp.'s site/domain-

pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

      37.    Any and all documents relating to verification and/ or authentication of content within comments, reviews, posts relating to Roca Labs on Defendant, Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

      38.    Any and all documents relating to Defendant's Terms of Service ("TOS"), including TOS in place at time each Roca Lab complaint made, if different from current TOS.

      39.    Any and all documents relating to communications about Roca Labs, Inc., including but not limited to e-mails, faxes, letters, instant messages, internet chats, texts, social media communications, and records of telephone calls between Defendant, Consumer Opinion Corp. and Roca Labs.

      40.    Any and all documents relating to communications about Roca Labs, Inc., including but not limited to e-mails, faxes, letters, instant messages, internet chats, texts, social media communications, and records of telephone calls between Defendant, Consumer Opinion Corp. and Defendant, Opinion Corp. d/b/a pissedconsumer.com.

      41.    Any and all documents relating to communications about Roca Labs, Inc., including but not limited to e-mails, faxes, letters, instant messages, internet chats, texts, social media communications, and records of telephone calls between Defendant, Consumer Opinion Corp. and Roca Labs.

      42.    Any and all documents relating to communications about Roca Labs, Inc., including but not limited to e-mails, faxes, letters, instant messages, internet chats, texts, social media communications, and records of telephone calls between Defendant, Opinion Corp. d/b/a pissedconsumer.com and Defendant, Consumer Opinion Corp. about Roca Labs.

      43.    Any and all documents relating to communications about Roca Labs, Inc., including but not limited to e-mails, faxes, letters, instant messages, internet chats, texts, social media communications, and records of telephone calls to/from Tracy Coenen and/or anyone from Sequence, Inc.

      44.    Any and all documents relating to communications about Roca Labs, Inc., including but not limited to e-mails, faxes, letters, instant messages, internet chats, texts,

social media communications, and records of telephone calls to/from anyone from Techdirt.com.

45.     Any and all documents relating to communications about Roca Labs, Inc., including but not limited to e-mails, faxes, letters, instant messages, internet chats, texts, social media communications, and records of telephone calls to/from anyone from Popehat.com.

46.     Any and all documents relating to communications about Roca Labs, Inc., including but not limited to e-mails, faxes, letters, instant messages, internet chats, texts, social media communications, and records of telephone calls to/from anyone from ArsTechnica.com.

47.     Any and all documents relating to communications about Roca Labs, Inc., including but not limited to e-mails, faxes, letters, instant messages, internet chats, texts, social media communications, and records of telephone calls to/from anyone from boingboing.com.

48.     Any and all documents relating to communications about Roca Labs, Inc., including but not limited to e-mails, faxes, letters, instant messages, internet chats, texts, social media communications, and records of telephone calls to/from Adam Steinbaugh.

49.     A full and complete digital copy of all information contained on each social media profile site owned or maintained by you, free of redaction and alteration.

50.     Produce a complete archive of your account for each social media site on which you had/have a profile.

51.     Produce printed pages of the entire content of all blogs, logs, link logs, sketch blogs, photo blogs, tumble logs or art logs that you, or anyone with any knowledge of the facts and circumstances underlying the allegations in your declaration filed in this case. Also produce drafts, if any, of any blogs that you created before posting them online.

52.     Produce all documents relating to your participation in any business or social networking site, including but not limited to Facebook, Twitter, Instagram, Pinterest, and any others, including printouts of all historical content, including posts, comments and photographs.

53.     Produce any profile posting or message, including status updates, Tweets, wall comments, timeline posts, causes joined, groups joined, activity streams, blog entries and/or social networking site applications relating to you.

54.     Produce all Tweets posted by you about Roca Labs.

55.     Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es), phone number(s), location and IP address(es) of any and all people or entities responsible for creating and managing Twitter handle "@pissedconsumer."

56.     Any and all documents relating to policies and procedures regarding Defendant, Consumer Opinion Corp.'s use of Twitter, including but not limited to, decision to tweet, re-tweeting, following, followers and starring tweets.

57.     Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es), phone number(s), location and IP address(es) of any and all people or entities responsible for the following tweets:

    a.  June 15, 2012- @pissedconsumer "OTHER WILL NOT PROCESS PROMISED REFUND: **LIED** TO BY CUSTOMER SERVICE AGENTS REGARDING        PROMISED        REFUND        CANCELED… tinyurl.com/74gmv4g"

    b.  May 27, 2013: @pissedconsumer "Doesn't work!!! I can't believe I really though this would work! Save your money. This is the biggest gimm… tinyurl.com/np8bucj"

    c.  February 14, 2015: @pissedconsumer "@RocaLabs: 'dont but antyhing from **Roca** Lab they just sell a regular shake they are stealing your m' tinyurl.com/m7d2shj"

58.     Any and all correspondence, including but not limited to e-mails, with Twitter or outside parties relating to the use of Twitter.

59.     Any and all financial documents relating to compensation received by Defendant, Consumer Opinion Corp. for its use of Twitter.

60.     Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es), phone number(s), location and IP address(es) of any and all people or entities responsible for creating and managing Defendant, Consumer Opinion Corp.'s Facebook account.

61.     Any and all documents relating to policies and procedures regarding Defendant, Consumer Opinion Corp.'s use of Facebook, including but not limited to, decision to post, comment, friend, unfriend and like.

62.     Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es), phone number(s), location and IP address(es) of any and all people or entities responsible for the following Facebook wall post:

   a. **Pissed Consumer**- October 16, 2014 "We appeal to all people who value freedom of speech! Roca Labs filed a SLAPP suit against us. Roca Labs believe it can silence you through fear and intimidation directed a Pissed Consumer. We're posting this to keep you informed of what's going on and, again, to ask for your help. Donate to protect your rights: http://pissedconsumer.com/st.../roca-labs-fundraising.html…"

63.     Any and all correspondence, including but not limited to e-mails, with Facebook or outside parties relating to the use of Facebook.

64.     Any and all financial documents relating to compensation received by Defendant, Consumer Opinion Corp. for its use of Facebook.

65.     Any and all financial documents relating to amounts received, paid and generated as a result of production, creation and/or use of social media, including but not limited to complaints on site/domain- pissedconsumer.com and all subdomains, blogs, tweets and Facebook postings.

66.     Any and all documents relating to Defendant, Consumer Opinion Corp.'s use of a Search Engine Optimization ("SEO") services for site/domain-pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

67.     Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es), phone number(s), location and IP address(es) of any and all people or entities responsible for the SEO of site/domain-pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

68.     Any and all documents relating to policies and procedures regarding Defendant, Consumer Opinion Corp.'s use of SEO.

69.     Any and all correspondence, including but not limited to e-mails between Defendant, Consumer Opinion Corp. and  outside parties relating to the use of SEO of site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

70.     Any and all financial documents relating to payments made by Defendant, Consumer Opinion Corp. for SEO services.

71.     Any and all documents relating to Defendant, Consumer Opinion Corp.'s policies and procedures for Online Reputation Management ("ORM") services.

72.     Any and all contracts or agreements relating to the ORM services offered by Defendant, Consumer Opinion Corp. to businesses receiving reviews on site/domain- pissedconsumer.com and related subdomains.

73.     Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es), phone number(s), location and IP address(es) of employees responsible for creating, handling, maintaining and/or updating Defendant, Consumer Opinion Corp.'s ORM services.

74.     Any and all documents relating to all businesses that Defendant, Consumer Opinion Corp.'s offered its ORM services to for the past five (5) years.

75.     Any and all documents relating to all businesses that purchased Defendant, Consumer Opinion Corp.'s ORM services for the past five (5) years.

76.     Any and all documents relating to all businesses that rejected Defendant, Consumer Opinion Corp.'s offer of ORM services for the past five (5) years.

77.     Any and all documents relating to Defendant, Consumer Opinion Corp.'s policies and procedures for handling companies that use its ORM services and have reviews on on site/domain- pissedconsumer.com and related subdomains.

78.     Any and all documents relating to Defendant, Consumer Opinion Corp.'s policies and procedures for handling companies that do not use its ORM services and have reviews on on site/domain- pissedconsumer.com and related subdomains.

79.     Any and all documents relating to Defendant, Consumer Opinion Corp.'s ownership interest or affiliation with the ORM services.

80.     Any and all correspondence, including but not limited to e-mails between Defendant, Consumer Opinion Corp. and  outside parties relating to ORM services.

81.     Any and all correspondence between Roca Labs and Defendant, Consumer Opinion Corp. relating to ORM services.

82.　　Any and all financial documents relating to amounts received by Defendant, Consumer Opinion Corp. for its ORM services.

83.　　Any and all documents relating to Defendant, Consumer Opinion Corp.'s policies and procedures for Reputation Management Services ("RMS").

84.　　Any and all contracts or agreements relating to the RMS offered by Defendant, Consumer Opinion Corp. to businesses receiving reviews on site/domain-pissedconsumer.com and related subdomains.

