Exhibit 2



Paul Berger Esq. <legal5@rocalabs.com>

---

## Roca Labs, Inc. v. Consumer Opinion Corp. - Postponement of Party Depositions
1 message

---

**Coleman, Ronald D.** <rcoleman@archerlaw.com>   Thu, Jun 4, 2015 at 4:08 PM
To: "Paul Berger Esq." <Legal5@rocalabs.com>, "Cynthia Koroll, MS,RN,JD" <legal6@rocalabs.com>
Cc: "Marc J. Randazza" <mjr@randazza.com>, "MacMull, Joel G." <jmacmull@archerlaw.com>

Please find the attached correspondence, which is self-explanatory.

**Ronald D. Coleman, Esq.**

Court Plaza South, West Wing
21 Main Street, Suite 353
Hackensack, NJ 07601-7095
Direct Dial: 201-342-6000
Fax: 201-342-6611
rcoleman@archerlaw.com
www.archerlaw.com



INFORMATION CONTAINED IN THIS E-MAIL TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS EMAIL, DO NOT READ, DISTRIBUTE OR REPRODUCE THIS TRANSMISSION (INCLUDING ANY ATTACHMENTS). IF YOU HAVE RECEIVED THIS E-MAIL IN ERROR, PLEASE IMMEDIATELY NOTIFY THE SENDER BY TELEPHONE OR EMAIL REPLY.

 12669282_1-c.pdf
154K



**Ronald D. Coleman**
*Member of New Jersey
and New York Bars*
rcoleman@archerlaw.com
201-342-6000 Direct

Court Plaza South, West Wing
21 Main Street, Suite 353
Hackensack, NJ 07601-7095
201-342-6000 Main
201-342-6611 Fax
**www.archerlaw.com**

June 4, 2015

**BY EMAIL**

Paul Berger, Esq.
Cynthia Koroll, Esq.
"Independent General Counsels"
Roca Labs, Inc.
P.O. Box 7898
Delray Beach, FL  33482

    Re:   Roca Labs, Inc. v. Consumer Opinion Corp.

Dear Paul and Cynthia:

    I write to inform you that in light our recent discussions we will not be producing witnesses for the scheduled party depositions currently scheduled for this coming weekend and early next week.  We will take the matter up with the Court promptly, but in light of the unavailability of the Magistrate Judge today (as Cynthia knows, we attempted to reach him to secure a ruling during the Schiavo deposition) we cannot put our clients at risk of abuse and harassment given plaintiff's refusal to address defendants' legitimate concerns.

    **Plaintiff's refusal to limit the use of deposition media beyond the litigation**

    As you recall, in an email earlier this week we advised plaintiff of our concerns about plaintiff's intention to videotape the depositions and asked if plaintiff would stipulate to limit the use of any media generated at the depositions to this litigation only.  Cynthia readily stipulated to this reasonable request by email, but wrote back a short time later advising that this agreement was withdrawn.

    We subsequently referred you to the opinion in *In re Daniels*, 69 F.R.D. 579; 1975 U.S. Dist. LEXIS 14606; 21 Fed. R. Serv. 2d (Callaghan) 774, where the court determined that while a videotaped deposition was appropriate, the procedure of taping and the use of the videotape were properly restricted by prohibiting the use of a zoom lens and requiring the court reporter must simply line up the camera straight ahead on the deponent without any angle shots so as to give a full frontal view of the witness and prohibiting "All parties and persons having access to the original and any copies thereof . . . from exhibiting or showing the tape to anyone other than

Paul Berger, Esq.
Cynthia Koroll, Esq.
June 4, 2015
Page 2

attorneys and others directly involved in the preparation and trial of this case, and after the trials are concluded, no other use shall be made of such tape." While this ruling is not controlling in this case, it demonstrates obvious judicial acknowledgment of the potential for mischief implicated by videotaped depositions as well as a reasonable approach to preventing abuse.

In light of this, we subsequently asked, by email, what use plaintiff intended to make of these videotapes other than in the course of this litigation or even related litigation involving the same parties. Plaintiff refused to answer this question. We then agreed, to avoid the need to postpone the deposition, to have the videographer hold the videotape in escrow until the court ruled on this subject. On further reflection, however, we emailed you again yesterday stating that we could proceed in this fashion only upon receipt of a written representation specifying the intended non-litigation use to which your client intends to put such materials or other reason it will not stipulate to limit the use of media generated by videotaping of these deposition to proper litigation purposes.

