UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROCA LABS, INC.,

                            Case 8:14-cv-2096-T- 33EAJ

vs.

CONSUMER OPINION CORP. and
OPINION CORP. d/b/a
PISSEDCONSUMER.COM,
    Defendants.
_____

**PLAINTIFF ROCA LABS, INC. SUPPLEMENTAL RULE 26(a) DISCLOSURE**

Plaintiff, ROCA LABS, INC., by and through the undersigned counsel, provides this Supplemental Rule 26 (a) Disclosure pursuant to Federal Rule of Civil Procedure 26(a)(1).

    **(1)(A)  The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support their claims or defenses, unless solely for impeachment, identifying the subject of the information**:

**Rule 26(a)(1)(A)(i) and (ii)**

**Witnesses:**

1.    **Don Juravin** - c/o the undersigned counsel; Will testify to his background, training and experience regarding any role in which he has been employed by or contracted with or owned any element of the Plaintiff's company and products. Will describe the marketing process for the Roca Labs regimen and will testify to the ordering process, to the Terms and Agreements that were relevant to any purchase of any Roca product/regimen by any defense witness including a description of all interactions between Roca Labs and any consumer of Roca Labs product who is called as a witness for the defense in this case. Will testify to facts in opposition to any amended

defense filed by any Defendant. Will testify to his efforts to protect the reputation of Roca Labs from spurious reviews on PissedConsumer.com. Will testify to the damage and losses to Roca Labs including loss of reputation and all financial damages. Will testify in rebuttal to any comments or posting regarding the Roca Labs regimen as described anywhere on www.pissedconsumer.com as it relates to ROCA LABS.

2.   **George Whiting** - c/o the undersigned counsel; Will testify to his background, training and experience regarding any role in which he has been employed by or contracted with or owned any element of the Plaintiff's company and products. Will describe the marketing process for the Roca Labs regimen and will testify to the ordering process, to the Terms and Agreements that were relevant to any purchase of any Roca product/regimen by any defense witness including a description of all interactions between Roca Labs and any consumer of Roca Labs product who is called as a witness for the defense in this case. Will testify to facts in opposition to any amended defense filed by any Defendant. Will testify to his efforts to protect the reputation of Roca Labs from spurious reviews on PissedConsumer.com. Will testify to the damage and losses to Roca Labs including loss of reputation and all financial damages. Will testify in rebuttal to any comments or posting regarding the Roca Labs regimen as described anywhere will testify to the damage and losses to Roca Labs including reputation and financial damages.

3.   **Dr. Edwin Naglehout** will be called adversely by the Plaintiff and will testify consistent with his deposition testimony in his capacity a witness under Rule 26(a)(ii).

Defense expert Dr. Parisi will be called adversely as a witness by the Plaintiff and will testify consistent with his deposition testimony n his capacity a witness under Rule 26(a)(ii).

4.   **Jennifer Schaive**, will testify consistent with her deposition.

5.     **Michael Podolsky**, 1225 Franklin Avenue, Suite 325.339, Garden City, New York 11530. Michael Podolsky is an executive officer with Opinion Corp. and will testify regarding the Defendants' business practices and to the fabrication of a Media Relations Representative Joanna Simpson. Mr. Podlosky will testify to the terms and conditions required by www.pissedconsumer.com for any comment, complaint or post regarding the Plaintiff's products and will testify that all claims posted are factual and under the terms of service may only be posted by consumers who have actually purchased and utilized the Roca Labs regimen and therefore each claim posted is a statement of fact.

6.     **Alex Syrov**, 1225 Franklin Avenue, Suite 325.339, Garden City, New York 11530. Alex Syrov is an executive officer with Opinion Corp. and will testify regarding the company's business practices as previously disclosed by the Defendants. Alex Syrov will testify that all claims posted are factual and under the terms of service may only be posted by consumers who have actually purchased and utilized the Roca Labs regimen and therefore each claim posted is a statement of fact.

7.     **Ievgenia Grinchenko**, 61124 Kharakov, 176/8 Gagarina Ave, Unit 52, Ukraine. Ms. Grinchenko is a manager for Opinion Corp. and will be called to testify regarding business operations as previously disclosed by the Defendants. Witness Grinchenko will testify that all claims posted are factual and under the terms of service may only be posted by consumers who have actually purchased and utilized the Roca Labs regimen and therefore each claim posted is a statement of fact.

8.     **Klimushka Ganna**, 61183 Kharkov, 9a Roguirovaya Street, Unit 249. Mr. Ganna is a manager/moderator for Opinion Corp. and will be called to testify regarding business operations

and the moderating of postings as previously disclosed by the Defendants. Witness Ganna will testify that all claims posted are factual and under the terms of service may only be posted by consumers who have actually purchased and utilized the Roca Labs regimen and therefore each claim posted is a statement of fact.

