# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

ROCA LABS, INC.,

      Plaintiff,                               Case No: 8:14-cv-2096-T-33EAJ

vs.

CONSUMER OPINION CORP. and

OPINION CORP. d/b/a

PISSEDCONSUMER.COM,

      Defendants.

_____/

## PLAINTIFF, ROCA LABS, INC'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA DUCES TECUM OF NON-PARTY MARGARET WALSH

Pursuant to Federal Rules of Civil Procedure 30, 37 and 45 and Middle District Court of Florida 3.01 and 3.04, Plaintiff Roca Labs, Inc. (hereafter "Roca") moves to compel compliance with Subpoena *Duces Tecum* Non-Party Witness, Margaret Walsh's ("Walsh") failure to provide documents despite the Subpoena *Duces Tecum* ("Subpoena") issued for June 10, 2015 at 9:00 a.m. at P.O. Box 7898, Delray Beach, FL 33482-7898. Plaintiff seeks this Court to issue an Order requiring Walsh to show cause for her failure to comply. Roca seeks an order imposing sanctions and granting Roca various relief as detailed below. Furthermore, Roca moves the Court to compel the production of documents  and compliance with respective subpoenas *duces tecum* for same.

The subpoena directs Walsh to produce a defined set of documents that are highly relevant to the prosecution of the underlying action. (*See* **Exhibit A** Subpoena *Duces Tecum*). As set forth more fully below, Walsh has no good cause for the refusal to comply with the subpoena.

Furthermore, no motion to quash or for protective order was filed on Walsh's behalf. Defendants have failed to provide a timely response to the four Subpoena *Duces Tecum* and should not be permitted any objection at this time. The Court should strike any objections and documents should any be produced.

Plaintiff respectfully requests issuance of an Order, directing: (1) Walsh to show cause why she failed to comply with Subpoena, (2) immediate production of responsive documents produced to Plaintiff, (3) award sanctions in the form of attorneys' fees and costs incurred by Plaintiff in connection this motion; (4) order a limited extension of the June 15, 2015 discovery deadline to complete document review, and (5) any further relief as the Court deems appropriate. The grounds upon which Motion is based and the substantial matters are set forth hereinafter.[1]

## FACTS/PROCEDURAL HISTORY

1. Defendants included a Declaration of Margaret Walsh in Support of Defendants' Opposition to Plaintiff's Motion for Entry of Temporary Injunction. (*See* **Exhibit B** Declaration).

2. Walsh stated she purchased Plaintiff's product around February 2011 and issues with both product and Plaintiff ensued.

3. Walsh communicated with Plaintiff and the Better Business Bureau regarding the aforementioned issues.

4. Plaintiff disagrees with Walsh's unsupported position.

---

[1] Plaintiff is aware of the motion to compel formatting requirements mandated by Local Rule 3.04(a). Plaintiff respectfully submits that because Walsh failed to provide any objections or the documents requested, following the 3.04(a) format would create an unwieldy motion wherein each document request would be listed, only to be followed by a blank space where an objection would otherwise have gone. As the intent of Rule 3.04(a) is to provide clarity to the Court as to the specific items at issue, Plaintiff submits that, in this particular instance, that clarity is best provided by explaining the lack of objection and attaching the Notice of Subpoena Duces Tecum.

5. Plaintiff properly issued Subpoena on May 27, 2015 and same was properly served on June 1, 2015. (*See* **Exhibit C** Proof of Service).

6. The instant motion is based on Walsh's failure to produce documents requested in Subpoena, issued in compliance with FRCP 45.

7. The deadline for fact discovery in this case is today, June 15, 2015.

<u>**MEMORANDUM OF LAW**</u>

Pursuant to Local Rule 3.01(a), Rules of the Middle District of Florida, Plaintiff submits this Memorandum of Law in support of the Motion.

## I.    LEGAL STANDARD

### a.    Walsh was Obligated to Comply with the Subpoena.

"The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." FRCP 45(g).

### b.    Walsh Did Not File a Motion for a Protective Order and Has No Good Cause for Failure to Comply with the Subpoena.

The subpoenas required production of documents and Walsh failed to comply. She had no good faith basis for the failure to produce and as such should be held in contempt of court and sanctioned. This action is especially grievous in light of the pending discovery deadline. Walsh did not file a motion for a protective order in the instant case. Therefore, no good cause has been shown to excuse Walsh's failure to comply with the Subpoena. *See Makaeff v. Trump Univ., LLC (In re Subpoena Duces Tecum to Martin)*, Case No. 6:13-mc-102 (M.D. Fla. October 29, 2013)

As Walsh was obligated to comply with the Subpoena and failed to do so, it is proper for this Court to require Walsh to show cause why she should not be held in contempt and to compel document production.

### c. **Walsh was required to cooperate.**

Federal Rule of Civil Procedure 26(b)(1) provides "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." "The discovery process is designed to fully inform the parties of the relevant facts involved in their case." *U.S. v. Pepper's Steel & Alloys, Inc.*, 132 F.R.D. 695, 698 (S.D. Fla. 1990) (citing *Hickman v. Taylor,* 329 U.S. 495, 501 (1947)).

