UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROCA LABS, INC.,

    Plaintiff,                                                                Case No: 8:14-cv-2096-T-33EAJ

vs.

CONSUMER OPINION CORP. and
OPINION CORP. d/b/a
PISSEDCONSUMER.COM,

    Defendants.

_____/

### PLAINTIFF, ROCA LABS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENA DUCES TECUM AND AD TESTIFICANDUM

Plaintiff, Roca Labs, Inc. ("Plaintiff"), respectfully moves this Court, pursuant to Federal Rules of Civil Procedure 37 and Local Rules 3.01 and 3.04(a), Rules of the Middle District of Florida, for an Order Compelling Non-Party, Google ("Google") to produce documents and deposition testimony pursuant to subpoena.

I.    **Introduction and Factual Background**

  A.  **The Underlying Lawsuit**

Plaintiff Roca Labs, Inc. ("Roca") is the manufacturer of a weight loss supplements / nutraceuticals that sued Opinion Corp. and Consumer Opinion Corp d/b/a PissedConsumer ("PissedConsumer") for defamation, tortious interference with a business relationship, and violation of Florida unfair trade practices laws. A central issue in the litigation is whether PissedConsumer controls and manipulates Internet search engine results, such as Google, with an intent to deceive consumers by causing links to negative reviews about Roca on

www.pissedconsumer.com to appear prominently in Google search results and links to positive reviews about Roca to be buried and/or completely removed from the sight of consumers and potential Roca Customers.

### B. Google Holds Relevant Documents

Based on Plaintiff's investigations in this case, it has learned that Defendants manipulated the results on the Internet search engine owned by Google Inc. ("Google") so that when consumers search for Roca and its regimen and products on Google, the negative reviews listed on pissedconsumer.com will appear prominently and the good reviews will be hidden from sight. The information and documents showing how Defendants are able to manipulate Google search results are extremely relevant to the claim being pursued by Roca against Defendants because they may provide supporting evidence that Defendants are creating content that has a potential to deceive consumers, and that Defendants decision to manipulate Google search results demonstrates an intent to deceive.

### C. The Subpoena to Google

On May 28, 2015, Roca served Google with a subpoena seeking deposition of its records custodian and production of documents in Google's possession which all relate to the issues stated above. The subpoena requested a production by June 10, 2015, and a deposition of June 12, 2015. Attached hereto as Exhibit A is a true and correct copy of the Subpoena and attachment served on Google.

On June 4, 2015, Google sent correspondence stating its objections to Roca's subpoena, largely complaining about the burden of compliance.

Attached hereto as Exhibit B is a true and correct copy of Google's response to Roca's subpoena.

### D. Efforts to Meet and Confer

During attempts to meet and confer about the subpoena, the undersigned made several phone calls to Google's counsel to discuss the possibility of narrowing the time, scope and manner of the production, and also to offer to explore ways to reduce any burden on Google in complying with the subpoena. Counsel for Google failed to respond to any of the undersigned messages. However, per Local Rule 3.01(g), the undersigned will continue to attempt to make contact with counsel for Google in an effort to resolve these issues without Court intervention and will advise the Court of any changes in status.

### E. Relief Sought by this Motion

By this motion, Roca seeks an order from this Court compelling Google to comply with the subpoena and to produce the documents requested in its subpoena. The information sought by the subpoena is both narrow and extremely material to the underlying case. Moreover, Google is mentioned by name eight times in the Amended Complaint which includes the assertion "Defendant PISSED created the subdomain www.roca-labs.pissedconsumer.com in an effort to deceive the public and search engines such as Google, Bing and Yahoo!." Accordingly, Roca cannot obtain the information requested from a different source, and this production should not create an undue burden on Google.

## II. **STATEMENT OF THE ISSUES**

Pursuant to Local Rule 3.04, Roca sets forth each of the discovery requests at issue in full, followed by Google's responses. In addition, Roca sets forth the basis for its contention that

discovery should be compelled and that the proportionality and other requirements of Fed. R. Civ. P. 26(b)(2) are satisfied.

