# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION


ROCA LABS, INC.,

       Plaintiff,                               Case No: 8:14-cv-2096-T-33EAJ

vs.

CONSUMER OPINION CORP. and

OPINION CORP. d/b/a

PISSEDCONSUMER.COM,

       Defendants.

_____/

## PLAINTIFF, ROCA LABS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENA DUCES TECUM AND AD TESTIFICANDUM

Pursuant to Federal Rules of Civil Procedure 30, 37 and 45 and Middle District Court of Florida 3.01 and 3.04, Plaintiff Roca Labs, Inc. (hereafter "Roca") moves to compel compliance with Subpoena *Duces Tecum* and *Ad Testificandum* due to Xcentric Ventures, LLC d/b/a Ripoffreport.com's ("Xcentric") objections and refusal to attend the deposition despite the subpoena issued for June 10, 2015 at 9:00 a.m. at 2398 E. Camelback Rd., #260, Phoenix, AZ, 85016. Roca moves the Court to compel the deposition of Xcentric's Rule 30(b)(6) Corporate Representative and compliance with respective subpoena *duces tecum* for same.

The subpoena directs Xcentric to produce a defined set of documents that are highly relevant to the prosecution of the underlying action, and for Xcentric's witness to appear at depositions to provide testimony on the same subjects (*See* **Exhibit A** Notice of Deposition and Subpoena *Duces Tecum*). As set forth more fully below, the Witnesses have no good cause for

the refusal to comply with the subpoena and Plaintiff respectfully moves for this Court to enter an order compelling same.

I.   **Introduction and Factual Background**

    **A. The Underlying Lawsuit**

Plaintiff Roca Labs, Inc. ("Roca") is a provider of a weight loss regimen that sued Opinion Corp. and Consumer Opinion Corp d/b/a PissedConsumer ("PissedConsumer") for defamation, tortious interference with a business relationship, and violation of Florida unfair trade practices laws. A central issue in the litigation is whether PissedConsumer has altered certain reviews and complaints on its website, www.pissedconsumer.com, with the intent to deceive consumers about Roca's products. **Xcentric Holds Relevant Documents**

Based on Plaintiff's investigations in this case, it has learned that Defendants may have entered into an agreement with Xcentric Ventures, LLC d/b/a Ripoffreport.com ("Xcentric") to allow Xcentric to remove content from Defendants' website, [www.pissedconsumer.com](www.pissedconsumer.com).

**The Subpoena to Xcentric**

On June 4, 2015, Roca served Xcentric with a subpoena seeking deposition of its corporate representative pursuant to 30(b)(6) and production of documents in Xcentric's possession which all relate to inquiry to the purported agreement between Defendants and Xcentric. The subpoena requested a production and deposition by June 10, 2015. Attached hereto as Exhibit A a is a true and correct copy of the Subpoena and attachment served on Xcentric.

On June 9, 2015, Xcentric sent correspondence stating its objections to Roca's subpoena, largely complaining about the burden of compliance.

Attached hereto as Exhibit B is a true and correct copy of Xcentric's response to Roca's subpoena.

**D. Efforts to Meet and Confer**

During attempts to meet and confer about the subpoena, the undersigned made phone calls to Xcentric's counsel to discuss the possibility of narrowing the time, scope and manner of the production, and also to offer to explore ways to reduce any burden on Xcentric in complying with the subpoena. Counsel for Xcentric failed to respond to the undersigned's messages. However, per Local Rule 3.01(g), the undersigned will continue to attempt to make contact with counsel for Xcentric in an effort to resolve these issues without Court intervention and will advise the Court of any changes in status.

**E. Relief Sought by this Motion**

By this motion, Roca seeks an order from this Court compelling Xcentric to comply with the subpoena and to produce the documents requested in its subpoena. The information sought by the subpoena is both narrow and extremely material to the underlying case. This production should not create an undue burden on Xcentric.

II.   **STATEMENT OF THE ISSUES**

Pursuant to Local Rule 3.04, Roca sets forth each of the discovery requests at issue in full, followed by Xcentric's responses. In addition, Roca sets forth the basis for its contention that discovery should be compelled and that the proportionality and other requirements of Fed. R. Civ. P. 26(b)(2) are satisfied.

