**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**ROCA LABS, INC.,**

    Plaintiff,

vs.                                                                                                        Case No.: 8:14-CV-2096-T-33EAJ

**CONSUMER OPINION CORP., et al.,**

    Defendants.

_____/

## ORDER

Before the Court are six (6) discovery-related motions filed by Plaintiff Roca Labs, Inc. ("Plaintiff"). Three (3) of the motions seek to compel the compliance of third parties with subpoenas: **Plaintiff, Roca Labs, Inc.'s Motion to Compel Compliance with Subpoena Duces Tecum of Non-Party Margaret Walsh** (Dkt. 158), **Plaintiff Roca Labs' Motion to Compel Compliance with Subpoena Duces Tecum and Ad Testificandum** (Dkt. 159), and **Plaintiff Roca Labs' Motion to Compel Compliance with Subpoena Duces Tecum and Ad Testificandum** (Dkt. 160).

Although responses to these motions are not yet due, the Court notes that Plaintiff, Roca Labs, Inc.'s Motion to Compel Compliance with Subpoena Duces Tecum of Non-Party Margaret Walsh (Dkt. 158) fails to list Nonparty Margaret Walsh on the certificate of service. As Nonparty Margaret Walsh is not listed on the docket and the certificate of service merely states that the motion was filed with the Clerk of Court using the CM/ECF system (Dkt. 158 at 7), it is not clear that Margaret Walsh has appropriate notice that Plaintiff filed the motion. Therefore, the motion is denied without prejudice.

Further, in Plaintiff Roca Labs' Motion to Compel Compliance with Subpoena Duces Tecum

and Ad Testificandum (Dkt. 159) and Plaintiff Roca Labs' Motion to Compel Compliance with Subpoena Duces Tecum and Ad Testificandum (Dkt. 160), Plaintiff seeks to compel Google, Inc. ("Google") and Xcentric Ventures, LLC d/b/a Ripoffreport ("Xcentric") to respond to subpoenas served on them seeking production of documents and deposition testimony. However, the Court does not have jurisdiction to compel these nonparties to comply with the subpoenas. Rule 45, Fed. R. Civ. P., provides that "[a] subpoena must issue from the court where the action is pending." Fed. R. Civ. P. 45(a)(2). If a nonparty makes a timely objection to a subpoena, the party who served the subpoena "may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). See also Fed R. Civ. P. 37(a)(2) ("A motion for an order to a nonparty must be made in the court where the discovery is or will be taken.").

The subpoenas to Google and Xcentric (Dkts. 159 Ex. 1 at 2, 160 Ex. 1 at 2) were properly issued from the United States District Court for the Middle District of Florida as the Middle District of Florida is the court where the action is pending. However, the subpoenas require compliance by Google and Xcentric in Palo Alto, California, and Phoenix, Arizona, respectively, not the Middle District of Florida. As the place of compliance is not in the Middle District of Florida, the Court cannot compel compliance with the subpoenas to Google and Xcentric. Plaintiff Roca Labs' Motion to Compel Compliance with Subpoena Duces Tecum and Ad Testificandum (Dkt. 159) and Plaintiff Roca Labs' Motion to Compel Compliance with Subpoena Duces Tecum and Ad Testificandum (Dkt. 160) are therefore denied.

The remaining three (3) motions involve the parties in this case: **Plaintiff, Roca Labs' Second Motion to Compel Defendants, Consumer Opinion Corp. and Opinion Corp. d/b/a**

**PissedConsumer.com to Compel Attendance at Scheduled Depositions** (Dkt. 143), **Amended Plaintiff's Motion to Determine Reasonable Deposition Fee** (Dkt. 146), and **Plaintiff's Motion to Compel Compliance with Subpoenas Duces Tecum and Ad Testificandum, and Request for Order to Show Cause Why Michael Podolsky, Alex Syrov and Corporate Rule 30(b)(6) Witnesses Should Not Be Held in Contempt and For Sanctions and Motion for Extension of Discovery Time** (Dkt. 150).  Defendant Consumer Opinion Corp., et al. ("Defendants") have filed responses to these motions (Dkts. 154, 155) and they are ripe for review.

A review of these motions reveals that the parties in this case have become increasingly litigious and that communication between the parties has become increasingly unprofessional, as have the parties' written submissions to the Court.  Counsel are reminded that "[a]dvocacy does not include 'game playing.'" Pesaplastic, C.A. v. Cincinnati Milacron Co., 799 F.2d 1510, 1522-23 (11th Cir. 1986) (per curiam).  The Court will defer ruling on and will afford the parties one final opportunity to resolve the disputes outlined in these motions.

Accordingly and upon consideration, it is **ORDERED and ADJUDGED** that:

(1)   Plaintiff, Roca Labs, Inc.'s Motion to Compel Compliance with Subpoena Duces Tecum of Non-Party Margaret Walsh (Dkt. 158) is **DENIED without prejudice**.

(2)   Plaintiff Roca Labs' Motion to Compel Compliance with Subpoena Duces Tecum and Ad Testificandum (Dkt. 159) and Plaintiff Roca Labs' Motion to Compel Compliance with Subpoena Duces Tecum and Ad Testificandum (Dkt. 160) are **DENIED**.

(3)   The Clerk is directed to mail a copy of this order to the following:

(a)   Margaret Walsh, 1028 E. Juneau Ave. # 525, Milwaukee, Wisconsin 53202;

      (b)    David H. Kramer, Counsel for Google, Inc., 650 Page Mill Road, Palo Alto, California 94304-1050;

      (c)    Maria Crimi Speth, Counsel for Xcentric Ventures, LLC d/b/a Ripoffreport.com, 3200 N. Central Avenue, 20th Floor, Phoenix, Arizona 85012.

(3)    Counsel of record in this case shall confer, in accordance with Local Rule 3.01(g), M.D. Fla., and conduct good-faith discussions to narrow or resolve the issues in dispute with regard to the remaining motions and responses identified above.

(4)    On or before **July 1, 2015,** the parties shall file a joint notice as to which motions and matters have been resolved and which remain for the Court's decision.

**DONE and ORDERED** in Tampa, Florida on this 17th day of June, 2015.

_____
ELIZABETH A JENKINS
United States Magistrate Judge

4