NITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROCA LABS, INC.,

    Plaintiff,

v.                              Case No. 8:14-cv-2096-T-33EAJ

CONSUMER OPINION CORP., and
OPINION CORP.,

    Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to Defendants Consumer Opinion Corp. and Opinion Corp.'s Motion for Case-Terminating Sanctions or, in the alternative, Lesser Sanctions or an Order to Show Cause as to Why Sanctions Should Not Be Imposed (Doc. # 131), filed on May 25, 2015. Plaintiff Roca Labs, Inc. filed a response in opposition thereto on June 8, 2015. (Doc. # 149). For the reasons that follow, the Motion is denied.

**Discussion**

The Court notes that Defendants previously filed a similar motion. Specifically, on September 22, 2014, Defendants filed a Motion for an Emergency Temporary Restraining Order and For an Order to Show Cause as to Why

Roca Labs Should Not Be Sanctioned for Witness Intimidation. (Doc. # 15). In particular, Defendants contacted former customers of Plaintiff as defense witnesses. (See Id.). Plaintiff, according to Defendants, subsequently threatened those witnesses with litigation for "breach of an unenforceable contract." (Id.). On September 23, 2014, the Court denied the Motion without prejudice after concluding that Defendants failed to make a sufficient showing of witness tampering. (Doc. # 17). The Court finds Defendants' present showing similarly deficient.

Defendants allege that Plaintiff's counsel threatened Defendants' expert witness Dr. Thomas Parisi on May 22, 2015, by "stating that charging different rates for written testimony and trial testimony was 'illegal' and that [Dr. Parisi] would need to retain legal representation." (Doc. # 131 at 3). Defendants submit that "Dr. Parisi is hesitant to testify on Defendants' behalf, specifically due to [Plaintiff's counsel's] threats." (Id.). Plaintiff's counsel denies this contention, and explains that he informed Dr. Parisi that Plaintiff "was going to challenge [Dr. Parisi's] inflated and exorbitant billing rates in this Court."[1] (Id.).

---

[1] Plaintiff's Amended Motion to Determine Reasonable Deposition Fee was filed on June 8, 2015, and is currently

As this Court determined in its September 23, 2014, Order, Defendants have failed to make a sufficient showing of a violation under 18 U.S.C. § 1512, because Defendants have not demonstrated that witness tampering occurred. This Court echoes the sentiment of United States Magistrate Judge Elizabeth A. Jenkins, who noted that "the parties in this case have become increasingly litigious and that communication between the parties has become increasingly unprofessional, as have the parties' written submissions to the Court." (Doc. # 162 at 3). As Judge Jenkins advised, "[a]dvocacy does not include 'game playing.'" (<u>Id.</u>) (quoting <u>Pesaplastic, C.A. v. Cincinnati Milacron Co.</u>, 799 F.2d 1510, 1522-23 (11th Cir. 1986) (per curiam)). The Court denies the present motion due to the insufficient showing, as described above.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants' Motion for Case-Terminating Sanctions or, in the alternative, Lesser Sanctions or an Order to Show Cause as to Why Sanctions Should Not Be Imposed (Doc. # 131) is **DENIED.**

---

pending before the assigned United States Magistrate Judge, Elizabeth A. Jenkins. (Doc. # 146).

3

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>18th</u> day of June, 2015.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record