**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ROCA LABS, INC.,                                        Case No:  8:14-cv-02096-VMC-EAJ

       Plaintiff,

    v.

CONSUMER OPINON CORP. and
OPINION CORP. d/b/a
PISSEDCONSUMER.COM,

       Defendants.

_____/

## DEFENDANTS' OBJECTIONS TO MAGISTRATE'S DISCOVERY ORDER PURSUANT TO FED. R. CIV. P. 72(a) AND MOTION FOR PROTECTIVE ORDER

Defendants Consumer Opinion Corp. and Opinion Corp. file these objections to the Magistrate Judge's July 2, 2015 Order (Doc. # 169) granting in part Plaintiff Roca Labs, Inc.'s ("Roca") Motions to Compel (Doc. #s 143, 150, 155), and moves for a protective order.

Defendants urge the Court to modify the Magistrate Judge's finding that Defendants waived all objections to the outrageously overbroad and voluminous document requests made in their Fed. R. Civ. P. 30(b)(6) deposition notices, which, as shown below, is premised on mistaken legal and factual premises.  In the alternative, the Court should enter a protective order regarding documents responsive to these requests. Defendants also seek a protective order limiting Roca's use of videotapes of the depositions

at issue to legitimate purposes related to this action. Due to the proximity of the scheduled depositions and necessity for modification of the Magistrate's Order, Defendants request that the Court rule on this motion and objections by July 10, 2015.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1.0   INTRODUCTION AND FACTUAL BACKGROUND.**

**1.1   Roca's First Motion to Compel.**

The issues raised in this application are the outgrowth of the endless cycle of games Roca has continuously played with this Court and the litigation process. Roca filed the first of its three motions to compel on May 20, 2015 (Doc. # 129), seeking an order requiring Defendants to identify their FRCP 30(b)(6) corporate representative witnesses and to compel depositions to occur at specific dates and times. These were the only issues raised in the motion, which did <u>not</u> address Roca's FRCP 30(b)(6) subpoenas' document requests substantively, mentioning them only to rationalize Roca's failure to obey Local Rule 3.04(a). (*See* Doc. # 129 at 1.)

Counsel for all parties met and conferred telephonically on May 26, 2015 to resolve the specific issues raised in the first motion to compel. (*See* Declaration of Alex J. Shepard in support of opposition to first motion to compel ["Shepard Decl."], Doc. # 132-1, at ¶2.) Agreement was reached with respect to dates and times for the depositions at issue in the motion to compel to take place. The only issue that was the subject of that motion that counsel failed to reach agreement on was whether Defendants had to identify their 30(b)(6) witnesses ahead of time. (*See* Shepard Decl. at ¶¶4-10.) Significantly, counsel <u>did not discuss</u> any issues outside of the motion to

compel, including objections to the document requests in the subpoenas. This was not intended to be any form of waiver of objections, but simply a recognition that these issues were not in play as to the motion to compel.

Defendants nonetheless filed an opposition to the first motion to compel on May 26, 2015 (Doc. # 132) because the parties were unable to agree on the wording of a joint stipulation mooting it. In their opposition, Defendants submitted that the motion to compel should have been denied even without any agreement between the parties due to the overbroad scope of Roca's discovery requests, specifically stating that "the Interrogatories, Requests for Production, outline of proposed deposition topics, and non-party subpoenas previously served concern matters that are not reasonably calculated to lead to discovery of issues related to" Roca's claims." (Doc. # 132 at 5.)

Despite Defendants' explicit objections, the Court in its Order denying Roca's first motion to compel (Doc. # 141) accepted Plaintiff's false representation "that Defendants did not provide any objections to the noticed deposition topics or document requests. Therefore, the Court declines to rule on the issue of the breadth of the noticed deposition topics." (Doc. # 141 at 4.) On May 29, 2015, Roca re-noticed the depositions for the agreed-upon dates and times. (*See* Doc. # 143-3, re-noticed deposition notices.)

