UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROCA LABS, INC.,                )
                                )
v.                              )    Case 8:14-cv-2096-T-33EAJ
                                )
CONSUMER OPINION CORP. and      )
OPINION CORP. d/b/a             )
PISSEDCONSUMER.COM              )

_____

**CYNTHIA KOROLL'S MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR ROCA LABS, INC. AND DON JURAVIN PURSUANT TO RULE 4-1.16 (b) (4), (5), & (6) OF THE FLORIDA RULES OF PROFESSIONAL CONDUCT.**

NOW COMES Cynthia Koroll, Independent Counsel for Roca Labs, Inc. and for her for Leave Motion to Withdraw as Counsel states as follows:

1. Cynthia Koroll has been admitted in this case, *pro hac vice*.

2. Cynthia Koroll hereby seeks leave of this Court to withdraw as counsel in the above styled matter and to have her name removed from the service list in this matter and be relieved of all further responsibilities to Roca Labs, Inc and Don Juravin in this matter.

3. Counsel has good cause to make this motion, as circumstances have arisen that prevent her from continuing to represent Roca Labs, Inc and Don Juravin and that permit her to withdraw in accordance with Rule 4-1-16 (b), (4), (5), & (6) of the Florida Rules of Professional Conduct.

4. Withdrawal is appropriate when the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been

given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled. [Florida Rules of Professional Practice, Rule 4.16 (b) 4]

5. Don Juravin has refused to compensate Counsel at the contracted hourly rate for hours expended in June 2015 as required under the terms of agreement that requires payment of fees by the 5th of the following month by July 5, 2015. No payment was made on July 5, 2015 and on information and belief none is forthcoming. [See Exhibit 1, Contract of Representation, Item 2 D and 4], [See Exhibit 5, Expenses and Hour Sheet]

6. Don Juravin is seeking to reduce pay for hours in May and June 2015 insisting on a 1/2 to 1/3 reduction of fees off the contracted hourly rate. [Exhibit 1, Item 2 D, Exhibit 2, Email April Goodwin July 9, 2015]

7. Don Juravin refuses to reimburse expenses of $2488.03 in violation of the contract. [Exhibit 1, Item 5].

8. Pursuant to Rule 4.16 (b) 5, the client has been given a reasonable warning that the failure to fulfill the obligation will result in a withdrawal as he was warned that a failure to pay all sums due at the contracted rate by June 10, 2015 at 12 noon will result in withdrawal. [See Exhibit 3, Email to Don Juravin]

9. Withdrawal is appropriate as due to the refusal to pay fees and expenses and the insistence of the reduction of fees and reimbursement for fees paid in May 2015 the representation has/ will result in an unreasonable financial burden on the lawyer.  [Florida Rules of Professional Practice, Rule 4.16 (b) 5]

10. Withdrawal is also appropriate as the representation has been rendered unreasonably difficult by the client; Plaintiff has blocked Attorney Koroll's access to her Roca email account and thus receipt of electronic filing via the Roca email account. Client has also blocked access to the Roca Google drive consisting of all case pleadings. As such, Counsel cannot adequately monitor the litigation and cannot communicate with the client and undersigned counsel necessitating the withdrawal of counsel from this case. [Florida Rules of Professional Practice, Rule 4.16 (b) 4]

11. Further there are good and substantial reasons for withdrawal based on the client's accusation in response to being alerted in a text conversation that Counsel wished to withdraw in which he stated, " You are extorting me. I will have to go to the police on that." [Exhibit 4, Screen shot, text message] [Florida Rules of Professional Practice, Rule 4.16 (b) 5 &6]

12. Counsel has advised the Roca Labs, Inc. via Don Juravin that she will seek leave to withdraw from this action. Don Juravin has advised that he does not consent to the withdrawal.

13. Pursuant to Local Rule 3.01(g) I contacted the client Don Juravin by text, skype, email and attempted to call all as efforts to meet and confer. All communications resulted in his refusal to allow immediate withdrawal and his refusal to meet the terms of the contract. Mr. Juravin also instructed me not to communicate with co-counsel Paul Berger and prohibited contact with Attorney Randazza and

Coleman. However, Mr. Berger emailed and advised Mr. Randazza of my withdrawal and and there was no objection.

14. Counsel's withdrawal will not unreasonably delay the progress of this action as Counsel Paul Berger, April Goodwin and Rachel Hyman are representing the Plaintiff at this time.

15. For the reasons set forth in this motion, Counsel respectfully request that the Court permit Cynthia Koroll leave to withdraw effective immediately.

### CERTIFICATE OF GOOD FAITH COMPLIANCE WITH LOCAL RULE 3.01(g)

In accordance with Local Rule 3.01(g), counsel, Cynthia Koroll attempted to confer with counsel for ROCA LABS, INC., and Don Juravin regarding the substance of the instant Motion. This attempt was made via text message, Skype and email. All communications resulted in his refusal to allow immediate withdrawal and his refusal to meet the terms of the contract. Mr. Juravin also instructed Cynthia Koroll not to communicate with co-counsel Paul Berger and prohibited contact with Attorney Randazza and Coleman. However, Mr. Berger emailed and advised Mr. Randazza of Cynthia Koroll's withdrawal and and there was no objection.

Respectfully Submitted,

/s/ Cynthia J. Koroll
Cynthia J. Koroll, Esq.
Admitted *Pro Hac Vice*
630 North Church Street
Suite 202
Rockford, Il, 61103
815-316-7554
cindi@klg-law.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 11, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a true and correct copy of the foregoing document is being served upon: Marc Randazza, Esq. and Ronald Coleman, Esq., counsel for Defendants, Counsel for Plaintiff, via transmission of Notices of Electronic Filing generated by CM/ECF. Additionally, I certify that the foregoing document is being served on Don Juravin by U.S. Mail.

          Respectfully Submitted,
          /s/ Cynthia J. Koroll
          Cynthia J. Koroll, Esq.
          Admitted *Pro Hac Vice*
          630 North Church Street
          Suite 202
          Rockford, Il, 61103
          815-316-7554
          cindi@klg-law.net