**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ROCA LABS, INC.,**

    Plaintiff,

vs.                                                                                Case No.: 8:14-CV-2096-T-33EAJ

**CONSUMER OPINION CORP., et al.,**

    Defendants.
_____/

## ORDER

Before the Court is Attorney Cynthia Koroll's ("Attorney Koroll's") **Cynthia Koroll's Motion for Leave to Withdraw as Counsel for Roca Labs, Inc., and Don Juravin Pursuant to Rule 4-1.16(b) (4), (5), & (6) of the Florida Rules of Professional Conduct**. (Dkt. 177)  Also before the Court is Plaintiff Roca Labs, Inc.'s ("Plaintiff's") **Notice[1] of Non-Objection to Motion to Withdraw of Cynthia J. Koroll as Counsel for Plaintiff and Termination of Electronic Notices** (Dkt. 179), filed by Plaintiff's other counsel of record, Paul Berger ("Attorney Berger").

Attorney Koroll seeks an order withdrawing as counsel for Plaintiff.  Attorney Koroll states that Plaintiff has failed to compensate her at the contracted hourly rate, which has or will result in an unreasonable financial burden on Attorney Koroll.  Additionally, Attorney Koroll states that Plaintiff has blocked her access to her Roca Labs, Inc., email address, and thus, has blocked access to her receipt of electronic filing; Plaintiff also blocked Attorney Koroll's access to Plaintiff's Google drive consisting of all the case pleadings and instructed Attorney Koroll not to communicate

---

[1] Although the document's caption states that the document is a notice, it was filed on the docket as a consent motion.  Additionally, Plaintiff requests in the notice that Attorney Koroll's admission pro hac vice be withdrawn.  Accordingly, the Court will construe the notice as a motion.

with co-counsel or opposing counsel. Therefore, Attorney Koroll states that she cannot adequately monitor the litigation or communicate with Plaintiff or other counsel.

Additionally, Attorney Koroll states that Plaintiff objects to her withdrawal as counsel and that counsel for Defendants do not object to her withdrawal.[2] In its notice, Plaintiff explains that it objected to Attorney Koroll's request to withdraw only because the motion was filed without the ten (10) day notice required by Local Rule 2.03(b), M.D. Fla.[3] However, Plaintiff states that it does not object to Attorney Koroll's withdrawal and that, given the circumstances giving rise to Attorney Koroll's request to withdraw, Attorney Berger is no longer willing to sponsor Attorney Koroll as local counsel as required by Local Rule 2.02(a), M.D. Fla.

Plaintiff will not be left unrepresented upon withdrawal of Attorney Koroll, as Attorney Paul Berger remains counsel of record. See Local Rule 2.03(e), M.D. Fla. ("A corporation may appear and be heard only through counsel admitted to practice in the Court pursuant to Rule 2.01 or Rule 2.02.").

Accordingly and upon consideration, it is **ORDERED and ADJUDGED** that:

(1) Cynthia Koroll's Motion for Leave to Withdraw as Counsel for Roca Labs, Inc. and Don Juravin Pursuant to Rule 4-1.16(b) (4), (5), & (6) of the Florida Rules of Professional Conduct (Dkt. 177) and Plaintiff's Notice of Non-Objection to Motion to Withdraw of Cynthia J. Koroll as Counsel for Plaintiff and Termination of

---

[2] Although Attorney Koroll states that she was instructed not to contact opposing counsel, she states that local co-counsel for Plaintiff, Paul Berger, conferred with counsel for Defendants, who have no objection to Attorney Koroll's withdrawal.

[3] Attorney Koroll attached an email sent to Plaintiff informing Plaintiff of her withdrawal; the email was dated July 11, 2015. (Dkt. 177 Ex. 3) Attorney Koroll's motion for leave to withdraw was filed the same day. (Dkt. 177)

       Electronic Notices (Dkt. 179) are **GRANTED**;

(2) Cynthia Koroll is relieved of any further responsibility to represent Plaintiff in this case.

**DONE and ORDERED** in Tampa, Florida on this 21st day of July, 2015.

ELIZABETH A JENKINS
United States Magistrate Judge