**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ROCA LABS, INC.,**

    **Plaintiff,**

vs.                                                         Case No.: 8:14-CV-2096-T-33EAJ

**CONSUMER OPINION CORP., et al.,**

    **Defendants.**
_____/

## ORDER

Before the Court are Plaintiff Roca Labs, Inc.'s ("Plaintiff's") **Amended Plaintiff's Motion to Determine Reasonable Deposition Fee** (Dkt. 146) and Defendant Consumer Opinion Corp., et al.'s ("Defendants'") **Opposition to Amended Plaintiff's Motion to Determine Reasonable Deposition Fee** (Dkt. 154).

## Background

Plaintiff requests that the deposition fee of Defendants' expert, Thomas Parisi, M.D. ("Dr. Parisi"), be reduced from $3,000.00 for the first three hours and $3,000.00 for any time after the first three hours to $175.00 per hour.[1] Plaintiff also objects to the rate requested by Dr. Parisi of $300.00 per hour for time spent in preparation for the deposition.

Plaintiff asserts that, according to the fee agreement between Dr. Parisi and Defendants, Dr. Parisi's areas of expertise are not relevant to the instant litigation. Further, the fees agreed to by

---

[1] Plaintiff also asserts that it should not have to pay Dr. Parisi in advance of the deposition. However, a Motion Concerning Special Admission to Practice filed after the instant motion was filed indicates that the deposition took place on June 12 and 15, 2015. (Dkt. 164 at 3) Therefore, the issue of prepayment is moot.

Defendants were based on Dr. Parisi's need to close his practice during the deposition; but Plaintiff scheduled the deposition during a time when Dr. Parisi's posted clinic hours indicated that his office would be closed. Additionally, Plaintiff asserts that Dr. Parisi's requested fee is over 400 percent higher than the average hourly income for a vein doctor in Las Vegas, Nevada and that Dr. Parisi has never before been an expert witness. Finally, Plaintiff contends that Dr. Parisi and one of Defendants' counsel, Attorney Marc Randazza, are related by blood or marriage, allowing Attorney Randazza to control the fees set by Dr. Parisi.

Defendants explain that Dr. Parisi and Attorney Randazza came to an agreement on the amount of Dr. Parisi's fees after discussing what would be required of Dr. Parisi as an expert.[2] They agreed to $300.00 per hour for work Dr. Parisi would conduct on his own time (e.g., preparing for deposition, preparing reports, and preparing for trial) and $3,000.00 per half day for testimony, given the need for Dr. Parisi to close his practice during that time. Defendants assert that Dr. Parisi is a physician, that Plaintiff admits he is a well-trained physician, and that the fact that Defendants' contract with Dr. Parisi erroneously states that he was retained to provide testimony concerning trademark issues and branding in the adult entertainment market[3] does not change the fact that Dr. Parisi is Defendants' medical expert. Defendants assert that Plaintiff reviewed the contract, failed to point out any errors, and served Dr. Parisi with a subpoena, thereby assenting to his status as a medical expert in the case.

---

[2] Defendants also explain that neither Dr. Parisi nor Attorney Randazza know of any familial relationship, blood or marital, between them, and that even if they were related, such fact would not be relevant to the amount of Dr. Parisi's fees.

[3] Defendants admit that Dr. Parisi's contract was created from a template and that the language concerning trademark and branding issues in the adult entertainment market was erroneously left in the contract.

**Discussion**

The Federal Rules of Civil Procedure provide that "[u]nless manifest injustice would result, the court must require that the party seeking discovery . . . pay the expert a reasonable fee for the time spend in responding to discovery[.]" Fed. R. Civ. P. 26(b)(4)(E).  The determination of an expert's deposition fee is within the discretion of the Court. Coley v. Wal-Mart Stores Eats, LP, No.3:06-cv-619-J-20HTS, 2008 WL 879294, at *1 (M.D. Fla. Mar. 28, 2008).  When determining a reasonable fee, a balance is necessary between enabling a party to attract competent experts and ensuring that the inquiring party "will not be unfairly burdened by excessive ransoms which produce windfalls for the [other party's] experts." Fraser v. AOL LLC, No. 3:06-cv-954-J-20TEM, 2008 WL 312670, at * 1 (M.D. Fla. Feb. 4, 2008) (citation and internal quotation marks omitted).

