**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ROCA LABS, INC.,**

    Plaintiff,

vs.                                                      Case No.: 8:14-CV-2096-T-33EAJ

**CONSUMER OPINION CORP., et al.,**

    Defendants.

_____/

**ORDER**

Before the Court are Plaintiff Roca Labs, Inc.'s ("Plaintiff's") **Plaintiff's Motion to Compel Compliance with Subpoenas Duces Tecum and Ad Testificandum, and Request for Order to Show Cause why Michael Podolsky, Alex Syrov and Corporate Rule 30(b)(6) Witnesses Should not be Held in Contempt and for Sanctions and Motion for Extension of Discovery Time** (Dkt. 150), Defendant Consumer Opinion Corp. et al.'s ("Defendants'") **Opposition to Motions to Compel** (Dkt. 155), and the parties' **Joint Notice as to Resolution and Outstanding Issues Concerning The Parties' Deferred Motions** (Dkt.165).

**Background**

On May 20, 2015, Plaintiff filed a motion to compel the depositions of Defendants' corporate representatives and the depositions of two other witnesses, Michael Podolsky and Alex Syrov, and sought an award of sanctions in the amount of Plaintiff's attorneys' fees and costs incurred in filing the motion. (Dkt. 129) Defendants' response (Dkt. 132) stated that the parties resolved the issues regarding the dates and times requested for depositions, stated that the parties agreed to dates and times for the deposition of Defendants' corporate representatives and other identified witnesses, and asserted that the only remaining issue was whether Defendants were required to identify their

designated corporate representative witnesses prior to the agreed deposition dates of June 8 and 9, 2015. In light of Defendants' response, the Court denied as moot Defendants' request to schedule the depositions. (Dkt. 141)  The Court also denied Plaintiff's request to compel Defendants to identify their corporate representative designees prior to the agreed deposition dates and denied Plaintiff's request for sanctions. (Id.)

On June 9, 2015, Plaintiff filed the instant Plaintiff's Motion to Compel Compliance with Subpoenas Duces Tecum and Ad Testificandum, and Request for Order to Show Cause why Michael Podolsky, Alex Syrov and Corporate Rule 30(b)(6) Witnesses Should not be Held in Contempt and for Sanctions and Motion for Extension of Discovery Time (Dkt. 150).  In the motion, Plaintiff asked the Court to order non-parties Alex Syrov and Michael Podolsky, along with Defendants' corporate representatives, to show cause why they did not appear at the previously scheduled depositions and compel them to appear for deposition.  Plaintiff also asked the Court to require Defendants to immediately produce all documents responsive to the subpoenas duces tecum, extend the discovery deadline, and award sanctions to Plaintiff and against Defendants' counsel, Attorneys Marc J. Randazza ("Attorney Randazza") and Ronald D. Coleman ("Attorney Coleman"), in the amount of the airfare, hotel, court reporter fees, transcript costs, and videographer fees incurred by Plaintiff as a result of Defendants' failure to attend the previously scheduled depositions.  Plaintiff additionally sought an award of the attorneys' fees it incurred for attendance at the depositions and in filing the instant motion.

The parties' joint notice, filed on June 26, 2015, indicated that they were able to stipulate to new depositions dates.  On July 2, 2015, the Court granted the instant motion in part, ordering Defendants to fully comply with the requests for production at issue and produce the documents

requested at the respective depositions of Defendants' corporate representatives. (Dkt. 169 at 7) On jurisdictional grounds, the Court denied the motion as it related to non-parties Michael Podolsky and Alex Syrov in their individual capacity. (Id.) The Court deferred ruling on the motion as it related to the issue of sanctions for the failure of Defendants' corporate representatives to attend the scheduled depositions (id. at 7-8),[1] and the Court addresses the issue of sanctions in this order.

## Discussion

Plaintiff seeks sanctions pursuant to Rule 37 of the Federal Rule of Civil Procedure. Rule 37 provides that, "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37 (a)(1). If the Court grants the motion, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37 (a)(5). However, the Court should not order payment of monetary sanctions if the opposing party's position was substantially justified or other circumstances make an award of expenses unjust. Id.

The depositions of Defendants' corporate representatives were scheduled to take place on June 8 and 9, 2015, in New York, with the individual depositions of Michael Podolsky and Alex Syrov scheduled to take place on June 6 and 7, 2015, in New York. The deposition of another witness occurred on June 4, 2015. Plaintiff states that, at the June 4, 2015, deposition, Attorney Coleman sent an email stating that Defendants would not produce any witnesses for the scheduled June 6-9, 2015, depositions; Defendants objected to the potential misuse of the deposition videotapes

---

[1] Defendants' objection to the Court's order was overruled and affirmed by the District Judge. (Dkts. 174, 176)

3

by Plaintiff, the streaming of the deposition by Skype to Plaintiff's additional counsel and representatives, and Plaintiff's disagreement with Defendants over Defendants' request to attempt to take the individual and corporate representative depositions of the same individuals on the same day. On June 5, 2015, Plaintiff filed a motion to compel the depositions (Dkt. 143); the same day, the Court deferred ruling on the motion and ordered Defendants to file a response on or before June 12, 2015.

Notwithstanding that Defendants notified Plaintiff that the deponents would not appear, and that neither individual deponent appeared for deposition on June 6 or 7, 2015, as scheduled, Plaintiff appeared for the scheduled depositions of Defendants' corporate representatives on June 8 and 9, 2015. Neither counsel for Defendants nor Defendants' corporate representatives appeared.

It is not clear why Plaintiff continued with its travel itinerary to attend the depositions in New York, given Defendants' cancellation. Plaintiff argues that Defendants failed to seek a protective order and that no order was entered quashing any subpoena or staying the discovery. While it is normally required that a party seek a protective order and obtain an order staying discovery, see <u>Degenhart, M.D. v. Arthur State Bank</u>, No. CV411-041, 2011 WL 3651312, at *1 n.3 (S.D. Ga. Aug. 8, 2011) (collecting cases), as Defendant points out, the issue was already before the Court by virtue of Plaintiff's instant motion to compel and for sanctions. And, while the Court did not stay the deposition, it did order Defendants to file a response to the motion by a deadline that fell after the dates of the scheduled depositions.

As Plaintiff was aware that neither counsel for Defendants nor Defendants' corporate representatives would appear at the scheduled depositions, Plaintiff incurred fees and travel costs unnecessarily. Under these circumstances, the Court declines to award sanctions against Defendants

in the amount of the fees and costs incurred by Plaintiff in attending the June 8 and 9, 2015 depositions in New York. This ruling is subject to reconsideration if circumstances warrant.[2]

Accordingly and upon consideration, it is **ORDERED and ADJUDGED** that:

(1)   Plaintiff's Motion to Compel Compliance with Subpoenas Duces Tecum and Ad Testificandum, and Request for Order to Show Cause why Michael Podolsky, Alex Syrov and Corporate Rule 30(b)(6) Witnesses Should not be Held in Contempt and for Sanctions and Motion for Extension of Discovery Time (Dkt. 150) is **DENIED** as to Plaintiff's request for an order to show cause and for sanctions for the failure of Defendants' corporate representatives to appear at the June 8 and 9, 2015, depositions.

**DONE and ORDERED** in Tampa, Florida on this 5th day of August, 2015.

ELIZABETH A JENKINS
United States Magistrate Judge

---

[2] The Court admonishes the parties and counsel that "game playing" will not be tolerated. (Dkt. 162 at 3)