# EXHIBIT 8

Complaint

Roca Labs, Inc. v. Cyntha Koroll
*15-CA-006540*

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
CASE NO.

ROCA LABS, INC., a Corporation,

Plaintiffs,

v.

CYNTHIA KOROLL, an Individual,

Defendant.

_____/

## COMPLAINT

Plaintiff, ROCA LABS, INC. ("Plaintiff" and/or "Roca"), by and through undersigned counsel, hereby makes the following allegations against Defendant, CYNTHIA KOROLL ("Defendant"), and state as follows:

### INTRODUCTION

1. This is an action to recover damages resulting from Defendant's Legal Malpractice, Negligence, Breach of Contract and Breach of Fiduciary Duties.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this dispute because this complaint seeks damages in excess of $15,000, exclusive of attorneys' fees and costs.

3. Venue within this County and division is appropriate as all times relevant hereto, Defendant was representing, advising, communication, collecting revenue from, making representations to, and causing harm to Plaintiff, located in Hillsborough County, Florida.

## PARTIES

4. Plaintiff is Florida Corporation with a principal place of business in Sarasota, Florida and doing business in Hillsborough County, Florida.

5. Defendant at all times relevant hereto was an attorney who maintains offices in Illinois and who contracted with Plaintiff to provide legal representation in Illinois and Florida.

## BACKGROUND

6. Roca manufactures and markets products aimed to replace the dangerous Gastric Bypass Surgery and other bariatric surgeries.

7. Rather than utilize a traditional corporate legal department to represent and advise it in legal matters, Roca retains attorneys as independent contractors to provide legal services to Roca as needed.

8. Although the attorneys retained by Roca work independently and remotely, Roca strongly encourages its attorneys to work together as a team for the good of the company and in fact refers to the attorneys whose services it has retained as members of the "Roca Legal Team."

9. Like most work environments, virtually everything Roca does is done with others in groups and its Legal Team is no different. Attorneys are tasked with planning and completing projects together. They negotiate roles and resources. They talk to one another—or text, instant message, or, email—and they must know how to listen to each other. They are dependent on and beholden to the others Legal Team members for collective success.

10. Roca prides itself on striving to achieve and maintain a corporate culture that lives up to the very definition of teamwork: people who share a common purpose and adhere to certain rules of interaction, while maintaining distinct roles and responsibilities to achieve a collective goal.

11. Prior to her retention for Roca, Defendant represented to Roca and members of its Legal Team that as a licensed Illinois attorney, she had extensive experience and success in both state and Federal court litigation, including the specific discovery and trial experience for which Roca needed representation.

12. Defendant represented her expected-ability to work well in a team environment and excitement for the opportunity to do so at this point in her career.

13. On or about May 12, 2015, Roca retained Defendant as an independent contractor to provide legal counsel and representation to the company as a member of its Legal Team. A true and accurate copy of the Independent Contractor Agreement, (hereinafter "IC Agreement") is attached hereto as Exhibit A.

14. The IC Agreement contained terms relating to the amount of compensation, duration of the contract, how and when Defendant was to invoice Roca for time billed and expenses incurred, that time tracking software was to be used by Defendant whenever possible while she worked for Roca, that any disputes regarding the IC Agreement are subject to the exclusive venue and jurisdiction of Hillsborough County, Florida, that the parties agree to keep the terms and conditions of the agreement and the existence of the agreement itself confidential, and the terms by which either party could terminate the Agreement.

15. Roca was and continues to be involved in two separate federal litigation matters in the United States District Court, 8:14-cv-02096 and 9:15-cv-80051, wherein attorneys Marc Randazza and Ronald Coleman are counsel for the opposing parties.

16. A Declaration executed by former Roca customer Jennifer Schaive was filed in 8:14-cv-02096.

17. Roca initially retained Defendant to represent it in the matter of Jennifer Schaive v. Roca Labs, Inc., *et. al.*, Case No. 2015-L-002991, filed in the Circuit Court of Cook County, Illinois on March 24, 2015.

18. Concurrently, Roca was engrossed in the discovery phase of Case No. 8:14-cv-02096 with a rapidly approaching deadline of June 15, 2015. Depositions of Consumer Opinion Corp. and Opinion Corp. d/b/a Pissedconsumer.com's corporate representatives, Expert Witnesses and additional non-party witnesses were being scheduled.

