# EXHIBIT 8

Excerpts of the Deposition of

Dr. Thomas Parisi

*June 12, 2015*

**Page 1**

```
 1              UNITED STATES DISTRICT COURT
 2               MIDDLE DISTRICT OF FLORIDA
 3                     TAMPA DIVISION
 4
 5   ROCA LABS, INC.,
 6         Plaintiff,
 7     vs.          Civil Action No. 8:14-cv-2096-T-33EAJ
 8   CONSUMER OPINION CORP.
     and OPINION CORP.
 9   d/b/a PISSEDCONSUMER.COM
10         Defendants.
     ~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
11
12
13              VIDEOTAPED DEPOSITION OF
14                 THOMAS PARISI, M.D.
15                      VOLUME I
16                (Pages 1 through 60)
17
18                   June 12, 2015
19                     2:43 p.m.
20
21          2300 West Sahara Avenue, Suite 770
22                  Las Vegas, Nevada
23
24           Robin A. Ravize, CCR No. 753
25
```

**Page 2**

```
 1              APPEARANCES OF COUNSEL
 2
     On Behalf of the Plaintiff:
 3
 4       KOROLL LITIGATION GROUP
         CYNTHIA KOROLL, ESQ.
 5       630 North Church Street, Suite 202
         Rockford, Illinois  61103
 6       815-316-7554
         779.423.2332 Fax
 7       E-mail:  cindi@klg-law.net
 8       ROCA LABS, INC.
         PAUL BERGER, ESQ. (Telephonically appeared)
 9       P.O. Box 7898
         Delray Beach, Florida  33482-7898
10       305.998.6150
         E-mail:  Legal5@rocalabs.com
11                Legal2@rocalabs.com
12
     On Behalf of the Defendants:
13
         RANDAZZA LEGAL GROUP
14       MARC JOHN RANDAZZA, ESQ.
         JEREMY ROBINS, ESQ.
15       3625 South Town Center Drive
         Las Vegas, Nevada  89135
16       702.420.2001
         E-mail:  mjr@randazza.com
17
18   On Behalf of the Deponent:
19       CLYDE DeWITT, ESQ.
         2300 West Sahara Avenue, Suite 800
20       Las Vegas, Nevada  89102
         702.386.1756
21       702.441.0308 Fax
         E-mail:  clydedewitt@earthlink.net
22
23   Also Present:
24       Brian Bywaters, Videographer
         April Goodwyn (telephonically appeared)
25       Rachel Hyman (telephonically appeared)
```

**Page 3**

```
 1              INDEX OF EXAMINATION
 2   WITNESS:  Thomas Parisi, M.D.
 3   EXAMINATION                               PAGE
 4   By Ms. Koroll                             6, 13
     By Mr. DeWitt                             8
```

**Page 4**

```
 1              INDEX TO EXHIBITS
 2   Exhibit      Description               Page
 3   1     Subpoena to Produce Documents,
           Information, or Objects or to
 4         Permit Inspection of Premises in
           a Civil Action                     16
 5
     2     E-mail correspondence              30
 6
     A     Subpoena Duces Tecum and Ad
 7         Testificandum                       8
 8   B     Correspondence dated September 14,
           2014                               24
 9
     C     Declaration of Thomas Parisi in
10         Support of Defendants' Motion for
           Sanctions                          27
11
     D     Opposition to Amended Plaintiff's
12         Motion to Determine Reasonable
           Deposition Fee                     29
13
14         (Original Exhibits 1 and 2 and
            Exhibits A through D have been
15          attached to the original transcript.)
```



Page 5

1      LAS VEGAS, NEVADA
2      FRIDAY, JUNE 12, 2015; 2:43 P.M.
3           -o0o-
4      THE VIDEOGRAPHER: This is Disk No. 1 to the
5  videotaped deposition of Thomas Parisi, M.D., in the matter
6  of Roca Labs, Inc., versus Consumer Opinion Corp., being
7  heard before the United States District Court for the Middle
8  District of Florida, Case No. 8-14-cv-2096-T-33EAJ.
9      This deposition is being held at 2300 West
10 Sahara Avenue, Suite 770, Las Vegas, Nevada on June 12th,
11 2015 at 2:43 p.m.
12     My name is Brian Bywaters with Esquire
13 Solutions Las Vegas. The court reporter is Robin Ravize.
14     Counsel and all present, will you please
15 introduce yourselves and affiliations after which the
16 witness will be sworn.
17     MS. KOROLL: My name is Cynthia Koroll. I'm
18 independent counsel for Roca Labs.
19     MR. DeWITT: Clyde DeWitt. I'm an attorney. I
20 represent Dr. Parisi.
21     MR. RANDAZZA: Marc John Randazza. I am an attorney
22 for the defendants in this case.
23     MR. ROBINS: Jeremy Robins. I'm an associate with
24 Randazza Legal Group.
25     THE VIDEOGRAPHER: Appearances via phone, please.

