**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ROCA LABS, INC.,                                Case No: 8:14-cv-02096-VMC-EAJ

        Plaintiff,

   v.

CONSUMER OPINON CORP. and
OPINION CORP. d/b/a
PISSEDCONSUMER.COM,

        Defendants.
_____/

### DEFENDANTS' MOTION IN LIMINE

Defendants Consumer Opinion Corp. and Opinion Corp. (collectively, "Defendants") hereby file their motion *in limine*[1] to exclude introduction of and references to certain evidence at trial.

**1.0  INTRODUCTION AND FACTUAL BACKGROUND**

This entire case is a strategic lawsuit against public participation ("SLAPP" suit). Plaintiff Roca Labs, Inc. ("Roca") knows that it has no valid causes of action against Defendants, but it wants to silence them by making litigation as drawn-out and expensive as possible. If this case makes it to trial, Defendants expect Roca to attempt to include and refer to wholly irrelevant evidence for the sole purpose of confusing the issues and unfairly prejudicing Defendants. In particular, Defendants expect that Roca will make a point of referring to social media posts authored by Defendants' counsel concerning

---

[1] Pursuant to the Case Management and Scheduling Order, Doc. No. 49, a single motion *in limine* is submitted.

Roca and this case, as well as irrelevant information contained in the income tax returns of Defendant Consumer Opinion Corp. Defendants further move to exclude any evidence that they are the authors of the alleged defamatory statements.

Roca has already shown in its Amended Complaint that it wishes to include statements made by Defendants' counsel on social media. The Amended Complaint refers to a Twitter post authored by Defendants' counsel, Marc Randazza, on October 31 that reads "Some fucker put Roca Labs' shit in my kids candy bag!", as well as the subsequent "favorit[ing]" of this Twitter post by Roca's other counsel, Ronald Coleman. (Doc. # 114 at ¶¶81-82.) While Roca asserts that "Defendants also employ a network of agents who tweet false, negative and malicious information about ROCA," Roca does not attempt to premise any liability on Defendants' part for these statements. (*Id*. at ¶81.) Nor can it, as Roca has already sued Mr. Randazza for this Twitter post. (*See*, Doc. # 52-3, *Roca Labs, Inc. v. Marc Randazza* Complaint in Hillsborough County.)

Additionally, as an exhibit to its recently-filed opposition to Defendant Consumer Opinion Corp.'s Motion for Summary Judgment, Roca has placed Defendant Consumer Opinion Corp.'s 2012 and 2013 income tax returns in the record. (*See*, Doc. # 186-1.) It did so only for the limited purpose of demonstrating that "Defendant characterizes its business as 'website building and management serviced [sic]." (Doc. # 186 at 5.) The exhibit it filed, however, does not redact any information, and clearly displays Consumer Opinion Corp.'s employer identification number ("EIN") and financial information.

As statements on social media authored by Defendants' counsel and the majority of Consumer Opinion Corp.'s tax returns are wholly irrelevant to the merits of this case and are likely to confuse the issues and color the jury's perception of Defendants, any limited probative value of these statements are substantially outweighed by their tendency to unfairly prejudice Defendants and confuse the issues, and should thus be excluded under Fed. R. Evid. 403.

**2.0   LEGAL STANDARD**

While the Federal Rules of Evidence generally permit inclusion of relevant evidence, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice [or] confusing the issues . . . ." Fed. R. Evid. 403. This is a balancing the test, and to warrant exclusion "the evidence's prejudicial effect must be high enough to outweigh its probative value." *Aycock v. R.J. Reynolds Tobacco Co.*, 769 F.3d 1063, 1072 (11th Cir. 2014). "[A]ll admissible evidence is subject to exclusion under" this rule. *United States v. King*, 713 F.2d 627, 632 (11th Cir. 1983).

**3.0   ARGUMENT**

    **3.1   Statements Made By Defendants' Counsel on Social Media Concerning This Case Should Be Excluded**

There is simply no legitimate reason to permit inclusion of or reference to statements concerning this case made by Defendants' counsel on social media. They are in no way related to any purported liability of Defendants or purported damages of Roca. Roca has acknowledged that Defendants are in no way the authors of these statements, as made clear by the fact that they sued one of Defendants' attorneys over one such statement. (*See*, Doc.

3

# 52-3.) Roca's assertion that Defendants have some kind of network of shadow operatives engaged in a PR campaign is nonsensical; Roca should not be surprised that its aggressively censorious litigation tactics have garnered negative commentary. Accordingly, evidence of such statements is wholly irrelevant to this case, and Roca should not be permitted to refer to introduce or refer to them at trial.

