# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ROCA LABS, INC.,                        Case No: 8:14-cv-02096-VMC-EAJ

      Plaintiff,

   v.

CONSUMER OPINION CORP. and
OPINION CORP.,

      Defendants.
_____/

**MOTION TO STAY CASE IN LIGHT OF FTC PROSECUTION OF PLAINTIFF**

Defendants Opinion Corp. and Consumer Opinion Corp. (collectively, "Defendants") hereby move this Court for a stay of the instant matter given the filing of a lawsuit in this Court against Plaintiff Roca Labs, Inc. ("Roca") by the Federal Trade Commission (the "FTC").

The FTC's claims against Roca parallel Defendants' defenses against Roca in this action almost identically. Less than 24 hours after the FTC filed its action, Roca capitulated to the FTC's claims by stipulating to entry of a temporary restraining order that effectively shut down its business activities completely – including prohibiting further lawsuits to retaliate against parties that share negative information. Therefore, arguably, Roca is enjoined from prosecuting this case.

Given that the issues in the cases overlap so closely and are so substantively similar, Defendants ask this Court to stay this case pending the outcome of the FTC's request for a preliminary injunction. If the FTC obtains

injunctive relief against Roca, the Court will have justification to stay this case until the conclusion of the FTC litigation.

Alternatively, Defendants request that the Court rule upon the Motions for Summary Judgment filed by Defendants. When doing so, the Court should consider the new evidence submitted by Defendants in their Motion to Supplement the Record and Notice of Supplemental Authority. Rendering a decision in Defendants' favor on those dispositive motions would obviate the need to stay the case pending resolution of the FTC case.

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.0  INTRODUCTION AND STATEMENT OF RELEVANT FACTS

Until the FTC sued Roca and it agreed to cease all of its business activities, Roca sold a questionable weight loss product to consumers. In an attempt to deflect legitimate consumer criticism of this product and of Roca itself, Roca placed provisions in its terms and conditions that purportedly prohibited its customers from making negative reviews or critical comments about both the product and the company.[1] Unsurprisingly, because Roca's advertising promised results that its supplement could never deliver, a great many of its customers had a great deal of legitimate, negative things to say about Roca.

Defendant Opinion Corp. operates a consumer review website where many of Roca's former customers expressed their dissatisfaction with Roca's product.[2] Roca apparently believed that the only way to maintain the economic viability of its product was to ensure that its dissatisfied customers

---

[1] In this case, Roca seeks to enforce the terms of that agreement not against consumers, but against the Defendants for merely allowing consumers to speak negatively about Roca. This is, according to the FTC, itself an unfair and deceptive trade practice, which would seem to be dispositive of this question in this case.

[2] Defendant Consumer Opinion Corp. has absolutely no connection to Roca's claims and should not be in this lawsuit.

had a cone of silence placed over them. This case is a key element in the cone's structure. And, this cone of silence is precisely at the core of the Federal Trade Commission's claims, and at the core of the harm that Roca Labs has visited upon the public.

While Defendants were defending themselves against Roca's illegitimate claims in this suit, the FTC was investigating Roca's misleading and false advertising, its product's effectiveness, and its adversarial relationship with its legitimately dissatisfied consumers. This investigation concluded with the FTC filing suit against Roca in the U.S. District Court for the Middle District of Florida on September 24, 2015 (Case No. 8:15-cv-02231-MSS-TBM). The FTC's Complaint asserted claims for relief for:

a. *Deceptive Weight-Loss*, finding that Roca's representations about its weight loss product were false, misleading, or unsubstantiated at the time they were made;

b. *False Establishment*, finding that Roca falsely advertised that its weight loss product had a 90% success rate in causing weight loss and reducing food intake;

c. *Unfair Use of Non-Disparagement Provisions*, finding that Roca improperly used non-disparagement clauses to prohibit its customers from speaking or publishing truthful or non-defamatory comments or reviews of Roca and its products to the detriment of consumers;

d. *Misrepresentations about GastricBypass.me*, finding that Roca advertised the site as independent and objective when it was actually operated by Roca;

e. *Failure to Disclose Material Connections*, finding that Roca failed to disclose its connections with GastricBypass.me, namely that it owns and operates the site;

f. *Deceptive Privacy*, finding that Roca claimed to keep information concerning its customers confidential but has repeatedly failed to do so in both court proceedings and with respect to Roca's payment processors and banks; and

g. *Deceptive Discount*, finding that Roca's attempts to force customers to pay additional fees if those customers posted negative comments or reviews about Roca were illegitimate and not agreed upon by those customers.

