# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ROCA LABS, INC.,                            Case No: 8:14-cv-02096-VMC-EAJ

    Plaintiff,

    v.

CONSUMER OPINION CORP. and
OPINION CORP.,

    Defendants.
_____/

## JOINT MOTION TO ADJOURN DEADLINES
## RELATED TO FINAL PRETRIAL OBLIGATIONS

Plaintiff Roca Labs, Inc. ("Roca") and defendants Opinion Corp. and Consumer Opinion Corp. (collectively, "Defendants"), hereby jointly request the Court adjourn all deadlines regarding the parties' obligations related to: (i) meeting in person to prepare their Joint Final Pretrial Statement; (ii) preparing and submitting a Joint Final Pretrial Statement; (iii) and attending the Final Pretrial Conference until after the Court has ruled on the parties' pending motions for summary judgment, *in limine*, and to compel further discovery.

Pursuant to the Case Management and Scheduling Order (Dkt. No. 49) as subsequently modified (Dkt. No. 213), the parties must (i) meet in person to prepare a Joint Final Pretrial Statement by October 26, 2015; (ii) file the Joint Final Pretrial Statement by November 9, 2015; and (iii) attend a Final Pretrial Conference on November 12, 2015. The parties agree that this meeting is premature as rulings on several key issues which may greatly impact the trial, including the parties' cross-motions for summary judgment, remain pending with the Court and therefore request the adjournment of the above deadlines in the interest of judicial economy.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1.0     INTRODUCTION AND STATEMENT OF FACTS**

On June 8, 2015, Defendant Consumer Opinion Corp. ("COC") filed its Motion for Summary Judgment (Dkt. No. 148) as to all of Roca's claims, noting that all the statements at issue are either non-actionable statements of opinion, true, or substantially true. On July 7, 2015, Defendant Opinion Corp. ("OC") filed its Motion for Summary Judgment (Dkt. No. 173) as to all of Roca's claims on the same grounds. That same day, Roca filed its cross-motion for summary judgment (Dkt. No. 172) as to its Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") claims against Defendants, as well as Defendants' affirmative defenses. These three motions have been fully briefed since August 20, 2015.

On July 7, 2015, the first of several *in limine* motions by the parties was filed concerning Defendants' expert witness Thomas Parisi, M.D. (Dkt. No. 171.) Subsequent *in limine* submissions addressed the relevancy of certain anticipated evidence, including but not limited to, statements made by Defendants' counsel on social media, certain portions of COC's tax returns and documents purportedly authored by Defendants. (Dkt. No. 190.)

On August 30 and September 9, 2015, Roca filed the first of three motions seeking to compel additional discovery from Defendants and their principals.[1] (Dkt. Nos. 197 and 200.)

In the absence of deciding the parties' motions for summary judgment, the parties remain obligated to comply with the Court's October 13, 2015 Order. As required by the Case Management and Scheduling Order identifying facts on which the parties may be able to stipulate and further crafting an appropriate record for trial (Dkt. No. 49, § III) is rendered nearly impossible in the absence of additional guidance from the Court in connection with each of the foregoing motions that remain *sub judice*.

---

[1] Roca filed a motion to compel and for sanctions against Defendants' principals in the United States District Court, Southern District of New York, Case No. 15-mc-00289-P1.

Accordingly, the parties jointly request that the first of the three dates set forth in the Court's October 13, 2015 Order — October 26, 2015 — be adjourned until such time as the Court has resolved the summary judgment motions as well as each of the ancillary motions identified above.

**2.0  ARGUMENT**

A district court's scheduling order "may be modified only for good cause and with the judge's consent." *Rowell v. Metro Life Ins. Co.*, 579 Fed. Appx. 80, 806-07 (11th Cir. 2014) (quoting Fed. R. Civ. P. 16(b)(4)).  This is a reasonable request, as an adjournment for the reasons identified above is not likely to interfere with the "just, speedy and inexpensive determination of [this] action." *Bush v. Gulf Coast Elec. Coop*, 2015 U.S. Dist. LEXIS 68458, *17 (N.D. Fla. May 27, 2015) (citing Fed. R. Civ. P. 1).  Moreover, the reasons in support of an adjournment here comport with the "good cause" requirement under Fed. R. Civ. P. 6(b).

