**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**ROCA LABS, INC.,**

      **Plaintiff,**

**vs.**                                   **Case No.: 8:14-CV-2096-T-33EAJ**

**CONSUMER OPINION CORP., et al.,**

      **Defendants.**

_____/

<u>ORDER</u>

      Before the Court is Plaintiff Roca Labs, Inc.'s ("Plaintiff's") **Plaintiff's Motion Requesting Order to Show Cause as to Why Defendant Opinion Corp. Should Not be Held in Contempt** (Dkt. 197), Defendant Opinion Corp.'s **Defendant's Opposition to Motion Requesting Order to Show Cause** (Dkt. 206), **Plaintiff's Motion Requesting Order to Show Cause as to Why Defendant Consumer Opinion Corp. Should Not Be Held In Contempt** (Dkt. 200), and **Defendant Consumer Opinion Corp.'s Opposition to Motion Requesting Order to Show Cause** (Dkt. 209).

<u>Background</u>

      These motions concern Rule 30(b)(6) depositions of Defendants.  After several rounds of motions, the parties filed a joint notice as to resolution of certain issues (Dkt. 165), and on July 2, 2015, the Court ordered the parties to comply with the newly stipulated dates, times, and locations for the Rule 30(b)(6) depositions (Dkt. 169).  The Court also found waived Defendants' objections to the requests for production contained in the subpoenas <u>duces tecum</u> previously issued in May

2015. (Id.)[1]

The depositions of Defendants' corporate representatives were taken between July 11 and 14, 2015.  Michael Podolsky ("Podolsky") was deposed on July 11, 2015, as the corporate representative of Defendant Opinion Corp.  Alex Syrov ("Syrov") was deposed as the corporate representative for Defendant Consumer Opinion Corp. on July 12, 2015.  Syrov's deposition was continued for two (2) days and resumed on July 14, 2015.

The discovery period closed on July 20, 2015.  Plaintiff filed the instant motions for orders to show cause on August 30, 2015, and September 9, 2015.  Plaintiff argues that both Podolsky and Syrov were not sufficiently prepared to answer deposition questions and their lack of knowledge amounts to a non-appearance for the depositions.  Plaintiff also argues that Defendants failed to produce all relevant and responsive documents to the duces tecum requests, as Defendant Opinion Corp. provided documents in response to only 17 of 161 requests and Defendant Consumer Opinion Corp. provided documents in response to only 16 of 162 requests.

Asserting that mere monetary sanctions are insufficient, Plaintiff seeks to hold Defendants in contempt for not fully complying with the subpoenas duces tecum and not being prepared to testify on all requested topics.  Plaintiff requests that Defendants' pleadings, affirmative defenses, and motions for summary judgment be stricken and a default entered.  Plaintiff also seeks to recover its attorneys' fees and costs incurred in connection with this motion and its attendance at the depositions, court reporter fees, transcript costs, and videographer fees.

Defendants challenge Plaintiff's motions, filed more than a month after the depositions at

---

[1]  Meanwhile, on June 8, 2015, Defendant Consumer Opinion Corp. filed a motion for summary judgment as to all of Plaintiff's claims.  On July 7, 2015, Plaintiff filed a motion for partial summary judgment, and Defendant Opinion Corp. filed a motion for summary judgment.

issue and the close of discovery, as untimely. Defendants further contend their corporate representative designations and testimony were sufficient, they produced the relevant documents, and Defendants should not be sanctioned for not producing documents that they were unable to obtain or did not possess. Defendants also submit that the extraordinary sanctions sought by Plaintiff are unjustified.

Discussion

"A finding of civil contempt must be based on 'clear and convincing evidence' that a court order was violated." <u>Se. Mech. Servs., Inc. v. Brody</u>, 657 F. Supp. 2d 1293, 1295 n.2 (M.D. Fla. 2009) (citation omitted). "This standard is more exacting than the preponderance of the evidence standard, but does not require proof beyond a reasonable doubt." <u>Id.</u> (citation omitted). Default is a severe sanction, requiring a showing of willfulness or bad faith failure to comply with a discovery order. <u>Maus v. Ennis</u>, 513 F. App'x 872, 878 (11th Cir. 2013) (per curiam) (unpublished). "[A] default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." <u>Id.</u> (citation and internal quotation marks omitted).

