UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROCA LABS, INC.,

      Plaintiff,                                                                    Case No: 8:14-cv-2096-T-33EAJ

Vs.

CONSUMER OPINION CORP. and
OPINION CORP. d/b/a
PISSEDCONSUMER.COM

      Defendants.

_____

### RESPONSE TO DEFENDANTS' MOTION FOR FEES AND SANCTIONS

COMES NOW counsel for Plaintiff, ROCA LABS, INC. ("Roca"), and hereby files this Response to Defendants' Opinion Corp. and Consumer Opinion Corp.'s (collectively "Defendants") Motion for Fees and Sanctions (Dkt. No. 222). Roca does not wish to respond to the Motion and is not filing a response. However, Roca has granted permission to the undersigned legal counsel to respond to the sanctions portion of Defendants' Motion and the response reflects the position of the undersigned counsel and not that of Roca. The record affirmatively establishes that Defendants are not entitled to an award of sanctions and it is respectfully requested that Defendants' Motion for Sanctions be DENIED.

**Rule 11 Sanctions**

Defendants have asked this Court to award sanctions under Rule 11. For a court to impose sanctions under Rule 11, the party seeking sanctions must serve the other party with a "Motion for Sanctions" that identifies the party's particular rule-violating conduct. Further, the rule requires the motion to be served to the opposing party in accordance with the Federal Rules, "but it must

not be filed or presented to the court if the challenged [matter] . . . is withdrawn or appropriately corrected within 21 days after service (Fed. R. Civ. P. Rule 11(b)(2). The Eleventh Circuit has interpreted the safe harbor provision as requiring a motion for Rule 11 sanctions to be filed prior to final judgment.

> We agree with the Second, Fourth, and Sixth Circuits that the service and filing of a motion for sanctions must occur prior to final judgment or judicial rejection of the offending motion. Any argument to the contrary renders the safe harbor provision a mere formality. The provision cannot have any effect if the court has already denied the motion; it is too late for the offending party to withdraw the challenged contention.

*In re Walker*, 532 F.3d 1304, 1308 (11th Cir. 2008). Defendants did not comply with the Safe Harbor provisions of Rule 11(c)(2) and therefore Defendants' Motion should be denied.

On October 9, 2015, Defendants' counsel transmitted to the undersigned a draft Motion for Sanctions (attached as Exhibit 1), making October 30, 2015 the expiration date of the Safe Harbor period. On October 21, 2015, this Court granted Summary Judgment in favor of Defendants (Dkt. No. 220) and the case was closed by the Court (Dkt. No. 221). Thus twelve days after Defendants transmitted their draft Motion for Sanctions and nine days prior to the passage of the 21 day Safe Harbor period, the case was closed (it should also be noted that the Rule 11 Motion attached hereto Exhibit 1 was never filed with the Court). As such, Defendants are not entitled to sanctions under Rule 11 as Plaintiff was not able to avail itself of the 21 day Safe Harbor provision. Accordingly, the Motion should be denied. *See also Orenshteyn v. Citrix Systems, Inc.,* Case Nos. 03-1427, 08-1378, -1400 (Fed. Cir., July 24, 2009) (Lourie, J.) (non-precedential).

**Sanctions under FL Stat. Sec. 57.105**

Sanctions under FL Stat. § 57.105 are also not available to Defendants. Similar to Fed. R. Civ. P. Rule 11(b)(2), FL Stat. § 57.105(4) is the Safe Harbor provision of this statute. For the same reasons as discussed above, the 21 day period did not pass before the case was closed, and

as such Plaintiff was not able to avail itself of the 21 day Safe Harbor provision under FL Stat. § 57.105 and thus the Motion should be denied.

Moreover, Defendants request for sanctions under FL Stat. § 57.105 should be denied as defense counsel did not comply the service rules for serving a FL Stat. § 57.105 motion on opposing counsel. In *Matte v. Caplan*, 140 So. 3d 686 (Fla. 4th DCA 2014), the Fourth District Court of Appeals affirmed strict e-service compliance. Defense counsel's October 9, 2015 email to the undersigned does not comply with this strict compliance requirement. As such the Motion should be denied.

**Sanctions under 28 U.S.C. § 1927**

28 U.S.C. § 1927 provides: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. While the Court may have ruled against Plaintiff in Summary Judgment, it was the conduct of Defense Counsel that multiplied the proceedings in this case.

From the outset, defense counsel announced that this litigation was going to be war[1]. Plaintiff's attorneys never acted in bad faith and there is not one scintilla of evidence establishing that counsel acted in an improper manner. As stated by the 11th Circuit Court of Appeals, "[t]he statute was designed to sanction attorneys who 'willfully abuse the judicial process by conduct tantamount to bad faith.'" *Malautea v. Suzuki Motor Co., Ltd*., 987 F.2d 1536, 1544 (11th Cir. 1993) (quoting Avirgan v. Hull, 932 F.2d 1572, 1582 (11th Cir. 1991))" *Schwartz v. Millon Air,*

---

[1] On September 16, 2014 defense counsel Marc Randazza emailed Paul Berger a cryptic email with the Latin phrase *murum aries attigit*. This was Mr. Randazza's declaration that this litigation was war and that he would use all tactics necessary to destroy his opponent. Mr. Randazza has adopted this phrase as his motto and has spoken and written about his litigation strategy and technique.

3

*Inc*., 341 F.3d 1220, 1225 (11th Cir. 2003). Here, there is no bad faith, but legitimate questions of law and fact were raised before this Court.

Moreover, as the court in *Schwartz* held, "[f]or sanctions under section 1927 to be appropriate, something more than a lack of merit is required." *Id.* Defendants primary argument is that the case brought by Plaintiff lacks merit, and therefore sanctions are appropriate (*See* page 14 of Defendants' Motion stating, "Roca should be sanctioned for bringing and maintaining a meritless cause of action,"). The case was meritorious and involved significant questions of law and fact and as such sanctions are not appropriate.

As this was not vexatious litigation and was not brought in bad faith, Defendants' Motion for Sanctions should be denied.

WHEREFORE the undersigned counsel, respectfully requests that this Court denies Defendant's Motion for Sanctions.

Dated November 18, 2015.

                                                    Respectfully submitted,

                                                    Paul Berger

                                                  /s/ Paul Berger
                                                  Paul Berger
                                                  FL Bar No. 4413
                                                  Roca Labs, Inc.
                                                  legal5@rocalabs.com
                                                  P.O. Box 7898
                                                  Delray Beach, FL 33482-7898
                                                  Tel. 305-998-6150

5

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on November 18, 2015, I filed a true and accurate copy of the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Defense Counsel.

/s/ Paul Berger
Paul Berger
FL Bar No. 4413
Roca Labs, Inc.
P.O. Box 7898
Delray Beach, FL 33482-7898
Tel. 305-998-6150
Legal5@rocalabs.com

Counsel for Plaintiff