```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                        TAMPA DIVISION
```

ROCA LABS, INC.,

    Plaintiff,

v.                                 Case No. 8:14-cv-2096-T-33EAJ

CONSUMER OPINION CORP. and
OPINION CORP.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court upon Defendants Consumer Opinion Corp. and Opinion Corp.'s Motion for Fees and Sanctions, filed on November 5, 2015. (Doc. # 222). Plaintiff Roca Labs, Inc. filed a response on November 18, 2015. (Doc. # 223). For the reasons that follow, the Court denies the Motion.

**I.   Background**

This action was brought by Roca and the Amended Complaint contained 11 counts, which are listed below.

    Count I: violation of FDUTPA against Consumer Opinion;
    Count II: violation of FDUTPA against Opinion Corp.;
    Count III: tortious interference with a contractual relationship against Consumer Opinion;
    Count IV: tortious interference with a contractual relationship against Opinion Corp.;

1

>   Count V: tortious interference with prospective economic relationship against Consumer Opinion;
>   Count VI: tortious interference with prospective economic relationship against Opinion Corp.;
>   Count VII: defamation for statements on pissedconsumer.com against Consumer Opinion;
>   Count VIII: defamation for statements on pissedconsumer.com against Opinion Corp.;
>   Count IX: defamation for statements on Twitter against Consumer Opinion;
>   Count X: defamation for statements on Twitter against Opinion Corp.; and
>   Count XII:[1] declaratory relief against Consumer Opinion and Opinion Corp.

(Doc. # 114). Discovery occurred, which required the Court's intervention on several occasions. See, e.g., (Doc. ## 130, 141, 144, 162, 163, 169, 176, 182, 184, 219). Each party filed its own motion for summary judgment. (Doc. ## 148, 172, 173). The Court granted Consumer Opinion's and Opinion Corp.'s respective motions for summary judgment on the ground that Consumer Opinion and Opinion Corp. were entitled to immunity under Section 230 of the Communications Decency Act, 47 U.S.C. § 230(c). (Doc. # 220).

**II. Discussion**

Consumer Opinion and Opinion Corp. now seek an award of attorneys' fees and costs "as sanctions against [Roca] and Roca's counsel for filing and maintaining a frivolous lawsuit, void of any legal basis, and for an improper

---

[1] The Amended Complaint skips from Count X to Count XII.

2

purpose," pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, Section 57.105, Florida Statues, and the Court's inherent powers. (Doc. # 222 at 1). Consumer Opinion and Opinion Corp. also seek an award of fees pursuant to the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Section 501.2105, Florida Statutes. (Id.).

Roca filed a response which states, "Roca does not wish to respond to the Motion and is not filing a response. However, Roca has granted permission to the undersigned legal counsel to respond to the sanctions portion of Defendants' Motion and the response reflects the position of the undersigned counsel and not that of Roca." (Doc. # 223 at 1).

Thereafter, Consumer Opinion and Opinion Corp. filed a notice withdrawing their requests under Rule 11 and Section 57.105. (Doc. # 224 at 1-2). But, Consumer Opinion and Opinion Corp. "are not withdrawing any other arguments in the motion for fees at this time, namely 28 U.S.C. § 1927, FDUTPA (which provides for fee shifting), and the Court's inherent power." (Id. at 2).

**A.    Section 1927 and Inherent Power of the Court**

Section 1927 provides, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally

3

the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. This statute "allows district courts to 'assess attorney's fees against litigants, counsel, and law firms who willfully abuse the judicial process by conduct tantamount to bad faith.'" Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1544 (11th Cir. 1993) (quoting Avirgan v. Hull, 932 F.2d 1572, 1582 (11th Cir. 1991)).

"'Bad faith' is the touchstone." Schwartz v. Millon Air, Inc., 341 F.3d 1220, 1225 (11th Cir. 2003). A "determination of bad faith is warranted where an attorney knowingly or recklessly pursues a frivolous claim or engaged in litigation tactics that needlessly obstruct the litigation of non-frivolous claims." Id. The bad faith analysis is objective. Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1239-40 (11th Cir. 2006). In the end, "[f]or sanctions under [S]ection 1927 to be appropriate, something more than lack of merit is required." Schwartz, 341 F.3d at 1225.

Likewise, this Court may sanction an attorney under its inherent powers. See Thomas v. Tenneco Packaging Co., Inc., 293 F.3d 1306, 1320 (11th Cir. 2002). "Due to the scope of the inherent powers vested in federal courts, however, it is necessary that such courts 'exercise caution in invoking

4

[their] inherent power.'" Id. (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 50 (1991)). Thus, as with the imposition of sanctions under Section 1927, a court "must find that the lawyer's conduct 'constituted or was tantamount to bad faith.'" Id. (quoting Durrett v. Jenkins Brickyard, Inc., 678 F.2d 911, 918 (11th Cir. 1982)).