85.　　Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es), phone number(s), location and IP address(es) of employees responsible for creating, handling, maintaining and/or updating Defendant, Consumer Opinion Corp.'s RMS.

86.　　Any and all documents relating to all businesses that Defendant, Consumer Opinion Corp.'s offered its RMS to for the past five (5) years.

87.　　Any and all documents relating to all businesses that purchased Defendant, Consumer Opinion Corp.'s RMS for the past five (5) years.

88.　　Any and all documents relating to all businesses that rejected Defendant, Consumer Opinion Corp.'s offer of RMS for the past five (5) years.

89.　　Any and all documents relating to Defendant, Consumer Opinion Corp.'s policies and procedures for handling companies that use its RMS and have reviews on on site/domain- pissedconsumer.com and related subdomains.

90.　　Any and all documents relating to Defendant, Consumer Opinion Corp.'s policies and procedures for handling companies that do not use its RMS and have reviews on on site/domain- pissedconsumer.com and related subdomains.

91.　　Any and all documents relating to Defendant, Consumer Opinion Corp.'s ownership interest or affiliation with the RMS used.

92.　　Any and all correspondence, including but not limited to e-mails between Defendant, Consumer Opinion Corp. and  outside parties relating to RMS.

93.　　Any and all correspondence between Roca Labs and Defendant, Consumer Opinion Corp. relating to RMS.

94.　　Any and all financial documents relating to amounts received by Defendant, Consumer Opinion Corp. for its RMS.

95.　　Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es), phone number(s), location and IP

address(es) of employees responsible for creating, handling, maintaining and/or updating Defendant, Consumer Opinion Corp.'s consumer complaint resolution services.

96.    Any and all documents relating to Defendant, Consumer Opinion Corp.'s policy and procedures for consumer complaint resolution.

97.    Any and all correspondence, including but not limited to e-mails between Defendant, Consumer Opinion Corp. and  outside parties relating to consumer complaint resolution.

98.    Any and all versions of the consumer complaint resolution letter used by Defendant, Consumer Opinion Corp. and/or consumers.

99.    Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es),  phone number(s), location and IP address(es) of employees responsible for creating, handling, editing, maintaining and/or updating Defendant, Consumer Opinion Corp.'s consumer complaint resolution letter.

100.    Any and all documents relating to all disputes <u>resolved</u> using consumer complaint resolution letter Defendant, Consumer Opinion Corp.'s RMS for the past five (5) years.

101.    Any and all documents relating to all disputes <u>not</u> <u>resolved</u> even though consumer complaint resolution letter was used.

102.    Any and all documents relating to all settlement agreements resulting from Defendant, Consumer Opinion Corp.'s consumer complaint resolution service.

103.    Any and all consumer complaint resolution letters created relating to Roca Labs.

104.    Any and all consumer complaint resolution letters sent to Roca Labs.

105.    Any and all documents relating to the notification by Defendant, Consumer Opinion Corp. to consumers that information can be used for Defendant, Consumer Opinion Corp.'s financial gain.

106.    Any and all documents relating to the notification by Defendant, Consumer Opinion Corp. to consumers that information used for Defendant, Consumer Opinion Corp.'s financial gain.

107.    Any and all documents relating to the notification by Defendant, Consumer Opinion Corp. to consumers that Defendant, Consumer Opinion Corp. contacted reviewed business and offered ORM services.

108.    Any and all documents relating to the notification by Defendant, Consumer Opinion Corp. to consumers that Defendant, Consumer Opinion Corp. contacted reviewed business and offered RMS.

109.    Any and all documents relating to consumers acknowledgment of rights or assignment of rights to use statements, comments, postings, and or reviews from site/domain- pissedconsumer.com and related subdomains.

110.    Any and all documents relating to consumers acknowledgment of rights or assignment of rights to use statements, comments, postings, and or reviews from site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

111.    Any and all financial documents relating to amounts received by Defendant, Consumer Opinion Corp. for consumer complaint resolution.

112.    Any and all financial documents relating to amounts paid to consumers after reviewed business purchased ORM.

113.    Any and all financial documents relating to amounts paid to consumers after reviewed business purchased RMS.

114.    Any and all financial documents relating to amounts received, paid or generated as a result of Defendant, Consumer Opinion Corp.'s  use of consumer's information, review and/or complaint about particular business.

115.    Any and all financial documents relating to cost of administration and/or handling of ORM services, RMS and consumer complaint resolution.

116.    Any and all documents relating to all consumer fundraising activities.

117.    Any and all documents relating to names of all business for which Defendant, Consumer Opinion Corp. used consumer fundraising activities against.

118.    Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es), phone number(s), location and IP address(es) of employees and/or outside sources responsible for Defendant, Consumer Opinion Corp.'s consumer fundraising activities.

119.    Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es), phone number(s), location and IP address(es) of employees and/or outside sources responsible for Defendant, Consumer Opinion Corp.'s consumer fundraising activities against Roca Labs.

120.    Any and all documents relating to consumer fundraising campaigns.

121.    Any and all documents relating to Defendant, Consumer Opinion Corp.'s policies and procedures regarding consumer fundraising campaigns.

122.    Any and all financial documents relating to Defendant, Consumer Opinion Corp.'s consumer fundraising campaigns.

123.    Any and all financial documents relating to amounts held in operating accounts during consumer fundraising campaigns.

124.    Any and all financial documents relating to revenue and/or profits generated during consumer fundraising campaigns.

125.    Any and all documents relating to consumer fundraising campaign against Roca Labs.

126.    Any and all documents relating to Defendant, Consumer Opinion Corp.'s policies and procedures regarding consumer fundraising campaign against Roca Labs.

127.    Any and all correspondence, including but not limited to emails, regarding consumer financing campaign against Roca Labs.

128.    Any and all financial documents relating to revenue and/or profits generated during consumer fundraising campaign against Roca Labs.

129.    Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es),  phone number(s), location and IP address(es) of users and site owners and corresponding permission status.

130.    Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es),  phone number(s), location and IP address(es) of employees with access to Defendant, Consumer Opinion Corp.'s site links

131.    Any and all documents relating to all site links used by Defendant, Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

132.    Any and all documents relating to site links used by Defendant, Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

133.    Name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es),   phone number(s), location and IP address(es) of users and site owners and corresponding permission status.

134.    Any and all documents relating to policies and procedures including but not limited to creation, curation, maintenance, handling, updating, editing and/or deletion

of site links for Defendant, Consumer Opinion Corp.'s site/domain- pissedconsumer.com
and all subdomains relating to Roca Labs, including but not limited to
roca-labs.pissedconsumer.com.

135.    Any and all documents relating to name(s), title/position(s), username(s),
screen name(s), email address(es), mailing address(es),  phone number(s), location and IP
address(es) of employees with access to Defendant, Consumer Opinion Corp.'s site links
relating to Roca Labs.

136.    Any and all documents relating to name(s), title/position(s), username(s),
screen name(s), email address(es), mailing address(es),  phone number(s), location, and
IP address(es) of employees that have accessed and editted Defendant, Consumer
Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains relating to Roca
Labs, including but not limited to roca-labs.pissedconsumer.com. Please include
description of change made and date and time when change occurred.

137.    Any and all documents relating to site links for Defendant, Consumer
Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains relating to Roca
Labs, including but not limited to roca-labs.pissedconsumer.com.

138.    Any and all documents relating to list of all sitelinks demoted by
Defendant, Consumer Opinion Corp. for site/domain- pissedconsumer.com and all
subdomains..

139.    Any and all documents relating to list of all metatags used by Defendant,
Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains relating
to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

140.    Any and all documents relating to name(s), title/position(s), username(s),
screen name(s), email address(es), mailing address(es),  phone number(s), location and IP
address(es) of employees with access to metatags for Defendant, Consumer Opinion
Corp.'s site/domain- pissedconsumer.com and all subdomains relating to Roca Labs,
including but not limited to roca-labs.pissedconsumer.com.

141.    Any and all documents relating to policies and procedures including but
not limited to creation, curation, maintenance, handling, updating, editing and/or deletion
of metatags for Defendant's site/domain- pissedconsumer.com and all subdomains
relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

142.    Any and all documents relating to page rank of Defendant, Consumer
Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains.

143.    Any and all documents relating to page rank of Defendant, Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

144.    Any and all documents relating to click through rate (CTR) of Defendant Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains.

145.    Any and all documents relating to click through rate (CTR) of Defendant Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

146.    Any and all documents relating to Google's Impression of Defendant Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

147.    Any and all documents relating to search queries and/or search queries page for Defendant Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

148.    Any and all documents relating to links to anchor text for Defendant Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

149.    Any and all documents relating to list of Top Ten (10) internal links for Defendant Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains.

150.    Any and all documents relating to internal links for Defendant Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

151.    Any and all documents relating to target pages for Defendant Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

152.    Any and all documents relating to Index Status, including those blocked by robots and/or removed for Defendant Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains for the last year.

153.    Any and all documents relating to Index Status, including those blocked by robots and/or removed for Defendant Consumer Opinion Corp.'s site/domain-

pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

154.    Any and all documents relating to number of pages indexed by Google for Defendant Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains for the last year.

155.    Any and all documents relating to number of pages indexed by Google for Defendant Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

156.    Any and all documents relating to all content keywords, with details including top URLs, variants of the key word and occurrences, for Defendant Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

157.    Any and all documents relating to the number of times Roca Labs was used and/or appeared on Defendant Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains.

158.    Any and all documents relating to Crawl Status, including but not limited to pages crawled per day, kilobytes downloaded per day and time spent downloading on a page for Defendant Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains.

159.    Any and all documents relating to website traffic, for Defendant, Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

160.    Any and all documents relating to online fundraising efforts by Consumer Opinion Corp. to help fight a SLAPP suit by Roca Labs.

161.    Any and all documents relating to the names of individuals who donated money to Consumer Opinion Corp. to help fight a SLAPP suit by Roca Labs.

162.    Any and all documentation received in response to the posting on the website www.pissedconsumer.com "if you live in California and have been threatened by Roca Labs, please contact us at PissedConsumer, and any and all documentation showing how this information was used and/or shared.

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Middle District of Florida

| | |
|---|---|
| ROCA LABS, INC., | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   8:14-cv-2096-T-33EAJ |
| CONSUMER OPINION CORP. and OPINION | ) |
| CORP. d/b/a PISSEDCONSUMER.COM | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                 OPINION CORP. d/b/a PISSEDCONSUMER.COM

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See attached Schedule A.

| Place: Fink & Carney 39 W. 37th St., New York, NY 10018 | Date and Time: 06/08/2015 9:00 am |
|---|---|

The deposition will be recorded by this method:  stenographic and videographic means

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See attached Schedule B.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   05/29/2015

| CLERK OF COURT | OR | *Paul Berger* |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Roca Labs
, who issues or requests this subpoena, are:

Paul Berger, P.O. Box 7898, Delray Beach, FL 33482-7898, Legal5@rocalabs.com, 305-998-6150

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   8:14-cv-2096-T-33EAJ

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | Reset |

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
       **(i)** is a party or a party's officer; or
       **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
       **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
       **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

    **(A) *When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

       **(i)** fails to allow a reasonable time to comply;
       **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
       **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
       **(iv)** subjects a person to undue burden.
     **(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
       **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C) *Specifying Conditions as an Alternative.*** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
       **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
       **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A) *Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B) *Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C) *Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.
    **(D) *Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A) *Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B) *Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

ROCA LABS, INC.,

      Plaintiff,                           Case No: 8:14-cv-2096-T-33EAJ

vs.

CONSUMER OPINION CORP. and

OPINION CORP. d/b/a

PISSEDCONSUMER.COM

      Defendants.

_____/

## AMENDED NOTICE OF TAKING VIDEO DEPOSITION OF OPINION CORP.'S WITNESS(ES) DESIGNATED TO TESTIFY ON PLAINTIFF'S BEHALF PURSUANT TO F.R.C.P. 30(b)(6) AND TO PRODUCE DOCUMENTS

TO:    CLERK OF THE COURT

        COUNSEL FOR DEFENDANTS

        Marc Randazza

        3625 S Town Center Dr

        Las Vegas, NV 89135

        PLEASE TAKE  NOTICE that pursuant to Federal Rules of Civil Procedure 30(b)(6) and 45, the deposition upon oral examination of an officer, director, managing agent, or other person designated by Defendant Opinion Corp. d/b/a pissedconsumer.com to testify on its behalf on the matters set forth in Schedule A attached hereto will be taken at Fink & Carney 39 W. 37 St., NY, NY, 10011 on Monday, June 8, 2015, at 9:00a.m. before a person authorized by the laws of the State of New York to administer oaths, and shall be recorded by stenographic and videographic means.

The deposition shall continue from day to day, until concluded. At the deposition, the witness shall produce all documents set forth in Schedule B attached hereto.

Dated: May 29, 2015

Respectfully submitted,

/s/ Paul Berger

FL Bar No. 4413

Roca Labs, Inc.

P.O. Box 7898

Delray Beach, FL 33482-7898

Tel. 305-998-6150

Legal5@rocalabs.com

COUNSEL FOR PLAINTIFF

**SCHEDULE A**
**TOPICS OF DEPOSITION**

Please see the attached Definitions and Instructions, which apply to the following Topics of Deposition:

**Topic 1**

The current ownership of Opinion Corp, including shareholder information and information on the operations of Opinion Corp., including but not limited to the operations of the business, revenue streams, assets and liabilities of the company.

**Topic 2**

The relationship between Opinion Corp. and Consumer Opinion Corp., including all licensing and marketing agreements, management agreements,

**Topic 3**

The Trademark Pissed Consumer (Reg. 3679454), and all licensing agreements, quality control agreements, and other agreements related to the trademark.

**Topic 4**

The ownership and operation of the website www.pissedconsumer.com, including but not limited to operation and maintenance of the website.

**Topic 5**

Search engine optimization techniques for the website www.pissedconsumer.com, including but not limited to methods to increase visibility into Google's search engine.

**Topic 6**

The creation, implementation and enforcement of the Terms and Conditions on the website www.pissedconsumer.com.

**Topic 7**

The creation, use and management of any and all Twitter accounts managed or operated by Opinion Corp. including but not limited to the handle @pissedconsumer or at the website https://twitter.com/pissedconsumer.

**Topic 8**

The system for allowing users to input information and/or create posts/complaints on the website www.pissedconsumer.com, including the user interface, content management system, storage of users content and determination of what fields are mandatory and what fields are optional.

**Topic 9**

How Opinion Corp. calculates, stores and presents information on Roca Labs, including reviews, comments, reviews, ratings and star system.

**Topic 10**

Information obtained and maintained about Roca Labs, its products, employees, and agents.

**Topic 11**

All verification of the accuracy of the content in posts made on domain/site, pissedconsumer.com and all subdomains about Roca Labs, its products and employees.

**Topic 12**

Opinion Corp.'s reputation management services, including the nature and type of services provided, costs of any and all services provided, identities of current and past customers, and of individuals and entities to whom services have been offered, but who declined.

**Topic 13**

Opinion Corp.'s consumer advocate services offered to users, including the types of consumer advocacy, its effectiveness rates, number of complaints received, and number of complaints resolved.

**Topic 14**

All fundraising efforts promoted on www.pissedconsumer.com to Defendant help fight this lawsuit by Roca Labs, including statements about litigation posted on the website and donations received.

**Topic 15**

All efforts by you to find individuals in California who have purchased Roca Labs products or have been "threatened" by Roca Labs.

<u>**SCHEDULE B**</u>

<u>**DEFINITIONS**</u>

1. "Defendant", "you", or "your" refers to Opinion Corp. d/b/a pissedconsumer.com, and each of its affiliates, attorneys, accountants, employees, agents, representatives, and all persons acting or purporting to act on its behalf.

2. "Person" means any natural person or individual, and any and *all* legal entities, including without limitation, corporations, companies, firms, partnerships, joint ventures, proprietorships, associations, governmental bodies or agencies, or other form of business enterprise.

3. The terms "and" and "or" are terms of inclusion and not of exclusion and are to be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any documents or responses which might be otherwise construed to be outside the scope of these requests.

4. The term "any" includes "all," and the term "all" includes "any."

5. The singular of any term includes the plural of that term, and the plural includes the singular.

6. "Document," "Documents,"  "Record,"  or "Records" means the original and copies, identical or non-identical, of any handwritten, typewritten, printed, recorded or graphic matter of any kind, in the possession and/or control of you or your officers, agents, employees, or known to you to exist, however produced or reproduced, including specifically, but not exclusively, letters or other correspondence, telegraphs, telexes, memoranda, reports, summaries, logs, handwritten notes, corporate resolutions, minutes of meetings, transcriptions of conversations, meetings or conferences or the like, tabulations, work papers, cost sheets, promissory notes, financial statements, sales records, contracts, agreements, orders, calendars, diaries, telephone call slips, or other telephone records, photographs, diagrams, schematic drawings, prints, slides, movies or any other pictorial representations, tape recordings, databases, computer inputs or outputs, e-mail messages, text messages, instant messaging, computer memory, computer disks, laser disks, CD-ROM disks, microfiche, microfilm, magnetic tapes, video tapes, recordings, motion pictures and photographs. When any database or other information on computer is requested, you should produce also any documents needed to test, analyze and operate the system. "Documents"shall also mean all copies or drafts of documents by whatever means made, including specifically, but not exclusively, those copies or drafts bearing commentary or notations not appearing on the original or final version.

7. "Relating to" and "relates to" mean, without limitation, relating to, concerning, constituting, mentioning, referring to, describing, summarizing, evidencing, listing, relevant to, demonstrating, tending to prove or disprove, or explain.

8. "Correspondence" means any letter, memorandum, or other writing, including electronically-stored e-mail transmissions sent or received.

9. "Communication" or "communications" includes, without limitation, in-person or telephone conversations, instant messaging, telegrams, telexes, tapes, social media postings/comments, or other sound recordings or means of transmitting information from one source to another.

10. "Roca Labs, Inc." or "Roca Labs" includes Roca Labs, Inc., Roca Labs Nutraceuticals USA, Inc., rocalabs.com, and its subsidiaries, affiliates, agents, employees, attorneys, contractors,  representatives, and any and all persons or entities acting on behalf of said entities.

11. "Defendant" includes Consumer Opinion Corp. and the subsidiaries, affiliates, agents, employees, attorneys, contractors,  representatives, and any and all persons or entities acting on behalf, or purporting to act on behalf, of said entities.

12. "Product" or "the Product" includes and all items and services obtained from Roca Labs, Inc.

13. "Social Media Site" includes, but is not limited to, Facebook, Twitter, Instagram, LinkedIn, Pinterest, Google+, and Tumblr websites, mobile sites, and applications.

## DOCUMENT PRODUCTION

1.      All documents relating to the corporate formation of Consumer Opinion Corp, and ownership of Consumer Opinion Corp.

2.      Any and all documents regarding relationship between Defendants Consumer Opinion Corp. and Opinion Corp d/b/a pissedconsumer.com.

3.      Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es), phone number(s), location and IP address(es) of Webmaster(s) for site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

4.      Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es), phone number(s), location and IP address(es) of any and all people or entities paid by Defendant, Consumer Opinion Corp. to authenticate and/or verify information, including but not limited to complaints and reviews posted on site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

5.      Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es), phone number(s), location and IP address(es) of any and all people or entities paid by Defendant, Consumer Opinion Corp. to  authenticate and/or  verify  identities of  authors posting complaints, reviews  on

site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.co

6.      Any and all documents related to webmaster, webmaster tools, webhost and webhosting used by Defendant, Consumer Opinion Corp..

7.      All documents related to Defendant, Consumer Opinion Corp.'s webhosting.

8.      Any and all documents depicting the manner in which users of the website pissedconsumer.com input infomation to generate a post.  Documents should include but not be limited to wireframes.

9.      Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es), phone number(s), location and IP address(es) of any and all people or entities responsible for creating, handling, managing and editting website presentation and/or schema, including but not limited to letter capitalization, title of post, headline and topic description of site/domain- pissedconsumer.com and all subdomains.

10.      Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es), phone number(s), location and IP address(es) of any and all people or entities responsible for creating, handling, managing and editing HTML structure of page templates, including but not limited to categories, tags, review, placement, navigation, breadcrumb navigation, sitemap, page hierarchy, defaults and homepage of site/domain- pissedconsumer.com and all subdomains.

11.      Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es), phone number(s), location and IP address(es) of any and all people or entities responsible for creating, handling, managing and editing HTML structure of page templates, including but not limited to categories, tags, review, placement, navigation, breadcrumb navigaion, sitemap, page hierarchy, defaults and homepage of site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

12.      Any and all documents relating to policies and procedures for creating, handling, managing and editing website presentation and/or schema, including but not limited to HTML structure of page templates, including but not limited to categories, tags, review, placement, navigation, breadcrumb navigation, sitemap, page hierarchy, defaults and homepage of site/domain- pissedconsumer.com and all subdomains.

13.     Any and all documents relating to policies and procedures for creating, handling, managing and editing website presentation and/or schema, including but not limited to HTML structure of page templates, including but not limited to categories, tags, review, placement, navigation, breadcrumb navigation, sitemap, page hierarchy, defaults and homepage of site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

14.     Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es), phone number(s), location and IP address(es) of any and all people or entities responsible for creating, handling, managing and editing site, domain and subdomain structure of site/domain- pissedconsumer.com and all subdomains.

15.     Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es), phone number(s), location and IP address(es) of any and all people or entities responsible for creating, handling, managing and editing site, domain and subdomain structure of site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

16.     Any and all documents relating to policies and procedures for creating, handling, managing and editing website presentation and/or schema, including but not limited to site, domain and subdomain structure of site/domain- pissedconsumer.com and all subdomains.

17.     Any and all documents relating to policies and procedures for creating, handling, managing and editing website presentation and/or schema, including but not limited to site, domain and subdomain structure of site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

18.     Any and all documents relating to policies and procedures for creating, handling, managing and editing website presentation and/or schema, including but not limited to letter capitalization, title of post, headline and topic description of site/domain-pissedconsumer.com and all subdomains.

19.     Any and all documents relating to policies and procedures for creating, handling, managing and editing website presentation and/or schema, including but not limited to letter capitalization, title of post, headline and topic description of site/domain-

pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

20. Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es), phone number(s), location and IP address(es) of any and all people or entities responsible for naming, creating, handling, managing and editing the site/domain- pissedconsumer.com and all subdomains.

21. Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es), phone number(s), location and IP address(es) of any and all people or entities responsible for naming, creating, handling, managing and editing the site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

22. Any and all documents relating to policies and procedures for creating, handling, managing and editing the script for site/domain- pissedconsumer.com and all subdomains.

23. Any and all documents relating to policies and procedures for creating, handling, managing and editing the script for site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

24. Any and all documents relating to and including but not limited to agreements and contracts with advertisers on site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

25. Any and all correspondence, including but not limited to e-mails, with outside parties relating to advertisers on site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

26. Any and all financial documents relating to payments made by Defendant, Consumer Opinion Corp. for activities including but not limited to advertisement and promotion of site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

27. Any and all financial documents relating to compensation of Defendant, Consumer Opinion Corp. for activities including but not limited to advertisement and

promotion on site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

28.     Any and all documents relating to visitor traffic on site/domain- pissedconsumer.com and all subdomains.

29.     Any and all documents relating to visitor traffic on site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

30.     Any and all financial documents relating to revenue generated by visitor traffic on pissedconsumer.com.

31.     Any and all documents relating to policies and procedures regarding Defendant, Consumer Opinion Corp.'s handling of postings, complaints and reviews containing false statements, including but not limited to fraudulent allegations.

32.     Any and all comments, reviews, posts relating to Roca Labs on Defendant, Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

33.     Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es), phone number(s), location and IP address(es) of any and all people or entities responsible for comments, reviews, posts relating to Roca Labs on Defendant, Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

34.     Any and all financial documents reflecting payments made for comments, reviews, posts relating to Roca Labs on Defendant, Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

35.     Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es), phone number(s), location and IP address(es) of any and all people or entities that received payment for comments, reviews, posts relating to Roca Labs on Defendant, Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

36.     Any and all documents relating to verification and/ or authentication of author(s) relating to Roca Labs on Defendant, Consumer Opinion Corp.'s site/domain-

pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

37. Any and all documents relating to verification and/ or authentication of content within comments, reviews, posts relating to Roca Labs on Defendant, Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

38. Any and all documents relating to Defendant's Terms of Service ("TOS"), including TOS in place at time each Roca Lab complaint made, if different from current TOS.

39. Any and all documents relating to communications about Roca Labs, Inc., including but not limited to e-mails, faxes, letters, instant messages, internet chats, texts, social media communications, and records of telephone calls between Defendant, Consumer Opinion Corp. and Roca Labs.

40. Any and all documents relating to communications about Roca Labs, Inc., including but not limited to e-mails, faxes, letters, instant messages, internet chats, texts, social media communications, and records of telephone calls between Defendant, Consumer Opinion Corp. and Defendant, Opinion Corp. d/b/a pissedconsumer.com.

41. Any and all documents relating to communications about Roca Labs, Inc., including but not limited to e-mails, faxes, letters, instant messages, internet chats, texts, social media communications, and records of telephone calls between Defendant, Consumer Opinion Corp. and Roca Labs.

42. Any and all documents relating to communications about Roca Labs, Inc., including but not limited to e-mails, faxes, letters, instant messages, internet chats, texts, social media communications, and records of telephone calls between Defendant, Opinion Corp. d/b/a pissedconsumer.com and Defendant, Consumer Opinion Corp. about Roca Labs.

43. Any and all documents relating to communications about Roca Labs, Inc., including but not limited to e-mails, faxes, letters, instant messages, internet chats, texts, social media communications, and records of telephone calls to/from Tracy Coenen and/or anyone from Sequence, Inc.

44. Any and all documents relating to communications about Roca Labs, Inc., including but not limited to e-mails, faxes, letters, instant messages, internet chats, texts,

social media communications, and records of telephone calls to/from anyone from Techdirt.com.

45.     Any and all documents relating to communications about Roca Labs, Inc., including but not limited to e-mails, faxes, letters, instant messages, internet chats, texts, social media communications, and records of telephone calls to/from anyone from Popehat.com.

46.     Any and all documents relating to communications about Roca Labs, Inc., including but not limited to e-mails, faxes, letters, instant messages, internet chats, texts, social media communications, and records of telephone calls to/from anyone from ArsTechnica.com.

47.     Any and all documents relating to communications about Roca Labs, Inc., including but not limited to e-mails, faxes, letters, instant messages, internet chats, texts, social media communications, and records of telephone calls to/from anyone from boingboing.com.

48.     Any and all documents relating to communications about Roca Labs, Inc., including but not limited to e-mails, faxes, letters, instant messages, internet chats, texts, social media communications, and records of telephone calls to/from Adam Steinbaugh.

49.     A full and complete digital copy of all information contained on each social media profile site owned or maintained by you, free of redaction and alteration.

50.     Produce a complete archive of your account for each social media site on which you had/have a profile.

51.     Produce printed pages of the entire content of all blogs, logs, link logs, sketch blogs, photo blogs, tumble logs or art logs that you, or anyone with any knowledge of the facts and circumstances underlying the allegations in your declaration filed in this case. Also produce drafts, if any, of any blogs that you created before posting them online.

52.     Produce all documents relating to your participation in any business or social networking site, including but not limited to Facebook, Twitter, Instagram, Pinterest, and any others, including printouts of all historical content, including posts, comments and photographs.

53.     Produce any profile posting or message, including status updates, Tweets, wall comments, timeline posts, causes joined, groups joined, activity streams, blog entries and/or social networking site applications relating to you.

54.     Produce all Tweets posted by you about Roca Labs.

55.     Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es), phone number(s), location and IP address(es) of any and all people or entities responsible for creating and managing Twitter handle "@pissedconsumer."

56.     Any and all documents relating to policies and procedures regarding Defendant, Consumer Opinion Corp.'s use of Twitter, including but not limited to, decision to tweet, re-tweeting, following, followers and starring tweets.

57.     Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es), phone number(s), location and IP address(es) of any and all people or entities responsible for the following tweets:

a.  June 15, 2012- @pissedconsumer "OTHER WILL NOT PROCESS PROMISED REFUND: **LIED** TO BY CUSTOMER SERVICE AGENTS REGARDING      PROMISED      REFUND      CANCELED… tinyurl.com/74gmv4g"

b.  May 27, 2013: @pissedconsumer "Doesn't work!!! I can't believe I really though this would work! Save your money. This is the biggest gimm… tinyurl.com/np8bucj"

c.  February 14, 2015: @pissedconsumer "@RocaLabs: 'dont but antyhing from **Roca** Lab they just sell a regular shake they are stealing your m' tinyurl.com/m7d2shj"

58.     Any and all correspondence, including but not limited to e-mails, with Twitter or outside parties relating to the use of Twitter.

59.     Any and all financial documents relating to compensation received by Defendant, Consumer Opinion Corp. for its use of Twitter.

60.     Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es), phone number(s), location and IP address(es) of any and all people or entities responsible for creating and managing Defendant, Consumer Opinion Corp.'s Facebook account.

61.     Any and all documents relating to policies and procedures regarding Defendant, Consumer Opinion Corp.'s use of Facebook, including but not limited to, decision to post, comment, friend, unfriend and like.

62.     Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es), phone number(s), location and IP address(es) of any and all people or entities responsible for the following Facebook wall post:

      a.   **Pissed Consumer-** October 16, 2014 "We appeal to all people who value freedom of speech! Roca Labs filed a SLAPP suit against us. Roca Labs believe it can silence you through fear and intimidation directed a Pissed Consumer. We're posting this to keep you informed of what's going on and, again, to ask for your help. Donate to protect your rights: http://pissedconsumer.com/st.../roca-labs-fundraising.html…"

63.     Any and all correspondence, including but not limited to e-mails, with Facebook or outside parties relating to the use of Facebook.

64.     Any and all financial documents relating to compensation received by Defendant, Consumer Opinion Corp. for its use of Facebook.

65.     Any and all financial documents relating to amounts received, paid and generated as a result of production, creation and/or use of social media, including but not limited to complaints on site/domain- pissedconsumer.com and all subdomains, blogs, tweets and Facebook postings.

66.     Any and all documents relating to Defendant, Consumer Opinion Corp.'s use of a Search Engine Optimization ("SEO") services for site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

67.     Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es), phone number(s), location and IP address(es) of any and all people or entities responsible for the SEO of site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

68.     Any and all documents relating to policies and procedures regarding Defendant, Consumer Opinion Corp.'s use of SEO.

69.     Any and all correspondence, including but not limited to e-mails between Defendant, Consumer Opinion Corp. and  outside parties relating to the use of SEO of site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

70.     Any and all financial documents relating to payments made by Defendant, Consumer Opinion Corp. for SEO services.

71.     Any and all documents relating to Defendant, Consumer Opinion Corp.'s policies and procedures for Online Reputation Management ("ORM") services.

72.     Any and all contracts or agreements relating to the ORM services offered by Defendant, Consumer Opinion Corp. to businesses receiving reviews on site/domain- pissedconsumer.com and related subdomains.

73.     Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es), phone number(s), location and IP address(es) of employees responsible for creating, handling, maintaining and/or updating Defendant, Consumer Opinion Corp.'s ORM services.

74.     Any and all documents relating to all businesses that Defendant, Consumer Opinion Corp.'s offered its ORM services to for the past five (5) years.

75.     Any and all documents relating to all businesses that purchased Defendant, Consumer Opinion Corp.'s ORM services for the past five (5) years.

76.     Any and all documents relating to all businesses that rejected Defendant, Consumer Opinion Corp.'s offer of ORM services for the past five (5) years.

77.     Any and all documents relating to Defendant, Consumer Opinion Corp.'s policies and procedures for handling companies that use its ORM services and have reviews on on site/domain- pissedconsumer.com and related subdomains.

78.     Any and all documents relating to Defendant, Consumer Opinion Corp.'s policies and procedures for handling companies that do not use its ORM services and have reviews on on site/domain- pissedconsumer.com and related subdomains.

79.     Any and all documents relating to Defendant, Consumer Opinion Corp.'s ownership interest or affiliation with the ORM services.

80.     Any and all correspondence, including but not limited to e-mails between Defendant, Consumer Opinion Corp. and  outside parties relating to ORM services.

81.     Any and all correspondence between Roca Labs and Defendant, Consumer Opinion Corp. relating to ORM services.

82.     Any and all financial documents relating to amounts received by Defendant, Consumer Opinion Corp. for its ORM services.

83.     Any and all documents relating to Defendant, Consumer Opinion Corp.'s policies and procedures for Reputation Management Services ("RMS").

84.     Any and all contracts or agreements relating to the RMS offered by Defendant, Consumer Opinion Corp. to businesses receiving reviews on site/domain-pissedconsumer.com and related subdomains.

85.     Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es), phone number(s), location and IP address(es) of employees responsible for creating, handling, maintaining and/or updating Defendant, Consumer Opinion Corp.'s RMS.

86.     Any and all documents relating to all businesses that Defendant, Consumer Opinion Corp.'s offered its RMS to for the past five (5) years.

87.     Any and all documents relating to all businesses that purchased Defendant, Consumer Opinion Corp.'s RMS for the past five (5) years.

88.     Any and all documents relating to all businesses that rejected Defendant, Consumer Opinion Corp.'s offer of RMS for the past five (5) years.

89.     Any and all documents relating to Defendant, Consumer Opinion Corp.'s policies and procedures for handling companies that use its RMS and have reviews on on site/domain- pissedconsumer.com and related subdomains.

90.     Any and all documents relating to Defendant, Consumer Opinion Corp.'s policies and procedures for handling companies that do not use its RMS and have reviews on on site/domain- pissedconsumer.com and related subdomains.

91.     Any and all documents relating to Defendant, Consumer Opinion Corp.'s ownership interest or affiliation with the RMS used.

92.     Any and all correspondence, including but not limited to e-mails between Defendant, Consumer Opinion Corp. and  outside parties relating to RMS.

93.     Any and all correspondence between Roca Labs and Defendant, Consumer Opinion Corp. relating to RMS.

94.     Any and all financial documents relating to amounts received by Defendant, Consumer Opinion Corp. for its RMS.

95.     Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es), phone number(s), location and IP

address(es) of employees responsible for creating, handling, maintaining and/or updating Defendant, Consumer Opinion Corp.'s consumer complaint resolution services.

96.    Any and all documents relating to Defendant, Consumer Opinion Corp.'s policy and procedures for consumer complaint resolution.

97.    Any and all correspondence, including but not limited to e-mails between Defendant, Consumer Opinion Corp. and  outside parties relating to consumer complaint resolution.

98.    Any and all versions of the consumer complaint resolution letter used by Defendant, Consumer Opinion Corp. and/or consumers.

99.    Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es),  phone number(s), location and IP address(es) of employees responsible for creating, handling, editing, maintaining and/or updating Defendant, Consumer Opinion Corp.'s consumer complaint resolution letter.

100.    Any and all documents relating to all disputes <u>resolved</u> using consumer complaint resolution letter Defendant, Consumer Opinion Corp.'s RMS for the past five (5) years.

101.    Any and all documents relating to all disputes <u>not</u> <u>resolved</u> even though consumer complaint resolution letter was used.

102.    Any and all documents relating to all settlement agreements resulting from Defendant, Consumer Opinion Corp.'s consumer complaint resolution service.

103.    Any and all consumer complaint resolution letters created relating to Roca Labs.

104.    Any and all consumer complaint resolution letters sent to Roca Labs.

105.    Any and all documents relating to the notification by Defendant, Consumer Opinion Corp. to consumers that information can be used for Defendant, Consumer Opinion Corp.'s financial gain.

106.    Any and all documents relating to the notification by Defendant, Consumer Opinion Corp. to consumers that information used for Defendant, Consumer Opinion Corp.'s financial gain.

107.    Any and all documents relating to the notification by Defendant, Consumer Opinion Corp. to consumers that Defendant, Consumer Opinion Corp. contacted reviewed business and offered ORM services.

108.    Any and all documents relating to the notification by Defendant, Consumer Opinion Corp. to consumers that Defendant, Consumer Opinion Corp. contacted reviewed business and offered RMS.

109.    Any and all documents relating to consumers acknowledgment of rights or assignment of rights to use statements, comments, postings, and or reviews from site/domain- pissedconsumer.com and related subdomains.

110.    Any and all documents relating to consumers acknowledgment of rights or assignment of rights to use statements, comments, postings, and or reviews from site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

111.    Any and all financial documents relating to amounts received by Defendant, Consumer Opinion Corp. for consumer complaint resolution.

112.    Any and all financial documents relating to amounts paid to consumers after reviewed business purchased ORM.

113.    Any and all financial documents relating to amounts paid to consumers after reviewed business purchased RMS.

114.    Any and all financial documents relating to amounts received, paid or generated as a result of Defendant, Consumer Opinion Corp.'s  use of consumer's information, review and/or complaint about particular business.

115.    Any and all financial documents relating to cost of administration and/or handling of ORM services, RMS and consumer complaint resolution.

116.    Any and all documents relating to all consumer fundraising activities.

117.    Any and all documents relating to names of all business for which Defendant, Consumer Opinion Corp. used consumer fundraising activities against.

118.    Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es), phone number(s), location and IP address(es) of employees and/or outside sources responsible for Defendant, Consumer Opinion Corp.'s consumer fundraising activities.

119.    Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es), phone number(s), location and IP address(es) of employees and/or outside sources responsible for Defendant, Consumer Opinion Corp.'s consumer fundraising activities against Roca Labs.

120.    Any and all documents relating to consumer fundraising campaigns.

121.    Any and all documents relating to Defendant, Consumer Opinion Corp.'s policies and procedures regarding consumer fundraising campaigns.

122.    Any and all financial documents relating to Defendant, Consumer Opinion Corp.'s consumer fundraising campaigns.

123.    Any and all financial documents relating to amounts held in operating accounts during consumer fundraising campaigns.

124.    Any and all financial documents relating to revenue and/or profits generated during consumer fundraising campaigns.

125.    Any and all documents relating to consumer fundraising campaign against Roca Labs.

126.    Any and all documents relating to Defendant, Consumer Opinion Corp.'s policies and procedures regarding consumer fundraising campaign against Roca Labs.

127.    Any and all correspondence, including but not limited to emails, regarding consumer financing campaign against Roca Labs.

128.    Any and all financial documents relating to revenue and/or profits generated during consumer fundraising campaign against Roca Labs.

129.    Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es),  phone number(s), location and IP address(es) of users and site owners and corresponding permission status.

130.    Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es),  phone number(s), location and IP address(es) of employees with access to Defendant, Consumer Opinion Corp.'s site links

131.    Any and all documents relating to all site links used by Defendant, Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

132.    Any and all documents relating to site links used by Defendant, Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

133.    Name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es),   phone number(s), location and IP address(es) of users and site owners and corresponding permission status.

134.    Any and all documents relating to policies and procedures including but not limited to creation, curation, maintenance, handling, updating, editing and/or deletion

of site links for Defendant, Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

135.    Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es),  phone number(s), location and IP address(es) of employees with access to Defendant, Consumer Opinion Corp.'s site links relating to Roca Labs.

136.    Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es),  phone number(s), location, and IP address(es) of employees that <u>have</u> accessed and editted Defendant, Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com. Please include description of change made and date and time when change occurred.

137.    Any and all documents relating to site links for Defendant, Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

138.    Any and all documents relating to list of all sitelinks demoted by Defendant, Consumer Opinion Corp. for site/domain- pissedconsumer.com and all subdomains..

139.    Any and all documents relating to list of all metatags used by Defendant, Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

140.    Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es),  phone number(s), location and IP address(es) of employees with access to metatags for Defendant, Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

141.    Any and all documents relating to policies and procedures including but not limited to creation, curation, maintenance, handling, updating, editing and/or deletion of metatags for Defendant's site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

142.    Any and all documents relating to page rank of Defendant, Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains.

143.   Any and all documents relating to page rank of Defendant, Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

144.   Any and all documents relating to click through rate (CTR) of Defendant Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains.

145.   Any and all documents relating to click through rate (CTR) of Defendant Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

146.   Any and all documents relating to Google's Impression of Defendant Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

147.   Any and all documents relating to search queries and/or search queries page for Defendant Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

148.   Any and all documents relating to links to anchor text for Defendant Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

149.   Any and all documents relating to list of Top Ten (10) internal links for Defendant Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains.

150.   Any and all documents relating to internal links for Defendant Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

151.   Any and all documents relating to target pages for Defendant Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

152.   Any and all documents relating to Index Status, including those blocked by robots and/or removed for Defendant Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains for the last year.

153.   Any and all documents relating to Index Status, including those blocked by robots and/or removed for Defendant Consumer Opinion Corp.'s site/domain-

pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

154.    Any and all documents relating to number of pages indexed by Google for Defendant Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains for the last year.

155.    Any and all documents relating to number of pages indexed by Google for Defendant Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

156.    Any and all documents relating to all content keywords, with details including top URLs, variants of the key word and occurrences, for Defendant Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

157.    Any and all documents relating to the number of times Roca Labs was used and/or appeared on Defendant Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains.

158.    Any and all documents relating to Crawl Status, including but not limited to pages crawled per day, kilobytes downloaded per day and time spent downloading on a page for Defendant Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains.

159.    Any and all documents relating to website traffic, for Defendant, Consumer Opinion Corp.'s site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

160.    Any and all documents relating to online fundraising efforts by Consumer Opinion Corp. to help fight a SLAPP suit by Roca Labs.

161.    Any and all documents relating to the names of individuals who donated money to Consumer Opinion Corp. to help fight a SLAPP suit by Roca Labs.

162.

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

## for the

## Middle District of Florida

| | | |
|---|---|---|
| ROCA LABS, INC., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   8:14-cv-2096-T-33EAJ |
| CONSUMER OPINION CORP. and | ) | |
| OPINION CORP. d/b/a | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                        Alex Syrov

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:   Fink & Carney Inc. 39 W. 37th Street, New York, NY 10018 | Date and Time:      06/07/2015 9:00 am |
|---|---|

The deposition will be recorded by this method:   Stenographic and Videographic

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See attached Schedule A.

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   May 29, 2015

|  *CLERK OF COURT* | OR | Paul Berger |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Roca Labs, Inc.
                                                                                                          , who issues or requests this subpoena, are:

Paul Berger, Esq., Roca Labs, Inc., P.O. Box 7898, Delray Beach, FL 33482-7898, Legal5@rocalabs.com, 305-998-6150

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   8:14-cv-2096-T-33EAJ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Print      Save As...      Add Attachment      Reset

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) *Quashing or Modifying a Subpoena.***

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

ROCA LABS, INC.,

      Plaintiff,                              Case No: 8:14-cv-2096-T-33EAJ

vs.

CONSUMER OPINION CORP. and

OPINION CORP. d/b/a

PISSEDCONSUMER.COM

      Defendants.

_____/

## NOTICE OF TAKING VIDEO DEPOSITION OF ALEX SYROV AND TO PRODUCE DOCUMENTS

TO:    CLERK OF THE COURT
        COUNSEL FOR DEFENDANTS
        Marc Randazza
        3625 S Town Center Dr
        Las Vegas, NV 89135

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 45, the deposition upon oral examination of **Alex Syrov** will be taken at Fink & Carney Inc. 39 W. 37th Street, New York, NY 10018 on Sunday, June 7, 2015, at 9:00 a.m. before a person authorized by the laws of the State of New York to administer oaths, and shall be recorded by stenographic and videographic means. The deposition shall continue from day to day, until concluded. At the deposition, the witness shall produce all documents set forth in Schedule A attached hereto.

Dated: May 29, 2015

                                    Respectfully submitted,

/s/ Paul Berger
FL Bar No. 4413
Roca Labs, Inc.
P.O. Box 7898
Delray Beach, FL 33482-7898
Tel. 305-998-6150
Legal5@rocalabs.com
COUNSEL FOR PLAINTIFF

**SCHEDULE A**

**DEFINITIONS**

1.  "You" or "Yours" refers to deponent, Alex Syrov, and each of his affiliates, attorneys, accountants, employees, agents, representatives, and all persons acting or purporting to act on his behalf.

2.  "Defendant" or "Defendants" refers to Opinion Corp. d/b/a pissedconsumer.com and Consumer Opinion Corp., collectively or individually and each of their affiliates, attorneys, accountants, employees, agents, representatives, and all persons acting or purporting to act on its behalf.

3.  "Person" means any natural person or individual, and any and *all* legal entities, including without limitation, corporations, companies, firms, partnerships, joint ventures, proprietorships, associations, governmental bodies or agencies, or other form of business enterprise.

4.  The terms "and" and "or" are terms of inclusion and not of exclusion and are to be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any documents or responses which might be otherwise construed to be outside the scope of these requests.

5.  The term "any" includes "all," and the term "all" includes "any."

6.  The singular of any term includes the plural of that term, and the plural includes the singular.

7.  "Document," "Documents,"  "Record,"  or "Records" means the original and copies, identical or non-identical, of any handwritten, typewritten, printed, recorded or graphic matter of any kind, in the possession and/or control of you or your officers, agents, employees, or known to you to exist, however produced or reproduced, including specifically, but not exclusively, letters or other correspondence, telegraphs, telexes, memoranda, reports, summaries, logs, handwritten notes, corporate resolutions, minutes

of meetings, transcriptions of conversations, meetings or conferences or the like, tabulations, work papers, cost sheets, promissory notes, financial statements, sales records, contracts, agreements, orders, calendars, diaries, telephone call slips, or other telephone records, photographs, diagrams, schematic drawings, prints, slides, movies or any other pictorial representations, tape recordings, databases, computer inputs or outputs, e-mail messages, text messages, instant messaging, computer memory, computer disks, laser disks, CD-ROM disks, microfiche, microfilm, magnetic tapes, video tapes, recordings, motion pictures and photographs. When any database or other information on computer is requested, you should produce also any documents needed to test, analyze and operate the system. "Documents"shall also mean all copies or drafts of documents by whatever means made, including specifically, but not exclusively, those copies or drafts bearing commentary or notations not appearing on the original or final version.

8. "Relating to" and "relates to" mean, without limitation, relating to, concerning, constituting, mentioning, referring to, describing, summarizing, evidencing, listing, relevant to, demonstrating, tending to prove or disprove, or explain.

9. "Correspondence" means any letter, memorandum, or other writing, including electronically-stored e-mail transmissions sent or received.

10. "Communication" or "communications" includes, without limitation, in-person or telephone conversations, instant messaging, telegrams, telexes, tapes, social media postings/comments, or other sound recordings or means of transmitting information from one source to another.

11. "Social Media Site" includes, but is not limited to, Facebook, Twitter, Instagram, LinkedIn, Pinterest, Google+, and Tumblr websites, mobile sites, and applications.

<u>**DOCUMENT PRODUCTION**</u>

1. Any and all documents reviewed by You in preparation for Your deposition in this case.

2. Any and all employment agreements between You and the Defendant(s).

3.      Any and all documents describing Your position with Defendant(s), including but not limited to documents relating to Your job duties and/or job description.

4.      Any and all documents relating to Plaintiff, made, created, authored, composed, generated, or devised by You and/or any Person supervised, managed, employed, overseen, or directed by You.

5.      Any and all documents made, created, authored, composed, generated, or devised by You and/or any Person supervised, managed, employed, overseen, or directed by You relating to agreements and contracts with advertisers on site/domain-pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

6.      Any and all documents made, created, authored, composed, generated, or devised by You and/or any Person supervised, managed, employed, overseen, or directed by You and attributed to "Joanna Simpson" AKA "Joanna Clark Simpson".

7.      Any and all correspondence made, created, authored, composed, generated, or devised by You and/or any Person supervised, managed, employed, overseen, or directed by You, including but not limited to e-mails, with outside parties relating to advertisers on site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

8.      Any and all financial documents made, created, authored, composed, generated, or devised by You and/or any Person supervised, managed, employed, overseen, or directed by You, relating to payments made by Defendant(s), for activities including but not limited to advertisement and promotion of site/domain-pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

9.      Any and all financial documentsmade, created, authored, composed, generated, or devised by You and/or any Person supervised, managed, employed, overseen, or directed by You, relating to compensation of Defendant(s), for activities including but not limited to advertisement and promotion on site/domain-

pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

10.     Any and all reports, charts, spreadsheets, or other documents received, made, created, authored, composed, generated, or devised by You and/or any Person supervised, managed, employed, overseen, or directed by You, relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

11.     Any and all financial documents received, made, created, authored, composed, generated, or devised by You and/or any Person supervised, managed, employed, overseen, or directed by You, relating to revenue generated by visitor traffic on pissedconsumer.com.

12.     Any and all documents received, made, created, authored, composed, generated, or devised by You and/or any Person supervised, managed, employed, overseen, or directed by You, relating to Defendant's Terms of Service ("TOS"), including TOS in place at time each Roca Lab complaint made, if different from current TOS.

13.     Any and all documents relating to communications received, made, created, authored, composed, generated, or devised by You and/or any Person supervised, managed, employed, overseen, or directed by You, about Roca Labs, Inc., including but not limited to e-mails, faxes, letters, instant messages, internet chats, texts, social media communications, and records of telephone calls between You and any Person relating to Roca Labs

14.     A full and complete digital copy of all information contained on each social media profile site owned or maintained, made, created, authored, composed, generated, or devised by You and/or any Person supervised, managed, employed, overseen, or directed by You, on behalf of either or both Defendants and/or www.pissedconsumer.com, free of redaction and alteration.

15.     Produce a complete archive of the account for each social media site on which You owned or maintained, made, created, authored, composed, generated, or devised by You and/or any Person supervised, managed, employed, overseen, or directed

by You, on behalf of either or both Defendant and/or www.pissedconsumer.com, free of redaction and alteration

16.     Produce all social media posts made, created, authored, composed, generated, or devised by You and/or any Person supervised, managed, employed, overseen, or directed by You, relating to Plaintiff, free of redaction and alteration.

17.     Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es), phone number(s), location and IP address(es) of any and all people or entities responsible for creating and managing Twitter handle "@pissedconsumer."

18.     Any and all documents relating to Defendants' policies and procedures created, authored, composed, generated, or devised by You and/or any Person supervised, managed, employed, overseen, or directed by You, regarding Defendants' use of Twitter, including but not limited to, decision to tweet, re-tweeting, following, followers and starring tweets

19.     Any and all documents created, authored, composed, generated, or devised by You and/or any Person supervised, managed, employed, overseen, or directed by You, relating to policies and procedures regarding Defendants' use of Facebook, including but not limited to, decision to post, comment, friend, unfriend and like.

20.     Any and all financial documents relating to amounts received, paid and generated as a result of production, creation and/or use of social media, including but not limited to complaints on site/domain- pissedconsumer.com and all subdomains, blogs, tweets and Facebook postings.

21.     Any and all documents created, authored, composed, generated, or devised by You and/or any Person supervised, managed, employed, overseen, or directed by You, relating to Defendants use of a Search Engine Optimization ("SEO") services for site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

22.     Any and all documents created, authored, composed, generated, or devised by You and/or any Person supervised, managed, employed, overseen, or directed by You,

relating to policies and procedures regarding Defendant, Consumer Opinion Corp.'s use of SEO.

23.     Any and all financial documents relating to payments made by Defendant, Consumer Opinion Corp. for SEO services.

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Florida

| | | |
|---|---|---|
| ROCA LABS, INC., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   8:14-cv-2096-T-33EAJ |
| CONSUMER OPINION CORP. and | ) | |
| OPINION CORP. d/b/a | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                         Michael Podolsky

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  Fink & Carney Inc. 39 W. 37th Street, New York, NY 10018 | Date and Time:  06/06/2015 9:00 am |
|---|---|

The deposition will be recorded by this method:   Stenographic and Videographic

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See attached Schedule A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   May 29, 2015

*CLERK OF COURT*

                                        OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                    Paul Berger
                                                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Roca Labs, Inc.
_____ , who issues or requests this subpoena, are:

Paul Berger, Esq., Roca Labs, Inc., P.O. Box 7898, Delray Beach, FL 33482-7898, Legal5@rocalabs.com, 305-998-6150

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   8:14-cv-2096-T-33EAJ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | | Reset |

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
       **(i)** is a party or a party's officer; or
       **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
   **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
       **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
       **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**

   **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

       **(i)** fails to allow a reasonable time to comply;
       **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
       **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
       **(iv)** subjects a person to undue burden.
   **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
       **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
       **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
       **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
   **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
   **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
   **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
       **(i)** expressly make the claim; and
       **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

ROCA LABS, INC.,

      Plaintiff,                            Case No: 8:14-cv-2096-T-33EAJ

vs.

CONSUMER OPINION CORP. and

OPINION CORP. d/b/a

PISSEDCONSUMER.COM

      Defendants.

_____/

## NOTICE OF TAKING VIDEO DEPOSITION OF MICHAEL PODOLSKY AND TO PRODUCE DOCUMENTS

TO:    CLERK OF THE COURT
       COUNSEL FOR DEFENDANTS
       Marc Randazza
       3625 S Town Center Dr
       Las Vegas, NV 89135

PLEASE TAKE  NOTICE that pursuant to Federal Rule of Civil Procedure 45, the deposition upon oral examination of **Michael Podolsky** will be taken at Fink & Carney Inc. 39 W. 37th Street, New York, NY 10018 on Saturday, June 6, 2015, at 9:00 a.m. before a person authorized by the laws of the State of New York to administer oaths, and shall be recorded by stenographic and videographic means. The deposition shall continue from day to day, until concluded. At the deposition, the witness shall produce all documents set forth in Schedule A attached hereto.

Dated: May 29, 2015

                              Respectfully submitted,

/s/ Paul Berger
FL Bar No. 4413
Roca Labs, Inc.
P.O. Box 7898
Delray Beach, FL 33482-7898
Tel. 305-998-6150
Legal5@rocalabs.com
COUNSEL FOR PLAINTIFF

## **SCHEDULE A**

## **DEFINITIONS**

1. "You" or "Yours" refers to deponent, Michael Podolsky, and each of his affiliates, attorneys, accountants, employees, agents, representatives, and all persons acting or purporting to act on his behalf.

2. "Defendant" or "Defendants" refers to Opinion Corp. d/b/a pissedconsumer.com and Consumer Opinion Corp., collectively or individually and each of their affiliates, attorneys, accountants, employees, agents, representatives, and all persons acting or purporting to act on its behalf.

3. "Person" means any natural person or individual, and any and *all* legal entities, including without limitation, corporations, companies, firms, partnerships, joint ventures, proprietorships, associations, governmental bodies or agencies, or other form of business enterprise.

4. The terms "and" and "or" are terms of inclusion and not of exclusion and are to be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any documents or responses which might be otherwise construed to be outside the scope of these requests.

5. The term "any" includes "all," and the term "all" includes "any."

6. The singular of any term includes the plural of that term, and the plural includes the singular.

7. "Document," "Documents,"  "Record,"  or "Records" means the original and copies, identical or non-identical, of any handwritten, typewritten, printed, recorded or graphic matter of any kind, in the possession and/or control of you or your officers, agents, employees, or known to you to exist, however produced or reproduced, including specifically, but not exclusively, letters or other correspondence, telegraphs, telexes, memoranda, reports, summaries, logs, handwritten notes, corporate resolutions, minutes

of meetings, transcriptions of conversations, meetings or conferences or the like, tabulations, work papers, cost sheets, promissory notes, financial statements, sales records, contracts, agreements, orders, calendars, diaries, telephone call slips, or other telephone records, photographs, diagrams, schematic drawings, prints, slides, movies or any other pictorial representations, tape recordings, databases, computer inputs or outputs, e-mail messages, text messages, instant messaging, computer memory, computer disks, laser disks, CD-ROM disks, microfiche, microfilm, magnetic tapes, video tapes, recordings, motion pictures and photographs. When any database or other information on computer is requested, you should produce also any documents needed to test, analyze and operate the system. "Documents"shall also mean all copies or drafts of documents by whatever means made, including specifically, but not exclusively, those copies or drafts bearing commentary or notations not appearing on the original or final version.

8. "Relating to" and "relates to" mean, without limitation, relating to, concerning, constituting, mentioning, referring to, describing, summarizing, evidencing, listing, relevant to, demonstrating, tending to prove or disprove, or explain.

9. "Correspondence" means any letter, memorandum, or other writing, including electronically-stored e-mail transmissions sent or received.

10. "Communication" or "communications" includes, without limitation, in-person or telephone conversations, instant messaging, telegrams, telexes, tapes, social media postings/comments, or other sound recordings or means of transmitting information from one source to another.

11. "Social Media Site" includes, but is not limited to, Facebook, Twitter, Instagram, LinkedIn, Pinterest, Google+, and Tumblr websites, mobile sites, and applications.

## <u>DOCUMENT PRODUCTION</u>

1. Any and all documents reviewed by You in preparation for Your deposition in this case.

2. Any and all employment agreements between You and the Defendant(s).

3.      Any and all documents describing Your position with Defendant(s), including but not limited to documents relating to Your job duties and/or job description.

4.      Any and all documents relating to Plaintiff, made, created, authored, composed, generated, or devised by You and/or any Person supervised, managed, employed, overseen, or directed by You.

5.      Any and all documents made, created, authored, composed, generated, or devised by You and/or any Person supervised, managed, employed, overseen, or directed by You relating to agreements and contracts with advertisers on site/domain-pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

6.      Any and all documents made, created, authored, composed, generated, or devised by You and/or any Person supervised, managed, employed, overseen, or directed by You and attributed to "Joanna Simpson" AKA "Joanna Clark Simpson".

7.      Any and all correspondence made, created, authored, composed, generated, or devised by You and/or any Person supervised, managed, employed, overseen, or directed by You, including but not limited to e-mails, with outside parties relating to advertisers on site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

8.      Any and all financial documents made, created, authored, composed, generated, or devised by You and/or any Person supervised, managed, employed, overseen, or directed by You, relating to payments made by Defendant(s), for activities including but not limited to advertisement and promotion of site/domain-pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

9.      Any and all financial documentsmade, created, authored, composed, generated, or devised by You and/or any Person supervised, managed, employed, overseen, or directed by You, relating to compensation of Defendant(s), for activities including but not limited to advertisement and promotion on site/domain-

pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

10.     Any and all reports, charts, spreadsheets, or other documents received, made, created, authored, composed, generated, or devised by You and/or any Person supervised, managed, employed, overseen, or directed by You, relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

11.     Any and all financial documents received, made, created, authored, composed, generated, or devised by You and/or any Person supervised, managed, employed, overseen, or directed by You, relating to revenue generated by visitor traffic on pissedconsumer.com.

12.     Any and all documents received, made, created, authored, composed, generated, or devised by You and/or any Person supervised, managed, employed, overseen, or directed by You, relating to Defendant's Terms of Service ("TOS"), including TOS in place at time each Roca Lab complaint made, if different from current TOS.

13.     Any and all documents relating to communications received, made, created, authored, composed, generated, or devised by You and/or any Person supervised, managed, employed, overseen, or directed by You, about Roca Labs, Inc., including but not limited to e-mails, faxes, letters, instant messages, internet chats, texts, social media communications, and records of telephone calls between You and any Person relating to Roca Labs

14.     A full and complete digital copy of all information contained on each social media profile site owned or maintained, made, created, authored, composed, generated, or devised by You and/or any Person supervised, managed, employed, overseen, or directed by You, on behalf of either or both Defendants and/or www.pissedconsumer.com, free of redaction and alteration.

15.     Produce a complete archive of the account for each social media site on which You owned or maintained, made, created, authored, composed, generated, or devised by You and/or any Person supervised, managed, employed, overseen, or directed

by You, on behalf of either or both Defendant and/or www.pissedconsumer.com, free of redaction and alteration

16.     Produce all social media posts made, created, authored, composed, generated, or devised by You and/or any Person supervised, managed, employed, overseen, or directed by You, relating to Plaintiff, free of redaction and alteration.

17.     Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es), phone number(s), location and IP address(es) of any and all people or entities responsible for creating and managing Twitter handle "@pissedconsumer."

18.     Any and all documents relating to Defendants' policies and procedures created, authored, composed, generated, or devised by You and/or any Person supervised, managed, employed, overseen, or directed by You, regarding Defendants' use of Twitter, including but not limited to, decision to tweet, re-tweeting, following, followers and starring tweets

19.     Any and all documents created, authored, composed, generated, or devised by You and/or any Person supervised, managed, employed, overseen, or directed by You, relating to policies and procedures regarding Defendants' use of Facebook, including but not limited to, decision to post, comment, friend, unfriend and like.

20.     Any and all financial documents relating to amounts received, paid and generated as a result of production, creation and/or use of social media, including but not limited to complaints on site/domain- pissedconsumer.com and all subdomains, blogs, tweets and Facebook postings.

21.     Any and all documents created, authored, composed, generated, or devised by You and/or any Person supervised, managed, employed, overseen, or directed by You, relating to Defendants use of a Search Engine Optimization ("SEO") services for site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

22.     Any and all documents created, authored, composed, generated, or devised by You and/or any Person supervised, managed, employed, overseen, or directed by You,

relating to policies and procedures regarding Defendant, Consumer Opinion Corp.'s use of SEO.

23.     Any and all financial documents relating to payments made by Defendant, Consumer Opinion Corp. for SEO services.