Plaintiff would still not provide these. Furthermore, during last night's meet and confer telephone conference, Paul stated that while he had no specific plans to make non-litigation use of these materials, he could not rule out the full range of possibilities in the future.

Ultimately we have concluded that a videographer, who is not a court officer or under the court's direct supervision, is not qualified to function as an escrow agent for this purpose; indeed, no effort has been made, to our knowledge, even to request that the videographer engaged by plaintiff undertake such responsibility, much less that such an agreement be memorialized and submitted to defendants for approval.

Considering our clients' legitimate privacy and proprietary interests, because of this refusal and the obvious inference that flows from it, defendants will not proceed with the depositions.

### **Skype streaming of the deposition**

There is a related issue which also prevents the depositions from proceeding until we get guidance from the court, namely plaintiff's advice that the depositions will be live-streamed via Skype for the benefit of certain non-party viewers, one or more of whom is presumably a potential witness in this case. This presents a number of problems.

First of all, the most obvious objection to this practice is that once the depositions would be broadcast in this fashion, any previously agreed limitations concerning the use of media focusing on the official videotape of the depositions would be rendered meaningless. Live-streamed media can easily be recorded from a remote computer. You have made no guarantee that this would not occur, and in any case such a guarantee would not be acceptable under the circumstances.

Separate and apart from the question of third parties who may be potential witnesses attending a deposition – even in person – the court in *Lumpkin v. Bi-Lo, Inc.*, 117 F.R.D. 451,

Paul Berger, Esq.
Cynthia Koroll, Esq.
June 4, 2015
Page 3

453-454 (M.D. Ga. 1987) ruled that Rule 615 of the Federal Rules of Evidence, mandating that a court exclude potential witnesses in a trial from being present while other witnesses are testifying, applies to depositions.  Moreover, the court in *Lumpkin* also ruled that while a district judge may exercise discretion in allowing more than one corporate representative to be present, such permission was not appropriate absent a showing of the necessity for the attendance of multiple representatives.  *Accord*, *In re Marks*, 135 B.R. 344, 345 (Bankr. E.D. Ark. 1991).

     We recognize that there is no court order in place, and that such an order is contemplated by Fed. R. Evid. 615.  On the other hand, we note that plaintiff's advice concerning its intended "audience" for these depositions and the use of Skype to broadcast the depositions to these persons did not allow defendants sufficient time to submit a motion for a protective order.  Despite repeated requests, you were unable to provide any legal precedent permitting an oral deposition to be broadcast live, via Skype or otherwise.  Our own research has revealed none.  Given the unlikelihood of resolution of such a motion between now and Saturday, the depositions will have to be postponed.

     Defendants will also seek a ruling regarding Mr. Berger's repeated insistence that plaintiff would not agree to at least make attempt to take both Fed. R. Civ. P. 30(b)(1) and 30(b)(6) testimony in the same deposition session or even on the same day, notwithstanding that the witnesses for both categories of question are the same people.  It is not debatable that parties and their counsel are obligated to minimize the cost and inconvenience to both parties and witness in conduction discovery, including depositions.  Considering that the questioning of these witnesses, regardless of whether deemed 30(b)(1) or 30(b)(6) testimony, should ultimately address the same narrow band of facts relevant to the claims and defenses in this matter, we will urge the court to require that every effort be made to consolidate the questioning as efficiently as effective interrogation will permit. See, *Hui Zeng v. Elec. Data Sys. Corp.*, 2007 U.S. Dist. LEXIS 67812, *10 (E.D. Va. Sept. 13, 2007) ("Plaintiff can show no authority requiring depositions in a witness's individual and corporate capacities be held separately").

     For the foregoing reasons, and pending the court's ruling on these matters, Messrs. Podolsky and Syrov will not be produced for depositions on the dates scheduled for deposition either in their personal capacities or as 30(b)(6) deponents; nor will any other 30(b)(6) designee appear until the court rules.

                                             Very truly yours,

                                             RONALD D. COLEMAN

cc:    Marc Randazza, Esq.
       Joel G. MacMull, Esq.

Paul Berger, Esq.
Cynthia Koroll, Esq.
June 4, 2015
Page 4


12669282v1