9. **Tameka Anderson**, will be called to testify regarding her contractual agreements with Plaintiff and to authenticate any documents regarding her purchase of Roca Labs' product, her complaints to the Better Business Bureau and her interactions with customer service as a former customer of Roca Labs as previously disclosed by the Defendants. She will testify to the solicitation of her as a witness by Marc Randazza and to said solicitation occurring via the Better Business Bureau. She is expected to testify that she has never posted any review of any Roca product on www.pissedconsumer.com.

10. **Margaret Walsh,** will be called to testify regarding her contractual agreements with Plaintiff and to authenticate any documents regarding her purchase of Roca Labs' product, her complaints to the Better Business Bureau and her interactions with customer service as a former customer of Roca Labs as previously disclosed by the Defendants. She will testify to the solicitation of her as a witness by Marc Randazza and to said solicitation occurring via the Better Business Bureau. She is expected to testify that she has never posted any review of any Roca product on www.pissedconsumer.com.

11. **Dr. James DeStephens**, Northwest 41 Street, Gainesville, FL 32606 (352) 371-1804 will be called as an expert witness by the Plaintiff as previously disclosed and will testify consistent with his report as previously provided as Exhibit 1 to Plaintiff's Initial Expert Disclosures and reasonable colloaries to his report.

**12.** **Ron Rule**, 1754 Hawthorne Court, Oldsmar, FL 34677 (813) 545-2933, will testify to Plaintiff's damages via the dissemination of the claims on www.pissedconsumer.com as previously disclosed.

Plaintiff reserves the right to call any and all witnesses identified by Defendants in any and all disclosures. Defendants have failed to comply with discovery and Motion(s) to Compel same are pending. Should Defendants be ordered to comply by the Court, Plaintiff reserves the right to amend and supplement these disclosures based on documents and information received by Defendants through discovery, including depositions.

**(B) A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment:**

1. Each and every document produced by either party in discovery.

2. All documents received in response to any subpoena issued by any party in this case.

3. Each and every document attached to the Complaint.

4. Each and every pleading filed by either party in the case.

5. Each and every exhibit attached to any pleading filed in this case.

6. Each and every page of any deposition transcripts in this case.

7. Each and every video recording of testimony in this case.

8. Each and every demonstrative or marked exhibit for every deposition in the case.

9. All documents relating to communications between Defendants, defense counsel, and non-party witnesses, including expert witnesses, including electronic communications such as e-mails, instant messages, social media communications, and texts.

10. Each and every contract or any "click and agree" documents for the purchase of Roca Labs regimen completed by any witness listed by the defense.

11. All Roca Labs products, materials, or other items transferred to Marc Randazza by Jennifer Schaive or by any other non-party defense witness, including expert witnesses.

12. Every "screen shot" of any portion of the website known as www.pissedconsumer.com including all references related to the Plaintiff's products, regimen, marketing, business practices, personnel, legal counsel or other.

13. The terms and conditions of www.pissedconsumer.com.

14. All press releases or other documents purported to be authored by Joanna Simpson.

15. Mr. Podlosky's affidavit stating Joanna Simpson is fictitious.

16. All items referenced in any Rule 26(a)(2) disclosure of any party.

17. All demonstrative exhibits describing Roca Labs monetary damages or losses.

**(C) A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials based on the nature and extent of injuries suffered.**

Please see amended complaint and the disclosure of Mr. Juravin and Mr. Whiting.

**(D) For inspection and copying under Rule 34, any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the judgment.**

Plaintiff has no insurance relevant to this case.

DATED: June 15, 2015                              Respectfully Submitted,
                                                  /s/ Cynthia J. Koroll
                                                  Cynthia J. Koroll, Esq.
                                                  Trial Counsel

> Independent Counsel for Roca Labs, Inc.
> Admitted *Pro Hac Vice*
> 630 North Church Street
> Suite 202
> Rockford, Il, 61103
> 815-316-7554
> Legal6@rocalabs.com
>
>
> /s/ Paul Berger
> Paul Berger
> Counsel for Plaintiff
> FL Bar No. 4413
> Roca Labs, Inc.
> P.O. Box 7898
> Delray Beach, FL 33482-7898
> Tel. 305-998-6150
> Legal5@rocalabs.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 15, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a true and correct copy of the foregoing document is being served upon: Marc Randazza, Esq. and Ronald Coleman, Esq., counsel for Defendants, via transmission of Notices of Electronic Filing generated by CM/ECF.

> Respectfully Submitted,
> /s/ Cynthia J. Koroll
> Cynthia J. Koroll, Esq.
> Trial Counsel
> Independent Counsel for Roca Labs, Inc.
> Admitted *Pro Hac Vice*
> 630 North Church Street
> Suite 202
> Rockford, Il, 61103
> 815-316-7554
> Legal6@rocalabs.com