As Walsh was obligated to comply with the Subpoena and failed to do so, it is proper for this Court to require Walsh to show cause why she should not be held in contempt and to compel document production.

### d. **A Motion to Compel is Appropriate and all Documents Required Under the Subpoena *Duces Tecem* Should be Produced Immediately.**

Plaintiff was entitled to documents sought under the subpoena and Walsh was required to produce the documents. FRCP 45(e)(1)(A)(B). Walsh did not object to any *duces tecum* request (and to date have not made any objections) and therefore all objections are waived and Walsh should be required to immediately produce all documents. In accordance with provisions of Rule 34(b), Federal Rules of Civil Procedure Walsh's failure to assert any objections to the request for production within the time allowed for responding constitutes a waiver and preclude Walsh from asserting the objection in response to a motion to compel. All objections may also be deemed

waived if the recipient fails to serve its objections in a timely fashion (see *United States ex rel. Schwartz v. TRW, Inc., 211 F.R.D. 388 (C.D. Cal. 2002)* and *Application of Sumar, 123 F.R.D. 467, 472 (S.D.N.Y. 1988))*.

Walsh's refusal to produce obviously deprived the Plaintiff of the opportunity to examine these documents. These documents are essential and are necessary for the prosecution of this matter. Each document may have related to the depositions of the Rule 26(a)(2) experts for the defense and the Plaintiff may be harmed by an inability to examine the documents before the depositions.

Walsh failed to provide a timely response to the Subpoena and should not be permitted any objection at this time. The Court should strike any objections and documents should be produced immediately.

### e.    A Motion to Compel is Appropriate and Sanctions Should be Awarded.

Federal Rule of Civil Procedure 37, "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R Civ. P. 37(a)(3)(B)(iii). A motion to compel may be brought under Rule 37 to seek Rule 30(b)(6) deposition testimony. *See* Fed. R. Civ.  P. 37(a)(3)(B)(ii) & (a)(3)(C). The Court may also grant attorney's fees and expenses to the movant upon the granting of a motion to compel. *See* Fed. R. Civ. P. 37(a)(5)(A). This motion is timely under the Court's Case Management Order.

Rule 37, Federal Rules of Civil Procedure, provides that if a party must seek relief from the Court to compel a recalcitrant party to respond, the moving party may be awarded reasonable expenses including attorney's fees incurred in compelling the responses. Rule 37 is enforced in this district. Further, if a Court order is obtained compelling discovery, unexcused failure to

comply with such an order is treated by the Court with special gravity and disfavor. (See Discovery Practice Manual Middle District of Florida, Rev. 2014, pg. 3)

Plaintiff had a properly issued Subpoena on May 27, 2015 and same was properly served on June 1, 2015. FRCP 37 (2)(d)(1)(A)(1) provides for sanctions and sanctions are appropriate. Plaintiff requests that the Court enforce the rules and order sanctions as appropriate.

## CERTIFICATE OF GOOD FAITH
## COMPLIANCE WITH LOCAL RULE 3.01(g)

In accordance with Local Rule 3.01(g), counsel for Plaintiff has conferred with counsel for Defendants regarding the substance of the instant Motion. In addition, Plaintiff's counsel has conferred with Margaret Walsh who stated she did not want to have any involvement with this litigation, including any obligation to provide documentation.

## II.    CONCLUSION

Wherefore, the Plaintiff seeks:

a. Entry of order granting this Motion to Compel;

b. Enter an order compelling Walsh to produce documents within ten (10) days from entry of this Court's Order;

c. Enter an order awarding sanctions to Plaintiff Roca Labs, Inc. and against Walsh in the amount of Roca Labs, Inc. attorneys' fees and costs incurred in bringing this Motion; and

d. Grant all such further relief as this Court deems just and appropriate.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on June 15, 2015, I filed a true and accurate copy of the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

/s/ Paul Berger
FL Bar No. 4413
Roca Labs, Inc.
P.O. Box 7898
Delray Beach, FL 33482-7898
Tel. 305-998-6150
Legal5@rocalabs.com

Counsel for Plaintiff

# EXHIBIT A

Subpoena *Duces Tecum*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Florida

| | |
|---|---|
| ROCA LABS, INC., | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   8:14-cv-2096-T-33EAJ |
| CONSUMER OPINION CORP. and OPINION CORP. d/b/a PISSEDCONSUMER.COM | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    MARGARET WALSH

*(Name of person to whom this subpoena is directed)*

☛ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A.

| Place: P.O. Box 7898, Delray Beach, FL 33482-7898 | Date and Time: <br> 06/10/2015 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      05/27/2015

| | | |
|---|---|---|
| *CLERK OF COURT* | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Roca Labs, Inc.
_____ , who issues or requests this subpoena, are:

Paul Berger, Esq., P.O. Box 7898, Delray Beach, FL 33482-7898, Legal5@rocalabs.com, 305-998-6150

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   8:14-cv-2096-T-33EAJ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | | Reset |

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

ROCA LABS, INC.,

      Plaintiff,                             Case No: 8:14-cv-2096-T-33EAJ

Vs.

CONSUMER OPINION CORP. and
OPINION CORP. d/b/a
PISSEDCONSUMER.COM

      Defendants.

_____/

## SUBPOENA *DUCES TECUM*

**TO:**   **Margaret Walsh**
        1028 E. Juneau Ave. #525
        Milwaukee, Wisconsin 53202

    **TAKE NOTICE**: Pursuant to Rule 45(a)(2) and (D) of the Federal Rules of Civil Procedure, the attached subpoena duces tecum will be served on Margaret Walsh ("Walsh"), requiring Walsh to produce documents.

    **YOU ARE HEREBY ORDERED** to produce to the offices of  Paul S. Berger, Esq., P.O. Box 7898, Delray Beach, FL 33482-7898, no later than June 10, 2015, at 9:00 a.m. or at such other time and place agreed upon, all of the documents and things in your possession, custody, or control that are listed and described in Schedule A attached hereto. Such production will be for the purpose of inspection and copying, as desired.

                     Date: May 7, 2015
                     /s/ Paul Berger
                     FL Bar No. 4413
                     Roca Labs, Inc.
                     P.O. Box 7898
                     Delray Beach, FL 33482-7898

Tel. 305-998-6150
Legal5@rocalabs.com

**DEFINITIONS**

1. The terms "Walsh", "you", or "your" refers to MARGARET WALSH and each of her affiliates, attorneys, accountants, employees, agents, representatives, and all persons acting or purporting to act on her behalf.

2. "Person" means any natural person or individual, and any and *all* legal entities, including without limitation, corporations, companies, firms, partnerships, joint ventures, proprietorships, associations, governmental bodies or agencies, or other form of business enterprise.

3. The terms "and" and "or" are terms of inclusion and not of exclusion and are to be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any documents or responses which might be otherwise construed to be outside the scope of these requests.

4. The term "any" includes "all," and the term "all" includes "any."

5. The singular of any term includes the plural of that term, and the plural includes the singular.

6. "Document" shall have the broadest meaning and scope ascribed under Rule 34 of the Federal Rules of Civil Procedure, and include all tangible things which come within the meaning of the terms "writings and recordings," as used in Federal Rule of Evidence 1001 and all electronically stored information. A draft or non-identical copy is a separate document within the meaning of this term. Document includes all inclusive material in the possession, custody, or control of the party.

7. "Relating to" and "relates to" mean, without limitation, relating to, concerning, constituting, mentioning, referring to, describing, summarizing, evidencing, listing, relevant to, demonstrating, tending to prove or disprove, or explain.

8. "Correspondence" means any letter, memorandum, or other writing, including electronically-stored e-mail transmissions sent or received.

9. "Communication" or "communications" includes, without limitation, in-person or telephone conversations, instant messaging, telegrams, telexes, tapes, social media postings/comments, or other sound recordings or means of transmitting information from one source to another.

10. "Roca Labs, Inc." or "Roca Labs" includes Roca Labs, Inc., Roca Labs Nutraceuticals USA, Inc., rocalabs.com, and its subsidiaries, affiliates, agents, employ

11.     ees, attorneys, contractors,  representatives, and any and all persons or entities acting on behalf of said entities.

12.     "Defendants" includes Opinion Corp., Consumer Opinion Corp., pissedconsumer.com, and the subsidiaries, affiliates, agents, employees, attorneys, contractors,

representatives, and any and all persons or entities acting on behalf, or purporting to act on behalf, of said entities.

13.     "Product" or "the Product" includes and all items and services obtained from Roca Labs, Inc.

14.     "Social Media Site" includes, but is not limited to, Facebook, Twitter, Instagram, LinkedIn, Pinterest, Google+, and Tumblr websites, mobile sites, and applications.

## SCHEDULE A

1.  Any and all documents relating to any and all purchases from Roca Labs, Inc. including but not limited to receipts, invoices, e-mail confirmation, correspondence, credit card and/or bank statements, and/or proof of purchase.

2.  Photographs of the Product.

3.  Any and all documents relating to communications with Roca Labs, Inc., including but not limited to e-mails, faxes, letters, instant messages, internet chats, texts, social media communications, and records of telephone calls to/from Roca Labs, Inc.

4.  Documents relating to the Terms and Conditions from Roca Labs, Inc. in place at the time of your purchase of the Product.

5.  Documents relating to any and all contracts or agreements between You and Roca Labs.

6.  Any and all documents provided by you to Roca Labs including but not limited to medical records, questionnaires, surveys, and photographs.

7.  Any and all documents relating to communications with Defendants including but not limited to e-mails, letters, reports, faxes, letters, instant messages, internet chats, texts, records of telephone calls to/from Defendants, social media communications, and comments on blog posts, articles, and social media postings of Defendants.

8.  Documents relating to any and all agreements between you and Defendants.

9.  Any and all documents relating to communications with any person or entity including but not limited friends, family members, co-workers, members of the media, internet bloggers, social media posts, investigators, businesses, and governmental agencies, regarding Roca Labs. "Documents" includes, but is not limited to e-mails, reports, faxes, letters, instant messages, internet chats, texts, social media communications, internet posts, and telephone records.

10. Your medical records for the past five (5) years.

11. Documents relating to your employment for the past five (5) years.

12. If currently married, a copy of your marriage certificate.

13. Any and all documents relating to attempts to lose weight for the past (5) years, including but not limited to, receipts, invoices, and proof of purchase for weight loss products, exercise programs and equipment, photographs of weight loss products purchased by you or for you, medical and pharmacy records relating to weight loss attempts, and communications with third parties relating to your weight loss attempts.

14. A full and complete digital copy of all information contained on each social media profile site owned or maintained by you, free of redaction and alteration.

15. Produce a complete archive of your account between the dates of January 2011 to present for each social media site on which you had a profile during those dates.This archive can be obtained as described below, under the section entitled How to Retrieve Social Media Data..

16. Produce printed pages of the entire content of all blogs, logs, link logs, sketch blogs, photo blogs, tumble logs or art logs that you, or anyone with any knowledge of the facts and circumstances underlying the allegations in your declaration filed in this case, have added content to since January 1, 2011. Also produce drafts, if any, of any blogs that you created before posting them online.

17. Produce all documents relating to your participation in any business or social networking site, including but not limited to Facebook, Twitter, Instagram, Pinterest, and any others, including printouts of all historical content, including posts, comments and photographs.

18. Produce any profile posting or message, including status updates, Tweets, wall comments, timeline posts, causes joined, groups joined, activity streams, blog entries and/or social networking site applications relating to you, for the period from January 1, 2011, through the present, that reveals, refers to, or relates to your emotions, feelings, or mental state.

## How to Retrieve Social Media Data

**Facebook**

- ■ **Your Facebook Account**: Most of your data is available to you simply by logging into your account. For example, your Timeline contains posts you have shared on Facebook, along with comments and other interactions from people. Additionally, you can find your message and chat conversations by going to your inbox, or photos and videos you have added or been tagged in by going to those sections of your Timeline.

- **Activity Log**: Within your account, your activity log is a history of your activity on Facebook, from posts you have commented on or liked, to apps you have used, to anything you have searched for.Learn more.
- **Download Your Info**: This includes a lot of the same information available to you in your account and activity log, including your Timeline info, posts you have shared, messages, photos and more. Additionally, it includes information that is not available simply by logging into your account, like the ads you have clicked on, data like the IP addresses that are logged when you log into or out of Facebook, and more. To download your information, go to your Settings and click **Download a copy of your Facebook data**.
- https://www.facebook.com/help/405183566203254

**Twitter:** Twitter has a function that allows users to download all of their Tweets. Information relating to this process is available under Twitter's settings. Users can go into their settings, and under "Content" go to "Your Twitter Archive" and click "Request your archive." Once there, users can request a file containing all their information, going all the way back to their first Tweet. After requesting the file, a link will be emailed to the user's email address listed on their Twitter account. The Tweets also contain date stamps, or metadata, on the Tweet itself, so the information regarding when the Tweet was posted is readily available.

**Instagram:** Instagram is associated with a third-party application called Instaport, which helps users download their photographs. Users can sign into Instagram, choose an export option and then download their photos. The application allows users to save and back up their photographs outside of Instagram. The user's Instagram account stays intact throughout the process of backing up the photos.

# EXHIBIT B

Declaration of Margaret Walsh

# EXHIBIT 5
# Declaration of Margaret Walsh

DocuSign Envelope ID: 2EBE11B4-8624-48BD-9C0E-9F32E1A075CC

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ROCA LABS, INC.,                                    Case No:  8:14-cv-2096-T-33EAJ

       Plaintiff,

   v.

CONSUMER OPINION CORP. and
OPINION CORP.,

       Defendants.

_____/


**DECLARATION OF MARGARET WALSH IN SUPPORT OF DEFENDANTS'**
**OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF A TEMPORARY**
**INJUNCTION**

      I, Margaret Walsh, having personal knowledge of the matters set forth herein and being competent to testify about them if called to do so at trial, state as follows:

1.     I am over 18, and a resident of Milwaukee, Wisconsin.

2.     Around February 2011, I purchased a product sold by Plaintiff Roca Labs, Inc. ("Roca") online, described by Roca as a "nutraceutical" that would be effective in helping me lose weight.

3.     I paid approximately $400 for the product.

4.     While purchasing Roca's product, I was not aware of the availability of a discount on the product if I agreed to the entirety of Roca's Terms and Conditions of Use, including conditions that prohibited me from publishing negative statements about Roca or its products or prohibiting me from returning the product if it did not work.  I simply purchased the only product available on the website.

5.      Upon receiving Roca's product, the box was damaged, poorly packaged, and did
not provide any additional information about the product.

6.      I used the Roca product for a few weeks.  However it tasted horrible.

7.      Also, the entire time I used Roca's product, I had severe stomach cramps and
diarrhea.

8.      After using Roca's product and having such terrible stomach pain and
discomfort, I contacted Roca's customer support service and attempted to return
the product.

9.      I spent weeks making numerous calls to Roca's customer service.  No one was
helpful, and I was told that I was not allowed to return the product because I
opened the package.

10.     I would not have purchased the Roca product if I knew that I would not be able
to return the product after spending $400 on it, if I was dissatisfied with how the
product worked, and if it caused health problems for me.

11.     On or around March 9, 2011, I contacted the Better Business Bureau ("BBB")
and submitted a complaint concerning Roca's product and non-responsive
customer service.  Attached as Exhibit A to this declaration is a copy of the
complaint I filed with the BBB.

12.     I also wrote a letter to George C. Whiting, whom I believed to own Roca Labs,
to complain about the product and about customer service.  Attached as Exhibit
B to this declaration is my letter to George C. Whiting.

13.     On April 29, 2011, I received notice via email from the Better Business Bureau
that Roca Labs had responded to my BBB complaint and that my complaint

would be closed if I did not advise them of my position by May 9.  Attached as Exhibit C to this declaration is the email from the BBB.

14.     On May 13, my BBB complaint was closed. *See* Exhibit A.  I have still received no resolution.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

Executed this 18th day of September, 2014, in Milwaukee, WI.

_____
Margaret Walsh

DocuSign Envelope ID: 2FBE11B4-8624-48BD-9C0E-9F32E1A075CC

# EXHIBIT A

# BBB CASE#: 67194137

| Complaint filed by: | Margaret Walsh **(More)** |
|---|---|
| Complaint filed against: | Roca Labs, Inc. **(More)** |
| Complaint status: | Case ADMINISTRATIVELY CLOSED **(More)** |
| Case Description: | Roca Labs, Inc. Mini Gastric Bypass No Surgery,mentions product works 90% of the time.Received product on 2/4/11, no instructions were in the box. went on line to read the instructions and terms of agreement. I was billed $400.00 and none of their advertised claims were true. Followed directions explicitly, did not lose a pound. They state you will lose about 15 lbs in a month. No hunger, stomach capacity will shrink down to 20% etc. None of their claims were true. The return agreement goes on and on stating since 90% is successful, if a refund occurs, only unopened items and 15% restock fee and $25.00 shipping charges. Right after I take the product, followed by 3 cups of water, it immediately gets expelled through bowel movement. The product has no effect on me. Therefore I am requesting total refund of $400.00, They sent me 5 packages, 3 are still unopened. Nonetheless, because of false advertising and misleading the public for such an outrageous amount, I must insist on full refund of $400.00 and I will return all of the products. Thank you for your help in this matter. **(Less)** |
| Category: | Refund or Exchange Issues |
| Case opened date: | 03/09/2011 |
| Case closed date: | 05/13/2011 |
| Desired Resolution: | I must insist on full refund of $400.00 After following directions lost not one pound. All their claims were false and misleading. They mention 90% success rate. Their terms and agreement states, if a refund should occur, only unopened packages will be credited and a 15% restocking charge and $25.00 shipping charges will be added. They sent 5 packages, 3 are unopened. I want my refund of $400.00 back as the product did nothing except make me expel it immediately upon taking it. Again, I have not lost a single pound and cannot take this product. I want to send them back all of the 5 packages for my $400.00 **(Less)** |

**Download a copy of this complaint so you can print it for your records**

*** This complaint has been closed. If you have more information to provide to the bureau regarding this complaint, please click **here**.

In an effort to improve our customer service, please take a moment to complete a BBB survey by using the following link: **www.westflorida.bbb.org/survey** ***

## All attachments for this complaint.

NOTE: You may need **Adobe Reader** and/or **WinZip** to view these files:

Please click on the link(s) below to view attachments or response:

**Receive Business Response (04/19/2011)** 

DocuSign Envelope ID: 2FBE11B4-8624-48BD-9C0E-9F32E1A075CC

# EXHIBIT B

DocuSign Envelope ID: 2FBE11B4-8624-48BD-9C0E-9F32E1A075CC

**From:** margaret walsh <next2art@yahoo.com>
**Date:** March 20, 2011 at 10:11:44 PM CDT
**To:** Nina Brewerton <nbrewerton@bbbwestflorida.org>
**Cc:** Margret Walsh <next2art@yahoo.com>
**Subject: Case # 67194137  ID 90092885  Roca Labs, Inc.**

Dear Nina,

I want to thank you for your kind effort and cooperation on my behalf in this matter.
I gave the product another try like you suggested and again it failed dismally.  So this is a copy of the letter I am sending to the officer of Roca Labs, Inc.
George C. Whiting.

George C. Whiting
Roca Labs, Inc.
4001 W. Henry Ave. Ste. 306
Tampa, FL 33614

Dear Mr. Whiting,

Thank you for reading this letter and giving it your full attention.  According to your terms and agreement no refund is given if package has been opened.  That statement
appears illogical as how would anyone know if the product worked or not without opening the package and trying it.  Also mentioned no refund if opened was posted on the
outside of the package.  There was no such posting on the outside of the package.  Furthermore, whoever sent out the package did not include any instructions as to how to
take the product and the package arrived in very damaged condition.  The tape was partially sealed and the package was torn, almost opened at the bottom.  This indicates
poor merchandise handling and poor shipping control.  I called to inform about the condition of the package as well as no instructions were given  in the package,   An
apology was given for the package and I was told to get my instructions on-line.
On numerous occasions to Customer Care Dept. I mentioned  after following the guidelines and instructions on line to a tee, the results failed dismally.  It did nothing the
advertisement claimed., that one would eat half,and cravings would be lowered and stomach would reduce to 20% capacity, thereby reaching significant weight loss.  90%
success rate is claimed and the rest blamed on emotional or psychological cause of some sort.  I have no emotional or psychological issues.
The product did not work and I did not lose any weight, not even a pound.  No products work for everyone, that is why diet products are backed by 100% satisfaction
guaranteed, money back.
Your courtesy refund of $120.00 is not acceptable.  I hereby request reimbursement in full of all money paid to you.  Due to the lack of success of your product, it is ethically
imperative you honour my request.

A copy of this letter is sent to Ms. Nina Brewerton at BBB.

Very truly yours,
Margaret Walsh

A copy of this letter is sent to Ms. Nina Brewerton at BBB.

On



DocuSign Envelope ID: 2FBE11B4-8624-48BD-9C0E-9F32E1A075CC

# EXHIBIT C

DocuSign Envelope ID: 2EBE11B4-8624-48BD-9C0E-9F32E1A075CC

**From:** "Better Business Bureau" <clearwater.tay@bureaudata.com>
**Date:** April 29, 2011 at 7:06:03 AM CDT
**To:** "Mrs Margaret Walsh" <next2art@yahoo.com>
**Subject: BBB Complaint Case#67194137(Ref#1-90092885-67194137-17-4100)**
**Reply-To:** "Better Business Bureau" <clearwater.tay@bureaudata.com>

Complaint ID#: 67194137
Business Name: Roca Labs Inc

The Better Business Bureau has received an additional response from the company regarding
your complaint. The company's response to your complaint can be viewed at the following website
address. You will be able to enter your response directly on our website:

**http://westflorida.app.bbb.org/complaint/view/67194137/c/9yuy9p**

Please review the company's response to your complaint and advise us of your position in the
matter by **May 9, 2011**. If the Bureau does not receive a response, your complaint will close as
Assumed Satisfied.

Sincerely,


Tawnia Yovanovich
Trade Practice Specialist ext. 3319

# EXHIBIT C

Proof of Service

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  8:14-cv-2096-T-33EAJ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Margaret Walsh
on *(date)* 5-29-15.

☒ I served the subpoena by delivering a copy to the named person as follows:

Margaret Walsh

on *(date)* 6-1-15 ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$

My fees are $ _____0_____ for travel and $ _____50.00_____ for services, for a total of $ 50.00 .

I declare under penalty of perjury that this information is true.

Date: 6-1-15

_____
Server's signature

Kurt J. Schultz            Process Server
Printed name and title

3556 S. 48 St , Greenfield, WI
Server's address

Additional information regarding attempted service, etc.:

[ Print ]   [ Save As... ]   [ Add Attachment ]                    [ Reset ]

Paul Berger, Esq.

**Professional Process Servers, Inc.**
5631 S. 19th Street
Milwaukee, WI 53221

INVOICE NO. 150601105150

STATE OF FLORIDA
COUNTY

## AFFIDAVIT OF PERSONAL SERVICE

**CASE NAME:**   Roca Labs, Inc.,                    **VS**   Consumer Opinion Corp. and Opinion Corp. d/b/a
                                                              Pissedconsumer.com

**CASE NUMBER:**   8:14-cv-2096-T-33EAJ

**DOCUMENTS TO BE SERVED:**

SUBPOENA TO PRODUCE DOCUMENTS INFORMATION OR OBJECTS OR TO PERMIT INSPECTION OF
PREMISES IN A CIVIL ACTION
SUBPOENA DUCES TECUM

**PERSON SERVED:**                Margaret Walsh

**ADDRESS WHERE SERVED:**        1028 E. Juneau Ave., #525, Milwaukee, WI.

**DATE AND TIME OF SERVICE:**    6-1-15  9:01am

**OTHER PERTINENT INFORMATION:**

I certify that I am an adult resident of the State of Wisconsin, not a party to this action, and
that I served the document upon the person at the place on the date and at the time stated above.

SIGNATURE: _____

**PROCESS SERVER'S NAME:**     Kurt J. Schultz

State of Wisconsin
County of Milwaukee
Subscribed and sworn to before me
this _____ day of _____, 2015

Addison
A.
Beste

Notary Public, State of Wisconsin
My Commission Expires: 9/4/15

**FEE FOR SERVICE $50.00**

Paul Berger, Esq.

**Professional Process Servers, Inc.**
**5631 S. 19th Street**
**Milwaukee, WI 53221**

INVOICE NO. 150601105150

STATE OF FLORIDA
COUNTY

## AFFIDAVIT OF PERSONAL SERVICE

**CASE NAME:**   Roca Labs, Inc.,

**VS**   Consumer Opinion Corp. and Opinion Corp. d/b/a Pissedconsumer.com

**CASE NUMBER:**   8:14-cv-2096-T-33EAJ

INVOIC

**DOCUMENTS TO BE SERVED:**

SUBPOENA TO PRODUCE DOCUMENTS INFORMATION OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION
SUBPOENA DUCES TECUM

**PERSON SERVED:**   Margaret Walsh

**ADDRESS WHERE SERVED:**   1028 E. Juneau Ave., #525, Milwaukee, WI.

**DATE AND TIME OF SERVICE:**   6-1-15  9:01am

**OTHER PERTINENT INFORMATION:**

I certify that I am an adult resident of the State of Wisconsin, not a party to this action, and that I served the document upon the person at the place on the date and at the time stated above.

**SIGNATURE:** _____

**PROCESS SERVER'S NAME:**   Kurt J. Schultz

State of Wisconsin
County of Milwaukee
Subscribed and sworn to before me
this _____ day of _____, 2015

**FEE FOR SERVICE $50.00**

_____
Notary Public, State of Wisconsin
My Commission Expires: _____

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

|  |  |  |
|---|---|---|
| ROCA LABS, INC., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   8:14-cv-2096-T-33EAJ |
| CONSUMER OPINION CORP. and OPINION CORP. d/b/a PISSEDCONSUMER.COM | ) ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    MARGARET WALSH

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A.

| Place: P.O. Box 7898, Delray Beach, FL 33482-7898 | Date and Time: |
|---|---|
| | 06/10/2015 9:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   05/27/2015

CLERK OF COURT

                                              OR

_____                    _____
    *Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Roca Labs, Inc.
_____ , who issues or requests this subpoena, are:

Paul Berger, Esq., P.O. Box 7898, Delray Beach, FL 33482-7898, Legal5@rocalabs.com, 305-998-6150

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ROCA LABS, INC.,

      Plaintiff,                      Case No: 8:14-cv-2096-T-33EAJ

Vs.

CONSUMER OPINION CORP. and
OPINION CORP. d/b/a
PISSEDCONSUMER.COM

      Defendants.
_____/

## SUBPOENA *DUCES TECUM*

**TO:**   **Margaret Walsh**
       1028 E. Juneau Ave. #525
       Milwaukee, Wisconsin 53202

     **TAKE NOTICE:** Pursuant to Rule 45(a)(2) and (D) of the Federal Rules of Civil

Procedure, the attached subpoena duces tecum will be served on Margaret Walsh ("Walsh"),

requiring Walsh to produce documents.

     **YOU ARE HEREBY ORDERED** to produce to the offices of  Paul S. Berger, Esq.,

P.O. Box 7898, Delray Beach, FL 33482-7898, no later than June 10, 2015, at 9:00 a.m. or at

such other time and place agreed upon, all of the documents and things in your possession,

custody, or control that are listed and described in Schedule A attached hereto. Such production

will be for the purpose of inspection and copying, as desired.

                               Date: May 7, 2015
                               /s/ Paul Berger
                               FL Bar No. 4413
                               Roca Labs, Inc.
                               P.O. Box 7898
                               Delray Beach, FL 33482-7898

Tel. 305-998-6150
Legal5@rocalabs.com

## DEFINITIONS

1. The terms "Walsh", "you", or "your" refers to MARGARET WALSH and each of her affiliates, attorneys, accountants, employees, agents, representatives, and all persons acting or purporting to act on her behalf.

2. "Person" means any natural person or individual, and any and *all* legal entities, including without limitation, corporations, companies, firms, partnerships, joint ventures, proprietorships, associations, governmental bodies or agencies, or other form of business enterprise.

3. The terms "and" and "or" are terms of inclusion and not of exclusion and are to be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any documents or responses which might be otherwise construed to be outside the scope of these requests.

4. The term "any" includes "all," and the term "all" includes "any."

5. The singular of any term includes the plural of that term, and the plural includes the singular.

6. "Document" shall have the broadest meaning and scope ascribed under Rule 34 of the Federal Rules of Civil Procedure, and include all tangible things which come within the meaning of the terms "writings and recordings," as used in Federal Rule of Evidence 1001 and all electronically stored information. A draft or non-identical copy is a separate document within the meaning of this term. Document includes all inclusive material in the possession, custody, or control of the party.

7. "Relating to" and "relates to" mean, without limitation, relating to, concerning, constituting, mentioning, referring to, describing, summarizing, evidencing, listing, relevant to, demonstrating, tending to prove or disprove, or explain.

8. "Correspondence" means any letter, memorandum, or other writing, including electronically-stored e-mail transmissions sent or received.

9. "Communication" or "communications" includes, without limitation, in-person or telephone conversations, instant messaging, telegrams, telexes, tapes, social media postings/comments, or other sound recordings or means of transmitting information from one source to another.

10. "Roca Labs, Inc." or "Roca Labs" includes Roca Labs, Inc., Roca Labs Nutraceuticals USA, Inc., rocalabs.com, and its subsidiaries, affiliates, agents, employ

11. ees, attorneys, contractors, representatives, and any and all persons or entities acting on behalf of said entities.

12. "Defendants" includes Opinion Corp., Consumer Opinion Corp., pissedconsumer.com, and the subsidiaries, affiliates, agents, employees, attorneys, contractors,

representatives, and any and all persons or entities acting on behalf, or purporting to act on behalf, of said entities.

13.    "Product" or "the Product" includes and all items and services obtained from Roca Labs, Inc.

14.    "Social Media Site" includes, but is not limited to, Facebook, Twitter, Instagram, LinkedIn, Pinterest, Google+, and Tumblr websites, mobile sites, and applications.

### SCHEDULE A

1. Any and all documents relating to any and all purchases from Roca Labs, Inc. including but not limited to receipts, invoices, e-mail confirmation, correspondence, credit card and/or bank statements, and/or proof of purchase.

2. Photographs of the Product.

3. Any and all documents relating to communications with Roca Labs, Inc., including but not limited to e-mails, faxes, letters, instant messages, internet chats, texts, social media communications, and records of telephone calls to/from Roca Labs, Inc.

4. Documents relating to the Terms and Conditions from Roca Labs, Inc. in place at the time of your purchase of the Product.

5. Documents relating to any and all contracts or agreements between You and Roca Labs.

6. Any and all documents provided by you to Roca Labs including but not limited to medical records, questionnaires, surveys, and photographs.

7. Any and all documents relating to communications with Defendants including but not limited to e-mails, letters, reports, faxes, letters, instant messages, internet chats, texts, records of telephone calls to/from Defendants, social media communications, and comments on blog posts, articles, and social media postings of Defendants.

8. Documents relating to any and all agreements between you and Defendants.

9. Any and all documents relating to communications with any person or entity including but not limited friends, family members, co-workers, members of the media, internet bloggers, social media posts, investigators, businesses, and governmental agencies, regarding Roca Labs. "Documents" includes, but is not limited to e-mails, reports, faxes, letters, instant messages, internet chats, texts, social media communications, internet posts, and telephone records.

10. Your medical records for the past five (5) years.

11. Documents relating to your employment for the past five (5) years.

12. If currently married, a copy of your marriage certificate.

13. Any and all documents relating to attempts to lose weight for the past (5) years, including but not limited to, receipts, invoices, and proof of purchase for weight loss products, exercise programs and equipment, photographs of weight loss products purchased by you or for you, medical and pharmacy records relating to weight loss attempts, and communications with third parties relating to your weight loss attempts.

14. A full and complete digital copy of all information contained on each social media profile site owned or maintained by you, free of redaction and alteration.

15. Produce a complete archive of your account between the dates of January 2011 to present for each social media site on which you had a profile during those dates. This archive can be obtained as described below, under the section entitled How to Retrieve Social Media Data..

16. Produce printed pages of the entire content of all blogs, logs, link logs, sketch blogs, photo blogs, tumble logs or art logs that you, or anyone with any knowledge of the facts and circumstances underlying the allegations in your declaration filed in this case, have added content to since January 1, 2011. Also produce drafts, if any, of any blogs that you created before posting them online.

17. Produce all documents relating to your participation in any business or social networking site, including but not limited to Facebook, Twitter, Instagram, Pinterest, and any others, including printouts of all historical content, including posts, comments and photographs.

18. Produce any profile posting or message, including status updates, Tweets, wall comments, timeline posts, causes joined, groups joined, activity streams, blog entries and/or social networking site applications relating to you, for the period from January 1, 2011, through the present, that reveals, refers to, or relates to your emotions, feelings, or mental state.

## How to Retrieve Social Media Data

**Facebook**

- **Your Facebook Account:** Most of your data is available to you simply by logging into your account. For example, your Timeline contains posts you have shared on Facebook, along with comments and other interactions from people. Additionally, you can find your message and chat conversations by going to your inbox, or photos and videos you have added or been tagged in by going to those sections of your Timeline.

- **Activity Log**: Within your account, your activity log is a history of your activity on Facebook, from posts you have commented on or liked, to apps you have used, to anything you have searched for.Learn more.
- **Download Your Info**: This includes a lot of the same information available to you in your account and activity log, including your Timeline info, posts you have shared, messages, photos and more. Additionally, it includes information that is not available simply by logging into your account, like the ads you have clicked on, data like the IP addresses that are logged when you log into or out of Facebook, and more. To download your information, go to your Settings and click **Download a copy of your Facebook data**.
- https://www.facebook.com/help/405183566203254

**Twitter:** Twitter has a function that allows users to download all of their Tweets. Information relating to this process is available under Twitter's settings. Users can go into their settings, and under "Content" go to "Your Twitter Archive" and click "Request your archive." Once there, users can request a file containing all their information, going all the way back to their first Tweet. After requesting the file, a link will be emailed to the user's email address listed on their Twitter account. The Tweets also contain date stamps, or metadata, on the Tweet itself, so the information regarding when the Tweet was posted is readily available.

**Instagram:** Instagram is associated with a third-party application called Instaport, which helps users download their photographs. Users can sign into Instagram, choose an export option and then download their photos. The application allows users to save and back up their photographs outside of Instagram. The user's Instagram account stays intact throughout the process of backing up the photos.