Google only specifically objected to two of Roca's requests - Request No. 11 and Request No. 16.

> **REQUEST NO. 11**: Any and all documents reflecting how search activities by users affect Google's revenues, profits or ability to monetize other activities.
>
> **RESPONSE**: "Some of the requests could encompass hundreds of thousands of documents. Request 11, for instance, demands 'any and all documents reflecting how search activities by users affect Google's revenues.' . . . It would be unduly burdensome to conduct a search for all of the documents in its possession for just these demands, let alone forty-four others."
>
> **REQUEST NO. 16**: Any and all documents reflecting analyses or evaluations of how users interact with Google search results pages, including, but not limited to, how the ranking of sites affects which search results are visited by users and the frequency with which users view and access search results beyond the first page and/or first position.
>
> **RESPONSE**: "Some of the requests could encompass hundreds of thousands of documents. . . . Request 16 demands 'any and all documents reflecting analyses or evaluations of how users interact with Google search results pages.' . . . It would be unduly burdensome to conduct a search for all of the documents in its possession for just these demands, let alone forty-four others."

As further explained below, Google provided only boilerplate objections to the remaining Requests. The remaining Requests are as follows:

1. Any and all documents relating to site ownership and authority used by Defendants, Consumer Opinion Corp. and Opinion Corp. d/b/a pissedconsumer.com's site/domain- www.pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

2. Any and all documents related to any review, report, analysis or discussion of the revenue, consideration or other benefits received by Google from facilitating, providing assistance or customer support to, or otherwise aiding pissedconsumer.com, including but not limited to the revenue derived from the activities.

3. Any and all organizational charts ("org charts") for each service, product or feature offered to pissedconsumer.com as part of Google Advertising Services.

4. Any and all documents relating to the ten (10) largest Google business advertisers for each Google Advertising Service, on pissedconsumer.com, by you from them. For each such business, list the amount of revenue or other consideration received by you from each in descending order, from most to least and provide all documents relating to your advertising agreements with these businesses.

5. Any and all documents that related to an investigation, or a request for an investigation which led to the temporary shutdown of pissedconsumer.com.

6. Any and all documents sufficient to demonstrate in detail Google's definition, determination and use of "quality" in Search, including search algorithms for pissedconsumer.com and all its subdomains. This requests includes documents demonstrating all factors that positively or negatively impact the "quality" of a website and factors that Google considered and rejected as having an impact on "quality."

7. Any and all versions of Google's Search Quality Rating Guidelines, including all guidelines concerning flags that raters can assign to webpage.

8. Any and all technical and other documents sufficient to show how Google Search uses personal information about a user, including a user's web history or use of Google services, to generate and tailor search results for a particular user.

9. Any and all records relating to differences in how monetized and non-monetized content are placed or "linked" or associated with search queries on your websites.

10. Any and all documents regarding competitive, business or other advantages to Google from tailoring search results to specific users.

11. SEE ABOVE

12. Any and all documents reflecting how tailored search results affect Google's revenues, profits or ability to monetize other activities.

13. Any and all documents concerning Google's indexing, de-indexing or ranking in search results websites or webpages for pissedconsumer.com and all its subdomains.

14. Any and all documents concerning how Google Search, including search algorithms, rank, weigh, promote, demote, or delist sites that offer infringing or allegedly infringing content, including but not limited to any evaluations of websites by reviewers.

15. Any and all documents, including any review, analysis, report, or discussion, concerning consumers' perception of the websites presented at the top of Google search results, including but not limited to the perception of legitimacy, quality and/or lawfulness of the content on or available from or conduct depicted on websites.

16. SEE ABOVE

17. Any and all documents concerning determinations or evaluations of the "quality" of the Specified Domains.

18. Any and all documents relating to Google's procedures and processes for identifying and removing search terms from Autocomplete.

19. Any and all documents relating to how search behavior is affected by Autocomplete suggestions, including whether suggested queries are more likely to be searched than queries not suggested by Autocomplete.

20. Any and all documents relating to how Autocomplete affects the websites users ultimately visit from search results.

21. Any and all documents relating to all site links used by Defendants, Consumer Opinion Corp. and Opinion Corp. d/b/a pissedconsumer.com's

site/domain- www.pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

22. Any and all documents relating to list of all sitelinks demoted by Defendant, Opinion Corp. d/b/a pissedconsumer.com for site/domain- www.pissedconsumer.com and all subdomains.

23. Any and all documents relating to policies and procedures including but not limited to creation, curation, maintenance, handling, updating, editing and/or deletion of site links for Defendants, Consumer Opinion Corp. and Opinion Corp. d/b/a pissedconsumer.com's site/domain- www.pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

24. Any and all documents relating to list of all metatags used by Defendants, Consumer Opinion Corp. and Opinion Corp. d/b/a pissedconsumer.com's site/domain- www.pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

25. Any and all documents relating to policies and procedures including but not limited to creation, curation, maintenance, handling, updating, editing and/or deletion of metatags for Defendant's site/domain- www.pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

26. Any and all documents relating to page rank of Defendants, Consumer Opinion Corp. and Opinion Corp. d/b/a pissedconsumer.com's site/domain- www.pissedconsumer.com and all subdomains.

27. Any and all documents relating to page rank of Defendant, Opinion Corp. d/b/a pissedconsumer.com's site/domain- www.pissedconsumer.com and all

subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

28. Any and all documents relating to click through rate (CTR) of Defendant Opinion Corp. d/b/a pissedconsumer.com's site/domain- www.pissedconsumer.com and all subdomains.

29. Any and all documents relating to click through rate (CTR) of Defendant Opinion Corp. d/b/a pissedconsumer.com's site/domain- www.pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

30. Any and all documents relating to Google's Impression of Defendants Consumer Opinion Corp. and Opinion Corp. d/b/a pissedconsumer.com's site/domain- www.pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

31. Any and all documents relating to search queries and/or search queries page for Defendants, Consumer Opinion Corp. and Opinion Corp. d/b/a pissedconsumer.com's site/domain- www.pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

32. Any and all documents relating to links to anchor text for Defendants, Consumer Opinion Corp. and Opinion Corp. d/b/a pissedconsumer.com's site/domain- www.pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

33. Any and all documents relating to list of Top Ten (10) internal links for Defendants, Consumer Opinion Corp. and Opinion Corp. d/b/a pissedconsumer.com's site/domain- www.pissedconsumer.com and all subdomains.

34. Any and all documents relating to internal links for Defendants, Consumer Opinion Corp. and Opinion Corp. d/b/a pissedconsumer.com's site/domain- www.pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

35. Any and all documents relating to target pages for Defendants, Consumer Opinion Corp. and Opinion Corp. d/b/a pissedconsumer.com's site/domain- www.pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

36. Any and all documents relating to Index Status, including those blocked by robots and/or removed for Defendants, Consumer Opinion Corp. and Opinion Corp. d/b/a pissedconsumer.com's site/domain- www.pissedconsumer.com and all subdomains for the last year.

37. Any and all documents relating to Index Status, including those blocked by robots and/or removed for Defendants, Consumer Opinion Corp. and Opinion Corp. d/b/a pissedconsumer.com's site/domain- www.pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

38. Any and all documents relating to number of pages indexed by Google for Defendants, Consumer Opinion Corp. and Opinion Corp. d/b/a pissedconsumer.com's site/domain- www.pissedconsumer.com and all subdomains for the last year.

39. Any and all documents relating to number of pages indexed by Google for Defendants, Consumer Opinion Corp. and Opinion Corp. d/b/a pissedconsumer.com's site/domain- www.pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

40.     Any and all documents relating to all content keywords, with details including top URLs, variants of the key word and occurrences, for Defendants, Consumer Opinion Corp. and Opinion Corp. d/b/a pissedconsumer.com's site/domain- www.pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

41.     Any and all documents relating to the number of times Roca Labs was used and/or appeared on Defendants, Consumer Opinion Corp. and Opinion Corp. d/b/a pissedconsumer.com's site/domain- www.pissedconsumer.com and all subdomains.

42.     Any and all documents relating to Crawl Status, including but not limited to pages crawled per day, kilobytes downloaded per day and time spent downloading on a page for Defendants, Consumer Opinion Corp. and Opinion Corp. d/b/a pissedconsumer.com's site/domain- www.pissedconsumer.com and all subdomains.

43.     Any and all documents relating to website traffic, for Defendants, Consumer Opinion Corp. and Opinion Corp. d/b/a pissedconsumer.com's site/domain- www.pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

44.     Any and all documents relating to AdSense for Defendants, Consumer Opinion Corp. and Opinion Corp. d/b/a pissedconsumer.com's site/domain- www.pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

45.     Any and all documents relating to policies and procedures for creating, handling, managing and editing website presentation and/or schema, including but not limited to HTML structure of page templates, including but not limited to categories, tags, review, placement, navigation, breadcrumb navigation, sitemap, page hierarchy, defaults and homepage of site/domain- pissedconsumer.com and

all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

46. Any and all documents relating to name(s), title/position(s), username(s), screen name(s), email address(es), mailing address(es), phone number(s), location and IP address(es) of any and all people or entities responsible for creating, handling, managing and editing site, domain and subdomain structure of site/domain- pissedconsumer.com and all subdomains relating to Roca Labs, including but not limited to roca-labs.pissedconsumer.com.

Google's provided only boilerplate objections to the above Requests. Google's correspondence states the Requests are "unduly burdensome," that they do "not appear to be relevant or reasonably calculated to lead to the discovery of admissible evidence," and that Plaintiff should obtain the records requested from Defendants.

Additionally, Google stated that it,

> objects to the document demands, including the definitions and instructions, to the extent that they: (i) seek information protected by the attorney-client, work product doctrine, common interest privilege or other applicable privilege, immunity, or restriction on discovery; (ii) call for the production of information that Google is precluded from disclosing by law (e.g., the Electronic Communications Privacy Act) or by virtue of any contractual obligation; or (iii) seek the proprietary, confidential or trade secret information of Google or a third party without an appropriate protective order, or information of a Google user to whom notice of the subpoena has not been provided under Google's policies and who has not been given the opportunity to appear. Google further objects to the extent that the document demands are vague, ambiguous, are unlimited in time or scope, fail to identify the information sought with reasonable particularity, and impose an undue burden on Google, including by seeking electronically stored information that is not reasonably accessible to Google.
>
> Finally, the subpoena's document demands improperly call for the production of documents in Florida, and its request for a corporate

>deposition is void because *inter alia* no witness fee was tendered to Google and no deposition topics are specified.

Exhibit B, June 4, 2015 response from Google.

## ARGUMENT

Google makes unexplained, boilerplate objections to each and every one of Roca's requests and fails to elaborate on a single objection. "'Parties are not permitted to assert these types of conclusory, boilerplate objections that fail to explain the precise grounds that make the request objectionable.'" *Arthrex, Inc. v. Parcus Medical, LLC,* No. 2:11-cv-694-FtM-29SPC, (M.D. Fla. Nov. 1, 2012) (quoting *Martin v. Zale Delaware, Inc.*, No. 8:08-CV-47-T-27EAJ, (M.D. Fla. Dec. 15, 2008)).

***Objections Based on Privileges and Statutory and Common Law Protections***

Rule 45(d)(2)(A)(ii) mandates that a person withholding subpoenaed material under a claim of privilege or protection "must . . . describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Admittedly, the Rule does not expressly state when the party claiming a privilege must "describe the nature of the withheld documents." In *Universal City Development Partners, LTD. v. Ride & Show Engineering, Inc.*, the Orlando Division of the United States District Court, Middle District of Florida stated when an objection to a subpoena served under Rule 45 is made based on the privilege of the information or documentation sought, "providing particulars typically contained in a privilege log is presumptively sufficient and boilerplate objections are presumptively insufficient." *Universal City Development Partners, LTD. v. Ride & Show Engineering, Inc.*, 230 F.R.D. 688, 698 (M.D. Fla. 2005).

Accordingly, the Court should overrule Google's objections that the document requests: "(i) seek information protected by the attorney-client, work product doctrine, common interest privilege or other applicable privilege, immunity, or restriction on discovery; (ii) call for the production of information that Google is precluded from disclosing by law (e.g., the Electronic Communications Privacy Act) or by virtue of any contractual obligation; or (iii) seek the proprietary, confidential or trade secret information of Google or a third party without an appropriate protective order, or information of a Google user to whom notice of the subpoena has not been provided under Google's policies and who has not been given the opportunity to appear."

***Objections that the Requests are "Overbroad and Unduly Burdensome"***

Google also objected to Roca's requests for "any and all" documents, stating that this language made the requests "overbroad and unduly burdensome." "[T]he fact that a party includes the words "all documents" in a discovery request does not, by itself, make the request overbroad." *Nationwide Mut. Fire Ins. Co. v. Kelt, Inc.*, No. 6:14-cv-749-Orl-41TBS, p. 5, (M.D. Fla., March 30, 2015). Boilerplate objections such as those stated by Google in its correspondence "are, as one Court observed, "ironically, themselves overly broad and vague." *Id*. quoting *Playtypus Wear, Inc. v. Clarke Modet & Co., Inc*., No. 06-20976-civ, (S.D. Fla. Dec. 27, 2007).

Again, these are boilerplate objections that do not offer any specificity whatsoever as to which Requests are overbroad or unduly burdensome and in what way. Therefore, the Court should overrule Google's objection that the Requests are overbroad and unduly burdensome and compel Google to provide the documents requested and appear for deposition.

*Location*

The deposition was scheduled to occur on June 12, 2015 at Network Court Reporting and Video 2300 Wellesley Street, Palo Alto, CA 94306, only a few miles from Google, Inc.'s headquarters. Per the subpoena, the deponent was to bring the documents with him or her to the deposition.

***Request for a corporate deposition is void because no witness fee was tendered to Google and no deposition topics are specified***

Contrary to Google's assertion that no witness fee was tendered, a money order in the amount of $43.28 was included with the subpoena for the $40.00 witness fee plus mileage. See Exhibit C attached. Additionally, the deposition was not noticed as a 30(b)(6) corporate representative, but rather as records custodian deposition. Therefore, there was no requirement to specify deposition topics.

## CONCLUSION

Google's refusal to provide discovery is unjustified and prejudicial to Roca. Roca thus respectfully requests that the Court order Google to produce documents and deposition testimony concerning the documents requested in its subpoena.

## CERTIFICATE OF GOOD FAITH COMPLIANCE WITH LOCAL RULE 3.01(g)

In accordance with Local Rule 3.01(g), counsel for Plaintiff attempted to confer with with counsel for Defendants regarding the substance of the instant Motion. This attempt was made in person, prior to a deposition scheduled for the evening of June 15, 2015. Counsel for Defendants, specifically Marc Randazza, refused to confer with counsel for Plaintiff regarding this motion.

Dated: June 15, 2015                                        Respectfully submitted,

/s/ Paul Berger
Paul Berger, Esq.
FL Bar No. 4413
Roca Labs, Inc.
P.O. Box 7898
Delray Beach, FL 33482-7898
Tel. 305-998-6150
Legal5@rocalabs.com

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 15, 2015, I filed a true and accurate copy of the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record for all parties and that I mailed a true and accurate copy of the foregoing to David H. Kramer, counsel for Google, Inc., 630 Page Mill Road, Palo Alto, CA 94304-1050.

/s/ Paul Berger
FL Bar No. 4413