Xcentric failed to specifically object to any of Roca's Requests and, as further explained below, Xcentric provided only boilerplate objections to the Requests. Roca specified five deposition topics in its subpeona:

**Topic 1**

The relationship between RipoffReport and Defendants Consumer Opinion Corp. and/or Opinion Corp. d/b/a pissedconsumer.com.

**Topic 2**

RipoffReport's "Corporate Advisory Program," including the nature and type of services provided to corporate entities, costs of any and all services provided and "VIP Arbitration" program.

**Topic 3**

RipoffReport's consumer advocate services offered to users, including the types of consumer advocacy, its effectiveness rates, number of complaints received, and number of complaints resolved.

**Topic 4**

The creation, implementation and enforcement of the Terms and Conditions on the website www.ripoffreport.com.

**Topic 5**

The creation, use and management of any and all social media accounts managed or operated by Ripoff Report.

Roca requested the following documents in its subpoena:

1.      All documents relating to the corporate formation of Ripoff Report.

2.      Any and all financial documents relating to revenue generated by visitor traffic on [ripoffreport.com](ripoffreport.com).

3.      Any and all documents regarding relationship between XCentric Ventures, LLC and Defendants Consumer Opinion Corp. and Opinion Corp d/b/a pissedconsumer.com.

4.      Any and all documents relating to Ripoff Report's policies and procedures for Corporate Advisory Program ("CAP") services.

5.      Any and all contracts or agreements relating to the CAP services offered by Ripoff Report to businesses receiving reviews on site/domain- [ripoffreport.com](ripoffreport.com) and related subdomains.

6.      Any and all financial documents relating to revenue and/or profits generated by CAP.

7.      Any and all documents relating to Ripoff Report's policies and procedures for "VIP Arbitration" program ("VIP").

8.      Any and all contracts or agreements relating to the VIPservices offered by Ripoff Report to businesses receiving reviews on site/domain- [ripoffreport.com](ripoffreport.com) and related subdomains.

9.      Any and all financial documents relating to revenue and/or profits generated by VIP.

10.      Any and all documents relating to communications, including but not limited to e-mails, faxes, letters, instant messages, internet chats, texts, social media

communications, and records of telephone calls between Ripoff Report and Defendant, Opinion Corp. d/b/a pissedconsumer.com and/or Defendant, Consumer Opinion Corp.

11.    Any and all documents relating to communications about Roca Labs, Inc., including but not limited to e-mails, faxes, letters, instant messages, internet chats, texts, social media communications, and records of telephone calls between Ripoff Report and Defendant, Opinion Corp. d/b/a pissedconsumer.com and/or Defendant, Consumer Opinion Corp. about Roca Labs.

12.    Produce all documents relating to your participation in any business or social networking site, including but not limited to Facebook, Twitter, Instagram, Pinterest, Google+ and any others, including printouts of all historical content, including posts, comments and photographs.

13.    Any and all documents relating to policies and procedures regarding Ripoff Report's use of Facebook, including but not limited to, decision to post, comment, friend, unfriend and like.

14.    Any and all documents relating to policies and procedures regarding Ripoff Report's use of Twitter, including but not limited to, decision to tweet, retweet, favorite, copy link and/or embed tweet.

Xcentric provided four basic objections to the subpoena: "(1) it does not allow a reasonable time to comply; (2) the Subpoena is overbroad and not relevant to any claims or defenses presented in the subject lawsuit; (3) the Subpoena requires disclosure of privilege and protected materials; and (4) the Subpoena was designed solely for the purpose of harassment of Xcentric." See Exhibit B.

As to the specific deposition topics and document requests, Xcentric provided only boilerplate objections with no specificity.

## ARGUMENT

Xcentric's primary objection is that the subpoena does not provide reasonable notice to comply. As stated above, Roca has attempted to contact Xcentric in part in an effort to discuss the amount of time that Xcentric would require to comply with the subpoena and appear for deposition, but has not received a response. Roca will continue to make the attempt to resolve this issue with Xcentric.

Xcentric's remaining objections are unexplained, boilerplate objections and fail to elaborate on a single objection. "'Parties are not permitted to assert these types of conclusory, boilerplate objections that fail to explain the precise grounds that make the request objectionable.'" *Arthrex, Inc. v. Parcus Medical, LLC,* No. 2:11-cv-694-FtM-29SPC, (M.D. Fla. Nov. 1, 2012) (quoting *Martin v. Zale Delaware, Inc.*, No. 8:08-CV-47-T-27EAJ, (M.D. Fla. Dec. 15, 2008)).

### *Objections Based on Privileges and Protections*

Rule 45(d)(2)(A)(ii) mandates that a person withholding subpoenaed material under a claim of privilege or protection "must . . . describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Admittedly, the Rule does not expressly state when the party claiming a privilege must "describe the nature of the withheld documents." In *Universal City Development Partners, LTD. v. Ride & Show Engineering, Inc.*, the Orlando Division of the United States District Court, Middle District of Florida stated when

an objection to a subpoena served under Rule 45 is made based on the privilege of the information or documentation sought, "providing particulars typically contained in a privilege log is presumptively sufficient and boilerplate objections are presumptively insufficient." *Universal City Development Partners, LTD. v. Ride & Show Engineering, Inc.*, 230 F.R.D. 688, 698 (M.D. Fla. 2005).

Accordingly, the Court should overrule Xcentric's objections that the topics of deposition and

### Objections that the Requests are "vastly overbroad"

Xcentric also objected to Roca's requests as being "vastly overbroad." "[T]he fact that a party includes the words "all documents" in a discovery request does not, by itself, make the request overbroad." *Nationwide Mut. Fire Ins. Co. v. Kelt, Inc.*, No. 6:14-cv-749-Orl-41TBS, p. 5, (M.D. Fla., March 30, 2015). Boilerplate objections such as those stated by Xcentric in its correspondence "are, as one Court observed, "ironically, themselves overly broad and vague." *Id*. quoting *Playtypus Wear, Inc. v. Clarke Modet & Co., Inc*., No. 06-20976-civ, (S.D. Fla. Dec. 27, 2007).

Again, these are boilerplate objections that do not offer any specificity whatsoever as to which Requests are overbroad or unduly burdensome and in what way. Therefore, the Court should overrule Xcentric's objection that the Requests are overbroad and unduly burdensome and compel Xcentric to provide the documents requested and appear for deposition.

### Objection that subpoena only seeks to harass Xcentric

Plaintiff listed only five pointed topics for deposition and 14 groups of documents for production. Again, Plaintiff is willing to work with Xcentric to narrow the scope of the requests, should it respond to Plaintiff's requests to speak about its objections.

## CONCLUSION

Xcentric's refusal to provide discovery is unjustified and prejudicial to Roca. Roca thus respectfully requests that the Court order Xcentric to produce documents and deposition testimony concerning the documents requested in its subpoena.

## CERTIFICATE OF GOOD FAITH COMPLIANCE WITH LOCAL RULE 3.01(g)

In accordance with Local Rule 3.01(g), counsel for Plaintiff attempted to confer with with counsel for Defendants regarding the substance of the instant Motion. This attempt was made in person, prior to a deposition scheduled for the evening of June 15, 2015. Counsel for Defendants, specifically Marc Randazza, refused to confer with counsel for Plaintiff regarding this motion.

Dated: June 15, 2015                              Respectfully submitted,



 _/s/ Paul Berger_



## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 15, 2015, I filed a true and accurate copy of the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of

electronic filing to counsel of record for all parties and that I mailed a true and accurate copy of the foregoing to Maria Crimi Speth, counsel for Xcentric Ventures, LLC d/b/a Ripoffreport.com, 3200 N. Central Avenue, 20th Floor, Phoenix, AZ 85012.

/s/ Paul Berger
FL Bar No. 4413
Roca Labs, Inc.
P.O. Box 7898
Delray Beach, FL 33482-7898
Tel. 305-998-6150
Legal5@rocalabs.com

Counsel for Plaintiff