### 1.2    Roca's Second and Third Motions to Compel.

After the Court's ruling on Roca's first motion to compel, it became apparent to Defendants that Roca planned to use videotaped recordings of the scheduled depositions outside the litigation of this case. Roca's counsel

3

RANDAZZA | LEGAL GROUP

also informed Defendants, days before the depositions, of its intention to broadcast the proceedings via Skype to multiple third parties with little to no involvement in this case. (*See* Declaration of Ronald D. Coleman in opposition to second and third motions to compel ["Coleman Decl."], *passim*.) Far from waiving objection, Defendants' counsel communicated them to Roca's counsel by email correspondence on June 3, 2015 (*see* June 3, 2015 email from Ronald Coleman, attached as **Exhibit 1**), not previously filed because the issue of the scope of the discovery sought by Roca was not raised in a meet and confer for either Roca's second or third motions to compel.  That June 3rd email stated, in part, as follows:

> [T]he third issue is related to that of the time needed for these depositions: Their scope. The notices and subpoenas served on these witnesses are, to say the least, extremely broad. We will follow up this email shortly with specifying objections to specific topics noticed, but for now suffice it to say that defendants object to the extent that any questioning under Rule 30(b)(6) exceeds the proper bounds of discovery as set forth in our previous objections to discovery propounded by plaintiff. This includes questioning related to general business activities, social media activities or other topics that do not bear on the facts in dispute based on the actual claims and defenses in this matter.
>
> We will also direct our witnesses not to answer questions where they indicate that such testimony would constitute a breach of contractual obligations – including by way of example only non-disclosure or confidentiality agreements between either defendant or either witness and any other party, including defendants' clients – and subject them to risk of liability for such breach. In such an event we will place that instruction and the related explanation on the record. We note however that there is no reason to believe such instructions should have any substantive effect whatsoever. This is because it is virtually inconceivable that any questioning on such topics would deprive plaintiff of testimony properly within the scope of Fed. R.

Civ. P. 26(b)(1) as applied, again, to the issues actually relevant to this litigation.

The next day, June 4th, Defendants' counsel followed up with another letter to Roca advising that Defendants would seek a protective order addressing these issues prior to the depositions. (*See* Doc. # 143, June 4, 2015 letter from Ronald D. Coleman.)

Before Defendants could do so, however, Roca filed its second motion to compel on June 5, 2015 (Doc. # 143), asking again that the Court compel the depositions of Defendants' witnesses in whatever manner they wished. That same day, the Court entered an Order (Doc. # 144) directing Defendants "to file an expedited response to Plaintiff's motion" by June 12, 2015, which date fell <u>after</u> the depositions at issue were originally scheduled to take place. Defendants interpreted the Order as a judicial determination that the depositions had been either canceled or postponed pending the Court's ruling on the second motion to compel. Thus, in their response, Defendants cited *White v. Imperial Adjustment Corp.*, 2000 U.S. Dist. LEXIS 12361, 2000 WL 1210828, at *2 (E.D. La. Aug. 24, 2000), where the substance of a discovery dispute was presented to the court through the defendants' motion rather than a request for a protective order by the plaintiff's counsel in granting the defendants' motion. (Doc. # 155 at 5; *see also*, Coleman Decl. at ¶45.)

Roca, however, has never shied from multiplying proceedings. Thus, on June 9, 2015, Roca filed its third motion to compel (Doc. # 150) without waiting even for Defendants' response to its second motion to compel, expressing umbrage at the fact that its counsel traveled to and spent four days in New York pretending to attend depositions they were informed

RANDAZZA | LEGAL GROUP

beforehand, and repeatedly, would not take place. This third motion was also the first instance that Roca raised the issue of its alleged entitlement to the documents specified in its deposition notices on short notice, i.e. far less than the 30 days specified for document requests under the FRCP. (*See* Doc. # 150 at 11-12.) Defendants timely filed their opposition to Roca's second motion to compel on June 12, 2015 (Doc. # 155).

The Court then deferred ruling on Roca's motions on June 17, 2015, instructing the parties to work out these issues amongst themselves by July 1, 2015. (Doc. # 162.) After the parties filed a joint notice of rescheduling the depositions at issue (Doc. # 165), the Court entered an order on July 2, 2015, finding that Defendants' objections to use of videotapes of the depositions and objections to the document requests in the 30(b)(6) deposition notices were waived because they had not been timely made, or had not been made at all. (*See* Doc. # 169 at 4-5.) The Court instructed Defendants to "comply fully and completely with the requests for production included in the subpoenas at issue . . . and produce all requested documents at the scheduled depositions of Defendants' corporate representatives." (Doc. # 169 at 5.)

This ruling is erroneous. Defendants have not waived their objections to the use of videotapes of the depositions at issue, nor have they waived any objections to Roca's document requests. Due to Roca's game-playing in its multiple motions to compel and also due to the Court's Doc. # 144 Order, there was significant confusion as to whether and when Defendants were required to serve objections.

**2.0    LEGAL STANDARD.**

Fed. R. Civ. P. 72(a) provides that a party "may serve and file objections" to a nondispositive order by a magistrate judge. The district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law. A finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Pullman-Standard v. Swint*, 456 U.S. 273, 285 n.14 (1982); *see Johnson v. Hamrick*, 296 F.3d 1065, 1074 (11th Cir. 2002). A decision "is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Tolz v. Geico Gen. Ins. Co.*, 2010 U.S. Dist. LEXIS 6709, *8 (S.D. Fla. Jan. 27, 2010).

**3.0    ARGUMENT.**

> **3.1    It Was Clearly Erroneous and Contrary to Law for the Magistrate to Deem Defendants' Objections to the Document Requests Waived.**

The Court legally erred and ignored relevant portions of the record in its Doc. # 169 Order when it ordered Defendants to comply fully with the short-notice document requests in Roca's 30(b)(6) deposition notices. Fed. R. Civ. P. 45(d)(2)(B) provides that the target of a subpoena *duces tecum* may serve written objections to document requests contained in the subpoena by the earlier of 14 days after service or the time specified for compliance, and this is the Rule Roca cites in its deposition notices.

But Rule 45(2)(b) is <u>not the operative rule</u> here, for the discovery sought here is from a <u>party</u>. And under Fed. R. Civ. P. 30(b)(2) – the proper rule – document requests attached to a deposition subpoena directed to a party

7

must comply with Fed. R. Civ. P. 34, which allows a responding party <u>30 days from service</u> to serve objections and other responses. *See* Fed. R. Civ. P. 34(b)(2)(A). Moreover, it is established law that a party may not circumvent this requirement by incorporating document requests into a Fed. R. Civ. P. 30 notice. Rule 34's 30-day period for producing documents – and communicating objections – still applies. *See New World Network, Ltd. V. M/V Norwegian Sea*, 2007 U.S. Dist. LEXIS 25731, *4 (S.D. Fla. Apr. 6, 2007).

While Roca served its original 30(b)(6) subpoenas on May 8, 2015, <u>it re-noticed</u> these depositions on May 29, 2015. The deadlines for serving written objections concerning these document requests under Rule 45 were thus June 8 and 9, 2015, the dates of the 30(b)(6) depositions. Roca's second motion to compel on June 5, 2015 and the Court's Doc. # 144 Order then confused these deadlines. In light of the Court's instruction that Defendants file a response to the second motion to compel by June 12, 2015, after the depositions were originally scheduled to take place, Defendants reasonably believed that there was no need to serve written objections by the former deadlines. Defendants' understanding was that, once the issues raised in the second motion to compel had been ruled on by the Court, Roca would then re-issue their deposition notices, which would set a new Rule 34 deadline for written objections.

The Court upset this expectation, however, by not requiring Roca to re-notice the depositions at issue and finding that Defendants had waived objections to them despite the fact that no deadline under either Fed. R. Civ. P. 45 or 34 had actually passed. The burden of this ambiguity should not be borne by Defendants.  See, e.g., *Pate v. FDIC*, 2013 U.S. Dist. LEXIS 118292, *3

(S.D. Ind. Aug. 12, 2013) (in denying motion for sanctions for non-compliance with discovery order, finding that it was reasonable for the defendant to assume that resetting trial date also had the effect of commensurately resetting the close of discovery); *Marshall & Swift, L.P. v. Crawford & Company*, 2006 U.S. Dist. LEXIS 8236, *8 (N.D. Ga. Feb. 9, 2006) (granting motion for reconsideration of denial of discovery motion in light of ambiguities in prior orders); *Ohio Cas. Ins. Co. v. Cox*, 2014 U.S. Dist. LEXIS 136570, *7 (E.D. Ky. June 20, 2014) (in light of ambiguity of scheduling order, reaching merits of discovery dispute and excluding requests as overbroad despite defendant's untimely objections); *De La Torre v. Legal Recovery Law Office*, 2014 U.S. Dist. LEXIS 42408, *4-5 (S.D. Cal. Mar. 27, 2014) (modifying magistrate judge's order to produce documents under Fed. R. Civ. P. 26(a)(1) in light of ambiguity in order, and undergoing relevance analysis to determine propriety of compelling production). This is especially true in light of the issues raised below in connection with Defendants' alternative request for a protective order.

In addition to the ambiguity created by Roca's second motion to compel and the Court's Doc. # 144 Order, the Court's Doc. # 169 Order erroneously found that Defendants had not raised any objections to the document requests. The Court found that, as of Roca's third motion to compel, "Defendants had served no objections to the requests for production," and that "Defendants' response to the motion (Dkt. 155) failed to assert any objections to the document production requests attached to the subpoenas." (Doc. # 169 at 5.)

This is factually incorrect. Defendants explicitly noted in their opposition to Roca's first motion to compel that they objected to the "the Interrogatories, Requests for Production, outline of proposed deposition topics, and non-party subpoenas previously served" because they "concern matters that are not reasonably calculated to lead to discovery of issues related to" Roca's claims. (Doc. #132 at 5.) The opposition noted that the requests "are directed at how Opinion Corp. operates its website, who Opinion Corp.'s customers are, and how Opinion Corp. promotes its website. None of these factors are at all relevant to the case at hand." (Doc. # 132 at 5.)

These are unambiguous objections to the document requests that the Court appears to have ignored entirely in entering both its Order denying Roca's first motion to compel (Doc. # 141) and the instant Doc. # 169 Order. Nor did the Magistrate Judge have the benefit of the June 3, 2015 email from Defendants' counsel since the scope of the discovery sought was never properly before the Court. All these objections were timely made, as Defendants' opposition and the June 3 email were filed and served within 30 days of Roca's initial deposition notices (notwithstanding the fact that the operative deposition notice was not served until May 29, 2015). At the very least, in light of this clear error, the Magistrate's Order should be revised to specify that the objections raised in Defendant's opposition to Roca's first motion to compel have not been waived, and that Defendants may refuse to produce documents properly subject to these objections.

It is particularly important to note that counsel for Roca and Defendants <u>never met and conferred</u> as to the scope of the document

requests and the deposition topics. Defendants did not raise these objections previously (outside of their opposition to the first motion to compel) because they were not raised in any of Roca's motions to compel. Defendants did not intend to waive any objections by failing to assert them in oppositions to discovery motions that did not raise these issues. To interpret Defendants' failure to make a record of its objections in response to issues that were not raised in the motions to compel as acquiescence to the propriety of the deposition topics and document requests is a misreading of the record.

Because of ambiguity created by Roca's second motion to compel, followed immediately thereafter by the Court's Doc. # 144 Order effectively canceling the June 8 and 9, 2015 30(b)(6) depositions, Defendants did not feel it was yet necessary to serve written objections to Roca's document requests. It was error for the Magistrate Judge to infer a waiver of material substantive objections to last-minute discovery requests accompanied by a raft of irrelevant document requests based on ambiguity created by the Court itself and to disregard the multiple written communications in the record laying out Defendants' objections. Defendants thus request that the Court rule that Defendants have not waived their right to serve written objections to the document requests.

### 3.2   Even if the Court Finds That the Time For Written Objections Have Passed, It Should Grant Defendants Additional Time to Serve Written Objections Due to the Abusive and Voluminous Nature of the Requests.

Roca propounded a total of <u>323 short-notice document requests</u> in their 30(b)(6) deposition notices on Defendants. While they are essentially identical between each Defendant, they require different responses and

objections from each. This was a transparent attempt to bury Defendants in burdensome discovery requests while improperly asserting a tight deadline under Fed. R. Civ. P. 45, which provides a deponent with less than half the time to serve objections as the rule that Roca should have invoked, Rule 34.

As Defendants noted to the Court in their opposition to Roca's first motion to compel, almost none of the document requests in the 30(b)(6) subpoenas at issue seek information reasonably calculated to lead to the discovery of admissible evidence. Instead, the 30(b)(6) document requests are transparent fishing expeditions seeking information unrelated to any element of Roca's claims or Defendants' defenses.

For example, only two of the requests are even arguably limited to relevant time periods. (*See* Doc. # 143-3, requests 57, 62.) The requests seek information on nearly every facet of Defendants' business, including advertising, contracts with third parties, and wholly irrelevant financial information, as well Defendants' use of "Search Engine Optimization," "Online Reputation Management," and "Reputation Management Services" – all undefined terms.  (Doc. # 143-3, requests 66-94, 107-108, 112-113, 115.) The abusive nature of the discovery requests is even more apparent given that Roca's document requests seek information pertaining to numerous unrelated third parties, some of whom Roca has already threatened to sue. (*See* Doc. # 143-3, requests 43-48.) The requests even seek identifying information of individuals who contributed money to Defendants' litigation defense fund. (*See* Doc. # 143-3, requests 160-162.) It is obvious that Roca seeks to file further frivolous lawsuits against these individuals in retribution for assisting or even simply communicating with Defendants.

These document requests are the very definition of abusive, and Defendants properly interposed objections to them in their response to Roca's first motion to compel and in Defendants' counsel's letters of June 3rd and 4th of 2015. Accordingly, if the Court finds that the time for Defendants to serve written objections to these requests under Fed. R. Civ. P 45 has expired, it should permit Defendants to serve written objections up to the date and time of the scheduled 30(b)(6) depositions.

**3.3    The Magistrate's Finding That Defendants Waived Their Objections to the Use of Videotapes of the Depositions Was Clearly Erroneous and Contrary to Law.**

As the correspondence and motion record makes clear, Roca's entire approach to the depositions here – its persistent refusal to foreswear the use of video taken at depositions outside the litigation and its insistence on broadcasting the depositions via Skype in real time – epitomize bad faith. Nothing in Rule 30 places an obligation on a party to seek a protective order prior to the depositions, but Defendants were willing to do so in an attempt to settle the issue of Roca's potential abuse of videotapes of the depositions ahead of time.  Roca obviated the need for this, however, by filing its second motion to compel and bringing this issue before the Court, which effectively canceled the originally scheduled deposition dates in its Doc. # 144 Order. Roca should not be rewarded for its serial filing of meritless motions, and indeed of follow-up amendments to its motion filings, by being allowed to abuse the litigation process in this manner.

Unlike Fed. R. Civ. P. 33, 34, and 36, which provide that objections may be raised in lieu of responses, Rule 30 only speaks to objections at the time of examination, not prior to it, specifying in Fed. R. Civ. P. that "[a]t any time

during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party" (emphasis added). The Rules do not establish a procedure for objecting to a Rule 30(b)(6) deposition notice, but "a pending motion for protective order . . . protects a party from designating a witness to appear and testify as to the particular topics addressed in the pending motion." *Talon Transaction Technologies, Inc. v. StoneEagle Servs., Inc.*, 2014 WL 6819846, at *3 (N.D. Tex. Dec. 4, 2014) (quoting *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 142 (E.D. Tex. 2003); FED. R. Civ. P. 37(d)(2))).  Here, again, as noted in Defendants' omnibus Opposition to Motions to Compel (Doc. # 155 at 5), no such motion was required – or even desirable – where the issues in dispute were already before the court.

Yet the Magistrate's Doc. # 169 Order states that Defendants waived their objections regarding use of videotapes of the depositions because they "failed to object to the original deposition notices and failed to raise their arguments regarding videotaping the depositions when Plaintiff's original motion to compel depositions . . . was before the Court." (Doc. # 169 at 4-5.) Timeliness is the only basis, and as the record demonstrates, it is a mistaken one, provided for this ruling. The order, significantly, and erroneously, does not at all address the substantive basis for Defendants' request to limit use of the deposition tapes.

The Magistrate Judge's ruling is based on a misreading of the record and the discussions between the parties. Defendants, in fact, do not object to videotaping of the depositions. What they unsuccessfully requested Roca

14

to stipulate to, and ultimately the relief they sought from the Court, was <u>a reasonable limitation on the use of video of the depositions</u>. This was not even a concern until Roca's counsel, when queried, refused to rule out use of the tapes outside of this or even related litigation and would not consent to any restriction on their use or even to provide legal authority justifying untrammeled use of deposition video. (*See* Doc. # 143-1.) Significantly, this issue did not come to a head until after the Court ruled on Roca's first motion to compel. Thus Defendants' supposed failure to object to improper use of deposition tapes in May, when Defendants had no reason to raise the objection, cannot constitute waiver of this objection.

It is also unclear why the Court used Roca's original May 8 deposition notices to determine the timeliness of Defendants' objections. The depositions were re-noticed on May 29, 2015, which date the Court should have used in determining whether Defendants' objections were timely made.[1] Defendants noted this objection to Roca's counsel on June 4, 2015 (Doc. # 143-1), as well as in their opposition to Roca's second and third motions to compel on June 12, 2015. (Doc. # 155.) It was also laid out in detail in Defendants' June 3, 2015 letter to Roca. (*See* **Exhibit 1**.) Particularly given that Fed. R. Civ. P. 30 and 45 do not specify any time periods for noting objections to the use of videotapes following a deposition, it was clear error for the Court to conclude that noting these objections on the record, multiple times, within 14 days of the operative deposition notices constituted

---

[1] Ironically, the Magistrate's Order appears to recognize the propriety of this method of calculation, as it found that the operative 30(b)(6) document requests were served on May 29, 2015, the date of service of the re-noticed deposition subpoenas. (*See* Doc. # 169 at 5.)

RANDAZZA | LEGAL GROUP

a waiver of these objections, and to ignore the significant substantive issues raised by Defendants with respect to use of the video.

### 3.4    Even If Defendants' Written Objections Were Waived, They Are Entitled to a Protective Order.

Fed. R. Civ. P. 26(c) permits a party to seek a protective order limiting either the scope of discovery requests or the manner of compliance with them. Generally, a party is entitled to move the court for a protective order any time prior to the close of discovery. *See Pensacola Firefighters' Relief Pension Fund Bd. Of Trs. V. Merrill Lynch Pierce Fenner & Smith, Inc.*, 2011 U.S. Dist. LEXIS 88468, *7 (N.D. Fla. 2011) (citing *In re Coordinated Pretrial Proceedings, etc.*, 669 F.2d 620, 622 n.2 (10th Cir. 1982)). A court should enter a protective order "for good cause shown" upon a demonstration of facts sufficient to establish good cause. *New World Network,* 2007 U.S. Dist. LEXIS 25731 at *2 (citing *Gulf Oil v. Bernard*, 452 U.S. 89, 102 n.16 (1981).

For the reasons explained in Section 3.2, *supra*, and in Defendants' opposition to Roca's second and third motions to compel (Doc. # 155), there is good cause for the Court to enter a protective order here. The document requests are predominantly overbroad, irrelevant, and seek confidential information pertaining to Defendants' customers, donors, finances, and business practices. The only document requests that are even potentially relevant and permissible are those going to the central issues in this case, namely whether Defendants are the authors of the allegedly defamatory statements and whether such statements are capable of being defamatory. Accordingly, the Court should enter a protective order as to the document

requests excusing Defendants from responding to any request that is not limited to these central issues.

Further, Roca's deposition subpoenas have not complied with Fed. R. Civ. P. 34. The operative subpoenas, served May 29, 2015, only provided Defendants with 10 and 11 days in which to serve written objections. The Southern District of Florida has found that such a situation warrants a protective order requiring the re-noticing of deposition subpoenas and providing 30 days from such date for responses to document requests. *See New World Network*, 2007 U.S. Dist. LEXIS 25731 at *5. Defendants have no desire to stretch out discovery even longer, however, and as alternative relief to a protective order on the scope of Roca's document requests seeks a protective order modifying Defendants' time for serving objections to Roca's document requests up to the date of the currently scheduled depositions 30(b)(6) depositions.

As to the use of videotapes of deposition footage, Defendants have laid out the basis for why good cause exists to enter a protective order limiting Roca's use of this footage at length. (*See* Doc. # 155, *passim*.) Roca has refused to agree to <u>any limitation whatsoever</u> on its use of this videotape. Given the acrimonious relationship between the parties, Defendants have every reason to think that Roca will distribute images and clips of the deposition videos, or even to cut, edit and remix them, to harass and abuse Defendants, its own customers, and any number of third parties. As set out in Defendants' previous filings, courts have dealt with this issue and found that the likelihood of such abusive conduct warrants a protective order. *See, e.g., Burgess v. Town of Wallingford*, 2012 U.S. Dist. LEXIS 13578 *8-9 (D. Conn. 2012)

(finding good cause to enter protective order "to impose a ban on publication or dissemination of audio recordings" of deposition testimony "[g]iven the lack of trust regarding potential misuse of tapes, the heated debates, and the pervasive hostility existing between the parties"). The Court should not permit this to happen, and should enter a protective order restricting Roca's use of videotapes of the depositions at issue solely to this litigation

## 4.0   CONCLUSION.

For the foregoing reasons, Defendants request that the Court modify the Magistrate Judge's Doc. # 169 Order granting in part Roca's motions to compel.

Specifically, Defendants request permission to serve written objections to the document requests contained in Roca's 30(b)(6) deposition notices up to the days of the scheduled 30(b)(6) depositions. Alternatively, Defendants request a modification of the Court's Doc. # 169 Order permitting Defendants to assert objections to the document requests raised in their opposition (Doc. # 132) to Roca's first motion to compel (Doc. # 129), or for entry of a protective order limiting Defendants' obligation to respond to document requests related to the issues of the authorship of the complained-of statements specified in Roca's Amended Complaint and whether such statements are capable of being defamatory.

Defendants also request a protective order limiting Roca's use of videotapes of deposition testimony solely to this litigation.

19

Dated: July 8, 2015                         Respectfully Submitted,

                                            s/ Ronald D. Coleman
                                            Ronald D. Coleman, Esq.
                                            *Pro Hac Vice*
                                            Joel G. MacMull, Esq.
                                            *Pro Hac Vice*
                                            ARCHER & GREINER, P.C.
                                            Court Plaza South
                                            21 Main Street – Suite 353
                                            Hackensack, New Jersey 07601
                                            Tele:  201-342-6000
                                            Fax: 201-342-6611
                                            Email: rcoleman@archerlaw.com
                                                    jmacmull@archerlaw.com

                                            Marc J. Randazza
                                            FL Bar No. 625566
                                            RANDAZZA LEGAL GROUP
                                            3625 S. Town Center Drive
                                            Las Vegas, Nevada 89135
                                            Tele:  702-420-2001
                                            Fax: 305-437-7662
                                            Email: ecf@randazza.com

RANDAZZA | LEGAL GROUP

CASE NO.: 8:14-cv-02096-VMC-EAJ

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 8, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that a true and correct copy of the foregoing document is being served upon counsel for Plaintiff, via transmission of Notices of Electronic Filing generated by CM/ECF.

_____
An employee / agent of
RANDAZZA LEGAL GROUP

**RANDAZZA** | LEGAL GROUP