In determining a reasonable fee, the Court may consider, among others, these factors:

> (1) the witness's area of expertise; (2) the education and training that is required to provide the expert insight sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality and complexity of the discovery sought; (5) the cost of living in the particular geographic area; (6) the fee being charged by the expert to the retaining party; (7) the fee traditionally charged by the expert on related matters; and (8) any other factor likely to be of assistance to the court in balancing the parties' respective interests.

Id.

Here, Dr. Parisi's curriculum vitae demonstrates that, among other things, he has experience in internal medicine, venous and lymphatic medicine, wound care, hyperbaric medicine, and limb salvage and reconstruction. (Dkt. 146 Ex. 1 at 78-79)  He holds board certifications in internal medicine and venous and lymphatic medicine.  Defendants state that Dr. Parisi was not Defendants' first choice of expert, as they originally sought an expert from Florida in an attempt to reduce travel

3

expenses for trial. However, Defendants also explain that they had difficulty retaining a physician from Florida.

Regarding the nature, quality, and complexity of the discovery at issue, Plaintiff's argument that Dr. Parisi spent only two hours researching and preparing his report is unpersuasive, as Defendants point out that the report was drafted for the purpose of the time-sensitive motion for preliminary injunction.

Also unpersuasive is the argument that because Dr. Parisi's office is normally closed on Friday afternoons, Dr. Parisi's rate should be reduced as suggested by Plaintiff. As Defendants argue, there are a number of other activities that Dr. Parisi could be engaged in during that time.

In the Eleventh Circuit, expert deposition fees may be reduced where the expert is a treating physician. The rationale is that a treating physician "assumes the obligation born by all citizens to give relevant testimony" when the knowledge gained by the physician in his relationship with his patient bears on an issue in controversy. Fraser, 2008 WL 312670, at * 1. However, Dr. Parisi is not testifying as a treating physician in this case and therefore has no such obligation to testify. Moreover, Defendants have cited legal authority demonstrating that even treating physicians have been awarded rates between $400.00 and $1000.00 per hour.[4] Defendants also explain that Defendants will be paying Dr. Parisi the same rate for his testimony at trial.

The $3,000.00 per half day (four hours) specified in Dr. Parisi's contract equates to $750.00

---

[4] See Cruz v. Home Depot, U.S.A., Inc., No. 8:11-cv-1264-T-27TBM, 2011 WL 4836239, at *2 (M.D. Fla. Oct. 12, 2011) (finding fee of $750.00 per hour for a deposition or $1000.00 per hour for video deposition reasonable for testimony of treating physician); Cartrette v. T&J Transport, Inc., No. 3:10-cv-277-J-25MCR, 2011 WL 899523, at *2 (M.D. Fla. Mar. 15, 2011) (finding for testimony of treating physician that fee of $400.00 per hour was reasonable); Coley, 2008 WL 879294, at *2 (finding for testimony of treating physicians that fee of $500.00 per hour was reasonable).

per hour. While Plaintiff asserts that this rate is over 400 percent higher than the average hourly income for a vein doctor in Las Vegas, Nevada, and Attorney Randazza contends that the rates requested are in line with those of other experts, neither party has provided evidence of the prevailing market rate for first time expert witnesses or expert witness physicians who are not treating physicians.

Given Dr. Parisi's education and experience and the circumstances outlined above, the Court finds Plaintiff's request to pay Dr. Parisi only $175.00 per hour unreasonably low. However, in light of Dr. Parisi's inexperience as an expert witness, the Court finds that a reasonable rate is $500.00 per hour for testimony. Further, Plaintiff's additional argument — that Dr. Parisi had no basis for establishing differing rates for preparation work and live testimony — is not convincing. It is not unreasonable for an expert to charge a different rate for preparation, research, or drafting a report (which the expert can do on their own time and at their own convenience) than for time spent testifying at a deposition or at trial. Therefore, the Court finds Dr. Parisi's requested fee of $300.00 per hour reasonable for work Dr. Parisi conducts on his own time.

Accordingly and upon consideration, it is **ORDERED and ADJUDGED** that:

(1) Amended Plaintiff's Motion to Determine Reasonable Deposition Fee (Dkt. 146) is **GRANTED to the extent that** the Court finds that a reasonable rate for Dr. Parisi's deposition testimony is $500.00 per hour and that Dr. Parisi's requested rate of $300.00 per hour for work that he conducts on his own time is a reasonable rate.

(2) Defendants' request to sanction Plaintiff for filing this motion is **DENIED**.

**DONE and ORDERED** in Tampa, Florida on this 23rd day of July, 2015.

_____
ELIZABETH A JENKINS
United States Magistrate Judge