19. Based on Defendant's representations that she had extensive federal litigation experience and knowledge in the type of discovery and depositions needed by Roca in the aforementioned case, Roca requested that Defendant appear pro hac vice to assist lead attorney for Roca in that case, Paul Berger, Esq.

20. Each monthly invoice was to be submitted for approval on the first of the month in a manner which was provided to Defendant prior to the date of submission of her first invoice. See Invoice Example attached hereto as Exhibit B.

21. Defendant's first invoice, submitted on June 1, 2015, Defendant billed for over 100 hours for which little or no detail of services were provided. See May 2015 Invoice attached hereto as Exhibit C.

22. As a result of necessitated additional review of said invoice, the timeline for approval and payment were delayed, but Defendant was in fact paid for the entire May 2015 invoice.

23. Roca emailed Defendant and spoke with Defendant on multiple occasions about invoice preparation to avoid the same issue for the following month.

24. Defendant's second invoice, submitted on July 1, 2015, once again did not conform with the requested format and had many time entries for which little or no detail of services were provided. See June 2015 Invoice attached hereto as Exhibit D.

25. Once again, Roca emailed Defendant and spoke with Defendant on multiple occasions about invoice preparation and how to correct the current invoice for re-submission and approval.

26. Nevertheless, Defendant refused to provide detailed time entries or even make an attempt to do same.

27. When Roca again requested additional details, Defendant further refused, demanded full and immediate payment, and proceeded to send unilaterally file an improper motion to withdraw from Case No. 8:15-cv-2096, and to send a barrage of texts, emails, and instant messages to Roca representatives and attorneys for several days, including during critical opposing party depositions in Case No. 8:15-cv-2096. Defendant was acutely aware of the scheduled deposition and the importance of same to the proceeding as she was originally scheduled to attend.

28. Additionally, although as of the date of this Complaint Defendant's Motion to Withdraw in Case No.8:15-cv-2096 has not yet been granted, Defendant, in violation of the Florida Bar Rules of Ethics, the Illinois Rules of Ethics, her Agreement with Roca, and in breach of her fiduciary duties to Roca, made direct and public contact with Ronald Coleman, attorney for the opposing parties in Case No. 8:15-cv-2096, and others, disparaging Roca, publicly requesting references for counsel in Hillsborough County, Florida and stating the dissolution of her IC agreement with Roca.

## COUNT I- LEGAL MALPRACTICE

29. Plaintiff incorporates herein paragraphs 1-28 above as it set forth fully herein.
30. This is an action for damages in excess of fifteen thousand dollars ($15,000.00) for legal malpractice against Defendant.
31. Plaintiff retained Defendant to represent it in connection with the litigation of the following cases: 2015-L-002991 (Circuit Court of Cook County, Illinois) and 8:14-cv-02096 (United States District Court, Middle District of Florida).
32. Defendant accepted the engagement and represented Plaintiff with respect to the entire litigation process.
33. Specifically in Case No. 8:14-cv-2096, Defendant conducted the expert witness depositions of the opposing party in Las Vegas, Nevada without adequately preparing for same.
34. During the above depositions, Defendant acted unprofessionally toward the opposing parties' expert witnesses and opposing counsel.

35. In Part I of Dr. Thomas Parisi's deposition, Defendant's manner and behavior toward the witness ill with a 101 degree fever was later described in a pleading filed by his attorney as "pummeling" the witness.

36. The following day at the deposition of Edwin Nagelhout, it is not clear to Roca whether Defendant appeared for deposition with a single document in hand; Florida Legal Team member Paul Berger, Esq. had to forward all exhibits to a nearby copy store for emergency printing and delivery to Defendant at the deposition location, Esquire Deposition Services ("Esquire").

37. Through correspondence, Roca saw an email from Defendant to an employee of Esquire at 6:56 AM, the morning of deposition, requesting two (2) printed copies of six (6) deposition attachments, total of one hundred seventy pages (170), to be ready for Defendant's use at 10:00 AM.

38. To date, Roca has not seen any deposition outlines, folders, notes or summaries.

39. Ultimately, Defendant was not thorough in her depositions of expert witnesses' Dr. Thomas Parisi or Edwin Nagelhout as she frequently failed to review or analyze dozens of documents and abundant evidence presented to her, made reckless, false, and malicious recommendations clearly indicating she had not reviewed the file or rules or prepared accordingly.

40. Defendant repeatedly represented to Roca and its Legal Team that she had superior knowledge and skill in preparing federal motions, yet repeatedly submitted such documents to the Legal Team which were grossly incomplete and accompanied by

statements to the effect of, "almost done, but just need someone to look up the law and add it."

41. Defendant was disrespectful to and repeatedly refused to defer to Roca's lead counsel in Case No. 8:14-cv-2096, leading to numerous wasted time for the Legal Team and at expense to Roca for hours spent fighting with Defendant who would refuse to back down in any meaningful way.

42. Defendant regularly promised Lead counsel in case No. 8:14-cv-2096, Paul Berger, and other members of the Legal Team, that she would prepare motions and other court filings in the case and then either failed to do so, provided a woefully incomplete document, or after assuring the team that she could prepare the document on her own quite easily, she would require another member of the Legal Team's assistance for several hours in order to complete the document so it could be filed.

43. As such, Defendant owed a duty to Plaintiff to undertake the performance of those services with the skill, care and diligence that is to be expected of attorneys who specialize in federal litigation.

44. At all times relevant hereto, Defendant owed a duty of care to Plaintiff to represent Plaintiff in legal advice, communications, billing, and guidance in accordance with relevant legal standards of care within the practice of law.

45. Defendant breached the relevant duty of care by failing to adequately represent Plaintiff in providing competent legal advice, full and accurate communications, accurate billing, and legal advice in accordance with relevant legal standards within the practice of law, as detailed more fully below.

46. As described above, Defendant submitted invoices of time records with incomplete, inadequate, or non-existent details of services provided.

47. Defendant failed to prepare motions for sanctions in the Schaive case as requested by Roca.

48. Defendant failed to advise Roca of deadlines, filings by opposing party, and court orders in the Schaive case, causing Roca to not be able to obtain its fees and costs for defending the frivolous filing of the complaint.

49. Defendant knew or had reason to know, yet failed to advise Roca that it could seek sanctions against Plaintiff Schaive and/or her counsel for the frivolous filing of the complaint and in fact informed Roca attorney Paul Berger that the ability to obtain sanctions for frivolous court filings does not exist in Illinois state proceedings.

50. Defendant committed any number of harmful, incompetent, malicious and oppressive acts against Plaintiff and counsel, and then seek to invoke "privilege," "breach" for such harmful, incompetent, malicious, and oppressive acts.

51. Said failures and misrepresentations actually and proximately caused Plaintiff damages in an amount to be proven at trial, but no less than $15,000.00, accounting for the amount of effort, time, and money spent on the attorneys fees for work to undo or correct Defendant's errors.

52. As an actual and proximate result of Defendant's failure to maintain professionalism and the fact that she behaved in irresponsible manner, reckless, irresponsible decisions, caused harm to Plaintiff in an exact amount to be proven at trial.

53. In performing the actions described hereinabove, Defendant acted with oppression, fraud and malice.

## COUNT II- BREACH OF CONTRACT

54. Plaintiff realleges and reincorporates paragraphs 1 through 28, and paragraphs 29 through 53 of Count I, as if fully set forth herein.

55. On or about May 12, 2015, Plaintiff and Defendant entered into an independent contractor agreement whereby Defendant agreed to perform legal services for Plaintiff, at the rate specified in the contract, which Plaintiff would pay five (5) days after invoice submission on the 1st of each month.

56. Plaintiff has performed the conditions, covenants and promises required by it to be performed in accordance with the terms and conditions of the contract.

57. Defendant breached the independent contractor agreement with Plaintiff by failing and refusing to perform in good faith by failing to provide adequate and complete billing and time records, maintain confidentiality, utilize the time tracking software whenever possible, and provide proper notice of termination of the Agreement.

58. As a result of the breach of Defendant, in the obligations pursuant to the independent contract, Plaintiff has suffered, and continues to suffer, damages in the form of attorneys fees and costs, increased litigation costs in the cases in which Defendant represented Plaintiff, and incidental damages.

59. Demand has been made on Defendant but Defendant has failed and refused and continues to fail and refuse to provide complete billing records to Plaintiff.

60. Defendant has therefore breached her independent contract with Plaintiff, who has been damaged thereby in an amount to be determined at trial.

## COUNT III- NEGLIGENCE

61. Plaintiff realleges and reincorporates paragraphs 1 through 28, paragraphs 29 through 53 of Count I and paragraphs 54 through 60 of Count II as if fully set forth herein.

62. By virtue of the attorney-client relationship that existed between Plaintiff and Defendant, Defendant owed Plaintiff a duty of care.

63. At all times after representation of, and provision of legal services to Plaintiff commenced, Defendant and each of them failed to exercise reasonable care and skill and undertaking to perform such legal services for Plaintiff, in violation of her duty to exercise reasonable care and skill in such representation.

64. Defendant's ethical lapses include: A) misrepresentation of her experience as a legal professional and level of legal knowledge and skill; B) conflicting interest and breaching fiduciary obligations; C) abandoning her client; D) exorbitantly billing throughout the representation and continuing to improperly bill, E) failing to maintain and update all files to the client upon client's request; and F) failing to keep client informed.

65. Defendant's actions or lack thereof, have caused and will likely continue to cause severe prejudice to Plaintiff in ways that continue to manifest themselves as Plaintiff continues on with the prosecution of the aforementioned cases with competent representation.

66. Had defendants and each of them exercised proper care and skill in the foregoing matter of Plaintiff's representation, Plaintiff would not have incurred the damages which it did incur.

67. As a proximate result of such negligence, Plaintiff was damaged in an amount to be proved at trial, but which exceeds the jurisdictional minimum of this Court.

### COUNT IV- BREACH OF FIDUCIARY DUTIES

68. Plaintiff realleges and reincorporates paragraphs 1 through 28, paragraphs 29 through 53 of Count I and paragraphs 54 through 60 of Count II and paragraphs 61 through 67 of Count III as if fully set forth herein.

69. This is an action for damages in excess of fifteen thousand dollars ($15,000.00) for breach of fiduciary duty.

70. Defendant, as attorney for Plaintiff, owed Plaintiff a fiduciary duty to preserve and protect Plaintiff's interests, rights and opportunities.

71. Defendant, by virtue of the actions and failure to act described hereinabove, breached said fiduciary duties.

72. As an actual and proximate result of Defendant's breach of fiduciary duties described above, Plaintiff has been injured in an amount to be proven at trial.

73. In breaching said fiduciary duties, Defendant acted with oppression, fraud, or malice.

### COUNT V- DECLARATORY JUDGMENT

74. The allegations set forth in paragraphs 1 through 28, paragraphs 29 through 53 of Count I and paragraphs 54 through 60 of Count II, paragraphs 61 through 67 of Count III, and paragraphs 68 through 73 as if fully set forth herein.

75. are incorporated by reference as if fully repeated herein.

76. This is an action against Defendant for a declaratory judgment, pursuant to Section 86.011, Florida Statutes, within the jurisdiction of this Court.

77. Defendant has refused to act on grounds generally applicable to Roca, thereby making final declaratory relief appropriate.

**WHEREFORE**, Plaintiff, ROCA LABS, INC. hereby demands judgment against Defendant, CYNTHIA KOROLL, for damages, pre and post judgment interest, costs and such other and further relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

PLAINTIFF hereby reserve the right, pursuant to Fla. Stat. §768.72 and applicable law to seek punitive damages against the Defendant herein.

Respectfully submitted this 17th day of July, 2015.

By: /s/ April S. Goodwin
April S. Goodwin, Esq.
FL Bar No. 502537
By: /s/ Rachel R. Hyman
Rachel R. Hyman, Esq.
FL Bar No. 70451
Roca Labs, Inc.
P.O. Box 10203
Largo, FL 33777
Tel. (813) 515-0755
legal2@rocalabs.com
legal3@rocalabs.com
LegalTeam@rocalabs.com
*Attorneys for Plaintiff*