Page 6

1      MS. KOROLL: Counsel on the phone, we need you to
2  state -- counsel only, I need you to state your appearances,
3  please.
4      MR. BERGER: Paul Berger.
5      MS. GOODWYN: April Goodwyn.
6      MS. HYMAN: Rachel Hyman.
7
8          THOMAS PARISI, M.D.,
9       having been first duly sworn,
10      was examined and testified as follows:
11
12          EXAMINATION
13 BY MS. KOROLL:
14     Q. Please state your full name for the record.
15     A. Thomas Salvatore Parisi.
16     Q. Let the record reflect that this is the
17 deposition of Thomas Salvatore Parisi taken pursuant by
18 agreement of the parties and by notice.
19     Dr. Parisi, my name is Cynthia Koroll, and I
20 represent Roca Labs. It is my understanding that you have
21 elected to call your own counsel to be present at this
22 deposition.
23     Counsel would like to make a statement for
24 the record.
25     MS. KOROLL: Sir, I find it highly inappropriate

Page 7

1  that you are present. However, I have called the
2  magistrate. I've called the judge. And at this point in
3  time, I am very eager to get this deposition under way.
4      I am not going to agree that your
5  objections are -- I don't even know the status of your
6  admission to the federal court. But as a courtesy, I am
7  going to allow you to be present.
8      I understand you want to make a statement.
9  And my main concern is that there not be any obstruction of
10 the deposition.
11     MR. DeWITT: I will not obstruct anything.
12     MS. KOROLL: Thank you.
13     MR. DeWITT: I actually have a couple of
14 questions.
15     MS. KOROLL: Yes, sir.
16     MR. DeWITT: One is -- I don't have an exhibit
17 sticker.
18     Could this be marked, please?
19     MS. KOROLL: Yes, sir.
20     MR. DeWITT: And I'm sorry. I don't have extra
21 copies of it either.
22     MS. KOROLL: What I'm going to -- let me do it this
23 way first: I have marked as Deposition Exhibit No. 1. It's
24 a nine-page document. This is the Subpoena that was served
25 on the witness.

Page 8

1      It is my understanding that you have an
2  exhibit. I'm going to ask that you mark your exhibit as
3  Exhibit A.
4      MR. DeWITT: Okay.
5      (Exhibit A was marked for identification,
6      and is attached hereto.)
7
8          EXAMINATION
9  BY MR. DeWITT:
10     Q. Dr. Parisi, I'll show you what's been marked
11 as Exhibit A, and ask you if that's something you brought
12 with you today?
13     A. It is.
14     Q. How did you come by that?
15     A. This was handed to me by my office staff.
16     Q. And when was that, approximately?
17     A. A few days ago.
18     Q. And is that all that was handed to you?
19     A. I believe so. Yes.
20     Q. Did you copy it or alter it at all?
21     A. I did not.
22     Q. For the record, this is a two-sided copied
23 document. So if Exhibit A only has two pages, then somebody
24 forgot to copy the back.
25     So as a result of that, when you arrived here



Page 9
1  today, did you realize it was going to be videotaped?
2      A.    I did not realize it was going to be
3  videotaped, no.
4      Q.    And you're aware that the videotape of a
5  deposition can be played in court just like you were
6  testifying as a witness?
7      A.    I had no idea.
8      Q.    You do now.
9      A.    I do now.
10     Q.    And knowing that, would you have come wearing
11 something other than what you have on?
12     A.    Yeah.  I wouldn't be wearing my procedure
13 scrubs, no.
14     Q.    Are you feeling okay?
15     A.    I'm not feeling okay.  I have 101 fever.
16     Q.    And I presume since you're a physician, you
17 know what's wrong with you?
18     A.    I have acute bronchitis.  I'm on antibiotics,
19 and I'm attempting to get well quickly.
20     Q.    Okay.
21           There's been some discussion about whether
22 you'll get paid, and --
23     MS. KOROLL:  I'm going to object.  Objection.  Move
24 to strike.
25     MR. DeWITT:  I haven't finished my sentence.

Page 10
1      MS. KOROLL:  I understand, sir.
2            Any conversations and questioning about
3  payment is inappropriate on the record.  I'm just making my
4  objection.
5            Go ahead, sir.
6  BY MR. DeWITT:
7      Q.    Is it your understanding that there's a
8  motion pending before the judge, and as a result of whatever
9  the judge rules on that motion, the judge will order that
10 you be paid whatever the judge decides is the appropriate
11 amount?
12     A.    That is my understanding.
13     Q.    And you're willing to testify because of
14 knowledge of that?
15     A.    Yes.
16     Q.    And you are here only as a witness, right?
17     A.    Correct.
18     Q.    You're not a party to this case?
19     A.    Not at all.
20     Q.    And so you're doing nothing more than serving
21 in the capacity as a witness.  You understand that you have
22 immunity from --
23     MS. KOROLL:  I'm going to object.  This is --
24 Counsel, I've let you go far enough.
25           Let's proceed with the deposition.

Page 11
1      MR. DeWITT:  I've got one more question.
2      MS. KOROLL:  Any and all questions of whether
3  there's immunity or whether there is not is a subject of
4  case law.  And it has to do specifically with the witness,
5  the documents he's produced, whether his testimony is true,
6  factual, whether he's perjured himself in any documents or
7  any statements, and the manner in which he testifies.
8            So as to any representation that he has
9  immunity, I believe that you're incorrect, sir.  However, he
10 is your client.
11 BY MR. DeWITT:
12     Q.    You know you have to tell the truth?
13     A.    Of course.
14     Q.    And did you have a conversation with somebody
15 named Paul Berger?
16     A.    I did.
17     MS. KOROLL:  I'm going to object to any of this line
18 of questioning.  But I will tell you, I am going to be going
19 into that line of questioning.  But I'm not going to permit
20 it on the record now, sir.
21           It's inappropriate for you to do that.
22     MR. DeWITT:  If you're going to get into it --
23     MS. KOROLL:  I am.
24     MR. DeWITT:  -- then fine.
25     MS. KOROLL:  Certainly.

Page 12
1      MR. RANDAZZA:  Can I just place on the record that
2  earlier we agreed that we were going to behave like
3  civilized people here; and that we were going to let one
4  another finish our sentences.
5            You have an objection.  Of course, you have
6  an objection.  There's nothing wrong with that.  This is the
7  second time you've badgered Mr. DeWitt in trying to simply
8  ask questions I want to hear the answers to.
9      MR. DeWITT:  Oh, I do have one other statement I
10 have to make.
11           I am admitted to practice in Nevada and in
12 the District of Nevada --
13     MS. KOROLL:  I understand.
14     MR. DeWITT:  -- if you're concerned about that.
15     MS. KOROLL:  But not in the Middle District of
16 Florida, correct?
17     MR. DeWITT:  No, no.
18     MS. KOROLL:  And you have not applied for any pro
19 hac vice --
20     MR. DeWITT:  No.
21     MS. KOROLL:  -- or anything in this case?
22           And I'm not certain whether your
23 associate introduced himself on the record.
24     MR. RANDAZZA:  He did.
25     MS. KOROLL:  Would you state your name for the


ESQUIRE SOLUTIONS

Page 53

1    And I would not hold out much hope for us
2 scheduling this for Sunday because we have, you know --
3    MS. KOROLL: And we do know it's going to be a very
4 long evening.
5    MR. RANDAZZA: I would imagine so. But I think that
6 if you conduct yourself efficiently and limit the petit, I
7 think we can get it done rather quickly.
8    MS. KOROLL: Is there anything else?
9       When you leave here, Doctor, you're going to
10 have a copy of Exhibit 1. It is your Subpoena. It is
11 your Schedule A. Your counsel is going to have a copy of
12 it.
13       And I'm going to ask that all of those
14 items that are listed on it that are provided at the
15 deposition, we will get them marked, and we will get
16 through this.
17    MR. DeWITT: Okay.
18    MS. KOROLL: Is there anything else that needs to be
19 on the record?
20    MR. RANDAZZA: Anything you guys want?
21    THE WITNESS: I just have a bunch of procedures on
22 Monday. So hopefully, I won't show up in scrubs.
23    MS. KOROLL: I am a little uncertain as to whether
24 or not we need to put on the record that there would be no
25 need to call the court reporter for the accuracy of the

Page 54

1 transcript.
2       That is something we do in the northern
3 district.
4    MR. RANDAZZA: Well, we are not in the northern
5 district.
6    MS. KOROLL: I'm uncertain. I'm just asking.
7       Any stipulation that needs to be done
8 regarding the court reporter.
9    MR. RANDAZZA: You have a middle district admitted
10 attorney on your team. I would probably refer you to ask
11 him about the procedures and policies.
12    MS. KOROLL: Certainly. There will be no
13 stipulation then as to calling the court reporter.
14       At this point in time, I am going to retain
15 all exhibits, all originals, for this deposition. And I
16 will provide scanned copies of those to you.
17       And we are not going to attach them to the
18 transcript, if that's acceptable.
19    MR. RANDAZZA: No. I would ask that you bring a
20 paper copy for us of anything that you plan to use.
21    MS. KOROLL: I will bring a paper copy. But as to
22 this transcript, because it's not going to be the same court
23 reporter, so as to this transcript for today, I'm going to
24 retain any exhibits that we use. And I will bring you a
25 copy of them.

Page 55

1    MR. RANDAZZA: No. I think if you introduce them as
2 exhibits, this court reporter takes them.
3       I'm not going to stipulate that we have -- I
4 mean, we already had an issue. If we hadn't already had an
5 issue of what was one document, what was another document, I
6 wouldn't even have any concerns.
7       But right now, I have some great concerns
8 about documents that one person has them in one condition
9 when they go into an envelope allegedly, and then the
10 envelope gets opened and there's something else in it.
11       So no.
12       I mean, I trust this court reporter to
13 maintain --
14    MS. KOROLL: I will give them to the court reporter.
15    MR. RANDAZZA: -- the integrity of the documents.
16 I'm sorry. I do not trust Roca Labs to do that.
17    MS. KOROLL: I will provide them to the court
18 reporter.
19       Thank you.
20    MR. RANDAZZA: Thank you.
21       Anything else?
22    MR. DeWITT: I can't think of anything.
23    MS. KOROLL: Nothing.
24    THE VIDEOGRAPHER: This is the end of Disc 1, and
25 concludes the videotaped deposition of Thomas Parisi, M.D.,

Page 56

1 taken on June 12th, 2015. The time is 4:12 p.m.
2       We are off the record.
3
4       (PROCEEDINGS ADJOURNED AT 4:12 P.M.)
5              * * * *



```
                                                    Page 57
 1              REPORTER'S CERTIFICATE
 2  STATE OF NEVADA  )
                     ) ss.
 3  COUNTY OF CLARK  )
 4         I, Robin A. Ravize, a Certified Shorthand Reporter
 5  licensed in Clark County, State of Nevada, do hereby
 6  certify:
 7         That I reported the taking of the deposition of
 8  Thomas Parisi, M.D., on June 12, 2015, commencing at the
 9  hour of 2:43 p.m.;
10         That prior to being examined, the witness was by
11  me duly sworn to testify to the truth, the whole truth, and
12  nothing but the truth;
13         That I thereafter transcribed my said shorthand
14  notes into typewriting and that the typewritten
15  transcription of said deposition is a complete, true, and
16  accurate transcription of my said shorthand notes taken down
17  at said time; and that review of the transcript was
18  requested.
19         I further certify that I am not a relative nor
20  employee of an attorney or counsel involved in said action,
21  nor a person financially interested in said action.
22         IN WITNESS WHEREOF, I have hereunto set my hand in
23  my office in the County of Clark, State of Nevada this
24  25th day of June, 2015.       [signature]
25                                 Robin A. Ravize, CCR No. 753
```

```
                                                    Page 58
 1              DEPOSITION ERRATA SHEET
 2
 3  Assignment No.:  J0112876
 4  Case Caption:  Roca Labs vs. Consumer Opinion Corp.
 5
 6
 7         DECLARATION UNDER PENALTY OF PERJURY
 8         I declare under penalty of perjury that I have
 9  read the entire transcript of my Deposition taken in the
10  captioned matter or the same has been read to me, and the
11  same is true and accurate, save and except for the changes
12  and/or corrections, if any, as indicated by me on the
13  DEPOSITION ERRATA SHEET hereof, with the understanding that
14  I offer these changes as if still under oath.
15
16         Signed on the ____ day of _____,
17  2015.
18
19
20
21              _____
                   THOMAS PARISI, M.D., DEPONENT
22
23
24
25
```

```
                                                    Page 59
 1              DEPOSITION ERRATA SHEET
 2
 3  Page No._____Line No._____Change to:_____
 4  _____
 5  Reason for change:_____
 6  _____
 7  Page No._____Line No._____Change to:_____
 8  _____
 9  Reason for change:_____
10  _____
11  Page No._____Line No._____Change to:_____
12  _____
13  Reason for change:_____
14  _____
15  Page No._____Line No._____Change to:_____
16  _____
17  Reason for change:_____
18  _____
19  Page No._____Line No._____Change to:_____
20  _____
21  Reason for change:_____
22  _____
23
24  SIGNATURE_____DATE:_____
                     THOMAS PARISI, M.D.
25
```

```
                                                    Page 60
 1              DEPOSITION ERRATA SHEET
 2
 3  Page No._____Line No._____Change to:_____
 4  _____
 5  Reason for change:_____
 6  _____
 7  Page No._____Line No._____Change to:_____
 8  _____
 9  Reason for change:_____
10  _____
11  Page No._____Line No._____Change to:_____
12  _____
13  Reason for change:_____
14  _____
15  Page No._____Line No._____Change to:_____
16  _____
17  Reason for change:_____
18  _____
19  Page No._____Line No._____Change to:_____
20  _____
21  Reason for change:_____
22  _____
23
24  SIGNATURE_____DATE:_____
                     THOMAS PARISI, M.D.
25
```