Even if there is some modicum of probative value to these statements, any such value is substantially outweighed by their tendency to confuse the issues and unfairly prejudice Defendants. As part of their "network of agents" theory, Roca is expected to assert at trial that Defendants either authored these statements or instructed their counsel to author such statements. Despite the fact Roca does not premise any liability on these statements, such an assertion is likely to make the jury think that Defendants are in fact responsible and liable for such statements. Even if the jury were not to draw this conclusion, they may draw unfairly negative inferences regarding Defendants if they think that Defendants instructed their counsel to make some of their more colorful statements, for example, Mr. Randazza's Twitter post reading "[s]ome fucker put Roca Labs' shit in my kids' candy bag!" Such statements would thus confuse the issues and unfairly prejudice Defendants, and should be excluded under Fed. R. Evid. 403.

### 3.2   Irrelevant Portions of Consumer Opinion Corp.'s Income Tax Returns Should Be Excluded

Roca included the 2012 and 2013 tax returns of Consumer Opinion Corp. as an exhibit to its opposition to Consumer Opinion Corp.'s Motion for Summary Judgment (Doc. # 186-1). The only reference it makes to this exhibit

4

in its motion, however, is the statement in the tax returns that "Defendant characterizes its business as 'website building and maintenance serviced' [sic]." (Doc. # 186 at 5.) Presumably, the exhibit was included as part of its windmill-tilting quest to convince the Court that Consumer Opinion Corp. operates the pissedconsumer.com website, which Defendants have asserted and proven *ad nauseam* it does not. Nothing in the exhibit, however, is redacted; it includes Consumer Opinion Corp.'s EIN and reported income, among other information. This over-inclusion of sensitive information is, sadly, what Defendants have come to expect from Roca and their abuse of the litigation process.

The only portion of Consumer Opinion Corp.'s 2012 and 2013 tax returns Roca should be permitted to introduce or refer to at trial is the statement referred to in Roca's opposition to Consumer Opinion Corp.'s Motion for Summary Judgment that it is a "'website building and maintenance serviced' [sic]." (Doc. # 186 at 5.) No other information in the tax returns is even remotely relevant to any issue in this case.

### 3.3   Evidence of Alleged Authorship is Inadmissible

Roca claims that Defendants are the authors of eleven allegedly defamatory posts on the pissedconsumer.com website. (*See*, Doc. # 2, Complaint, at ¶¶88, 184 & 196.) 2 As set forth in Defendants' Second Amended Notice of Related Cases, Plaintiff initiated *Roca Labs, Inc. v. Does 1-11*, Case No. CACE-14-021978, filed in the Seventeenth Judicial Circuit Court in and for Broward County, Florida. (*See* Doc. # 61.) Such was subsequent to the filing of this litigation. In the complaint in that matter,

---

2 Roca reiterated these claims in its amended complaint.

5

Plaintiff identifies the same eleven allegedly defamatory posts and states that the Doe defendants "made and published" them. (*See*, Doc. # 61-1 at ¶¶17 & 30.) The doctrine of judicial estoppel bars a party from asserting inconsistent legal positions. *See, e.g., Lehman Bros. Holdings, Inc. v. Hirota*, 2007 U.S. Dist. LEXIS 98737, *6 (M.D. Fla. Nov. 28, 2007). The Eleventh Circuit applies judicial estoppel in cases involving "intentional contradictions, not simple error or inadvertence." Robinson v. Tyson Foods, Inc., 595 F.3d 1269, 1275 (11th Cir. 2010) (quotations omitted). Roca makes a mockery of the judicial system. It would be improper for Roca to attempt to introduce evidence of authorship here when they legally attributed such authorship to others in another pending case.

**4.0   CONCLUSION**

For the foregoing reasons, this Court should grant Defendants' motion *in limine* to exclude introduction or reference to 1) any statement made on social media by Defendants' counsel concerning this case; 2) any information in Consumer Opinion Corp.'s 2012 and 2013 income tax returns other than the statement specifically identified in Roca's opposition to Consumer Opinion Corp.'s Motion for Summary Judgment; and 3) any attribution of authorship of the allegedly defamatory statements to Defendants.

/ / /

/ / /

/ / /

/ / /

/ / /

Dated: August 7, 2015                                    Respectfully Submitted,

*s/ Marc J. Randazza*
Marc J. Randazza
FL Bar No. 625566
RANDAZZA LEGAL GROUP
3625 S. Town Center Drive
Las Vegas, Nevada 89135
Tele:  702-420-2001
Fax: 305-437-7662
Email: ecf@randazza.com

Ronald D. Coleman, Esq.
*Pro Hac Vice*
Joel G. MacMull, Esq.
*Pro Hac Vice*
ARCHER & GREINER, P.C.
Court Plaza South
21 Main Street – Suite 353
Hackensack, New Jersey 07601
Tele:  201-342-6000
Fax: 201-342-6611
Email: rcoleman@archerlaw.com
            jmacmull@archerlaw.com

CASE NO.: 8:14-cv-02096-VMC-EAJ

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 7, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a true and correct copy of the foregoing document is being served upon counsel for Plaintiff, via transmission of Notices of Electronic Filing generated by CM/ECF.

An employee / agent of
RANDAZZA LEGAL GROUP

RANDAZZA | LEGAL GROUP

8