*See generally* FTC Complaint for Permanent Injunction and Other Equitable Relief, attached hereto as **Exhibit A**.

The allegations in the FTC's Complaint align beautifully with the defenses in this case – almost as if the FTC's enforcement arm was of like mind with the defense. From the outset, Defendants have argued that Roca engaged in false and deceptive advertising and intimidation of its consumers to control the flow of negative information concerning Roca's weight loss product. That is the crux of the FTC's complaint against Roca, and at the heart of the FTC's position that Roca has been harming the public.

Moreover, Roca apparently agrees that the FTC's claims have merit and that the FTC will likely prevail. On September 25, 2015, the day after the Complaint was filed, Roca and the FTC submitted a stipulated Temporary Restraining Order, whereby Roca agreed to:

a. stop advertising, marketing, promoting, selling, or offering for sale its weight loss product;

b. stop attempting to enforce the non-disparagement provisions of its customer agreement, including prohibiting customers from making bad reviews, taking action against customers for making bad reviews, or threatening to take action against customers from making bad reviews; (recall that this is a key to Roca's claims – that the defendants have allowed Roca customers to post negative reviews, in a claimed violation of the "gag clause").

c. stop misrepresenting GastricBypass.me as an independent objective website;

d. stop releasing sensitive customer information without the customer's knowledge or consent; (a further act of witness intimidation)

e. cease disposing of the assets of Roca, its officers, agents, servants, employees, and attorneys through any means;

f. provide the FTC with a detailed accounting its sales, revenues and profits, and disbursements of more than $1,000 since January 1, 2010; and

g. preserve all of its business records and report any new business to the FTC.

*See generally* Stipulated Temporary Restraining Order with Equitable Relief and Order to Show Cause Why a Preliminary Injunction Should Not Issue, attached hereto as **Exhibit B**. The court converted that stipulation into a TRO on September 29, 2015.

To whatever extent Roca Labs can claim damages from the alleged defamation in this case, the stipulation and subsequent TRO show that Roca has no actual damages, as its operations were unlawful from the

commencement of this case. Negatively opining on an unlawful business enterprise cannot be the basis for a reasonable defamation claim.

Within 24 hours of the FTC's Complaint, Roca essentially agreed to stop doing business altogether, demonstrating that Roca understood that fighting the FTC's Motion was futile. Moreover, TROs and preliminary injunctions do not issue unless the moving party is substantially likely to succeed on the merits of its claims. *See Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994). Roca would not have surrendered and ceased all of its business operations within 24 hours of receiving the Complaint if it had any viable arguments against entry of a TRO.

Despite capitulating and shutting down its operations completely the moment it received the FTC's Complaint, Roca still wishes to maintain the instant suit and argue that Defendants' defenses, which are identical to the FTC's claims, are insufficient to defeat Roca's claims for relief. Roca cannot be permitted to have it both ways. If it cannot defeat the FTC's claims against it, then it cannot prevail on its claims against Defendants.

At the very least, this case should be stayed until after the preliminary injunction hearing in the FTC case. While the FTC matter was filed after this one, the FTC case will not be stayed, as its primary purpose is to protect consumers from Roca's false and deceptive trade practices. If the FTC obtains a preliminary injunction against Roca, the Court will have sufficient justification to stay this case until the conclusion of the FTC case. Given that Roca stipulated to a TRO that essentially terminated its business operations, it faces an uphill battle against the U.S. government, to say the least.

Alternatively, this Court should rule upon Defendants' Motions for Summary Judgment in Defendants' favor. Defendants' Motions were

meritorious when they were filed. Roca's immediate capitulation in the FTC case only serves to strengthen them and demonstrate that there are indeed no disputed material facts.

## 2.0 LEGAL ARGUMENT

### 2.1 The Court Should Stay This Case.

Courts within the Eleventh Circuit have discretion to grant a temporary stay based upon a "variety of circumstances" pending resolution of a connected or related case. *Ortega Trujillo v. Conover & Co. Comm.*, 221 F.3d 1262, 1264 (11th Cir. 2000). At times, principals of abstention will compel a stay of a case. *See id.* Where, as here, abstention does not apply, stays are often necessary to allow the court to control its docket and manage cases before it. *See id.* (*citing Clinton v. Jones*, 520 U.S. 681 (1997)).

If a court exercises its discretion to stay a case, the stay must not be "immoderate." *Ortega Trujillo*, 221 F.3d at 1264 (*citing CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982)). In considering whether a stay is "immoderate," the trial court should consider the scope of the stay, including its duration, and the reasons for the stay. *See id.*

In this case, the Court should stay this case because, if the FTC prevails, Roca's claims against Defendants would necessarily fail as a matter of law. Moreover, even if its claims did not fail, it would be incapable of showing that Defendants' alleged actions damaged it, as Roca would have been an illegal enterprise throughout its entire duration. Roca and the FTC entered into a stipulated, 30-day TRO the day after the case was filed, which completely shut down Roca's operations. If Roca agreed to such extraordinary relief so quickly, it is hard to fathom a circumstance whereby

the FTC does not obtain similar injunctive relief against Roca both during and at the conclusion of its case.

Stays of indefinite length require the Court to meet a heavier burden than one with an expiration date. *See, e.g., Ortega Trujillo*, 221 F.3d 1264-65. Therefore, Defendants propose that its requested stay expire upon the resolution of the motion for a preliminary injunction. At that point, the Court and the parties should conduct a status conference to determine whether the stay should continue, which will largely depend on the results of the preliminary injunction hearing.

If the court in the FTC case converts the TRO into a preliminary injunction, the Court would have adequate justification for staying this matter until the conclusion of the FTC case (provided summary judgment has not issued). Given that an injunction would halt Roca's business operations for the entirety of the FTC litigation, the case would likely not last very long.

### 2.2 Alternatively, the Court Should Grant Defendants' Motions for Summary Judgment.

Alternatively, the Court could end Roca's case against Defendants right now by granting their respective Motions for Summary Judgment. Defendants' Motions were meritorious when filed. Given how strongly the record is in the FTC case,[3] including the stipulated TRO, supports Defendants' Motions, Defendants have provided the Court with more than enough support to dispose of this case in its entirety.

### 3.0 CONCLUSION

The results of the FTC investigation into Roca and its subsequent lawsuit provide enormous support for Defendants' defenses. At the very least, this

---

[3] Defendants have filed a Notice of Supplemental Authority and a Motion to Supplement the Record, containing all relevant documents from the FTC case, concurrently with this Motion.

case should be stayed until the court in that case has ruled upon the FTC's request for a preliminary injunction. If the FTC prevails, the Court will have justification to stay this matter until the FTC case has concluded. Alternatively, the Court should grant Defendants' Motions for Summary Judgment, which were meritorious even before Defendants' supplemented the record with the stipulated TRO and the results of the FTC's investigation into Roca and its business activities.

The parties have met and conferred as required by LR 3.01(g), and Paul Berger, counsel for Roca, stated that Roca does not consent to the relief sought herein.

Dated September 30, 2015.　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ Marc J. Randazza*
　　　　　　　　　　　　　　　　　　　　Marc J. Randazza, Esq.
　　　　　　　　　　　　　　　　　　　　Florida Bar No. 625566
　　　　　　　　　　　　　　　　　　　　RANDAZZA LEGAL GROUP, PLLC
　　　　　　　　　　　　　　　　　　　　3625 S. Town Center Drive
　　　　　　　　　　　　　　　　　　　　Las Vegas, Nevada 89135
　　　　　　　　　　　　　　　　　　　　Tele:  702-420-2001
　　　　　　　　　　　　　　　　　　　　Fax: 305-437-7662
　　　　　　　　　　　　　　　　　　　　Email: ecf@randazza.com

　　　　　　　　　　　　　　　　　　　　Ronald D. Coleman, Esq.
　　　　　　　　　　　　　　　　　　　　*Pro Hac Vice*
　　　　　　　　　　　　　　　　　　　　Joel G. MacMull, Esq.
　　　　　　　　　　　　　　　　　　　　*Pro Hac Vice*
　　　　　　　　　　　　　　　　　　　　ARCHER & GREINER, P.C.
　　　　　　　　　　　　　　　　　　　　Court Plaza South
　　　　　　　　　　　　　　　　　　　　21 Main Street – Suite 353
　　　　　　　　　　　　　　　　　　　　Hackensack, New Jersey 07601
　　　　　　　　　　　　　　　　　　　　Tele:  201-342-6000
　　　　　　　　　　　　　　　　　　　　Fax: 201-342-6611
　　　　　　　　　　　　　　　　　　　　Email: rcoleman@archerlaw.com

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on September 30, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a true and correct copy of the foregoing document is being served upon counsel for Plaintiff, via transmission of Notices of Electronic Filing generated by CM/ECF.

    Respectfully Submitted,

    Employee,
Randazza Legal Group, PLLC