It is not unusual to adjourn deadlines and proceedings pending disposition of motions for summary judgment.  *See, e.g., HICA Educ. Loan Corp. v. Perez*, 2012 U.S. Dist. LEXIS 82409 (M.D. Fla. June 14, 2012)(finding adjournment to be in both parties' interests); *see also Baucom v. Sisco Stevedoring, LLC*, 2008 U.S. Dist. LEXIS 46030, *23-24 (S.D. Ala. June 12, 2008) (contemplating that requesting an adjournment of the proceedings at Final Pretrial Conference would be appropriate); and *see McMillian v. Donahoe*, 2014 U.S. Dist. LEXIS 114715, *25 (S.D. Ala. July 28, 2014) (canceling final pretrial conference in light of magistrate's recommendations on defendant's motion for summary judgment). The parties' request for an adjournment is consistent with this Circuit's desire to preserve resources:

> Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.

*Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1368 (11th Cir. 1997).

Even more compelling, in this case, is that there are cross motions for summary judgment. Both parties have asserted there are no genuine issues of material fact in dispute warranting a trial.[2] Although Roca did not move for summary judgment on all of its claims explicitly, it did so in substance when it moved for summary judgment on all of Defendants' affirmative defenses. Because this case is unlikely to reach trial on all of the issues in light of these cross motions, a resulting narrowing of the issues in advance of the parties' pretrial obligations would be, at a minimum, helpful in complying with the Case Management and Scheduling Order's requirements. (Dkt. No. 49, § III.)

**3.0 CONCLUSION**

For all of the foregoing reasons, the parties' jointly request the Court adjourn all the deadlines related to the preparation of the Joint Final Pretrial Statement and Final Pretrial Conference until after the Court rules on the pending motions identified above.

Counsel for Roca and Defendants met and conferred in connection with this motion on October 15 and 20, 2015, whereupon the parties' agreed to make this joint filing for the reasons set forth herein.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[2] Defendants recognize that it is not axiomatic that cross-motions for summary judgment avoid a trial. See *Griffis v. Delta Family-Care Disability*, 723 F.2d 822, 824 (11th Cir. 1984). However, as set forth in Defendants' motions, the relevant facts are beyond dispute warranting summary judgment. See *id*.

Dated October 20, 2015.

| Respectfully Submitted, | Respectfully Submitted, |
|---|---|
| /s/ Paul Berger | /s/ Joel G. MacMull |
| Paul Berger | Joel G. MacMull, Esq. |
| FL Bar No. 4413 | *Pro Hac Vice* |
| Roca Labs, Inc. | Ronald D. Coleman, Esq. |
| legal5@rocalabs.com | *Pro Hac Vice* |
| P.O. Box 7898 | ARCHER & GREINER, P.C. |
| Delray Beach, FL 33482-7898 | Court Plaza South |
| Tel. 305-998-6150 | 21 Main Street – Suite 353 |
| | Hackensack, New Jersey 07601 |
| | Tele: 201-342-6000 |
| | Fax: 201-342-6611 |
| | Email: rcoleman@archerlaw.com |
| | jmacmull@archerlaw.com |

Marc J. Randazza, Esq.
Florida Bar No. 625566
RANDAZZA LEGAL GROUP, PLLC
3625 S. Town Center Drive
Las Vegas, Nevada 89135
Tele: 702-420-2001
Fax: 305-437-7662
Email: ecf@randazza.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 20, 2015, I electronically filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system. I also certify that a true and correct copy of the foregoing document is being served upon counsel for Plaintiff, via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully Submitted,

Employee,
Randazza Legal Group, PLLC