After careful review, the Court concludes that Plaintiff has not demonstrated by clear and convincing evidence that Defendants violated the Court's July 2, 2015, order (Dkt. 169) or that any alleged violation was willful or in bad faith.

## A.   Timeliness of Plaintiff's Motions

It is true that "[t]he Court expects parties to address [discovery] disputes promptly—before the discovery deadline passes or soon thereafter." <u>Se. Mech. Servs. Inc. v. Brody</u>, No. 808-CV-1151-T-30EAJ, 2009 WL 997268, at *2 (M.D. Fla. Apr. 14, 2009) (citation and internal quotation marks omitted).

3

Here, the depositions in question were taken between July 11 and 14, 2015.  Plaintiff filed the instant motions on August 30, 2015, and September 9, 2015—more than a month following the close of the discovery period.  It is not clear why such important depositions occurred so late in the discovery period, indeed requiring an extension of the original discovery deadline.  However, even if viewed on the merits, Plaintiff's motions are insufficient to justify the relief requested, as explained below.

**B.**      **Sufficiency of the Testimony and Production**

Rather than filing a motion to compel as to the sufficiency of the corporate representatives' testimony or the sufficiency of Defendants' document production, Plaintiff moved for default and contempt.  Yet, it is the sufficiency of the responses that is the gravamen of Plaintiff's complaints.  A motion to show cause why a party should not be held in contempt should generally follow a motion to compel.

1.      Testimony of Podolsky and Syrov

Plaintiff contends that Defendants failed to prepare their designees, as neither Podolsky nor Syrov could provide testimony to the majority of the noticed topics.  Defendants respond that the topics were broad, not specific.

As a whole, Podolsky and Syrov were sufficiently prepared.  Podolsky was generally able to testify to, among other things: Defendant Opinion Corp.'s approximate revenues, salaries paid, numbers of clients, and current assets; the way payment amounts are transferred between Defendants; how Defendant Opinion Corp.'s press releases are created and sent out; the review and removal process for consumer posts on the "pissedconsumer.com website;" the types of social media used by Defendant Opinion Corp.; how the loss figures displayed on the "pissedconsumer.com"

4

website are calculated; and that the "@RocaLabs" Twitter handle was created by Defendant Opinion Corp.'s computer code.[2]

Likewise, Syrov was generally able to testify to, among other things: Defendant Consumer Opinion Corp.'s corporate address, the licensing relationship between Defendants, Defendant Consumer Opinion Corp.'s lack of involvement in the operation of the "pissedconsumer.com" website, the approximate revenue for Defendant Consumer Opinion Corp. in 2014, the year of Defendant Consumer Opinion Corp.'s formation, and the amount of money raised by a public plea for litigation funding appearing on the "pissedconsumer.com" website.

None of the other alleged deficiencies in answering deposition questions justify the sanctions sought by Plaintiff. Contrary to Plaintiff's allegations, Defendants' corporate representatives were not so unprepared as to justify a finding that they, in effect, failed to attend the depositions.

2.     Document Production

Plaintiff argues that Defendants willfully violated the Court's prior order directing Defendants to comply with the subpoenas and finding objections waived. Plaintiff alleges that Defendants produced only ten (10) percent of the documents requested. Such a statement presumes,

---

[2] Plaintiff also challenges Podolsky's refusal to identify Defendant Opinion Corp.'s business management clients or subscribers and revenue generated, as requested in topic twelve (12). Defendant Opinion Corp. responds that such information is subject to a nondisclosure agreement, that Plaintiff refused to enter into a hold harmless or confidentiality agreement as to that information, and that it was unclear that Plaintiff would be seeking specific names and the terms of the agreements pursuant to topic twelve (12). As to topic fourteen (14), Plaintiff challenges Podolsky's inability to provide details about the fundraising campaign promoted on "pissedconsumer.com" to help defend the lawsuit against Plaintiff. Defendant Opinion Corp. contends that precise amounts raised were not encompassed by the topic and the donations generally went to Defendant Consumer Opinion Corp., so Defendant Opinion Corp. would not know the amounts raised. Although Defendant Opinion Corp.'s responses to these topics were at best ambiguous, if not inadequate, these deficiencies do not justify the severe sanctions sought by Plaintiff.

however, that Defendants were in possession of documents responsive to each of the requests listed in the subpoenas to Defendants.

i.      Production by Defendant Opinion Corp.

Plaintiff challenges the sufficiency of Defendant Opinion Corp.'s production of documents related to schema and site presentation, advertising, visitor traffic on the "pissedconsumer.com" website, posts about Plaintiff on the website, social media use, search engine optimization, business services or reputation management, fundraising, and IP addresses for users of the "pissedconsumer.com" website.

As Defendant Opinion Corp. points out, its subpoena included numerous requests directed to Defendant Consumer Opinion Corp., the other Defendant.  Defendant Opinion Corp. was not required to respond to those requests.

Although Plaintiff contends that Defendant Opinion Corp. was required to produce documents in the possession of an individual to whom it outsourced work,[3]  Plaintiff fails to substantiate its position.  Defendant Opinion Corp. states that documents responsive to numerous requests were in the possession of Grinchenko, its vendor, who did not turn them over to Defendant Opinion Corp. after multiple requests.  Moreover, Defendant Opinion Corp. points out that Grinchenko was identified in Defendants' initial disclosures, yet Plaintiff chose not to depose or seek documents from her.   Under the circumstances, the Court finds Defendant Opinion Corp. was not required to produce the documents in possession of Grinchenko. See Searock v. Stripling, 736

---

[3]  Podolsky described an individual named Evgeniva Grinchenko ("Grinchenko"), also referred to as "Jane," as a private entrepreneur or subcontractor to whom Defendant Opinion Corp. outsources certain types of work, including website design, webmaster services, press releases and social media management, and consumer post review, among other things.  Defendant Consumer Opinion Corp. states it has no business relationship with Grinchenko.

F.2d 650, 654 (11th Cir. 1984) (in determining that the requesting party was not substantially prejudiced by the producing party's failure to obtain and produce the requested documents, the court considered that the requesting party made no attempt to obtain the documents directly from the third party).

As to the other requests, Defendant Opinion Corp. explains that the source code it provided was readily usable if opened in a web browser, that Defendant Opinion Corp. is not in the business of reputation management as Plaintiff uses the term and thus it has no responsive documents to requests related to reputation management, that it provided the responsive documents it had, and that Plaintiff has not demonstrated that responsive documents otherwise exist. Plaintiff has not demonstrated that Defendant Opinion Corp.'s production of documents violated a prior court order or that documents were withheld willfully or in bad faith.

ii.     Production by Defendant Consumer Opinion Corp.

Similarly, Defendant Consumer Opinion Corp. contends that its production was sufficient, pointing out that it supplemented its original production with additional documents responsive to requests numbered one (1), twenty-six (26), and twenty-seven (27), as well as with printouts of financial transactions that it previously was unable to print. Plaintiff concedes that Defendant Consumer Opinion Corp.'s responses to the document requests indicated that it was not in possession of documents responsive to 143 requests.

While Plaintiff may dispute Defendant Consumer Opinion Corp.'s position that it does not possess or have access to documents responsive to the identified requests, Plaintiff has not satisfactorily demonstrated to the contrary. Defendant Consumer Opinion Corp. is not required to create documents simply for the purpose of producing them to Plaintiff.

For example, when asked about documents relating to revenue streams, although Syrov initially responded on July 12, 2015, that the tax documents were on the IRS servers and that no bank statements existed, when his deposition resumed on July 14, 2015, Defendant Consumer Opinion Corp. produced its 2012 and 2013 tax returns and printouts of transactions for two bank accounts.  While Plaintiff argues that any documents supporting the tax returns should have been provided as well, Defendant Consumer Opinion Corp. states that no request called for that information.  Given this discrepancy, the Court declines to find the response inadequate.  In any event, Plaintiff has not shown that any inadequate response warrants the extreme sanctions sought.

Also, although Plaintiff contends that Defendant Consumer Opinion Corp. produced only the certificate of incorporation from the state of New York and no other documents responsive to request number one (1) could be found or existed, Plaintiff has not demonstrated that any other responsive documents exist.

Plaintiff emphasizes Syrov's testimony that some documents had been shredded, but that Syrov could not or would not testify as to what those documents were.  However, as Defendant Consumer Opinion Corp. notes, the portion of the deposition transcript cited by Plaintiff concerned Syrov's testimony related to bills for legal fees. (See Dkt. 200 Ex. 3 at 16-25)  Syrov testified that any paper copies were "probably shredded" and that Defendant Consumer Opinion Corp. produced financial records to Plaintiff. (Id. at 21-23)  As such, Plaintiff has not demonstrated that Defendant Consumer Opinion Corp. improperly destroyed documents.

Although Plaintiff contends that Defendant Consumer Opinion Corp. did not produce any documents responsive to requests for communications about Plaintiff, Plaintiff does not describe what types of documents it believes should exist or demonstrate that Defendant Consumer Opinion

Corp. has any such documents in its possession.

Further, to the extent that Plaintiff argues that Defendant Consumer Opinion Corp. had an affirmative obligation to obtain documents and information from Defendant Opinion Corp., Defendant Consumer Opinion Corp. states that it made multiple inquiries of Podolsky for documents in Defendant Opinion Corp.'s possession and produced what was provided.

Based on the record, the Court finds that Plaintiff has not shown that Defendants willfully or in bad faith withheld documents from production.

iii.    Production Withheld on Grounds of Attorney-Client Privilege

Plaintiff contends that both Defendants improperly withheld, based on attorney-client privilege, production of documents responsive to requests numbered 127 in each subpoena.[4] The Court's prior order deemed waived any unasserted objections. Although waiver may be found as to objections based on privilege, as well as to objections on other grounds, waiver of attorney-client privilege is an extreme sanction that should be reserved "for cases of unjustifiable delay, inexcusable conduct, and bad faith in responding to discovery requests." Jones v. Am. Gen. Life & Accident Ins. Co., No. CV 101-003, 2002 WL 32073037, at *6 (S.D. Ga. Dec. 4, 2002)(citation and internal quotation marks omitted). See also Rynd v. Nationwide Mut. Ins. Co., No. 8:09-CV-1556-T-27-TGW, 2010 WL 5161838, at *4 (M.D. Fla. 2010) (finding attorney-client privilege waived but contempt sanctions not warranted). Under the circumstances presented, the assertion of attorney-client privilege as to one (1) category of documents, even if improper, does not rise to the level of such culpable and extreme conduct as to justify the sanctions of contempt and default sought by

_____

[4] Request 127 sought "[a]ny and all correspondence, including but not limited to emails, regarding consumer financing campaign against Roca Labs." (Dkts. 206 Ex. 4 at 24, 209 Ex. 3 at 24)

Plaintiff.

Accordingly and upon consideration, it is **ORDERED and ADJUDGED** that:

(1)    Plaintiff's Motion Requesting Order to Show Cause as to Why Defendant Opinion

Corp. Should Not be Held in Contempt (Dkt. 197) and Plaintiff's Motion Requesting

Order to Show Cause as to Why Defendant Consumer Opinion Corp. Should Not Be

Held In Contempt (Dkt. 200) are **DENIED**; and

(2)    Defendants' request that the Court award attorneys' fees and costs incurred in

responding to the motions is **DENIED**.

**DONE and ORDERED** in Tampa, Florida on this 21st day of October, 2015.

ELIZABETH A JENKINS
United States Magistrate Judge

10