"A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent. A party also demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order." Id. (quoting Barnes v. Dalton, 158 F.3d 1212, 1214 (11th Cir. 1998)). This inquiry focuses on conduct rather than the validity of the case. Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1543 (11th Cir. 1985) (quoting Rothenberg v. Sec. Mgmt. Co., Inc., 736 F.2d 1470, 1472 (11th Cir. 1984)) (internal quotation marks omitted).

Upon review of the record, the Court determines that the requisite showing of bad faith has not been made. Consumer Opinion and Opinion Corp. argue Roca's claims were objectively meritless and, therefore, the Court should impose sanctions. (Doc. # 222 at 12-18). However, the Court granted summary judgment on the ground that Consumer Opinion and

5

Opinion Corp. were entitled to immunity under Section 230 of the Communications Decency Act. (Doc. # 220). The Court did not reach the merits of the underlying claims. (Id.). In addition, bad faith, which is the touchstone for the imposition of sanctions under Section 1927 and the Court's inherent powers, requires "something more than lack of merit." Schwartz, 341 F.3d at 1225.

Likewise, the Court cannot say Roca's maintenance of this action in the face of Consumer Opinion and Opinion Corp.'s Section 230 defense constituted bad faith. Although the Court ultimately found that Section 230 immunity applied in this case, that conclusion does not justify a post hoc rationalization that Roca's action must have been unreasonable or without foundation. See Christianburg Garment Co. v. EEOC, 434 U.S. 412-421-22 (1978). This case was extensively briefed by all parties (Doc. ## 148, 172, 173, 186, 187, 189, 192, 193, 194), and required careful analysis and review by the Court in ruling on the three motions for summary judgment.

Consumer Opinion and Opinion Corp. seek sanctions for behavior that was previously addressed by this Court. Although the behavior of both sides was less than collegial, the Court dealt with such conduct in an appropriately measured

manner each time. (Doc. ## 162 at 3, 163 at 3, 184 at 5 n.2, 220 at 10 n.3). In addition, the Court determines that the requisite showing of bad faith has not been made. In sum, the Court will not impose sanctions under Section 1927 or its inherent power.

### B. Fees under FDUTPA

Consumer Opinion and Opinion Corp. also argue entitlement to attorneys' fees and costs under FDUTPA. Section 501.2105(1) provides that a prevailing party "may receive [its] reasonable attorney's fees and costs from the nonprevailing party" after exhaustion of appeals, if any.

It is within the discretion of the Court to award fees and costs under FDUTPA. PODS Enter., LLC v. U-Haul Intern., Inc., No. 8:12-cv-1479-T-27MAP, 2015 WL 5021726, at *22 (M.D. Fla. Aug. 24, 2015). A trial court's considerations might include, but are not limited to:

> (1) the scope and history of the litigation;
> (2) the ability of the opposing party to satisfy an award of fees;
> (3) whether an award of fees against the opposing party would deter others from acting in similar circumstances;
> (4) the merits of the respective positions-including the degree of the opposing party's culpability or bad faith;
> (5) whether the claim brought was not in subjective bad faith but frivolous, unreasonable, groundless;
> (6) whether the defense raised a defense mainly to frustrate or stall;

7

>    (7) whether the claim brought was to resolve a significant legal question under FDUTPA law.

Chow v. Chak Yam Chau, No. 14-14654, 2015 WL 7258668, at *4 (11th Cir. Nov. 17, 2015) (quoting Humane Soc'y of Broward Cty., Inc. v. Fla. Humane Soc'y, 951 So. 2d 966, 971-72 (Fla. 4th DCA 2007)).

After weighing the factors listed above, the Court exercises its discretion and denies an award of attorneys' fees and costs under FDUTPA. The scope and history of the litigation weighs against awarding fees and costs, or at most is a neutral factor. As to the second factor, the Court finds Consumer Opinion and Opinion Corp.'s citation to Roca's alleged losses as inferential evidence suggestive of its ability to pay (Doc. # 222 at 18), unpersuasive. Factors four and five are also neutral. In addition, the seventh factor weighs against awarding fees and costs. Although the third and sixth factors weigh slightly in favor of awarding fees and costs under FDUTPA, the Court nevertheless finds that those two factors do not tip the scales enough to warrant an award of fees and costs under FDUTPA in this case.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Consumer Opinion Corp. and Opinion Corp.'s Motion for Fees and Sanctions (Doc. # 222) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 10th day of December, 2015.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE